

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

DR. DONALD RAGGIO
DR. CHRIS RAGGIO                                                                PLAINTIFFS

V.                                                                           CAUSE NO. 3:19cv22HTW-LRA

MTGOX, Inc., a Delaware corporation;
CODE COLLECTIVE, LLC, a New York limited liability company;
JED McCALEB, an individual                                                      DEFENDANTS

### JED MCCALEB AND CODE COLLECTIVE, LLC'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1452(a), Federal Rule of Bankruptcy Procedure 9027, 28 U.S.C. § 1334(b), and 28 U.S.C. § 1446, Defendants Jed McCaleb and Code Collective, LLC (collectively "Defendants") hereby remove to this Court the state court action described below (Cause No. 14-71 in the Circuit Court of Hinds County, Mississippi). In support of this Notice of Removal, Defendants state as follows:

1. MtGox Co., Ltd. a/k/a/ MtGox KK is a Japanese corporation formed in 2011 and headquartered in Tokyo, Japan (hereinafter "MTGOX"). Through February 2014, its business (along with the business of its related corporate entities including, but not limited to, MTGOX, Inc., MT.GOX KK, and Tibanne KK), was the operation of an online exchange for the purchase and sale of bitcoin.

2. On February 28, 2014, MtGox Co., Ltd. a/k/a MtGox KK filed a petition under Article 21(1) of the Japanese Civil Rehabilitation Act (hereinafter "the First Japanese Rehabilitation Proceeding"). *See* Verified Petition for Recognition and Chapter 15 Relief, attached as Exhibit A, at ¶ 9.

3. On March 5, 2014 Plaintiffs Donald Raggio and Chris Raggio (hereinafter "the Raggios" or "Plaintiffs") filed suit in the Circuit Court of Hinds County, Mississippi against MTGOX a sole proprietorship; MTGOX, Inc., a Delaware corporation; MT.GOX KK, a Japanese corporation; Tibanne KK, a Japanese corporation; Mutum Sigillum, LLC, a Delaware limited liability company; Code Collective, LLC, a New York limited liability company; Jed McCaleb, an individual; Mark Karpeles, an individual; and John Does 1-5 and Corporate John Does 1-5. *See* Plaintiffs' Original Complaint, attached as Exhibit B. Plaintiffs are adult resident citizens of Hinds County Mississippi. Plaintiffs made claims for breach of the Uniform Commercial Code, breach of contract, conspiracy, account stated, negligence, conversion, constructive trust, and specific performance. *See* Exhibit B. The case was given Cause Number 14-71. *See* Exhibit B.

4. McCaleb is an adult resident citizen of California. McCaleb is the founder and former owner of the MTGOX bitcoin exchange. Defendant Code Collective, LLC is a New York limited liability company.

5. Plaintiffs alleged that on January 9, 2011 they learned someone had stolen approximately 9,400 bitcoins from their account on the MTGOX bitcoin exchange. *See* Exhibit B, at ¶ 16. Plaintiffs' complaint demanded return of the stolen bitcoins along with money damages. *See generally* Exhibit B.

6. Plaintiffs failed to serve MT.GOX KK, Tibanne KK, Mutum Sigillum, LLC, or Mark Karpeles (the current owner of the MTGOX exchange). *See generally* State Court Record at Volume 1, filed as a multi-volume set contemporaneously with this Notice of Removal pursuant to Rule 9027(a)(1).

7. On March 9, 2014, MtGox Co., Ltd. a/k/a MtGox KK filed a voluntary petition commencing a Chapter 15 bankruptcy proceeding in the Northern District of Texas Bankruptcy Court under case number 3:14-bk-31229 (hereinafter "the Texas Bankruptcy"). *See* Exhibit A. This was an ancillary proceeding to the First Japanese Rehabilitation Proceeding.

8. On April 16, 2014, the Japanese court dismissed the First Japanese Rehabilitation Proceeding. *See* Motion for Modification of Recognition, attached as Exhibit C, at ¶ 13. On April 24, 2014, the Japanese court commenced a bankruptcy proceeding pursuant to Article 250 of the Japanese Civil Rehabilitation Act (hereinafter "the Japanese Liquidation Proceeding"), to replace the First Japanese Rehabilitation Proceeding. *See* Exhibit C, at ¶ 15.

9. On May 23, 2014, an Amended Verified Petition was filed in the Texas Bankruptcy to recognize the Japanese Liquidation Proceeding as the main foreign proceeding. *See* Exhibit C, at ¶ 17. This relief was granted on June 19, 2014. *See* Order Recognizing Foreign Main Proceeding (June 19, 2014), attached as Exhibit D.

10. Plaintiffs did not file a proof of claim in either the First Japanese Rehabilitation Proceeding or the Japanese Liquidation Proceeding. *See* Plaintiffs' Response to Defendants' Sixth Set of Requests for Production (August 30, 2017), attached as Exhibit E, at 1-2.

11. Between June 2014 and June 2018, the value of bitcoins increased approximately 1,200% with a peak increase reaching over 2,800%. This change in value in MTGOX's bitcoin holdings led to a change in circumstances for the Japanese Liquidation Proceeding, leading the court to stay the Japanese Liquidation Proceeding because creditors might be made whole. *See* Exhibit C, at ¶¶ 18-19.

12. As a result, on June 22, 2018 the Japanese court initiated a new civil rehabilitation proceeding (hereinafter "Second Japanese Rehabilitation Proceeding"), and it stayed the Japanese Liquidation Proceeding pursuant to Article 39 of the Japanese Civil Rehabilitation Act. *See* Exhibit C, at ¶¶ 22-23.

13. On September 7, 2018 Plaintiffs amended their state court Complaint, naming Jed McCaleb, Code Collective, LLC, and MTGOX, Inc. *See* Amended Complaint, attached as Exhibit F. Plaintiffs made claims for breach of the Uniform Commercial Code, breach of contract, specific performance for return of lost bitcoin potentially held by the bankruptcy estate, breach of fiduciary duty, bailment, fraud, constructive trust, conversion, account stated, conspiracy, and negligence. *See generally* Exhibit F.

14. On October 25, 2018, the Trustee in the Second Japanese Rehabilitation Proceeding filed a Motion for Modification of Recognition in the Texas Bankruptcy seeking to withdraw recognition for the Japanese Liquidation Proceeding as the main proceeding and replacing it with the Second Japanese Rehabilitation Proceeding. *See* Exhibit C, at ¶ 26.

15. On December 11, 2018, the Bankruptcy Court for the Northern District of Texas entered its Order Modifying Recognition Pursuant to Bankruptcy Code Section 1517(D) and Recognizing Foreign Proceeding and Granting Related Relief. *See* Modification Order, attached as Exhibit G. In its Order, the Court ruled the Japanese Liquidation Proceeding was no longer the operative foreign main proceeding. The Court further ruled that the Second Japanese Rehabilitation Proceeding, filed in the first instance on June 22, 2018, is now the recognized foreign main proceeding for the Texas Bankruptcy. *See* Exhibit G.

16. On January 9, 2019, Plaintiffs served supplemental discovery responses on Defendants that included production of an October 16, 2018 proof of claim filed by them in the Second Japanese Rehabilitation Proceeding. *See* Notice of Service and Plaintiffs' Supplemental Response to Defendants' Sixth Set of Requests for Production of Documents including Plaintiffs' Proof of Claim (January 9, 2019), attached collectively as Exhibit H, at 1-4, 7-23.

17. This Court, and the United States Bankruptcy Court for the Southern District of Mississippi, have jurisdiction over the claims against defendants pursuant to 28 U.S.C. §§ 1452(a) and 1334(b). Under 28 U.S.C. § 1452(a), "[a] party may remove any claim or cause of action in a civil action… to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." In turn, 28 U.S.C. § 1334(b) confers jurisdiction upon this Court of all civil proceedings "arising in or related to a case under title 11" (the Bankruptcy Code).

18. These claims both "arise in" and are "related to" the Texas Bankruptcy recognizing the Second Japanese Rehabilitation Proceeding. For example, proceedings are "related to" a bankruptcy action under Title 11 if their outcome "could conceivably have any effect on the estate being administered in bankruptcy." *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987) (holding that a lawsuit involving claims against the debtor falls under "related to" jurisdiction). That this action is "related to" a case under Title 11 is evident on the face of the Amended Complaint, which seeks to assign liability to the debtor through specific performance, conspiracy, piercing the corporate veil, constructive trust, gross negligence, breach of contract, and other theories. *See generally* Exhibit F. Accordingly, the exercise of "related to" jurisdiction is proper under 28 U.S.C. § 1334(b) because the outcome of the proceedings could (1) alter the debtor's rights

or obligations, and (2) have an effect on the administration of the estate. *Bissonnet Invs. LLC v. Quinlan* (In re *Bissonnet Invs. LLC*), 320 F.3d 520, 525 (5th Cir. 2003). Moreover, Plaintiffs admit the claims are "related to" the Second Japanese Rehabilitation Proceeding in their Proof of Claim. *See* Exhibit H, at 11.

19. The filing of this notice of removal is timely pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(2). Under this section, a notice of removal must be filed within the longest of "90 days after the order for relief in the case under the Code" or "30 days after a trustee qualifies." Fed. R. Bankr. P. 9027(a)(2). This notice of removal is filed within 30 days of the Texas Bankruptcy's order for relief recognizing the Second Japanese Rehabilitation Proceeding and recognizing the appointment of the Trustee in the Second Japanese Rehabilitation Proceeding. *See* Exhibit G.

20. In addition, this notice of removal is also timely pursuant to 28 U.S.C. § 1446, wherein a notice of removal must be filed within thirty days of filing of an "order" or "other paper" showing the case to be removable. *See* 28 U.S.C. § 1446(b)(3). This notice is filed within thirty days of both the Texas Bankruptcy's Recognition Order of the Second Japanese Rehabilitation Proceeding and service of Plaintiffs' Proof of Claim in that bankruptcy. *See* Exhibit G and Exhibit H.

21. In the alternative, to the extent this Court finds the applicable time frame for removal under Rule 9027 has lapsed, Defendants request issuance of an order extending the removal period pursuant to Rule 9006(b) for good cause shown. *See* Fed. R. Bankr. P. 9006(b).

22. The claims that are the basis of the Amended Complaint are core proceedings pursuant to 28 U.S.C. § 157. To the extent that the claims hereby removed are deemed to be non-core,

or obligations, and (2) have an effect on the administration of the estate. *Bissonnet Invs. LLC v. Quinlan* (In re *Bissonnet Invs. LLC*), 320 F.3d 520, 525 (5th Cir. 2003). Moreover, Plaintiffs admit the claims are "related to" the Second Japanese Rehabilitation Proceeding in their Proof of Claim. *See* Exhibit H, at 11.

19. The filing of this notice of removal is timely pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(2). Under this section, a notice of removal must be filed within the longest of "90 days after the order for relief in the case under the Code" or "30 days after a trustee qualifies." Fed. R. Bankr. P. 9027(a)(2). This notice of removal is filed within 30 days of the Texas Bankruptcy's order for relief recognizing the Second Japanese Rehabilitation Proceeding and recognizing the appointment of the Trustee in the Second Japanese Rehabilitation Proceeding. *See* Exhibit G.

20. In addition, this notice of removal is also timely pursuant to 28 U.S.C. § 1446, wherein a notice of removal must be filed within thirty days of filing of an "order" or "other paper" showing the case to be removable. *See* 28 U.S.C. § 1446(b)(3). This notice is filed within thirty days of both the Texas Bankruptcy's Recognition Order of the Second Japanese Rehabilitation Proceeding and service of Plaintiffs' Proof of Claim in that bankruptcy. *See* Exhibit G and Exhibit H.

21. In the alternative, to the extent this Court finds the applicable time frame for removal under Rule 9027 has lapsed, Defendants request issuance of an order extending the removal period pursuant to Rule 9006(b) for good cause shown. *See* Fed. R. Bankr. P. 9006(b).

22. The claims that are the basis of the Amended Complaint are core proceedings pursuant to 28 U.S.C. § 157. To the extent that the claims hereby removed are deemed to be non-core,

Defendants consent to the entry of final orders of judgment by the Bankruptcy Court.

23. Venue is proper in this Court because the state court action is pending in the Southern District of Mississippi.

WHEREFORE, for the reasons stated above, Defendants request that the action now pending before the Circuit Court of Hinds County, Mississippi, Cause No. 14-71, be removed to this Court.

Respectfully submitted, this the 10th day of January, 2019.

JED McCALEB and
CODE COLLECTIVE, LLC

By: _____
EDWIN S. GAULT, JR. (MSB #10187)
MANDIE B. ROBINSON (MSB #100446)
T. PEYTON SMITH (MSB #103867)

*Attorneys for Defendants Jed McCaleb and Code Collective, LLC*

OF COUNSEL:

FORMAN WATKINS & KRUTZ LLP
210 East Capitol Street, Suite 2200 (39201)
P.O. Box 22608
Jackson, MS 39225-2608
Phone: (601) 960-8600
Facsimile: (601) 960-8613
win.gault@formanwatkins.com
mandie.robinson@formanwatkins.com
peyton.smith@formanwatkins.com

ETHAN JACOBS (admitted *pro hac vice*)
HOLLAND LAW LLP

220 Montgomery Street, Suite 800
San Francisco, California 94104
Telephone: (415) 200-4984
ejacobs@hollandlawllp.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2019, I served a true and correct copy of the foregoing document via electronic mail to the following counsel of record:

> Armin J. Moeller, Jr.
> Walter H. Boone
> Christine Crockett White
> Jonathan P. Dyal
> Andy Lowry
> Patrick Everman
> Perry P. Taylor
> Balch & Bingham, LLP
> 188 East Capitol Street
> Jackson, MS 39201-2608
> wboone@balch.com
> cwhite@balch.com
> alowry@balch.com
>
> *Attorneys for Plaintiffs*

THIS, the 10th day of January, 2019.

_____
EDWIN S. GAULT, JR.