David J. Molton (*admitted pro hac vice*)
Howard S. Steel (*pro hac vice pending*)
Gerard T. Cicero (*pro hac vice pending*)
Brown Rudnick LLP
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
Email:  dmolton@brownrudnick.com
Email:  hsteel@brownrudnick.com
Email:  gcicero@brownrudnick.com

-and-

Marcus A. Helt (TX 24052187)
Thomas Scannell (TX 24070559)
Foley & Lardner LLP
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201
Telephone: (214) 999-4289
Email:  mhelt@foley.com
Email:  tscannell@foley.com

*Counsel for Nobuaki Kobayashi, in His
Capacities as the Bankruptcy Trustee and
Foreign Representative and Trustee of the
Second Civil Rehabilitation Proceeding and
Proposed Foreign Representative of MtGox Co.,
Ltd., a/k/a MtGox KK*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>MtGox Co., Ltd. (a/k/a MtGox KK)<br><br>    Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 14-31229-sgj-15 |

### MOTION FOR MODIFICATION OF RECOGNITION
### PURSUANT TO BANKRUPTCY CODE SECTION 1517(D) AND AMENDED
### AND VERIFIED PETITION FOR RECOGNITION AND CHAPTER 15 RELIEF

**EXHIBIT C**

Nobuaki Kobayashi, in his capacities as bankruptcy trustee and foreign representative of MtGox Co., Ltd., a/k/a MtGox KK (the "Debtor") and as the court-appointed trustee of the Debtor and duly-authorized foreign representative of the Debtor (the "Petitioner"), as a debtor in a civil rehabilitation proceeding under Japanese law (the "Second Civil Rehabilitation Proceeding"), recently commenced and currently pending before the Twentieth Civil Division of the Tokyo District Court, Japan (the "Tokyo Court"), by his United States attorneys, Brown Rudnick LLP and Foley & Lardner LLP, respectfully submits this motion for modification of recognition, pursuant to Bankruptcy Code Section 1517(d) and the Debtor's second amended verified petition (the "Second Amended Recognition Petition"), recognizing the Second Civil Rehabilitation Proceeding as a foreign main proceeding as defined in Bankruptcy Code Section 1502(4) pursuant to Bankruptcy Code Section 1517, and granting Petitioner other and further relief under Chapter 15. In support of this Second Amended Recognition Petition, Petitioner contemporaneously submits: (1) the *Declaration of Nobuaki Kobayashi in Support of the Motion for Modification of Recognition Pursuant to Bankruptcy Code Section 1517(d) and Amended and Verified Petition for Recognition and Chapter 15 Relief* (the "Kobayashi Declaration"); and (2) the *Memorandum of Law in Support of the Motion for Modification of Recognition Pursuant to Bankruptcy Code Section 1517(d) and Amended and Verified Petition for Recognition and Chapter 15 Relief* (the "Memorandum of Law"), which provide further factual background and foreign and domestic legal support for the relief requested, and states the following:

**PRELIMINARY STATEMENT**

1. The Petitioner is the bankruptcy trustee and foreign representative of the Debtor in a bankruptcy proceeding before the Tokyo Court commenced on April 24, 2014 under the Japanese Bankruptcy Act (the "Japan Bankruptcy Proceeding"). On June 19, 2014, this Court recognized the Japan Bankruptcy Proceeding as a foreign main proceeding and Petitioner as

2

**EXHIBIT C**

foreign representative of the Debtor in this Chapter 15 case under Bankruptcy Code Section 1517 [Docket No. 151] (the "First Recognition Order"). As described in the notice pursuant to Bankruptcy Code Section 1518 [Docket No. 180] (the "July Section 1518 Notice"), on June 22, 2018, the Japan Bankruptcy Proceeding was stayed by operation of Japanese law in favor of the Second Civil Rehabilitation Proceeding, and Petitioner was appointed trustee of the Debtor under the Second Civil Rehabilitation Order (as defined below). *See* July Section 1518 Notice, ¶ 16.

2. By the Second Amended Recognition Petition, Petitioner seeks to reconcile in this Court, the change in the nature of the Debtor's Japanese insolvency proceedings that occurred on June 22, 2018 from bankruptcy proceedings to rehabilitation proceedings. To do so, Petitioner hereby seeks entry of an Order, substantially in form attached hereto as **Exhibit 1** (the "Proposed Order"): (1) modifying the First Recognition Order to remove "foreign main proceeding" recognition of the Japanese Bankruptcy Proceeding, which has been stayed and is no longer the operative foreign main proceeding; (2) recognizing, *nunc pro tunc* to June 22, 2018, the Second Civil Rehabilitation Proceeding as a foreign main proceeding pursuant to Bankruptcy Code Section 1517 and Petitioner, solely in his capacity as trustee of the Second Civil Rehabilitation Proceeding, as foreign representative of the Debtor in this Chapter 15 case; and (3) granting such other and further relief as is just and proper.

3. The Petitioner is entitled to directly petition this Court for recognition of the Second Civil Rehabilitation under Bankruptcy Code Section 1509 because he is an individual person who is the duly authorized trustee and foreign representative of the Debtor appointed as such by Second Civil Rehabilitation Order (as defined below) of the Tokyo Court. Further, recognition of the Second Civil Rehabilitation Proceeding is warranted because it is a foreign main proceeding as defined by Bankruptcy Code Section 1502(4), as it is pending in Japan,

3

**EXHIBIT C**

which is and has always been the location of the Debtor's registered office and its center of main interests. *See* Bankruptcy Code Sections 1516(c) and 1517(b)(1). Because the Japan Bankruptcy has been stayed in favor of the Second Civil Rehabilitation Proceeding, by operation of Japanese law, the Japan Bankruptcy is no longer the operative, "pending" foreign proceeding as countenanced by Bankruptcy Code Section 1502(4) and recognition of it as such should be modified pursuant to Bankruptcy Code Section 1517(d).

4. Petitioner submits that the above circumstances warrant the entry of the Proposed Order modifying the First Recognition Order and recognizing the Japan Proceeding as a foreign main proceeding under Bankruptcy Code Section 1517(b)(1). Petitioner believes that the relief requested is not only appropriate under Chapter 15 of the Bankruptcy Code but forwards the purposes of judicial economy, fair notice, and protects interested parties and creditors worldwide who rely on and monitor this case as the ancillary U.S. case with respect to the Debtor's Japanese insolvency proceedings.

5. The following documents, in addition to the other exhibits described herein, are annexed hereto in support of this Second Amended Recognition Petition:

(a) Pursuant to Bankruptcy Code Section 1515(b), a certified copy of the Order of the Tokyo Court commencing the Second Civil Rehabilitation Proceeding and appointing Petitioner as the Debtor's civil rehabilitation trustee (the "<u>Second Civil Rehabilitation Order</u>"), and a certified translation of the Second Civil Rehabilitation Order into English pursuant to Bankruptcy Code Section 1515(d), are attached hereto as **Exhibit 2**.

4

**EXHIBIT C**

(b) Pursuant to Bankruptcy Code Section 1515(c), a certified statement, among other things, identifying the other foreign proceedings with respect to the Debtor that are known to the Petitioner, is attached hereto as **Exhibit 3**.

(c) Pursuant to Bankruptcy Rule 1007(a)(4), a list of the names and addresses of all persons or bodies authorized to administer foreign proceedings of the Debtor, all parties to litigation pending in the United States in which the Debtor is a party at the time of the filing of this Second Amended Recognition Petition, is attached hereto as **Exhibit 4**.

(d) Pursuant to Bankruptcy Rules 1007(a)(4) and 7007.1, a corporate ownership statement is attached hereto as **Exhibit 5**.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1410. The statutory predicates for relief are Bankruptcy Code Sections 105, 1504, 1515, 1517, 1520 and 1521 of the Bankruptcy Code.

## BACKGROUND

A. **The Initial Japan Civil Rehabilitation Proceeding.**

8. On February 28, 2014, the Debtor filed a petition (the "Initial Japan Petition") for the commencement of a civil rehabilitation proceeding (the "Initial Japan Civil Rehabilitation") in the Tokyo Court pursuant to Article 21(1) of the Japanese Civil Rehabilitation Act (*Minji Saisei Ho*) (the "JCRA"). Prior to the Initial Japan Petition, the Debtor was recognized as one of the largest online operators of a bitcoin exchange in the world. In the Initial Japan Petition, the

5

**EXHIBIT C**

Debtor reported that it had lost almost 850,000 bitcoins.[1] A copy of the Initial Japan Petition is attached as Exhibit A to the *Declaration of Robert Marie Mark Karpeles,* previously filed on March 9, 2014 [Docket No. 3] (the "Karpeles Declaration"). An English translation of the Initial Japan Petition is attached as Exhibit A to the *Notice of Filing,* filed on March 31, 2014 [Docket No. 53].

9. In addition to the Initial Japan Petition, the Debtor filed with the Tokyo Court applications for a temporary restraining order and for a comprehensive prohibition order, which were issued by the Tokyo Court on February 28, 2014. At the same time, the Tokyo Court issued orders for the appointment of a supervisor and examiner (collectively, with the temporary restraining order and comprehensive prohibition order, the "Initial Tokyo Court Civil Rehabilitation Orders"). The Initial Tokyo Court Civil Rehabilitation Orders are attached as Exhibits B, C, D and E to the Karpeles Declaration.

10. As part of the Initial Tokyo Court Civil Rehabilitation Orders, the Tokyo Court appointed Mr. Nobuaki Kobayashi as the Debtor's supervisor and examiner. See Karpeles Decl., Exs. B & C. Pursuant to the powers conferred on him thereunder, Mr. Kobayashi issued a consent (the "Consent") allowing the Debtor to hire Baker & McKenzie LLP to commence this Chapter 15 case on behalf of the Debtor's prior foreign representative, Mr. Robert Marie Mark Karpeles. Copies of the Consent and its English translation are attached as Exhibit F to the Karpeles Declaration.

11. Thereafter, on March 9, 2014, the Debtor filed the *Verified Petition for Recognition and Chapter 15 Relief* [Docket No. 2] and related papers, initiating this Chapter 15 case.

---

[1] Subsequently, the Debtor reported finding approximately 200,000 bitcoins in an old-format wallet.

6

**EXHIBIT C**

B. **Transition From Civil Rehabilitation To Bankruptcy.**

12. After filing the Initial Japan Petition, the Debtor commenced an investigation into the circumstances that led to the filing of the Initial Japan Civil Rehabilitation. In mid-April 2014, the Debtor filed a notice with the Tokyo Court, stating that: (a) the investigation would take a long period of time; (b) there was no specific plan to restart the Debtor's business; and (c) partly due to the status of the investigation, the process for seeking a buyer in relation to a sale of the Debtor's assets had not commenced, and therefore the Debtor would be unable to prepare a rehabilitation plan. *See Declaration of Nobuaki Kobayashi in support of the Amended Verified Petition for Recognition and Chapter 15 Relief* [Docket No. 127] (the "First Kobayashi Declaration"), ¶ 42.

13. The Tokyo Court subsequently dismissed the Initial Japan Petition, recognizing that under the circumstances it would be very difficult for the Debtor to successfully carry out the Initial Japan Civil Rehabilitation in accordance with the JCRA. *Id.*

14. By separate orders dated April 16, 2014, the Tokyo Court entered judgments: (a) dismissing the Initial Japan Petition; (b) ordering administration of the Debtor's assets by Mr. Kobayashi, in the capacity as provisional administrator; (c) prohibiting certain actions by creditors with regard to properties of the Debtor during the interim period following the dismissal and prior to the commencement of a bankruptcy procedure for the Debtor; and (d) prohibiting Mr. Kobayashi, in his capacity as the provisional administrator, from undertaking certain actions with respect to the Debtor's debt, properties, and claims without the approval of the Tokyo Court. Copies of each of the foregoing orders and their English translations are attached as Exhibits A, B, C, and D to the *Notice Pursuant to 11 U.S.C. § 1518 of Change in*

7

EXHIBIT C

*Status of Foreign Proceeding and Appointment of Foreign Representative* [Docket No. 108] (the "First Section 1518 Notice").

### C. Commencement Of The Japan Bankruptcy.

15. On April 24, 2014, pursuant to Article 250 of the JCRA, the Tokyo Court entered an Order formally commencing the Japan Bankruptcy Proceeding and appointing Mr. Kobayashi as bankruptcy trustee (the "Japan Bankruptcy Order"). Copies of the Japan Bankruptcy Order along with its English translation are attached to the First Section 1518 Notice at Exhibit E.

16. The purpose of the Japan Bankruptcy Proceeding was to liquidate the Debtor's assets and distribute them to creditors in a fair and equitable manner. As bankruptcy trustee, Mr. Kobayashi, among other things, was responsible for administering the Debtor's bankruptcy estate, investigating bankruptcy claims, and, if possible, distributing dividends.

17. On May 23, 2014, shortly after filing the First Section 1518 Notice, Mr. Kobayashi filed an *Amended Verified Petition for Recognition and Chapter 15 Relief* [Docket No. 126] (the "Initial Amended Recognition Petition"), seeking, in his capacity as bankruptcy trustee, recognition of the Japan Bankruptcy Proceeding as a foreign main proceeding pursuant to Bankruptcy Code Section 1517. On June 19, 2014, the Court entered the First Recognition Order.

### D. Commencement Of The Second Civil Rehabilitation Proceeding.

18. On November 24, 2017, one of the creditors of the Debtor holding bitcoin-based claims (the "Petitioning Creditor") filed an involuntary petition for commencement of civil rehabilitation proceedings in the Tokyo Court under Article 21(2) of the JCRA (the "Second Civil Rehabilitation Petition"). In response to the Second Civil Rehabilitation Petition, the

8

**EXHIBIT C**

Tokyo Court appointed an examiner, Mr. Hisashi Ito, to examine whether there were any grounds to dismiss the Second Civil Rehabilitation Petition pursuant to Article 25 of the JCRA.[2]

19. The Petitioning Creditor filed the Second Civil Rehabilitation Petition and sought the reconstitution of civil rehabilitation proceedings in order to capture the increase in value of bitcoin from April 2014 to November 2017 and to avoid the inequity of having the Debtor's ultimate equity owner, Mr. Karpeles (who has been arrested in Japan by Japanese authorities for embezzlement and data manipulation with respect to the Debtor), capture that increase of value through an equity dividend. *See* Kobayashi Declaration, ¶¶ 13-15. Under the Japanese Bankruptcy Act, Mr. Kobayashi and the Debtor are required to value the claims of creditors who held bitcoins as of April 24, 2014, the date of the commencement of the Japan Bankruptcy Proceeding. *See id.*, ¶ 14. On April 24, 2014, the market price of bitcoin was $483 USD. Therefore, the maximum amount to be distributed from the Debtor's estate to a bitcoin holder who deposited one bitcoin with the Debtor would be $483 USD, the market price of bitcoin on the date of the commencement of the Japan Bankruptcy Proceeding – even if the market price of one bitcoin at the date of distribution was (for example) $10,000 USD. By comparison, on November 24, 2017, the date of the filing of the Second Civil Rehabilitation Petition, the market price of bitcoin was $8,201.46 USD.

---

[2] Article 25 of the JCRA provides:

In any of the following cases, the court shall dismiss with prejudice on the merits a petition for commencement of rehabilitation proceedings:

(i) Where expenses for rehabilitation proceedings are not prepaid.

(ii) Where bankruptcy proceedings or special liquidation proceedings are pending before the court, and enforcing either proceedings conforms to the common interests of creditors.

(iii) Where it is obvious that a proposed rehabilitation plan is unlikely to be prepared or approved or a rehabilitation plan is unlikely to be confirmed.

(iv) Where the petition for commencement of rehabilitation proceedings is filed for an unjustifiable purpose or it is not filed in good faith.

9

**EXHIBIT C**

20. Under the JCRA, civil rehabilitation proceedings do not require a debtor or trustee to value bitcoin-based claims at a certain point of time and afford a debtor or trustee flexibility on how to make payments for rehabilitation claims upon a debtor's exit from such proceedings based on a rehabilitation plan. *See* Kobayashi Declaration, ¶ 15. The Petitioning Creditor seek to avail themselves of this flexibility to avoid the rigid valuations impressed on their claims under the Japan Bankruptcy Proceeding by either: (i) revaluing their claims as of the date of commencement of the rehabilitation (which is permissible under Japanese law); or (ii) through a confirmed rehabilitation plan which recognizes the dramatic increase in bitcoin market price and allocates value to bitcoin creditors accordingly—including through a distribution of bitcoin in kind. *See id.* Absent the institution of a civil rehabilitation proceeding, Mr. Kobayashi and the Tokyo Court may be constrained by Japanese law in the Japan Bankruptcy Proceeding and Mr. Karpeles may obtain any residual value created by the increase in the market price of bitcoin, rather than to the bitcoin creditors themselves. *See id.*, ¶ 14.

21. On February 28, 2018, Mr. Ito, the examiner appointed by the Tokyo Court, submitted a report in which he concluded that there were no grounds to dismiss the Second Civil Rehabilitation Petition, provided that certain measures to protect the interests of "bankruptcy creditors" (*i.e.*, creditors who filed proofs of claims in the Japan Bankruptcy, including regarding non-bitcoin claims, and approved by the trustee) should be taken prior to the commencement of the Second Civil Rehabilitation Proceedings. *See id.*, ¶ 16. In other words, Mr. Ito did ***not*** recommend commencement of civil rehabilitation proceedings unless, among other things, proper reserves were established by Mr. Kobayashi, as the bankruptcy trustee, to fund all non-bitcoin claims that had not yet been disallowed by the Tokyo Court in the Japan Bankruptcy, including with interest. *See id.* A translation of Mr. Kobayashi's report, as bankruptcy trustee,

10

**EXHIBIT C**

which refers to the examiner's conclusion, is attached hereto as **Exhibit 6**. After February 28, 2018, and the submission of Mr. Ito's report, Mr. Kobayashi worked on establishing a measure to protect the benefits obtained by the creditors whose claims have been allowed by the trustee in the Japan Bankruptcy Proceeding in consultation with the Tokyo Court and Mr. Ito. *See id.*, ¶ 17.[3]

22. On June 22, 2018, the Tokyo Court commenced the Second Civil Rehabilitation Proceeding and appointed Mr. Kobaysahsi as trustee in respect of the Second Civil Rehabilitation Proceeding. The Tokyo Court expanded Mr. Ito's role as the court appointed examiner to investigate the appropriateness of a draft rehabilitation plan to be submitted to the creditors in the Second Civil Rehabilitation Proceedings. Moreover, for any matter for which Mr. Kobayashi seeks court approval, the Tokyo Court may request Mr. Ito to provide his opinion, and Mr. Ito is required to so opine for the benefit of the Tokyo Court. Copies of the Order expanding the examiner's role and an English translation thereof are attached hereto as **Exhibit 7**.

23. Pursuant to Article 39 of the JCRA, the Order Commencing the Second Civil Rehabilitation Proceeding automatically stayed the Japan Bankruptcy Proceeding.[4] Copies of the Order commencing the Second Civil Rehabilitation Proceeding and appointing Mr. Kobayashi as trustee and an English translation thereof are attached hereto as **Exhibit 2**.[5]

---

[3] Specifically, Mr. Kobayashi, in consultation with Mr. Ito and the Tokyo Court established a trust to ensure the payment of monetary creditors before the commencement of the Second Civil Rehabilitation Proceeding. The trust was funded in the amount of 15,894,530,915 Japanese Yen, which includes the amount expected to be necessary for various expenses related to the trust (approximately $139 million).

[4] Because of the commencement of the Second Civil Rehabilitation Proceeding, the Japan Bankruptcy Proceeding is stayed and no longer the operative insolvency proceeding occurring in Japan. The Japan Bankruptcy Proceeding is stayed and not dismissed under Japanese law to account for the possibility that the Second Civil Rehabilitation Proceeding does not ultimately result in an approved rehabilitation plan or otherwise fails. If that occurs, the Second Rehabilitation Proceeding will be dismissed and the stay on the Japan Bankruptcy Proceeding will be lifted, wherein the final liquidation of the Debtor's estate will take place. *See* Kobayashi Declaration, ¶ 25.

[5] On June 22, 2018, the Trustee posted an announcement of commencement of Second Civil Rehabilitation Order, in both Japanese and English on the Debtors' website, http://www.mtgox.com/. Thereafter, pursuant to the Tokyo Court's request and instruction, the Trustee started sending notice of the Tokyo Court's Second Civil Rehabilitation Order, in both Japanese and English, to the all known creditors, including all creditors listed in the database of the Debtor and those who filed proofs of claim in the Japan Bankruptcy, by email. Copies of the notices are attached as **Exhibit D** to the July Section 1518 Notice.

**EXHIBIT C**

24. In sum, as a consequence of the entry of the Second Civil Rehabilitation Order: (a) the "foreign proceeding" (as defined in Bankruptcy Code Section 101(23)) that this Chapter 15 case relates to is now the Second Civil Rehabilitation Proceeding; and (b) the Debtor's "foreign representative" (as defined in Bankruptcy Code Section 101(24)) in this Chapter 15 case is now Mr. Kobayashi, in his capacity as the Debtor's court-appointed trustee with respect to the Second Civil Rehabilitation Proceeding.

25. Under the JCRA, while the main purpose of civil rehabilitation proceedings is to ensure the rehabilitation of debtors' business or economic life, in this specific rehabilitation case of MtGox, under the auspices of the Tokyo Court and with the ancillary assistance of this Court, the ultimate goals of the Second Civil Rehabilitation Proceeding is to realize upon the Debtor's assets and distribute them to creditors, wherever located, in a fair and equitable manner through a civil rehabilitation plan acceptable to creditors and in accordance with applicable Japanese law. *See* Kobayashi Declaration, ¶ 7. As trustee, the Petitioner, among other things, is responsible for administering the Debtor's civil rehabilitation estate, investigating creditors' (including bitcoin claimants') claims and, working with the examiner and other parties in interest to present and consummate a civil rehabilitation plan to distribute the Debtor's assets. Pursuant to the JCRA and the Tokyo Court's orders, the Petitioner is the sole person, subject to certain consultation and oversight responsibilities of the Tokyo Court and the examiner, vested with the power to administer the Debtor's estate and rehabilitation. The Petitioner seeks Chapter 15 recognition of the Second Civil Rehabilitation Proceeding in an effort to maximize recoveries to, and provide for an equitable distribution of value among, all creditors. In particular, continuing the injunction of certain stayed litigation against the Debtor in the United States, in conjunction with

**EXHIBIT C**

the protections afforded by the Second Civil Rehabilitation Proceedings, is essential to this effort.

## RELIEF REQUESTED

26. The Petitioner respectfully requests the entry of an Order, in substantially the form attached hereto as **Exhibit 1**, granting the following relief:

(i) Modifying the First Recognition Order pursuant to Bankruptcy Code Section 1517(d) to remove recognition of the Japan Bankruptcy Proceeding, which has been stayed and is no longer the operative foreign main proceeding as defined in Bankruptcy Code Sections 1502(4) and 1517(b)(1);

(ii) Recognition of the Second Civil Rehabilitation Proceeding as a foreign main proceeding as defined in Bankruptcy Code Sections 1502(4) and 1517(b)(1), *nunc pro tunc* to June 22, 2018;

(iii) Granting relief as of right upon recognition of a foreign main proceeding pursuant to Bankruptcy Code Section 1520(a);

(iv) Granting the Petitioner the right and power to examine witnesses, take evidence or deliver information concerning the Debtor's assets, affairs, rights, obligations or liabilities pursuant to Bankruptcy Code Section 1521(a)(4);

(v) Entrusting to the Petitioner the administration and realization of all of the Debtor's assets within the territorial jurisdiction of the United States pursuant to Bankruptcy Code Section 1521(a)(5); and

(vi) Awarding Petitioner such other and further relief as this Court may deem just and proper.

## NOTICE

27. Notice to the parties in accordance with Bankruptcy Rules 1011(b), 2002(q)(1) and 9007 will be provided pursuant to the *Order Granting Approval of Amended Notice Procedures with Respect to Recognition Hearing*, entered on May 22, 2014 [Docket No. 124].

## NO PRIOR REQUEST

28. The Petitioner has not previously sought the relief requested herein from this or any other court.

13

EXHIBIT C

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

14

**EXHIBIT C**

## CONCLUSION

WHEREFORE, Petitioner respectfully requests that this Court enter an Order, in substantially the form attached hereto as **Exhibit 1**, granting the relief requested herein and such other and further relief as is just and proper.

Dated: Dallas, Texas
October 25, 2018

**FOLEY & LARDNER LLP**

*/s/ Marcus A. Helt*
Marcus A. Helt (TX 24052187)
Thomas Scannell (TX 24070559)
Foley & Lardner LLP
2021 McKinney Avenue, Suite 31600
Dallas, Texas 75201
Telephone: (214) 999-4289
Email:  mhelt@foley.com
Email:  tscannell@foley.com

- and -

**BROWN RUDNICK LLP**
David J. Molton (*admitted pro hac vice*)
Howard S. Steel (*pro hac vice pending*)
Gerard T. Cicero (*pro hac vice pending*)
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
Email:  dmolton@brownrudnick.com

*Counsel for Nobuaki Kobayashi, in His Capacities as the Bankruptcy Trustee and Foreign Representative and Trustee of the Second Civil Rehabilitation Proceeding and Proposed Foreign Representative of MtGox Co., Ltd., a/k/a MtGox KK*

## VERIFICATION

Nobuaki Kobayashi, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury as follows:

1. I am the duly authorized trustee and foreign representative of MtGox Co., Ltd. (a/k/a MtGox KK) in respect of the Second Civil Rehabilitation Proceeding.

2. I have read the foregoing Second Amended Recognition Petition and I am informed and I believe that the factual allegations contained therein are true and correct.

3. I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed:  October 25, 2018
           Tokyo, Japan

**EXHIBIT C**