F I L E D

MAR 0 5 2014

BARBARA DUNN, CIRCUIT CLERK
_____ D.C.

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT**
**HINDS COUNTY, MISSISSIPPI**

**DR. DONALD RAGGIO**                                      **PLAINTIFFS**
**DR. CHRIS RAGGIO**

**VS.**                                **CIVIL ACTION NO.** / 4 - 7 /

**MTGOX a sole proprietorship;**
**MTGOX, Inc., a Delaware corporation;**
**MT.GOX KK, a Japanese corporation;**
**TIBANE KK, a Japanese corporation;**
**MUTUM SIGILLUM, LLC a Delaware limited Liability Company;**
**CODE COLLECTIVE, LLC a New York limited liability company;**
**JED McCALEB, an individual;**
**MARK KARPELES, an individual;**
**JOHN DOES 1-5, and CORPORATE JOHN DOES 1-5**                **DEFENDANTS**

**COMPLAINT**

**TRIAL BY STRUCK JURY DEMANDED**

COME NOW the Plaintiffs, Dr. Donald Raggio and Dr. Chris Raggio, and file this their

claim for specific performance and damages regarding the purchase of bitcoin, and for cause

would show the following, to-wit:

**PARTIES**

1.)     Dr. Donald Raggio and Dr. Chris Raggio are adult resident citizens of Hinds

County Mississippi residing in the 1st Judicial District of Hinds County, Mississippi.  They are

hereinafter referred to collectively as the "Plaintiffs" and/or "the Raggios". The Raggios wired

funds and purchased bitcoins from defendants beginning in 2010.

2.)   Defendant MTGOX, on information and belief, was a sole proprietorship

originally created, owned and operated by Defendant Jed McCaleb. MTGOX conducted

business throughout Mississippi and the United States.

3.)   Defendant Jed McCaleb is an adult resident citizen of New York and on

information and belief, he may be served with process of this court at 286 Union #1A, Brooklyn,

NY 11211. Jed McCaleb, at the relevant times herein was doing business in the State of

Mississippi and the United States.

4.)   Defendant Code Collective, LLC is a New York limited liability company who

may be served with process of this court through its registered agent, New York Department of

State and at its New York office located at 286 Union #1A, Brooklyn, NY 11211. Defendant

Code Collective, LLC conducted business throughout Mississippi and the United States.

5.)   Defendant MTGOX, Inc. is a Delaware corporation. It is believed that this

corporation was formed in 2013 and may be served with process of this court through its agent

for service of process, National Corporate Research, LTD located at 615 S Dupont Hwy, Dover,

DE 19901. MTGOX, Inc.'s principal place of business is located at Level 15-F, Cerulean

Tower, 26-1 Sakuragaoka-cho, Shibuya-ku, Tokyo, Japan 150-8512.

6.)   Defendant Mutum Sigillum, LLC is a Delaware limited liability company with its

principal place of business located at Level 15-F, Cerulean Tower, 26-1 Sakuragaoka-cho,

Shibuya-ku, Tokyo, Japan 150-8512. Mutum Sigillum, LLC, is a subsidiary of MTGOX KK and

or Tibanne KK and may be served with process of this court through its designated agent for

service of process, Corpmax, Inc. located at 2915 Ogletown Road, Newark , DE 19713.  Mutum

Sigillum, LLC conducts business throughout Mississippi and the United States.

7.)    Defendant MT.GOX KK is believed to be a Japanese corporation owned and

operated by Mark Karpales and Jed McCaleb, with its current principal place of business located

at Level 15-F, Cerulean Tower, 26-1 Sakuragaoka-cho, Shibuya-ku, Tokyo, Japan 150-8512.

MT.GOX KK conducts business throughout Mississippi and the United States.  On information

and belief, MT.GOX KK is the parent of MTGOX, Inc. and conducts business in the United

States and Mississippi directly and by and through MTGOX, Inc. and Mutum Sigillum, LLC.

8.)    Defendant Tibanne KK is a Japanes corporation with its principal place of

business located at Level 15-F, Cerulean Tower, 26-1 Sakuragaoka-cho, Shibuya-ku, Tokyo,

Japan 150-8512.  Tibanne KK conducts business throughout Mississippi and the United States.

On information and belief, Tibanne KK is a parent of MTGOX KK and conducts its business in

the United States directly and through MTGOX, Inc. and through Mutum Sigillum, LLC.

9.)    Defendant Mark Karpeles serves as the Chief Exective Officer of Mutum

Sigillum, LLC; MtGox, Inc.; Mt. Gox KK and Tibanne KK.  On information and belief,

Defendant Karpeles is the majority and/or sole shareholder of these companies.

## JURISDICTION AND VENUE

10.)   This Court has personal jurisdiction and venue over Defendants because they

conducted business in this District and the unlawful conduct alleged in the Complaint occurred

in, was directed to and/or emanated from this district.   Venue is proper in this district because a

substantial part of the events or omissions giving rise to the unlawful conduct alleged in the

complaint occurred in, was directed to and/or emanated from this district.

**Factual Allegations**

11.)     In 2010, the Raggios began doing business with Defendant Jed McCaleb directly

and through said defendant's companies, MTGOX and Code Collective, LLC.   At all relevant

times, all transactions were either initiated in Hinds County, Mississippi or terminated in Hinds

County, Mississippi.

12.)     The nature of the business relationship between the Raggios and Defendant

McCaleb was the sale of goods from Defendant McCaleb and his companies to the Raggios.  The

goods being purchased by the Raggios were an electronic currency known as Bitcoins.

13.)     To purchase the Bitcoins from Defendant McCaleb and his companies, the

Raggios would wire transfer funds directly to the personal account of Defendant McCaleb.

Defendant McCaleb would credit the Raggio's account on the exchange that Defendant McCaleb

had created;  MTGOX.  When bitcoins were purchased with the funds, Defendant McCaleb,

through MTGOX would credit the Raggios MTGOX to reflect the bitcoins and the cash.

14.)     Upon purchase of bitcoins, the Raggios would routinely transfer all bitcoins to

their own personal wallets and have them removed from the MTGOX exchange utilizing the

system set up by Defendant McCaleb.  When purchasing a large number of bitcoins, Defendant

McCaleb would not allow transfers of the bitcoin to all go at once and forced the Raggios to

leave some bitcoin on Defendant McCaleb's MTGOX exchange.  When transferring cash to the

Raggios, Defendant McCaleb would wire transfer U.S. dollars through his New York company,

Code Collective, LLC.

15.)     Many transactions went through without a problem.  However, in January 2011,

the Raggio's placed an order for approximately 9,400 bitcoins.  Defendants McCaleb and

MTGOX secured the goods and the Raggios paid McCaleb and MTGOX the full cost of the

bitcoins and a fee for their service. Prior to delivering said bitcoins, defendant McCaleb and

MTGOX had the bitcoins stolen through a hacker(s) while they resided on said defendants

servers for safekeeping.

16.) Defendants Jed McCaleb and MTGOX were notified of the missing bitcoins on the

same date that the Raggio's learned of it which was on or about January 9, 2011. Defendants

McCaleb and MTGOX immediately started working to discover the location of the stolen goods.

Defendant McCaleb was able to determine the MTGOX account of the hacker which contained

stolen bitcoin and U.S. dollars. Defendant McCaleb blocked the account and represented to the

Raggios that he would replace the 9,400 stolen bitcoin from the hacker's account. The hacker

became known on the electronic message boards as "Baron", his moniker for these forums.

17.) Prior to returning the Raggio's 9,400 bitcoins, Defendant McCaleb entered into an

agreement to sell the majority of MTGOX to Mark Karpeles. Mark Karpeles purchased

MTGOX on or about March 6, 2011. As part of the sale, Mark Karpeles was informed of the

blocked Baron account and agreed to make sure that the Raggio's bitcoins were restored to them.

On information and belief, Jed McCaleb retained 12.5% of MTGOX in the transaction, but

represented to all outside sources that MTGOX was sold in its entirety to Mark Kapeles and

Defendant Karpele's companies.

18.) Mark Karpeles continued to run the MTGOX exchange. On information and

belief, Mark Karpeles operated the purchased exchange as MTGOX, MT.GOX KK, MTGOX,

Inc., Mutum Sugillum, LLC all under the umbrella of Tibanne KK. Corporate John Does 1-3 are

other companies through which Mark Karpeles operated the MTGOX exchange. All the

Karpeles companies and Karpeles as an individual are hereafter referred to as the "Defendants Karpeles & Companies".

19.)    Defendants Karpeles and Companies moved the MTGOX exchange headquarters to Japan, but the servers remained in the United States.  On information and belief, those servers are located in Massachusetts.

20.)    Defendants Karpeles and Companies acknowledged responsibility to restore the Raggio's 9,400 bitcoin repeatedly and represented to the Raggios that he was going to restore their 9,400 bitcoin.  Defendants Karpeles and Companies lied to the Raggios concerning his efforts and intentions to restore the 9,400 bitcoins, including representing that he had filed a legal action in Japan that would authorize him to restore the 9,400 bitcoins.

21.)    After Defendants Karpeles and Companies took over, Chris Raggio continually monitored the address of the 9,400 bitcoins that had been stolen and alerted Defendants Karpeles and Companies when those coins were actually moved back to the MTGOX exchange. Defendants Karpeles and Companies continued to assure the Raggios that he was working on restoring their 9,400 bitcoins.

22.)    After repeated delays in receiving the return of their bitcoins, the Raggios retained a Japanese law firm to make formal demand for the return of their 9,400 bitcoins which were still locked up in the frozen Baron account.  By letter dated on or about March 13, 2012, the Japanese lawyers made demand by letter to Defendants Karpeles and Companies to return the Raggio's 9,400 bitcoins.  Shortly thereafter the Raggios were stunned by Defendants Karpeles and Companies response which stated that he had only purchased the assets of the MTGOX exchange from Jed McCaleb and not the liabilities.

23.)    Defendants Corporate John Does 4 & 5 are the companies used by Mark Karpeles and Jed McCaleb to defraud the Raggios of their 9,400 bitcoins which have yet to be delivered pursuant to their original agreement.  Defendants John Does 1-5 are the individuals that assisted all the defendants and or directly caused the loss of the  Raggio's 9,400 bitcoins.  All defendants individually and in solido were aware of the Baron hacker's account, took steps to freeze the 9,400 bitcoin (and other assets of the hacker's) yet failed to return the Raggios their bitcoins.  On information and belief, those bitcoins are still under the care and control of the defendants yet they still fail to release the Plaintiffs' bitcoins to them.

## Cause of Action I.

### Breach of the Mississippi Uniform Commercial Code

24.    Defendants, and all of them individually and in concert, have breach the Mississippi Uniform Commercial Code by not delivering the 9,400 bitcoins that were ordered and paid for in full by the Raggios. Defendants have, through the commission of wrongful acts and omission of properly conducted transactions have breach the Mississippi Uniform Commercial Code and cause the Raggio the loss of their 9,400 bitcoins.

## Cause of Action II.

### Breach of Contract

25.    Defendants, and all of them individually and in concert have created multiple written and implied contracts in dealing with the Raggios.  The Raggios acted in good faith by paying defendants U.S. Dollars for 9,400 bitcoin, but defendants have breach their contracts with Raggios to deliver said bitcoins.

26.     Plaintiffs entered into one or more agreements with Defendantss whereby Defendants, and all of them individually and in concert agreed, among other things, to do each of the following with respect to any monies deposited by Plaintiffs with MTGOX:

a.      to accept monies from Plaintiffs, in the form of bitcoins or United States Dollars, which Plaintiffs may deposit from time to time;

b.      to keep said monies in a safe ad secure manner, consistent with fiduciary obligations commonly imposed upon financial services providers;

c.      to comply with instructions that Plaintiffs may provide from time to time concerning the transfer, investment and disposition of said monies; and

d.      to permit Plaintiffs to withdraw their monies and bitcoin at any time.

Plaintiffs allege that the legal effect of these agreements was to create legally binding obligations on the part of Defendants, and all of them individually and in concert.

27.     Plaintiffs have performed all conditions, covenants and promises required of them by said agreements, and in accordance with the terms and conditions thereof.

28.     Defendants, and all of them individually and in concert breached the agreements by, among other things: refusing to comply with Plaintiffs' instructions for withdrawing the entirety of their bitcoins; permitting the withdrawal of their bitcoins by Baron and by failing to disburse the frozen bitcoins of Baron to replace those stolen.

## **Cause of Action III.**

## **Conspiracy**

29.     Plaintiffs are informed and believe, and theron allege, that each of the Defendants knowingly and willfully conspired and agreed upon themselves to hinder, delay and deprive the Raggios of their rights with respect to their 9,400 bitcoins.

30.     Plaintiffs are further informed and believe, and thereon allege, that said Defendants, and all of them individually and in concert, did the acts and things alleged herein pursuant to, and in furtherance of, the conspiracy and their own agreements with one another , and/or furthered the conspiracy cooperating with, lending aid to, encouraging, ratifying or adopting those acts.

31.     Plaintiffs are informed and believe, and thereon allege, that there is not yet any last overt act in furtherance of said conspiracy, in that Defendants, and all of them individually and in concert are continuing to hinder delay and deprive the Raggios of their rights with respect to said bitcoins.

32.     Plaintiffs are informed and believe, and thereon allege, that Defendants acted willfully and with the intent to cause injury to Plaintiffs, and that Defendants are therefore guilty of malice, oppression and/or fraud in conscious disregard of the Plaintiffs' rights, thereby warranting an assessment of punitive damages in an amount appropriate to punish said Defendants and deter others from engaging in similar misconduct.

## Cause of Action IV.

### Account Stated

33.     Plaintiffs reallege and adopted all proceding paragraphs 1-32 and incorporate them herein.

34.    Within the past three years, accounts were stated in writing between the Plaintiffs on the one hand, and Defendants, and all of them individually and in concert on the other hand. Although defendants have acknowledged and veriefied the total amount of bitcoins it has not delivered the 9,400 bitcoins purchased and paid for by Plaintiffs.  The remaining unreturned portions of said accounts, according to the reords of Defenants and Plaintiffs, total approximately 9,400 bitcoins as of the date of this complaint, which is now due and owing and which defendants should pay.

35.    Defendants, and all of them individually and in concert have failed and refused and continue to fail and refuse to return the remainder of the bitcoins, despite Plaintiffs' demands that they do so.  Thus, they owe the remaining due, owing and unpaid the above 9,400 bitcoins and prejudgment and post judgment interest thereon at the maximum legal rate.

36.    Defendants, and all of them individually and in concert have acted in an unreasonable manner causing much distress to the Plaintiffs and forcing Plaintiffs to hire attorneys in Japan and the United States to recover their 9,400 bitcoins.  The misconduct of the Defendants, and all of them individually and in concert warrants a reimbursement of the funds lost due to this litigation including all expenses, costs of collection and attorney fees.

## Cause of Action V.

### Negligence

37.    Plaintiffs incorporate by reference paragraphs 1-36 above of this complaint.

38.    At all releveant times, Defendants, and all of them individually and in concert had bitcoins belonging to Plaintiffs in their possession, custody and/or control, and therefore owed Plaintiffs a duty of care with respect to safeguarding said bitcoins.  Plaintiffs are informed and

believed, and thereon allege, that Defendants, and all of them individually and in concert served as fiduciaries with respect to said bitcoins, and that said role imposed certain fiduciary obligations upon defendants.

39.     Plaintiffs are informed and believe, and thereon allege, that Defendants, and all of them individually and in concert breached their duties to Plaintiffs by negligently performing their obligations, including but not limited to failing to utilize all reasonable and practical safeguards to protect the bitcoins of Plaintiffs and other customers by using an unsalted MD5 protocol for security.

40.     Plaintiffs suffered certain  general, special, incidental and consequential damages as a direct and proximate result of said negligence, including, among other thins:  the loss of bitcoins; the loss of use of said value of the bitcoins while the present action is pending; changes in the value of said bitcoins due to the fluctuating exchange rate; etc. all in amounts to be proven at trial.

## Cause of Action VI.

### Conversion

41.     Plaintiffs incorporate by reference paragraphs 1-40 of this complaint.

42.     At all relevant times, Plaintiffs were, and are, the lawful owners of certain bitcoins deposited with Defendants and all of them individually and in concert as alleged herein. As between Plaintiffs and Defendants, plaintiffs are entitled to possession of the bitcoins once they provide instructions to Defendants to deliver them, which Plaintiffs have done.

43.     Plaintiffs are informed and believe and theron allege that:  upon receiving Plaintiffs' instructions to deliver the bitcoins, Defendants, and all of them individually and in

concert converted and took unlawful possession of, said bitcoins for their own use and benefit by refusing to return all of the bitcoin paid for and belonging to Plaintiffs.  Plaintiffs are further informed and believe , and there on allege, that Defendants, and all of them individually and in concert intentionally, willfully and in flagrant disregard for Plaintiffs' right refused to deliver the bitcoins purchased by plaintiffs.

44.     Plaintiffs have suffered certain general, special, incidental and consequential damages as a direct and proximate result of said negligence, including, among other things: the loss of the bitcoins themselves; the loss of use of said bitcoins while the present action is pending; changes in the value of said bitcions due to fluctuating exchange rates; etc., all in amounts to be proven at trial;

45.     Plaintiffs are informed and believe, and thereon allege: that the aforementioned actions and omissions by Defendants, and all of them individually and in concert were intentional or so grossly wanton and willful that they show a conscious disregard for the rights of Plaintiffs.  Defendants, and all of them individually and in concert and their conduct is despicable, and subjected Plaintiffs to a cruel and unusual hardship in conscious disregard of their rights, all so as to justify an award for exemplary and punitive damages, and the right to recover attorney fees, costs and expenses.

### Cause of Actin VII.

### General and Notice Pleading of All Causes at Law & Equity and

### Claim for a Constructive Trust on Preserved Account

46.     Plaintiffs reallege all prior paragraphs 1-45 herein.

47.   Plaintiffs pray that this court will hear their cause as the facts herein have been plead with specificity and allow plaintiffs recovery of their bitcoin and all damages generally and specifically under all applicable theories of recovery whether at law or equity.

48.   On information and belief, the 9,400 bitcoins are lodged with the MTGOX accounts and noted on recently discovered "Crisis Strategy Draft" as the "-80,208 BTC From banned or suspicious accounts".  Plaintiffs request that this court freeze said account so that these bitcoins cannot be distributed until such time as plaintiffs have had an opportunity to be heard and to lay proper claim to their bitcoin.  Plaintiffs hereby assert a constructive trust over and with regard to the bitcoins contained in the banned or suspicious accounts.

## Cause of Action VIII.

## Specific Performance

49.   Plaintiffs reallege all prior paragraphs 1-48 herein.

50.   Plaintiffs paid for 9,400 bitcoins with U.S. Dollars. Defendants, and all of them individually and in concert have represented that they will deliver said 9,400 bitcoins.  Plaintiffs request a judgment of and from Defendants, and all of them individually and in concert for all 9,400 of their bitcoin.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this court will allow their claim to proceed upon a struck jury and that said jury shall award them their 9,400 bitcoins against Defendants, and all of them individually and jointly along with punitive damages, special damages, attorney fees and all costs herein related to the pursuit of this cause.

Respectfully submitted,

Dr. Donald Raggio &
Dr. Chris Raggio, Plaintiffs

.

By:    MITCHELL H. TYNER, SR. – MSB #8169

OF COUNSEL:

MITCHELL H. TYNER, SR. – MSB #8169
**TYNER LAW FIRM, P.A.**
5750 I-55 North
Jackson, Mississippi  39211
(601) 957-1113
(601) 957-1113 – *facsimile*

**COVER SHEET**
**Civil Case Filing Form**
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

Mississippi Supreme Court
Administrative Office of Courts

Form AOC/01
(Revised 1/1/2001)

**Court Identification**
Docket Number

| 2 | 5 | | C | I | | |
|---|---|---|---|---|---|---|

County #   Judicial   Court ID
District   (CH, CI, CO)

| 0 | 3 | 0 | 5 | 1 | 4 |
|---|---|---|---|---|---|

Month   Date   Year

This area to be completed by clerk

**Case Year**
| 2 | 0 | 1 | 4 |
|---|---|---|---|

**Docket Number**
| | | 7 | 1 |
|---|---|---|---|

Local Docket ID

Case Number if filed prior to 1/1/94

IN THE ___CIRCUIT___ COURT OF ___HINDS___ COUNTY

Short Style of Case: __RAGGIO, DONALD & CHRIS__
Party Filing Initial Pleading: Type/Print Name __MITCHELL H. TYNER, SR.__   Signature ___   MS Bar No. __8169__
___ Check (✓) if Not an Attorney   ___ Check (✓) if *Pro Hac Vice*
Compensatory Damages Sought: $ _____   Punitive Damages Sought: $ _____
**Is Child Support contemplated as an issue in this suit?** ___ Yes ___ No   If "yes" is checked, please submit a completed Child Support Information Sheet with Final Decree/Judgment

PLAINTIFF - PARTY(IES) INITIALLY BRINGING SUIT SHOULD BE ENTERED FIRST (FIRST NAME IN SHORT STYLE) - ENTER ADDITIONAL PLAINTIFFS ON SEPARATE FORM

Individual __RAGGIO__ _____ __DONALD__ _____ ( _____ ) _____
          Last Name                 First Name            Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

Address of Plaintiff _____
___ Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
    Estate of _____
___ Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
    D/B/A / Agency _____
Business _____
          Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated
___ Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
    D/B/A: _____

**FILED**
MAR - 5 2014
BARBARA DUNN, CIRCUIT CLERK
BY _____ D.C.

DEFENDANT - NAME OF DEFENDANT (FIRST NAME IN SHORT STYLE) - ENTER ADDITIONAL DEFENDANTS ON SEPARATE FORM

Individual __MTGOX, INC__ _____ _____ _____ ( _____ ) _____
          Last Name                 First Name            Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___ Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
    Estate of _____
___ Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
    D/B/A / Agency _____
Business _____
          Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated
___ Check (✓) if Business Defendant is being sued in the name of an entity other than the above, and enter below:
    D/B/A: _____
ATTORNEY FOR THIS DEFENDANT: _____ Bar No. _____ or Name: _____ *Pro Hac Vice* (✓) ___
          (If known)

In left hand column, check one (1) box that best describes the nature of this suit. In right hand column check all boxes which identify secondary claims.

**Business/Commercial**
- ☐ Accounting (Business)
- ☐ Bankruptcy
- ☐ Business Dissolution - Corporation
- ☐ Business Dissolution - Partnership
- ☐ Debt Collection
- ☐ Employment
- ☐ Examination of Debtor
- ☐ Execution
- ☐ Foreign Judgment
- ☐ Garnishment
- ☐ Pension
- ☐ Receivership
- ☐ Replevin
- ☐ Stockholder Suit
- ☐ Other

**Domestic Relations**
- ☐ Child Custody/Visitation
- ☐ Child Support
- ☐ Contempt
- ☐ Divorce: Fault
- ☐ Divorce: Irreconcilable Differences
- ☐ Domestic Abuse
- ☐ Emancipation
- ☐ Modification
- ☐ Paternity
- ☐ Property Division
- ☐ Separate Maintenance
- ☐ Termination of Parental Rights
- ☐ UIFSA (formerly URESA)
- ☐ Other

**Contract**
- ☐ Breach of Contract
- ☐ Installment Contract
- ☐ Insurance
- ☐ Product Liability under Contract
- ☑ Specific Performance
- ☐ Other

**Probate**
- ☐ Accounting (Probate)
- ☐ Birth Certificate Correction
- ☐ Commitment
- ☐ Conservatorship
- ☐ Guardianship
- ☐ Heirship
- ☐ Intestate Estate
- ☐ Minor's Settlement
- ☐ Muniment of Title
- ☐ Name Change
- ☐ Power of Attorney
- ☐ Testate Estate
- ☐ Will Contest
- ☐ Other

**Statutes/Rules**
- ☐ Bond Validation
- ☐ Civil Forfeiture
- ☐ Declaratory Judgment
- ☐ ERISA
- ☐ Eminent Domain
- ☐ Extraordinary Writ
- ☐ Federal Statutes
- ☐ Injunction or Restraining Order
- ☐ Municipal Annexation
- ☐ Racketeering (RICO)
- ☐ Railroad
- ☐ Seaman
- ☐ Other

**Appeals**
- ☐ Administrative Agency
- ☐ County Court
- ☐ Hardship Petition (Driver License)
- ☐ Justice Court
- ☐ MS Employmt Security Comm'n
- ☐ Municipal Court
- ☐ Oil & Gas Board
- ☐ Workers' Compensation
- ☐ Other

**Children and Minors - Non-Domestic**
- ☐ Adoption - Noncontested
- ☐ Consent to Abortion for Minor
- ☐ Removal of Minority
- ☐ Other

**Torts-Personal Injury**
- ☐ Bad Faith
- ☐ Fraud
- ☐ Loss of Consortium
- ☐ Malpractice - Legal
- ☐ Malpractice - Medical
- ☐ Negligence - General
- ☐ Negligence - Motor Vehicle
- ☐ Products Liability
- ☐ Wrongful Death
- ☐ Other

**Mass Tort**
- ☐ Asbestos
- ☐ Chemical Spill
- ☐ Dioxin
- ☐ Hand/Arm Vibration
- ☐ Hearing Loss
- ☐ Radioactive Materials
- ☐ Other

**Real Property**
- ☐ Adverse Possession
- ☐ Ejectment
- ☐ Eminent Domain
- ☐ Judicial Foreclosure
- ☐ Lien Assertion
- ☐ Partition
- ☐ Receiver Appointment
- ☐ Tax Sale: Confirmation/Cancellation
- ☐ Title, Boundary &/or Easement
- ☐ Other

**Civil Rights**
- ☐ Elections
- ☐ Habeas Corpus
- ☐ Post Conviction Relief
- ☐ Prisoner
- ☐ Other

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
HINDS COUNTY, MISSISSIPPI

DR. DONALD RAGGIO                                              **PLAINTIFFS**
DR. CHRIS RAGGIO

v.                                         CIVIL ACTION NO. __14-71__

MTGOX a sole proprietorship;
MTGOX, Inc., a Delaware corporation;
MT.GOX KK, a Japanese corporation;
TIBANE KK, a Japanese corporation;                            **DEFENDANTS**
MUTUM SIGILLUM, LLC a Delaware Limited Liability Company;
CODE COLLECTIVE, LLC a New York Limited Liability Company;
JED McCALEB, an individual;
MARK KARPELES, an individual;
JOHN DOES 1-5, AND CORPORATE JOHN DOES 1-5

<u>SUMMONS</u>
(Process Server)

The State of Mississippi

To:     **Tibanne KK**
        **Level 15-F, Cerulean Tower**
        **26-1 Sakuragaoka-cho, Shibuya-ku**
        **Tokyo, Japan 150-8512**

<u>Notice to Defendant</u>

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

    You are required to mail or hand-deliver a copy of a written response to the Complaint to Tyner
Law Firm, P.A., the attorneys for the Plaintiff, whose address is 5750 I-55 North, Jackson, MS 39211.
Your response must be mailed or delivered within thirty (30) days from the date of delivery of this
summons and complaint or a judgment by default will be entered against you for the money or other
things demanded in the complaint.

    You must also file the original of your response with the Clerk of this Court within a reasonable
time afterward.

    Issued under my hand and the seal of said Court, this the _16_ day of March, 2014.

                                        BARBARA DUNN, CLERK
                                        Hinds County Circuit Court
                                        PO Box 327
                                        Jackson, MS 39205

                                        By: _____, DC

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
HINDS COUNTY, MISSISSIPPI

DR. DONALD RAGGIO                                                    **PLAINTIFFS**
DR. CHRIS RAGGIO

v.                                                 CIVIL ACTION NO. $\underline{14\text{-}71}$

MTGOX a sole proprietorship;
MTGOX, Inc., a Delaware corporation;
MT.GOX KK, a Japanese corporation;
TIBANE KK, a Japanese corporation;                                  **DEFENDANTS**
MUTUM SIGILLUM, LLC a Delaware Limited Liability Company;
CODE COLLECTIVE, LLC a New York Limited Liability Company;
JED McCALEB, an individual;
MARK KARPELES, an individual;
JOHN DOES 1-5, AND CORPORATE JOHN DOES 1-5

<u>SUMMONS</u>
(Process Server)

The State of Mississippi

To:     **Mark Karpeles**
        **Level 15-F, Cerulean Tower**
        **26-1 Sakuragaoka-cho, Shibuya-ku**
        **Tokyo, Japan 150-8512**

<u>Notice to Defendant</u>

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

        You are required to mail or hand-deliver a copy of a written response to the Complaint to Tyner
Law Firm, P.A., the attorneys for the Plaintiff, whose address is 5750 I-55 North, Jackson, MS 39211.
Your response must be mailed or delivered within thirty (30) days from the date of delivery of this
summons and complaint or a judgment by default will be entered against you for the money or other
things demanded in the complaint.

        You must also file the original of your response with the Clerk of this Court within a reasonable
time afterward.

        Issued under my hand and the seal of said Court, this the _6_ day of March, 2014.

BARBARA DUNN, CLERK
Hinds County Circuit Court
PO Box 327
Jackson, MS 39205

By: _____, DC

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
HINDS COUNTY, MISSISSIPPI

DR. DONALD RAGGIO                                        **PLAINTIFFS**
DR. CHRIS RAGGIO

v.                                      CIVIL ACTION NO. 14-71

MTGOX a sole proprietorship;
MTGOX, Inc., a Delaware corporation;
MT.GOX KK, a Japanese corporation;
TIBANE KK, a Japanese corporation;                      **DEFENDANTS**
MUTUM SIGILLUM, LLC a Delaware Limited Liability Company;
CODE COLLECTIVE, LLC a New York Limited Liability Company;
JED McCALEB, an individual;
MARK KARPELES, an individual;
JOHN DOES 1-5, AND CORPORATE JOHN DOES 1-5

<u>SUMMONS</u>
(Process Server)

The State of Mississippi

To:   Jed McCaleb
      286 Union #1A
      Brooklyn, NY 11211

<u>Notice to Defendant</u>

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to Tyner Law Firm, P.A., the attorneys for the Plaintiff, whose address is 5750 I-55 North, Jackson, MS 39211. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this the 6 day of March, 2014.



BARBARA DUNN, CLERK
Hinds County Circuit Court
PO Box 327
Jackson, MS 39205

By: _____, DC

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
HINDS COUNTY, MISSISSIPPI

**PLAINTIFFS**

DR. DONALD RAGGIO
DR. CHRIS RAGGIO

CIVIL ACTION NO. _____ 14-71

v.

MTGOX a sole proprietorship;
MTGOX, Inc., a Delaware corporation;
MT.GOX KK, a Japanese corporation;
TIBANE KK, a Japanese corporation;
MUTUM SIGILLUM, LLC a Delaware Limited Liability Company;
CODE COLLECTIVE, LLC a New York Limited Liability Company;
JED McCALEB, an individual;
MARK KARPELES, an individual;
JOHN DOES 1-5, AND CORPORATE JOHN DOES 1-5

**DEFENDANTS**

**SUMMONS**
(Process Server)

The State of Mississippi

To:   Mutum Sigillum, LLC
      By and Through Its Registered Agent
      Corpmax, Inc.
      2915 Ogletown Road
      Newark, DE 19713

Notice to Defendant

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to Tyner Law Firm, P.A., the attorneys for the Plaintiff, whose address is 5750 I-55 North, Jackson, MS 39211. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this the ___ day of March, 2014.

BARBARA DUNN, CLERK
Hinds County Circuit Court
PO Box 327
Jackson, MS 39205

By: _____, DC

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT**
**HINDS COUNTY, MISSISSIPPI**

DR. DONALD RAGGIO                                                    **PLAINTIFFS**
DR. CHRIS RAGGIO

v.                                                    CIVIL ACTION NO. ___14-71___

MTGOX a sole proprietorship;
MTGOX, Inc., a Delaware corporation;
MT.GOX KK, a Japanese corporation;
TIBANE KK, a Japanese corporation;                                    **DEFENDANTS**
MUTUM SIGILLUM, LLC a Delaware Limited Liability Company;
CODE COLLECTIVE, LLC a New York Limited Liability Company;
JED McCALEB, an individual;
MARK KARPELES, an individual;
JOHN DOES 1-5, AND CORPORATE JOHN DOES 1-5

**SUMMONS**
(Process Server)

The State of Mississippi

To:     Code Collective, LLC
        By and Through Its Registered Agent
        New York Department of State
        286 Union #1A
        Brooklyn, NY 11211

**Notice to Defendant**

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

        You are required to mail or hand-deliver a copy of a written response to the Complaint to Tyner Law Firm, P.A., the attorneys for the Plaintiff, whose address is 5750 I-55 North, Jackson, MS 39211. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

        You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

        Issued under my hand and the seal of said Court, this the _6_ day of March, 2014.

                                        BARBARA DUNN, CLERK
                                        Hinds County Circuit Court
                                        PO Box 327
                                        Jackson, MS 39205

                                        By: _____, DC

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
HINDS COUNTY, MISSISSIPPI

DR. DONALD RAGGIO                                                    **PLAINTIFFS**
DR. CHRIS RAGGIO

v.                                          CIVIL ACTION NO. ___14-71___

MTGOX a sole proprietorship;
MTGOX, Inc., a Delaware corporation;
MT.GOX KK, a Japanese corporation;
TIBANE KK, a Japanese corporation;                                  **DEFENDANTS**
MUTUM SIGILLUM, LLC a Delaware Limited Liability Company;
CODE COLLECTIVE, LLC a New York Limited Liability Company;
JED McCALEB, an individual;
MARK KARPELES, an individual;
JOHN DOES 1-5, AND CORPORATE JOHN DOES 1-5

SUMMONS
(Process Server)

The State of Mississippi

To:   MTGOX, INC.
      By and Through Its Registered Agent
      National Corporate Research, LTD
      615 S. Dupont Hwy
      Dover, DE 19901

Notice to Defendant

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to Tyner
Law Firm, P.A., the attorneys for the Plaintiff, whose address is 5750 I-55 North, Jackson, MS 39211.
Your response must be mailed or delivered within thirty (30) days from the date of delivery of this
summons and complaint or a judgment by default will be entered against you for the money or other
things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable
time afterward.

Issued under my hand and the seal of said Court, this the __6__ day of March, 2014.

BARBARA DUNN, CLERK
Hinds County Circuit Court
PO Box 327
Jackson, MS 39205

By: _____, DC

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
HINDS COUNTY, MISSISSIPPI

DR. DONALD RAGGIO                                                          **PLAINTIFFS**
DR. CHRIS RAGGIO

v.                                                    CIVIL ACTION NO. ___14-71___

MTGOX a sole proprietorship;
MTGOX, Inc., a Delaware corporation;
MT.GOX KK, a Japanese corporation;
TIBANE KK, a Japanese corporation;                                        **DEFENDANTS**
MUTUM SIGILLUM, LLC a Delaware Limited Liability Company;
CODE COLLECTIVE, LLC a New York Limited Liability Company;
JED McCALEB, an individual;
MARK KARPELES, an individual;
JOHN DOES 1-5, AND CORPORATE JOHN DOES 1-5

<u>SUMMONS</u>
(Process Server)

The State of Mississippi

To:     MT. GOX KK, Mark Karpeles
        Level 15-F, Cerulean Tower
        26-1 Sakuragaoka-cho, Shibuya-ku
        Tokyo, Japan 150-8512

<u>Notice to Defendant</u>

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

        You are required to mail or hand-deliver a copy of a written response to the Complaint to Tyner
Law Firm, P.A., the attorneys for the Plaintiff, whose address is 5750 I-55 North, Jackson, MS 39211.
Your response must be mailed or delivered within thirty (30) days from the date of delivery of this
summons and complaint or a judgment by default will be entered against you for the money or other
things demanded in the complaint.

        You must also file the original of your response with the Clerk of this Court within a reasonable
time afterward.

        Issued under my hand and the seal of said Court, this the 6 day of March, 2014.

BARBARA DUNN, CLERK
Hinds County Circuit Court
PO Box 327
Jackson, MS 39205

By: _____, DC

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
HINDS COUNTY, MISSISSIPPI

DR. DONALD RAGGIO                                                    **PLAINTIFFS**
DR. CHRIS RAGGIO

v.                                                    CIVIL ACTION NO. ___14-71___

MTGOX a sole proprietorship;
MTGOX, Inc., a Delaware corporation;
MT.GOX KK, a Japanese corporation;
TIBANE KK, a Japanese corporation;                                 **DEFENDANTS**
MUTUM SIGILLUM, LLC a Delaware Limited Liability Company;
CODE COLLECTIVE, LLC a New York Limited Liability Company;
JED McCALEB, an individual;
MARK KARPELES, an individual;
JOHN DOES 1-5, AND CORPORATE JOHN DOES 1-5

**SUMMONS**
(Process Server)

The State of Mississippi

To:   MT. GOX KK, Jed McCaleb
      Level 15-F, Cerulean Tower
      26-1 Sakuragaoka-cho, Shibuya-ku
      Tokyo, Japan 150-8512

**Notice to Defendant**

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

        You are required to mail or hand-deliver a copy of a written response to the Complaint to Tyner
Law Firm, P.A., the attorneys for the Plaintiff, whose address is 5750 I-55 North, Jackson, MS 39211.
Your response must be mailed or delivered within thirty (30) days from the date of delivery of this
summons and complaint or a judgment by default will be entered against you for the money or other
things demanded in the complaint.

        You must also file the original of your response with the Clerk of this Court within a reasonable
time afterward.

        Issued under my hand and the seal of said Court, this the _____ day of March, 2014.

                                        BARBARA DUNN, CLERK
                                        Hinds County Circuit Court
                                        PO Box 327
                                        Jackson, MS 39205

                                        By: _____, DC

### IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
### HINDS COUNTY, MISSISSIPPI

**DR. DONALD RAGGIO**                                                           **PLAINTIFFS**
**DR. CHRIS RAGGIO**

**v.**                                                                   **CIVIL ACTION NO.   14-71**

**MTGOX a sole proprietorship;**
**MTGOX, Inc., a Delaware corporation;**
**MT.GOX KK, a Japanese corporation;**
**TIBANE KK, a Japanese corporation;**                                   **DEFENDANTS**
**MUTUM SIGILLUM, LLC a Delaware Limited Liability Company;**
**CODE COLLECTIVE, LLC a New York Limited Liability Company;**
**JED McCALEB, an individual;**
**MARK KARPELES, an individual;**
**JOHN DOES 1-5, AND CORPORATE JOHN DOES 1-5**

### SUMMONS
### (Process Server)

**The State of Mississippi**

**To:**     **Tibanne KK**
          **Level 15-F, Cerulean Tower**
          **26-1 Sakuragaoka-cho, Shibuya-ku**
          **Tokyo, Japan 150-8512**

### Notice to Defendant

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to Tyner Law Firm, P.A., the attorneys for the Plaintiff, whose address is 5750 I-55 North, Jackson, MS 39211. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this the 11th day of April, 2014.

BARBARA DUNN, CLERK
Hinds County Circuit Court
PO Box 327
Jackson, MS 39205

By: _____ , DC

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
HINDS COUNTY, MISSISSIPPI

DR. DONALD RAGGIO                                                                    **PLAINTIFFS**
DR. CHRIS RAGGIO

v.                                                                          **CIVIL ACTION NO. 14-71**

MTGOX a sole proprietorship;
MTGOX, Inc., a Delaware corporation;
MT.GOX KK, a Japanese corporation;
TIBANE KK, a Japanese corporation;                                          **DEFENDANTS**
MUTUM SIGILLUM, LLC a Delaware Limited Liability Company;
CODE COLLECTIVE, LLC a New York Limited Liability Company;
JED McCALEB, an individual;
MARK KARPELES, an individual;
JOHN DOES 1-5, AND CORPORATE JOHN DOES 1-5

<u>**SUMMONS**</u>
(Process Server)

**The State of Mississippi**

To:   **MTGOX an unincorporated entity (originally a sole proprietorship owned by Jed
       McCaleb), Mark Karpales
       Level 15-F, Cerulean Tower
       26-1 Sakuragaoka-cho, Shibuya-ku
       Tokyo, Japan 150-8512**
                                         <u>Notice to Defendant</u>

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

        You are required to mail or hand-deliver a copy of a written response to the Complaint to Tyner
Law Firm, P.A., the attorneys for the Plaintiff, whose address is 5750 I-55 North, Jackson, MS 39211.
Your response must be mailed or delivered within thirty (30) days from the date of delivery of this
summons and complaint or a judgment by default will be entered against you for the money or other
things demanded in the complaint.

        You must also file the original of your response with the Clerk of this Court within a reasonable
time afterward.

        Issued under my hand and the seal of said Court, this the 11th day of April, 2014.

                                         BARBARA DUNN, CLERK
                                         Hinds County Circuit Court
                                         PO Box 327
                                         Jackson, MS 39205

                                         By: _____, DC

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
HINDS COUNTY, MISSISSIPPI

DR. DONALD RAGGIO                                           **PLAINTIFFS**
DR. CHRIS RAGGIO

**v.**                                                     **CIVIL ACTION NO. 14-71**

MTGOX a sole proprietorship;
MTGOX, Inc., a Delaware corporation;
MT.GOX KK, a Japanese corporation;
TIBANE KK, a Japanese corporation;                         **DEFENDANTS**
MUTUM SIGILLUM, LLC a Delaware Limited Liability Company;
CODE COLLECTIVE, LLC a New York Limited Liability Company;
JED McCALEB, an individual;
MARK KARPELES, an individual;
JOHN DOES 1-5, AND CORPORATE JOHN DOES 1-5

<u>SUMMONS</u>
(Process Server)

The State of Mississippi

To:   **MT. GOX KK, Mark Karpales**
      **Level 15-F, Cerulean Tower**
      **26-1 Sakuragaoka-cho, Shibuya-ku**
      **Tokyo, Japan 150-8512**

<u>Notice to Defendant</u>

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to Tyner Law Firm, P.A., the attorneys for the Plaintiff, whose address is 5750 I-55 North, Jackson, MS 39211. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this the 11th day of April, 2014.

BARBARA DUNN, CLERK
Hinds County Circuit Court
PO Box 327
Jackson, MS 39205

By: _____, DC

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
## HINDS COUNTY, MISSISSIPPI

DR. DONALD RAGGIO                                                          **PLAINTIFFS**
DR. CHRIS RAGGIO

v.                                                                        **CIVIL ACTION NO. 14-71**

MTGOX a sole proprietorship;
MTGOX, Inc., a Delaware corporation;
MT.GOX KK, a Japanese corporation;
TIBANE KK, a Japanese corporation;                                        **DEFENDANTS**
MUTUM SIGILLUM, LLC a Delaware Limited Liability Company;
CODE COLLECTIVE, LLC a New York Limited Liability Company;
JED McCALEB, an individual;
MARK KARPELES, an individual;
JOHN DOES 1-5, AND CORPORATE JOHN DOES 1-5

### SUMMONS
### (Process Server)

The State of Mississippi

To:    **Mark Karpeles**
       **Level 15-F, Cerulean Tower**
       **26-1 Sakuragaoka-cho, Shibuya-ku**
       **Tokyo, Japan 150-8512**

### Notice to Defendant

## THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to Tyner Law Firm, P.A., the attorneys for the Plaintiff, whose address is 5750 I-55 North, Jackson, MS 39211. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this the 11th day of April, 2014.

BARBARA DUNN, CLERK
Hinds County Circuit Court
PO Box 327
Jackson, MS 39205

By: _____, DC

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
## HINDS COUNTY, MISSISSIPPI

DR. DONALD RAGGIO                                                    **PLAINTIFFS**
DR. CHRIS RAGGIO

v.                                                 CIVIL ACTION NO. ___14 - 71___

MTGOX a sole proprietorship;
MTGOX, Inc., a Delaware corporation;
MT.GOX KK, a Japanese corporation;
TIBANE KK, a Japanese corporation;                                  **DEFENDANTS**
MUTUM SIGILLUM, LLC a Delaware Limited Liability Company;
CODE COLLECTIVE, LLC a New York Limited Liability Company;
JED McCALEB, an individual;
MARK KARPELES, an individual;
JOHN DOES 1-5, AND CORPORATE JOHN DOES 1-5

### SUMMONS
### (Process Server)

The State of Mississippi

To:   **Code Collective, LLC through Jed McCaleb**
      **199 Tiffany Avenue**
      **Apartment 304**
      **San Francisco, CA 94705**

### Notice to Defendant

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to Tyner Law Firm, P.A., the attorneys for the Plaintiff, whose address is 5750 I-55 North, Jackson, MS 39211. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this the *23* day of June, 2014.

BARBARA DUNN, CLERK
Hinds County Circuit Court
PO Box 327
Jackson, MS 39205

By: _____*Karla Wit*_____, DC

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
## HINDS COUNTY, MISSISSIPPI

**DR. DONALD RAGGIO**                                          **PLAINTIFFS**
**DR. CHRIS RAGGIO**

**v.**                                          CIVIL ACTION NO. __14-71__

**MTGOX a sole proprietorship;**
**MTGOX, Inc., a Delaware corporation;**
**MT.GOX KK, a Japanese corporation;**
**TIBANE KK, a Japanese corporation;**                        **DEFENDANTS**
**MUTUM SIGILLUM, LLC a Delaware Limited Liability Company;**
**CODE COLLECTIVE, LLC a New York Limited Liability Company;**
**JED McCALEB, an individual;**
**MARK KARPELES, an individual;**
**JOHN DOES 1-5, AND CORPORATE JOHN DOES 1-5**

### SUMMONS
### (Process Server)

**The State of Mississippi**

**To:**     **Jed McCaleb**
            **199 Tiffany Avenue**
            **Apartment 304**
            **San Francisco, CA 94705**

### Notice to Defendant

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to Tyner Law Firm, P.A., the attorneys for the Plaintiff, whose address is 5750 I-55 North, Jackson, MS 39211. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this the 23 day of June, 2014.

BARBARA DUNN, CLERK
Hinds County Circuit Court
PO Box 327
Jackson, MS 39205

By: _____, DC

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT**
**HINDS COUNTY, MISSISSIPPI**

**DR. DONALD RAGGIO**                                                  **PLAINTIFFS**
**DR. CHRIS RAGGIO**

**v.**                                                          **CIVIL ACTION NO. 14-71**

**MTGOX a sole proprietorship;**
**MTGOX, Inc., a Delaware corporation;**
**MT.GOX KK, a Japanese corporation;**
**TIBANE KK, a Japanese corporation;**                                **DEFENDANTS**
**MUTUM SIGILLUM, LLC a Delaware Limited Liability Company;**
**CODE COLLECTIVE, LLC a New York Limited Liability Company;**
**JED McCALEB, an individual;**
**MARK KARPELES, an individual;**
**JOHN DOES 1-5, AND CORPORATE JOHN DOES 1-5**

<u>**SUMMONS**</u>
**(Process Server)**

**The State of Mississippi**

**To:**    **MTGOX an unincorporated business through Jed McCaleb**
       **199 Tiffany Avenue Apt. 304**
       **San Francisco, CA 94705**
                    <u>**Notice to Defendant**</u>

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

        You are required to mail or hand-deliver a copy of a written response to the Complaint to Tyner
Law Firm, P.A., the attorneys for the Plaintiff, whose address is 5750 I-55 North, Jackson, MS 39211.
Your response must be mailed or delivered within thirty (30) days from the date of delivery of this
summons and complaint or a judgment by default will be entered against you for the money or other
things demanded in the complaint.

        You must also file the original of your response with the Clerk of this Court within a reasonable
time afterward.

        Issued under my hand and the seal of said Court, this the ___23___ day of June, 2014.

                        BARBARA DUNN, CLERK
                        Hinds County Circuit Court
                        PO Box 327
                        Jackson, MS 39205

                        By: _____Karla Wul_____, DC

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
HINDS COUNTY, MISSISSIPPI**


**DR. DONALD RAGGIO**                                                    **PLAINTIFFS**
**DR. CHRIS RAGGIO**


**VS.**                                        **CIVIL ACTION NO.** _____**14-71**_____


**MTGOX a sole proprietorship;**
**MTGOX, Inc., a Delaware corporation;**
**MT.GOX KK, a Japanese corporation;**
**TIBANE KK, a Japanese corporation;**
**MUTUM SIGILLUM, LLC a Delaware limited Liability Company;**
**CODE COLLECTIVE, LLC a New York limited liability company;**
**JED McCALEB, an individual;**
**MARK KARPELES, an individual;**
**JOHN DOES 1-5, and CORPORATE JOHN DOES 1-5**              **DEFENDANTS**

---

### MOTION FOR ADDITIONAL TIME TO SERVE PROCESS

---

Plaintiffs, Dr. Donald Raggio, by and through counsel, and in accordance with Mississippi Rule of Civil

Procedure 4(h), respectfully moves for an additional 120 days within which to serve domestic Defendants in this

civil action, and an additional 270 days to effect service on the Japanese defendants.  In support of this Motion the

Plaintiff offers the following:

1.      This action is the result of a breach of contract regarding the sale and purchase of bitcoin.


2.      This action was filed on March 5, 2014, and diligent efforts have been made to locate the Defendants

within the initial 120 day period as required by M.R.C.P. 4(h).  These efforts are as follows:

<u>Regarding the Japanese Defendants</u>

3.      The proper person to serve for all of the Japanese entities named as defendants is the head of the

companies.  That person is a Frenchman named Mark Karpeles.  He is also a defendant herein.

4.      The main Japanese Defendant filed for Bankruptcy protection in Japan, then opened a Chapter 15

Proceeding in Dallas Texas.  Serving the Japanese defendants outside of the United States requires translation and

compliance with the Hague Convention.

5.      The Bankruptcy Judge (Hon. Stacey Jernigan) ordered Mark Karpeles to personally appear in Dallas Texas

for a deposition.  As a result, plaintiffs hired multiple process servers to stake out locations around the courthouse to

locate Mr. Karpeles when entering the courthouse so personal service could be obtained.  It was plaintiffs' goal to

obtain personal service over Mr. Karpeles and his companies while in the United States and avoid the necessity of

the translation and delays.

6.      Attorneys for Mr. Karpeles filed Motions to prevent the appearance of their client Mr. Karpeles in the

Bankruptcy proceeding in Dallas, thus postponing the timeframe in which he may appear in the United States.

7.      Consequently, plaintiffs have been required to hire another firm specializing in foreign service and

translation, International Litigation Support, who is diligently working on getting process served on Mark Karpeles

and his companies in Japan.

<u>Regarding Domestic Defendants</u>

8.      We have confirmation from the server that the following domestic defendants have already been served in

this case:

        MTGOX, Inc. a Delaware Corporation

        Code Collective, LLC, a New York LLC

        Mutum Sigillum, LLC, a Delaware Corporation

9.      With regard to the remaining domestic defendants, Jed McCaleb and MTGOX as sole proprietorship,

service may be had by personal service on Jed McCaleb.  The original address for counsel had for  Mr. McCaleb

was a New York address consistent with his company Code Collective, LLC (which we were able to locate and

serve).  Since filing suit, we have learned that Mr. McCaleb is now residing in San Francisco.  Skip tracing has been

performed to verify Mr. McCaleb's home address.  Multiple personal service attempts have been made to Mr. McCaleb's California residence but have not yet been successful.

10.     This Motion is filed within the initial 120 day period, and is filed in good faith after the Plaintiff has made diligent and good faith efforts to locate the Defendants.[1]

11.     The Plaintiff respectfully requests an additional 120 days to locate and serve the domestic Defendants in this matter and 270 days to translate and serve the foreign defendants through the Hague Convention.  This request is not made for the purposes of harassment or delay, but so that the ends of justice may be served.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Dr. Donald Raggio & Dr. Chris Raggio respectfully moves for an additional 120 days within which to serve the domestic Defendants in this civil action and an additional 270 days to serve the foreign defendants.  The Plaintiff requests any other just and proper relief.

Respectfully submitted, this the 3d day of July, 2014.

Respectfully submitted,

Dr. Donald Raggio &
Dr. Chris Raggio, Plaintiffs

By: _____
MITCHELL H. TYNER, SR. – MSB #8169

MITCHELL H. TYNER, SR. – MSB #8169
**TYNER LAW FIRM, P.A.**
5750 I-55 North
Jackson, Mississippi  39211
(601) 957-1113
(601) 957-1113 – *facsimile*

---

[1] *See Montgomery v. Smithkline Beecham Corp.*, 910 So.2d 958 (Miss. 2005) ("a diligent plaintiff should file a motion for additional time to serve process within the 120-day time period.  Such diligence would support allegation that good cause exists for failure to serve process timely.")

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
## HINDS COUNTY, MISSISSIPPI

# F I L E D

**DR. DONALD RAGGIO**                  JUL 0 8 2014                      **PLAINTIFFS**
**DR. CHRIS RAGGIO**

BARBARA DUNN, CIRCUIT CLERK

BY_____ D.C.

**VS.**                                      **CIVIL ACTION NO.    14-71**

**MTGOX a sole proprietorship;**
**MTGOX, Inc., a Delaware corporation;**
**MT.GOX KK, a Japanese corporation;**
**TIBANE KK, a Japanese corporation;**
**MUTUM SIGILLUM, LLC a Delaware limited Liability Company;**
**CODE COLLECTIVE, LLC a New York limited liability company;**
**JED McCALEB, an individual;**
**MARK KARPELES, an individual;**
**JOHN DOES 1-5, and CORPORATE JOHN DOES 1-5**                  **DEFENDANTS**

---

### ORDER GRANTING ADDITIONAL TIME TO SERVE PROCESS

---

Plaintiffs, Dr. Donald Raggio, by and through counsel, and in accordance with Mississippi Rule of Civil

Procedure 4(h), respectfully moves for an additional ~~120~~ *90* days within which to serve domestic Defendants in this

civil action, and an additional ~~270~~ *120* days to effect service on the Japanese defendants.  In support of this Motion the

Plaintiff offers the following:

The Court after considering said Motion finds that it is in order and should be granted.  It is therefore

ordered that Plaintiffs, Dr. Donald Raggio and Dr. Chris Raggio are granted an additional *120* ~~90~~

~~120~~ days within which to serve the domestic Defendants in this civil action and an additional ~~270~~ days to serve the

*90* foreign defendants.

SO ORDERED, ADJUDGED & DECREED this the ___3rd___ day of July, 2014.

_____

Judge Tommie Green, Circuit Judge

# HINDS COUNTY CIRCUIT COURT MISSISSIPPI

DR. DONALD RAGGIO
DR. CHRIS RAGGIO
                    Plaintiff / Petitioner

Cause #:   14-CV-00071-TTG

Affidavit of Service of:
SUMMONS; NOTICE OF CLAIM COVER SHEET; COMPLAINT

VS.
MTGOX A SOLE PROPRIETORSHIP
MTGOX, INC. A DELAWARE CORP
MT. GOX KK, A JAPANESE CORP
TIBAN KK, A JAPANESE CORP
MUTUM SIGILLUM, LLC
CODE COLLECTIVE, LLC
JEB MCCALEB
MARK KARPELES
JOHN DOES
                    Defendant / Respondent

Hearing Date:
Witness Fee Tendered:

The undersigned, being first duly sworn, on oath deposes and says: That s(he) is now and at all times herein mentioned, a citizen of the United States and over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, has the authority to serve pleadings in the State named below, and is competent to be a witness therein.

On the date and time of  6/25/14  3:47pm  at the address of  615 S. DuPont Hwy Dover DE 19901  , city of  Dover  , county of  Kent  , state of  Delaware  , this affiant served the above described documents upon:

## NATIONAL CORPORATE RESEARCH as Registered Agent for MTGOX, INC

☐ **Personal  Service**

   by then and there personally delivering _____ true and correct copy(ies) thereof.

☑ **Corporate Service**

   by then and there personally delivering ___1___ true and correct copy(ies) thereof, by then presenting to and leaving the same with  Colleen McMahon, Managing Agent  .
   *Person Receiving Documents and Their Title*

☐ **Substituted/Residential Service**

   by then and there personally delivering _____ true and correct copy(ies) thereof, by then presenting to and leaving the same with _____ ,
   a person of suitable age and discretion who stated the above address to be the residence and usual place of abode of themselves and the subject(s) and/or subjects legal representative listed above.

No information was provided that indicates that the subjects served are members of the U.S. military.

Sharlene Ryan
*Typed or Printed Name of Process Server*

Subscribed and Sworn to before me this  June 27 2014

_____
a Notary Public in the State of  Delaware
Residing at  Wilmington DE

*Server Signature*

KIMBERLY J. RYAN
MY COMMISSION
EXPIRES
MAY 17, 2016
NOTARY PUBLIC
STATE OF DELAWARE

ABC Legal Services, Inc.
206 521-9000
Tracking #: 30107043

**ORIGINAL
PROOF OF SERVICE**

Page 1 of 1

Tyner Law Firm, P.A.

IN THE HINDS COUNTY CIRCUIT COURT MISSISSIPPI

| | |
|---|---|
| DR. DONALD RAGGIO<br>DR. CHRIS RAGGIO<br><br>Plaintiff/Petitioner | Hearing Date:<br><br>CASE NO:<br>**14-CV-00071-TTG** |
| vs. | AFFIDAVIT OF SERVICE OF:<br>**SUMMONS; NOTICE OF CLAIM COVER SHEET;<br>COMPLAINT** |
| **MTGOX A SOLE PROPRIETORSHIP<br>MTGOX, INC. A DELAWARE CORP<br>MT. GOX KK, A JAPANESE CORP<br>TIBAN KK, A JAPANESE CORP<br>MUTUM SIGILLUM, LLC<br>CODE COLLECTIVE, LLC<br>JEB MCCALEB<br>MARK KARPELES<br>JOHN DOES** | |
| Defendant/Respondent | |

The undersigned, being first duly sworn, on oath deposes and says: That s(he) is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, has the authority to serve pleadings in the State named below, and is competent to be a witness therein.

On the **30th day of June, 2014**, at **1:18 PM**, at the address of **ONE COMMERCE PLAZA, 99 WASHINGTON Avenue 6TH FLOOR, ALBANY**, within the County of **Albany**, State of **New York 12231**; this affiant served the above described documents upon **CODE COLLECTIVE, LLC** by then and there personally delivering **1** true and correct copy(ies) thereof, by then presenting to and leaving the same with **RA NEW YORK DEPT OF STATE, Who accepted service, with identity confirmed by verbal communication, a black female approx. 35-45 years of age, 5'4"-5'6" tall, weighing 80-120 lbs with black hair with glasses.**.

No Information was provided or discovered that indicates that the subjects served are members of the U.S. military.

DATED this _2_ day of _July_, 20_14_.

_____

**Ronald Hilton, Kings, NY**

SUBSCRIBED AND SWORN to before me this _2nd_ day of _July_, 20_14_

_____

NOTARY PUBLIC in and for the State of **New York**
Residing at: _Albany County_
My Commission Expires: _11/30/2017_

> AMY E. MACKENZIE
> Notary Public, State of New York
> Qualified in Albany Co. No. 4913925
> Commission Expires November 30, ____

FOR: **Tyner Law Firm, P.A.**
REF: **MTGOX**

ORIGINAL AFFIDAVIT OF
SERVICE

Tracking #: **30107042** SEA FIL

JED MCCALEB
_____
Name of Person or Entity Served

# PROOF OF SERVICE

    I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

_____ **FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE.** By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender (*attach completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B*).

__XXX____ **PERSONAL SERVICE.** I personally delivered copies to __JED MCCALEB_____ on the __21st__ day of August , 20 _14_ , where I found said person(s) in __San_____ county of the State of __California__.
                                   Francisco

\_\_\_ **RESIDENCE SERVICE.** After exercising reasonable diligence I was unable to deliver copies to said person within county, _____ (state). I served the summons and complaint on the _____ day of _____, 20__, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____ (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of , 20____, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

\_\_\_ **CERTIFIED MAIL SERVICE.** By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (*Attach signed return receipt or other evidence of actual delivery to the person served.*)

    At the time of service I was at least 18 years of age and not a party to this action.

Fee for service:  $ _____

Process server must list below (please print or type):

Name __BORYS PROCAK C/O RIVERA & ASSOCIATES_____

Social Security No. _____

Address __2118 WALSH AVE, SUITE 100_____

__SANTA CLARA, CA 95050_____

Telephone No. __(408) 845-0068_____

State of Mississippi
County of Hinds

    Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named __BORYS PROCAK_____ who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____
Process Server (Signature)

Sworn to and subscribed before me this the _____27th____ day of _AUGUST_____ , 2014.

_____
Notary Public

My Commission Expires: _APRIL 22, 2015_

PETER ROBINS CHU
Commission # 1930233
Notary Public - California
San Francisco County
My Comm. Expires Apr 22, 2015

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
HINDS COUNTY, MISSISSIPPI**

**DR. DONALD RAGGIO**                                                                 **PLAINTIFFS**
**DR. CHRIS RAGGIO**

**VS.**                                                                 **CIVIL ACTION NO. 14-71**

**MTGOX a sole proprietorship;**
**MTGOX, Inc., a Delaware corporation;**
**MT.GOX KK, a Japanese corporation;**
**TIBANE KK, a Japanese corporation;**
**MUTUM SIGILLUM, LLC a Delaware limited Liability Company;**
**CODE COLLECTIVE, LLC a New York limited liability company;**
**JED McCALEB, an individual;**
**MARK KARPELES, an individual;**
**JOHN DOES 1-5, and CORPORATE JOHN DOES 1-5**                     **DEFENDANTS**

---

**NOTICE OF APPEARANCE**

---

        COMES NOW, Charles B. Martin, Esq. and enters his appearance in the above styled cause as one of the

counsel for the Plaintiffs, Chris and Donald Raggio.

                                        Respectfully submitted,

                                        s/Charles "Brad" Martin
                                        CHARLES "BRAD" MARTIN, MSB# 100767

OF COUNSEL
MITCHELL H. TYNER, SR., MSB# 8169
CHARLES "BRAD" MARTIN, MSB# 100767
**TYNER LAW FIRM, P.A.**
5750 I-55 North
Jackson, Mississippi  39211
(601) 957-1113
(601) 957-1113 – *facsimile*

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
HINDS COUNTY, MISSISSIPPI**


**DR. DONALD RAGGIO**                                                                          **PLAINTIFF**
**DR. CHRIS RAGGIO**


**VS.**                                                                          **CIVIL ACTION NO. 14-71**


**MTGOX, a Sole Proprietorship;**                                            **DEFENDANT**
**MTGOX, Inc., a Delaware Corporation;**
**MT.GOX KK, a Japanese Corporation;**
**TIBANE KK, a Japanese Corporation;**
**MUTUM SIGILLUM, LLC a Delaware Limited Liability Company;**
**CODE COLLECTIVE, LLC a New York Limited Liability Company;**
**JED MCCALEB, an individual;**
**MARK KARPELES, an individual;**
**JOHN DOES 1-5, and CORPORATE JOHN DOES 1-5**

<u>**NOTICE OF APPEARANCE**</u>

Edwin S. Gault, Jr. Esq. and the law firm of Forman Watkins & Krutz LLP, 200 South

Lamar Street, Suite 100, Post Office Box 22608, Jackson, Mississippi 39225-2608, hereby files

this Notice of Appearance as counsel of record for the Defendant, Jed McCaleb in the above-

styled matter.

Respectfully submitted, this the 1st day of June, 2016.


**JED MCCALEB**

By:  <u>*/s/Edwin S. Gault, Jr.*</u>
        EDWIN S. GAULT, JR., MSB #10187


OF COUNSEL:

FORMAN WATKINS & KRUTZ LLP
200 South Lamar Street, Ste. 100
Jackson, MS  39201-4099
Post Office Box 22608
Jackson, MS  39225-2608
Telephone:  (601) 960-8600
Facsimile:  (601) 960-8613
win.gault@formanwatkins.com

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via the Court's electronic filing system and via email on the following:

>Mitchell H. Tyner, Sr.
>Charles Brad Martin
>Tyner Law Firm, P.A.
>5750 I-55 North
>Jackson, MS  39211
>[mitch@tynerlawfirm.com](mailto:mitch@tynerlawfirm.com)

Respectfully submitted, this the 1st day of June, 2016.

>*/s/ Edwin S. Gault, Jr.*
>EDWIN S. GAULT, JR.

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT**
**HINDS COUNTY, MISSISSIPPI**

**DR. DONALD RAGGIO**
**DR. CHRIS RAGGIO**                                                    **PLAINTIFFS**

**VS.**                                                   **CAUSE NO. 14-CV-00071-TTG**

**MTGOX, a sole proprietorship;**
**MTGOX, Inc. a Delaware corporation;**
**MT.GOXX KK, a Japanese corporation;**
**TIBANE KK, a Japanese corporation;**
**MUTUM SIGILLUM, LLC, a Delaware**
**Limited Liability Company; CODE**
**COLLECTIVE, LLC, a New York Limited**
**Liability Company; JED McCALEB, an**
**Individual; MARK KARPELES, an individual;**
**And JOHN DOES 1-5, and CORPORATE**
**JOHN DOES 1-5**                                                    **DEFENDANTS**

**ANSWER AND DEFENSES OF CODE COLLECTIVE, LLC, AND JED McCALEB,**
**INDIVIDUALLY, AND FORMERLY DOING BUSINESS AS MTGOX, A SOLE**
**PROPRIERTORSHIP**

Defendants, Code Collective, LLC ("Code Collective"), and Jed McCaleb, individually

and formerly doing business as MTGOX, a sole proprietorship, (collectively referred to as

"McCaleb"), (together, "Defendants"), without waiving any defenses, hereby file this Answer

and Defenses to the Plaintiffs' Complaint as follows:

**FIRST DEFENSE**

Defendants assert all applicable defenses under Rule 12 of the Mississippi Rules of Civil

Procedure, including but not limited to, failure to state a claim upon which relief may be granted,

lack of personal jurisdiction, insufficiency of service of process, and failure to join indispensable

parties.

## SECOND DEFENSE

Defendants plead all defenses available under Rule 8(c) of the Mississippi Rules of Civil Procedure, including but not limited to, accord and satisfaction, assumption of the risk, estoppel, payment, release, res judicata, laches, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance of these claims.

## THIRD DEFENSE

Plaintiffs' claim for attorneys' fees and costs must be dismissed, as Plaintiffs have failed to state what contract or statute authorizes any award of such fees, or plead facts supporting any claim that would support any award of such fees.

## FOURTH DEFENSE

Plaintiffs' claims, including those for specific performance and/or seeking a constructive trust, are barred by the doctrine of unclean hands.

## FIFTH DEFENSE

Plaintiffs have not incurred, suffered or experienced any damages as a result of any action or inaction by the Defendants, or Plaintiffs have failed to mitigate any damages incurred, suffered or experienced by them.

## SIXTH DEFNESE

The claims asserted in Plaintiffs' Complaint against these Defendants are barred, in whole or in part, by the doctrines of consent and/or ratification, as the Plaintiffs had full knowledge that the MTGOX business had been sold, were in contact with the new owner, admitted that the new owner was accountable for managing their claims of stolen bitcoin, and

expressly acknowledged that McCaleb was not responsible and had no authority or ability to manage their claims.

## SEVENTH DEFENSE

Although Defendants are not aware of any contracts or agreements with the Plaintiffs, Defendants assert as a defense all of the terms and conditions of any such contracts or agreements that may be discovered between any of the parties, and aver they have not breached any contracts in any way including any alleged breach of the duty of good faith and fair dealing contained therein.

## EIGHTH DEFENSE

Plaintiffs have failed to allege and cannot show each element necessary to prove conversion, including, but not limited to: (1) a wrongful possession by any of these Defendants; or (2) the exercise of a dominion in exclusion or defiance of the Plaintiffs' right; or (3) an unauthorized and injurious use, or of a wrongful detention by any of these Defendants after demand by Plaintiffs.

## NINTH DEFENSE

Within their Conspiracy claim, Plaintiffs claim the Defendants are guilty of "fraud in conscious disregard of the Plaintiffs' rights, . . . ."   However, Plaintiffs have failed to state a claim for fraud with the required specificity under Rule 9(b) of the Mississippi Rules of Civil Procedure, and failed to specifically state any items of special damages pursuant to Rule 9(g) of the Mississippi Rules of Civil Procedure.

## TENTH DEFENSE

Each of Plaintiffs' claims are barred by the statute of limitations applicable to each claim and/or the general statute of limitations set forth in Miss. Code Ann. § 15-1-49.

## ELEVENTH DEFENSE

Plaintiffs' Complaint includes a "catch all" provision entitled "**All Causes at Law & Equity**," in which they seek damages "under all applicable theories of recovery whether at law or equity."   Defendants aver that it is the Plaintiffs' duty to assert any claims available, not the Court's, therefore this undefined cause of action should be dismissed.

## TWELFTH DEFENSE

Plaintiffs' claims are barred by the parol evidence rule and/or statute of frauds.

## THIRTEENTH DEFENSE

Plaintiffs lack standing to bring claims against McCaleb individually and such claims should be dismissed.

## FOURTEENTH DEFENSE

Plaintiffs' Complaint against McCaleb is based on his previous ownership of a business which has since filed for bankruptcy, and as such, all claims are barred by the automatic stay and/or judicial estoppel based on the rulings in that bankruptcy proceeding.

## FIFTEENTH DEFENSE

Plaintiffs may not seek recovery from McCaleb as they lack privity with McCaleb.

## SIXTEENTH DEFENSE

Defendants raise and assert the requirements of Miss. Code Ann. § 85-5-7.

4

**SEVENTEENTH DEFENSE**

Plaintiffs' claims against McCaleb, both individually and based on his previous ownership of the MTGOX business, fail as McCaleb transferred both assets and liabilities of the business upon its sale.

**EIGHTEENTH DEFENSE**

Plaintiffs' claims against Defendants are subject to an offset equal in the amount of any reimbursement received by Plaintiffs as a result of any insurance policy, bond, surety, judgment in any civil action, claim paid through any bankruptcy, or from any other source.

**NINETEENTH DEFENSE**

Plaintiffs' claims are barred by the gist of the action doctrine.

**TWENTIETH DEFENSE**

Defendants affirmatively invoke and assert all applicable procedural and substantive aspects of Miss. Code Ann. § 11-1-65.

**TWENTY-FIRST DEFENSE**

Plaintiffs have failed to allege, and cannot show, that any actions or inactions by these Defendants were a proximate cause of their claimed damages.

**TWENTY-SECOND DEFENSE**

These Defendants have not acted in bad faith with regard to any dealings with Plaintiffs, have not acted with willful or wanton disregard for any of Plaintiffs' rights, and have not acted negligently or carelessly with regard to any of Plaintiffs' rights or duties which may be, or may have been owed, to the Plaintiffs.

## TWENTY-THIRD DEFENSE

Plaintiffs' damages, if any, were caused by Plaintiffs' own actions/inactions or the actions/inactions of others for whom Defendants are not responsible or liable.

## TWENTY-FOURTH DEFENSE

Plaintiffs' Complaint is based on business dealings with a company which was previously owned by McCaleb.   McCaleb, as the predecessor in interest, is not responsible or liable for any transactions between the Plaintiffs and the business and the claims against him therefore should be dismissed.

## TWENTY-FIFTH DEFENSE

Plaintiffs' claim for breach of the Mississippi Uniform Commercial Code fails as a matter of law as "bitcoins" are not "goods" contemplated under the UCC.   To the extent the bitcoins are considered "goods" within the meaning of the UCC, the claim fails on its face as the Complaint admits Defendants "secured the goods" requested by Plaintiffs, thereby fulfilling any duty under the UCC, and such bitcoins were not stolen until after being delivered into the Plaintiffs' MTGOX account.

## TWENTY-SIXTH DEFENSE

To the extent Plaintiffs suffered any damages based on the acts, including criminal acts, of persons not named as defendants in this suit, this suit is barred by their failure to name those necessary and indispensable parties.

## TWENTY-SEVENTH DEFENSE

Defendants deny they were in any way responsible for the criminal, intentional, or negligent acts of any other person(s), including those identified in the Complaint as "hacker(s),"

or with respect to any promises or assurances of any other person or entity whether identified in the Complaint or not.

### TWENTY-EIGHTH DEFENSE

Plaintiffs' conspiracy claims against any of these Defendants, whether individually or as the predecessor owner of MtGox, fail as a matter of law as Plaintiffs failed to allege any unlawful acts taken by Defendants, or to allege any acts taken by Defendants were for any unlawful purpose.

### TWENTY-NINTH DEFENSE

Plaintiffs' claim for Account Stated should be dismissed, as the Plaintiffs failed to attach any writings or evidence whatsoever upon which such a claim against Defendants may be based, and cannot produce such writings as they do not exist, and to the extent any other person may have submitted any writing acknowledging any account existed, only that person can be liable for such account.

### THIRTIETH DEFENSE

Plaintiffs have failed to plead any facts supporting the imposition of any fiduciary duty, or any acts of Defendants which could constitute a breach of any such duty.

### THIRTY-FIRST DEFENSE

Plaintiffs' claims for negligence for failing to "safeguard" the bitcoins must be dismissed, as Plaintiffs have failed to allege how any safeguards fell below the standard of care.

### THIRTY-SECOND DEFENSE

Plaintiffs' request for specific performance fails, as they have not shown a contract existed, shown any contract was breached, or shown that any such breach could not be remedied

by a payment of monetary damages such that specific performance would be the only remedy available to them.

## **THIRTY-THIRD DEFENSE**

Punitive damages are improper in this case for the following reasons:

a.      An award of punitive damages in this case would serve no purpose for which punitive damages are awarded in Mississippi.

b.      The claims of Plaintiffs for punitive damages cannot be upheld, because an award of punitive damages under Mississippi law for the purpose of compensating Plaintiffs for elements of damage not otherwise recognized by Mississippi law would violate Defendants' due process rights guaranteed by the United States Constitution and by the due process provisions of the Mississippi Constitution.

c.      Plaintiffs' request for punitive damages cannot be upheld to the extent it violates or contravenes the holding of the United States Supreme Court in the case of *BMW of North America, Inc. v. Gore,* 517 U.S. 559 (1996) as it is not based on the least drastic remedy or lowest amount of punitive damages expected to insure that Defendants will more fully comply with this state's Laws in the future.

d.      The claims cannot be upheld to the extent they are in violation of any law passed by the United States Congress or the Mississippi Legislature limiting awards of punitive damages or the amount of such damages or specifying the procedure by which such damages may be awarded.

e.      Any claim for punitive damages cannot be sustained, because an award of punitive damages under Mississippi law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, including an amount possibly in excess of the amount authorized by the Mississippi

Criminal Code for the same or similar conduct, and providing no protection against multiple awards of punitive damages for the same course of conduct, will violate Defendants' due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the common law and public policies of the State of Mississippi.

f.      Punitive damages are a form of criminal or quasi-criminal sanctions.   Therefore, the claims of Plaintiffs for punitive damages cannot be upheld, because an award of punitive damages without the same protections that are accorded criminal defendant, including, but not limited to, protection against searches and seizures, double jeopardy and self-incrimination and the rights to confront adverse witnesses, to proof by evidence beyond a reasonable doubt, and to a speedy trial would violate Defendants' rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and the provisions of the Mississippi Constitution.

g.      Plaintiffs' claim for punitive damages is barred because an award of punitive damages under Mississippi law will constitute an impermissible burden on interstate commerce in violation of the Commerce Clause of Article I, 9 of the United States Constitution.

h.       To permit the imposition of punitive damages on a joint and several liability basis is unconstitutional in that the damages are punitive in nature, yet there is no provision under the law of Mississippi for the assessment of punitive damages separately and severally against joint tortfeasors even though the damages are predicated upon the alleged enormity of the wrong committed by the tortfeasor, and would violate each and every defendant's rights to due process and equal protection of the laws under the Fifth and Fourteenth Amendments to the Constitution of the United States, and the provisions of the Mississippi Constitution.

i.      Plaintiffs' claim for punitive damages is barred to the extent that it seeks the admission into evidence of any defendant's net worth in determining whether punitive damages are to be awarded and/or in what amount because punitive damages are a form of punishment that are grounded in a defendant's status rather than in specific misconduct, and thus have the effect of treating classes of citizens unequally in violation of the Equal Protection Clause of the Fifth and Fourteenth Amendments to the United States Constitution and the provisions of the Mississippi Constitution.

j.      The complaint fails to state a claim upon which punitive damages may be awarded.

## **THIRTY-FOURTH DEFENSE**

To the extent applicable, Defendants adopt and assert all defenses raised by the other defendants in this case, to the extent that such defenses do not contradict or are not inconsistent with the defenses raised by these Defendants and to the extent that such defenses are not inconsistent with Defendants' denials of liability to Plaintiffs.

## **THIRTY-FIFTH DEFENSE**

Defendants reserve their rights to raise additional defenses which become known through discovery or otherwise.   In addition, Defendants reserve the right to assert claims against Plaintiffs or other defendants which become known through discovery or otherwise which they are entitled to bring after the disposition of Plaintiffs' Complaint, including, but not limited to, claims under Rule 11 of the M.R.C.P., under the Mississippi Litigation Accountability Act, for contribution, or for indemnification.

10

## ANSWER

These Defendants deny each and every allegation contained in the Plaintiffs' Complaint, except that which is specifically admitted below.   Further, responding paragraph by paragraph, Defendants state the following.

## PARTIES

1.      Defendants admit the Raggios wired funds to purchase bitcoins from another MTGOX user beginning in 2010.   Defendants are without sufficient information to either admit or deny the remaining allegations of Paragraph 1 and therefore deny the same.

2.      Defendants admit MTGOX originated as a sole proprietorship created, owned, and operated by McCaleb, and that it did conduct business in Mississippi.   Defendants deny the remaining allegations of Paragraph 2.

3.      Denied.

4.      Defendants admit Code Collective, LLC was a New York limited liability company that could be served through the New York Department of State at its New York office. Defendants deny the remaining allegations of Paragraph 4.

5.      Defendants are without sufficient information to either admit or deny the allegations of Paragraph 5 and therefore deny the same.

6.      Defendants are without sufficient information to either admit or deny the allegations of Paragraph 6 and therefore deny the same.

7.      Defendants are without sufficient information to either admit or deny the allegations of Paragraph 7 and therefore deny the same.

8.      Defendants are without sufficient information to either admit or deny the allegations of Paragraph 8 and therefore deny the same.

9.     Defendants are without sufficient information to either admit or deny the allegations of Paragraph 9 and therefore deny the same.

## JURISDICTION AND VENUE

10.     Defendants admit prior business transactions occurred with the Plaintiffs who were believed to be within the State of Mississippi.     Defendants deny that any unlawful conduct occurred in Mississippi whatsoever.     Defendants are without sufficient information to either admit or deny the remaining allegations of Paragraph 10 and therefore deny the same.

## Factual Allegations

11.     Defendants admit the Raggios began purchasing bitcoins from another MTGOX user in 2010, and Defendants were aware the Raggios lived in Mississippi.     Defendants are without sufficient information to either admit or deny the remaining allegations of Paragraph 11 and therefore deny the same.

12.     Defendants admit the Raggios purchased bitcoins from other MTGOX users through the MTGOX exchange, but deny the remaining allegations of Paragraph 12.

13.     Defendants deny that the Raggios wire transferred funds directly to the personal account of McCaleb, but transferred funds to the Code Collective account.     Defendants deny that the Raggios purchased bitcoins from any of the Defendants, but aver that such bitcoins were purchased from other users.     The remaining allegations of Paragraph 13 are admitted.

14.     Defendants deny that the Raggios were forced to leave some bitcoin on the MTGOX exchange, other than any daily limit on withdrawals.     Defendants are without sufficient information to either admit or deny whether the Raggios routinely transferred bitcoins to their personal wallets or had them removed from the MTGOX exchange.     Defendants admit the remaining allegations of Paragraph 14.

15.     Defendants admit that in January 2011, McCaleb secured 9,400 bitcoins which were delivered to the Raggios' MTGOX account, and McCaleb was properly paid for facilitation services.   Defendants are without sufficient information to either admit or deny that the bitcoins were thereafter "stolen through a hacker(s)."     Defendants deny the bitcoins were stolen before delivery, or that McCaleb "had" the bitcoins stolen.

16.     Defendants admit Chris Raggio notified McCaleb on or about January 9, 2011, of his claim that someone else withdrew bitcoins from his account.    McCaleb admits attempting to discover the location of the bitcoins, discovering that the withdrawal was made by an individual through use of the Raggios' own password, and finding no evidence the account had been hacked.    McCaleb admits finding an inconclusive link between the bitcoins removed from the Raggios' account and another MTGOX account that contained what appeared to be other stolen bitcoins. McCaleb admits the account was blocked, and that the owner of that account appeared to be the same person who identified himself on message boards as "Baron."     Defendants deny that McCaleb represented to the Raggios that he would replace the 9,400 stolen bitcoin that were withdrawn from the Raggios' MTGOX account.    Defendants are without sufficient information to either admit or deny allegations regarding when the Raggios learned of the missing bitcoins. Any allegations not specifically admitted are denied.

17.     Defendants admit McCaleb sold the MTGOX business.    Defendants deny the sale occurred on March 6, 2011 or that McCaleb retained a 12.5% ownership interest.    Rather, Defendants aver the sale occurred on February 6, 2011, and McCaleb retained a 12% interest. Defendants admit that Mark Karpeles was aware of the Raggios' claim of theft at the time of the sale, but deny Mark Karpeles was aware of the blocked account as that account had not yet been

identified at the time of sale.    Defendants are without sufficient information to either admit or deny the remaining allegations of Paragraph 17 and therefore deny the same.

18.    The allegations of this Paragraph are not directed at these Defendants.    However, in the event a response is deemed necessary, Defendants are without sufficient information to either admit or deny the allegations Paragraph 18, and therefore deny same.

19.    Defendants are without sufficient information to either admit or deny the location of the servers that hosted the MTGOX exchange as of the filing of the Complaint.    Defendants admit the remaining allegations of Paragraph 19.

20.    The allegations of this Paragraph are not directed at these Defendants.    However, in the event a response is deemed necessary, these Defendants are without sufficient information to either admit or deny the allegations Paragraph 20, and therefore deny same.

21.    The allegations of this Paragraph are not directed at these Defendants.    However, in the event a response is deemed necessary, these Defendants are without sufficient information to either admit or deny the allegations Paragraph 21, and therefore deny same.

22.    The allegations of this Paragraph are not directed at these Defendants.    However, in the event a response is deemed necessary, these Defendants are without sufficient information to either admit or deny the allegations Paragraph 22, and therefore deny same.    Further, Defendants affirmatively aver that the sale of MTGOX included both the assets and liabilities of the business.

23.    Defendants admit McCaleb was aware of the account believed to belong to Baron and took steps to freeze the account.    Defendants deny the remaining allegations of Paragraph 23.

### Cause of Action I.
### Breach of the Mississippi Uniform Commercial Code

24.     Denied.

### Cause of Action II.
### Breach of Contract

25.     Denied.

26.     Defendants deny the allegations of Paragraph 26, including subparts a-d thereof.

27.     Defendants are without sufficient information to either admit or deny the

allegations of Paragraph 27 and therefore deny the same.

28.     Denied.

### Cause of Action III.
### Conspiracy

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

### Cause of Action IV.
### Account Stated

33.     Defendants adopt and incorporate herein by reference all of their answers and

defenses as set forth above.

34.     Denied.

35.     Denied.

36.     Denied.

## Cause of Action V.
### Negligence

37.     Defendants adopt and incorporate herein by reference all of their answers and

defenses as set forth above.

38.     Denied.

39.     Denied.

40.     Denied.

## Cause of Action VI.
### Conversion

41.     Defendants adopt and incorporate herein by reference all of their answers and

defenses as set forth above.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

## Cause of Action VII.
### General and Notice Pleading of All Causes at Law & Equity and
### Claim for a Constructive Trust on Preserved Account

46.     Defendants adopt and incorporate herein by reference all of their answers and

defenses as set forth above.

47.     The allegations of this Paragraph are not directed at these Defendants, but if the

Court deems a response to these allegations is necessary, then Defendants deny the allegations of

Paragraph 47.

48.     Defendants are without sufficient information to either admit or deny the

allegations of Paragraph 48 and therefore deny the same.

16

## Cause of Action VIII.
## Specific Performance

49.     Defendants adopt and incorporate herein by reference all of their answers and

defenses as set forth above.

50.     Denied.

Defendants deny the allegations of the unnumbered paragraph beginning with

"WHEREFORE PREMISES CONSIDERED" and deny that the Plaintiffs are entitled to any

relief whatsoever.

Respectfully submitted, this the 13th day of June, 2016.

**CODE COLLECTIVE, LLC and JED
McCALEB, individually and formerly
doing business as MTGOX, a sole proprietorship**

By:     */s/Edwin S. Gault, Jr.*
        EDWIN S. GAULT, JR., MSB #10187
        MANDIE B. ROBINSON, MSB #100446

OF COUNSEL:

FORMAN WATKINS & KRUTZ LLP
200 South Lamar Street, Ste. 100
Jackson, MS    39201-4099
Post Office Box 22608
Jackson, MS    39225-2608
Telephone:    (601) 960-8600
Facsimile:    (601) 960-8613
win.gault@formanwatkins.com
mandie.robinson@formanwatkins.com

17

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via the Court's electronic filing system and via email on the following:

> Mitchell H. Tyner, Sr.
> Charles Brad Martin
> Tyner Law Firm, P.A.
> 5750 I-55 North
> Jackson, MS    39211
> mtyner@tynerlawfirm.com
> bmartin@tynerlawfirm.com

Respectfully submitted, this the 13th day of June, 2016.


> */s/ Edwin S. Gault, Jr.*
> EDWIN S. GAULT, JR.

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
HINDS COUNTY, MISSISSIPPI**

**DR. DONALD RAGGIO**                                                     **PLAINTIFF**
**DR. CHRIS RAGGIO**

**VS.**                                                  **CIVIL ACTION NO. 14-71**

**MTGOX, a Sole Proprietorship;**                                  **DEFENDANT**
**MTGOX, Inc., a Delaware Corporation;**
**MT.GOX KK, a Japanese Corporation;**
**TIBANE KK, a Japanese Corporation;**
**MUTUM SIGILLUM, LLC a Delaware Limited Liability Company;**
**CODE COLLECTIVE, LLC a New York Limited Liability Company;**
**JED MCCALEB, an individual;**
**MARK KARPELES, an individual;**
**JOHN DOES 1-5, and CORPORATE JOHN DOES 1-5**

<u>**NOTICE OF APPEARANCE**</u>

       Mandie B. Robinson, Esq. and the law firm of Forman Watkins & Krutz LLP, 200 South

Lamar Street, Suite 100, Post Office Box 22608, Jackson, Mississippi 39225-2608, hereby files

this Notice of Appearance as counsel of record for the Defendant, Jed McCaleb in the above-

styled matter.

       Respectfully submitted, this the 13th day of June, 2016.

                          **JED MCCALEB**

                 By: *<u>/s/Mandie B. Robinson</u>*
                      MANDIE B. ROBINSON, MSB #100446

OF COUNSEL:

FORMAN WATKINS & KRUTZ LLP
200 South Lamar Street, Ste. 100
Jackson, MS  39201-4099
Post Office Box 22608
Jackson, MS  39225-2608
Telephone:  (601) 960-8600
Facsimile:  (601) 960-8613
Mandie.robinson@formanwatkins.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via the Court's electronic filing system and via email on the following:

> Mitchell H. Tyner, Sr.
> Charles Brad Martin
> Tyner Law Firm, P.A.
> 5750 I-55 North
> Jackson, MS  39211
> mtyner@tynerlawfirm.com
> bmartin@tynerlawfirm.com

Respectfully submitted, this the 13th day of June, 2016.

*/s/ Mandie B. Robinson*
MANDIE B. ROBINSON

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
HINDS COUNTY, MISSISSIPPI**

DR. DONALD RAGGIO                                                        **PLAINTIFFS**
DR. CHRIS RAGGIO


VS.                                                          **CIVIL ACTION NO. 14-71**


MTGOX a sole proprietorship;
MTGOX, Inc., a Delaware corporation;
MT.GOX KK, a Japanese corporation;
TIBANE KK, a Japanese corporation;
MUTUM SIGILLUM, LLC a Delaware limited Liability Company;
CODE COLLECTIVE, LLC a New York limited liability company;
JED McCALEB, an individual;
MARK KARPELES, an individual;
JOHN DOES 1-5, and CORPORATE JOHN DOES 1-5                      **DEFENDANTS**

<u>**NOTICE OF DEPOSITION**</u>

**To:**     Edwin S. Gault, Jr., Esq.
          Mandie B. Robinson, Esq.
          Forman Watkins & Krutz LLP
          200 South Lamar Street, Suite 100
          Jackson, Mississippi 39201-4099

Please take notice that pursuant to Rule 30 of the Mississippi Rules of Civil Procedure,

Plaintiffs Donald Raggio and Chris Raggio will take the deposition upon oral examination of the

Defendant Jed McCaleb, before an officer authorized to administer oaths, commencing on

Tuesday, July 12th 2016, at 9:00 a.m. at Tyner Law Firm, located at 6750 I-55 North, Jackson, MS

39211.

Said deposition shall be taken under oath before a videographer and court reporter who will

transcribe same.   Said deposition will continue from day to day until completed.   You are invited

to attend and participate.

Respectfully submitted this the 21st day of June, 2016.

DONALD RAGGIO AND CHRIS RAGGIO, Plaintiffs

By: s/ Charles "Brad" Martin

CHARLES "BRAD" MARTIN, MSB# 100767


OF COUNSEL:

MITCHELL H. TYNER, SR., MSB# 8169
CHARLES "BRAD" MARTIN, MSB# 100767
TYNER LAW FIRM, P.A.
5750 I-55 North
Jackson, Mississippi 39211
(601) 957-1113
(601) 957-1113 – *facsimile*

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via the Court's electronic filing system and via email on the following:

Edwin S. Gault, Jr., Esq.
Mandie B. Robinson, Esq.
Forman Watkins & Krutz LLP
200 South Lamar Street, Suite 100
Jackson, Mississippi 39201-4099

Respectfully submitted, this the 21st day of June, 2016.

s/ Charles B. Martin
CHARLES "BRAD" MARTIN, MSB# 100767

## **CERTIFICATE OF SERVICE**

I, Jacob M. Jenkins, one of the attorneys for Lamar Life Insurance Company, hereby certify that I have this day served a true and correct copy of the above and foregoing instrument by causing same to be mailed by United States Mail, postage fully prepaid thereon to the following:

Clinton C. Carter, Esq.
BEASLEY, ALLEN, CROW, METHVIN
PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, AL 36106

Kevin Horan, Esq.
Horan & Horan
Post Office Box 2166
Grenada, MS 38902

_____
Jacob M. Jenkins

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT**
**HINDS COUNTY, MISSISSIPPI**

DR. DONALD RAGGIO                                                      **PLAINTIFFS**
DR. CHRIS RAGGIO

VS.                                                          **CIVIL ACTION NO. 14-71**

MTGOX a sole proprietorship;
MTGOX, Inc., a Delaware corporation;
MT.GOX KK, a Japanese corporation;
TIBANE KK, a Japanese corporation;
MUTUM SIGILLUM, LLC a Delaware limited Liability Company;
CODE COLLECTIVE, LLC a New York limited liability company;
JED McCALEB, an individual;
MARK KARPELES, an individual;
JOHN DOES 1-5, and CORPORATE JOHN DOES 1-5                    **DEFENDANTS**

<u>**CORRECTED NOTICE OF DEPOSITION**</u>

**To:**   Edwin S. Gault, Jr., Esq.
       Mandie B. Robinson, Esq.
       Forman Watkins & Krutz LLP
       200 South Lamar Street, Suite 100
       Jackson, Mississippi 39201-4099

Please take notice that pursuant to Rule 30 of the Mississippi Rules of Civil Procedure, Plaintiffs Donald Raggio and Chris Raggio will take the deposition upon oral examination of the Defendant Jed McCaleb, before an officer authorized to administer oaths, commencing on Tuesday, July 5th 2016, at 9:00 a.m. at Tyner Law Firm, located at 5750 I-55 North, Jackson, MS 39211.

Said deposition shall be taken under oath before a videographer and court reporter who will transcribe same.   Said deposition will continue from day to day until completed.   You are invited to attend and participate.

Respectfully submitted this the 22nd day of June, 2016.

DONALD RAGGIO AND CHRIS RAGGIO, Plaintiffs

By: s/ Charles "Brad" Martin

CHARLES "BRAD" MARTIN, MSB# 100767

OF COUNSEL:

MITCHELL H. TYNER, SR., MSB# 8169
CHARLES "BRAD" MARTIN, MSB# 100767
TYNER LAW FIRM, P.A.
5750 I-55 North
Jackson, Mississippi 39211
(601) 957-1113
(601) 957-1113 – *facsimile*

**CERTIFICATE OF SERVICE**

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via the Court's electronic filing system and via email on the following:

Edwin S. Gault, Jr., Esq.
Mandie B. Robinson, Esq.
Forman Watkins & Krutz LLP
200 South Lamar Street, Suite 100
Jackson, Mississippi 39201-4099

Respectfully submitted, this the 22nd day of June, 2016.

s/ Charles B. Martin
CHARLES "BRAD" MARTIN, MSB# 100767

## CERTIFICATE OF SERVICE

I, Jacob M. Jenkins, one of the attorneys for Lamar Life Insurance Company, hereby certify that I have this day served a true and correct copy of the above and foregoing instrument by causing same to be mailed by United States Mail, postage fully prepaid thereon to the following:

Clinton C. Carter, Esq.
BEASLEY, ALLEN, CROW, METHVIN
PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, AL 36106

Kevin Horan, Esq.
Horan & Horan
Post Office Box 2166
Grenada, MS 38902

_____
Jacob M. Jenkins

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT**
**HINDS COUNTY, MISSISSIPPI**

**DR. DONALD RAGGIO**
**DR. CHRIS RAGGIO**                                                    **PLAINTIFFS**

**VS.**                                              **CAUSE NO. 14-CV-00071-TTG**

**MTGOX, a sole proprietorship;**
**MTGOX, Inc. a Delaware corporation;**
**MT.GOXX KK, a Japanese corporation;**
**TIBANE KK, a Japanese corporation;**
**MUTUM SIGILLUM, LLC, a Delaware**
**Limited Liability Company; CODE**
**COLLECTIVE, LLC, a New York Limited**
**Liability Company; JED McCALEB, an**
**Individual; MARK KARPELES, an individual;**
**And JOHN DOES 1-5, and CORPORATE**
**JOHN DOES 1-5**                                                      **DEFENDANTS**

<u>**MOTION FOR SUMMARY JUDGMENT BASED ON THE STATUTE OF**</u>
<u>**LIMITATIONS**</u>

Defendants, Code Collective, LLC ("Code Collective"), and Jed McCaleb, individually

and formerly doing business as MTGOX, a sole proprietorship, (collectively referred to as

"McCaleb"), (together, "Defendants"), hereby file this Motion for Summary Judgment and state

as follows:

1.      Plaintiffs filed suit based on an alleged 2011 theft of bitcoins from their account

on an online exchange known as MTGOX.

2.      All of plaintiffs' claims against these Defendants are barred by the applicable

statutes of limitations, and the remaining claim does not affect these moving Defendants.

3.      Pursuant to Rule 4.03 of the Uniform Circuit and County Court Rules, Defendants

set for their itemization of undisputed facts as follows:

a.  In 2010, the Raggios opened an account on the MTGOX exchange, and began purchasing bitcoins from other users on the exchange.  *See* Affidavit of Jed McCaleb, attached hereto as Exhibit A at ¶ 3.

b.  The Raggios wire transferred funds to an account held by Code Collective, some of which was then used to purchase bitcoins for their MTGOX account from other MTGOX users.  *See* McCaleb Affidavit at  ¶ 4.

c.  The Raggios did not sign any contracts or agree to any terms of service in any way with Jed McCaleb, individually or doing business as MTGOX, or with Code Collective, LLC.  *See* McCaleb Affidavit at ¶ 5.

d.  The Raggios purchased approximately 9,400 bitcoins from other MTGOX users in January of 2011.  *See* Complaint at ¶ 15; McCaleb Affidavit at ¶ 6.

e.  The 9,400 bitcoins were placed into the Plaintiffs' account on the MTGOX exchange.  *See id.*; McCaleb Affidavit at ¶ 6.

f.  On January 9, 2011, Chris Raggio informed McCaleb that he believed someone had hacked the Raggios' MTGOX account and stolen 9,400 bitcoins.  *See id.* at ¶ 16; McCaleb Affidavit at ¶ 7.

g.  On February 11, 2011, McCaleb sold the MTGOX business to defendant Tibanne K.K.  *See* McCaleb Affidavit at ¶ 8.

4.  All claims asserted in the Complaint against these defendants are barred under the applicable statutes of limitations.  *See* Miss. Code Ann. § § 15-1-35 (one-year for intentional torts such as conspiracy); 15-1-29 (three-years for account stated); and 15-1-49 (three-years on other claims).

5.      Plaintiffs' last claim requests this court to freeze an account and assert a constructive trust over the bitcoins contained in that particular account.    However, Plaintiffs' request does not state a claim against the moving defendants—McCaleb and Code Collective—and only affects the parties to which the accounts belong.    It is undisputed that McCaleb sold the MTGOX business over 5 years ago.    As McCaleb and Code Collective have no interest whatsoever in these accounts, they are entitled to summary judgment on this claim.

WHEREFORE, because the Plaintiffs' claims against these Defendants either fail or are barred as a matter of law, these McCaleb and Code Collective are entitled to summary judgment.

Respectfully submitted, this the 30th day of June, 2016.

**CODE COLLECTIVE, LLC, and**
**JED McCALEB, individually and formerly**
**doing business as MTGOX, a sole proprietorship**

By:      */s/Edwin S. Gault, Jr.*
            EDWIN S. GAULT, JR., MSB #10187
            MANDIE B. ROBINSON, MSB #100446


OF COUNSEL:

FORMAN WATKINS & KRUTZ LLP
200 South Lamar Street, Ste. 100
Jackson, MS    39201-4099
Post Office Box 22608
Jackson, MS    39225-2608
Telephone:    (601) 960-8600
Facsimile:    (601) 960-8613
win.gault@formanwatkins.com
mandie.robinson@formanwatkins.com

Motion for Admission *Pro Hac Vice* to be filed by:

ETHAN JACOBS
KELLER SLOAN ROMAN HOLLAND, LLP
555 Montgomery Street, 17th Floor
San Francisco, CA 94111
Telephone: (415) 249-8330
Direct: (415) 249-8336
Facsimile: (415) 249-8333
ejacobs@ksrh.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via the Court's electronic filing system and via email on the following:

Mitchell H. Tyner, Sr.
Charles Brad Martin
Tyner Law Firm, P.A.
5750 I-55 North
Jackson, MS    39211
mtyner@tynerlawfirm.com
bmartin@tynerlawfirm.com

Respectfully submitted, this the 30th day of June, 2016.

*/s/ Edwin S. Gault, Jr.*
EDWIN S. GAULT, JR.

4

### IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
### HINDS COUNTY, MISSISSIPPI

**DR. DONALD RAGGIO**
**DR. CHRIS RAGGIO**                                        **PLAINTIFFS**

**VS.**                                            **CAUSE NO. 14-CV-00071-TTG**

**MTGOX,** *et al*                                          **DEFENDANTS**

### <u>AFFIDAVIT OF JED MCCALEB</u>

**STATE OF CALIFORNIA**

**COUNTY OF SAN FRANCISCO**

Jed McCaleb, being first duly sworn says:

1.      My name is Jed McCaleb. I am over 18 years old.  I understand the nature of an oath and I am otherwise competent to testify to the matters stated in this affidavit.  I have personal knowledge of the facts set forth in this affidavit and, if called to testify, I could and would competently testify to the facts set forth herein.

2.      I am the creator and former owner of the business MTGOX.  MTGOX was created as an exchange which allowed users to purchase bitcoins from each other and redeem the contents of their accounts when desired.  I was also the managing member of Code Collective, LLC, through which wire transfers were made.

3.      In 2010, the Raggios opened an account on the MTGOX exchange, and began purchasing bitcoins from other users on the exchange.

1

4.     The Raggios wire transferred funds to an account held by Code Collective, some of which was then used to purchase bitcoins for their MTGOX account from other MTGOX users.

5.     The Raggios did not sign any contracts or agree to any terms of service in any way with me, individually or doing business as MTGOX, or with Code Collective, LLC.

6.     The Raggios purchased approximately 9,400 bitcoins from other MTGOX users in January of 2011.  The 9,400 bitcoins were placed into Plaintiffs' account on the MTGOX exchange.  The value of 9,400 bitcoins was approximately $3,100.00 at the time.

7.     On January 9, 2011, Chris Raggio informed me that he believed someone had hacked the Raggios' MTGOX account and stolen 9,400 bitcoins.

8.     On February 11, 2011, I sold the MTGOX business to Tibanne K.K.

9.     The Raggios were aware I had sold the MTGOX business and had no authority or control over the business.  A copy of an email from Chris Raggio to me dated December 21, 2011, evidencing this is attached as Exhibit 1 to this Affidavit.

10.     The Raggios were aware that I had no knowledge of what was occurring with regard to the alleged theft of their bitcoins after the sale of the business, except for the information that was passed from the Raggios to me.  A copy of an email from Don Raggio to me dated May 30, 2011, explaining "about the situation with Baron [the suspected thief]" and promising to "keep [me] posted on the outcome" of the theft is attached as Exhibit 2 to this Affidavit.

**EXHIBIT A**

11.    The market value of 9,400 bitcoins is now approximately $6 million dollars.


FURTHER AFFIANT SAYETH NOT.

_____

**Jed McCaleb**


SWORN TO AND SUBSCRIBED BEFORE ME, this ___29___ day of June, 2016.



_____ NOTARY PUBLIC _____


(seal)

SURINDER KUMAR
COMM. # 2080623
NOTARY PUBLIC • CALIFORNIA
SAN FRANCISCO COUNTY
Comm. Exp. OCT. 2, 2018

A notary public or other officer completing this certificate verifies only the
identity of the individual who signed the document to which this certificate is
attached, and not the truthfulness, accuracy, or validity of that document.

State of California, County of _SAN FRANCISCO_
Subscribed and sworn to (or affirmed) before me on this _29th_ day
of _JUNE_ _2016_ by _JED MCALEB_
proved to me on the basis of satisfactory evidence to be the
person(s) who appeared before me.

Signature _Surinder Kumar_ (seal)


3

**EXHIBIT A**

X-Mozilla-Status: 0001
X-Mozilla-Status2: 00000000
Delivered-To: jed@mtgox.com
Received: by 10.180.109.232 with SMTP id hv8cs77869wib;
    Wed, 21 Dec 2011 18:18:57 -0800 (PST)
Received: by 10.14.48.66 with SMTP id u42mr3472718eeb.59.1324520335858;
    Wed, 21 Dec 2011 18:18:55 -0800 (PST)
Return-Path: <chris.raggio@gmail.com>
Received: from mail-ee0-f53.google.com (mail-ee0-f53.google.com [74.125.83.53])
    by mx.google.com with ESMTPS id q2si4762464eef.172.2011.12.21.18.18.55
    (version=TLSv1/SSLv3 cipher=OTHER);
    Wed, 21 Dec 2011 18:18:55 -0800 (PST)
Received-SPF: pass (google.com: domain of chris.raggio@gmail.com designates
74.125.83.53 as permitted sender) client-ip=74.125.83.53;
Authentication-Results: mx.google.com; spf=pass (google.com: domain of
chris.raggio@gmail.com designates 74.125.83.53 as permitted sender)
smtp.mail=chris.raggio@gmail.com; dkim=pass (test mode) header.i=@gmail.com
Received: by eekd41 with SMTP id d41so7930555eek.12
    for <jed@mtgox.com>; Wed, 21 Dec 2011 18:18:55 -0800 (PST)
DKIM-Signature: v=1; a=rsa-sha256; c=relaxed/relaxed;
    d=gmail.com; s=gamma;
    h=mime-version:date:message-id:subject:from:to:content-type;
    bh=Vp7CQCr8euClRPIbafIqDFlHEi9Nzafei73lCDIWq8c=;
    b=AoQPsA+ikmODkPmTshdfBZOS6SgaqCvOlYVjHOVXWnP4ZePAaKnfeh0pl1by7
miSQI
      sgSnmATu3iLFI5GycXH1MOVqKnX5tFLZ0s+JCVrqYsclSSRcrb5zhWfVSxlV5li1A
N38
      C0LNjdidMMK9Gp8LyEXRUCrzEmFLQWxbXHfXM=
MIME-Version: 1.0
Received: by 10.204.157.154 with SMTP id b26mr2658774bkx.101.1324520335577;
Wed, 21 Dec 2011 18:18:55 -0800 (PST)
Received: by 10.204.188.133 with HTTP; Wed, 21 Dec 2011 18:18:55 -0800 (PST)
Date: Wed, 21 Dec 2011 20:18:55 -0600
Message-ID:
<CALG=A06VKw-DrrqqnrWmCBLWv5Y04SY9wqoAPotPyh5J1U4seA@mail.gmail.com
>
Subject: hey
From: Chris Raggio <chris.raggio@gmail.com>
To: Jed McCaleb <jed@mtgox.com>
Content-Type: multipart/alternative; boundary=0015175dd9e219916504b4a4ecbe

--0015175dd9e219916504b4a4ecbe
Content-Type: text/plain; charset=ISO-8859-1

Hey Jed,

How's everything going? I'm feeling good.  I think 2012 is going to be a

**EXHIBIT 1**

breakout year for bitcoin in terms of technology maturation, wider adoption, and increased exchange value which everyone is so focused on. I haven't been doing much with the technology.  That is best left to guys like you who can code circles around me.  I've been studying economics to try to understand how a currency as different from anything that has come before might change things.   It's not easy.   Economics is a social science and most of it makes no sense at all.  Logical thinking is disadvantageous to anyone trying to learn what is accepted as truth in this field.

Just to let you know I e-mailed Mark asking him what he intends to do with the stolen coins.  I haven't heard back from him yet.  Originally he said he wanted to give "Baron a year to speak for himself."   I don't know why we would bother with somebody who hides behind an alias and an altered passport but whatever.  We are approaching the 1 year anniversary of the theft.

I'm not asking you to intervene on my or my father's behalf.  Mark is the owner of Mt Gox now.   It's his call whether he wants to make things right with us as he did with Bitomat.  My father and I appreciate everything you did to investigate and pursue the thief.  You didn't have to go to the lengths you went to for us.   We thank you.

Have a nice holiday,

Chris

**EXHIBIT 1**

Date: Mon, 30 May 2011 10:52:46 -0500
Message-ID: <BANLkTiko0o0TKjz=KURqn4Q-UbJpk6Sbiw@mail.gmail.com>
Subject: Re:
From: Don Raggio <donald.raggio@gmail.com>
To: Jed McCaleb <jed@mtgox.com>
Content-Type: multipart/alternative; boundary=000e0cdf1bea4ff03304a48047be

--000e0cdf1bea4ff03304a48047be
Content-Type: text/plain; charset=ISO-8859-1

Jed,

Thanks for taking the time to talk to me.   If I think of anything cool to
do with bitcoin I'll let you know.   Near the end of the call you asked
about the situation with Baron. Here is what I know.   Last I heard from
Mark was that Baron was not willing to give the coins back voluntarily.
Baron said that he wanted access to his funds.   Mark said that he didn't
feel comfortable just unilaterally handing the coins over to me. These funds
I assume he is speaking of are the ones that you froze.     Mark said that
to resolve the issue he was seeking a "judgement" in a court, but that due
to the disaster in Japan "legal processing" would be held up until later
this year.   That's honestly what he told me.   I am glad you did what you
could to take action against this scammer.  Hopefully this will work and I
will get the coins back.    And if for some reason that doesn't work out
maybe bitcoin will hit 1000 and what we will have more than enough
regardless.    By the way somebody did move the funds that were stolen from
the address in a transaction dated 4-28.  I asked Theymos to look at the
block explorer and he reported the following.

"The scammer sent 2000 BTC to an address, and that address sent 200,000 BTC
to MtGox: I'm pretty sure 1MqsE... is a MtGox address. You should inform
Mark about this new development. The person who made that 200,000 BTC MtGox
deposit is either the scammer or someone who delt with him directly."

Mark claims that the address in question is not a MtGox address and
that MtGox received no deposit as large as 200,000 BTC.  Mark said that he
didn't see any action that he could take at this time.   I'll try to keep in
touch with Mark (hopefully without pestering him).   I'll keep you posted on
the outcome.

**EXHIBIT 2**

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
HINDS COUNTY, MISSISSIPPI**

**DR. DONALD RAGGIO**
**DR. CHRIS RAGGIO**                                                          **PLAINTIFFS**

**VS.**                                                       **CAUSE NO. 14-CV-00071-TTG**

**MTGOX, a sole proprietorship;**
**MTGOX, Inc. a Delaware corporation;**
**MT.GOXX KK, a Japanese corporation;**
**TIBANE KK, a Japanese corporation;**
**MUTUM SIGILLUM, LLC, a Delaware**
**Limited Liability Company; CODE**
**COLLECTIVE, LLC, a New York Limited**
**Liability Company; JED McCALEB, an**
**Individual; MARK KARPELES, an individual;**
**And JOHN DOES 1-5, and CORPORATE**
**JOHN DOES 1-5**                                                        **DEFENDANTS**

<u>**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BASED
ON THE STATUTE OF LIMITATIONS**</u>

Defendants, Code Collective, LLC ("Code Collective"), and Jed McCaleb, individually

and formerly doing business as MTGOX, a sole proprietorship, (collectively referred to as

"McCaleb"), (together, "Defendants"), hereby file this Memorandum in Support of their Motion

for Summary Judgment on the ground that all the claims asserted by plaintiffs regarding these

defendants are barred by the applicable statutes of limitations.

## I.   <u>INTRODUCTION</u>

Plaintiffs filed suit based on an alleged 2011 theft of bitcoins from their account on an

online exchange known as MTGOX.    A bitcoin is a form of digital currency that can be used to

purchase goods and services.   McCaleb was the creator and former owner of the MTGOX

exchange, which allowed users to purchase bitcoins from each other and redeem the contents of

their accounts when desired.

Plaintiffs allege that on January 9, 2011, someone stole bitcoins from their account on the MTGOX exchange.   At that time, the market value of 9,400 bitcoins was approximately $3,100. *See* Affidavit of Jed McCaleb, attached to the Motion for Summary Judgment as Exhibit A ("McCaleb Aff."), at ¶ 6.   One month later, on February 11, 2011, McCaleb sold MTGOX to Tibanne K.K., a company owned by Mark Karpeles.   *See* McCaleb Aff. at ¶ 8.   Plaintiffs knew that McCaleb sold the MTGOX business and had no authority or control over the business after the sale.   *See* McCaleb Aff. at ¶ 9; and Ex. 1 to the Affidavit, a December 21, 2011 Email from Chris Raggio to Jed McCaleb.   Indeed, after the sale, McCaleb's knowledge about what was occurring with regard to the alleged theft was from information that <u>Plaintiffs</u> gave to McCaleb. *See* McCaleb Aff. at ¶ 10; and Ex. 2 to the Affidavit, a May 30, 2011, Email from Don Raggio to Jed McCaleb, (explaining "about the situation with Baron [the suspected thief]" and promising to "keep [McCaleb] posted on the outcome").   Plaintiffs acknowledged that McCaleb was not to blame for the loss of their bitcoins.   As Chris Raggio stated:

> I'm not asking you to intervene on my or my father's behalf.   Mark [Karpeles, the owner of Tibanne K.K.] is the owner of Mt Gox now.   It's his call whether he wants to make things right with us as he did with Bitomat.   My father and I appreciate everything you did to investigate and pursue the thief.   You didn't have to go to the lengths you went to for us.   We thank you.

*See* McCaleb Aff. Ex. 1, December 21, 2011 Email from Chris Raggio to Jed McCaleb.

Despite these acknowledgments, Plaintiffs filed suit on March 5, 2014, against Code Collective, McCaleb, and six other defendants.   During the intervening years, demand for bitcoins increased, and the market value of 9,400 bitcoins is now approximately $6 million. McCaleb Aff., at ¶ 11.   Plaintiffs have not served any defendants other than Code Collective and McCaleb.   Plaintiffs have not taken any action in this case for over two years since they filed the complaint.

## II.   ITEMIZATION OF FACTS RELIED UPON AND NOT GENUINELY DISPUTED

1.      In 2010, the Raggios opened an account on the MTGOX exchange, and began purchasing bitcoins from other users on the exchange.   *See* McCaleb Affidavit at ¶ 3.

2.      The Raggios wire transferred funds to an account held by Code Collective, some of which was then used to purchase bitcoins for their MTGOX account from other MTGOX users.   *See* McCaleb Affidavit at ¶ 4.

3.      The Raggios did not sign any contract or agree to any terms of service in any way with Jed McCaleb, individually or doing business as MTGOX, or with Code Collective, LLC. *See* McCaleb Affidavit at ¶ 5.

4.      The Raggios purchased approximately 9,400 bitcoins from other MTGOX users in January of 2011.   *See* Complaint at ¶ 15; McCaleb Affidavit at ¶ 6.

5.      The 9,400 bitcoins were placed into Plaintiffs' account on the MTGOX exchange. *See id.*; McCaleb Affidavit at ¶ 6.

6.      On January 9, 2011, Chris Raggio informed McCaleb that he believed someone had hacked the Raggios' MTGOX account and stolen 9,400 bitcoins.   *See id*. at ¶ 16; McCaleb Affidavit at ¶ 7.

7.      On February 11, 2011, McCaleb sold the MTGOX business to defendant Tibanne K.K.   *See* McCaleb Affidavit at ¶ 8.

## III.   MCCALEB AND CODE COLLECTIVE ARE ENTITLED TO SUMMARY JUDGMENT

## A.      LEGAL STANDARD FOR SUMMARY JUDGMENT.

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law."   Miss. R. Civ. P. 56(c).   A plaintiff "may not rely upon unsupported, conclusory allegations to defeat a motion for summary judgment where there are no issues of material fact."   *Coleman v. Smith*, 914 So. 2d 807, 813 (Miss. Ct. App. 2005).   "The issue of whether the applicable statute of limitations has run is a question of law." *Stringer v. Trapp*, 30 So.3d 339, 341 (¶ 9) (Miss. 2010)).

**B.   ALL OF PLAINTIFFS' CLAIMS AGAINST MCCALEB AND CODE COLLECTIVE ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS.**

The Complaint alleges claims for breach of the Mississippi Uniform Commercial Code, breach of contract, conspiracy, account stated, negligence, conversion, and specific performance of an unidentified, unwritten contract.   There are no material facts in dispute in this case that would prevent summary judgment of all the claims against McCaleb and Code Collective. Plaintiffs seek the return of 9,400 bitcoins they allege were stolen on or before January 9, 2011. *See* Complaint at ¶ 16. The statute of limitations ran on all of Plaintiffs' claims based on the alleged theft as of January 9, 2014, three years later.   Thus, all of Plaintiffs' claims were barred before they filed suit on March 5, 2014.

**1.   <u>Breach of the Mississippi Uniform Commercial Code</u>**

The Complaint does not even attempt to identify an article of the UCC that applies to the alleged theft of their bitcoins.   Regardless, Mississippi courts have made it clear that contracts that are not for the sale of "goods" as defined in the UCC are governed by the general three-year statute of limitations.   *See Peavey Elecs. Corp. v. Baan U.S.A., Inc*., 10 So. 3d 945 (Miss. Ct. App. 2009) (noting breach of contract related to software services was not based on a contract for sale of "goods," and was thus governed by the three-year limitation of Miss. Code. Ann. § 15-1-49 rather than the UCC).

4

Bitcoins—the subject of Plaintiffs' breach of contract claim—are not "goods" under the UCC.   "Goods are defined by the UCC as 'all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale....'" *Howard v. CitiFinancial, Inc.*, 195 F. Supp. 2d 811, 826 (S.D. Miss. 2002) (insurance policy does not constitute "goods") (quoting Miss. Code Ann. 75–2–105(1)).   Bitcoins, on the other hand, are a form of currency for purchasing "goods."[1]   Thus, bitcoins, like foreign currency, have value and can be used to purchase goods, but are not themselves "goods."   As such, Plaintiffs' claim for breach of the Mississippi UCC is barred by the three-year statute of limitations.

## 2.   **Breach of Contract**

"Causes of action for breach of contract are subject to the three-year statute of limitations set forth in Mississippi Code Annotated section 15–1–49, . ."   *Wallace v. Greenville Pub. Sch. Dist.*, 142 So. 3d 1104, 1106 (Miss. Ct. App. 2014).

## 3.   **Conspiracy**

Plaintiffs' claim for conspiracy is governed by the one-year state of limitations set forth in Mississippi Code Ann. 15-1-35.   *See Sharkey v. Barber*, 188 So. 3d 1245, 1247 (Miss. Ct. App. 2016).

---

[1] *See* Robert N. Gilbert et al., *Bitcoin and Other Cryptocurrencies: Regulatory and Commercial Law Concerns*, Com. L. (Apr. 29, 2014) (available at http://ucclaw.blogspot.com/2014/04/bitcoin-and-other-cryptocurrencies.html) (discussing bitcoins in relation to the UCC, explaining they are "a store of value and a financial medium for the exchange of goods and services"); Fred Miller, *Bitcoin and the Like, The New Payment Method, Or More*, 71 Dec. Bench & B. of Minn. 20 (2014) (available at http://mnbenchbar.com/2014/12/bitcoin-and-the-like/) ("Because there is no paper or other tangible medium, Bitcoin exists as a kind of electronic 'money' represented by units held as credits in an 'account.'   If sellers of property or services will accept an electronic transfer of such units in payment, then virtual currency operates like money.").

4.      **Account Stated**

Plaintiffs' claim for an "account stated" is governed by the three-year statute of limitations set forth in Mississippi Code Ann. § 15-1-29 (applying to all "actions on an open account or account stated not acknowledged in writing, signed by the debtor, . . ." ).

5.      **Negligence**

Plaintiffs' claim of negligence is based on the assertion that the MTGOX exchange's security safeguards fell below the standard of care and that this alleged lack of security allowed the theft of the 9,400 bitcoins on or before January 9, 2011.   Compl. ¶¶ 38-39.   The, statute of limitations on the negligence claim therefore ran three years later, on January 9, 2014, before this action was filed on March 5, 2014.   *See Smith v. DiMa Homes, Inc.*, 74 So. 3d 377, 378 (Miss. Ct. App. 2011) ("complaint for negligence was subject to this general three-year statute-of-limitations.").

6.      **Conversion**

Plaintiffs' conversion claim is governed by the three-year statute of limitations set forth in Mississippi Code Ann. § 15-1-49.   *See WW, Inc. v. Rainbow Casino-Vicksburg P'ship, L.P.,* 68 So. 3d 1290 (Miss. 2011).

7.      **Specific Performance**

Specific performance is a type of remedy for a breach of contract action.   *See Frierson v. Delta Outdoor, Inc*., 794 So. 2d 220, 225 (Miss. 2001) ("Specific performance has traditionally been regarded a remedy for breach of contract that is not a matter of right but of sound judicial discretion.").   The court will apply the statute applicable to contracts where plaintiffs seek specific performance of a contract.   *See McKenzie v. Mississippi Mun. Serv. Co.,* 2016 WL 3044732, at *3 (Miss. Ct. App. May 31, 2016) (affirming summary judgment on

plaintiffs' claim for specific performance seeking to enforce a contract for settlement based on negotiations that had continued beyond the running of the statute of limitations on the underlying claim).   Plaintiffs' breach of contract claim for which they seek specific performance is barred by the three-year statute of limitations of Mississippi Code Ann. § 15-1-49.

## C.   DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFFS' REQUEST FOR A "CONSTRUCTIVE TRUST ON PRESERVED ACCOUNT."

Finally, Plaintiffs seek a "constructive trust" be placed on funds in a <u>particular</u> account. Specifically, the plaintiffs allege their 9,400 bitcoins "<u>are lodged with the MTGOX accounts</u> and noted on recently discovered 'Crisis Strategy Draft' as the '-80,208 BTC From banned or suspicious accounts'."   Complaint at ¶ 48.   Plaintiffs ask this court to freeze this account.   *Id.*

Plaintiffs' request does not state a claim against the moving defendants—McCaleb and Code Collective—and only affects the parties to which the accounts belong.   It is undisputed that McCaleb sold the MTGOX business over five years ago.   Because McCaleb and Code Collective have no interest whatsoever in the MTGOX accounts, they are entitled to summary judgment on this claim.

## IV.   <u>CONCLUSION</u>

All of Plaintiffs' claims against McCaleb and Code Collective are barred by the applicable statutes of limitations or do not involve these defendants.   Thus, McCaleb and Code Collective are entitled to summary judgment on all of Plaintiffs' claims.

Respectfully submitted, this the 30th day of June, 2016.


                            **CODE COLLECTIVE, LLC, and**
                            **JED McCALEB, individually and formerly**
                            **doing business as MTGOX, a sole proprietorship**

By:    */s/Edwin S. Gault, Jr.*
           EDWIN S. GAULT, JR., MSB #10187
           MANDIE B. ROBINSON, MSB #100446


OF COUNSEL:

FORMAN WATKINS & KRUTZ LLP
200 South Lamar Street, Ste. 100
Jackson, MS   39201-4099
Post Office Box 22608
Jackson, MS   39225-2608
Telephone:   (601) 960-8600
Facsimile:   (601) 960-8613
win.gault@formanwatkins.com
mandie.robinson@formanwatkins.com


Motion for Admission *Pro Hac Vice* to be filed by:


ETHAN JACOBS
KELLER SLOAN ROMAN HOLLAND, LLP
555 Montgomery Street, 17th Floor
San Francisco, CA 94111
Telephone: (415) 249-8330
Direct: (415) 249-8336
Facsimile: (415) 249-8333
ejacobs@ksrh.com

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via the Court's electronic filing system and via email on the following:

> Mitchell H. Tyner, Sr.
> Charles Brad Martin
> Tyner Law Firm, P.A.
> 5750 I-55 North
> Jackson, MS   39211
> mtyner@tynerlawfirm.com
> bmartin@tynerlawfirm.com

Respectfully submitted, this the 30th day of June, 2016.


> */s/ Edwin S. Gault, Jr.*
> EDWIN S. GAULT, JR.

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
HINDS COUNTY, MISSISSIPPI**

**DR. DONALD RAGGIO
DR. CHRIS RAGGIO**                                                    **PLAINTIFFS**

**VS.**                                                    **CAUSE NO. 14-CV-00071-TTG**

**MTGOX, a sole proprietorship;
MTGOX, Inc. a Delaware corporation;
MT.GOXX KK, a Japanese corporation;
TIBANE KK, a Japanese corporation;
MUTUM SIGILLUM, LLC, a Delaware
Limited Liability Company; CODE
COLLECTIVE, LLC, a New York Limited
Liability Company; JED McCALEB, an
Individual; MARK KARPELES, an individual;
And JOHN DOES 1-5, and CORPORATE
JOHN DOES 1-5**                                                    **DEFENDANTS**

---

## MOTION FOR PROTECTIVE ORDER OF JED McCALEB, INDIVIDUALLY, AND FORMERLY DOING BUSINESS AS MTGOX, A SOLE PROPRIETORSHIP

Jed McCaleb, individually and formerly doing business as MTGOX, a sole proprietorship, (collectively referred to as "McCaleb") files this motion for a protective order pursuant to Rule 26(d) of the Mississippi Rules of Civil Procedure, and states as follows:

1.      Plaintiffs filed suit based on an alleged 2011 theft of bitcoins from their account on an online exchange known as MTGOX.   A bitcoin is a form of digital currency that can be used to purchase goods and services.   McCaleb was the creator and former owner of the MTGOX exchange, which allowed users to purchase bitcoins from each other and redeem the contents of their accounts when desired.   McCaleb sold the business over five years ago on February 11, 2011, to the defendant Tibanne K.K.

2.      The alleged theft which forms the basis of Plaintiffs' Complaint occurred on or before January 9, 2011.   *See* Complaint at ¶ 16.   Plaintiffs did not file this suit until March 5,

2014, over three years after the theft.    Thus, these claims are barred by the statute of limitations as a matter of law.

3.    Further, Plaintiffs took no action for two years after filing suit.    Now the Plaintiffs filed a Notice of Deposition on June 21, 2016, in which they seek to depose Jed McCaleb in Jackson, Mississippi, on July 5, 2016 – only 7 business days' from filing of the Notice.    *See* Notice of Deposition at Docket #28.

4.    However, McCaleb is entitled to summary judgment as a matter of law based on the undisputed facts and the statute of limitations applicable to the plaintiffs' claims.    As such, McCaleb has filed a motion for summary judgment, and has submitted a memorandum in support of that motion.

5.    Because the motion for summary judgment is based solely on the application of the law to the undisputed facts as they exist, McCaleb is entitled to a protective order to prevent incurring the cost of any deposition or written discovery until this Court hears the motion for summary judgment.    *See Bell v. Mississippi Dep't of Human Servs.*, 126 So. 3d 999 (Miss. Ct. App. 2013) (granting protective order preventing depositions until summary judgment on questions of law were resolved); *McQueen v. Williams*, 587 So. 2d 918 (Miss. 1991) (rev'd on other grounds) (finding trial court properly granted protective order staying all discovery until court could hear summary judgment motion on issue which would be dispositive of entire case where plaintiff had 8 months to seek discovery before the motion was filed).

6.    Here, all discovery should be stayed until the Court rules on McCaleb's motion for summary judgment, as the Plaintiffs cannot satisfy the requirements of Rule 56(f) and have not been diligent in seeking discovery.    *See Partin v. N. Mississippi Med. Ctr., Inc.*, 929 So. 2d 924, 938 (Miss. Ct. App. 2005) (nonmovant "must present specific facts why he cannot oppose

the motion and must specifically demonstrate 'how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'").

7.      This is especially true in this situation in which the Plaintiffs sought no discovery for **two years** after filing the complaint:

> This exception in Rule 56 may not be used to avoid diligence in pursuing formal discovery; "normally the party invoking Rule 56(f) must show what steps have been taken to obtain access to the information allegedly within the exclusive possession of the other party." *Id.* at 1344. No such showing was even attempted, much less made.   In *Marx*, five months passed without the defendant's attempting any discovery.

*Id.* at 938-39 (finding the *Partin* plaintiff's failure to seek discovery for six months before summary judgment motion was filed, constituted a lack of diligence preventing Rule 56(f) discovery) (quoting *Hobgood v. Koch Pipeline Southeast, Inc.*, 769 So. 2d 838, 845 (Miss. Ct. App. 2000) (finding failure to conduct discovery for 3 months constituted a lack of diligence preventing Rule 56(f) discovery)).

8.      In the event this Court finds discovery is proper under Rule 56(f), written discovery should proceed before depositions are held.   Furthermore, Jed McCaleb is a citizen of San Francisco, California, and should be deposed in the city of his residence.

Respectfully submitted, this the 30th day of June, 2016.

**JED McCALEB, individually and formerly doing business as MTGOX, a sole proprietorship**

By:   /s/ *Edwin S. Gault, Jr.*
      EDWIN S. GAULT, JR., MSB #10187
      MANDIE B. ROBINSON, MSB #100446

3

OF COUNSEL:

FORMAN WATKINS & KRUTZ LLP
200 South Lamar Street, Ste. 100
Jackson, MS   39201-4099
Post Office Box 22608
Jackson, MS   39225-2608
Telephone:   (601) 960-8600
Facsimile:   (601) 960-8613
win.gault@formanwatkins.com
mandie.robinson@formanwatkins.com


Motion for Admission *Pro Hac Vice* to be filed by:

ETHAN JACOBS
KELLER SLOAN ROMAN HOLLAND, LLP
555 Montgomery Street, 17th Floor
San Francisco, CA 94111
Telephone: (415) 249-8330
Direct: (415) 249-8336
Facsimile: (415) 249-8333
ejacobs@ksrh.com


## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via the Court's electronic filing system and via email on the following:

> Mitchell H. Tyner, Sr.
> Charles Brad Martin
> Tyner Law Firm, P.A.
> 5750 I-55 North
> Jackson, MS   39211
> mtyner@tynerlawfirm.com
> bmartin@tynerlawfirm.com

Respectfully submitted, this the 30th day of June, 2016.


/s/ *Edwin S. Gault, Jr.*
EDWIN S. GAULT, JR.

4

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
## HINDS COUNTY, MISSISSIPPI

**DR. DONALD RAGGIO**
**DR. CHRIS RAGGIO**                                                **PLAINTIFFS**

**VS.**                                                **CAUSE NO. 14-CV-00071-TTG**

**MTGOX, a sole proprietorship;**
**MTGOX, Inc. a Delaware corporation;**
**MT.GOXX KK, a Japanese corporation;**
**TIBANE KK, a Japanese corporation;**
**MUTUM SIGILLUM, LLC, a Delaware**
**Limited Liability Company; CODE**
**COLLECTIVE, LLC, a New York Limited**
**Liability Company; JED McCALEB, an**
**Individual; MARK KARPELES, an individual;**
**And JOHN DOES 1-5, and CORPORATE**
**JOHN DOES 1-5**                                                **DEFENDANTS**

## MOTION FOR ADMISSION OF ATTORNEY *PRO HAC VICE*

Code Collective, LLC ("Code Collective"), and Jed McCaleb, individually and formerly

doing business as MTGOX, a sole proprietorship (together, "Defendants"), file this motion

pursuant to Miss. R. App. P. 46(b) for the admission of Ethan Isaac Jacobs to appear *pro hac vice*

in the above styled and numbered cause, showing unto the Court as follows:

1.       Defendants are represented by the law firm of Forman Watkins & Krutz LLP and,

more specifically Edwin S. Gault, Jr. and Mandie B. Robinson, resident attorneys practicing in the

firm's Jackson, Mississippi office.

2.       Ethan Isaac Jacobs is a licensed, reputable attorney who practices law in California

and New York with the law firm Keller, Sloan, Roman & Holland LLP.   Mr. Jacobs meets the

criteria set forth in Rule 46(b) of the Mississippi Rules of Appellate Procedure for admission of a

foreign attorney to practice *pro hac vice* in the courts of this State.   *See* Verified Application of

Ethan Isaac Jacobs in Support of Motion for Admission *Pro Hac Vice*, attached hereto as Exhibit

"A" and Certificates of Good Standing for Ethan Isaac Jacobs before the Supreme Courts of California and New York, attached hereto as Exhibits "B" and "C," respectively.

3. Pursuant to the requirements of Rule 46(b) of the Mississippi Rules of Appellate Procedure, the verified application of Mr. Jacobs has been submitted contemporaneously to the Clerk of the Supreme Court of the State of Mississippi, along with the requisite docket fee. Payment has also been directed to the Mississippi Bar as appropriate under the Rule.

WHEREFORE, PREMISES CONSIDERED, Defendants and counsel request the Court to allow Ethan Isaac Jacobs, non-resident attorney, to be admitted *pro hac vice* by comity, but with personal participation of resident licensed attorneys Edwin S. Gault and Mandie B. Robinson.

Respectfully submitted, this the 6th day of July, 2016.

**CODE COLLECTIVE, LLC, and
JED McCALEB, individually and formerly
doing business as MTGOX, a sole proprietorship**


By: /s/ *Edwin S. Gault, Jr.*
   EDWIN S. GAULT, JR., MSB #10187
   MANDIE B. ROBINSON, MSB #100446


OF COUNSEL:

FORMAN WATKINS & KRUTZ LLP
200 South Lamar Street, Ste. 100
Jackson, MS 39201-4099
Post Office Box 22608
Jackson, MS 39225-2608
Telephone: (601) 960-8600
Facsimile: (601) 960-8613
win.gault@formanwatkins.com
mandie.robinson@formanwatkins.com

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have this day served a true and correct copy of the above and foregoing pleading via the Court's electronic filing system and via electronic mail on the following:

> Mitchell H. Tyner, Sr.
> Charles Bradford Martin
> Tyner Law Firm, P.A.
> 5750 I-55 North
> Jackson, MS 39211
> mtyner@tynerlawfirm.com
> bmartin@tynerlawfirm.com

Respectfully submitted, this the 6th day of July, 2016.

/s/ *Edwin S. Gault, Jr.*
EDWIN S. GAULT, JR.

3

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
## HINDS COUNTY, MISSISSIPPI

**DR. DONALD RAGGIO**
**DR. CHRIS RAGGIO**                                                        **PLAINTIFFS**

**VS.**                                                    **CAUSE NO. 14-CV-00071-TTG**

**MTGOX, a sole proprietorship;**
**MTGOX, Inc. a Delaware corporation;**
**MT.GOXX KK, a Japanese corporation;**
**TIBANE KK, a Japanese corporation;**
**MUTUM SIGILLUM, LLC, a Delaware**
**Limited Liability Company; CODE**
**COLLECTIVE, LLC, a New York Limited**
**Liability Company; JED McCALEB, an**
**Individual; MARK KARPELES, an individual;**
**And JOHN DOES 1-5, and CORPORATE**
**JOHN DOES 1-5**                                                        **DEFENDANTS**

## VERIFIED APPLICATION OF ETHAN ISAAC JACOBS IN SUPPORT OF MOTION
## FOR ADMISSION OF ATTORNEY *PRO HAC VICE*

STATE OF CALIFORNIA
COUNTY OF SAN FRANCISCO

     PERSONALLY APPEARED before me, the undersigned authority in and for the aforesaid jurisdiction, the within named Ethan Isaac Jacobs, who after being duly sworn, states under oath as follows:

1.     I desire to appear as counsel on behalf of Defendant Code Collective, LLC, and Jed McCaleb, individually and formerly doing business as MTGOX, a sole proprietorship, as counsel *pro hac vice* in the matter styled *Dr. Donald Raggio, et al. v. MTGOX, et al.*, bearing Cause No. 14-CV-00071-TTG, pending in the First Judicial District of the Circuit Court of Hinds County, Mississippi..

2.     a.     My full name is Ethan Isaac Jacobs.

          b.     My residence address is 1919 San Jose Avenue, San Francisco CA 94112.

**EXHIBIT
"A"**

c.      My office address is: Keller, Sloan, Roman & Holland LLP, 555

Montgomery Street, 17th Floor, San Francisco, California 94111,

Telephone: (415) 249-8330; Facsimile: (415) 249-8333; E-mail:

ejacobs@ksrh.com.

3.      I have been admitted to practice law in the following jurisdictions, as of the dates

set forth below:

| Court | Date of Admission |
| --- | --- |
| New York | January 24, 2006 |
| California | December 3, 2013 |

4.      I do not maintain an office within the State of Mississippi.

5.      I have not engaged in the general practice of law in the State of Mississippi without

being properly admitted and licensed to practice law in the State of Mississippi.

6.      I am currently licensed in good standing to practice law in each jurisdiction in

which I have previously been admitted.

7.      I am not currently suspended or disbarred by any jurisdiction in which I have been

admitted.

8.      I have not been the subject of disciplinary action by the bar or courts of any

jurisdiction during the preceding five (5) years.

9.      I am of good moral character, and I am familiar with the ethics, principles,

practices, customs and usages of the legal profession in the State of Mississippi.

10.     During the immediately preceding twelve (12) months, I have appeared or made a

request for admission to appear as counsel *pro hac vice* within the State of Mississippi in

the following cases:

None

2

11.     Unless I am permitted to withdraw by order of the First Judicial District of the Circuit Court of Hinds County, State of Mississippi, I will continue to represent Code Collective, LLC, and Jed McCaleb, individually and formerly doing business as MTGOX, a sole proprietorship, in the foregoing cause until the final determination of the cause, and with reference to all matters incident to such cause.   I consent to the jurisdiction of the courts of the State of Mississippi, of the disciplinary tribunals of The Mississippi Bar, and of the Mississippi Board of Bar Admissions in all respects as if I were a regularly admitted and licensed member of The Mississippi Bar.

12.     I have not been found, in an appropriate disciplinary proceeding, to have advertised services in violation of Rule 7.2 of the Mississippi Rules of Professional Conduct, nor am I employed by or am a member of a firm which has been so found.

13.     I hereby certify that simultaneously herewith:

a.     I will cause a copy of this Verified Application to be served on the Clerk of the Supreme Court of Mississippi, and upon all counsel of record in this cause.

b.     I will cause the required fee to be forwarded to the Clerk of the Supreme Court of Mississippi.

c.     I will cause the required payment to be forwarded to The Mississippi Bar.

14.     Following are the names and office address of the members in good standing of The Mississippi Bar whom I have associated in this cause:

3

Edwin S. Gault, Jr. (MSB No. 10187)
Mandie B. Robinson (MSB No. 100446)
FORMAN WATKINS & KRUTZ LLP
200 South Lamar Street, Ste. 100
Jackson, MS 39201-4099
Post Office Box 22608
Jackson, MS 39225-2608
Telephone: (601) 960-8600
Facsimile: (601) 960-8613

15.    I declare under penalty of perjury that the foregoing is true and correct.

THIS, the 5ᵗʰ day of _____July_____, 2016.

_____
ETHAN ISAAC JACOBS

SWORN TO AND SUBSCRIBED BEFORE ME, this 5ᵗʰ day of _____July_____, 2016.

_____
Notary Public

My Commission Expires:

_____Nov. 24, 2019_____

WENDY WONG
COMM. #2134938
NOTARY PUBLIC-CALIFORNIA
SAN FRANCISCO COUNTY
My Comm. Expires Nov. 24, 2019

4

## <u>CERTIFICATE OF LOCAL ATTORNEY</u>

I hereby certify that I am member in good standing of The Mississippi Bar, and that I have agreed to be associated by Ethan Isaac Jacobs, Esq., in this cause.

THIS, the 6th day of July, 2016.

/s/ *Edwin S. Gault, Jr.*
EDWIN S. GAULT, JR.



# THE STATE BAR
# OF CALIFORNIA

**MEMBER RECORDS & COMPLIANCE**

180 HOWARD STREET, SAN FRANCISCO, CALIFORNIA  94105-1617     TELEPHONE: 888-800-3400

## CERTIFICATE OF STANDING

June 23, 2016

TO WHOM IT MAY CONCERN:

This is to certify that according to the records of the State Bar, ETHAN ISAAC JACOBS, #291838 was admitted to the practice of law in this state by the Supreme Court of California on December 3, 2013; and has been since that date, and is at date hereof, an ACTIVE member of the State Bar of California; and that no recommendation for discipline for professional or other misconduct has ever been made by the Board of Trustees or a Disciplinary Board to the Supreme Court of the State of California.

THE STATE BAR OF CALIFORNIA

Kathan Lambert
Custodian of Membership Records

**EXHIBIT
"B"**

## Appellate Division of the Supreme Court of the State of New York First Judicial Department

I, Susanna Rojas, Clerk of the Appellate Division of the Supreme Court of the State of New York, First Judicial Department, certify that

## ETHAN ISAAC JACOBS

was duly licensed and admitted to practice as an Attorney and Counsellor at Law in all the courts of the State of New York on **January 24, 2006**, has duly taken and subscribed the oath of office prescribed by law, has been enrolled in the Roll of Attorneys and Counsellors at Law on file in my office, has duly registered with the administrative office of the courts, and according to the records of this court is in good standing as an attorney and counsellor at law.

In Witness Whereof, I have hereunto set my hand and affixed the seal of this court on

**June 28, 2016**

1529

Clerk of the Court

**EXHIBIT
"C"**

**Supreme Court of Mississippi**
**Court of Appeals of the State of Mississippi**
*Office of the Clerk*

Muriel B. Ellis                                    *(Street Address)*
Post Office Box 249                                 450 High Street
Jackson, Mississippi 39205-0249                     Jackson, Mississippi 39201-1082
Telephone: (601) 359-3694
Facsimile:  (601) 359-2407                 e-mail:sctclerk@courts.ms.gov

July 8, 2016

RE:    Ethan Isaac Jacobs
       Donald Raggio v. Code Collective, LLC
       SC #: 2016-AC-00966;  Trial Court #: 14-CV-00071-TTG
       Hinds County Circuit Court District 1

## CLERK'S PRO HAC VICE STATEMENT

Attached hereto is a record indicating all causes or other matters which have been reported to the Office of the Clerk of the Supreme Court in which the specified foreign attorney previously requested to appear as counsel pro hac vice and the date and disposition of each request.

Pursuant to Mississippi Rules of Appellate Procedure, Rule 46 (b) (7) ***provides that upon entry of an order by the trial court judge it is the responsibility of the foreign attorney to provide this office with a copy of the order***.

Effective May 27, 2004, by order of the Court, M.R.A.P. 46 (b)(5) was amended to place the responsibility of obtaining, filing and serving the statement of the Clerk of the Supreme Court upon the foreign attorney seeking leave to appear pro hac vice.  **The foreign attorney shall file a copy of the Statement and Pro Hac Vice Report on the trial court clerk, the trial court judge, local counsel and attorneys of record**.  The Clerk of the Supreme Court will provide one copy to the foreign attorney.

*Muriel B. Ellis*

**C L E R K**

# Pro Hac Vice Report

Date Run:07/08/2016

---

**Tracking #** 994646          **Name:**  Ethan Isaac Jacobs

**Cases Attached To:**

---

2016-AC-00966          Hinds County Circuit Court District 1                    Tomie T. Green

Donald Raggio v. Code Collective, LLC                          **Local Atty:** Edwin S. Gault Jr.

**Application Filed:** 07/08/2016    **Clerk's Notice Issued:** 07/08/2016    **Delinquency Issued:**

**Trial Court Order Recvd:**

---

                                                                    **Total: 1**

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
HINDS COUNTY, MISSISSIPPI**


**DR. DONALD RAGGIO**                                                                              **PLAINTIFFS**
**DR. CHRIS RAGGIO**


**VS.**                                                                              **CIVIL ACTION NO. 14-71**


**MTGOX a sole proprietorship;**
**MTGOX, Inc., a Delaware corporation;**
**MT.GOX KK, a Japanese corporation;**
**TIBANE KK, a Japanese corporation;**
**MUTUM SIGILLUM, LLC a Delaware limited Liability Company;**
**CODE COLLECTIVE, LLC a New York limited liability company;**
**JED McCALEB, an individual;**
**MARK KARPELES, an individual;**
**JOHN DOES 1-5, and CORPORATE JOHN DOES 1-5**                    **DEFENDANTS**

---

**PLAINTIFFS' REPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR
PROTECTIVE ORDER OF JED MCCAELB, INDIVIDUALLY, AND FORMERLY
DOING BUSINESS AS MTGOX, A SOLE PROPRIETORSHIP**

---

COME NOW Dr. Chris Raggio and Dr. Donald Raggio, plaintiffs, by and through the

undersigned counsel, and file this their Response in Opposition to Defendant's Motion for

Protective Order of Defendant, Individually, and Formerly Doing Business as MTGOX, a Sole

Proprietorship [Dkt. 31], as follows:

1.        Doctors Chris and Donald Raggio filed their suit in this matter on March 7, 2014

regarding the theft of bitcoins from an account defendant McCaleb (hereinafter the "California

Defendant") required them to open at his online exchange named MTGOX.  On January 9, 2011

the Mississippi physicians discovered that bitcoins were missing from their account at MTGOX,

that the California defendant had required them to open to purchase the bitcoin.  Mississippi

1

physician, Chris Raggio, immediately notified California Defendant, the owner and creator of MTGOX, that unauthorized withdrawals had taken place.

2.      Over the course of several months, the Doctors and the California Defendant were in constant communication regarding the stolen bitcoins.  Up until at least March of 2011, the California Defendant made representations to the Doctors that he was working on getting the doctors' bitcoins back to them and assured them they would receive the bitcoin for which they had paid.

3.      The California Defendant has now filed his Motion for Protective Order, along with a Motion for Summary Judgment [Dkt. 29 and 30], alleging the statute of limitations ran on each and every cause of action presented in this action by Mississippi physicians, Chris Raggio and Donald Raggio.

4.      The California Defendant makes the disingenuous argument that Chris and Donald Raggio took no action for two years after the filing of this suit.  However, as shown in the Doctors' Motion for Time to Allow Discovery under Rule 56(f), which has been filed concurrently with this response, one Defendant in this matter had filed for bankruptcy, another Defendant was facing criminal charges in Japan, process servers had been retained to serve the foreign Defendants, and a Motion for Extension of Time was filed and granted in which to serve those additional Defendants.

5.      Beginning in September of 2014, counsel for Chris and Donald Raggio was in communication with California counsel for the California Defendant regarding deposition dates, possible settlement, and had graciously agreed that no Answer need be filed by the California Defendant pending the settlement discussions and additional time to necessary to serve Japanese defendants.

6.      During this time, counsel for the Mississippi Doctors made repeated requests to California counsel to take the California Defendant's deposition.  Each time counsel was denied the opportunity to take the California Defendant's deposition, despite counsel's willingness to take the deposition in San Francisco.  The Mississippi Doctors also entered into settlement negotiations in good faith and should not be penalized for attempting to settle this matter without the need of further litigation.

7.      After it became clear that settlement discussions were not going anywhere, counsel for Mississippi physicians, Chris & Donald Raggio, requested that California defendant file an answer and get this case moving on this Court's docket.  As of that date, California counsel had not obtained Mississippi counsel for the California defendant, and requested more than 30 days to file an answer.  In order not to further delay this matter, the Raggios' counsel did not grant additional time to answer the complaint.   Local counsel for the California Defendant filed an Entry of Appearance on June 1, 2016 [Dkt. 24], with an Answer being filed on June 13, 2006 on behalf of California Defendant and Defendant Code Collective.  [Dkt. 25].

8.      Three days before the Defendants' Answer was filed in this matter, counsel for Mississippi physicians again requested deposition dates of California Defendant.  Local defense counsel, just like California defense counsel, failed to provide any dates for the deposition of his client.   On June 21, 2016, counsel for Chris and Donald Raggio again requested deposition dates for the California defendant. Simultaneously, undersigned Counsel filed a Notice of Deposition [Dkt. 27] setting the deposition of California Defendant for a time and date certain, informing counsel opposite that they would not hold counsel and California Defendant to that actual time and date if they would simply provide a convenient time and date for California defendant's deposition.  Counsel for California defendant still refused to provide a time and date for his

client's deposition. On June 27, 2016 (eight days prior to the properly noticed deposition of California defendant), counsel responded that a motion for protective order would be forthcoming.[1]

9.      Again, undersigned counsel informed defendant's counsel that the Mississippi physicians, Chris and Donald Raggio, simply wanted to set an agreeable time to take the California defendant's deposition.  Defense counsel was advised that a *Motion for Protective Order* would not be required if he would simply provide a date and time for his client's deposition.

10.      California defendant and his counsel failed to appear at his deposition which was properly set and noticed pursuant to Mississippi Rules of Civil Procedure.

11.      Rather than participate in normal discovery, it is abundantly clear that California defendant is attempting to thwart the Mississippi discovery rules and to steer discovery in a manner that he deems most beneficial to him.  Without any further communication from California defendant's counsel, defendant's counsel filed a *Motion for Protective Order* and a *Motion for Summary Judgment.*

12.      California Defendant argues that there are no genuine issues of material facts in dispute and that his deposition should not be conducted.  However, as shown in the Doctors' Motion for Time to Allow Discovery under Rule 56(f), there is a genuine dispute as to which date the statute of limitations began to run and/or was tolled by the representations and actions of all of the Defendants.

13.      The Defendant cites to *Bell v. Mississippi Dep't of Human Servs*. in which the Mississippi Court of Appeals granted a protective order staying all discovery until such time a

---

[1] Exhibits "A" and "B" are attached hereto, which consist of email communications between counsel regarding deposition dates.

summary judgment motion could be heard. *Bell v. Mississippi Dep't of Human Servs*. 126 So.3d 999 (Miss. Ct. App. 2013). However, *Bell* is distinguishable from the instant matter, in that the facts in *Bell* show the Plaintiff noticed three depositions **one week before** a hearing on the motion for summary judgment. *Id*. at 1005. Furthermore, the protective order in *Bell* was granted due to the plaintiff's failure to offer evidence regarding governmental immunity issues, which was the subject of the summary-judgment motion. *Id*.

14.    Defendant also cites to *McQueen v. Williams*, in which the Mississippi Supreme Court upheld the trial court's granting of a motion to stay discovery while a motion for summary judgment was pending. *McQueen v. Williams*, 587 So.2d 918 (Miss 1991). Like *Bell*, *McQueen* is distinguishable from this matter, in that in *McQueen* the Court found that the plaintiff had **eight months** in which to conduct discovery and that the affidavit submitted by the plaintiff was faulty in that it relied "on vague assertions that discovery will produce needed, but unspecified, facts particularly where there was ample time and opportunity for discovery. *Id*. at 923.

15.    In the instant action, the Doctors have satisfied the requirements of Rule 56(f) by showing how the postponement of a ruling on the Defendants' Motion for Summary Judgment will enable them to show that genuine issues of fact are in dispute and, furthermore, they have timely sought the deposition of California Defendant for the past two years.

16.    Lastly, the California Defendant argues, without citation to any authority, if this Court finds discovery is proper under Rule 56(f), written discovery should proceed before depositions are held. Miss. R. Civ. P. 26(e) explicitly states "…methods of discovery may be used in any sequence."   The Doctors would submit that they are fully aware of the advantages and pitfalls of deposing a named party without first submitting written discovery, however that is a right entitled to them under Miss. R. Civ. P. 26(e).

17.     There is no need for any further delay of the deposition of the California Defendant, a deposition that the Doctors have strived to conduct for nearly two years.  Time and time again, they have been met with stonewalling and objections.

WHEREFORE, PREMISES CONSIDERED, the Defendant's Motion for Protective should be denied in that the Plaintiffs have made their requisite showing under Rule 56(f) and that they timely moved to conduct discovery in this cause.  Plaintiffs would further move this Court enter an Order allowing the deposition of the California Defendant to take place and that the deposition may take place before written discovery is propounded by the Plaintiffs.

Respectfully submitted this the 11th day of July, 2016.


s/Charles "Brad" Martin
CHARLES "BRAD" MARTIN, MSB# 100767

OF COUNSEL
MITCHELL H. TYNER, SR., MSB# 8169
CHARLES "BRAD" MARTIN, MSB# 100767
**TYNER LAW FIRM, P.A.**
5750 I-55 North
Jackson, Mississippi  39211
(601) 957-1113
(601) 957-1113 – *facsimile*

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via the Court's electronic filing system and via email on the following:

Edwin S. Gault, Jr., Esq.
Mandie B. Robinson, Esq.
Forman Watkins & Krutz LLP
200 South Lamar Street, Suite 100
Jackson, Mississippi 39201-4099

Respectfully submitted, this the 11th day of July, 2016.

s/ Charles B. Martin
CHARLES "BRAD" MARTIN, MSB# 100767



# TYNER LAW FIRM, P.A.

**Mitchell H. Tyner, Sr.**
mtyner@tynerlawfirm.com

Licensed:  Mississippi
            Louisiana
            Texas
            District of Columbia

June 10, 2016

Edwin S. Gault, Jr., Esq.
Forman Watkins & Krutz LLP
City Centre, Suite 100
200 South Lamar Street
Jackson, Mississippi  39201-4099

Re:     *Donald Raggio, et al. v. MtGox, et al., In the Circuit Court of Hinds County,*
         *First Judicial District, Civil Action No. 14-71*

Dear Win:

It was good speaking with you earlier this week.  We wish to go ahead and depose your client as soon as possible and we would like to get several dates from you as to when Mr. McCaleb is available.

I look forward to hearing from you.

Sincerely yours,

Charles "Brad" Martin, Esq.
TYNER LAW FIRM, P.A.

*Integrity in Law*

5750 I-55 North • Jackson, MS 39211-2638 • Phone: (601) 957-1113 • Fax: (601) 957-6554 • www.tynerlawfirm.com

**Brad Martin**

---

**From:**       Brad Martin
**Sent:**       Monday, June 27, 2016 11:40 AM
**To:**         'Win Gault'
**Subject:**    RE: Raggio v. McCaleb

Win, I don't see the need for the filing of a Protective Order in that I stated below our filing of the Notice of Deposition was in order to proceed in this matter expeditiously. I also stated that we would not hold firm to the date in the Notice.

If you could provide me with dates in the near future for when your client is available to be deposed I will gladly re-notice.  If not, you can proceed with filing your Motion and we will respond.

Thanks,

Charles "Brad" Martin
Tyner Law Firm
5750 I-55 North
Jackson, MS 39211
Phone: (601) 957-1113, Ext. 198
Fax: (601) 957-6554


-----Original Message-----
From: Win Gault [mailto:Win.Gault@formanwatkins.com]
Sent: Monday, June 27, 2016 11:23 AM
To: Brad Martin
Subject: RE: Raggio v. McCaleb

The deposition you unilaterally noticed will not go forward next week.  We are filing a motion for protective order.

Win Gault
Forman Watkins & Krutz LLP
www.formanwatkins.com



-----Original Message-----
From: Brad Martin [mailto:BMartin@tynerlawfirm.com]
Sent: Monday, June 27, 2016 8:24 AM
To: Win Gault
Subject: RE: Raggio v. McCaleb

Win, I wanted to follow up with you on this.

My email server and phone system decided to crash on Thursday and was down for several days, so I have no way of knowing if you responded.

Thanks,
Brad

Charles "Brad" Martin

Tyner Law Firm
5750 I-55 North
Jackson, MS 39211
Phone: (601) 957-1113, Ext. 198
Fax: (601) 957-6554

-----Original Message-----
From: Brad Martin
Sent: Tuesday, June 21, 2016 11:04 AM
To: 'Win Gault'
Subject: RE: Raggio v. McCaleb

Thanks Win. I have gone ahead and filed a Notice of Deposition so we can get the ball
rolling on this matter, but we certainly aren't going to hold fast to the date in the Notice.
Once you get back into the office, if you could provide us with a few dates in the near
future I will re-notice.

I look forward to hearing from you.

Charles "Brad" Martin
Tyner Law Firm
5750 I-55 North
Jackson, MS 39211
Phone: (601) 957-1113, Ext. 198
Fax: (601) 957-6554


-----Original Message-----
From: Win Gault [mailto:Win.Gault@formanwatkins.com]
Sent: Tuesday, June 21, 2016 8:34 AM
To: Brad Martin
Subject: Re: Raggio v. McCaleb

I am on the road but will get back with you by the end of the week.

Sent from my iPad

On Jun 21, 2016, at 8:29 AM, "Brad Martin"
<BMartin@tynerlawfirm.com<mailto:BMartin@tynerlawfirm.com>> wrote:

Win, I wanted to follow up with you regarding our  request for deposition dates of Mr.
McCaleb.

Thanks,
Brad

Charles "Brad" Martin
Tyner Law Firm
5750 I-55 North
Jackson, MS 39211
Phone: (601) 957-1113, Ext. 198
Fax: (601) 957-6554

From: Win Gault [mailto:Win.Gault@formanwatkins.com]
Sent: Thursday, June 02, 2016 1:38 PM
To: Brad Martin
Subject: Bitcoin case

Brad:

I tried to call you but could not get through.  Do you have a few minutes to chat this afternoon?


Edwin S. Gault, Jr.
Forman Watkins & Krutz LLP
200 South Lamar Street, Suite 100
Jackson, Mississippi 39201-4099
D: 601.969.7834 | F: 601.960.8613
win.gault@formanwatkins.com<mailto:win.gault@formanwatkins.com>
<image001.png><http://www.formanwatkins.com/>

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
HINDS COUNTY, MISSISSIPPI**

**DR. DONALD RAGGIO**                                                                 **PLAINTIFFS**
**DR. CHRIS RAGGIO**


**VS.**                                                                 **CIVIL ACTION NO. 14-71**


**MTGOX a sole proprietorship;**
**MTGOX, Inc., a Delaware corporation;**
**MT.GOX KK, a Japanese corporation;**
**TIBANE KK, a Japanese corporation;**
**MUTUM SIGILLUM, LLC a Delaware limited Liability Company;**
**CODE COLLECTIVE, LLC a New York limited liability company;**
**JED McCALEB, an individual;**
**MARK KARPELES, an individual;**
**JOHN DOES 1-5, and CORPORATE JOHN DOES 1-5**                **DEFENDANTS**

---

**MOTION TO ALLOW TIME FOR DISCOVERY UNDER RULE 56(d) AND IN
OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

---

COME NOW THE PLAINTIFFS, Mississippi physicians, Dr. Chris Raggio & Dr.
Donald Raggio, by and through the undersigned counsel, and file this their Motion to Allow
Time for Discovery under Rule 56(f) and in Opposition to Defendants' Motion for Summary
Judgment [Dkt. 29 & 30], as follows:

## INTRODUCTION

This cause of action arises out of the purchase and the subsequent theft of bitcoins.
Plaintiffs, Doctors Chris and Donald Raggio wired money to purchase 9,400 bitcoins from
Defendant, Jed McCaleb in California (hereinafter referred to as "California Defendant"). To
deliver the bitcoins, California Defendant required the Raggios to open an account on his bitcoin
exchange called MTGOX. California Defendant was the sole proprietor of MTGOX exchange,

which he built out to become the largest bitcoin exchange in the world.  Pursuant to California Defendant's directions, Mississippi buyers, Chris and Donald Raggio, wired money to California Defendant, who would purchase the bitcoins and place the bitcoins in their account with his online exchange MTGOX.  MTGOX was an online bitcoin exchange which California Defendant launched in July 2010, and by 2013 was handling 70% of all bitcoin transactions.  California Defendant was the creator of MTGOX, which allowed for the trading of bitcoins much like a typical stock exchange.  Traders of bitcoins would place their bitcoins into individual accounts on the MTGOX exchange.

The Plaintiffs in this matter are father and son who reside in Jackson, Mississippi.  The father, Dr. Donald Raggio, is a child psychologist and fully tenured professor in the Department of Pediatrics at the University of Mississippi Medical Center, where he has been employed for over forty years.   The son, Dr. Chris Raggio originally was a software engineer at Skytel in Jackson, Mississippi with an undergraduate degree in computer science from the University of Alabama.  In 1999, Chris matriculated into medical school at University of Mississippi School of Medicine.   After graduation, Chris began residency training in psychiatry at the Vanderbilt University Medical Center, where he completed his internship in psychiatry.   Throughout the years, Chris has maintained a strong interest in finance and economics as a passionate hobby.  With all of his training, formally and informally, Chris developed a strong background in finance, economics, human behavior and computer science.

Chris discovered bitcoin in 2010.  He had the background and knowledge to complete a rigorous financial analysis of bitcoin's future value.  Chris' analysis revealed that bitcoin had a potential market capitalization of one billion dollars at minimum.  At the time, in 2010, bitcoin had a market capitalization of two million dollars, meaning that bitcoin could increase five

hundred times in value.    Chris' analysis has proven to be correct, with today's market capitalization of bitcoin being over ten billion dollars.

At the time, Chris did not have the capital for such a speculative investment strategy, but suggested the idea to his father, Donald Raggio, who did have the capital.    Donald Raggio liked the idea enough to provide the funds for the investment and asked his son to execute the investment strategy.

In 2010, the Doctors began to acquire bitcoins from the www.bitcoingateway.com website.    However, the Doctors were limited in the volume of bitcoins they could purchase.    Wanting to buy larger volumes of bitcoins, Dr. Chris Raggio contacted the owner of www.bitcoingateway.com, Eric Brigham, and inquired as to from whom or where larger volumes of bitcoins could be acquired.    Chris Raggio was given the name of the California Defendant, Jed McCaleb.    Chris Raggio contacted the California Defendant and was informed that he and his father could trade larger volumes of bitcoins through California Defendant's MTGOX website.

In December 2010, the Doctors opened a MTGOX account and began to acquire bitcoins from other individuals on the MTGOX exchange.    *See* Exhibit A, Affidavit of Chris Raggio at ¶ 2-3.    However, the Doctors were limited in the amount of bitcoins which could be withdrawn each day.    *Id* at ¶ 4.    The MTGOX account was funded by wire transfers from Donald Raggio's bank account directly to California Defendant.    *Id* ¶ 2.

On January 9, 2011, Chris Raggio discovered that 9,400 bitcoins were missing from the Doctors' MTGOX account and, on the same date, contacted California Defendant regarding the missing bitcoins.    *Id*. at ¶ 5 and Exhibit B, Compilation of Emails between Raggios and California Defendant, Jan. 9, 2011 at 10:36 P.M. email.    Chris Raggio discovered on January 10, 2011 the online address of where the stolen bitcoins had been transferred and immediately

notified California Defendant as to same.  *Id*. at ¶ 6 and Exhibit B, Jan. 10, 2011 at 4:44 A.M. email.  California defendant traced the transaction and determined that another one of his account holders ("Baron") on his MTGOX exchange had stolen the bitcoins from the Raggios' MTGOX account and placed them into his own account.  *See* Raggio Affidavit at ¶ 7.  California Defendant took control of and froze both the Doctors' account and Baron's account that consisted of the stolen bitcoins and $45,000.  *Id*. at ¶ 8 and Exhibit B, Jan. 10, 2011 at 4:51 A.M. email.

Unbeknownst to the Raggios, in February 2011, California Defendant sold a majority interest of the MTGOX business to Defendant Tibanne K.K., a Japanese entity, which was owned by Defendant Mark Karpeles, a Frenchman with a conviction of computer fraud who had absconded to Japan to avoid serving a one year prison sentence.  However, California Defendant could still be reached at administrator email account (admin@mtgox.com) at MTGOX.  *See* Exhibit C, Compilation of Emails between Raggios, California Defendant and Defendant Karpeles.  Chris Raggio discovered that MTGOX had been sold via online news accounts.  *Id*. at ¶ 9. He was never informed by California Defendant MTGOX would be sold to a convicted fugitive.  *Id*. at ¶ 10.  Furthermore, California Defendant never informed Chris Raggio that he retained an ownership interest in MTGOX or what role he would continue to retain in MTGOX, if any.  *Id*.

During this time, California Defendant made contact with Baron, the thief.  On February 26, 2011, California Defendant represented to Chris Raggio the following:

"It looks like at the very least this guy is going to give your coins back.  ***I want to wait longer though to gather more evidence if he is in fact related to the other fraud that has happened on the site***. (emphasis added)"

*Id*. at ¶ 11 and Exhibit C, Feb 26, 2011 at 9:33 A.M. email.  At all times, through both email and telephone conversations, California Defendant asserted to the Doctors they would receive their bitcoins back.  *Id*. at ¶ 13 and Exhibit C.

It was not until March 7, 2011, that the Doctors learned from California Defendant that Defendant Karpeles, the convicted Frenchman and fugitive from justice, would now be handling the matter of the stolen bitcoins.  *See* Exhibit C, Mar 7, 2011 at 7:19 A.M. email and Raggio Affidavit at ¶ 12.  Within the email, California Defendant represented:

> "Yeah Mark is the new owner and he handle getting your coins back.  It will still take awhile though since he has to wait to be sure baron is bluffing ***about suing us etc.***"  (emphasis added) *See* Raggio Affidavit at ¶ 12.

After the March 7, 2011 email from California Defendant, the Chris Raggio began to communicate with Defendant Karpeles in order to recover their stolen coins, but to no avail.  *See* Raggio Affidavit at ¶ 14.  Defendant Karpeles (as Tibanne K.K.) would subsequently state, that upon buying MTGOX, he had not assumed any of the liabilities, only the assets.  *Id.* at ¶ 15. Suit in this matter was filed on March 5, 2014 against numerous defendants.  Four days later, on March 9, 2014, MTGOX filed for bankruptcy protection in the Japan.  On April 25, 2015, MTGOX filed for bankruptcy protection in Bankruptcy Court for the Northern District of Texas, to temporarily halt U.S. legal action by traders who insisted the MTGOX operation was a fraud.

Defendants' blanket statement that the Plaintiffs have not taken any action in this case is simply disingenuous. With the posturing of MTGOX entering bankruptcy and with criminal charges having been filed against Defendant Karpeles in Japan, and where Defendant Karpeles is currently in custody, this matter has proved difficult.

With the bankruptcy filings in both Japan and in the United States, the Doctors and their counsel were informed that an automatic stay of the litigation was be in place.  *See* Exhibit J,

July 2, 2014, Brown Rudnick Letter.  Service of process for the Japanese Defendants proved extremely difficult.  Great expense was incurred on the retention of process servers to serve process in a foreign country in compliance with the Hague Convention.  *Id*. at ¶ 16.  Once MTGOX had filed for Chapter 15 bankruptcy protection in the United States, process servers were hired to serve Defendant Karpeles at the federal courthouse in Dallas, where Defendant Karpeles had been ordered to appear.  *Id*. at ¶ 17. Defendant Karpeles failed to appear and the Japanese Defendants were unable to be served at that time.  *Id.*  Thereafter, the Doctors moved this Court on July 3, 2014 for an extension of time in which to serve several Defendants, which was granted on July 8, 2014.  [Dkt. 18 & 19].  Unfortunately, several Defendants were never able to be served.

Once California Defendant had been served, California counsel for the Defendant made contact with the Doctors' counsel on August 22, 2014.  *See* Exhibit D, Compilation of Correspondence between Tyner Law Firm and Ethan Jacobs.  During this time, counsel for the Doctors made repeated requests to take the California Defendant's deposition.  *See* Exhibit E, Affidavit of Mitch Tyner at ¶ 4.  Each time counsel was denied the opportunity to take the California Defendant's deposition despite counsel's willingness to take the deposition in San Francisco.  *Id*. at ¶ 4-5.  The Doctors' counsel also communicated with California counsel regarding the possibility of a settlement and had reached an agreement that no default judgment would be taken and that no Answer needed be filed by the California Defendant during the time in which negotiations were taking place.  *Id*. at ¶ 3 and Exhibit D.

California Defendant has continued his work in the area of digital currency and has accounts with billions of coins of these type currencies.  Plaintiffs' counsel recognized that the easiest manner for California Defendant to handle this matter would be to trade a fraction of his

other online currencies for the balance of the 9,400 bitcoins that the Mississippi physicians purchased, and simply deliver it to them.  However, it appears that California Defendant is unwilling to honor his obligation to Chris and Donald Raggio.

Recognizing California Defendant's unwillingness to satisfy his obligation to the Mississippi physicians, undersigned counsel informed California counsel that since a settlement did not appear likely at this time.  On May 11th, counsel for plaintiffs requested that the California Defendant answer the complaint and move forward with discovery.  *See* Exhibit F, Letter to Ethan Jacobs dated May 11, 2016 and Exhibit I, Martin Affidavit at ¶ 3.  California counsel requested sixty days to file an answer even though this matter had been filed two years before.  *See* Exhibit D.  In order not to further delay this matter, the Raggios' counsel did not grant additional time to answer the complaint.  *Id*.  Two years after this matter had been filed, local counsel for the California Defendant filed an Entry of Appearance on June 1, 2016 [Dkt. 24], with an Answer being filed on June 13, 2006 on behalf of California Defendant and Defendant Code Collective.  [Dkt. 25].

Three days before the Defendants' Answer was filed in this matter, the undersigned counsel requested deposition dates of California Defendant.  *See* Exhibit G, Letter to Edwin Gault dated June 10, 2016 and Martin Affidavit at  ¶ 4.   Local defense counsel, consistent with California defense counsel, failed/refused to provide deposition dates.  On June 21, 2016 counsel for Mississippi plaintiffs' againrequested dates for the deposition of California defendant.  *Id.* at ¶  5 and Exhibit H, Compilation of Compilation of Correspondence between Tyner Law Firm and Edwin Gault, email dated June 21, 2016.  Simultaneously with the request, Counsel properly filed a *Notice of Deposition* of California Defendant for a time and date certain, but informed counsel opposite that they would not hold counsel and California Defendant to that actual time

and date and requested counsel opposite to again provide deposition dates.  Martin Affidavit at  ¶ 6.  California Defendant failed to appear for his deposition which was properly noticed, filed and served pursuant to the Mississippi Rules of Civil Procedure.  *Id.* at 8.

Obstinately, rather than appearing at the properly noticed deposition or providing deposition dates, Defendants filed their Motion for Summary Judgment and Motion for Protective Order [Dkt. 29, 30 and 31] in what can only be seen as a discovery tool to glean what the Doctors know prior to producing their California defendant for sworn testimony, which they know will be devastating due to him in not only this case.  The Mississippi Supreme Court looks with disfavor upon "the practice of parties resisting discovery on the one hand and moving for summary judgment on the other." *Smith v. H.C. Bailey Companies*, 477 So. 2d 224, 234 (Miss. 1985).

The crux of the Defendants' summary judgment motion is that the statute of limitations ran on all claims asserted by the Doctors.  It is apparent on its face that no limitation period expired prior to Drs. Chris and Donald Raggio filing suit, and it will be even more apparent once Defendants are deposed, and written discovery has been conducted. The *Motion for Summary Judgment* is nothing more than a ruse to prevent and control discovery by this California Defendant.  Undersigned counsel has submitted an affidavit attached to this Motion detailing these events and why discovery and additional time is needed under Rule 56(f).  *See* Exhibit I, Martin Affidavit.

The Doctors request that this Court deny or hold in abeyance a ruling upon the Defendants' Motion for Summary Judgment until such time that discovery in this matter has been conducted for the following reasons.

### Law in Support of Drs. Chris & Donald Raggio's Response

### & Request to Apply the Mississippi Rules of Civil Procedure as Intended.

Mississippi Rule of Civil Procedure 56(f) provides:

> Should it appear from the affidavits of the party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such order as is just.

Miss R. Civ. P. 56(f).

The Mississippi Supreme Court has stated that pursuant to Miss R. Civ. P. 56(f) a party may file his own affidavit with the court explaining his inability to oppose a motion for summary judgment because the party is *unable* to produce affidavits to oppose a motion for summary judgment. *Marx v. Truck Renting & Leasing Ass'n, Inc.*, 520 So. 2d 1333, 1343 (Miss. 1987) (emphasis added).

The *Marx* court stated that Rule 56(f) is appropriate when additional discovery is necessary or beneficial before the trial court can determine if there is a genuine issue of material fact. *Id.* The Court continued that "this is especially true where the party ... claims the necessary information rests within the possession of the party seeking summary judgment. However, the party resisting summary judgment must present specific facts why he cannot oppose the motion and must specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Id.* at 1344. Finally, Marx states that the opposing party "may not rely on vague assertions that discovery will produce needed, but unspecified, facts..." *Id.*

Furthermore, the *Marx* Court reiterated "Rule 56(f) is not designed to protect the litigants who are lazy or dilatory and normally the party invoking Rule 56(f) must show what steps have

been taken to obtain access to the information allegedly within the possession of the other party."
*Id*.

Applying *Marx* to the instant action, the Doctors are unable at this time to respond to the Defendants' Motion for Summary Judgment without conducting the deposition of the Defendants and the possibility of propounding written discovery.  As outlined in the Introduction above, and in the attached affidavit of Chris Raggio, certain written and oral representations were made by California Defendant as to the purported recovery of the bitcoins.  *See* Raggio Affidavit.  Furthermore, oral representations were made by Califoirnia Defendant as to the sale of MTGOX to Defendant Karpeles, what responsibility Defendant Karpeles would have in recovering the stolen bitcoins, and what responsibilities Defendant Karpeles had to the Doctors once Defendant Karpeles acquired MTGOX.  *Id*.

All of these representations made by California Defendant tie into the Doctors' theory that the statute of limitations was either tolled or had not yet began to run upon the theft of the bitcoins.  However, without the benefit of the California Defendant's deposition testimony to question the defendant regarding these representations, the Doctors are unable to fully respond to the arguments outlined in the Defendants' Motion for Summary Judgment.   With the California Defendant's deposition, the Doctors will be able to fully rebut the Defendants' arguments in their summary judgment motion and will be able to show that genuine issues of material fact do exist.

Defendants also attempt to argue that the Doctors have been both lazy and dilatory in this matter.  However, it should be reiterated that settlement discussions had previously taken place and that once it was apparent that the California Defendant had no intention to honor his obligation to the Mississippi physicians and would not submit to a deposition or examination under oath, counsel for the Doctors informed California counsel of the need for the Defendants

to file an Answer.  The Doctors requested deposition dates throughout this litigation of the California Defendant and he has steadfastly refused.  California defendant has obviously acted in bad faith and in concert with convicted Frenchman and Japanese defendant to steal cash and bitcoin from Mississippi physicians and countless others around the world in an amount that exceeds $500,000,000.00.  (Five Hundred $ MILLION U.S. Dollars)  Thus, the Doctor's have actually acted in great haste to procure the California Defendant's deposition and have, in accordance with Rule 56(f) and the language of *Marx*, shown what steps they have taken to obtain access to information in the possession of the Defendants.

WHEREFORE PREMISES CONSIDERED, this honorable court should grant Plaintiffs' Motion for Rule 56(f) relief, order the deposition of the California Defendant, and deny or hold in abeyance a ruling upon the Defendants' Motion for Summary Judgment until such time that discovery in this matter has been conducted.  In the alternative, should this honorable court deny the Plaintiffs' Motion, this court should grant additional time for the Plaintiffs' to respond to the Defendants' Motion for Summary Judgment.

Respectfully submitted this the 11th day of July, 2016.


s/Charles "Brad" Martin
CHARLES "BRAD" MARTIN, MSB# 100767


OF COUNSEL
MITCHELL H. TYNER, SR., MSB# 8169
CHARLES "BRAD" MARTIN, MSB# 100767
**TYNER LAW FIRM, P.A.**
5750 I-55 North
Jackson, Mississippi  39211
(601) 957-1113
(601) 957-1113 – *facsimile*

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via the Court's electronic filing system and via email on the following:

    Edwin S. Gault, Jr., Esq.
    Mandie B. Robinson, Esq.
    Forman Watkins & Krutz LLP
    200 South Lamar Street, Suite 100
    Jackson, Mississippi 39201-4099

               Respectfully submitted, this the 11th day of July, 2016.

                  s/ Charles B. Martin
                   CHARLES "BRAD" MARTIN, MSB# 100767

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
## HINDS COUNTY, MISSISSIPPI

**DR. DONALD RAGGIO**                                                       **PLAINTIFFS**
**DR. CHRIS RAGGIO**

**VS.**                                                          **CIVIL ACTION NO. 14-71**

**MTGOX a sole proprietorship;**
**MTGOX, Inc., a Delaware corporation;**
**MT.GOX KK, a Japanese corporation;**
**TIBANE KK, a Japanese corporation;**
**MUTUM SIGILLUM, LLC a Delaware limited Liability Company;**
**CODE COLLECTIVE, LLC a New York limited liability company;**
**JED McCALEB, an individual;**
**MARK KARPELES, an individual;**
**JOHN DOES 1-5, and CORPORATE JOHN DOES 1-5**              **DEFENDANTS**

### AFFIDAVIT OF CHRIS RAGGIO

**STATE OF MISSISSIPPI**
**COUNTY OF HINDS**

I, Chris Raggio, being duly sworn, deposed and says:

1.      I am one of the Plaintiffs in the matter of Donald Raggio and Chris Raggio vs. MTGOX, et. al, In the Circuit Court of Hinds County, First Judicial District, Cause No. 14-71, and I have personal knowledge of the facts set forth in this affidavit.

2.      In December 2010, I opened an account (hereinafter the "Raggio Account") on the MTGOX bitcoin exchange with my father, Don Raggio.  The account was funded with a wire transfer from my father's bank account to Defendant McCaleb.

3.      After the account was funded, I began to purchase bitcoins which were placed into the MTGOX account.

4.      My father and I were limited in the amount of bitcoins that could be withdrawn on a daily basis.

5.      On January 9, 2011, I noticed that someone had conducted unauthorized withdrawals on the account and notified Defendant McCaleb.

6.     The following day, on January 10, I discovered the electronic address/account at which the stolen bitcoins had been moved and I informed Defendant McCaleb as to same.

7.     It was subsequently discovered that another MTGOX account holder named "Baron" had purportedly stolen the bitcoins from the account.

8.     Defendant McCaleb took control and froze both the Baron account, which contain $45,000 and the stolen bitcoins, and the Raggio Account.

9.     In February 2011, I discovered from online news sources that Defendant McCaleb had sold MTGOX to Defendant Tibanne K.K., which was owned by Defendant Mark Karpeles, on February 11th 2011.

10.    Defendant McCaleb never informed me of whether he retained any ownership interest in MTGOX nor did he inform me of what role, if any, he would retain in MTGOX.  Defendant McCaleb also failed to inform me that Defendant Karpeles was a convicted fugitive .

11.    On February 26, 2011, Defendant McCaleb sent me an email stating he wanted to wait to get my coins back until he time to gather evidence that Baron was related to other fraud that had taken place on the MTGOX exchange.

12.    A week and a half later, on March 6, 2011, I emailed Defendant McCaleb to ask if I need to direct my communications to the new owner of MTGOX.  The following day Defendant McCaleb responded in the affirmative.

13.    At all times, Defendant McCaleb made written and oral representations that I would receive my bitcoins back.

14.    I began to correspond thereafter with Defendant Karpeles.

15.    In March of 2012, Defendant Tibanne K.K. made a representation that they only inherited the assets related to the bitcoin exchange and never inherited the debt that Defendant McCaleb had incurred.  Furthermore, Defendant Tibanne K.K. disavowed any responsibility.

16.    After this suit was filed, I retained at great expense several process servers to serve the foreign defendants in this matter in compliance with the Hague Convention.

17.     I also retained process servers in the United States to serve Defendant Karpeles at the Bankruptcy Court in Dallas, Texas, where he had been ordered to appear in the bankruptcy matter of MTGOX.  However, Defendant Karpeles failed to appear and was never served.

18.     Additional time is needed to fully respond to the Defendants' Motion for Summary Judgment in order for my attorneys to depose the Defendants as to the issues raised in the Defendants' motion and for my attorneys to fully flesh out their theories of my case which would counter the motion.

STATE OF MISSISSIPPI
COUNTY OF HINDS

        PERSONALLY CAME AND APPEARED BEFORE ME, the undersigned authority in and for the aforesaid jurisdiction, Chris Raggio, who, having been by me first duly sworn stated on his/her oath that the matters and things contained in the foregoing Affidavit are true and correct as therein stated.

                                        _____
                                        CHRIS RAGGIO

SWORN TO AND SUBSCRIBED BEFORE ME, this the _11th_ day of July, 2016.

                                        _____
                                        NOTARY PUBLIC

My Commission Expires:

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 83961
RITA L. SUMLAR
Commission Expires
Jan. 25, 2019
RANKIN COUNTY



Don Raggio < donald.raggio@gmail.com>

**account funded by wire**
64 messages

---

**Don Raggio** < donald.raggio@gmail.com>                                          Mon, Dec 20, 2010 at 11:30 PM
To: info@mtgox.com

Hello,

I'm based in the US.  I would like set up a Mt Gox account (right now I am having difficulty) and fund it with a wire transfer of $25000 USD.  Can you help me with the wire transfer.  Please give me the account and wire instructions.

Thanks,

Don

---

**Jed McCaleb** < admin@mtgox.com>                                               Tue, Dec 21, 2010 at 6:19 AM
To: Don Raggio < donald.raggio@gmail.com>

Hi Don,
You can send the wire to:
Jed McCaleb
Chase
SWIFT: CHASUS33XXX
routing#: 021272723
account#: 3160195000

My bank charges $15 for an incoming wire from the US and I think $50
for an international one.
Send me an email letting me know the amount you sent so I can keep an
eye out for it.
Thanks,
Jed.
[Quoted text hidden]

---

**Don Raggio** < donald.raggio@gmail.com>                                          Tue, Dec 21, 2010 at 10:01 AM
To: Jed McCaleb < admin@mtgox.com>

Ok I created an account called donraggio.  Can you place the funds in
that account?  Thanks for your help.

Don
[Quoted text hidden]

---

**Don Raggio** < donald.raggio@gmail.com>                                          Tue, Dec 21, 2010 at 10:03 AM
To: Jed McCaleb < admin@mtgox.com>

Let me know If you can put it in the donraggio account.  I'll wire
the money and let you know when it is sent.

Don

On Tuesday, December 21, 2010, Jed McCaleb <admin@mtgox.com> wrote:
[Quoted text hidden]

---

**Don Raggio** < donald.raggio@gmail.com>                                          Tue, Dec 21, 2010 at 10:39 AM
To: Jed McCaleb < admin@mtgox.com>

Is it ok if I give you a call and talk about this.  I just have some
questions about doing the wire.  I appreciate you taking the time.
My number is 6016725100

Don

On Tuesday, December 21, 2010, Jed McCaleb <admin@mtgox.com> wrote:
[Quoted text hidden]

---

**Jed McCaleb** < admin@mtgox.com>                                               Tue, Dec 21, 2010 at 3:30 PM
To: Don Raggio < donald.raggio@gmail.com>

Hi Don,
Yeah I can put it in that account.
I'm actually on vacation right now so it is hard to call. Can I call
you thursday?
Thanks,
Jed.
[Quoted text hidden]

---

**Don Raggio** < donald.raggio@gmail.com>                                          Tue, Dec 21, 2010 at 9:16 PM
To: Jed McCaleb < admin@mtgox.com>

Is it ok if I send $5000 to start?

Don

On Tuesday, December 21, 2010, Jed McCaleb <admin@mtgox.com> wrote:
[Quoted text hidden]

---

**Jed McCaleb** < admin@mtgox.com>
To: Don Raggio <donald.raggio@gmail.com>

Wed, Dec 22, 2010 at 1:05 AM

Sure how ever much you want to send.
Thanks
Jed
[Quoted text hidden]

---

**Jed McCaleb** < admin@mtgox.com>
To: Don Raggio <donald.raggio@gmail.com>

Thu, Dec 23, 2010 at 6:37 AM

Hi Don,
I'm around today. If you still want me to call you I can.
Thanks,
Jed.
[Quoted text hidden]

---

**Don Raggio** < donald.raggio@gmail.com>
To: Jed McCaleb <admin@mtgox.com>

Thu, Dec 23, 2010 at 9:50 AM

What number can I reach you at?

Don
[Quoted text hidden]

---

**Jed McCaleb** < admin@mtgox.com>
To: Don Raggio <donald.raggio@gmail.com>

Thu, Dec 23, 2010 at 11:16 AM

(917) 740-7509 but let me know when you want to call so I'll be around.
[Quoted text hidden]

---

**Don Raggio** < donald.raggio@gmail.com>
To: Jed McCaleb <admin@mtgox.com>

Fri, Dec 24, 2010 at 8:55 AM

I'm going to send $5000 to be placed in the donraggio account on mt
gox.   Thanks.   I'll send the wire today.   If you have any questions
you can reach me at 6016725100

On Tuesday, December 21, 2010, Jed McCaleb <admin@mtgox.com> wrote:
[Quoted text hidden]

---

**Don Raggio** < donald.raggio@gmail.com>
To: Jed McCaleb <admin@mtgox.com>

Fri, Dec 24, 2010 at 9:15 AM

Funds should be wired today.
Thanks
[Quoted text hidden]

---

**Jed McCaleb** < admin@mtgox.com>
To: Don Raggio <donald.raggio@gmail.com>

Fri, Dec 24, 2010 at 10:01 AM

Ok great I'll be looking for it.
Thanks,
Jed.
[Quoted text hidden]

---

**Don Raggio** < donald.raggio@gmail.com>
To: Jed McCaleb <admin@mtgox.com>

Fri, Dec 24, 2010 at 9:11 PM

Jed,

   Please let me know when to expect it to be in the account.
Thanks for your help.   Chris

Don
[Quoted text hidden]

---

**Don Raggio** < donald.raggio@gmail.com>
To: Jed McCaleb <admin@mtgox.com>

Sat, Dec 25, 2010 at 12:28 AM

Jed,

   Please let me know when to expect it to be in the account.   Thanks

Don
[Quoted text hidden]

---

**Jed McCaleb** < admin@mtgox.com>                                          Sat, Dec 25, 2010 at 6:29 AM
To: Don Raggio <donald.raggio@gmail.com>

It is there now.
Thanks,
Jed.
[Quoted text hidden]

---

**Don Raggio** < donald.raggio@gmail.com>                                   Mon, Dec 27, 2010 at 9:58 AM
To: Jed McCaleb <admin@mtgox.com>

Thanks.   The wire worked fine.   May I send another for $15000 to be
placed in my account?
[Quoted text hidden]

---

**Jed McCaleb** < admin@mtgox.com>                                          Mon, Dec 27, 2010 at 10:08 AM
To: Don Raggio <donald.raggio@gmail.com>

Yep I'll look out for it.
Thanks,
Jed.
[Quoted text hidden]

---

**Don Raggio** < donald.raggio@gmail.com>                                   Mon, Dec 27, 2010 at 12:26 PM
To: Jed McCaleb <admin@mtgox.com>

Sent it.
[Quoted text hidden]

---

**Don Raggio** < donald.raggio@gmail.com>                                   Mon, Dec 27, 2010 at 2:05 PM
To: Jed McCaleb <admin@mtgox.com>

Hey, I'm looking to make a bulk purchase with the USD I sent.   Can you tell me how I can get the best deal for the money?   Do you have any large bulk sellers or
anyone that would place a large dark pool order?

Donald

---

**Jed McCaleb** < admin@mtgox.com>                                          Mon, Dec 27, 2010 at 3:15 PM
To: Don Raggio <donald.raggio@gmail.com>

Hi Donald,
Well it depends on how fast you are hoping to convert the $ to BTC.
I'd suggest placing a large dark pool order around .27 and then you
will pick up any BTC that people are trying to sell. but it will
probably take a few days to get filled.
I see your wire as pending. it will probably clear by tomorrow.
Thanks,
Jed.
[Quoted text hidden]

---

**Don Raggio** < donald.raggio@gmail.com>                                   Tue, Dec 28, 2010 at 12:27 PM
To: Jed McCaleb <admin@mtgox.com>

Ok, waiting for it to fill.   We'll see how the market plays out.

Don
[Quoted text hidden]

---

**Don Raggio** < donald.raggio@gmail.com>                                   Tue, Dec 28, 2010 at 2:02 PM
To: Jed McCaleb <admin@mtgox.com>

Ok,  once the wire clears I'll try the dark pool order as you
suggested.     Thanks for the advice.

Don
[Quoted text hidden]

---

**Jed McCaleb** < admin@mtgox.com>                                          Tue, Dec 28, 2010 at 2:08 PM
To: Don Raggio <donald.raggio@gmail.com>

Oh it cleared this morning. I thought I saw you trading it.
Thanks,
Jed.
[Quoted text hidden]

---

**Don Raggio** < donald.raggio@gmail.com>                                   Tue, Dec 28, 2010 at 6:30 PM
To: Jed McCaleb <admin@mtgox.com>

Yeah, I was able to make the trade.   Thanks for your help.     If I
need to am I able to make withdrawals via wire or ACH transfer?   How
would I go about doing it?

Thanks

Don
[Quoted text hidden]

---

**Jed McCaleb** < admin@mtgox.com>                                                    Tue, Dec 28, 2010 at 7:53 PM
To: Don Raggio <donald.raggio@gmail.com>

Yeah I can ACH you your money back if you need it. That is the
cheapest option. I'll just need your account and routing number.

Also I noticed you have your dark pool order set to "Dark pool only".
You might want to set it to "dark pool and normal" so you can pick up
the trades as people sell small amounts of BTC. The "only" option will
just fill from other dark pool orders which will take longer to
happen.
Jed.
[Quoted text hidden]

---

**Don Raggio** < donald.raggio@gmail.com>                                            Wed, Dec 29, 2010 at 5:49 AM
To: Jed McCaleb <admin@mtgox.com>

Jed can you send me 10,000 USD from my account?

My information is

Routing number 084201278

Account 03105229

If ACH won't work do you need more information to wire it to my
BancorpSouth account?    Let me know if there is a fee for wiring.
Thanks for your service.
[Quoted text hidden]

---

**Jed McCaleb** < admin@mtgox.com>                                                    Wed, Dec 29, 2010 at 6:31 AM
To: Don Raggio <donald.raggio@gmail.com>

Ok no problem.  I sent it back to you.
Thanks,
Jed.
[Quoted text hidden]

---

**Don Raggio** < donald.raggio@gmail.com>                                            Sun, Jan 9, 2011 at 10:36 PM
To: Jed McCaleb <admin@mtgox.com>

Somebody is conducting unauthorized withdrawals on my account.  They've taken 9k in BTC so far.   I changed the password.  Please Advise.   All were sent to
1DVQEpTFjxYpZMVy4Bam9MCxeGEtmMmQCh

Don

[Quoted text hidden]

---

**Don Raggio** < donald.raggio@gmail.com>                                            Sun, Jan 9, 2011 at 11:03 PM
To: Jed McCaleb <admin@mtgox.com>

Now I am trying to withdraw and I am getting invalid bitcoin address
[Quoted text hidden]

---

**Don Raggio** < donald.raggio@gmail.com>                                            Mon, Jan 10, 2011 at 3:18 AM
To: Jed McCaleb <admin@mtgox.com>

can you give me IP address of who access my account for those withdrawals?
[Quoted text hidden]

---

**Jed McCaleb** < admin@mtgox.com>                                                    Mon, Jan 10, 2011 at 3:26 AM
To: Don Raggio <donald.raggio@gmail.com>

Oh jeez that's bad.
I would go to IRC channel #bitcoin-dev and talk to theymos. He wrote a
block explorer that you can use to possibly track where the coins
went.
Any idea how someone got your password?
Jed.
[Quoted text hidden]

---

**Jed McCaleb** < admin@mtgox.com>                                                    Mon, Jan 10, 2011 at 3:27 AM
To: Don Raggio <donald.raggio@gmail.com>

well I'm only storing the last login IP which was: 75.64.232.81
[Quoted text hidden]

---

Gmail - account funded by wire

---

**Donald Raggio** < donald.raggio@gmail.com>
To: Jed McCaleb <admin@mtgox.com>

Mon, Jan 10, 2011 at 4:14 AM

No I have no idea I just ran a key logger scanner and found nothing.   I ran block explored and just saw a new address.   Is there anything I can do?

Sent from my iPhone

[Quoted text hidden]

---

**Donald Raggio** < donald.raggio@gmail.com>
To: Jed McCaleb <admin@mtgox.com>

Mon, Jan 10, 2011 at 4:15 AM

The last one would be me.

Sent from my iPhone

[Quoted text hidden]

---

**Donald Raggio** < donald.raggio@gmail.com>
To: Jed McCaleb <admin@mtgox.com>

Mon, Jan 10, 2011 at 4:17 AM

Can I withdraw my bitcoins in a few minutes?   I think last withdrawal was at 530 yesterday?

Sent from my iPhone

[Quoted text hidden]

---

**Donald Raggio** < donald.raggio@gmail.com>
To: Jed McCaleb <admin@mtgox.com>

Mon, Jan 10, 2011 at 4:19 AM

Can you keep monitoring the ip address and keep a log?

Sent from my iPhone

On Jan 10, 2011, at 3:27 AM, Jed McCaleb <admin@mtgox.com> wrote:

> 75.64.232.81

---

**Don Raggio** < donald.raggio@gmail.com>
To: Jed McCaleb <admin@mtgox.com>

Mon, Jan 10, 2011 at 4:44 AM

Please freeze account and  send remaining bitcoin balance to
1DAFkiM5uxRDJb7UCqSX4RpRJPmh1M5ETF

Please watch
1DVQEpTFjxYpZMVy4Bam9MCxeGEtmMmQCh

This is where stolen coins went.

freeze BTCs if they come back to Mt. Gox.

Please log IPs and see if another IP tries to access account.  They most certainly will since there were 3 withdrawals in a row.

Thanks Jed.
Chris (for Don)

[Quoted text hidden]

---

**Jed McCaleb** < admin@mtgox.com>
To: Don Raggio <donald.raggio@gmail.com>

Mon, Jan 10, 2011 at 4:51 AM

Yeah I froze the account and I'm logging all IP's on login now but you
should change the password back to the one that they have so they are
able to login still so we can see what their IP is.

[Quoted text hidden]

---

**Donald Raggio** < donald.raggio@gmail.com>
To: Jed McCaleb <admin@mtgox.com>

Mon, Jan 10, 2011 at 4:55 AM

Ok I changed the password back to the one it was before.   Hopefully they will try to log in again.

Chris (for Don).

Sent from my iPhone

[Quoted text hidden]

---

**Donald Raggio** < donald.raggio@gmail.com>
To: Jed McCaleb <admin@mtgox.com>

Mon, Jan 10, 2011 at 5:11 AM

The password is changed.   I just logged in and logged out.  Maybe we will get the ip of the person who did it.   My only guess is that I got hit by a keylogger.  I will
scan my laptop today.   This is bad but hopefully you can send the rest of the btcs once enough days have passed.   Thanks for your help.

Chris (for Don)

[Quoted text hidden]

---

**Jed McCaleb** < admin@mtgox.com>
To: Donald Raggio <donald.raggio@gmail.com>

Mon, Jan 10, 2011 at 9:32 AM

ok someone logged in from: 192.231.69.201

[Quoted text hidden]

---

**Jed McCaleb** < admin@mtgox.com>
To: Donald Raggio <donald.raggio@gmail.com>

Mon, Jan 10, 2011 at 9:34 AM

Maybe still you guys?
http://www.ip2location.com/free.asp
says:
MISSISSIPPI    JACKSON UNIVERSITY OF MISSISSIPPI MEDICAL CENTER

[Quoted text hidden]

---

**Donald Raggio** < donald.raggio@gmail.com>
To: Jed McCaleb <admin@mtgox.com>

Mon, Jan 10, 2011 at 11:03 AM

That's us.   Thanks for checking.   Please keep watching.

Chris

Sent from my iPhone

[Quoted text hidden]

---

**Donald Raggio** < donald.raggio@gmail.com>
To: Jed McCaleb <admin@mtgox.com>

Mon, Jan 10, 2011 at 12:21 PM

So right now the plan is for you to send it to my bitcoin address?   How many days will you need?     If so I won't log in so you can see where the other party is
coming from.

Chris (for Don)

Sent from my iPhone

[Quoted text hidden]

---

**Don Raggio** < donald.raggio@gmail.com>
To: Jed McCaleb <admin@mtgox.com>

Tue, Jan 11, 2011 at 4:49 AM

Jed

once enough days have passed do you think you can send the remaining balance to:
1DAFkiM5uxRDJb7UCqSX4RpRJPmh1M5ETF    ?

Otherwise we can unfreeze the account and do daily withdrawals with a new password.

Thanks for your help and for talking ot me yesterday. Obviously this is a tough situation and I hope not to encounter it again.   Thanks for guiding me through. I
honestly don't know who could have done it.  That's why I was thinking it was  a key logger.   I just looked at the activity of the address in block explorer and
haven't seen any new transactions.  I haven't logged in the account since yesterday.    I don't know if the other party has attempted to log in.    please let me know
if you see any activity.

Thanks

Chris (for Don).

[Quoted text hidden]

---

**Donald Raggio** < donald.raggio@gmail.com>
To: Jed McCaleb <admin@mtgox.com>

Tue, Jan 11, 2011 at 7:52 AM

Please let me know when enough days will have passed that you can withdraw the bitcoins to my bitcoin address.     Thanks for your help.

Chris (for Don)

Sent from my iPhone

[Quoted text hidden]

---

**Jed McCaleb** < admin@mtgox.com>
To: Donald Raggio <donald.raggio@gmail.com>

Tue, Jan 11, 2011 at 8:49 AM

I'll send it to you next monday on the 17th.
Thanks,
Jed.

[Quoted text hidden]

---

**Donald Raggio** < donald.raggio@gmail.com>
To: Jed McCaleb <admin@mtgox.com>

Wed, Jan 12, 2011 at 6:31 PM

Thanks for sending it on the 17th.   I logged in again just to see if there had been any activity.   I didn't see anything logged.

Sent from my iPhone

[Quoted text hidden]

---

**Donald Raggio** < donald.raggio@gmail.com>

Sat, Jan 15, 2011 at 4:48 PM

To: Jed McCaleb <admin@mtgox.com>

Ok thanks for sending it monday.   Please let me know what address it's going to.    Also has anyone accessed the account?  I logged in once.
Chris (for Don)

Thanks

[Quoted text hidden]

---

**Donald Raggio** < donald.raggio@gmail.com>
To: Jed McCaleb <admin@mtgox.com>

Mon, Jan 17, 2011 at 8:20 AM

Please let me know when you send it.    Please let me know if there are any problems.   Thanks for your help.

Chris (for Don)
[Quoted text hidden]

---

**Jed McCaleb** < admin@mtgox.com>
To: Donald Raggio <donald.raggio@gmail.com>

Mon, Jan 17, 2011 at 8:41 AM

ok what address do you want me to send it to?
[Quoted text hidden]

---

**Don Raggio** < donald.raggio@gmail.com>
To: Jed McCaleb <admin@mtgox.com>

Mon, Jan 17, 2011 at 8:58 AM

Jed,
Please send entire balance to address

12fZ2HxkLjG9zn1u44XYsFFYKHM4A2zCea

Please let me know if there are any problems
Thanks,

Chris (for Don)

[Quoted text hidden]

---

**Jed McCaleb** < admin@mtgox.com>
To: Don Raggio <donald.raggio@gmail.com>

Mon, Jan 17, 2011 at 9:05 AM

ok there you go.
Have the stolen ones bent sent anywhere yet?
[Quoted text hidden]

---

**Don Raggio** < donald.raggio@gmail.com>
To: Jed McCaleb <admin@mtgox.com>

Mon, Jan 17, 2011 at 9:23 AM

Jed,

Thanks for sending them out.    The stolen ones are still at the same address.  I don't know who has control over them or what he or she plans  to do with them.  The log from bitcoin explorer is below.  I don't know how the password was obtained.  It wasn't an easy to guess password.    My only guess is a keylogger.  I ran software to detect one on that PC but none were found so I don't know what happened.  I guess they never bothered to login again to your site.  If they are careless enough to return them from that address to MtGox please seize them.  Let me know if you want to unfreeze my account at MtGox (and for me to change the password) or if it is just better to create a new account given what's happened.   Right now I'm just leaving it as is hoping they will login again and get their IP logged.    The information about the stolen coins is below.   Good luck running your site.    I wish we could have spent more time with you discussing bitcoin's potential instead of this problem.  Maybe we'll have a chance to do that yet.    The future is very promising.

Chris (for Don)

# Address 1DVQEpTFjxYpZMVy4Bam9MCxeGEtmMmQCh

Short link: http://blockexplorer.com/a/6C87FrVcb1

- First seen[?]: Block 101362 (2011-01-07 01:01:26)
- Received transactions: 4
- Received BTC: 9 506.33
- Sent transactions: 1
- Sent BTC: 100
- Hash160[?]: 89008dfd301ad098e368693d8bf9bcdedf78bd6c
- Public key[?]:
  04f0ceb57cc8038334c56317dc152c523f6dbb854f14f2ac63a7e9c227b9e1cee24f6bb2dcde2d9eb6f19acf57bd0eae4d7f9324905fa505f8a1a14b02a0b5c159

## Ledger[?]

Note: While the last "balance" is the accurate number of bitcoins available to this address, it is likely not the balance available to this person. Every time a transaction is sent, some bitcoins are usually sent back to yourself *at a new address* (not included in the Bitcoin UI), which makes the balance of a single address misleading. See the wiki for more info on transactions.

| Transaction[?] | Block[?] | Amount[?] | Type[?] | From/To[?] | Balance[?] |
|---|---|---|---|---|---|
| 691967a006... | Block 101362 (2011-01-07 01:01:26) 100 | Received: Address | | | 100 |

- 19n8ogD8imviHn9iZSpmUgdZqjTuDxzDwv

| f73d2bb200... | Block 101362 | (2011-01-07 01:01:26) 100 | Sent: Address | • 1Lnfce21gYa4WMZFFR4iVUFz9F39tHmz7W | 0 |
| | | | | • 12VLe9wFVdio8gEjRqFJdZ1g5qBDfVfZkJ | |

- 1K5PeNuth8dtyeBrAhw8c2n899gBvGKTut

| 4d69213ee5... | Block 101380 | (2011-01-07 02:49:29) 3134.8 | Received: Address | • 16GanxZBBxbSeWa177iSi6Y42zirxxJLnz | 3134.8 |
| | | | | • 1JCmxZiJBkQSpYEdYoukRcEz23YvrMWBzF | |

- 1JSiXdtNihFuVp16pGfJeK8DBTAmAVDteV

| a7b9ea9363... | Block 101607 | (2011-01-08 10:27:16) 3174.6 | Received: Address | • 19FuFSs6pVUsKrqUpnyRbZp5XGYSatpwUD | 6309.4 |
| | | | | • 1CRCF7qQPV9Sybe5RUN9ZcsQfqbyXycqyR | |
| | | | | • 1EJxHS9F3BDME8r8gEijKVWc2rMKCD3Ssx | |
| | | | | • 15fFrMJZkZ7YA1YRQT3PN41uKpkiRmN5ap | |

- 1JHQRFF5P9867t9hiqmPxn9rpZUZjzb92C

| 14a797025a... | Block 101760 | (2011-01-09 10:47:30) 3096.93 | Received: Address | • 16r2pK9zySywLi1beVRqCaRgCtW2rKkucZ | 9406.33 |
| | | | | • 1MgHNzdUuNsE3N5gym5ojPuHGtPmifbosC | |
| | | | | • 1DEY3nw7vUMXm5SoaVLxMG3rYeY5nPhmc | |
| | | | | • 1NeJmfjhzqqpxskJrzFJoBebcjhyFaggZd | |
| | | | | • 1Ay3N616QnNBp7bXwjKjatANHyKE2bNfHR | |
| | | | | • 13peLjL4LDQm2tiuubYQjxYV8JhaJgQQPy | |
| | | | | • 1LiMB3VwERw317K2RGh6ahJj3QaoTtRJG2 | |

Bitcoin Block Explorer (beta) - Donate: 1Cvvr8AsCfbbVQ2xoWiFD1Gb2VRbGsEf28

---

[Quoted text hidden]

---

**Donald Raggio** < donald.raggio@gmail.com>    Sun, Jan 23, 2011 at 4:17 PM
To: Jed McCaleb <admin@mtgox.com>

Jed,

The stolen ones still haven't moved.  Can you check and see if anybody has logged in?

Chris (for Don)

[Quoted text hidden]

---

**Jed McCaleb** < admin@mtgox.com>    Mon, Jan 24, 2011 at 6:10 AM
To: Donald Raggio <donald.raggio@gmail.com>

No still no logins other than you.

[Quoted text hidden]

---

**Donald Raggio** < donald.raggio@gmail.com>    Mon, Jan 24, 2011 at 6:11 AM
To: Jed McCaleb <admin@mtgox.com>

Thanks for checking.

[Quoted text hidden]

---

**Don Raggio** < donald.raggio@gmail.com>    Tue, Feb 1, 2011 at 8:09 PM
To: Jed McCaleb <admin@mtgox.com>

Jed, do you think we got hit by these guys running a dictionary attack?

http://www.bitcoin.org/smf/index.php?topic=3089.0

Chris (for Don)

[Quoted text hidden]

---

**Jed McCaleb** < admin@mtgox.com>    Tue, Feb 1, 2011 at 8:24 PM
To: Don Raggio <donald.raggio@gmail.com>

I don't think so. The attack happened after your account was stolen
from. and also these guys didn't take BTC. They would just convert it
to USD and take LR.
The coins still haven't moved?

[Quoted text hidden]

---

**Donald Raggio** < donald.raggio@gmail.com>    Tue, Feb 1, 2011 at 9:04 PM
To: Jed McCaleb <admin@mtgox.com>

Jed
They haven't moved the coins.  I'm still not sure what happened.  I ran spyshelter a keylogger detector and didn't find anything.    Here is the block info.

[Quoted text hidden]

Case 3:19-cv-00022-HTW-LRA    Document 2-1    Filed 01/10/19    Page 138 of 254
Page 9 of 9
Case: 25CI1:14-cv-00071-TTG    Document #: 35-2    Filed: 07/11/2016    Page 9 of 10

Gmail - account funded by wire

On Feb 1, 2011, at 8:24 PM, Jed McCaleb <admin@mtgox.com> wrote:

1DVQEpTFjxYpZMVy4Bam9MCxeGEtmMmQCh

---

**Donald Raggio** < donald.raggio@gmail.com>
To: Jed McCaleb <admin@mtgox.com>                                               Thu, Feb 10, 2011 at 6:54 AM

Thanks for telling me about Theymos.   It's hard for me to use IRC at work.   Maybe if we could get in touch with him he could create something that monitors that
address and notifies us when they are transferred.    I would reward him and you with BTC for recovering the stolen BTC.   Does that sound like a good idea?


PS

Thanks for creating such a cool platform.

Chris (for Don)
[Quoted text hidden]

---

**Jed McCaleb** < admin@mtgox.com>
To: Donald Raggio <donald.raggio@gmail.com>                                     Thu, Feb 10, 2011 at 7:39 AM

Ok I sent him an email.
[Quoted text hidden]

**Brad Martin**

| | |
|---|---|
| **From:** | Chris Raggio [chris.raggio@gmail.com] |
| **Sent:** | Thursday, June 09, 2016 3:51 PM |
| **To:** | Brad Martin |
| **Subject:** | Fwd: |

---------- Forwarded message ----------
From: **Don Raggio** <donald.raggio@gmail.com>
Date: Mon, Aug 1, 2011 at 8:35 PM
Subject: Fwd:
To: "Chris.raggio@gmail.com" <Chris.raggio@gmail.com>

---------- Forwarded message ----------
From: Mark Karpeles
Date: Monday, August 1, 2011
Subject:
To: Don Raggio <donald.raggio@gmail.com>

Hi,
There will be no judgment done in Japan before 2012 on that case: courts give priority to earthquake/tsunami related cases, and this "Baron" guy is 100% anonymous and we have no way to get in touch with him, and he never sent us any legal document (plus, the passport he submitted was altered), so the only way to make a fair judgment is to give him time (one year) to speak for himself.

Mark
On Tue, Aug 2, 2011 at 12:55 AM, Don Raggio <donald.raggio@gmail.com> wrote:
>
> Mark,
>
>    Have you heard anything about the situation with Baron or the case recently?   I know a lot has happened since March.  I was wondering if you could update me on the situation.  If there is a docket number or equivalent can you supply it to us so that we can follow the case.
>
> Thank you,
>
> Chris (for Don).
>
> On Mon, Mar 14, 2011 at 4:18 PM, Mark Karpeles <admin@mtgox.com> wrote:
>>
>> Hi,
>> We are currently trying to escalate the issue to obtain a judgment that would tell us what to do with the stolen coins. We cannot just return them based on a decision taken on our own.
>> This might however take longer than expected as we have had a little problem here in Japan, and most not urgent requests were delayed to may.

\>\> Thanks,

\>\> Mark

\>\>

\>\> On Mon, Mar 14, 2011 at 9:50 PM, Don Raggio <donald.raggio@gmail.com> wrote:

\>\>\>

\>\>\> Mark,

\>\>\>

\>\>\>    I'm sure you are busy but I wanted to check in to see if there

\>\>\> were any developmetnts with regard to stolen coins.    Thanks for

\>\>\> handling this for us.

\>\>\>

\>\>\>

\>\>\> Chris (for Don).

\>\>\>

\>\>\>

\>\>\>

\>\>\> On Mar 7, 2011, at 7:19 AM, Jed McCaleb <jed@mtgox.com> wrote:

\>\>\>

\>\>\> > Hi Chris,

\>\>\> > Yeah Mark is the new owner and he will handle getting your coins back.

\>\>\> > It will still take awhile though since he has to wait to be sure baron

\>\>\> > is bluffing about suing us etc.

\>\>\> > Thanks,

\>\>\> > Jed.

\>\>\> >

\>\>\> > On Sun, Mar 6, 2011 at 11:37 AM, Mark Karpeles <admin@mtgox.com> wrote:

\>\>\>\> ---------- Forwarded message ----------

\>\>\>\> From: Donald Raggio <donald.raggio@gmail.com>

\>\>\>\> Date: Mon, Mar 7, 2011 at 1:22 AM

\>\>\>\> Subject: Re:

\>\>\>\> To: Jed McCaleb <admin@mtgox.com>

\>\>\>\>

\>\>\>\>

\>\>\>\> Jed,

\>\>\>\>

\>\>\>\> I know you got a lot on your plate.   Do I keep talking to you or do I

\>\>\>\> talk to the new owner regarding recovery of the stolen BTC?

\>\>\>\>

\>\>\>\> Chris

\>\>\>\>

\>\>\>\>

\>\>\>\>

\>\>\>\> On Feb 26, 2011, at 9:33 AM, Jed McCaleb <admin@mtgox.com> wrote:

\>\>\>\>

\>\>\>\>\> Hi Chris,

\>\>\>\>\> Can you think of a way that the thief would have gotten your mtgox

\>\>\>\>\> username? Because he would have needed that before he did the

\>\>\>\>\> dictionary attack.

\>\>\>\>\> It looks like at the very least this guy is going to give your coins

\>\>\>\>\> back. I want to wait longer though to gather more evidence if he is in

>>> >> bet related to other fraud that has happened on the site.
>>> >>> Thanks,
>>> >>> Jed.
>>> >>
>>
>

**Rita Sumlar**

| | |
|---|---|
| **From:** | Ethan Jacobs <ejacobs@ksrh.com> |
| **Sent:** | Wednesday, September 10, 2014 5:59 PM |
| **To:** | Mitch Tyner |
| **Cc:** | Rita Sumlar |
| **Subject:** | RE: Jed McCaleb |
| **Attachments:** | signed sale.pdf; 20110202_mtgox sale_v3 (1).doc |

Mitch,

When Mr. McCaleb sold MTGOX to K.K. Tibanne, he and Mr. Karpeles exchanged signature pages by email. I've attached the signature page they exchanged, and the full document that they agreed to. We are in the process of gathering the emails that show this version is the same one they signed. The definition of MTGOX in the agreement makes clear that K.K. Tibanne assumed the liabilities of the MTGOX business.

Regards,
Ethan



**Ethan Jacobs**
**Keller, Sloan, Roman & Holland LLP**
555 Montgomery Street, 17th Floor
San Francisco, CA 94111
415-249-8330
415-249-8336 Direct
415-249-8333 Fax
ejacobs@ksrh.com
www.ksrh.com

**From:** Mitch Tyner [mailto:mtyner@tynerlawfirm.com]
**Sent:** Friday, September 05, 2014 10:57 AM
**To:** Ethan Jacobs
**Cc:** Rita Sumlar
**Subject:** RE: Jed McCaleb

9-5-14

Dear Mr. Jacobs:

Thank you for your call yesterday regarding *Raggio v. McCaleb.* My client is interested in exploring a resolution of this matter without protracted litigation. Would you send a copy of the agreement where Jed sold MTGOX to Karpeles?

This will confirm that we will not seek any default judgment while we discuss resolution. We will give you notice to file an answer if we cannot resolve the matter amicably.

Sincerely,

Mitch Tyner



Mitchell H. Tyner, Sr.
**TYNER LAW FIRM, P.A.**
5750 I-55 north
Jackson, MS 39211
(601)957-1113 ext. 102

---

**From:** Ethan Jacobs [mailto:ejacobs@ksrh.com]
**Sent:** Wednesday, September 03, 2014 2:39 PM
**To:** Mitch Tyner
**Subject:** RE: Jed McCaleb

Dear Mr. Tyner:

I just left you a voicemail, but wanted to follow up by email. I've reviewed the complaint in *Raggio v. MtGox* and I'd like to discuss your clients' claims against Mr. McCaleb.

Please give me a call at your earliest convenience.

Sincerely,
Ethan Jacobs



**Ethan Jacobs**
**Keller, Sloan, Roman & Holland LLP**
555 Montgomery Street, 17th Floor
San Francisco, CA 94111
415-249-8330
415-249-8336 Direct
415-249-8333 Fax
ejacobs@ksrh.com
www.ksrh.com

---

**From:** Ethan Jacobs
**Sent:** Friday, August 22, 2014 1:06 PM
**To:** Mtyner@Tynerlawfirm.com
**Subject:** Jed McCaleb

Dear Mr. Tyner:

I represent Jed McCaleb, and I understand that he was served with a summons and complaint in a lawsuit in which you represent the plaintiff. Would you please do me the courtesy of emailing me a copy?

2

Sincerely,
Ethan Jacobs



**Ethan Jacobs**
**Keller, Sloan, Roman & Holland LLP**
555 Montgomery Street, 17th Floor
San Francisco, CA 94111
415-249-8330
415-249-8336 Direct
415-249-8333 Fax
ejacobs@ksrh.com
www.ksrh.com

**Brad Martin**

| | |
|---|---|
| **From:** | Brad Martin |
| **Sent:** | Wednesday, May 18, 2016 8:11 AM |
| **To:** | 'Ethan Jacobs' |
| **Cc:** | Mitch Tyner; Rita Sumlar |
| **Subject:** | RE: Jed McCaleb |

Perfect.  Thanks.

Charles "Brad" Martin
Tyner Law Firm
5750 I-55 North
Jackson, MS 39211
Phone: (601) 957-1113, Ext. 198
Fax: (601) 957-6554

-----Original Message-----
From: Ethan Jacobs [mailto:ejacobs@ksrh.com]
Sent: Tuesday, May 17, 2016 7:05 PM
To: Brad Martin
Subject: Re: Jed McCaleb

Brad,

I received it. A 30 day extension should be sufficient.

Regards,
Ethan

On May 17, 2016, at 3:42 PM, Brad Martin
<BMartin@tynerlawfirm.com<mailto:BMartin@tynerlawfirm.com>> wrote:

Ethan,

I just wanted to make sure you had gotten my previous email.

Thanks,

Charles "Brad" Martin
Tyner Law Firm
5750 I-55 North
Jackson, MS 39211
Phone: (601) 957-1113, Ext. 198
Fax: (601) 957-6554

<mime-attachment>

**Brad Martin**

| | |
|---|---|
| **From:** | Brad Martin |
| **Sent:** | Thursday, May 12, 2016 3:23 PM |
| **To:** | 'ejacobs@ksrh.com' |
| **Cc:** | Mitch Tyner |
| **Subject:** | RE: Jed McCaleb |

Ethan,

Mitch has forwarded me your email regarding this matter.   My contact information will appear with this email.

We would ask that Mr. McCaleb respond to the Complaint within 30 days if possible.  If Mr. McCaleb has not retained local counsel in Mississippi within that time, please reach out to us and we would be agreeable to an extension.

Please feel free to reach out to me or Mitch should you need anything further.

Sincerely,

Brad

Charles "Brad" Martin
Tyner Law Firm
5750 I-55 North
Jackson, MS 39211
Phone: (601) 957-1113, Ext. 198
Fax: (601) 957-6554

**From:** Mitch Tyner
**Sent:** Wednesday, May 11, 2016 7:47 PM
**To:** Brad Martin
**Subject:** FW: Jed McCaleb


**From:** Ethan Jacobs [mailto:ejacobs@ksrh.com]
**Sent:** Wednesday, May 11, 2016 4:47 PM
**To:** Mitch Tyner
**Cc:** cmartin@tynerlawfirm.com
**Subject:** RE: Jed McCaleb

Dear Mitch:

I received the attached letter earlier today via fax on your letterhead and signed by a Mr. Charles Martin, who did not provide his email address or telephone number in the letter.  Accordingly, I'm responding to you to confirm receipt of the letter, to confirm that Mr. Martin is a member of your firm and represents the Raggios, and to guess at Mr. Martin's email address in the "cc" field above in the hopes of reaching him directly.

Although our firm has a fax number, it is a technological vestige and it is not a good way to reach me. Please contact me by email, phone, or mail in the future.

Regarding the substance of your firm's letter, Mr. McCaleb will respond to the complaint and asks that you agree that he can do so until July 8, 2016 – slightly less than 60 days from today – so that he can retain Mississippi counsel and have that new lawyer evaluate the claims.

If your clients are interested in a reasonable settlement, I am also available to discuss terms by phone at your or Mr. Martin's convenience.

Regards,
Ethan

**Keller**
**Sloan**
**Roman**
**Holland**
**LLP**

**Ethan Jacobs**
555 Montgomery Street, 17th Floor
San Francisco, CA 94111
415-249-8330
415-249-8336 Direct
415-249-8333 Fax
ejacobs@ksrh.com
www.ksrh.com

---

**From:** Mitch Tyner [mailto:mtyner@tynerlawfirm.com]
**Sent:** Thursday, May 28, 2015 8:41 AM
**To:** Ethan Jacobs
**Subject:** RE: Jed McCaleb

Thank you Ethan. I'll be in touch.

Mitch



Mitchell H. Tyner, Sr.
**TYNER LAW FIRM, P.A.**
5750 I-55 north
Jackson, MS 39211
(601)957-1113 ext. 102

2

**From:** Ethan Jacobs [mailto:ejacobs@ksrh.com]
**Sent:** Wednesday, May 27, 2015 6:32 PM
**To:** Mitch Tyner
**Subject:** RE: Jed McCaleb

Mitch,

Please see the attached letter.

Regards,
Ethan

**Keller Sloan Roman Holland LLP**

**Ethan Jacobs**
555 Montgomery Street, 17th Floor
San Francisco, CA 94111
415-249-8330
415-249-8336 Direct
415-249-8333 Fax
ejacobs@ksrh.com
www.ksrh.com

---

**From:** Ethan Jacobs
**Sent:** Tuesday, May 19, 2015 2:09 PM
**To:** Mitch Tyner
**Subject:** RE: Jed McCaleb

Mitch,

I'm writing to confirm the details of the agreement we reached during our phone call earlier this afternoon.

As I understand the agreement, we will provide you with a letter, which will be a confidential settlement communication, by May 29. The letter will set out some of the more important problems that we see with your clients' claims, in the hope that either you will respond with countervailing authority and arguments that correct our impressions of the claims' viability, or that your clients will change their own views about their claims. In the meantime, you will continue to grant Mr. McCaleb an extension of his time to respond to the complaint.

Please let me know if I have any of the details wrong.

Regards,
Ethan

**Keller Sloan Roman Holland LLP**

**Ethan Jacobs**
555 Montgomery Street, 17th Floor
San Francisco, CA 94111
415-249-8330
415-249-8336 Direct
415-249-8333 Fax
ejacobs@ksrh.com
www.ksrh.com

3

**From:** Ethan Jacobs
**Sent:** Monday, May 18, 2015 4:03 PM
**To:** Mitch Tyner
**Subject:** Jed McCaleb

Mitch,

I just left you a voicemail, but I'm following up by email as well.  I've had a chance to confer with Mr. McCaleb and would like to provide an update. Please give me a call when you have a few minutes.

Regards,
Ethan

Keller
Sloan
Roman
Holland
LLP

**Ethan Jacobs**
555 Montgomery Street, 17th Floor
San Francisco, CA 94111
415-249-8330
415-249-8336 Direct
415-249-8333 Fax
ejacobs@ksrh.com
www.ksrh.com

**Mitch Tyner**

| | |
|---|---|
| **From:** | Ethan Jacobs <ejacobs@ksrh.com> |
| **Sent:** | Wednesday, May 13, 2015 2:46 PM |
| **To:** | Mitch Tyner |
| **Subject:** | RE: Jed McCaleb |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Mitch,

I left you a voicemail on Monday and sent you the email below, but the email seems to have bounced.  If you are interested in continuing our conversation, please feel free to call me.

Regards,

Ethan



**Ethan Jacobs**
555 Montgomery Street, 17th Floor
San Francisco, CA 94111
415-249-8330
415-249-8336 Direct
415-249-8333 Fax
ejacobs@ksrh.com
www.ksrh.com

---

**From:** Ethan Jacobs
**Sent:** Monday, May 11, 2015 11:25 AM
**To:** Mitch Tyner
**Subject:** Jed McCaleb

Mitch,

I've had a chance to confer with Jed, and I'd like to continue our conversation from last week.  Could you please call me when you have a few minutes to talk?

Regards,

Ethan



**Ethan Jacobs**
555 Montgomery Street, 17th Floor
San Francisco, CA 94111
415-249-8330
415-249-8336 Direct
415-249-8333 Fax
ejacobs@ksrh.com
www.ksrh.com

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
## HINDS COUNTY, MISSISSIPPI

**DR. DONALD RAGGIO**                                                  **PLAINTIFFS**
**DR. CHRIS RAGGIO**

**VS.**                                                  **CIVIL ACTION NO. 14-71**

**MTGOX a sole proprietorship;**
**MTGOX, Inc., a Delaware corporation;**
**MT.GOX KK, a Japanese corporation;**
**TIBANE KK, a Japanese corporation;**
**MUTUM SIGILLUM, LLC a Delaware limited Liability Company;**
**CODE COLLECTIVE, LLC a New York limited liability company;**
**JED McCALEB, an individual;**
**MARK KARPELES, an individual;**
**JOHN DOES 1-5, and CORPORATE JOHN DOES 1-5**          **DEFENDANTS**

### AFFIDAVIT OF MITCHELL H. TYNER

MITCHELL H. TYNER, being first duly sworn, deposes and says as follows:

1.      My name is Mitchell H. Tyner, and I am one of the attorneys for the Plaintiffs in this case. I have personal knowledge of the facts set forth in this affidavit.

2.      On August 22, 2014, I was contacted by California counsel for Defendant McCaleb requesting a courtesy copy of the summons and complaint in this matter.

3.      I reached an agreement with California counsel that the Plaintiffs in this matter would not seek a default judgment while both sides discussed resolution and that notice would be given that if this matter could not be resolved amicably that an Answer should be filed.

4.      During this time I requested the deposition of Defendant McCaleb on several occasions and offered to depose Defendant McCaleb in San Francisco.

5.      Despite my attempts to depose Defendant McCaleb, each attempt was rejected by California counsel.

6.     The discovery sought by the Plaintiffs is directly related to several issues raised in the Motion for Summary Judgment, particularly to the time the statute of limitations began to run and/or was tolled.

7.     Due to the Defendants' noncompliance with the request for deposition dates, the Plaintiffs cannot fully present by affidavit facts essential to justify their opposition to the Motion for Summary Judgment, as required by Mississippi Rule of Civil Procedure 56.

8.     Additional time is needed in order to provide a proper response to the Motion for Summary Judgment once discovery has been obtained from the Defendants.


STATE OF MISSISSIPPI
COUNTY OF HINDS

    PERSONALLY CAME AND APPEARED BEFORE ME, the undersigned authority in and for the aforesaid jurisdiction, Mitchell H. Tyner, who, having been by me first duly sworn stated on his/her oath that the matters and things contained in the foregoing Affidavit are true and correct as therein stated.

MITCHELL H. TYNER

SWORN TO AND SUBSCRIBED BEFORE ME, this the 11th day of July, 2016.

NOTARY PUBLIC

My Commission Expires:

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 83961
RITA L. SUMLAR
Commission Expires
Jan. 25, 2019
RANKIN COUNTY

05/10/2016  22:59    601-957-6554            TYNER LAW FIRM PA              PAGE 01



# TYNER LAW FIRM, P.A.

**Mitchell H. Tyner, Sr.**
mtyner@tynerlawfirm.com

Licensed:  Mississippi
Louisiana
Texas
District of Columbia

May 11, 2016

Ethan Jacobs, Esq.
Keller, Sloan, Roman & Holland LLP
555 Montgomery Street, 17th Floor
San Francisco, CA 94111

VIA FAX 415.249.8333 and United States Mail

Re:    *Donald Raggio, et al. v. MtGox, et al., Hinds Country Circuit Court Civil
       Action No. 14-71*

Dear Mr. Jacobs:

As one of the attorneys for the Plaintiffs in the above cause, I am writing in order to let you
know that at this time my co-counsel Mitch Tyner and I are ready to pursue this matter further.
We have discussed your May 28, 2015 letter stating your position and do not feel we will be able
to reach a settlement at this time.

As you may recall, Mr. Tyner stated in a September 5, 2014 email that the Plaintiffs would not
seek a default judgment in that settlement discussions were ongoing.  Please let acknowledge
receipt of this letter and that you will be filing an answer on the behalf of your client.

We look forward to hearing from you on this matter.

Sincerely yours,

Charles "Brad" Martin, Esq.
TYNER LAW FIRM, P.A.

C:BM/lp

*Integrity in Law*



# TYNER LAW FIRM, P.A.

**Mitchell H. Tyner, Sr.**
mtyner@tynerlawfirm.com

Licensed:   Mississippi
                    Louisiana
                    Texas
                    District of Columbia

June 10, 2016

Edwin S. Gault, Jr., Esq.
Forman Watkins & Krutz LLP
City Centre, Suite 100
200 South Lamar Street
Jackson, Mississippi  39201-4099

Re:   *Donald Raggio, et al. v. MtGox, et al., In the Circuit Court of Hinds County,*
         *First Judicial District, Civil Action No. 14-71*

Dear Win:

It was good speaking with you earlier this week.  We wish to go ahead and depose your client as soon as possible and we would like to get several dates from you as to when Mr. McCaleb is available.

I look forward to hearing from you.

Sincerely yours,

Charles "Brad" Martin, Esq.
TYNER LAW FIRM, P.A.

*Integrity in Law*

**Brad Martin**

| | |
|---|---|
| **From:** | Brad Martin |
| **Sent:** | Monday, June 27, 2016 11:40 AM |
| **To:** | 'Win Gault' |
| **Subject:** | RE: Raggio v. McCaleb |

Win, I don't see the need for the filing of a Protective Order in that I stated below our filing of the Notice of Deposition was in order to proceed in this matter expeditiously. I also stated that we would not hold firm to the date in the Notice.

If you could provide me with dates in the near future for when your client is available to be deposed I will gladly re-notice.  If not, you can proceed with filing your Motion and we will respond.

Thanks,

Charles "Brad" Martin
Tyner Law Firm
5750 I-55 North
Jackson, MS 39211
Phone: (601) 957-1113, Ext. 198
Fax: (601) 957-6554


-----Original Message-----
From: Win Gault [mailto:Win.Gault@formanwatkins.com]
Sent: Monday, June 27, 2016 11:23 AM
To: Brad Martin
Subject: RE: Raggio v. McCaleb

The deposition you unilaterally noticed will not go forward next week.  We are filing a motion for protective order.

Win Gault
Forman Watkins & Krutz LLP
www.formanwatkins.com




-----Original Message-----
From: Brad Martin [mailto:BMartin@tynerlawfirm.com]
Sent: Monday, June 27, 2016 8:24 AM
To: Win Gault
Subject: RE: Raggio v. McCaleb

Win, I wanted to follow up with you on this.

My email server and phone system decided to crash on Thursday and was down for several days, so I have no way of knowing if you responded.

Thanks,
Brad

Charles "Brad" Martin

1

Tyner Law Firm
5750 I-55 North
Jackson, MS 39211
Phone: (601) 957-1113, Ext. 198
Fax: (601) 957-6554

-----Original Message-----
From: Brad Martin
Sent: Tuesday, June 21, 2016 11:04 AM
To: 'Win Gault'
Subject: RE: Raggio v. McCaleb

Thanks Win. I have gone ahead and filed a Notice of Deposition so we can get the ball rolling on this matter, but we certainly aren't going to hold fast to the date in the Notice. Once you get back into the office, if you could provide us with a few dates in the near future I will re-notice.

I look forward to hearing from you.

Charles "Brad" Martin
Tyner Law Firm
5750 I-55 North
Jackson, MS 39211
Phone: (601) 957-1113, Ext. 198
Fax: (601) 957-6554


-----Original Message-----
From: Win Gault [mailto:Win.Gault@formanwatkins.com]
Sent: Tuesday, June 21, 2016 8:34 AM
To: Brad Martin
Subject: Re: Raggio v. McCaleb

I am on the road but will get back with you by the end of the week.

Sent from my iPad

On Jun 21, 2016, at 8:29 AM, "Brad Martin"
<BMartin@tynerlawfirm.com<mailto:BMartin@tynerlawfirm.com>> wrote:

Win, I wanted to follow up with you regarding our  request for deposition dates of Mr. McCaleb.

Thanks,
Brad

Charles "Brad" Martin
Tyner Law Firm
5750 I-55 North
Jackson, MS 39211
Phone: (601) 957-1113, Ext. 198
Fax: (601) 957-6554

From: Win Gault [mailto:Win.Gault@formanwatkins.com]
Sent: Thursday, June 02, 2016 1:38 PM
To: Brad Martin
Subject: Bitcoin case

Brad:

I tried to call you but could not get through.  Do you have a few minutes to chat this afternoon?


Edwin S. Gault, Jr.
Forman Watkins & Krutz LLP
200 South Lamar Street, Suite 100
Jackson, Mississippi 39201-4099
D: 601.969.7834 | F: 601.960.8613
win.gault@formanwatkins.com<mailto:win.gault@formanwatkins.com>
<image001.png><http://www.formanwatkins.com/>

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
HINDS COUNTY, MISSISSIPPI**

**DR. DONALD RAGGIO**                                              **PLAINTIFFS**
**DR. CHRIS RAGGIO**

**VS.**                                                           **CIVIL ACTION NO. 14-71**

**MTGOX a sole proprietorship;**
**MTGOX, Inc., a Delaware corporation;**
**MT.GOX KK, a Japanese corporation;**
**TIBANE KK, a Japanese corporation;**
**MUTUM SIGILLUM, LLC a Delaware limited Liability Company;**
**CODE COLLECTIVE, LLC a New York limited liability company;**
**JED McCALEB, an individual;**
**MARK KARPELES, an individual;**
**JOHN DOES 1-5, and CORPORATE JOHN DOES 1-5**          **DEFENDANTS**

## AFFIDAVIT OF CHARLES MARTIN

CHARLES MARTIN, being first duly sworn, deposes and says as follows:

1.      My name is Charles Martin, and I am one of the attorneys for the Plaintiffs in this case.  I have personal knowledge of the facts set forth in this affidavit.

2.      Prior to the Defendants' filing an Answer in this matter on June 13, 2016, my law firm had been in negotiations with Defendant McCaleb's California counsel regarding a possible settlement and an agreement was in place that Defendant Caleb/Code Collective need not file an Answer in that settlement discussions were ongoing.

3.      On May 11, 2016, I notified California counsel that a settlement was unreachable at this time and that an Answer would need to be filed.

4.      On June 10, 2016, I requested deposition dates from Mississippi counsel.

5.      When dates were not forthcoming, I again requested deposition dates on June 21, 2016.

6.      On the same date, I filed a Notice of Deposition, as a last resort, setting the deposition of California Defendant for a time and date certain, but informed counsel opposite that we would

not hold counsel and California Defendant to that actual time and date and requested counsel opposite to again provide deposition dates.

7.     Instead of providing potential deposition dates, counsel responded that he would file a Motion for Protective Order.

8.     California Defendant failed to appear for his deposition which was properly noticed, filed and served pursuant to the Mississippi Rules of Civil Procedure.

9.     The discovery sought by the Plaintiffs is directly related to several issues raised in the Motion for Summary Judgment, particularly to the time the statute of limitations began to run and/or was tolled.

10.     Due to the Defendants' noncompliance with the request for deposition dates, the Plaintiffs cannot fully present by affidavit facts essential to justify their opposition to the Motion for Summary Judgment, as required by Mississippi Rule of Civil Procedure 56.

11.     Additional time is needed in order to provide a proper response to the Motion for Summary Judgment once discovery has been obtained from the Defendants.


STATE OF MISSISSIPPI
COUNTY OF HINDS

        PERSONALLY CAME AND APPEARED BEFORE ME, the undersigned authority in and for the aforesaid jurisdiction, Charles Martin, who, having been by me first duly sworn stated on his/her oath that the matters and things contained in the foregoing Affidavit are true and correct as therein stated.

CHARLES MARTIN

SWORN TO AND SUBSCRIBED BEFORE ME, this the 11th day of July, 2016.

NOTARY PUBLIC

My Commission Expires:



**BR**OWN**RUDNICK**

DANIEL J. SAVAL
direct dial: (212) 209-4905
fax: (212) 938-2893
dsaval@brownrudnick.com

Seven
Times
Square
New York
New York
10036
tel 212.209.4800
fax 212.209.4801

July 2, 2014

**VIA FIRST-CLASS MAIL AND E-MAIL**

Mitchell H. Tyner, Sr.
TYNER LAW FIRM, P.A.
5750 I-55 North
Jackson, MS 39211
Email: mitch@tynerlawfirm.com

Re:  **Raggio v. MtGox, _et al._, Civil Action No. 14-71 (1st Judicial District, Hinds Cty.)**

Dear Mr. Tyner:

This firm is United States counsel to Mr. Nobuaki Kobayashi, in his capacity as the bankruptcy trustee and foreign representative (the "Foreign Representative") of MtGox Co., Ltd., a/k/a MtGox KK ("MtGox" or the "Debtor"), a debtor in a bankruptcy proceeding under Japanese law (the "Japan Proceeding") and in a related Chapter 15 bankruptcy case pending in the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court"), captioned _In re MtGox Co., Ltd. a/k/a MtGox KK_, Case No. 14-31229 (Bankr. N.D. Tex.) (the "Chapter 15 Case").  We write in connection with the action styled _Raggio v. MtGox,_ et al., Civil Action No. 14-71 (1st Judicial District, Hinds Cty.) (the "Raggio Action"), in which your clients have asserted claims against, among other parties, the Debtor.  Although the complaint in the Raggio Action appears to have been filed on March 5, 2014, we did not learn of the Raggio Action until very recently, when it was purportedly served on MtGox, Inc. (a Delaware corporation that is another defendant in the action).

Please be advised that, on June 19, 2014, the Bankruptcy Court entered the _Order Recognizing Foreign Main Proceeding and Granting Related Relief_ [Docket No. 151] (the "Recognition Order"), a copy of which is enclosed herewith.  The Recognition Order, among other things, recognized the Japan Proceeding as a foreign main proceeding under Chapter 15 of the Bankruptcy Code.  Pursuant to Bankruptcy Code Section 1520(a)(1), one of the automatic and immediate effects of recognition of a foreign main proceeding is the application of the automatic stay of Section 362 of the Bankruptcy Code to the Debtor and the property of the Debtor within the United States.  _See_ 11 U.S.C. § 1520(a)(1) ("Upon recognition of a foreign proceeding that is a foreign main proceeding – (1) sections 361 and 362 apply with respect to the debtor and the property of the debtor that is within the territorial jurisdiction of the United States.").

Therefore, as a result of entry of the Recognition Order, the Raggio Action as against the Debtor is now stayed and any further prosecution of that action as against the Debtor by your clients would clearly violate the automatic stay.  _See, e.g.,_ 11 U.S.C. § 362(a)(1) (automatic stay applies to



"the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under [the Bankruptcy Code], or to recover a claim against the debtor that arose before the commencement of the case under [the Bankruptcy Code]").

The Foreign Representative reserves all rights to seek appropriate sanctions and other relief for any violations of the automatic stay, and reserves all other rights, claims, remedies and defenses.

Please contact me with any questions.

Very truly yours,

BROWN RUDNICK LLP

Daniel J. Saval

Encl.

# EXHIBIT A



U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed June 18, 2014**

**United States Bankruptcy Judge**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

|  |  |
|---|---|
| In re: | Chapter 15 |
| MtGox Co., Ltd. (a/k/a MtGox KK), |  |
|  | Case No. 14-31229-sgj-15 |
| Debtor in a Foreign Proceeding. |  |

### ORDER RECOGNIZING FOREIGN MAIN PROCEEDING
### AND GRANTING RELATED RELIEF

Upon the *Amended Verified Petition for Recognition and Chapter 15 Relief* (the "Amended Recognition Petition")[1] [Docket No. 126] filed by Nobuaki Kobayashi (the "Petitioner"), in his capacity as the bankruptcy trustee and foreign representative of the above-captioned debtor (the "Debtor"), seeking recognition of the bankruptcy procedure of the Debtor under Japan's Bankruptcy Act currently pending before the Tokyo District Court, Twentieth Civil Division (the "Japan Proceeding"), as a "foreign main proceeding" pursuant to section

---

[1]   Capitalized terms referred to but not otherwise defined herein shall have the meanings ascribed to them in the Amended Recognition Petition.

1517 of title 11 of the United States Code (the "Bankruptcy Code") and related relief under

Chapter 15 of the Bankruptcy Code; and upon the hearing on the Amended Recognition Petition

and this Court's review and consideration of the Amended Recognition Petition, the *Declaration*

*of Nobuaki Kobayashi in Support of the Amended Verified Petition for Recognition and Chapter*

*15 Relief* [Docket No. 127], and the *Memorandum of Law in Support of Amended Petition for*

*Recognition and Chapter 15 Relief* [Docket No. 128];

        **IT IS HEREBY FOUND AND DETERMINED THAT:**[2]

        A.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.

        B.      The consideration of the Amended Recognition Petition and the relief requested

therein is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

        C.      For purposes of the relief sought in the Amended Recognition Petition only,

venue is proper before this Court pursuant to 28 U.S.C. § 1410, subject to the *Joint Stipulation*

*and Order Between the Greene Plaintiffs and the Foreign Representative of MtGox Co., Ltd.*

[Docket No. 149] (the "Greene Stipulation") and the *Joint Stipulation and Order Between the*

*Foreign Representative of MtGox Co., Ltd. and CoinLab, Inc.* [Docket No. 147] (the "CoinLab

Stipulation").

        D.      Good, sufficient, appropriate and timely notice of the filing of the Amended

Recognition Petition and the hearing on the Amended Recognition Petition has been given by the

---

[2]    The findings and conclusions set forth herein and in the record of the hearing on the Amended Recognition Petition constitute this Court's findings of facts and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). To the extent any of the findings of fact herein constitute findings of fact, they are adopted here as such. To the extent any of the conclusions of law herein constitute findings of fact, they are adopted as such.

Petitioner, pursuant to the *Order Granting Approval of Amended Notice Procedures with Respect to Recognition Hearing*, entered on May 22, 2014 [Docket No. 124].

     E.     No objections or other responses were filed that have not been overruled, withdrawn, or otherwise resolved.

     F.     The Petitioner has satisfied the requirements of section 1515 of the Bankruptcy Code.

     G.     The Petitioner has satisfied the requirements of Bankruptcy Rule 1007(a)(4).

     H.     The Petitioner is a "person" pursuant to section 101(41) of the Bankruptcy Code and is the "foreign representative" of the Debtor as such term is defined in section 101(24) of the Bankruptcy Code.

     I.     The Japan Proceeding is a "foreign proceeding" as such term is defined in section 101(23) of the Bankruptcy Code.

     J.     The Japan Proceeding is pending in Japan, where the Debtor's "center of main interests," as referred to in section 1517(b)(1) of the Bankruptcy Code, is located and, accordingly, the Japan Proceeding is a "foreign main proceeding" as such term is defined in section 1502(4) of the Bankruptcy Code, and is entitled to recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code.

     K.     The Petitioner is entitled to all the relief provided pursuant to sections 1520, 1521(a)(4) and 1521(a)(5) of the Bankruptcy Code without limitation.

     **BASED ON THE FOREGOING FINDINGS OF FACT AND AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED THAT:**

     1.     The Amended Recognition Petition is **GRANTED**.

Gardere01 - 6463331v.1

Case 3:19-cv-00022-HTW-LRA   Document 2-1   Filed 01/10/19   Page 168 of 254
Case: 25CI1:14-cv-00071-TTG   Document #: 35-10   Filed: 07/11/2016   Page 7 of 10
Case 14-31229-sgj15 Doc 151 Filed 06/19/14   Entered 06/19/14 08:24:30   Page 4 of 7

2.     The Japan Proceeding is recognized as a foreign main proceeding pursuant to sections 1517(a) and 1517(b)(1) of the Bankruptcy Code, and all of the effects of recognition as set forth in section 1520 of the Bankruptcy Code shall apply.

3.     The Petitioner is and shall be recognized as the foreign representative of the Debtor.

4.     The Petitioner is entitled to the full protections and rights enumerated under sections 1521(a)(4) and 1521(a)(5) of the Bankruptcy Code, and accordingly, the Petitioner:

    a.  has the right and power to examine witnesses, take evidence or deliver information concerning the Debtor's assets, affairs, rights, obligations, or liabilities; and

    b.  is entrusted with the administration and realization of all of the Debtor's assets within the territorial jurisdiction of the United States.

5.     The Petitioner is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

6.     Pursuant to the CoinLab Stipulation:

    a.  Any and all claims, rights and defenses that CoinLab, Inc. ("CoinLab") possesses prior to entry of this Order, whether under the Bankruptcy Code, or as otherwise asserted in its status conference statement (the "Status Conference Statement") [Docket No. 129], are fully reserved after entry of this Order in accordance with the terms of this Order, including but not limited to CoinLab's right or defense to:

        i.  oppose any sales of assets or settlements of or involving assets of the Debtor that purport to be free and clear of CoinLab's asserted claims, intellectual property licenses, rights or defenses;

4

    ii.  take any action CoinLab deems appropriate to defend any of its asserted claims, rights or defenses in the Japan Proceeding or in this Chapter 15 case in accordance with applicable law or against any person or entity besides the Debtor and the Foreign Representative; and

    iii.  file a motion seeking to transfer venue of this Chapter 15 case to a venue that CoinLab believes is preferable or appropriate, in the event that another party files such a motion or if a challenge to venue is brought before the Court by another party or on the Court's own motion (but CoinLab shall not otherwise raise a challenge to venue in this Chapter 15 case).

b.  The reservation of rights and defenses as set forth herein shall not prejudice CoinLab's ability to assert such rights or defenses in the future if such disputed issues become ripe for consideration by this Court, provided that nothing in this Order shall be construed as granting CoinLab any rights, claims or defenses that it did not possess prior to entry of this Order.

c.  Notwithstanding anything to the contrary set forth in subparagraphs (a) and (b) above, except that CoinLab shall suffer no prejudice or adverse effect from its agreement to reserve rights and defenses with respect to issues either raised in the Status Conference Statement or not presently before the Court in reliance on the CoinLab Stipulation, nothing herein shall be, nor shall be deemed to be, (i) a modification or impairment in any respect of (a) the effects of recognition of the Japan Proceeding as a foreign main proceeding under the Bankruptcy Code or other applicable law, (b) the rights of the Foreign Representative upon such

5

Case 3:19-cv-00022-HTW-LRA   Document 2-1   Filed 01/10/19   Page 170 of 254
Case 25-cv-00071-TTG   Document #: 35-10   Filed: 07/11/2016   Page 9 of 10
Case 14-81229-sgj15 Doc 151 Filed 06/19/14   Entered 06/19/14 08:24:30   Page 6 of 7

recognition, or (c) the other relief granted pursuant to this Order, or (ii) a waiver of any rights, claims or defenses of the Foreign Representative or CoinLab, including, without limitation, (x) the Foreign Representative's right to subsequently seek any relief, or dispute and oppose any relief subsequently sought by CoinLab, in this Chapter 15 case, in the Japan Proceeding or otherwise, or (y) CoinLab's right to respond thereto or otherwise to dispute and oppose any relief subsequently sought by the Foreign Representative in this Chapter 15 case, in the Japan Proceeding or otherwise.

7.    This Order is subject to the Greene Stipulation and all rights reserved in the Greene Stipulation remain in full force and effect.

8.    This Court shall retain jurisdiction with respect to: (i) the enforcement, amendment or modification of this Order; (ii) any requests for additional relief; (iii) any adversary proceeding in and through this Chapter 15 case; and (iv) any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

**# # # END OF ORDER # # #**

Prepared and Submitted by:

**GARDERE WYNNE SEWELL LLP**

*/s/  Marcus A. Helt*
Marcus A. Helt (TX 24052187)
Thomas Scannell (TX 24070559)
Gardere Wynne Sewell LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201-4761
Telephone:  (214) 999-3000
Facsimile:  (214) 999-4667
Email:  mhelt@gardere.com
Email:  tscannell@gardere.com

- and -

**BROWN RUDNICK LLP**
David J. Molton (*admitted pro hac vice*)
Daniel J. Saval (*admitted pro hac vice*)
Seven Times Square
New York, New York 10036
Telephone:  (212) 209-4800
Facsimile:  (212) 209-4801
Email:  dmolton@brownrudnick.com
Email:  dsaval@brownrudnick.com

*Counsel for Nobuaki Kobayashi, in his capacity
as the Bankruptcy Trustee and Foreign Representative
of MtGox Co., Ltd., a/k/a MtGox KK*

Gardere01 - 6463331v.1

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
HINDS COUNTY, MISSISSIPPI**

**DR. DONALD RAGGIO**                                            **PLAINTIFFS**
**DR. CHRIS RAGGIO**


**VS.**                                            **CIVIL ACTION NO. 14-71**


**MTGOX a sole proprietorship;**
**MTGOX, Inc., a Delaware corporation;**
**MT.GOX KK, a Japanese corporation;**
**TIBANE KK, a Japanese corporation;**
**MUTUM SIGILLUM, LLC a Delaware limited Liability Company;**
**CODE COLLECTIVE, LLC a New York limited liability company;**
**JED McCALEB, an individual;**
**MARK KARPELES, an individual;**
**JOHN DOES 1-5, and CORPORATE JOHN DOES 1-5**                **DEFENDANTS**

---

**PLAINTIFFS' MOTION TO COMPEL DEPOSITION OF DEFENDANT MCCALEB**

---

COME NOW Dr. Chris Raggio and Dr. Donald Raggio, plaintiffs, by and through the undersigned counsel, and file this their Motion to Compel Deposition of Defendant McCaleb, as follows:

1.      Doctors Chris and Donald Raggio filed their suit in this matter on March 7, 2014, arising out of the purchase and the subsequent theft of bitcoins from the Raggio's account on a bitcoin exchange called MTGOX.  Defendant McCaleb (hereinafter "California Defendant") was the sole proprietor of MTGOX exchange.

2.      As early as September of 2014, counsel for Chris and Donald Raggio was in communication with California counsel for the California Defendant regarding deposition dates

along with the discussion of possible settlement.  Counsel for the doctors had graciously agreed that no Answer need be filed by the California Defendant pending these settlement discussions.

3.      Repeated requests to California counsel to take the California Defendant's deposition were made.  Each time counsel was denied the opportunity to take the California Defendant's deposition, despite counsel's willingness to take the deposition in San Francisco.

4.      After settlement discussions did not go anywhere, counsel for Mississippi physicians, Chris & Donald Raggio, requested that California Defendant file an answer to get this matter moving on this Court's docket.

5.      On June 10, 2016, three days before the Defendants' Answer was filed in this matter, counsel for Mississippi physicians again requested deposition dates of California Defendant.  Local defense counsel utterly failed to provide any dates for the deposition of his client.   A copy of correspondence with local defense counsel is attached hereto as Exhibits "A" and "B".

6.      On June 21, 2016, counsel for Mississippi physicians again requested deposition dates for the California defendant. Simultaneously, undersigned Counsel filed a Notice of Deposition [Dkt. 27] setting the deposition of California Defendant for a time and date certain and informed counsel opposite that they would not hold counsel and California Defendant to that actual time and date if they would simply provide a convenient time and date for California defendant's deposition.  Counsel for California defendant still refused to provide a time and date for his client's deposition.

7.      On June 27, 2016 (eight days prior to the properly noticed deposition of California defendant), counsel responded that a motion for protective order would be forthcoming.

8.     Counsel for Mississippi physicians informed defendant's counsel that the Mississippi physicians, Chris and Donald Raggio, simply wanted to set an agreeable time to take the California defendant's deposition.  Defense counsel was advised that a *Motion for Protective Order* would not be required if he would simply provide a date and time for his client's deposition.

9.     California defendant and his counsel failed to appear at his deposition which was properly set and noticed pursuant to Mississippi Rules of Civil Procedure.

10.    Rather than participate in normal discovery, it is abundantly clear that California defendant is attempting to thwart the Mississippi discovery rules and to steer discovery in a manner that he deems most beneficial to him.  Without any further communication from California defendant's counsel, defendant's counsel filed a *Motion for Protective Order* and a *Motion for Summary Judgment.*

11.    Counsel cannot effectively litigate this matter, adequately respond to the Defendant's Motion for Summary Judgment nor evaluate the potential for possible settlement without the Defendant's deposition.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs, Dr. Chris Raggio and Dr. Donald Raggio, respectfully request this Court to enter an Order compelling the Defendant McCaleb to appear for deposition in the State of Mississippi.  Furthermore, the Plaintiffs, Dr. Chris Raggio and Dr. Donald Raggio, respectfully request that if Defendant McCaleb fails to comply with said Order compelling his deposition that sanctions be ordered granting all costs and attorney fees for the necessity of having to bring this Motion and that a final judgment be entered for the Plaintiffs.

Respectfully submitted this the 11th day of July, 2016.

s/Charles "Brad" Martin
CHARLES "BRAD" MARTIN, MSB# 100767

OF COUNSEL
MITCHELL H. TYNER, SR., MSB# 8169
CHARLES "BRAD" MARTIN, MSB# 100767
**TYNER LAW FIRM, P.A.**
5750 I-55 North
Jackson, Mississippi  39211
(601) 957-1113
(601) 957-1113 – *facsimile*

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via the Court's electronic filing system and via email on the following:

    Edwin S. Gault, Jr., Esq.
    Mandie B. Robinson, Esq.
    Forman Watkins & Krutz LLP
    200 South Lamar Street, Suite 100
    Jackson, Mississippi 39201-4099

        Respectfully submitted, this the 11th day of July, 2016.

        s/ Charles B. Martin
        CHARLES "BRAD" MARTIN, MSB# 100767

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
## HINDS COUNTY, MISSISSIPPI

**DR. DONALD RAGGIO**
**DR. CHRIS RAGGIO**                                                     **PLAINTIFFS**

**VS.**                                                     **CAUSE NO. 14-CV-00071-TTG**

**MTGOX,** *et al.*                                                     **DEFENDANTS**

### DEFENDANTS' REPLY IN SUPPORT OF SUMMARY JUDGMENT

Defendants, Code Collective, LLC and Jed McCaleb, ("Defendants") file this Reply in Support of Summary Judgment.

1.      The alleged theft and wrongful conduct which forms the basis of this lawsuit occurred on January 9, 2011.

2.      Plaintiffs did not file this lawsuit until March 5, 2014 - - three years and 54 days after the alleged wrongful act.

3.      Plaintiffs acknowledge that the statute of limitations expired prior to filing this lawsuit.   However, they claim to have a "theory that the statute of limitations was either tolled or had not yet began to run upon the theft of the bitcoins."   Dkt. #35, Plaintiffs' Response, p.10.

4.      Plaintiffs do not and cannot cite a single case that allows the tolling of the statute of limitations in this circumstance.   Mississippi law simply does not allow tolling <u>when plaintiff knows of the wrongful act and injury</u>.

5.      The tolling "theory" advanced by plaintiffs has been rejected by this Court on many occasions.   For example, Judge Green granted summary judgment and rejected plaintiff's claim of tolling because plaintiff knew of the wrongful act and injury in the case of *WW, Inc. v. Belk*.   *See* Order Granting Defendants Motion for Summary Judgment, 2010 WL 10933381 (Miss. Cir. Jan. 26, 2010), *aff'd* 68 So. 3d 1290 (Miss. 2011), attached as Ex. A, at p. 3.   Judge

Gowan also granted summary judgment and rejected plaintiff's claim of tolling because plaintiff knew of the wrongful act and injury, noting:

> Neither the discovery doctrine nor fraudulent concealment, can toll the running of the statute against the plaintiffs in this case because [plaintiffs] <u>were fully aware of the injury</u>….

*See Belenchia v. St. Mary's Catholic School*, Memorandum Opinion, 2003 WL 25791191 (Miss.Cir. Sept. 29, 2003), attached as Ex. B at p. 2 (emphasis added).   As Judge Gowan aptly found, a tolling argument is doomed as a matter of law by "[P]laintiffs failure to allege lack of knowledge or appreciation of [the] misconduct . . ."   *Id.* at p. 4.   Plaintiffs here cannot allege lack of knowledge, and their tolling argument is also doomed to fail.

6.     The Supreme Court has also been unequivocal in rejecting a tolling argument when the plaintiff knew of the wrongful act and injury.   *See e.g. Raddin v. Manchester Education Foundation*, 175 So 3d 1243 (Miss. 2015).

7.     It is undisputed that Plaintiffs knew of the alleged theft on January 9, 2011.   It is undisputed that this lawsuit was not filed until three years and 54 days later.   Because Plaintiffs had knowledge of the theft, Mississippi law prohibits tolling the statute of limitations. Summary judgment must be granted.

8.     Plaintiffs' request for discovery should be rejected.   No amount of discovery will change the fact that plaintiffs knew of the theft and did not file this suit within three years.

Respectfully submitted, this the 15th day of July, 2016.

**CODE COLLECTIVE, LLC, and**
**JED McCALEB, individually and formerly**
**doing business as MTGOX, a sole proprietorship**

By:     /s/ *Edwin S. Gault, Jr.*
          EDWIN S. GAULT, JR., MSB #10187
          MANDIE B. ROBINSON, MSB #100446

OF COUNSEL:

FORMAN WATKINS & KRUTZ LLP
200 South Lamar Street, Ste. 100
Jackson, MS 39201-4099
Post Office Box 22608
Jackson, MS 39225-2608
Telephone: (601) 960-8600
Facsimile: (601) 960-8613
win.gault@formanwatkins.com
mandie.robinson@formanwatkins.com

and:

Ethan I. Jacobs
KELLER SLOAN ROMAN HOLLAND, LLP
555 Montgomery Street, 17th Floor
San Francisco, CA 94111
Telephone: (415) 249-8330
Direct: (415) 249-8336
Facsimile: (415) 249-8333
ejacobs@ksrh.com

Motion for Admission *Pro Hac Vice* pending

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served a true and correct copy of the above and foregoing pleading via the Court's electronic filing system and via email on the following:

> Mitchell H. Tyner, Sr.
> Charles Brad Martin
> Tyner Law Firm, P.A.
> 5750 I-55 North
> Jackson, MS   39211
> mtyner@tynerlawfirm.com
> bmartin@tynerlawfirm.com

This the 15th day of July, 2016.

/s/ *Edwin S. Gault, Jr.*
EDWIN S. GAULT, JR.

2010 WL 10933381 (Miss.Cir.) (Trial Order)
Circuit Court of Mississippi.
First Judicial District
Hinds County

WW, INC., d/b/a Weight Watchers of Greater Mississippi, Inc. and BJM, Inc. d/b/a Weight Watchers of
Southern Alabama and Florida Panhandle, Plaintiffs,
v.
Dianne BELK, Robert F. Belk, Jr., Rainbow Casino-Vicksburg Partnership, L.P., Bally Technologies, Inc. and
John Doe Defendants (1) - (5)., Defendants.

No. 2510946.
January 26, 2010.

Order Granting Defendants Motion for Summary Judgment and Judgment of Dismissal

**\*1** THIS MATTER CAME ON TO BE HEARD on Defendants Rainbow Casino-Vicksburg Partnership, L.P.'s and Bally Technologies, Inc.'s (collectively, "Rainbow's") Motion for Summary Judgment. Having reviewed the file, the submission and arguments of the parties, and being otherwise thoroughly advised in the premises, the Court finds, concludes and ORDERS as follows:

*FACTS*

Upon the recommendation of her predecessor, who had worked for Plaintiffs Weight Watcher ("WW") for over twenty years, Dianne Belk ("Belk") was hired by WW as a bookkeeper in September 1999. In 2000 WW assigned Belk duties as both bookkeeper and office manager for both its local and regional offices. In her positions Belk had almost exclusive access to the local and regional checkbooks of WW, and was authorized to write checks as directed by WW owner and her only supervisor, Robert S. Jacobs ("Jacobs").

WW employed Veronica Strickland ("Strickland"), a CPA, to assist Belk manage WW's books. Strickland worked with Belk on a weekly basis and also prepared Weight Watchers' annual tax returns. Strickland never notified WW of any discrepancies, inconsistencies or questionable practices by Belk, and WW never had any performance audits conducted during the five (5) years that Belk worked for WW. Moreover, it is undisputed that WW owner, Robert Jacob, did not regularly review his monthly statements which likely would have unmasked an elaborate scheme that was draining the WW bank accounts.

Beginning on or about January 2000, Belk began fraudulently writing checks to herself on both the WW, Inc. and BJM, Inc. accounts and cashing them at several Mississippi casinos, to include but not limited to, Defendants'casino. Incredibly, Belk's fraudulent check writing scheme went undetected by WW owner Jacobs from 2000 until December 5, 2005. During the same period of time, Belk wrote numerous other unauthorized checks from the WW accounts, without detection.

Defendants were never alerted that Belk was cashing embezzled checks at its casino. Moreover, WW's bank always honored the checks written by Belk, without any indication that Belk was writing unauthorized checks. Plaintiffs offer no credible evidence that Defendants concealed Belk's negotiation of the fraudulent checks or knew or had constructive knowledge of Belk's embezzlement scheme against WW.

Finally, in December of 2005 an accountant was hired by Weight Watchers to conduct an audit of WW's accounts. The accountant readily discovered that Belk had embezzled an enormous amount of WW funds. Poole's investigation revealed that Belk had cashed her last embezzled check at Defendant Rainbow on December 5, 2005. Belk immediately left her

EXHIBIT A

employment with WW after the embezzlement was discovered. Thereafter, she was convicted of the crime of embezzlement of WW funds.

Plaintiffs WW filed insurance claims outlining its four(4) year losses with December 5, 2005, listed as the last date that Belk wrote checks from the WW accounts. Nonetheless, WW did not file suit against Defendants Rainbow until January 9,2009, which was more than three years after Belk cashed her last embezzled check at Rainbow. The January 9, 2009 filing date was also more than three years after WW discovered of should have discovered Belk's embezzlement. And, the January 9, 2009 was more than three(3) years after WW discovered or should have discovered that Belk had cashed a number of checks at Defendants casinos. Consequently, the Court is of the opinion that Defendants' Motion for Summary Judgment on the grounds that Plaintiffs failed to file its complaint against Defendant Rainbow within the required three (3) year Statute of Limitations should be sustained.

## APPLICABLE LAW

**\*2** The existence of factual disputes will only preclude summary judgment if there is a *genuine* issue of *material* facts for jury determination. *Anderson v. Liberty Lobby, Inc., All* U.S. 242, 247-8 (1986) (finding that the summary judgment standard "provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact") (emphasis added). The Mississippi Supreme Court has held similarly.

> Not all disputed issues of fact may be sufficient to defeat a motion for summary judgment or to require trial on the merits; only material issues of fact. Put another way, if, viewing the evidence in the light most favorable to the party against whom the motion has been made, that party's claim or defense still fails as a matter of law, summary judgment generally ought to be granted, even though there may be hot disputes regarding non-material facts.

*Vickers v. First Mississippi Nat. Bank*, 458 So. 2d 1055, 1060 -1061 (Miss. 1984).

If there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. *Davis v. Hoss*, 869 So. 2d 397, 401 (Miss. 2004). An opposing party must be diligent and may not rest upon mere allegations or denials in the pleadings, but must by allegations or denials, set forth specific facts showing there are genuine issues for trial. *Id.* "Where the summary judgment evidence establishes that one of the essential elements of the plaintiff's' cause of action does not exist as a matter of law, or that plaintiffs' cause of action is barred by a statute of limitations, all other contested issues of fact are rendered immaterial." *Williams v. Bennett*, 921 So. 2d 1269, 1272 (Miss. 2006).

There is no disagreement among the parties that the Statute of Limitations governing this action is three (3) years, under Mississippi law. However, Plaintiffs seek to impute Defendant Diane Belk's concealment of the fraudulently written checks to Defendant Rainbow in order to argue that the Statute of Limitations should be tolled or extended beyond December 5, 2008 (3) years after Belk wrote the last fraudulent check). Plaintiffs' argument is not persuasive.

This Court finds and Plaintiffs have advanced no credible argument or cited any Mississippi case law that requires this Court to find or conclude that Diane Belk misdeeds were concealed by Defendants. Likewise, the Court does not find continuing or active concealment by Belk which allows or requires the Court to impute Diane Belk's knowledge or liability to Defendants Rainbow and Bally. To hold such would be synonymous to subverting the authority of the Mississippi legislature. Additionally, such could by reference, allude to the creation a new claim of action which would infer liability to any business or other entity when a business' employee embezzles funds and negotiates or spends the embezzled fund with an unwitting establishment.

The Uniform Commercial Code overrides common law causes of action arising from the same operative facts as the conversion of a negotiable instrument. *Hancock Bank v. Ensenat*, 819 So. 2d 3, 8 (Miss. Ct. App. 2001). When Rainbow deposited the embezzled checks into its account and drew the funds from WW bank accounts, the "rights and responsibilities

EXHIBIT A

of the parties [were] determined by reference to the Mississippi Uniform Commercial Code." *Id.* at 9 (quoting *White v. Hancock Bank*, 477 So. 2d 265, 271 (Miss. 1985)). Article 3 of the UCC, Miss. CODE ANN. § 75-3-118, sets out the applicable limitations period for Weight Watchers' claims.

> **\*3** (g) Unless governed by other law regarding claims for indemnity or contribution, an action (I) for conversion of an instrument, for money had and received, or like action based on conversion, (ii) for breach of warranty, or (iii) to enforce an obligation, duty, or right arising under this chapter and not governed by this section must be commenced within three (3) years after the cause of action accrues.

Dianne Belk negotiated her last embezzled check on or before December 5, 2005. WW was aware of this when it filed suit in January 9, 2009. Weight Watchers knew Belk had been cashing embezzled company checks at Rainbow Casino in December 2005. Therefore, Weight Watchers' claims against Rainbow are time-barred.

The Court is of the opinion that there is no applicable discovery rule or continuing tort doctrine regarding the embezzlement committed by Diane Belk. *See*, *Smith v. Franklin Custodian Funds, Inc.*, 726 So. 2d 144, 148 (Miss. 1998) ("the discovery rule is inapplicable); *Franklin Custodian Funds, Inc.*, 726 So. 2d at 148 (citing *Stevens v. Lake*, 615 So. 2d 1177, 1183 (Miss. 1993)). Under Mississippi law, when Belk endorsed and cashed each embezzled check at Rainbow Casino and Rainbow deposited the checks drawn on Weight Watchers' accounts, the alleged tort was complete. The funds were gone from Weight Watchers' bank account.

The standard for fraudulent concealment is set forth in Miss. CODE ANN. § 15-1-67,

> If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered.

Under the circumstances before the court, we do not find that WW proved that the Rainbow Defendants engaged in some act or conduct of an affirmative nature designed to prevent and did prevent discovery of Plaintiffs' claim, nor that Plaintiffs acted with due diligence in attempting to discover the claim and was unable to do so. *Sanderson Farms Inc. v. Ballard*, 917 So. 2d 783, 790 (Miss. 2005) (citing *Stephens v. Equitable Life Assure. Society of U.S.*, 850 So. 2d 78, 83-84 (Miss.2003)); *see also Doe v. Roman Catholic Diocese of Jackson*, 947 So. 2d 983, 987 (Miss. Ct. App. 2006), *cert. denied, 947 So.2d 960* (citing *Robinson v. Cobb*, 763 So. 2d 883, 887 (Miss.2003)).

Additionally, the Court opines that WW arguments that Defendant Rainbow was involved in "money laundering" with Diane Belk, and that "money laundering" was, by definition, fraudulent concealment, has no merit in fact or under Mississippi law. Moreover, Plaintiffs readily admit that there has been no prosecution of Defendants Rainbow in this regard.

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants Rainbow Casino-Vicksburg Partnership, L.P.'s and Bally Technologies, Inc.'s Motion for Summary Judgment is hereby **GRANTED** and the Court hereby holds that the three (3) year Statute of Limitation has expired precluding Plaintiffs from bringing the herein claims against Defendants Rainbow.

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiffs' claims against Defendant Rainbow Casino-Vicksburg Partnership, L.P. and Bally Technologies, Inc. are hereby **DISMISSED WITH PREJUDICE.**

IT IS FINALLY ORDERED AND ADJUDGED that there is no reason for delay in the entry of judgment in the herein in case as it relates to the Defendants, and as such, **the Clerk of the Hinds County Circuit Court is hereby directed to enter JUDGMENT** in favor of Defendants Rainbow Casino-Vicksburg Partnership, L.P. and Bally Technologies, Inc. and against Plaintiffs, and the same is certified as **FINAL** pursuant to Miss. R. Civ. P. 54(b).

**\*4** SO ORDERED AND ADJUDGED this 25th day of January 2010.

<<signature>>

EXHIBIT A

**WW, Inc. v. Belk, 2010 WL 10933381 (2010)**

CIRCUIT JUDGE

**End of Document**                                            © 2016 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT A

Belencia v. St. Mary's Catholic Church/School, 2003 WL 25791191 (2003)

---

2003 WL 25791191 (Miss.Cir.) (Trial Order)
Circuit Court of Mississippi,
First Judicial District.
Hinds County

Mark BELENCIA, Donna Belenchia and John Doe #1, Plaintiffs,
v.
ST. MARY'S CATHOLIC CHURCH/SCHOOL, et al, Defendants.

No. 251-02-915.
September 29, 2003.

**Memorandum Opinion**

Before the Court are defendants' joint motion for summary judgment under Rule 56, MRCP. The Court has reviewed the motion, plaintiffs' response, arguments of counsel, and is now prepared to render a decision.

## I.

### INTRODUCTION

Plaintiff Doe asserts that Paul Madden, while a priest at St. Mary's, sexually abused him in 1973 when Doe was a thirteen-year-old boy accompanying Father Madden on a trip to Ireland. Doe reported the abuse to his parents that same year. According to Plaintiff Mark Belenchia a other priest, Bernard Haddican, sexually abused him over a three to four year period, beginning in 1968 when Belenchia was 12 or 13 years old. This abuse is alleged to have occurred in the rectory of St. Mary's Catholic Church and on various trips. Belenchia's mother learned of the abuse and reported it to defendant Bernard Law at least before 1977 when Belenchia married.

In 1993 (20 years after he was allegedly abused), Plaintiff Doe contacted representatives of the Defendant Diocese to settle his claims. On January 6, 1995, he executed a written agreement and released the diocese and church officials from liability for his claims. He accepted payment of $50,000 as consideration for that release.

Similarly, in 1999 (more than 20 years after he was allegedly abused), Plaintiff Mark Belenchia and his wife, Plaintiff Donna Belenchia, contacted representatives of the Defendant Diocese to settle their claims. On January 5, 2000, in consideration of $44,264, the Belenchias released all of their claims against the diocese and the church officials.

At the respective ages of 46 and 42, Mark Belenchia and John Doe filed this lawsuit on July 17, 2002, alleging numerous causes of action against the defendants arising from their claims of sexual abuse and alleging that the defendants fraudulently induced them to execute their respective settlement agreements.

## II.

### PLAINTIFFS' CLAIMS ARE TIME-BARRED

Mississippi's general statute of limitations, Section 15-1-49, MISS. CODE ANN. (1972), amended, applies to the claims of all plaintiffs herein. Prior to 1989, it provided a six-year imitation for all actions for which no other period of limitation was

EXHIBIT B

Belencia v. St. Mary's Catholic Church/School, 2003 WL 25791191 (2003)

prescribed. Because these claims accrued prior to 1989, and at a time when both were minors, Plaintiffs Mark Belenchia and John Doe each had six years from the date of his twenty-first birthday to file their lawsuit.[1]

Mark Belenchia was born XX/XX/1955. John Doe was apparently born in 1960.[2] Thus, oiling the running of the statute for minority, the statutory "clock" began to run on XX/XX/, 976 for Belencia (his twenty-first birthday) and no later than XX/XX/1981 for John Doe. Belenchia thus had until XX/XX/1982 to file suit, and John Doe had until the date of his 27th birthday in 1987 to file. They did not do so, however, until July 1, 2002 - twenty years too ate for Belenchia and fifteen years too late for John Doe.

Neither the discovery doctrine nor fraudulent concealment, can toll the running of the statute against the plaintiffs in this case because Mark Belenchia and John Doe were fully aware of the injury or abuse inflicted upon them. They knew who abused them and they knew that it as wrong at the time it happened, long before they reached the age of majority and many years before they filed this lawsuit. Plaintiff Belenchia's mother knew of his abuse at least 25 years ago and Plaintiff Doe's parents knew of the abuse suffered by him at least 29 years ago.

In *Doe v. Archdiocese of Washington,*[3] Doe claimed that he was sexually abused by two priests, beginning when he was eleven years old in 1972 and continuing until 1978. It was not until 1995, however, that he filed suit against the priests and the archdiocese. The Maryland trial court dismissed his claims based on the statute of limitations. Doe argued on appeal that his claims against the archdiocese did not accrue until he confronted it and learned that some of its officials had long known that one of his abusers had a history of pedophilia. Doe argued that, because he had no way of knowing of the archdiocese's wrongdoing because of the clandestine nature of its conduct, the doctrine of fraud and fraudulent concealment should toll running of the statute. Like the plaintiffs herein, Doe claimed that the archdiocese engaged in a conspiracy to cover up the priests' pedophilia by systematically and secretly transferring them without reporting criminal sexual misconduct to law enforcement authorities. The Maryland appellate curt rejected the argument and affirmed the trial court's dismissal, holding that the knowledge relevant to begin the statute of limitations running is the victim's knowledge that he/she was abused.

We reject that contention that these allegations are sufficient to toll the statute. There is not a single specific allegation of conduct on the part of the archdiocese that kept Doe in ignorance of his claims. To the contrary, when the priests molested Doe, he was immediately on notice of potential claims against the priests as well as against the archdiocese as their employer. The statute of limitations begins to run when the potential plaintiff is on "inquiry notice" of such facts and circumstances that would "prompt a reasonable person to inquire further." Once on notice of one cause of action, a potential plaintiff is charged with the responsibility for investigating, within the limitations period, all potential claims and all potential defendants with regard to the injury.[4]

A United States District Court in Texas rejected similar claims last year in *Doe v. Linam,*[5] here a minor, abused by a priest from 1973-74, waited twenty-eight years to file suit. Doe claimed that he was one of numerous boys abused by the priest, that the diocese did not adequately investigate the priest's fitness to work with children, and that the diocese did not report the priest to the proper authorities as part of an agreement between the defendants to conceal the sexual abuse of minors. Doe alleged the agreement included making false representations to the public. The priest, the diocese and the bishop moved to dismiss based on e statute of limitations. Doe argued that the statute should be tolled because he only recently discovered the defendants' fraudulent concealment of the priest's sexual propensity to abuse children.

In granting the motion for summary judgment and dismissing Doe's suit, the District Court held that the statute was not tolled because Doe knew he had been abused.

In *Parks v. Kownacki,*[6] a priest sexually abused a child in 1971. She did not file suit until 22 years after she reached the age of majority. The Illinois Supreme Court affirmed dismissal of her claims holding that because she knew of her injury and its wrongful nature, her claim was barred two years after she reached the age of majority.[7]

In *HRB v. Rigali,*[8] a priest sexually abused HRB from 1963-64, when HRB was twelve to thirteen years of age. HRB did not file suit until 1994. Because he did not timely file after caching the age of majority, his claims were barred. The Missouri Court of Appeals noted that where an overt sexual assault occurs, the injury and damage resulting from the act are capable of ascertainment at the time of the abuse."[9]

EXHIBIT B

Belencia v. St. Mary's Catholic Church/School, 2003 WL 25791191 (2003)

In *BBB Doe v. Archdiocese of Milwaukee,*[10] priests assaulted seven minors, but none of the minors timely filed suit after reaching the age of majority. The Wisconsin Supreme Court affirmed dismissal of their claims, holding that their claims against the priests and the diocese accrued at the time of abuse and that the minor victims of intentional and nonconsensual sexual acts by priests knew, or in the exercise of reasonable diligence should have discovered, that they were injured at the time of the assaults.[11]

In *Cevenini v. Archbishop of Washington,*[12] a priest repeatedly molested three altar boys from 1975 through 1983, but no suit was filed until 1995. The District of Columbia Court of Appeals affirmed the trial court's dismissal because each plaintiff was fully aware that sexual abuse caused them injury before they reached the age of majority and they were aware that the offending priest served the archdiocese. The claims against the archdiocese accrued at the same time as the claims against the priest and plaintiffs were on inquiry notice to pursue their claims against the archdiocese in a timely manner.[13]

In *Ayon v. Gorley,*[14] summary judgment for the Archdiocese of Denver was granted on all claims arising from abuse by priests of a minor who failed to file his lawsuit within the appropriate statutory time limit after reaching the age of majority.

In *Pritzlaff v. Archdiocese of Milwaukee,*[15] the plaintiff filed her complaint in 1992, alleging that while she was a high school student in the late 1950s, a priest coerced her into a sexual relationship. As a result, she alleged that she later suffered severe emotional distress that contributed to the breakup of her marriage, separation from her children, loss of jobs and other difficulties. She further alleged that the archdiocese knew or should have known of the type of conduct being pursued by the priest and should have taken steps to stop it. She argued that her claim was saved by the discovery rule because she suppressed, and had therefore been unable to perceive, the existence, nature and cause of her psychological injuries. The Wisconsin Supreme Court affirmed dismissal of her claims because she knew at the time both the identity of the priest and that the sexual relationship was without her consent. The court held that the discovery rule could not apply and her claims were barred by the statute of limitations.[16]

The standards for applying the discovery rule or the doctrine of fraudulent concealment to toll a statute of limitations in Mississippi are similar. In *Moore v. Memorial Hospital of Gulfport,*[17] the Mississippi Supreme Court explained that the discovery rule tolls a "statute of imitations until a Plaintiff should have reasonably known of some negligent conduct, even if the Plaintiff does not know with absolute certainty that the conduct was legally negligent."[18] The United States District Court for the Southern District of Mississippi has also clarified the discovery rule, holding that "a cause of action accrues when the Plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured."[19] In the context of a Tort Claims Act case, the Mississippi Supreme Court has noted that the discovery rule, by definition, has no application to injuries that are not latent.[20]

The Mississippi Supreme Court also recognizes that for fraudulent concealment of a cause of action to toll the statute of limitations, there must be some "act or conduct of an affirmative nature."[21] Such conduct must be designed to prevent the party from discovering its possible cause of action and, despite the plaintiff's due diligence, did, in fact, prevent discovery.[22] Neither the discovery doctrine nor fraudulent concealment apply in the case *sub judice* because Mark Belenchia and John Doe were at all relevant times aware of the fact that they were injured and of who inflicted that injury.

Plaintiffs argue that the diocese and church officials engaged in a "conspiracy" that plaintiffs only last year discovered and that their claim of conspiracy, consequently, should not be time-barred.

The courts in *Doe v. Archdiocese of Washington, supra,* and *Doe v. Linam, supra,* expressly rejected such arguments. Similarly, in *Smith v. O'Connell*[23] , the court made it clear that the material inquiry is limited to whether the alleged victim knew of his or her own abuse:

The plaintiffs appear to suggest that, although the alleged nondisclosure may not have concealed the existence of their cause of action against the priests, it did conceal the existence of their cause of action against the hierarchy defendants. The premise upon which that suggestion implicitly rests is that a cause of action does not arise until all relevant evidence bearing on a defendant's potential liability is known. The plaintiffs have cited no authority to support that proposition. On the contrary, under Rhode Island law, it is well established that, except in cases where the "discovery" rule applies, a personal injury cause of-action accrues at the time of injury. Accrual or the existence of a cause of action is not deferred until a plaintiff learns of

EXHIBIT B

Belencia v. St. Mary's Catholic Church/School, 2003 WL 25791191 (2003)

all the facts that may be helpful in proving his or her claim. Once it becomes apparent that a cause of action exists, the statute of limitations begins to run even though the plaintiffs investigation is not complete. It becomes the plaintiff's responsibility, through the discovery process or otherwise, to undertake whatever further investigation may be appropriate in order to gather specific bits of evidence supporting the claim.

Here, at the time the alleged abuse occurred, the plaintiffs were well aware that the hierarchy defendants, as the priests' "employers," were potentially liable for that abuse. *See Doe*, 689 A.2d at 645 (a plaintiff who is sexually assaulted by a priest is on inquiry notice of his potential claims against the Archdiocese, as the priest's employer). There is no indication that the hierarchy defendants made any effort to misrepresent the nature of their relationship to Frs. O'Connell and Marcantonio. Consequently, it cannot be said that the hierarchy defendants fraudulently concealed the plaintiffs' causes of action against them.[24]

In *Mark K. v. Roman Catholic Archbishop of Los Angeles*,[25] the plaintiff sought to extend the statute of limitations by claiming that the church was aware that the priest was sexually exploiting children and made knowingly false promises that the matter would be "taken care of and that the priest would be closely supervised." Just as Belenchia and Doe claim here, Mark K. alleged that those false representations were made to avoid investigations that would scandalize the church. He also alleged that he was unaware of the church's misrepresentations until shortly before filing the lawsuit and that the intentional concealment barred the church from claiming that his suit was time-barred. Finally, like Belenchia and Doe, he alleged that the church and its officials entered into a conspiracy to conceal the priest's deviant sexual conduct. The Court rejected these arguments for tolling the statute of limitations, stating:

It is also important to note what plaintiff has not alleged. He has not alleged that he was at any time unaware of Father Llanos's identity or of his connection with the church. Nor has plaintiff alleged that he was unsure of the fact that he had been molested by Father Llanos or that he had failed to appreciate the wrongfulness of Llanos' conduct until some subsequent event triggered his memory and/or made him realize that Llanos had acted inappropriately. Plaintiffs failure to allege lack of knowledge or appreciation of Father Llanos' misconduct deprives him of any basis upon which to disclaim inquiry notice that the church was a potential tort-feasor. Plaintiff knew that Llanos was a priest of the church, thereby obligating plaintiff to determine, as with any employer whose employee has injured a third party, whether the church shouldered some responsibility for the misconduct of its priest ...

Plaintiffs claims of delayed accrual and estoppel by concealment are to no avail.[26]

In *Kelly v. Marcantonio*,[27] the First Circuit Court of Appeals explained why the fact that a Diocese transferred priests from parish to parish whenever sexual abuse allegations arose did not toll the statute of limitations:

All of the plaintiff-appellants' claims are claims of damages for the sexual abuse perpetrated by the priests-defendants. In making these claims, plaintiff-appellants do not allege that the hierarchy defendants' silence misled them into believing that the alleged abuse did not occur, that it had not been committed by the priests, or that it had not resulted in injury to the plaintiff-appellants. In other words, the hierarchy defendants never concealed from any of the plaintiff-appellants the fact of the injury itself. Rather, the essence of the plaintiff-appellants' fraudulent concealment argument is that the hierarchy defendants' silence concealed from them an additional theory of liability for the alleged sexual abuse. This argument misses the mark. For a cause of action to accrue the entire theory of the case need not be immediately apparent .... (citations omitted). Once injured, a plaintiff is under an affirmative duty to investigate diligently all of his potential claims .... (citations omitted). In this case, as soon as plaintiff-appellants became aware of the alleged abuse, they should also have been aware that the hierarchy defendants, the priests' "employers," were potentially liable for such abuse .... To postpone the accrual of the causes of action until plaintiff-appellants completed their investigation of all potential liability theories would destroy the effectiveness of the limitation.[28]

Significantly, plaintiffs make no allegation here that any act or omission of the church officials misled them into believing that the abuse did not occur, or that it had not been committed by the priests in question, or that the priests were not affiliated with the Catholic Diocese of Jackson, or that the plaintiffs were not injured by the abuse. In other words, the church officials never concealed from the plaintiffs the injury itself. As the *Kelly* court, and many other courts have recognized, the Plaintiffs' real claim here is for damages arising from alleged sexual abuse that occurred decades ago. Accordingly, these claims are barred by the astute of limitations.

EXHIBIT B

Belencia v. St. Mary's Catholic Church/School, 2003 WL 25791191 (2003)

---

## III.

### VICARIOUS LIABILITY CLAIMS

Plaintiffs' also assert that certain church hierarchy officials are vicariously liable under the doctrine of respondeat superior. Instructive on this issue is *Tichnor v. Roman Catholic* Church *of New Orleans*,[29] wherein the Fifth Circuit Court of Appeals, applying Mississippi law, affirmed summary judgment for the parish and archdiocese when a minor victim of sexual abuse ought to hold the parish and archdiocese vicariously liable for sexual assaults committed by a priest. The court explained the fallacy underlying such a claim:

The district court found that smoking marijuana and engaging in sexual acts with minor boys were not within the scope of Cinel's employment as a Catholic priest

[Plaintiff] Tichenor argues that [priest] Cinel's activities were so closely connected in time, place, and causation to his duties as a Catholic priest as to warrant the imposition of vicarious liability on the Archdiocese and St. Rita's. In other words, even if he technically was "off duty" when on vacation in Mississippi, the nature of his calling required that he be a priest 24 hours a day, every day.

We reject the contention that Cinel was acting within the scope of his employment. Although a priest's duties are less susceptible to definition than, say, a store clerk, we can nonetheless outline the basics It is a priest's duty to represent the word of God, as embodied in the Scriptures. The central aspect of that duty is to aid people in their relationship with God and, also, the Church. Moreover, it is his duty to help others--whose paths may have wandered-to find safety and security in the doctrines of Catholic theology.

It would be hard to imagine a more difficult argument than that Cinel's illicit sexual pursuits were somehow related to his duties as a priest or that they in any way furthered the interests of St. Rita's, his employer. Instead, given Cinel's vow of celibacy and the Catholic Church's unbending stand condemning homosexual relations, Cinel's acts represent the paradigmatic pursuit of "some purpose unrelated to his master's business".[30]

Likewise, in *HRB. v. JLG.*,[31] the Missouri Court of Appeals held that sexual misconduct by a priest was not part of his duties as a priest or teacher nor was it intended to further any religious or educational interest of the Catholic Church, therefore, the church was not liable under the doctrine of respondeat superior for the priest's alleged sexual misconduct.[32] Therefore, even if the direct claims against the priests were not time-barred, plaintiffs' vicarious claims should be dismissed as a matter of law.

## IV.

### CLAIMS FOR FRAUDULENT INDUCEMENT RELATED TO EXECUTION OF PLAINTIFFS' SETTLEMENT AGREEMENTS

Plaintiffs further claim that they were misled into entering their respective releases with the church officials. According to their argument, their claims are not time-barred because they only recently learned that, contrary to the assertions made to them by the diocese and church officials at the settlement discussions, certain officials of the church hierarchy knew that Fathers Haddican and Madden had sexually abused other children. As abhorrent as it is, even if such misrepresentations were made while the statute-of-limitations clock was still ticking, they operated to mislead plaintiffs only in knowing the true measure of the damages or compensation that they could or should have received. But as the Fifth Circuit has observed:

> The would-be plaintiff need not have become absolutely certain that he had a cause of action; he need merely be on notice-or should be-that he should carefully investigate the materials that suggest that a cause probably or potentially exists. Neither need the plaintiff know *with precision* each detail of breach,

EXHIBIT B

Belencia v. St. Mary's Catholic Church/School, 2003 WL 25791191 (2003)

causation, *and damages*, but merely enough to make a plain statement of the case backed by evidence sufficient to survive a summary judgment motion.[33]

The settlement discussions, even if as fraudulent as plaintiffs claim, did nothing to stall the running of the statute of limitations and, as will next be shown, did not spawn any new actionable cause.

To sustain their claim for misrepresentation, fraud, or fraudulent inducement plaintiffs must show by clear and convincing evidence:

(a) a material and false representation,

(b) which is known by the speaker to be false,

(c) and which is intentionally made to induce the hearer to act in reliance thereon, and

(d) the hearer acts to his detriment in reasonable reliance on the false representation, and

(e) the hearer suffered an injury based on such reliance.[34]

Assuming that Plaintiffs could produce sufficient evidence of the first three elements, Plaintiffs cannot show that they acted *to their detriment* or suffered *an injury* by executing their respective releases. Belenchia's claims were barred no later than 1982 and Doe's claims were barred no later than 1987. At the time that each of them first approached the diocese seeking a settlement (1993 for Doe, 1999 for the Belenchias), the statute of limitations had already run on their claims. No detriment or harm is suffered if one "releases" claims that are already time barred.

Moreover, assuming that Plaintiffs' could produce evidence sufficient to support this claim, the appropriate remedy for one who is fraudulently induced to enter a contract is to rescind the contract and restore the parties to their status prior to entering the agreement.[35] Here, restoration of the parties to their status prior to execution of the releases would require the Belenchias and Doe to return the monies that they accepted from the diocese, which would leave them with claims barred by the statute of limitations.

These claims should also be dismissed

## V.

## CONCLUSION

For the above reasons, this Court finds beyond a reasonable doubt that, even assuming that all allegations of the plaintiffs are true and viewing all reasonable inferences in that light most favorable to the plaintiffs, there are no genuine issues of *material* fact and that all defendants are entitled to judgment as a matter of law on all claims asserted by all plaintiffs. The Court thus grants summary judgment in favor of all defendants, dismissing all claims with prejudice. Counsel for defendants are directed to submit an appropriate order consistent with this opinion for entry by the Court.

This the 29th day of September, 2003.

<<signature>>

CIRCUIT JUDGE

Footnotes

EXHIBIT B

Belencia v. St. Mary's Catholic Church/School, 2003 WL 25791191 (2003)

[1]    See *Lawler v. Government Employees Ins. Co.,* 569 So.2d 1151, 1153 (Miss. 1990)(seventeen- year-old child injured in 1979 automobile accident; held pre-amendment six-year statue of limitations under Miss. Code § 15-149 was tolled and began to run on her twenty-first birthday).

[2]    The Complaint does not state the birth date for John Doe, but does allege that he was abused in 1973 at the age of 13.

[3]    689 A.2d 634 (Md.App. 1997).

[4]    689 A. 2d at 644. (citations omitted).

[5]    225 F. Supp. 2d 731 (S D. Tex. 2002).

[6]    737 N.E.2d 287 (Ill. 2000).

[7]    *Id.* at 295.

[8]    18 S.W.3d 440 (Mo. App. 2000).

[9]    *Id.* at 443.

[10]    565 N.W.2d 94 (Wis. 1997).

[11]    *Id at 96.*

[12]    707 A.2d 768 (D.C. App. 1998).

[13]    *Id* at 775.

[14]    47 F.Supp.2d 1246 (D.C. Colo. 1998).

[15]    533 N.W.2d 780 (Wis. 1995).

[16]    *Id* at 785-88.

[17]    858 So.2d 658 (Miss. 2002).

[18]    *Id* at 667, citing *Sarris v. Smith,* 782 So.2d 721, 725 (Miss. 2001).

[19]    *A-I v. Molpus,* 906 F. Supp 375, 379 (S.D. Miss. 1995), citing *Helton v. Clements,* 832 F.2d 332,334-35 35 (5th Cir. 1987).

[20]    *Robinson v. Singing River Hosp. Sys.,* 732 So.2d 204, 208 (Miss. 1999)

[21]    *Robinson v. Cobb,* 763 So.2d 883, 887 (Miss. 2000), citing *Reich v. Jesco, Inc.,* 526 So.2d 550, 552 Miss. 1988). See also *Allred v. Fairchild,* 785 So.2d 1064 (Miss. 2001).

[22]    *Robinson, supra* at 887.

[23]    997 F.Supp. 226 (RI. 1998)

[24]    *Id at* 240 (some citations omitted).

[25]    79 Cal. Rptr. 2d 73 (1998).

EXHIBIT B

Belencia v. St. Mary's Catholic Church/School, 2003 WL 25791191 (2003)

---

26      *Id* at 78-79.

27      187 F.3d 192 (1st. Cir. 1999)

28      *Id. at* 200-01.

29      32 F.3d 953 (5*th* Cir. 1994).

30      32 F.3d at 959-960.

31      913 S.W.2d 92 (Mo. App. 1995).

32      *Id.* See also *Byrd v. Faber,* 565 N.E.2d 584, 588 (Ohio 1991) (affirming dismissal of respondeat superior claim, "[church] did not hire [pastor] to rape, seduce or otherwise physically assault members of his congregation")

33      *First Trust Nat'l Ass'n v. First Nat'l Bank of Commerce,* 220 F.3d 331 (5* Cir. 2000) [Emphasis added].

34      *Braidfoot v. William Carey College,* 793 So. 2d 642, 652, (Miss. App. 2000); *McGee v. Swarek,* 733 So. 2d 308 (Miss. App. 1998); *Nichols v. Tri-State Brick & Tile Co.,* 608 So. 2d 324, 330 (Miss. 1992); *Spragins v. Sunburst Bank,* 605 So. 2d 777, 780 (Miss. 1992).

35      *See, e.g., Cenac v Murry,* 609 So.2d 1257 (Miss. 1992).

---

**End of Document**

© 2016 Thomson Reuters. No claim to original U.S. Government Works.

---

   © 2016 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT B

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
HINDS COUNTY, MISSISSIPPI**

**DR. DONALD RAGGIO
DR. CHRIS RAGGIO**                                                        **PLAINTIFFS**

**VS.**                                                        **CAUSE NO. 14-CV-00071-TTG**

**MTGOX, *et al.***                                                        **DEFENDANTS**

<u>**RESPONSE TO PLAINTIFFS' MOTION TO COMPEL DEPOSITION OF MCCALEB**[1]</u>

Defendant Jed McCaleb, individually and formerly doing business as MTGOX, a sole proprietorship, (collectively referred to as "McCaleb"), hereby files this Response to the Plaintiffs' motion to compel his deposition as follows:

1.      Plaintiffs' Motion to Compel the Deposition of McCaleb should be denied and discovery in this matter should be stayed for the reasons set forth in Defendants' Reply in Support of Summary Judgment [Dkt. No. 37].

2.      In the event this Court does not stay discovery, any deposition of Jed McCaleb should be held in the city where he resides, San Francisco, California.

Respectfully submitted, this the 15th day of July, 2016.

                                        **JED McCALEB, individually and formerly
                                        doing business as MTGOX, a sole proprietorship**

                        By:     */s/ Edwin S. Gault, Jr.*
                                        EDWIN S. GAULT, JR., MSB #10187
                                        MANDIE B. ROBINSON, MSB #100446

---

[1] *See* Dkt. # 36.

OF COUNSEL:

FORMAN WATKINS & KRUTZ LLP
200 South Lamar Street, Ste. 100
Jackson, MS 39201-4099
Post Office Box 22608
Jackson, MS 39225-2608
Telephone: (601) 960-8600
Facsimile: (601) 960-8613
win.gault@formanwatkins.com
mandie.robinson@formanwatkins.com

and:

Ethan I. Jacobs
KELLER SLOAN ROMAN HOLLAND, LLP
555 Montgomery Street, 17th Floor
San Francisco, CA 94111
Telephone: (415) 249-8330
Direct: (415) 249-8336
Facsimile: (415) 249-8333
ejacobs@ksrh.com

Motion for Admission *Pro Hac Vice* pending

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via the Court's electronic filing system and via email on the following:

> Mitchell H. Tyner, Sr.
> Charles Brad Martin
> Tyner Law Firm, P.A.
> 5750 I-55 North
> Jackson, MS    39211
> mtyner@tynerlawfirm.com
> bmartin@tynerlawfirm.com

This the 15th day of July, 2016.

/s/ *Edwin S. Gault, Jr.*
EDWIN S. GAULT, JR.

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
HINDS COUNTY, MISSISSIPPI**

**DR. DONALD RAGGIO**                                                                  **PLAINTIFFS**
**DR. CHRIS RAGGIO**


**VS.**                                                                  **CIVIL ACTION NO. 14-71**


**MTGOX a sole proprietorship;**
**MTGOX, Inc., a Delaware corporation;**
**MT.GOX KK, a Japanese corporation;**
**TIBANE KK, a Japanese corporation;**
**MUTUM SIGILLUM, LLC a Delaware limited Liability Company;**
**CODE COLLECTIVE, LLC a New York limited liability company;**
**JED McCALEB, an individual;**
**MARK KARPELES, an individual;**
**JOHN DOES 1-5, and CORPORATE JOHN DOES 1-5**                    **DEFENDANTS**

---

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL
DEPOSITION OF DEFENDANT MCCALEB**

---

COME NOW THE PLAINTIFFS, by and through the undersigned counsel, and file this

their Reply in support of their Motion to Compel Deposition of Defendant McCaleb as follows:

1.      The California Defendant, in an attempt to evade all responsibility for his

misrepresentations to the Doctors, wants this Court to deny the Plaintiffs' Motion to Compel.

2.      The California Defendant bases his evasion of responsibility upon the flawed

theory that January 9, 2011, the date the Doctors' bitcoins were stolen by a third party, is the date

this court should use to calculate the statute of limitations.

3.      However under this flawed theory, the California Defendant fails to address the

misrepresentations he made to the Doctors that they would get the bitcoins back.

4.      The California Defendant makes the erroneous assertion that the Doctors have acknowledged the statute of limitations expired prior to the filing of this lawsuit.  The Doctors claim is that the statute of limitations did not begin to run upon the theft of the coins.  Assuming, *arguendo*, the statute of limitations begin to run upon the theft of the bitcoins, the California Defendant's representations have acted as a toll and/or an estoppel.

5.      Neither case the California Defendant cites,  *WW, Inc. v. Belk*, 2010 WL 10933381 (Miss Cir. Jan 26, 2010) nor *Belenchia v. St. Mary's Catholic School*, 2003 WL 25791191 (Miss Cir. Sept. 29, 2003), has any weight in this matter.  In *WW, Inc.* there were never any allegations by the plaintiff, unlike in this matter, that the defendants made representations to the plaintiff.  In *Belenchia*, the plaintiffs sought to hold liable a diocese liable for the actions of several priests who had sexually abused the plaintiffs.  *See Belenchia* at p. 4. The circuit court stated "…when the priests molested Doe, he was immediately on notice of potential claims against the priests as well as the archdiocese as their employer."  *Id*. at p. 2. This differs from the instant action, in that the Doctors have claims against the California Defendant for misrepresentations that took place **after** the theft of the Doctors' bitcoins.

6.      Furthermore, the above cases are distinguishable in that none of the plaintiffs filed a Rule 56(f) Motion.  In fact, in *WW, Inc.*, upon appeal to the Mississippi Supreme Court, the Supreme Court dismissed the plaintiff's argument that it was entitled to a continuance to conduct discovery in that the plaintiff failed to file a Rule 56(f) affidavit with the lower court.  *WW, Inc. v. Rainbow Casino–Vicksburg P'ship*, 68 So.3d 1290, 1293 (Miss., 2011).  Here, the Doctors have moved for a Rule 56(f) continuance which would entail the deposition of the California Defendant.

7.      Based on the foregoing and Plaintiffs' Motion to Compel, the Doctors respectfully request that the Court order the deposition of the California Defendant.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs, Dr. Chris Raggio and Dr. Donald Raggio, respectfully request this Court to enter an Order compelling the Defendant McCaleb to appear for deposition in the State of Mississippi.  Furthermore, the Plaintiffs, Dr. Chris Raggio and Dr. Donald Raggio, respectfully request that if Defendant McCaleb fails to comply with said Order compelling his deposition that sanctions be ordered granting all costs and attorney fees for the necessity of having to bring this Motion and that a final judgment be entered for the Plaintiffs.

Respectfully submitted this the 22nd day of July, 2016.


s/Charles "Brad" Martin
CHARLES "BRAD" MARTIN, MSB# 100767

OF COUNSEL
MITCHELL H. TYNER, SR., MSB# 8169
CHARLES "BRAD" MARTIN, MSB# 100767
**TYNER LAW FIRM, P.A.**
5750 I-55 North
Jackson, Mississippi  39211
(601) 957-1113
(601) 957-1113 – *facsimile*

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via the Court's electronic filing system and via email on the following:

      Edwin S. Gault, Jr., Esq.
      Mandie B. Robinson, Esq.
      Forman Watkins & Krutz LLP
      200 South Lamar Street, Suite 100
      Jackson, Mississippi 39201-4099

                  Respectfully submitted, this the 22nd day of July, 2016.

                      s/ Charles B. Martin
                       CHARLES "BRAD" MARTIN, MSB# 100767

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
## HINDS COUNTY, MISSISSIPPI

**DR. DONALD RAGGIO**
**DR. CHRIS RAGGIO**                                                    **PLAINTIFFS**

**VS.**                                                    **CAUSE NO. 14-CV-00071-TTG**

**MTGOX, a sole proprietorship;**
**MTGOX, Inc. a Delaware corporation;**
**MT.GOXX KK, a Japanese corporation;**
**TIBANE KK, a Japanese corporation;**
**MUTUM SIGILLUM, LLC, a Delaware**
**Limited Liability Company; CODE**
**COLLECTIVE, LLC, a New York Limited**
**Liability Company; JED McCALEB, an**
**Individual; MARK KARPELES, an individual;**
**And JOHN DOES 1-5, and CORPORATE**
**JOHN DOES 1-5**                                                    **DEFENDANTS**

### ORDER

This matter is before the Court on the Motion for Admission of Attorney Ethan Isaac

Jacobs *Pro Hac Vice* filed by Defendants Code Collective, LLC, and Jed McCaleb, individually

and formerly doing business as MTGOX, a sole proprietorship, and the Court having considered

same and having determined that all requirements of M.R.A.P. 46(b)(5) have been fully complied

with, including the filing of the verified application, payment of the required fees and the filing of

the Mississippi Supreme Court Clerk's *Pro Hac Vice* Statement and Report with this Court, finds

that the motion is well-taken and should be GRANTED.

IT IS, THEREFORE, ORDERED AND ADJUDGED that Ethan Isaac Jacobs of the firm

Keller, Sloan, Roman & Holland LLP is hereby admitted as counsel *Pro Hac Vice* for Defendants

Code Collective, LLC, and Jed McCaleb, individually and formerly doing business as MTGOX, a

sole proprietorship.

SO ORDERED AND ADJUDGED this the _25th_ day of _July_____, 2016.

_____
CIRCUIT COURT JUDGE

SUBMITTED BY:

Edwin S. Gault, Jr.
Mandie B. Robinson
FORMAN WATKINS & KRUTZ LLP
200 South Lamar Street, Ste. 100
Jackson, MS    39201-4099
Post Office Box 22608
Jackson, MS    39225-2608
Telephone: (601) 960-8600
Facsimile: (601) 960-8613
win.gault@formanwatkins.com
mandie.robinson@formanwatkins.com

2

| | |
|---|---|
| **From:** | mec.nef@mec.ms.gov |
| **Sent:** | Tuesday, August 09, 2016 1:53 PM |
| **To:** | mec.nef@mec.ms.gov |
| **Subject:** | Activity in Case 25CI1:14-cv-00071-TTG RAGGIO V MTGOX ET AL Order on Motion to Compel |

**Zack Wallace**
**Hinds County Circuit Clerk**
**NOTICE OF ELECTRONIC CASE FILING**

**This is an automatic e-mail message generated by the Mississippi Electronic Courts (MEC) system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**The document described below has been docketed in MEC, and you are able to access it by clicking on the Document Number hyperlink. You may only access the document one time using the link provided in this e mail. Be sure to download and/or print a copy of each document during this first viewing. Subsequent viewing of the document after the first will require you to login and pay $.20 per page.**

**You may visit mec.ms.gov for further updates related to the project. For technical support, please contact the MEC help desk at 601-576-4650 or send an e-mail to helpdesk@mec.ms.gov.**

**Mississippi Electronic Courts**

**Hinds County Circuit Court**

**Notice of Electronic Filing**

The following transaction was entered on 8/9/2016 at 1:52 PM CDT and filed on 8/9/2016
**Case Name:**      RAGGIO V MTGOX ET AL
**Case Number:**    25CI1:14-cv-00071-TTG
**Filer:**
**Document Number:** 41(No document attached)

**Docket Text:**
ORDER granting [36]Plaintiffs' Rule 56(f)Motion for Discovery related to the Statute of Limitation issue ONLY, and [35]ORDER granting Plaintiffs' Motion to Compel the deposition of Defendant Jed McCaleb. Additionally, the Court denies [31] Defendants' Motion for Protective Order precluding discovery until the resolution of Defendant's Motion for Summary Judgment which is based on the Statute of Limitation. The parties shall in good faith schedule and conduct, on or before October 14, 2016, the deposition of Defendant Jed McCalab at an agreed time and place that is convenient for the parties. NO FURTHER WRITTEN ORDER SHALL BE FILED BY THE COURT.. (TTG)

**25CI1:14-cv-00071-TTG Notice has been electronically mailed to:**

Mitchell H. Tyner, Sr mtyner@tynerlawfirm.com, lphillips@tynerlawfirm.com, rsumlar@tynerlawfirm.com, tpenson@tynerlawfirm.com

Edwin S. Gault, Jr Win.Gault@formanwatkins.com, cheryl.spencer@formanwatkins.com, danielle.mottola@formanwatkins.com, kerri.benson@formanwatkins.com, sheila.toth@formanwatkins.com

Amanda B. Robinson mandie.robinson@formanwatkins.com, sheila.toth@formanwatkins.com

Charles Bradford Martin bmartin@tynerlawfirm.com, cbradmartin@gmail.com, lphillips@tynerlawfirm.com, mtyner@tynerlawfirm.com, rsumlar@tynerlawfirm.com, tpensons@tynerlawfirm.com

**25CI1:14-cv-00071-TTG Notice will be delivered by other means to:**

Ethan Isaac Jacobs

MTGOX INC(Defendant)

MT.GOX KK(Defendant)

TIBANE KK(Defendant)

MUTUM SIGILLUM LLC(Defendant)

KARPELES, MARK(Defendant)

JOHN DOES 1-5(Defendant)

CORPORATE JOHN DOES 1-5(Defendant)

**25CI1:14-cv-00071-TTG Parties to the Case:**
RAGGIO, DONALD (Plaintiff)
HICKS, MELISSA (Plaintiff)
RAGGIO, CHRIS (Plaintiff)
MTGOX (Defendant)
MTGOX INC (Defendant)
MT.GOX KK (Defendant)
TIBANE KK (Defendant)
MUTUM SIGILLUM LLC (Defendant)
CODE COLLECTIVE LLC (Defendant)
MCCALEB, JED (Defendant)
KARPELES, MARK (Defendant)
JOHN DOES 1-5 (Defendant)
CORPORATE JOHN DOES 1-5 (Defendant)

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
HINDS COUNTY, MISSISSIPPI**

**DR. DONALD RAGGIO**
**DR. CHRIS RAGGIO**                                                        **PLAINTIFFS**

**VS.**                                                        **CAUSE NO. 14-CV-00071-TTG**

**MTGOX, et al.**                                                        **DEFENDANTS**

## NOTICE OF SERVICE OF DISCOVERY

Code Collective, LLC and Jed McCaleb, by and through counsel of record, does hereby

give notice to the Court that the following discovery was served as follows:

Defendant's First Set of Request for Production of Documents to Plaintiff.

The undersigned retains the originals of the above papers as custodian thereof.

Respectfully submitted, this the 15th day of August, 2016.

> **CODE COLLECTIVE, LLC, and**
> **JED McCALEB, individually and formerly**
> **doing business as MTGOX, a sole proprietorship**
>
> By:    */s/Edwin S. Gault, Jr.*
>        EDWIN S. GAULT, JR., MSB #10187
>        MANDIE B. ROBINSON, MSB #100446

OF COUNSEL:

FORMAN WATKINS & KRUTZ LLP
200 South Lamar Street, Ste. 100
Jackson, MS  39201-4099
Post Office Box 22608
Jackson, MS  39225-2608
Telephone:  (601) 960-8600
Facsimile:  (601) 960-8613
win.gault@formanwatkins.com
mandie.robinson@formanwatkins.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via the Court's electronic mail system on the following:

> Mitchell H. Tyner, Sr.
> Charles Brad Martin
> Tyner Law Firm, P.A.
> 5750 I-55 North
> Jackson, MS  39211
> mtyner@tynerlawfirm.com
> bmartin@tynerlawfirm.com

Respectfully submitted, this the 15th day of August, 2016.


> _/s/_ Edwin S. Gault, Jr._____
> EDWIN S. GAULT, JR.

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT**
**HINDS COUNTY, MISSISSIPPI**

DR. DONALD RAGGIO                                                   **PLAINTIFFS**
DR. CHRIS RAGGIO

VS.                                                    **CIVIL ACTION NO. 14-71**

**MTGOX a sole proprietorship;**
**MTGOX, Inc., a Delaware corporation;**
**MT.GOX KK, a Japanese corporation;**
**TIBANE KK, a Japanese corporation;**
**MUTUM SIGILLUM, LLC a Delaware limited Liability Company;**
**CODE COLLECTIVE, LLC a New York limited liability company;**
**JED McCALEB, an individual;**
**MARK KARPELES, an individual;**
**JOHN DOES 1-5, and CORPORATE JOHN DOES 1-5**                  **DEFENDANTS**

<u>**NOTICE OF DEPOSITION**</u>

**To:**    Edwin S. Gault, Jr., Esq.
        Mandie B. Robinson, Esq.
        Forman Watkins & Krutz LLP
        200 South Lamar Street, Suite 100
        Jackson, Mississippi 39201-4099

Please take notice that pursuant to Rule 30 of the Mississippi Rules of Civil Procedure,

Plaintiffs Donald Raggio and Chris Raggio will take the deposition upon oral examination of the

Defendant Jed McCaleb, before an officer authorized to administer oaths, commencing on

Wednesday, October 12th 2016, at 10:00 a.m. at Tyner Law Firm, located at 5750 I-55 North,

Jackson, MS 39211.

Said deposition shall be taken under oath before a videographer and court reporter who will

transcribe same.   Said deposition will continue from day to day until completed.   You are invited

to attend and participate.

Respectfully submitted this the 18th day of August, 2016.

DONALD RAGGIO AND CHRIS RAGGIO, Plaintiffs

By: s/ Charles "Brad" Martin
CHARLES "BRAD" MARTIN, MSB# 100767

OF COUNSEL:

MITCHELL H. TYNER, SR., MSB# 8169
CHARLES "BRAD" MARTIN, MSB# 100767
TYNER LAW FIRM, P.A.
5750 I-55 North
Jackson, Mississippi 39211
(601) 957-1113
(601) 957-6554 – *facsimile*

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via the Court's electronic filing system and via email on the following:

Edwin S. Gault, Jr., Esq.
Mandie B. Robinson, Esq.
Forman Watkins & Krutz LLP
200 South Lamar Street, Suite 100
Jackson, Mississippi 39201-4099

Respectfully submitted, this the 18th day of August, 2016.

s/ Charles B. Martin
    CHARLES "BRAD" MARTIN, MSB# 100767

### IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
### HINDS COUNTY, MISSISSIPPI

**DR. DONALD RAGGIO**
**DR. CHRIS RAGGIO**                                                          **PLAINTIFFS**

**VS.**                                                          **CAUSE NO. 14-CV-00071-TTG**

**MTGOX,** *et al.*                                                          **DEFENDANTS**

### MOTION FOR PROTECTIVE ORDER

Jed McCaleb and Code Collective, LLC, (collectively McCaleb) file this motion for a protective order.

1.      Plaintiffs filed suit based on an alleged 2011 theft of bitcoins from their account on an online exchange known as MTGOX.   McCaleb was the creator and former owner of the MTGOX exchange, which allowed users to purchase bitcoins from each other.

2.      McCaleb moved for summary judgment based on the statute of limitations and asked the Court to stay all discovery until the motion was decided.   Plaintiffs asked, among other things, to take McCaleb's deposition.

3.      This Court entered a text order that:

The parties shall in good faith schedule and conduct, on or before October 14, 2016, the deposition of Defendant Jed McCalab **at an agreed time and place that is convenient for the parties.**

*See* Document Number 41 (emphasis added).

4.      Plaintiffs noticed McCaleb's deposition for their office in Jackson, Mississippi. McCaleb seeks a protective order quashing that notice.

5.      Counsel for Plaintiffs previously offered to travel to California for the deposition, but have now changed their minds.   ("Previously we had offered to take your client's deposition in San Francisco hoping that we could mutually agree to move this matter along with the

possibility of meaningful settlement discussion and without prolonged litigation.")   In a complete flip flop, they are now demanding to take the deposition in Mississippi and have noticed it for their office in Jackson.

6.      McCaleb resides in San Francisco, California.   Because of the expense involved in traveling and the lost time at his current job, McCaleb's deposition should be taken in San Francisco.   Alternatively, McCaleb is willing to give a deposition via video conferencing (Skype).   Video conferencing would allow McCaleb to be deposed without anyone having to travel from Mississippi to California or California to Mississippi.

7.      If the Court grants Plaintiffs' request and orders McCaleb to appear in Mississippi, the Court should require plaintiffs to pay all expenses incurred by McCaleb (flight, hotel and meals).   *See* Rule 26(d)(9) (noting to avoid undue burden or expense, a party can be ordered to pay the "expenses attendant upon such deposition . . .").

WHEREFORE, McCaleb requests that this Court order the deposition of McCaleb should occur in San Francisco California, either in person or by videoconferencing.   Alternatively, if the deposition is taken in Mississippi, plaintiffs should pay all expenses incurred by McCaleb (flight, hotel and meals).

Respectfully submitted, this the 22nd day of August, 2016.

**JED McCALEB, individually and formerly doing business as MTGOX, a sole proprietorship**

By:   /s/ *Edwin S. Gault, Jr.*
      EDWIN S. GAULT, JR., MSB #10187
      MANDIE B. ROBINSON, MSB #100446

OF COUNSEL:

FORMAN WATKINS & KRUTZ LLP
200 South Lamar Street, Ste. 100
Jackson, MS 39201-4099
Post Office Box 22608
Jackson, MS   39225-2608
Telephone: (601) 960-8600
Facsimile:  (601) 960-8613
win.gault@formanwatkins.com
mandie.robinson@formanwatkins.com

Admitted *Pro Hac Vice*:

ETHAN JACOBS
KELLER SLOAN ROMAN HOLLAND, LLP
555 Montgomery Street, 17th Floor
San Francisco, CA 94111
Telephone: (415) 249-8330
Direct: (415) 249-8336
Facsimile: (415) 249-8333
ejacobs@ksrh.com

***Counsel for Jed McCaleb and Code Collective, LLC***


## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via the Court's electronic filing system and via email on the following:

     Mitchell H. Tyner, Sr.
     Charles Brad Martin
     TYNER LAW FIRM, P.A.
     5750 I-55 North
     Jackson, MS   39211
     mtyner@tynerlawfirm.com
     bmartin@tynerlawfirm.com

This, the 22nd day of August, 2016.

                    /s/ *Edwin S. Gault, Jr.*
                    EDWIN S. GAULT, JR.

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
HINDS COUNTY, MISSISSIPPI**

**DR. DONALD RAGGIO**                                                          **PLAINTIFFS**
**DR. CHRIS RAGGIO**

**VS.**                                                          **CIVIL ACTION NO. 14-71**

**MTGOX a sole proprietorship;**
**MTGOX, Inc., a Delaware corporation;**
**MT.GOX KK, a Japanese corporation;**
**TIBANE KK, a Japanese corporation;**
**MUTUM SIGILLUM, LLC a Delaware limited Liability Company;**
**CODE COLLECTIVE, LLC a New York limited liability company;**
**JED McCALEB, an individual;**
**MARK KARPELES, an individual;**
**JOHN DOES 1-5, and CORPORATE JOHN DOES 1-5**                     **DEFENDANTS**

---

**PLAINTIFFS' REPONSE IN OPPOSITION TO DEFENDANTS'
MOTION FOR PROTECTIVE ORDER**

---

COME NOW THE PLAINTIFFS, by and through the undersigned counsel, and file this their Response in Opposition to Defendant's Motion for Protective Order [Dkt. 44], as follows:

1.     Doctors Chris and Donald Raggio filed their suit in this matter on March 7, 2014 regarding the theft of bitcoins from an account they had at an online exchange named MTGOX. The Doctors became aware on January 9, 2011 that bitcoins were missing from their MTGOX account and immediately notified Defendant Jed McCaleb (hereinafter "California Defendant"), the owner and creator of MTGOX, that unauthorized withdrawals had taken place.

2.     After attempts by the Doctors to gain deposition dates for the California Defendant, the California Defendant filed a Motion for Summary Judgment along a prior Motion for Protective Order.  The Doctors responded with their Rule 56(f) Motion, as well as a Motion

1

to Compel the deposition of the California Defendant. This Court entered a text Order on August 9, 2016 stating:

> "The parties shall in good faith schedule and conduct, on or before October 14, 2016, the deposition of the Defendant Jed McCaleb at an agreed time and place that is convenient for the parties."

*See* Dkt. 41.

3.      On August 15, 2016, the Doctors' counsel requested dates for the deposition of the California Defendant in Jackson, Mississippi where the Doctors' claims are pending. *See* Exhibit A. This request was denied. *Id.* California Defendant's counsel responded and unilaterally stated "Jed is available to be deposed on October 12 at 10:00 AM at Ethan Jacob's office in San Francisco…" *Id.* Notwithstanding the fact only one date was provided and that the date is only two days before the deadline set by this Court, the Doctors' Counsel, in the spirit of cooperation, offered to work with the California Defendant's counsel on several matters regarding the deposition. *Id.*

4.      California Defendant's counsel has remained steadfast in the refusal to produce the California Defendant in the jurisdiction in which this case is pending. *Id.* In a final effort to reach an extrajudicial resolution to this matter, the Doctors' counsel reminded the California Defendant's counsel it is the Doctors' prerogative to conduct the deposition in Mississippi. *Id.* The Doctors' counsel filed a Notice of Deposition for the time and date previously provided, but setting the place of the deposition in Jackson, Mississippi at the office of the Doctors' counsel. *See* Exhibit B. However, the Doctors' counsel offered to agree to relocate the deposition to the office of the California Defendant's counsel if there could be a mutual agreement that the deposition would be conducted in Jackson, Mississippi. *See* Exhibit A. However, this was rejected and the Motion for Protective Order was filed. *Id.*

5.     The facts and equities, as well as well-established law, mandate that the California Defendant's deposition proceed here in Jackson, Mississippi.  The Mississippi Supreme Court has stated in *H & W Transfer and Cartage Service, Inc. v. Griffin*, 511 So.2d 895 (Miss., 1987):

> "The party seeking to take a deposition has the original prerogative of designating place. If any other party objects, that party has the burden of persuasion that the designated place would result in undue hardship or expense. Such a burden may seldom be carried by mere conclusory allegations. In the end, questions regarding the regarding the place of the taking of a deposition--whether arising under Rule 30, Rule 69, Section 13-1-261 or otherwise--are committed to the sound discretion of the trial court."

*Id*. at 901.

6.     As set forth above, the general rule is a party seeking a deposition has the prerogative of designating the location absent some special circumstances resulting in an undue hardship or expense.  *Id*.  Here, the California Defendant has not identified any undue burden or expense that would result from the deposition taking place in Jackson, Mississippi.[1]  To the contrary, the California Defendant's recalcitrance in this regard appears to be an effort to cause the Doctors to continue to incur substantial expenses in this case.  It simply makes no sense to have two sets of lawyers (Tyner Law Firm for the Doctors and Foreman Watkins & Krutz for the California Defendant) located in Jackson, Mississippi, where the case is pending, travel to San Francisco for the California Defendant's deposition.  All the Mississippi attorneys involved would be required to engage in expensive air travel and lodging when a single witness could travel to Jackson, Mississippi where the case is proceeding.  It is anticipated in his Reply, California Defendant will represent that his California counsel, who was allowed into this matter *pro hac vice*, will defend the California Defendant's deposition regardless of where it takes

---

[1] It should be noted the California Defendant makes the disingenuous argument that counsel for the Plaintiffs previously offered to travel to California to depose the California Defendant.  What this argument fails to take into consideration is that these prior offers were refused.  Only by an order of this Court is the deposition of the California Defendant going forward.

place.  However, the California Defendant cannot make the assertion that his Mississippi counsel is incapable of representing his interests during his deposition.  Thus, if so argued, this should not be a consideration weighed by this Court.

7.      There has been absolutely no showing on the behalf of the California Defendant that traveling to Jackson, Mississippi would have any undue hardship pertaining to his job.  First, Jackson, Mississippi is not a remote location that would involve an inordinate amount of travel time.  Secondly, it is unlikely that the California Defendant is a stranger to business related travel given his status in the bitcoin community.  It is extremely likely he has the electronic means of staying in touch with his office such that he could continue to make day-to-day decisions if necessary.

8.      The Doctors anticipate that discovery, like the other aspects of this case thus far, will be contentious. The Court is better enabled to make an expeditious ruling on any disputes that may arise during the course of the California Defendant's deposition if the deposition takes place in Jackson, Mississippi because there would be no time zone differential and because the Court, if necessary, could feasibly hold an immediate telephonic hearing on any dispute.

9.      The California Defendant has made no showing as to why his deposition should not be conducted in Jackson, Mississippi.  Only the conclusory allegation "of the expense involved in traveling and the lost time at his current job" has been offered to the Court.   This allegation utterly fails to meet the burden of persuasion mandated by *H & W Transfer*.

WHEREFORE, PREMISES CONSIDERED, the Defendant's Motion for Protective Order should be denied.  Plaintiffs would further move this Court to enter an Order allowing the deposition of the California Defendant to take place in Jackson, Mississippi.

Respectfully submitted this the 26th day of August, 2016.

s/Charles "Brad" Martin
CHARLES "BRAD" MARTIN, MSB# 100767

OF COUNSEL
MITCHELL H. TYNER, SR., MSB# 8169
CHARLES "BRAD" MARTIN, MSB# 100767
**TYNER LAW FIRM, P.A.**
5750 I-55 North
Jackson, Mississippi  39211
(601) 957-1113
(601) 957-6554 – *facsimile*

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via the Court's electronic filing system and via email on the following:

> Edwin S. Gault, Jr., Esq.
> Mandie B. Robinson, Esq.
> Forman Watkins & Krutz LLP
> 200 South Lamar Street, Suite 100
> Jackson, Mississippi 39201-4099
> win.gault@formanwatkins.com
> mandie.robinson@formanwatkin.com
>
> Ethan Jacobs, Esq.
> Keller Sloan Roman Holland, LLP
> 555 Montgomery Street, 17th Floor
> San Francisco, CA 94111
> ejacobs@ksrh.com

Respectfully submitted, this the 26th day of August, 2016.

s/ Charles B. Martin
CHARLES "BRAD" MARTIN, MSB# 100767

## Brad Martin

| | |
|---|---|
| **From:** | Win Gault [Win.Gault@formanwatkins.com] |
| **Sent:** | Friday, August 19, 2016 11:15 AM |
| **To:** | Brad Martin |
| **Cc:** | Mitch Tyner |
| **Subject:** | RE: Raggio vs. McCaleb |

We will not, unless the court orders it.  We will file a motion today or Monday.

**Win Gault**
Forman Watkins & Krutz LLP
www.formanwatkins.com

---

**From:** Brad Martin [mailto:BMartin@tynerlawfirm.com]
**Sent:** Friday, August 19, 2016 11:05 AM
**To:** Win Gault
**Cc:** Mitch Tyner
**Subject:** RE: Raggio vs. McCaleb

Win,

As you state below, we will have to disagree on the location for your client's deposition.   Unless we can agree on an earlier date, we will assume you will present your client on October 12 at our office.

Thanks,

Charles "Brad" Martin
Tyner Law Firm
5750 I-55 North
Jackson, MS 39211
Phone: (601) 957-1113, Ext. 198
Fax: (601) 957-6554

---

**From:** Win Gault [mailto:Win.Gault@formanwatkins.com]
**Sent:** Friday, August 19, 2016 8:52 AM
**To:** Brad Martin
**Cc:** Mitch Tyner
**Subject:** RE: Raggio vs. McCaleb

Understood.  We are certainly willing to do a different date in SF.

**Win Gault**
Forman Watkins & Krutz LLP
www.formanwatkins.com

---

**From:** Brad Martin [mailto:BMartin@tynerlawfirm.com]
**Sent:** Friday, August 19, 2016 8:35 AM
**To:** Win Gault

1

Cc: Mitch Tyner
**Subject:** RE: Raggio vs. McCaleb

No, in Mississippi.

Charles "Brad" Martin
Tyner Law Firm
5750 I-55 North
Jackson, MS 39211
Phone: (601) 957-1113, Ext. 198
Fax: (601) 957-6554

---

**From:** Win Gault [mailto:Win.Gault@formanwatkins.com]
**Sent:** Thursday, August 18, 2016 4:18 PM
**To:** Brad Martin
**Cc:** Mitch Tyner
**Subject:** RE: Raggio vs. McCaleb

In SF?

**Win Gault**
Forman Watkins & Krutz LLP
www.formanwatkins.com

---

**From:** Brad Martin [mailto:BMartin@tynerlawfirm.com]
**Sent:** Thursday, August 18, 2016 3:52 PM
**To:** Win Gault
**Cc:** Mitch Tyner
**Subject:** RE: Raggio vs. McCaleb

Win,

Would your client be available on any of the following dates: September 1, 7, 8 and the 12th?

Thanks,

Charles "Brad" Martin
Tyner Law Firm
5750 I-55 North
Jackson, MS 39211
Phone: (601) 957-1113, Ext. 198
Fax: (601) 957-6554

---

**From:** Win Gault [mailto:Win.Gault@formanwatkins.com]
**Sent:** Thursday, August 18, 2016 11:13 AM
**To:** Brad Martin
**Cc:** Mitch Tyner
**Subject:** RE: Raggio vs. McCaleb

Do you have another date in mind?  We are happy work with you.

We will have to agree to disagree on the location.

**Win Gault**
Forman Watkins & Krutz LLP
www.formanwatkins.com

---

**From:** Brad Martin [mailto:BMartin@tynerlawfirm.com]
**Sent:** Thursday, August 18, 2016 9:38 AM
**To:** Win Gault
**Cc:** Mitch Tyner
**Subject:** RE: Raggio vs. McCaleb

Win,

Thank you for your email.  Our position is that it is our prerogative to conduct the deposition of your client in Mississippi.  On that note, I will be filing a Notice of Deposition setting the deposition of your client at the time and date you provided below and with the deposition taking place in Mississippi at our office.  I do find it odd that we were provided with only one potential deposition date, a date that comes two days before the Court's deadline.   However, if we can mutually agree that the deposition will take place in Mississippi we have no problem conducting it at your office.

Thanks,

Charles "Brad" Martin
Tyner Law Firm
5750 I-55 North
Jackson, MS 39211
Phone: (601) 957-1113, Ext. 198
Fax: (601) 957-6554

**From:** Win Gault [mailto:Win.Gault@formanwatkins.com]
**Sent:** Wednesday, August 17, 2016 10:35 AM
**To:** Brad Martin
**Subject:** RE: Raggio vs. McCaleb

I read the text order as ordering a deposition "at an agreed time and place that is convenient for the parties."  That is California for us.

I also do not read the order as limiting the deposition to SOL only.  Either way, if you will agree to the protective/confidentiality order, we will agree to a deposition which is not limited to SOL.  You can, consistent with the rules, ask anything you want.

Finally, we are open to the meaningful settlement discussion you reference below.  I am not sure we are on the same wavelength on the merits and value of this case, but it never hurts to have a discussion.  We welcome an offer.

Thanks, and look forward to hearing from you.

**Win Gault**
Forman Watkins & Krutz LLP
www.formanwatkins.com

**From:** Brad Martin [mailto:BMartin@tynerlawfirm.com]
**Sent:** Tuesday, August 16, 2016 8:14 AM
**To:** Win Gault
**Subject:** RE: Raggio vs. McCaleb

Win,

Previously we had offered to take your client's deposition in San Francisco hoping that we could mutually agree to move this matter along with the possibility of meaningful settlement discussion and without prolonged litigation. Needless to say, we wish to depose your client in Mississippi. We feel confident that if a Motion regarding the deposition location is presented to the Court we will prevail.

Having said that, our client may acquiesce to the confidentiality order should we be able to reach an agreement to conduct the deposition of your client in Mississippi.

I understand your concern with your client being deposed more than once, however the Court's Order limits the deposition to matters regarding the statute of limitations. Granted that opens the door to a wide range of questioning, but the Order speaks for itself. I believe we can reach an agreement regarding deposing your client only once if we can agree that the deposition will not be limited to only matters regarding the statute of limitations.

Let me know your thoughts and I will speak to my client.

Thanks,

Charles "Brad" Martin
Tyner Law Firm
5750 I-55 North
Jackson, MS 39211
Phone: (601) 957-1113, Ext. 198
Fax: (601) 957-6554

**From:** Win Gault [mailto:Win.Gault@formanwatkins.com]
**Sent:** Monday, August 15, 2016 1:39 PM
**To:** Brad Martin
**Subject:** RE: Raggio vs. McCaleb

Brad:

Jed is available to be deposed on October 12 at 10:00 AM at Ethan Jacob's office in San Francisco (which is where you offered to take it previously). Do you want to take a 30(b)(6) of Code Collective as well? We obviously believe he should be deposed once, so we will not agree to a subsequent deposition.

We propose the attached confidentiality order. Will you agree to this?

**Win Gault**
Forman Watkins & Krutz LLP
www.formanwatkins.com

**From:** Brad Martin [mailto:BMartin@tynerlawfirm.com]
**Sent:** Monday, August 15, 2016 8:27 AM
**To:** Win Gault
**Subject:** Raggio vs. McCaleb

Win,

Please let me know what dates your client is available for deposition here in Mississippi.

Thanks,

Charles "Brad" Martin
Tyner Law Firm
5750 I-55 North
Jackson, MS 39211
Phone: (601) 957-1113, Ext. 198
Fax: (601) 957-6554

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT**
**HINDS COUNTY, MISSISSIPPI**

DR. DONALD RAGGIO                                                          **PLAINTIFFS**
DR. CHRIS RAGGIO

VS.                                                          **CIVIL ACTION NO. 14-71**

MTGOX a sole proprietorship;
MTGOX, Inc., a Delaware corporation;
MT.GOX KK, a Japanese corporation;
TIBANE KK, a Japanese corporation;
MUTUM SIGILLUM, LLC a Delaware limited Liability Company;
CODE COLLECTIVE, LLC a New York limited liability company;
JED McCALEB, an individual;
MARK KARPELES, an individual;
JOHN DOES 1-5, and CORPORATE JOHN DOES 1-5                    **DEFENDANTS**

<u>**NOTICE OF DEPOSITION**</u>

**To:**    Edwin S. Gault, Jr., Esq.
         Mandie B. Robinson, Esq.
         Forman Watkins & Krutz LLP
         200 South Lamar Street, Suite 100
         Jackson, Mississippi 39201-4099

     Please take notice that pursuant to Rule 30 of the Mississippi Rules of Civil Procedure,

Plaintiffs Donald Raggio and Chris Raggio will take the deposition upon oral examination of the

Defendant Jed McCaleb, before an officer authorized to administer oaths, commencing on

Wednesday, October 12th 2016, at 10:00 a.m. at Tyner Law Firm, located at 5750 I-55 North,

Jackson, MS 39211.

     Said deposition shall be taken under oath before a videographer and court reporter who will

transcribe same.   Said deposition will continue from day to day until completed.   You are invited

to attend and participate.

     Respectfully submitted this the 18th day of August, 2016.

                     DONALD RAGGIO AND CHRIS RAGGIO, Plaintiffs

                     By: s/ Charles "Brad" Martin
                     CHARLES "BRAD" MARTIN, MSB# 100767

OF COUNSEL:

MITCHELL H. TYNER, SR., MSB# 8169
CHARLES "BRAD" MARTIN, MSB# 100767
TYNER LAW FIRM, P.A.
5750 I-55 North
Jackson, Mississippi 39211
(601) 957-1113
(601) 957-6554 – *facsimile*

**CERTIFICATE OF SERVICE**

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via the Court's electronic filing system and via email on the following:

    Edwin S. Gault, Jr., Esq.
    Mandie B. Robinson, Esq.
    Forman Watkins & Krutz LLP
    200 South Lamar Street, Suite 100
    Jackson, Mississippi 39201-4099

Respectfully submitted, this the 18th day of August, 2016.

s/ Charles B. Martin
  CHARLES "BRAD" MARTIN, MSB# 100767

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

DR. DONALD RAGGIO                                              PLAINTIFFS

VS.                                                CIVIL ACTION NO. 14-71

MTGOX, a sole proprietorship;
MTGOX, Inc., a Delaware corporation;
MT. GOX KK, a Japanese corporation;
TIBANE KK, a Japanese corporation;
MUTUM SIGILLUM, LLC, a Delaware limited liability company;
CODE COLLECTIVE, LLC, a New York limited liability company;
JED MCCALEB, an individual;
MARK KARPELES, an individual;
JOHN DOES 1-5, and CORPORATE JONES DOES 1-5                    DEFENDANTS

**PLAINTIFFS' SUPPLEMENTAL RESPONSE IN OPPOSITION TO
DEFENDANTS'MOTION FOR PROTECTIVE ORDER**

COME NOW, the plaintiffs, and file this Supplemental Response in Opposition to

Defendants' Motion for Protective Order [Dkt. 44] as follows, to wit:

The plaintiffs have attached a copy of an article, dated September 1, 2016, which

mentions the travel of the California Defendant to West Africa.  *See* Exhibit A attached hereto.

The pertinent section of the article quotes the California Defendant as follows:

"With every visit to West Africa, we're continually impressed by the talented tech
communities we've come across" said Jed McCaleb, chief technical officer (CTO)
of Stellar.org."

Surely if the California Defendant can travel to Africa for business, he can present

himself in Jackson, Mississippi to be deposed in this matter.

WHEREFORE, PREMISES CONSIDERED, for the reasons shown in the Plaintiffs'

Response in Opposition and this Supplemental Response, the Defendants' Motion for Protective

Order should be denied.  Plaintiffs would further move this Court to enter an Order allowing the

deposition of the California Defendant to take place in Jackson, Mississippi and that the plaintiffs

be granted such other relief, either general or specific, or both, to which they may be further

entitled.

      Respectfully submitted this the 1st day of September, 2016.

                    s/ Charles "Brad" Martin
                    CHARLES "BRAD" MARTIN, MSB# 100767

OF COUNSEL:
MITCHELL H. TYNER, SR., MSB# 8169
CHARLES "BRAD" MARTIN, MSB# 100767
TYNER LAW FIRM, P.A.
5750 I-55 North
Jackson, MS 39211
(601) 957-1113
(601) 957-6554 (facsimile)
bmartin@tynerlawfirm.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day I electronically filed the foregoing pleading with the Clerk

of Court using the MEC System which sent notification to the following:

Edwin S. Gault Jr., Esq.
Mandie B. Robinson, Esq.
Forman Watkins & Krutz LLP
City Centre, Suite 100
200 South Lamar Street
Jackson, Mississippi 39201-4099
win.gault@formanwatkins.com
mandie.robinson@formanwatkins.com

Ethan Jacobs, Esq.
Keller Sloan Roman Holland, LLP
555 Montgomery Street, 17th Floor
San Francisco, CA 94111
ejacobs@ksrh.com

Respectfully submitted, this the 1st day of September, 2016.

s/ Charles "Brad" Martin
CHARLES "BRAD" MARTIN, MSB# 100767

- About
- Contact
- Advertise

- Twitter
- Facebook
- LinkedIn
- Google+
- RSS





Navigate

- Home
  - News
  - Hubs
  - Startups
  - Events
  - Features

- North Africa
- East Africa
- Southern Africa
- West Africa



Image courtesy of Antana via flickr.

# 2bn lumen up for grabs at Stellar Build Challenge

0
By Gabriella Mulligan on September 1, 2016

**San Francisco-based Stellar.org is inviting developers from West Africa to apply to the first Stellar Build Challenge, with US$3 million of lumen virtual currency to be awarded as prizes.**

Stellar.org supports the creation of a universal financial platform; and operates the Stellar Network – a free, open-source network that connects diverse financial systems and lets anyone build low-cost financial services – payments, savings, loans, insurance – for their community. The Build Challenge aims to encourage creativity and technical development in the ecosystem.

The Challenge asks developers to build solutions around four categories: anchors, exchanges, applications, and first-time submissions.

The anchors category seeks banks, licensed money-service providers, or mobile money operators that accept deposits, issue credits, and honour withdrawals on the Stellar network. Entries will be evaluated based on usage and uptake. Winners of the anchors category will be awarded annually, and there will be four prizes, ranging from 22 million lumens to 55 million lumens.

An exchange is a platform that supports lumen trading. Entries will be evaluated by the lumen volume on the qualifying exchange. Winners of the exchanges category will be awarded annually, and there will be four prizes, ranging from 5 million lumens to 33 million lumens.

Within the applications category, the focus is on the three subcategories – wallets, most active forum dedicated to Stellar, and most innovative applications. Award recipients will be determined by a panel of community members. Winners of the application category will be awarded quarterly, and there will be multiple prizes for each subcategory, ranging from 2.7 million lumens to 11 million lumens.

To encourage developers new to the Stellar ecosystem to build, each first-time submission from a unique GitHub account will be awarded 200,000 lumens.

"With every visit to West Africa, we're continually impressed by the talented tech communities we've come across" said Jed McCaleb, chief technical officer (CTO) of Stellar.org.

"Our goal with the Stellar Build Challenge is for local developers across West Africa and elsewhere to use Stellar's open financial platform to build applications that serve their audiences. We're excited to work with these communities, and to see the innovative results."

Applications open today (September 1) here, and close on September 20. The first winners will be announced on October 1.

Share this Story  Twitter Facebook Google+ LinkedIn Email
Previous ArticleMMI invests in new Joburg tech hub Tshimologong Precinct
Next Article Anzisha Prize finalists selected

## About Author



Gabriella Mulligan

- Website
- Twitter
- LinkedIn

Inspired and excited by the African tech entrepreneurial scene, Gabriella spends her time travelling around the continent to report on the most innovative tech startups, the most active investors, and the latest trends emerging in the ecosystem.

## Leave A Reply

Your Comment

[ Post Comment ]

- **Most Read**

  

  AUGUST 4, 2016 0[25 places to raise funding for your African tech startup](#)

  

  AUGUST 23, 2016 0[Nigerian startup selected for Start-Up Chile accelerator](#)

  

  AUGUST 26, 2016 0[SA's anti-piracy startup Custos raises $420k from TIA](#)



AUGUST 3, 2016 0[SA startups finalists at MTN Business App of the Year Awards](#)



AUGUST 12, 2016 0[Ghana's telco discovery app Promolante plots monetisation after strong uptake](#)

- **Sign up for the Latest News**

Email Address [                    ]

[ Subscribe ]

Copyright © 2014-2016 Disrupt Africa. All rights reserved.

- [About](#)
- [Contact](#)
- [Advertise](#)
- [Sitemap](#)

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
HINDS COUNTY, MISSISSIPPI**

**DR. DONALD RAGGIO
DR. CHRIS RAGGIO**                                                                                 **PLAINTIFFS**

**VS.**                                                                          **CAUSE NO. 14-CV-00071-TTG**

**MTGOX, et al.**                                                                          **DEFENDANTS**

### NOTICE OF HEARING

Please take notice that pursuant to the Court's instructions, Defendants Jed McCaleb and

Code Collective, LLC, (collectively McCaleb) will bring on for hearing their Motion for

Protective Order before the Honorable Judge Tomie T. Green, Hinds County Court Judge, Hinds

County Courthouse, 407 E. Pascagoula Street, Jackson, MS 39201, on October 18, 2016 at 9:00

a.m.

Respectfully submitted, this the 8th day of September, 2016.

> **CODE COLLECTIVE, LLC, and
> JED McCALEB, individually and formerly
> doing business as MTGOX, a sole proprietorship**
>
> By:   /s/ *Edwin S. Gault, Jr.*
>        EDWIN S. GAULT, JR., MSB #10187
>        MANDIE B. ROBINSON, MSB #100446

OF COUNSEL:
FORMAN WATKINS & KRUTZ LLP
200 South Lamar Street, Ste. 100
Jackson, MS  39201-4099
Post Office Box 22608
Jackson, MS  39225-2608
Telephone:  (601) 960-8600
Facsimile:  (601) 960-8613
win.gault@formanwatkins.com
mandie.robinson@formanwatkins.com

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via the Court's electronic mail system on the following:

> Mitchell H. Tyner, Sr.
> Charles Brad Martin
> Tyner Law Firm, P.A.
> 5750 I-55 North
> Jackson, MS  39211
> mtyner@tynerlawfirm.com
> bmartin@tynerlawfirm.com

Respectfully submitted, this the 8th day of September, 2016.

/s/ *Edwin S. Gault, Jr.*
EDWIN S. GAULT, JR.

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
HINDS COUNTY, MISSISSIPPI**

**DR. DONALD RAGGIO**                                                                         **PLAINTIFFS**
**DR. CHRIS RAGGIO**


**VS.**                                                                       **CIVIL ACTION NO. 14-71**


**MTGOX a sole proprietorship;**
**MTGOX, Inc., a Delaware corporation;**
**MT.GOX KK, a Japanese corporation;**
**TIBANE KK, a Japanese corporation;**
**MUTUM SIGILLUM, LLC a Delaware limited Liability Company;**
**CODE COLLECTIVE, LLC a New York limited liability company;**
**JED McCALEB, an individual;**
**MARK KARPELES, an individual;**
**JOHN DOES 1-5, and CORPORATE JOHN DOES 1-5**                   **DEFENDANTS**

---

### PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

---

COME NOW Dr. Chris Raggio and Dr. Donald Raggio, plaintiffs, by and through

counsel, and file this their Motion for Protective Order, as follows:

### <u>INTRODUCTION</u>

Doctors Chris and Donald Raggio (hereinafter "the Doctors") filed their suit in this

matter on March 7, 2014, arising out of the purchase and the subsequent theft of bitcoins from

the Raggio's account on a bitcoin exchange called MTGOX.  Defendant McCaleb (hereinafter

"California Defendant") was the sole proprietor of MTGOX exchange.

As this Court is fully aware from prior motions, the Doctors have been attempting to

obtain the deposition of the California Defendant for several months.  Most recently, on August

1

9th 2016, this Court entered a Text Order [Dkt. 41] allowing the Doctors to take the deposition of the California Defendant on or before October 14, 2016.

However, the California Defendant refuses to present himself in Mississippi, where this lawsuit has been filed, and has filed a Motion for Protective Order [Dkt. 44] requesting the deposition take place in San Francisco, California. This Motion is currently set for hearing before this court on October 18, 2016.

On August 15, 2016, the Defendant propounded his Request for Production upon the Doctors. *See* Exhibit "A". However, the Doctors object to producing these documents prior to obtaining the California Defendant's deposition testimony on the grounds that production will severely prejudice the Doctors, as the California Defendant will be able to tailor his recollection of the events and testimony as to what is depicted in the documents. Furthermore, with the ongoing delays in submitting to a deposition, the California Defendant has placed himself in the advantageous position of having **now** submitted discovery requests when it is to his benefit (and inequitable to the Doctors), thus requesting documentation which would be due before his deposition. The Doctors are nonetheless willing to produce the documents to the California Defendant after his deposition has been completed. Thus, the Doctors seek a protective order finding that the responsive documents should not be turned over until the deposition of the California Defendant is completed.

The Doctors respectfully submit that no prejudice will result upon granting their Motion for Protective Order, as California Defendant will have access to the documents after completing his deposition. This will ensure that the California Defendant gives deposition testimony based solely upon his own recollection of the incident, but he will have the benefit of reviewing the documents prior to the trial in this matter.

## LAW IN SUPPORT OF DRS. CHRIS & DONALD RAGGIO'S MOTION

Pursuant to Mississippi Rule of Civil Procedure 26(d), a party from whom discovery is sought may move for a protective order, seeking that discovery be limited or prohibited for a number of reasons.  One remedy afforded under Rule 26(d) includes the discovery being had on specified terms and condition.  Miss. R. Civ. P. 26(d)(2).

A.     **It is within this Court's discretion to order that the California Defendant not obtain the requested documents until after his deposition.**

In *Congleton v. Shellfish Culture, Inc.*, 807 So.2d 492 (Miss. App., 2002), the plaintiff argued an administrative law judge was in error for not forcing the defendant to provide the plaintiff surveillance videotapes prior to the plaintiff giving a deposition.  *Congleton v. Shellfish Culture, Inc.*, 807 So.2d 492, 495 (Miss. App., 2002).  The plaintiff claimed the defendant did not timely produce the videotapes, and because the plaintiff was not allowed to see the videotapes, he was unduly prejudiced. *Id*.  The defendant argued the administrative law judge was not in error for allowing the tapes into evidence because it was within the judge's discretion to do so.  *Id*.  The Court held since the plaintiff obtained copies of the videotapes prior to trial there was no trial by ambush.  *Id*. at 496.  While the Court did not discuss the reasoning behind the defendant's refusal to turn over the videotapes prior to the deposition, the Court found that the judge acted in accord with his statutory authority to control when evidence is presented.  *Id*.

Case law from other jurisdictions also exists that is persuasive in this matter.  Several courts have recognized the value of withholding material from a party in order to prevent the party from tailoring his or her testimony as to what is depicted in the material.  In *Bolitho v. Home Depot USA, Inc*. 2010 U.S. Dist. LEXIS 76032 (S.D. Fla. June 29, 2010), the District Court for the Southern District of Florida found that the production of a store surveillance video

should be delayed until after a plaintiff's deposition. *See* Exhibit "B". During discovery, the plaintiff requested footage of the surveillance video. *Id*. In response, the defendant objected to this request but stated the video "will be provided to the plaintiff immediately after deposition." *Id*. The plaintiff moved to compel the immediate production of the video, prior to the plaintiff's deposition. *Id*. The court denied the plaintiff's motion and utilized its discretion to allow the deposition of the plaintiff to occur before the disclosure of the video "to ensure that all relevant evidence reaches the trier of fact in a fair and accurate fashion." *Id*. at *3.

The *Bolitho* court also noted "the Court sees no unfairness in requiring the Plaintiff to sit for deposition and describe the events she personally experienced without the benefit of first viewing the video of the incident. *Bolitho v. Home Depot USA, Inc*. 2010 U.S. Dist. LEXIS 76032 (S.D. Fla. June 29, 2010).

Courts in jurisdictions other than Florida have issued similar rulings. In *Rankin v. Waldbaum*, 670 N.Y.S. 2d 1023 (N.Y. 1998), a plaintiff sued the defendant supermarket claiming she suffered injuries after slipping on a wet floor. *See* Exhibit "C". The plaintiff discovered the defendant had surveillance footage of the actual event and moved to compel. The defendant moved for a protective order, stating it should not have to produce the video surveillance tape until after the plaintiff had completed her deposition. The court granted the defendant's motion for protective order, stating that "danger is present that the plaintiff would tailor her testimony based upon what is depicted in the videotape. The best way to ensure honest testimony is to conduct the plaintiff's deposition before the videotape is exchanged." *Id*. at 1024.

In the present case, the California Defendant's deposition testimony has great potential to be influenced and altered by the production of the requested documents, which may lead the him to tailor his testimony or alter his memory of the facts, to include details that he does not, himself

recall. It should be noted that the bulk of the communications between the Doctors and the California Defendant were emails sent to the California Defendant via his MTGOX email account. It is highly likely that the California Defendant no longer has access to this email account in that he sold his interest in MTGOX in 2011. If the California Defendant is able to view the requested documents prior to giving testimony on the record, his memory of the subject events will unquestionably be altered, which will irreversibly prejudice the Doctors. On the other hand, no prejudice will result if the Plaintiff is required to be deposed prior to obtaining the video footage.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs, Dr. Chris Raggio and Dr. Donald Raggio, respectfully request this Court to enter an Order granting the Plaintiffs' Motion for Protective Order and allowing the Plaintiffs to withhold production of the documents until after the Defendant has given his deposition testimony.

Respectfully submitted this the 15th day of September, 2016.

s/Charles "Brad" Martin
CHARLES "BRAD" MARTIN, MSB# 100767

OF COUNSEL
MITCHELL H. TYNER, SR., MSB# 8169
CHARLES "BRAD" MARTIN, MSB# 100767
**TYNER LAW FIRM, P.A.**
5750 I-55 North
Jackson, Mississippi  39211
(601) 957-1113
(601) 957-6554 – *facsimile*

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via the Court's electronic filing system and via email on the following:

> Edwin S. Gault, Jr., Esq.
> Mandie B. Robinson, Esq.
> Forman Watkins & Krutz LLP
> 200 South Lamar Street, Suite 100
> Jackson, Mississippi 39201-4099

> Ethan Jacobs, Esq.
> Keller Sloan Roman Holland, LLP
> 555 Montgomery Street, 17th Floor
> San Francisco, CA 94111
> ejacobs@ksrh.com

Respectfully submitted, this the 15th day of September, 2016.

s/ Charles B. Martin
CHARLES "BRAD" MARTIN, MSB# 100767

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT**
**HINDS COUNTY, MISSISSIPPI**

**DR. DONALD RAGGIO**
**DR. CHRIS RAGGIO**                                               **PLAINTIFFS**

**VS.**                                                **CAUSE NO. 14-CV-00071-TTG**

**MTGOX, et al.**                                              **DEFENDANTS**

**FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS**

Code Collective, LLC ("Code Collective"), and Jed McCaleb, individually and formerly

doing business as MTGOX, a sole proprietorship, (collectively referred to as "McCaleb"),

(together, "Defendants"), hereby serves their First Set of Requests for Production of Documents

to Plaintiffs as follows:

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST NO. 1**:

Produce a copy of any and all correspondence, electronic communications, or any other

tangible documents or other writings which either one of the Plaintiffs sent to or received from Jed

McCaleb.

**REQUEST NO. 2:**

Produce a copy of any and all correspondence, electronic communications, or any other

tangible documents or other writings which either one of the Plaintiffs sent to or received from

Mark Karpeles.

**REQUEST NO. 3:**

Produce a copy of any and all correspondence, electronic communications, or any other

tangible documents or other writings sent or received between Dr. Donald Raggio and Dr. Chris

Raggio related in any way to MTGOX, Jed McCaleb, Code Collective, LLC, or Mark Karpeles.

**REQUEST NO. 4:**

Produce a copy of any and all correspondence, documents, electronic communications, or any other tangible documents or other writings sent or received between Dr. Donald Raggio and Dr. Chris Raggio related to the stolen bitcoins as alleged in your Complaint.

**REQUEST NO. 5:**

Produce a copy of any and all documents relating to the stolen bitcoins as alleged in your Complaint.

Respectfully submitted, this the 15th day of August, 2016.

> **CODE COLLECTIVE, LLC, and**
> **JED McCALEB, individually and formerly**
> **doing business as MTGOX, a sole proprietorship**

By:    */s/Edwin S. Gault, Jr.*_____
         EDWIN S. GAULT, JR., MSB #10187
         MANDIE B. ROBINSON, MSB #100446


OF COUNSEL:

FORMAN WATKINS & KRUTZ LLP
200 South Lamar Street, Ste. 100
Jackson, MS   39201-4099
Post Office Box 22608
Jackson, MS   39225-2608
Telephone:   (601) 960-8600
Facsimile:   (601) 960-8613
win.gault@formanwatkins.com
mandie.robinson@formanwatkins.com

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via email on the following:

        Mitchell H. Tyner, Sr.
        Charles Brad Martin
        Tyner Law Firm, P.A.
        5750 I-55 North
        Jackson, MS   39211
        mtyner@tynerlawfirm.com
        bmartin@tynerlawfirm.com

Respectfully submitted, this the 15th day of August, 2016.


                    */s/ Edwin S. Gault, Jr.*
                    EDWIN S. GAULT, JR.

3



⚠ Caution
As of: September 15, 2016 4:10 PM EDT

# *Bolitho v. Home Depot USA, Inc.*

United States District Court for the Southern District of Florida

June 3, 2010, Decided; June 3, 2010, Entered

CASE NO. 10-60053-CIV-COHN/SELTZER

**Reporter**
2010 U.S. Dist. LEXIS 76487; 2010 WL 2639639

LINDA D. BOLITHO, Plaintiff, vs. THE HOME DEPOT USA, INC., Defendant.

**Subsequent History:** Objection overruled by *Bolitho v. Home Depot USA, Inc., 2010 U.S. Dist. LEXIS 76032 (S.D. Fla., June 29, 2010)*

## Core Terms

surveillance video, deposition, discovery, surveillance, work product, videotape, discoverable, photographs, contents, movies, video, contending, privileged, materials, agreeing, Notice, waived

**Counsel:** [*1] For Linda D. Bolitho, Plaintiff: Roy D. Wasson, LEAD ATTORNEY, Miami, FL; Mark S. Weinstein, PRO HAC VICE, Weinstein & Weinstein, Weston, FL.

For Home Depot USA, Inc., a foreign profit corporation, Defendant: Charles S. Rowley , Jr., Jack David Luks, Luks, Santaniello, Perez, Petrillo, Gold & Jones, Fort Lauderdale, FL.

**Judges:** BARRY S. SELTZER, United States Magistrate Judge.

**Opinion by:** BARRY S. SELTZER

## Opinion

*ORDER*

THIS CAUSE is before the Court on Plaintiff Linda D. Bolitho's Motion to Compel Production of Store Surveillance Video (DE 20) and was referred to the undersigned pursuant to *28 U.S.C. § 636* (DE 6). The Court having considered the briefed Motion (DE 20, 21, 24, and 25) and being otherwise fully advised, it is hereby ORDERED that Defendant's objections are SUSTAINED and that Plaintiff's Motion to Compel is DENIED.

This is an action for personal injuries sustained by Plaintiff while on Defendant's premises. *See* Notice of Removal at P2 and Complaint (DE 1) (alleging that Plaintiff was injured by an employee of Defendant and asserting a claim against Defendant for negligence). While engaged in discovery, Plaintiff requested (from Defendant) production of "any video tape surveillance of the area where the [*2] incident occurred on the date of the incident." Plaintiff's Request for Production at P12 (DE 21-1). In response, Defendant objected to the request as privileged work-product [1] but stated that "[s]ubject to and without waiving [the objection] . . . that

_____

[1] Plaintiff originally brought this negligence action in state court; Defendant removed it to this Court on diversity grounds. Substantive issues regarding privilege, therefore, are determined by state (Florida) law. *See Reiser v. Wachovia Corp., No. 6:06-cv-795-Orl-19KRS, 2007 U.S. Dist. LEXIS 42504, 2007 WL 1696033, at *1 (M.D. Fla. June 12, 2007)* [*3] (noting that where a party alleges a Florida state law claim, Florida law determines whether the requested materials are privileged); *see also* Motion (DE 20) and Response (DE 24) (acknowledging same).

2010 U.S. Dist. LEXIS 76487, *5

[Defendant] is in possession of store surveillance video that captured the alleged incident . . . [and that it] will be provided to the plaintiff immediately after her deposition." Defendant's Response to Plaintiff's Request for Production at P12 (DE 21-2); *see also* Response at 2 (DE 24) (emphasizing that "on the same day of the accident, Plaintiff returned to [Defendant's] store approximately two hours later to report the incident" and "if [Defendant] had not copied and preserved the subject video tape because [at that point] it anticipated litigation, the video of the incident would have been taped over as is the practice of [Defendant] for surveillance videos taken in the ordinary course of business").

Plaintiff now moves the Court to compel Defendant to immediately produce the discovery at issue, contending that the video is not protected work product, or "even if work product . . . that [it] should not be withheld until after [Plaintiff's] deposition." Reply at 4 (DE 25). The Court, however, agrees with Defendant that here the video tape is protected work product and that utilizing the "[C]ourt's discretion to allow the discovery deposition before disclosure is an appropriate middle road to ensure that all relevant evidence reaches the trier of fact in a fair and accurate fashion." *Dodson v. Persell, 390 So. 2d 704, 708 (Fla. 1980)* (holding that "(1) the existence of surveillance movies and photographs is discoverable in every instance; (2) the contents are discoverable if the materials will be used as evidence either substantively or for impeachment; (3) if the movies or photographs will not be used [*4] as evidence by the holder, the contents are discoverable only upon a showing of exceptional circumstances; (4) the party seeking discovery must be afforded a reasonable opportunity to observe the movies or photographs before their presentation as evidence; and (5) within the trial court's discretion, the surveilling party has the right to depose the party or witness filmed before being required to produce the contents of the surveillance information for inspection"); *see also* Response (DE 24) (agreeing to immediately provide the video

to Plaintiff after her deposition). [2]

Accordingly, it is hereby ORDERED as follows:

1. Plaintiff's Motion to Compel Production of Store Surveillance Video (DE 20) is DENIED.

2. Immediately following the completion of Plaintiff's deposition, Defendant shall produce to Plaintiff a copy of the requested store surveillance video. **[*5]** If Defendant has not noticed Plaintiff's deposition, it shall do so forthwith, unless otherwise agreed by the parties.

DONE AND ORDERED in Fort Lauderdale, Florida, this 3rd day of June 2010.

/s/ Barry S. Seltzer

BARRY S. SELTZER

United States Magistrate Judge

_____

[2] Plaintiff alternatively contends that because Defendant's privilege log is deficient, she has waived the work product privilege and, therefore, must immediately produce the discovery (surveillance video) at issue. *See* Motion at 7-8 (DE 20); *see also* Reply at 4 (DE 25). The Court finds Plaintiff's (alternative) contention unpersuasive.

2016 U.S. Dist. LEXIS 76487, *5

**End of Document**

Rankin v. Waldbaum, Inc., 670 N.Y.S.2d 1023, 176 Misc.2d 184 (N.Y.Sup., 1998)

Page 1023

**670 N.Y.S.2d 1023**
**176 Misc.2d 184, 1998 N.Y. Slip Op. 98,187**
**Alma RANKIN, Plaintiff,**
**v.**
**WALDBAUM, INC., Defendant,**
**Supreme Court, Nassau County.**
**March 16, 1998.**

Kral, Clerkin, Redmond, Ryan, Perry & Girvan, Mineola, for defendant.

Elovich & Adell, Long Beach, for plaintiff.

SANDRA J. FEUERSTEIN, Justice.

This motion involves a claim by the plaintiff that she slipped and fell upon a "slippery substance" existing on the floor of one of the aisles in the defendant's supermarket. This court's preliminary conference order dated March 25, 1997, provided, in pertinent part, that:

"All parties [are] directed to furnish each [other] the names and address of eye and notice witnesses to the occurrence within twenty days from the date of this order, as well as [photographs] of scene and any surveillance depicting accident, if any."

In response, the defendant stated that "video surveillance of the incident, if any, shall be provided in accordance with CPLR 3101[i] andDi Michel v. South Buffalo Railway Co., 80 N.Y.2d 184, 590 N.Y.S.2d 1 [604 N.E.2d 63] (1992) and its progeny."

The plaintiff's motion to compel the immediate production of the videotape for twelve hours prior to the accident was denied without prejudice to renewal when and if it was determined that such a videotape actually exists.

The defendant has now verified the existence of a surveillance videotape.

The defendant now moves for a protective order that it does not have to exchange the video surveillance tape until after the plaintiff's deposition and that it does not have to produce twelve (12) hours of videotape.

In DiMichel v. South Buffalo Railway Co., 80 N.Y.2d 184, 590 N.Y.S.2d 1, 604 N.E.2d 63, the Court of Appeals addressed the issue whether surveillance tapes made of a plaintiff in a personal injury action, during the litigation, were discoverable. The court treated the surveillance tape as material prepared in anticipation of litigation and, therefore, subject to a qualified privilege, Id. at 196, 590 N.Y.S.2d 1, 604 N.E.2d 63. The court reasoned that if the surveillance tape was treated

Page 1024



Rankin v. Waldbaum, Inc., 670 N.Y.S.2d 1023, 176 Misc.2d 184 (N.Y.Sup., 1998)

as a party statement, the plaintiff could tailor his or her testimony based upon the videotape. Accordingly, the court held that the videotape should be turned over only after the plaintiff has been deposed, Id. at 197, 590 N.Y.S.2d 1, 604 N.E.2d 63. This allows the plaintiff to authenticate the tape but not tailor testimony based upon it.

Here, the facts are not quite identical to those in DiMichel. In this case the surveillance tape depicts the actual happening of the accident not merely the plaintiff performing physical activities contrary to his claimed injuries. There are no reported cases dealing with the issue presented here.

Nevertheless, the logic behind DiMichel is applicable here. The danger is present that the plaintiff would tailor her testimony based upon what is depicted on the videotape. The best way to ensure honest testimony is to conduct the plaintiff's deposition before the videotape is exchanged.

Further, the plaintiff has not demonstrated how she is prejudiced by being deposed before receiving the videotape.

Accordingly, the request for a protective order is granted to the extent that the surveillance videotape shall be exchanged after the conclusion of the plaintiff's deposition.

Additionally, the request for a protective order limiting the time frame for the videotape is granted to the extent that the defendant shall provide the surveillance tape for six (6) hours before the alleged time of the accident.



**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
HINDS COUNTY, MISSISSIPPI**

**DR. DONALD RAGGIO**                                                **PLAINTIFFS**
**DR. CHRIS RAGGIO**


**VS.**                                                **CIVIL ACTION NO. 14-71**


**MTGOX a sole proprietorship;**
**MTGOX, Inc., a Delaware corporation;**
**MT.GOX KK, a Japanese corporation;**
**TIBANE KK, a Japanese corporation;**
**MUTUM SIGILLUM, LLC a Delaware limited Liability Company;**
**CODE COLLECTIVE, LLC a New York limited liability company;**
**JED McCALEB, an individual;**
**MARK KARPELES, an individual;**
**JOHN DOES 1-5, and CORPORATE JOHN DOES 1-5**          **DEFENDANTS**

---

**NOTICE OF SERVICE OF DISCOVERY RESPONSES**

---

Please take notice that Dr. Donald Raggio and Dr. Chris Raggio have this day served in

the above entitled action the following:

1)     **Plaintiffs' Responses to Code Collective, LLC and Jed Mccaleb's First Set of
       Requests for Production of Documents**

The undersigned retain the originals as custodian thereof.

This the 16th day of September, 2016.


                                        **DR. DONALD RAGGIO AND**
                                        **DR. CHRIS RAGGIO**

                                        s/Charles "Brad" Martin
                                        CHARLES "BRAD" MARTIN, MSB# 100767

OF COUNSEL:

MITCHELL H. TYNER, SR., MSB# 8169
CHARLES "BRAD" MARTIN, MSB# 100767
**TYNER LAW FIRM, P.A.**
5750 I-55 North
Jackson, Mississippi  39211
(601) 957-1113
(601) 957-6554 – *facsimile*

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have this day served a true and correct copy of the above and foregoing pleading via the Court's electronic filing system and via email on the following:

> Edwin S. Gault, Jr., Esq.
> Mandie B. Robinson, Esq.
> Forman Watkins & Krutz LLP
> 200 South Lamar Street, Suite 100
> Jackson, Mississippi 39201-4099
>
> Ethan Jacobs, Esq.
> Keller Sloan Roman Holland, LLP
> 555 Montgomery Street, 17th Floor
> San Francisco, CA 94111
> ejacobs@ksrh.com

> Respectfully submitted, this the 16th day of September, 2016.

> s/ Charles B. Martin
>  CHARLES "BRAD" MARTIN, MSB# 100767

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
HINDS COUNTY, MISSISSIPPI**

DR. DONALD RAGGIO
DR. CHRIS RAGGIO                                                    **PLAINTIFFS**

VS.                                                    **CAUSE NO. 14-CV-00071-TTG**

MTGOX, *et al.*                                                    **DEFENDANTS**

---

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

Jed McCaleb and Code Collective, LLC, (collectively McCaleb) file this Response to Plaintiff's Motion for Protective Order.

1.     McCaleb propounded five simple Request for Production of Documents to plaintiffs.

2.     Plaintiffs object to producing the documents prior to McCaleb's deposition because "Defendant will be able to tailor his recollection of the events and testimony as to what is depicted in the documents."

3.     Plaintiffs' argument to withhold requested documents until after a deposition is unprecedented.   If this argument were accepted, every party in every civil case would make the same argument.

4.     Mississippi Rule of Civil Procedure 26(d) sets forth the bases for issuing a protective order - - "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."   Plaintiffs do not allege any of the Rule 26(d) bases.   To the contrary, plaintiffs are willing to produce the documents _after_ the deposition.

5.     Plaintiffs motion violates the letter and spirit of the Mississippi Rules of Civil Procedure and should be denied.   *See Haley v. Harbin,* 933 So.2d 261 (Miss. 2005) ("Discovery methods . . .   are not to be used as a ruse or stratagem to obfuscate the truth or to trick an opposing

party into admitting a disputed fact."); *Seaboard Systems R.R., Inc. v. Cantrell*, 520 So.2d 479

(Miss. 1987) (defendant was required to produce a written statement of a non-party witness despite

arguing it would "take away an impeachment tool since the prospective witness, upon reading the

statement, would be able to adjust his testimony accordingly.").

      Respectfully submitted, this the 20th day of September, 2016.

                            **CODE COLLECTIVE, LLC, and**
                            **JED McCALEB, individually and formerly**
                            **doing business as MTGOX, a sole proprietorship**

      By:    /s/ *Edwin S. Gault, Jr.*
               EDWIN S. GAULT, JR., MSB #10187
               MANDIE B. ROBINSON, MSB #100446

OF COUNSEL:

FORMAN WATKINS & KRUTZ LLP
200 South Lamar Street, Ste. 100
Jackson, MS   39201-4099
Post Office Box 22608
Jackson, MS   39225-2608
Telephone:   (601) 960-8600
Facsimile:   (601) 960-8613
win.gault@formanwatkins.com
mandie.robinson@formanwatkins.com

Admitted *Pro Hac Vice*:

ETHAN JACOBS
KELLER SLOAN ROMAN HOLLAND, LLP
555 Montgomery Street, 17th Floor
San Francisco, CA 94111
Telephone: (415) 249-8330
Direct: (415) 249-8336
Facsimile: (415) 249-8333
ejacobs@ksrh.com

**Counsel for Jed McCaleb and Code Collective, LLC**

2

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via the Court's electronic filing system and via email on the following:

> Mitchell H. Tyner, Sr.
> Charles Brad Martin
> TYNER LAW FIRM, P.A.
> 5750 I-55 North
> Jackson, MS    39211
> mtyner@tynerlawfirm.com
> bmartin@tynerlawfirm.com

This, the 20th day of September, 2016.

/s/ *Edwin S. Gault, Jr.*
EDWIN S. GAULT, JR.

3