**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT**
**HINDS COUNTY, MISSISSIPPI**

**DR. DONALD RAGGIO**                                                                    **PLAINTIFFS**
**DR. CHRIS RAGGIO**


**VS.**                                                                    **CIVIL ACTION NO. 14-71**


**MTGOX a sole proprietorship;**
**MTGOX, Inc., a Delaware corporation;**
**MT.GOX KK, a Japanese corporation;**
**TIBANE KK, a Japanese corporation;**
**MUTUM SIGILLUM, LLC a Delaware limited Liability Company;**
**CODE COLLECTIVE, LLC a New York limited liability company;**
**JED McCALEB, an individual;**
**MARK KARPELES, an individual;**
**JOHN DOES 1-5, and CORPORATE JOHN DOES 1-5**                     **DEFENDANTS**


## PLAINTIFFS' MOTION FOR SANCTIONS

COME NOW the Plaintiffs, by and through the undersigned counsel, and file this Motion

seeking extraordinary relief in the form of sanctions, including entering a Default Judgment in

favor of the Plaintiffs (the Raggios) on all their claims, and/or other appropriate relief, for

intentional misconduct, misrepresentations to the Court and Counsel, and concealment of

discoverable information, and otherwise thwarting and impeding discovery efforts, against the

Defendants Jed McCaleb and Code Collective, LLC, in support thereof would show unto this Court

the following matters and facts, to-wit:


## BACKGROUND

1. This Motion is necessitated by what is an intentional concealment of discoverable and

material evidence and false discovery responses made by the Defendants.  The conduct of the

Defendants amounts to a total disregard for the authority and integrity of this Court and the system of civil justice. The Raggios have suffered prejudice as a result of the Defendants' active concealment of discoverable and material evidence and outright misrepresentations of fact .

2.   On March 6, 2017, the Raggios sent a Good Faith Letter to counsel for the Defendants in which the undersigned counsel wrote in part, "It has come to our attention that evidence exists that shows additional documents exists as it pertains to several Request for Production of Documents that were propounded to your clients, Jed McCaleb and Code Collective, LLC.   *See* Exhibit A, March 6, 2017 Good Faith Letter.   The good faith letter was predicated on the discovery of a Daily Beast article which mentioned and cited an April 28, 2011 email between Mark Karpeles and Defendant Jed McCaleb as to 80,000 bitcoins which were missing from the bitcoin exchange, MTGOX.   The April 28, 2011 email was not turned over during the Defendants' first production of documents.   The Defendants responded by stating "**…Defendants are producing all correspondence between Defendants and Mark Karpeles**."   *See* Exhibit B, Defendants' First Supplement to Responses to Plaintiffs' First Set of Request for Production of Documents, Supplemental Response to Request No. 14 (emphasis added).

3.   The Defendants have falsely represented to the Court and to the Raggios that all correspondence between themselves and Mark Karpeles had been produced.   This misrepresentation was done through the failure of producing at least eighteen emails.   *See* Cumulative Exhibit C, Email Compilation.   These emails serve as some of the most damning, if not the most damning, evidence against the Defendants and prove that Defendant Jed McCaleb breached his duties to the Raggios and other MTGOX customers by fraudulently concealing his apprehension of Mark Karpeles operating MTGOX and his belief that Mark Karpeles was using customer deposits to operate MTGOX, among other things.   The Defendants also withheld emails

in which Mark Karpeles opines MTGOX had been operating illegally since its very beginning.   It is not a stretch of the imagination to assume that not only did the Defendants not want these emails to be in the hands of the Raggios for the prosecution of their case, but ***also to protect themselves from thousands of potential lawsuits from other MTGOX account holders***.   The Defendants' false representations were made by outright misrepresentations of fact in discovery responses served on the parties and deliberate concealment of material evidence.

4.   These emails were discovered upon contacting an individual whom had conducted prior investigations into MTGOX and its ultimate demise in 2014.   Fortunately, this individual possessed and turned over numerous emails of Jed McCaleb to Plaintiffs' counsel.   A subsequent review of the emails revealed that the aforesaid eighteen emails had been withheld from the Raggios.

5.   The Raggios would show the Defendants' Motion for Summary Judgment has previously come before this Court for hearing on April 18, 2017.   The Raggios were denied the use of these emails in responding to the Motion for Summary Judgment because the Defendants had not produced them and knew if they were produced it would show fraudulent concealment on the behalf of Jed McCaleb and would as well expose him to numerous lawsuits by MTGOX customers who lost fiat currency and bitcoins when MTGOX collapsed in early 2014.

6.   The Mississippi Rules of Civil Procedure expressly grant this Court authority to address the conduct of the Defendants herein.   As shown below, the conduct of this Defendant regarding these emails is such that only the most severe sanctions available to this Court are in order.   The Raggios respectfully submit that this Honorable Court consider the evidence and argument set forth in the following pages, and enter an Order striking the Answer of the Defendants and entering a Default Judgment in favor of the Plaintiffs on all their claims.

7.   Any Order to produce the previously concealed evidence and any other possible concealed evidence cannot be responded to with credibility – it is simply impossible for the Plaintiffs, or the Court, to feel secure in the authenticity and credibility of future discovery responses by this Defendant.

8.   The Defendants' intentional misconduct was calculated to, and has achieved the result of damaging the Raggios ability to prove their case beyond repair, while strengthening the Defendants' own defenses by concealing material evidence that supports the Raggios' claims. Quite frankly, the degree of misconduct employed by the Defendants make it impossible for the Raggios to take their claims before the Court and a jury in the same state of preparedness and with the same degree of knowledge and access to evidence that would have existed but for the Defendants' concerted effort to impeded and corrupt the discovery process.

## <u>LAW AND ARGUMENT</u>

9.   Mississippi law supports entry of the sanctions requested by the Raggios.   "The decision to impose sanctions for discovery abuse is vested in the trial court's discretion. *City of Jackson vs. Rhaly,* 95 So.3d 602, 607 (Miss. 2012) (citing *Amiker v. Drugs for Less, Inc.*, 796 So.2d 942, 948 (Miss. 2000)).   "The power to dismiss is inherent in any court of law or equity, being a means necessary to the orderly expedition of justice and the court's control of its own docket."  *Id.*   "Where a Trial Court applies the proper standard in choosing to enter sanctions of dismissal or default for discovery violations, the Mississippi Supreme Court "will uphold the decision unless we have a 'definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon weighing the relevant factors.'"  *Smith v. Tougaloo College,* 805 So.2d 633, 640 (Miss Ct App. 2002) (citing *Wood v. Biloxi Pub Sch. Dist.*, 757 So.2d 190, 102 (Miss. 2000)).

9.   One of two seminal cases in Mississippi on the issue of appropriate sanctions for abusive discovery practices is *City of Jackson vs. Rhaly*, 95 So.3d 602 (Miss. 2012).   *Rhaly* was a case involving property owners suing the City of Jackson for flooding to their properties.   *Id*. at 603.   The Plaintiffs were awarded a Default Judgment against the Defendant City, whose Answer was struck by the Hinds County Circuit Court. as a sanction for discovery violations because the Defendant responded in the negative when asked through requests for production and interrogatories as to 1) any standard operating procedures governing flooding and 2) any lawsuits filed five years prior and any time subsequent to the flooding.   *Id* at 604.   Six days before trial a paralegal for the counsel for the Plaintiffs happened to discover a copy of a manual concerning standard operating procedures for flooding while reviewing attachments to a pleading in a case (which fell squarely under the Plaintiffs' discovery request) in which a verdict had been entered nearly two years after the filing of the Plaintiffs' Complaint.   *Id*.   At no time were the City's discovery responses ever supplemented.   *Id*. at 605.

10.   The Plaintiffs filed a "Combined Motion for Sanctions Against the City of Jackson" claiming that the City's "false representations were made by outright misrepresentations of fact in sworn interrogatories; and/or deliberate concealment of material evidence."   *Id*.   The circuit court concluded that based upon the "enormous and substantial prejudice" suffered by the Rhalys, through "no fault" of their own, that the "proper sanction" for the City's conduct was to strike its answer and enter judgment in favor of the Rhalys, pursuant to Mississippi Rule of Civil Procedure 37(e).   *Id*.

11.   On appeal, the Mississippi Supreme Court focused on the circuit court's findings that an "enormous and substantial prejudice" had occurred as to the Plaintiffs.   *Id*. at 610.   "This finding was predicated upon the litany of pretrial activity conducted by the Rhalys without the

benefit of truthful response to develop their claims.   *Id*.   Finding no abuse of discretion by the

trail court, the Court affirmed the ruling of the circuit court.   *Id*.

12.   The other seminal case in Mississippi is *Pierce v. Heritage Properties, Inc*. 688 So.2d

1385 (Miss. 1997).   *Pierce* involved a Plaintiff in a personal injury case whose case was dismissed

(with prejudice) by the Hinds County Circuit Court as a sanction for discovery violations because

the Plaintiff concealed the identity of a material witness. Specifically, the Court discovered the

Plaintiff, Tyner Pierce, gave false testimony (through response to various interrogatories,

deposition testimony, and trial testimony) that she was alone at the time of her injury.   The

Plaintiff's cause of action arose from injuries received when a ceiling fan became dislodged from

a ceiling above her bed and fell on the Plaintiff.   Between the time the jury's verdict was

overturned in Pierce's trial for improper closing argument and the second trial, Defendants'

counsel received an anonymous tip that the Plaintiff was not alone in bed at the time of the incident.

Counsel for the Plaintiff, after being informed the Defendants knew the Plaintiff gave false

testimony, identified the individual who was in bed with Ms. Pierce at the time of her injury, and

the Defendants took his deposition.   The Plaintiff admitted to false testimony, maintained she was

not attempting to deceive the Court, but to prevent her parents from the fact she was accompanied

by a male companion in bed at the time of injury.   *Pierce*, 688 So.2d at 1387-1388.

13.   The deposition of the concealed witness did not indicate that there were any changes

in circumstances surrounding the injury of the Plaintiff.   *Id*. at 1388.   As stated, the Plaintiff

explained her concealment was for the sole purpose of protecting her parents from unpleasant

facts.   *Id*.   Notwithstanding the fact, the Plaintiff's concealment of the identity of a material

witness had no effect on facts concerning the causation of injury, and would not materially

prejudice the Defendants' defenses, the Supreme Court affirmed the dismissal of the Plaintiff's

claims due to the intentional nature of the misconduct, and because lesser sanctions would effectively let the Plaintiff get away with lying with no meaningful consequence, and would not provide the necessary deterrent to prevent future litigants from engaging in similar misconduct – results that would erode the integrity of the judicial process.  *Id*. at 1931.

14.   In formulating its holding, the Supreme Court focused on the intentional nature of the Plaintiff's misconduct and on the effect intentional discovery misconduct has on the litigation process as a whole.   The Supreme Court carefully considered holdings of the Fifth Circuit and other jurisdictions concerning similar discovery abuses.   The Court examined several such cases in detail including *Batson v. Neal Spelce Associates*, 765 F.2d 511 514 (5th Cir. 1985) (holding dismissal is appropriate where discovery violations result from willfulness or bad faith and where the deterrent purpose of Rule 37 cannot be achieved by lesser sanctions) and *Medina v. Foundation Reserve Insurance Co.,* 870 P.2d 125, 126 (N.M. 1994) (upholding dismissal appropriate for willful violation of discovery rules and that the requisite degree of willfulness may be found upon a showing of "conscious or intentional failure to comply with the rule's requirements" or a finding of "either a willful, intentional or bad faith attempt to conceal evidence or a gross indifference to discovery obligations.").   *See* Pierce, 688 So.2d at 1390.

15.   The Mississippi Supreme Court emphasized the holding by the New Mexico Supreme Court that it is not necessary to make a finding that concealed information is critical to trial preparation in order to dismiss a party's claims.   *Pierce*, 688 So.2d at 1390 (citing *Medina*, 870 P.2d at 128).   In doing so, the Court adopted a no-frills policy that willful or bad faith discovery violations will not be tolerated in this State, whatever the circumstances, and endorsed the use of the severest possible sanctions to provide necessary deterrents under Rule 37 and to preserve

judicial process. Notwithstanding the fact, Ms. Pierce's concealment of the identity of a witness to

her injury was not critical to the prosecution/defense of her case, the Supreme Court held

> **[T]he instant case provides the paradigm situation [for granting the 'death penalty" sanction of dismissal] in which the [deceitful party] knowingly refused to be forthcoming and actively withheld the truth from the court…**

> …The same reasoning [as the reasoning applied by the Court in The Mississippi Bar v. Land, 653 So.2d 899 (Miss 1994)] applies to a client who knowingly gives false testimony under oath and conceals significant facts from the court. Such action by any party should not and will not be tolerated. **If a defendant had done the same in this case, the trial court would have been affirmed if it struck the answer and allowed a default judgment to occur.**

*Pierce*, 688 So.2d at 1391-92 (emphasis added).

14.    Emphasizing the need for "death penalty" sanctions as punishment for a party who

intentionally and/or in bad faith conceals evidence, the Court noted that the trial court considered

lesser sanctions, including the right to cross-examine the Plaintiff on her previous concealment of

the identity of a material witness and monetary sanctions in the amount of all costs incurred by the

Defendants in the litigation.   *Id*. at 1390.   After discussing the availability of these lesser

sanctions, the Court concluded:

> The other sanctions considered by the court would not achieve the deterrent value of dismissal.   Since ***any other sanction besides dismissal would virtually allow the Plaintiff to get away with lying under oath without a meaningful penalty***, the trial court's decision regarding this factor was correct.

*Pierce*, 688 So.2d at 1391 (emphasis added).

15.    Appellate courts reviewing "death penalty" sanctions subsequent to *Pierce* interpret

*Pierce* as setting forth four considerations a trail court should examine when evaluating the

appropriateness of entering such sanctions.   See, e.g. *City of Jackson vs. Rhaly*, 95 So.3d 602

(Miss. 2012).   Those considerations are: (1) whether the discovery violation is the result of

willfulness or bad faith; (2) whether the deterrent value of Rule 37 may be achieved by lesser

sanctions; (3) whether the wronged party has suffered prejudice as a result of the discovery violation; and (4) whether the discovery abuse is attributable solely to trial counsel instead of a blameless client.  *Id*. at 608.  Both the *Pierce* and *Rhaly* Courts held the requisite finding of willfulness "may be based upon either a willful, intentional, and bad faith attempt to conceal evidence or a gross indifference to discovery obligations.  *Pierce*, 688 So.2d at 1390; *Rhaly*, 95 So.3d at 608.  Our appellate courts specifically hold, where willfulness or bad faith is clearly demonstrated, "consideration of the other Pierce factors is unnecessary." *Smith v. Tougaloo College,* 805 So.2d 633, 642 (Miss Ct App. 2002).

16.   In the case at hand, the Defendants provided false responses to requests to requests for production and withheld evidence that is crucial to the prosecution of the Raggios' case. Furthermore, the Defendants' filed their Motion for Summary Judgment, of which as hearing was conducted, and the Raggios' were bereft of essential evidence which shows fraudulent concealment.   It appears that the Defendants have engaged in "willful" and "bad faith" discovery misconduct.   This is a matter which the Court must investigate carefully and address under our Rules.

17.   The Raggios would show that the deterrent value of other sanctions, such as heavy monetary fines, would be insufficient as they would allow the Defendants to get away with ignoring their discovery obligations and with withholding material evidence in this cause with no meaningful penalty.   The prejudice suffered by the Raggios is clear – they have been denied essential evidence for the prosecution of their case because of the Defendants' willful misrepresentations and discovery misconduct.   It is clear that the Defendants directly attempted through their omission to deceive this Court and the Raggios and deliberately avoid liability for the damages suffered by the Raggios.

18.   Although the sanctions requested by the Raggios are severe, they have a necessary place in the jurisprudence of this jurisdiction.   As in *Pierce* and *Rhaly*, any lesser sanctions than the "death penalty" specifically authorized by Rule 37 would not serve the deterrent purpose of the Rule, but allow the Defendants to get away with what is lying to the Court and the Raggios and without a meaningful penalty.   The Court in *Pierce* specifically conformed that the "death penalty", as a sanction for discovery violations, is not reserved for contemptuous Plaintiffs, but that the Supreme court will affirm an entry of Default Judgment as a sanction against a Defendant that engages in intentional or bad faith discovery misconduct.   *Pierce* at 1392.

19.   Lesser sanctions than those requested by the Raggios, such as an Order to pay attorneys' fees, costs and expenses, and to produce previously concealed evidence and otherwise remedy the Defendants' willful discovery violations would only further delay these proceedings and would allow Defendants that prove they have contempt for the court of this State, the rules of discovery, and our judicial process with the ultimate right to control what evidence and testimony would ultimately be released with absolutely no mechanism to control credible compliance.   In fact, an Order short of Default Judgment on all the claims of the Raggios and striking the Defendants' Answers would reward the Defendants for their intentional and abusive discovery practices and send the message to like-minded defendants that there is no meaningful penalty in this court for lying to the Court and parties and concealing and controlling material evidence.   It appears the Defendants made a calculated decision to withhold evidence with the likelihood of the withholding ever being discovered being almost impossible.   The Raggio submit it is time to send a loud and thunderous message that such chicanery will not be tolerated by this court.

20.    As to specific relief sought by the Raggios, and recognizing the Raggios are seeking very reasonable compensatory damages/specific performance from the Defendants, the Raggios are seeking the following Orders and Findings from this Court:

a.      The entry of a Default Judgment in favor of the Raggios, and each of them, against the Defendants for all the claims set forth in the Plaintiffs' Complaint, and awarding actual and compensatory damages or specific performance, in an amount to be proven at an evidentiary hearing before the Court to compensate the Raggios for each of the elements of damages set forth and/or requested, directly or indirectly in their Complaint and including, but not limited to:

i.      compensation for all of the damages as has been heretofore set forth in discovery;

ii.     costs and expenses, including attorney fees for having to go forward with this litigation;

iii.    punitive damages as determined by this Court; and,

iv.     pre-judgment and post-judgment interest in an amount to be set by the court, but not less than 8% per annum,

21.    Additionally, and in the alternative, the Plaintiffs ask this Court to award all such additional or alternative sanctions deemed appropriate by this Honorable Court.

## **CONCLUSION**

WHEREFORE PREMISES CONSIDERED, the Plaintiffs respectfully request this Court investigate this matter, and upon completion, enter its Order granting the Plaintiffs' Motion for Sanctions and granting the Plaintiffs the relief requested herein, and awarding any and all additional relief in favor of the Plaintiffs and/or ordering sanctions against the Defendants deemed appropriate by this Honorable Court.

RESPECTFULLY SUBMITTED, this the 12th day of July, 2017.

**DR. DONALD RAGGIO AND**
**DR. CHRIS RAGGIO**

s/Charles "Brad" Martin
CHARLES "BRAD" MARTIN, MSB# 100767

OF COUNSEL:
MITCHELL H. TYNER, SR., MSB# 8169
CHARLES "BRAD" MARTIN, MSB# 100767
**TYNER, GOZA, STACEY & MARTIN, LLC**
114 West Center Street
Canton, MS 39046
Phone: 601-401-1111
Fax: 601-957-6554

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via the Court's electronic filing system on the following:

Edwin S. Gault, Jr., Esq.
Mandie B. Robinson, Esq.
Forman Watkins & Krutz LLP
210 East Capitol Street, Suite 2200
Jackson, MS 39201-2375

Ethan Jacobs, Esq.
Holland Law, LLP
220 Montgomery Street, Suite 800
San Francisco, California 94104

Respectfully submitted, this the 12th day of July, 2017.

s/ Charles B. Martin
CHARLES "BRAD" MARTIN, MSB# 100767

Mitchell H. Tyner, Sr.
mtyner@tynerlawfirm.com

# TYNER LAW FIRM, P.A.

Licensed:   Mississippi
Louisiana
Texas
District of Columbia

March 6, 2017

Edwin S. Gault, Jr.
FORMAN WATKINS & KRUTZ LLP
Post Office Box 22608
Jackson, MS 39225-2608

Re:   *GOOD FAITH LETTER - Raggio vs. MTGOX, et al., In the Circuit Court of the First Judicial District of Hinds County, Mississippi, Civil Action No. 14-CV-00071-TTG*

Dear Win:

It has come to our attention that evidence exists that shows additional documents exists as it pertains to several Request for Production of Documents that were propounded to your clients, Jeb McCaleb and Code Collective, LLC. If these documents do indeed exist and have not been turned over, please supplement. If these documents exist and there is no intention to produce them, we will need a log in which we can present to the court in order to settle this matter. I list the pertinent Requests below. Additionally, I am including the response to Request No. #37 as a response we deem deficient. Please consider this our good-faith attempt to resolve these discovery disputes.

I.   **Defendants' Responses to Plaintiffs' First Set of Request for Production of Documents in which Evidence Exists as to Additional Documents**

**REQUEST NO. 14:** Produce all documents, including but not limited to letters, emails, attachments, private messages, forum messages, text messages and any other form of correspondence, between you and Mark Karpeles.

**RESPONSE:** Defendants object to this request as overbroad, unduly burdensome, and seeking irrelevant information not calculated to lead to the discovery of admissible evidence. Without waving said objection, Defendants are producing all correspondence between Defendants and Mark Karpeles related to the allegations within Plaintiffs' Complaint.

1

*Integrity in Law*

EXHIBIT
A

**PLAINTIFFS' REPLY:**   As mentioned above, evidence exists that shows additional documents exists that pertain to this request.  These documents reflect evidence of numerous bitcoins missing from MTGOX among other matters.  Disclosure of the information sought by this Request is reasonably calculated to lead to the discovery of admissible evidence related not only to the Plaintiffs' claims and damages, but also the credibility and/or truthfulness of the Defendants' testimony and defenses.   The information is discoverable under the Mississippi Rules of Civil Procedure.

**REQUEST NO. 15:**  Produce all documents, including but not limited to letters, emails, attachments, private messages, forum messages, text messages and any other form of correspondence, between you and Mark Karpeles regarding the sale of MTGOX to Mark Karpeles and/or Tibanne.

**RESPONSE:**  Documents in the Defendants' possession are being produced.

**PLAINTIFFS' REPLY:**   As mentioned above, evidence exists that shows additional documents exists that pertain to this request.  These documents reflect additional discussions between Jed McCaleb and Mark Karpeles as to the assets of MTGOX among other matters.  Disclosure of the information sought by this Request is reasonably calculated to lead to the discovery of admissible evidence related not only to the Plaintiffs' claims and damages, but also the credibility and/or truthfulness of the Defendants' testimony and defenses.  The information is discoverable under the Mississippi Rules of Civil Procedure.

**REQUEST NO. 17:**  Produce all documents, including but not limited to contracts, draft contracts, terms and conditions and any other pertinent document relating to the sale of MTGOX to Mark Karpeles and/or Tibanne.

**RESPONSE:**  Defendants object to this request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.  Without waiving this objection, documents in the Defendants' possession are being produced.

**PLAINTIFFS' REPLY:**   As mentioned above, evidence exists that shows additional documents exists that pertain to this request.  These documents reflect additional discussions between Jed McCaleb and Mark Karpeles as to the assets of MTGOX among other matters.  Disclosure of the information sought by this Request is reasonably calculated to lead to the discovery of admissible evidence related not only to the Plaintiffs' claims and damages, but also the credibility and/or truthfulness of the Defendants' testimony and defenses.  The information is discoverable under the Mississippi Rules of Civil Procedure.

**REQUEST NO. 22:**  Produce all documents, including but not limited to letters, emails, attachments, private messages, forum messages, text messages and any other form of correspondence, between you and Mark Karpeles and/or Tibanne regarding any bitcoins, money, or any other form of currency missing or stolen from MTGOX accounts or MTGOX wallets.

**RESPONSE:** Defendants object to this request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Without waiving this objection, responsive documents are being produced.

**PLAINTIFFS' REPLY:** As mentioned above, evidence exists that shows additional documents exists that pertain to this request. These documents reflect evidence of numerous bitcoins missing from MTGOX among other matters. Disclosure of the information sought by this Request is reasonably calculated to lead to the discovery of admissible evidence related not only to the Plaintiffs' claims and damages, but also the credibility and/or truthfulness of the Defendants' testimony and defenses. The information is discoverable under the Mississippi Rules of Civil Procedure.

**REQUEST NO. 23:** Produce all documents, including but not limited to letters, emails, attachments, private messages, forum messages, text messages and any other form of correspondence, between you and any other individual or entity regarding any bitcoins, money, or any other form of currency missing or stolen from MTGOX accounts or MTGOX wallets.

**RESPONSE:** Defendants object to this request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Without waiving this objection, documents are being produced.

**PLAINTIFFS' REPLY:** As mentioned above, evidence exists that shows additional documents exists that pertain to this request. These documents reflect evidence of numerous bitcoins missing from MTGOX among other matters. Disclosure of the information sought by this Request is reasonably calculated to lead to the discovery of admissible evidence related not only to the Plaintiffs' claims and damages, but also the credibility and/or truthfulness of the Defendants' testimony and defenses. The information is discoverable under the Mississippi Rules of Civil Procedure.

I.   **Defendants' Responses to Plaintiffs' First Set of Request for Production of Documents Deemed Deficient**

**REQUEST NO. 37:** Any and all documents pertaining to bitcoin addresses owned, held, or possessed by MTGOX while you held and/or retained any percentage of ownership interest in MTGOX.

**RESPONSE:** Defendants object to this request as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeking information that is completely irrelevant to the allegations that the Defendants should pay Plaintiffs for the alleged theft of bitcoins from the Plaintiffs' account. Without waiving this objection, documents in the possession of these Defendants in which McCaleb and Mark Karpeles may have discussed any addresses of MTGOX relating to the sale of MTGOX are being produced.

3

**PLAINTIFF'S REPLY:** The answer is non-responsive and the objections improper. The information sought in this Request is relevant to the Plaintiffs' discovery of facts related, but not limited to, the claims asserted for conversion and conspiracy by the Defendants. These records possibly reflect evidence of both when and where Plaintiffs' property was diverted. Disclosure of the information sought by this Request is reasonably calculated to lead to the discovery of admissible evidence related not only to the Plaintiffs' claims and damages, but also the credibility and/or truthfulness of the Defendants' testimony and defenses. The information is discoverable under the Mississippi Rules of Civil Procedure.

Please provide the additional information as provided above. If I do not hear from you by Monday, March 20, 2017, I will assume a Motion to Compel is necessary. If you have any questions, feel free to contact us.

Sincerely,

Charles "Brad" Martin

CBM:tp

4

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
HINDS COUNTY, MISSISSIPPI

DR. DONALD RAGGIO                                    **PLAINTIFFS**
DR. CHRIS RAGGIO

                                    CAUSE NO. 14-CV-00071-TTG

VS.
                                                    **DEFENDANTS**

MTGOX, et al.

### JED MCCALEB AND CODE COLLECTIVE, LLC'S FIRST SUPPLEMENT TO RESPONSES TO PLAINTIFFS DR. DONALD RAGGIO AND DR. CHRIS RAGGIO'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS

COME NOW, the Defendants, Jed McCaleb and Code Collective, LLC (together "Defendants"), and submit this First Supplement to Responses to the Plaintiffs' First Set of Request for Production of Documents.  These responses are intended solely to provide supplemental information to the specific requests stated below.

### GENERAL OBJECTIONS

Defendants object to any request to the extent it seeks documents or contents of any public forums or filings as Plaintiffs have equal access to such information.  Defendants further object to production of documents which are not relevant or related to the allegations of the Complaint in any way, including any emails to or from Mark Karpeles from McCaleb's "gmail" account which do not discuss the Raggios, the alleged theft of bitcoins, or the sale of MTGOX.

Notwithstanding the General Objections stated above, emails contained in McCaleb's "gmail" account to or from Mark Karpeles are being produced.

### RESPONSES TO REQUESTS FOR PRODUCTION

REQUEST NO. 14: Produce all documents, including but not limited to letters, emails, attachments, private messages, forum messages, text messages and any other form of correspondence, between you and Mark Karpeles.

1

EXHIBIT
B

**RESPONSE NO. 14:** Defendants object to this request as overbroad, unduly burdensome, and seeking irrelevant information not calculated to lead to the discovery of admissible evidence. Without waiving said objection, Defendants are producing all correspondence between Defendants and Mark Karpeles related to the allegations within Plaintiffs' Complaint.

**SUPPLEMENTAL RESPONSE NO. 14:** Defendants object to this request as overbroad, unduly burdensome, and seeking irrelevant information not calculated to lead to the discovery of admissible evidence. Without waiving said objection, Defendants are producing all correspondence between Defendants and Mark Karpeles.

**REQUEST NO. 15:** Produce all documents, including but not limited to letters, emails, attachments, private messages, forum messages, text messages and any other form of correspondence, between you and Mark Karpeles regarding the sale of MTGOX to Mark Karpeles and/or Tibanne.

**RESPONSE NO. 15:** Documents in the Defendants' possession are being produced.

**SUPPLEMENTAL RESPONSE NO. 15:** Additional documents are being produced.

**REQUEST NO. 17:** Produce all documents, including but not limited to contracts, draft contracts, terms and conditions and any other pertinent document relating to the sale of MTGOX  to Mark Karpeles and/or Tibanne.

**RESPONSE NO. 17:** Defendants object to this request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.  Without waiving this objection, documents in the Defendants' possession are being produced.

**SUPPLEMENTAL RESPONSE NO. 17:**  Additional documents are being produced.

REQUEST NO. 22: Produce all documents, including but not limited to letters, emails, attachments, private messages, forum messages, text messages and any other form of correspondence, between you and Mark Karpeles and/or Tibanne regarding any bitcoins, money,  or any other form of currency missing or stolen from MTGOX accounts or MTGOX wallets.

RESPONSE NO. 22: Defendants object to this request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.  Without waiving this objection, responsive documents are being produced.

SUPPLEMENTAL RESPONSE NO. 22:  In addition to the objections stated above, Defendants object to the extent this request is overbroad as it contains no time limit and seeks irrelevant information regarding missing or stolen currency occurring after the sale.  Without waiving this objection, additional documents are being produced.

REQUEST NO. 23: Produce all documents, including but not limited to letters, emails, attachments, private messages, forum messages, text messages and any other form of correspondence, between you and any other individual or entity regarding any bitcoins, money,  or any other form of currency missing or stolen from MTGOX accounts or MTGOX wallets.

RESPONSE NO. 23: Defendants object to this request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.  Without waiving this objection, documents are being produced.

SUPPLEMENTAL RESPONSE NO. 23:  In addition to the objections stated above, Defendants object to the extent this request is overbroad as it contains no time limit and seeks

irrelevant information regarding missing or stolen currency occurring after the sale.  Without

waiving this objection, additional documents are being produced.


<u>**REQUEST NO. 35**</u>: Any and all documents pertaining to bitcoin addresses owned, held,

or possessed by MTGOX while you held and/or retained any percentage of ownership interest

in  MTGOX.

<u>**RESPONSE NO. 35**</u>: Defendants object to this request to the extent it seeks confidential

private documents of individual consumers.  Without waiving this objection, Defendants are not

in possession of any documents responsive to this request.

<u>**SUPPLEMENTAL RESPONSE NO. 35:**</u>  Other than bitcoin addresses identified in

the documents produced in this action, the Defendants are not in possession of documents

responsive to this request.


<u>**REQUEST NO. 37**</u>: Any and all documents pertaining to bitcoin addresses owned, held,

or possessed by MTGOX while you held and/or retained any percentage of ownership interest

in  MTGOX.

<u>**RESPONSE NO. 37:**</u>  Defendants object to this request as overly broad, unduly

burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and

seeking information that is completely irrelevant to the allegations that the Defendants should

pay Plaintiffs for the alleged theft of bitcoins from the Plaintiffs' account.  Without waiving this

objection, documents in the possession of these Defendants in which McCaleb and Mark

Karpeles may have discussed any addresses of MTGOX relating to the sale of MTGOX are

being produced.

<u>**SUPPLEMENTAL RESPONSE NO. 37:**</u> Other than bitcoin addresses identified in the documents produced in this action, the Defendants are not in possession of documents responsive to this request.

Respectfully submitted, this the 29th day of March, 2017.

**CODE COLLECTIVE, LLC, and
JED McCALEB, individually and formerly
doing business as MTGOX, a sole
proprietorship**

By:     */s/Mandie B. Robinson*
      EDWIN S. GAULT, JR., MSB #10187
      MANDIE B. ROBINSON, MSB #100446

OF COUNSEL:

FORMAN WATKINS & KRUTZ LLP
200 South Lamar Street, Ste. 100
Jackson, MS  39201-4099
Post Office Box 22608
Jackson, MS  39225-2608
Telephone:  (601) 960-8600
Facsimile:  (601) 960-8613
win.gault@formanwatkins.com
mandie.robinson@formanwatkins.com

ETHAN JACOBS
HOLLAND LAW, LLP
220 Montgomery Street, Suite 800
San Francisco, California 94104
Telephone: (415) 200-4984
ejacobs@hollandlawllp.com

<u>**CERTIFICATE OF SERVICE**</u>

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via email on the following:

> Mitchell H. Tyner, Sr.
> Charles Brad Martin
> TYNER, GOZA, STACEY & MARTIN, LLC
> 114 West Center Street
> Canton, MS 39046
> mtyner@tynerlawfirm.com
> bmartin@tynerlawfirm.com

Respectfully submitted, this the 29th day of March, 2017.

> /s/ Mandie B. Robinson
> MANDIE B. ROBINSON

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT**
**HINDS COUNTY, MISSISSIPPI**


**DR. DONALD RAGGIO**                                                    **PLAINTIFFS**
**DR. CHRIS RAGGIO**


**VS.**                                                    **CIVIL ACTION NO. 14-71**


**MTGOX a sole proprietorship;**
**MTGOX, Inc., a Delaware corporation;**
**MT.GOX KK, a Japanese corporation;**
**TIBANE KK, a Japanese corporation;**
**MUTUM SIGILLUM, LLC a Delaware limited Liability Company;**
**CODE COLLECTIVE, LLC a New York limited liability company;**
**JED McCALEB, an individual;**
**MARK KARPELES, an individual;**
**JOHN DOES 1-5, and CORPORATE JOHN DOES 1-5**                **DEFENDANTS**
_____

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION**
**FOR PROTECTIVE ORDER**
_____

COME NOW THE PLAINTIFFS, Mississippi physicians, Dr. Chris Raggio & Dr. Donald Raggio, by and through the undersigned counsel, and file this their Response to Defendants' Motion for Protective Order, and in support thereof would show unto the Court as follows, to wit:

I.

The Doctors have requested certain financial and bitcoin information from the California Defendant of which has been opposed, leading to the Doctors to file a Motion to Compel with this Court and with the Defendant filing a Motion for Protective Order as to same. *See* Docket Entries 80 and 95. The Doctors are entitled to all discoverable information, not privileged, which bears on the question of how MTGOX monies were funneled to and from California Defendant's financial accounts and as to the Defendant's bitcoin holdings. There is no doubt internal and

1

external banking, financial and accounting records and entries controlled and possessed by these Defendants may reveal the staggering level of misrepresentation, fraud and deceit against the Doctors.

## II.

Mississippi Rule of Civil Procedure 26(b) states the threshold for discoverable information and defines the baseline for discoverable information as follows:

> Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:  (1)  In general. -- Parties may obtain discovery regarding any matter, not privileged, which is ***relevant*** to the issues raised by the claims or defenses of any party... It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. (emphasis added).

Accordingly, absent the operation of other rules of procedure, the general scope of discovery is limited only by its relevance to the issues raised by the claims and defenses of any party.  Further, the discovery sought can run afoul of the Rules of Evidence, but if it is reasonable calculated to lead to the discovery of admissible evidence, then the scope is preserved.

## III.

As argued in the Plaintiffs' Motion to Compel, Memorandum in Support of Motion to Compel, and Reply in Support, the Defendants' objections are improper.  *See* Docket Entry 80, 81 and 101.  The Doctors contend the Defendants may have converted their bitcoin and conspired with the other Defendants in this matter to deprive the Doctors of their bitcoin.  Accordingly, the Defendants' tax returns, financial records, and documents pertaining to bitcoins, bitcoin wallets and bitcoin addresses for the relevant time frame may establish lines of income and benefit that

link them to the allegations in the Doctors' Complaint.  As such, this information is discoverable in this lawsuit.

A court may compel the disclosure of financial documents if the documents are relevant to the subject matter of the action.  In *Chanel Control Merchants v. Davis*, 2012 WL 1365743 at *1 (S.D. Miss. April 19, 2012), the court held that tax returns and financial statements of the defendant were relevant to the action because the plaintiff was seeking lost profits.  The *Davis* court opined that "[w]hile these documents [tax returns and financial documents] may not ultimately be admissible at trial, they certainly appear reasonably calculated to lead to the discovery of admissible evidence."  *Id*.

In this case, the Doctors assert a claim for conversion and conspiracy.  The Defendants make this an issue by denying these claims as shown in their response.  The Doctors specifically allege that the Defendants converted the Doctors' bitcoins and conspired to do so.  Defendants' tax returns, financial records and bitcoin records are all relevant to the claims because they are likely to reflect some of the best evidence of both when and how much of the Plaintiffs' property was diverted.  There is a compelling need for these documents because they are not readily obtainable elsewhere and for the Doctors' use in determining truthfulness and/or credibility of the Defendants' discovery responses and/or testimony to date and at trial.  This information is very relevant, material, and it is proper to have discovery of it.  The Defendants' motion should be denied.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiffs would show that they are entitled to denial of the Defendants' motion as responded to herein, to all relief requested in the premises, and for such other further legal or equitable relief that this Court deems proper.

Respectfully submitted this the 18th day of May, 2017.

3

s/Charles "Brad" Martin
CHARLES "BRAD" MARTIN, MSB# 100767

OF COUNSEL:
MITCHELL H. TYNER, SR., MSB# 8169
CHARLES "BRAD" MARTIN, MSB# 100767
**TYNER, GOZA, STACEY & MARTIN, LLC**
114 West Center Street
Canton, MS 39046
Phone: 601-401-1111
Fax: 601-957-6554

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via the Court's electronic filing system and via email on the following:

Edwin S. Gault, Jr., Esq.
Mandie B. Robinson, Esq.
Forman Watkins & Krutz LLP
200 South Lamar Street, Suite 100
Jackson, Mississippi 39201-4099

Ethan Jacobs, Esq.
Keller Sloan Roman Holland, LLP
555 Montgomery Street, 17th Floor
San Francisco, CA 94111
ejacobs@ksrh.com

Respectfully submitted, this the 18th day of May, 2017.

s/ Charles B. Martin
CHARLES "BRAD" MARTIN, MSB# 100767

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
HINDS COUNTY, MISSISSIPPI**

**DR. DONALD RAGGIO**                                                          **PLAINTIFFS**
**DR. CHRIS RAGGIO**

**VS.**                                                          **CIVIL ACTION NO. 14-71**

**MTGOX a sole proprietorship;**
**MTGOX, Inc., a Delaware corporation;**
**MT.GOX KK, a Japanese corporation;**
**TIBANE KK, a Japanese corporation;**
**MUTUM SIGILLUM, LLC a Delaware limited Liability Company;**
**CODE COLLECTIVE, LLC a New York limited liability company;**
**JED McCALEB, an individual;**
**MARK KARPELES, an individual;**
**JOHN DOES 1-5, and CORPORATE JOHN DOES 1-5**                    **DEFENDANTS**

---

**PLAINTIFFS' REPLY IN SUPPORT
OF MOTION TO QUASH AND FOR PROTECTIVE ORDER**

Plaintiffs, Dr. Donald Raggio and Dr. Chris Raggio, respectfully submit this Reply in Support of their Motion to Quash and for Protective Order.  For the reasons stated below, the Doctors respectfully request that this Court quash the *subpoenas duces tecum* which have been issued to various non-parties and for an award of attorney fees and costs.  In the alternative, the Doctors seek a protective order ordering an *in camera* inspection and limiting the discovery subpoenas only to that information which is relevant to the underlying dispute and prohibiting the Defendants and their attorneys from disclosing and/or using the information contained in or learned from the subpoenaed documents outside of this litigation.

**1.     PRELIMINARY STATEMENT**

As the Doctors explained in their Motion to Quash and for Protective Order, the Defendants

have issued three (3) subpoenas duces tecum to University of Mississippi Medical Center – for Donald Raggio, University of Mississippi Medical Center – for Chris Raggio and BancorpSouth – for Chris and Don Raggio.

The documents sought by the subpoenas contain confidential and protected information concerning the Doctors' financial background and history, employment and wage history, and employment emails. The subpoena to University of Mississippi Medical Center was not limited in scope nor time and would contain patient-physician information that is protected by federal law. The requested documents are not relevant to any party's claim or defense in this case. Accordingly, the subpoenas should be quashed. In the alternative, if this Court determines that the documents are discoverable, the Court should enter a protective order ordering an *in camera* inspection and limiting the discovery subpoenas only to that information which is relevant to the underlying dispute and prohibiting the Defendants and their attorneys from disclosing and/or using the information contained in or learned from the subpoenaed documents outside of this litigation.

## II.   THE DISCOVERY SOUGHT IS NOT RELEVANT AND COULD SERVE NO PURPOSE OTHER THAN TO ANNOY, EMBARRAS, OR OPRESS THE DOCTORS

Defendants' *subpoenas duces tecum* are a blatant abuse of the broad subpoena power authorized by the Mississippi Rules of Civil Procedure. Defendants utilize the subpoena power in an effort not to obtain just wholly irrelevant information, but non-public, confidential information in an attempt to harass, annoy and oppress the Doctors. Each of the subpoenas should be quashed and/or limited by a protective order.

In an attempt to make a showing to this Court that the material sought by the issued subpoenas falls under the purview of Rule 26(b)(1) of the Mississippi Rules of Civil Procedure, the

Defendants make several baseless and, quite frankly, frivolous allegations.  The gist of the Defendants' argument is that Doctor Chris Raggio may have been behind the hack of the missing bitcoins and, while possibly working in concert with his father and/or ex-wife, blamed the loss on MTOGX.   The Defendants continue their argument by asserting the evidence requested documents/evidence is relevant in that it would "have a tendency to make a fact more or less probable.  *See* MISS. R. EVID. 401.

The Mississippi Supreme Court has stated "[s]weeping and abusive discovery is encouraged by permitting discovery confined only by the "subject matter' of a case…rather than by limiting it to the issues presented.  *Dawkins v. Redd Pest Control. Co*., 607 So.2d 1232, 1235 (Miss. 1992). Discovery should be limited to the specific practices or acts that are in issue.  *Id*.  Determining when discovery spills beyond "issues" and into "subject matter" will not always be easy, but MRCP 26(b)(1) is intended to favor limitations, rather than expansions, on permissible discovery.  *Id*.

[A] trial court's discretion in the discovery area is generally guided by the principles that (a) the court follow the general policy that discovery be encouraged, (b) limitations on discovery should be respected but not extended, (c) while *the exercise of discretion depends on the parties' factual showing*s disputed facts should be construed in favor of discovery, and (d) while the importance of the information must be weighed against the hardships and cost of production and its availability through other means, it is preferable for the court to impose partial limitations on discovery rather than an outright denial.  *Id*. at 1236, citing Am Jur 2d *Depositions and Discovery*, § 5 (1983) (emphasis added).

To harass the Doctors, the Defendants take a shotgun approach of throwing out numerous allegations without any evidence.  It is transparent that the Defendants hope to besmirch the Doctors'

characters.  The allegations raised by the Defendants are easily shown to be false.

The Defendants' main argument as to why the subpoenas should not be quashed is Doctor Chris Raggio's "self-interest" and "his understanding of the technology involved" gives rise to a good faith basis that Doctor Chris Raggio was himself the hacker.  This flies in the face of all reason and is easily disputed by the California Defendant's own words.  The California Defendant's deposition testimony proves that the subpoenas and the allegations raised in the Response are both baseless and without merit.  The following exchange is pertinent:

> Q:   Okay.  But at the time you sold the exchange, you knew Chris has said there
>        was –
> A.   That's right.
> Q.   -- 9,000 missing.  Okay.  And did you believe Chris?
> A.   I did.  I mean, its – you know, I mean, I'm not a hundred percent certain, but,
>        you  know, **I believe him**.

*See* Exhibit A, Deposition Excerpt of Jed McCaleb (emphasis added).

Furthermore, shortly after the hack took place, the California Defendant emailed the new partner in MTGOX, Mark Karpeles, to give details of the hack.  See Exhibit B, February 12, 2012 email.  The California Defendant writes "I talked to him [Chris Raggio] on the phone so **I believe that this really happened**.  *Id.* (emphasis added).

It is also telling that while the Defendants attempt to use the ruse of the possibility of Doctor Chris Raggio being the true hacker, the argument falls apart when it is noted the bitcoins come back into another account at MTGOX.  That fact is undisputed.

The Defendants allege in their Response that Doctor Chris Raggio used his computer skills to trace the address where the stolen bitcoins had been transferred.  That allegation is patently misleading.  Upon logging into the MTGOX account, Doctor Chris Raggio could see from

MTGOX's interface as to what bitcoin address the stolen coins had been sent.  Furthermore, anyone can view transactions on the blockchain wen bitcoins are transferred to one bitcoin address to another.  Interestingly, it was the California Defendant himself who instructed Doctor Chris Raggio to contact a developer using the codename "theymos" who had written a program that could trace the route of the stolen bitcoin.  *See* Exhibit C, January 9, 2011 – February 10, 2011 email chain. Theymos could see more information about the recipient address which was passed on to the California Defendant.  *Id*.  It certainly required no sophisticated degree of computer skills on the behalf of Doctor Chris Raggio to located where the stolen bitcoins had been sent.

The Defendants make other allegations concerning Doctor Chris Raggio.  The Defendants state Chris used his father's email account to contact the California Defendant and falsely signed the emails.  What the Defendants do not tell the Court is that that Doctor Chris Raggio had full authority to use his father's email address to set up the MTGOX account and to communicate with MTGOX. They also fail to disclose to the Court that the California Defendant knew he was dealing with Chris Raggio.  In the preliminary stages of setting up the MTGOX account, Chris signed off on emails from his father's account of which the California Defendant was fully aware.  *See* Exhibit D, December 21-24, 2010 email chain.  Several phone calls using Google Voice were made between the California Defendant and Doctor Chris Raggio who identified each time he was calling on behalf of his father.  *See* Exhibit E, Google Voice record.   To insinuate Doctor Chris Raggio was being underhanded by his use of his father's email address does not hold up under the weight of the produced evidence.

Defendants argue that Doctor Chris Raggio created several business ventures which "failed," and assert he was hiding assets from a divorce (although the Defendants cite to no evidence for this

5

assertion).  This is irrelevant to this cause and is not material to this cause.   This is nothing more than a fishing expedition that the Defendants are trying to set out upon with the baseless allegation that Doctor Chris Raggio may have been behind the hack.

In the face of the overwhelming evidence to the contrary, the Defendants' reasoning as to why the subpoenas seek evidence that falls under the purview of Mississippi Rule of Civil Procedure 26 fails.  The basic questions at issue in this litigation concern the non-delivery of bitcoins.  The claims and defenses in this matter have absolutely nothing to do with the Doctors' financial information or work history.  Accordingly, such requests should be quashed.

## III.   THE DOCTORS ARE ENTITLED TO AN AWARD OF ATTONEYS' FEES AND COSTS

Mississippi Rule of Civil Procedure 45(f) provides:

On motion of a party or of the person upon whom a subpoena for the production of books, papers, documents, electronically stored information, or tangible things is served and upon a showing that the subpoena power is being exercised in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the party or the person upon whom the subpoena is served, the court in which the action is pending shall order that the subpoena be quashed and may enter such further orders as justice may require to curb abuses of the powers granted under this rule. To this end, the court may impose an appropriate sanction.

The comment to the rule states the appropriate sanction "ordinarily will include attorneys' fees and costs…"  M.R.C.P 45(f) cmt.

In this instance, the Defendants issued subpoenas in bad faith and in such a manner as to annoy, embarrass and oppress the Doctors.  It is difficult to believe considering the overwhelming evidence to the contrary that the subpoenas were issued in good faith.  Under these circumstances, an award of attorney fees and costs is appropriate.

## IV.      CONCLUSION

For the reasons stated herein, and as set forth in their motion and memorandum in support, the Plaintiffs respectfully request that the enter an Order quashing the subject *subpoena duces tecum*. Plaintiffs additionally request this Curt enter an order awarding attorney fees and costs.  In the alternative, Plaintiffs request an entry of a protective order ordering an *in camera* inspection of the requested documents and limiting the discovery subpoenas only to that information which is relevant to the underlying dispute and prohibiting the Defendants and their attorneys from disclosing and/or using the information contained in or learned from the subpoenaed documents outside of this litigation.  Plaintiffs request such additional relief as this Court seems just and proper.

RESPECTFULLY SUBMITTED, this the 18th day of May, 2017.

> **DR. DONALD RAGGIO AND**
> **DR. CHRIS RAGGIO**
>
> s/Charles "Brad" Martin
> CHARLES "BRAD" MARTIN, MSB# 100767

OF COUNSEL:
MITCHELL H. TYNER, SR., MSB# 8169
CHARLES "BRAD" MARTIN, MSB# 100767
**TYNER, GOZA, STACEY & MARTIN, LLC**
114 West Center Street
Canton, MS 39046
Phone: 601-401-1111
Fax: 601-957-6554

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via the Court's electronic filing system on the following:

    Edwin S. Gault, Jr., Esq.
    Mandie B. Robinson, Esq.
    Forman Watkins & Krutz LLP
    200 South Lamar Street, Suite 100
    Jackson, Mississippi 39201-4099

    Ethan Jacobs, Esq.
    Keller Sloan Roman Holland, LLP
    555 Montgomery Street, 17th Floor
    San Francisco, CA 94111
    ejacobs@ksrh.com

Respectfully submitted, this the 18th day of May, 2017.

s/ Charles B. Martin
 CHARLES "BRAD" MARTIN, MSB# 100767

8

**In The Matter Of:**

*Dr. Donald Raggio and Dr. Chris Raggio v*
*MTGOX, a sole proprietorship, et al*

---

*Jed McCaleb 30(b)6 Representative*
*November 17, 2016*
*Jed McCaleb 30(b)6 Code Collective, LLC 11-17-16*

---

*Aspire Reporting, LLC*
*P.O. Box 2605*
*Ridgeland, MS 39158-2605*
*1.800.73.STENO*

Original File cw111716 Jed McCaleb.txt
Min-U-Script® with Word Index



Jed McCaleb 30(b)6 Code Collective, LLC 11-17-16

63

1    A.    Yeah.    I don't know when the bitcoin was

2  moved back into Mt. Gox, but I know that we didn't

3  discover it being moved back into Mt. Gox until after

4  I had sold it to Mark.

5    Q.    What was the date that you sold Mt. Gox to

6  Mark?

7    A.    It was February 5th, 6th, or 7th, somewhere

8  in there.

9    Q.    Okay.  Did you tell -- you were already aware

10  that the coin had been stolen.  Right?

11    A.    Well, I don't know if the coin was stolen.  I

12  know that it was -- Chris was claiming that.  Like, I

13  don't really know what happened to it, so ...

14    Q.    Okay.  But at the time you sold the exchange,

15  you knew that Chris had said there was --

16    A.    That's right.

17    Q.    -- 9,000 missing?  Okay.  And did you believe

18  Chris?

19    A.    I did.  I mean, it's -- you know, I mean, I'm

20  not a hundred percent certain, but, you know, I

21  believe him.

22    Q.    After -- well, before he reported to you that

23  he was missing this bitcoin, had anybody else had any

24  bitcoin missing?

25    A.    I don't know if it was before or after, but

| | |
|---|---|
| **From:** | Jed McCaleb <admin@mtgox.com> |
| **Sent:** | Saturday, February 12, 2011 2:34 PM |
| **To:** | Mark Karpeles |

So here are the details of fraud and why I think it is this guy on the site...
This account donraggio had about 9k btc stolen from him Jan 6th-9th.
It looks like someone must have guessed or figured out his password somehow. I talked to him on the phone so I believe that this really happened.
The stolen coins were sent to: 1DVQEpTFjxYpZMVy4Bam9MCxeGEtmMmQCh
That address has sent 20 BTC to: 12VLe9wFVdio8gEjRqFJdZ1g5qBDfVfZkJ
Which happens to be a mtgox address.
The account that sent them there was name "baron"

This baron account also has other suspicious activity.
Out of the blue he deposited $75k in LR.
With that he bought about $15k worth of coins. And has been just withdrawing the money since then.

Date of baron btc funding: 1294363502  01 / 06 / 11 @ 7:25:02pm EST Date of LR fund U1172929: (01/06/11 @ 6:53:21pm, 7:14:07pm EST, 7:14:58pm) 1294361601 1294362847 1294362898 Date of theft from donraggio: 1294367953  01 / 06 / 11 @ 8:39:13pm EST Date of start withdrawal to U2839087: 1294519650  01 / 08 / 11 @ 2:47:30pm EST basically $1000 a day till now Date of LR fraud: Jan 20th

His email is: baron@contractor.net
Which I just find this on google:
http://www.scamwarners.com/forum/viewtopic.php?f=12&t=10858

My thought is that he is related to the guys who stole so much LR from us. I think he funded our LR account so he would be certain there would be LR there to steal.
He definitely know who stole the coins from don raggio unless 1DVQEpTFjxYpZMVy4Bam9MCxeGEtmMmQCh is a mybitcoin address.
What do you think?



EXHIBIT
B

1

MCCALEB 000220

Looking deeper at those addresses, it's possible that the owners of these addresses also know the attacker directly or indirectly:
1LiEy7V4GK1JUMBPomx2JcCREdRdtpvuj8
15ZpDyyehXLc8BiCUBMis5sTa2pJdNpdeD
1BR5DuhypnMkVmJoQ2YncKiyvQgsjLjBqm
1MTqhJjCunRRHk1UBQkkAJBc1BjRwvHpkD

Take a look at 12VLe9wFVdio8gEjRqFJdZ1g5qBDfVfZkJ's sending transaction:
http://blockexplorer.com/tx/ff31ac4bb91cf21c96cf779b406b61bad67857812eb9610ada806cc575da069f#i302983
That non-highlighted input address, 1HAnpTE76WTzVvEmyNmgpxZHGZqX6i1X6m, is guaranteed to also be owned by the owner of 12VLe9wFVdio8gEjRqFJdZ1g5qBDfVfZkJ.

You can also get information from the attacker's received payments. 1BR5DuhypnMkVmJoQ2YncKiyvQgsjLjBqm was paid by 19CJwUXXBSnmZCkj2hUpyY1cAPZatC12TT, who therefore knows him. Look at that transaction:
http://blockexplorer.com/tx/fb4bf12185bce7ff7c1b472fe74d4ad11560528ce57a8254a2ae23789ac2267b#o0
The non-highlighted output address is owned by either 19CJwUXXBSnmZCkj2hUpyY1cAPZatC12TT or 1BR5DuhypnMkVmJoQ2YncKiyvQgsjLjBqm.

You can continue going deeper, though it fans out quickly. The third level probably has several hundred addresses.

More "top-level" addresses will become known once the attacker spends more BTC from the target address. Keep watching the page for 1DVQEpTFjxYpZMVy4Bam9MCxeGEtmMmQCh.

To find the attacker, you need to somehow link one of these addresses to a real person, and then get them to tell you who they received the coins from. By following these transactions, you should eventually be able to trace the coins back to the attacker. You might start by asking MtGox, MyBitcoin, Vekja, and other EWallet services whether they own any of these addresses.

Some day I plan to add a feature to Bitcoin Block Explorer that will show all addresses associated with a target (as I did manually in the text above), but I am unfortunately too busy to work on that right now.

Tell me if you have any questions about getting address histories. I hope you find the thief!

On Thu, 10 Feb 2011 08:39 -0500, "Jed McCaleb" <admin@mtgox.com> wrote:
> Can I give this guy your email?
>
>
> ---------- Forwarded message ----------
> From: Donald Raggio <donald.raggio@gmail.com>
> Date: Thu, Feb 10, 2011 at 7:54 AM
> Subject: Re: account funded by wire
> To: Jed McCaleb <admin@mtgox.com>
>
>
> Thanks for telling me about Theymos.   It's hard for me to use IRC at
> work.   Maybe if we could get in touch with him he could create
> something that monitors that address and notifies us when they are
> transferred.   I would reward him and you with BTC for recovering the
> stolen BTC.   Does that sound like a good idea?

1



> 
> 
> 
> PS
> 
>   Thanks for creating such a cool platform.
> 
> Chris (for Don)
> 
> 
> 
> On Jan 10, 2011, at 3:26 AM, Jed McCaleb <admin@mtgox.com> wrote:
> 
> > Oh jeez that's bad.
> > I would go to IRC channel #bitcoin-dev and talk to theymos. He wrote
> > a block explorer that you can use to possibly track where the coins
> > went.
> > Any idea how someone got your password?
> > Jed.
> > 
> > On Sun, Jan 9, 2011 at 11:36 PM, Don Raggio <donald.raggio@gmail.com> wrote:
> >> Somebody is conducting unauthorized withdrawals on my account.  They've
> >> taken 9k in BTC so far.  I changed the password.  Please Advise.  All were
> >> sent to 1DVQEpTFjxYpZMVy4Bam9MCxeGEtmMmQCh
> >> 
> >> Don
> >> 
>

**From:**          Don Raggio <donald.raggio@gmail.com>
**Sent:**           Friday, December 24, 2010 9:12 PM
**To:**             Jed McCaleb
**Subject:**      Re: account funded by wire

Jed,

    Please let me know when to expect it to be in the account.
Thanks for your help.   Chris

Don

On Friday, December 24, 2010, Jed McCaleb <admin@mtgox.com> wrote:
> Ok great I'll be looking for it.
> Thanks,
> Jed.
>
> On Fri, Dec 24, 2010 at 10:15 AM, Don Raggio <donald.raggio@gmail.com> wrote:
>> Funds should be wired today.
>> Thanks
>>
>> On Thursday, December 23, 2010, Jed McCaleb <admin@mtgox.com> wrote:
>>> (917) 740-7509 but let me know when you want to call so I'll be around.
>>>
>>> On Thu, Dec 23, 2010 at 10:50 AM, Don Raggio <donald.raggio@gmail.com> wrote:
>>>> What number can I reach you at?
>>>>
>>>> Don
>>>>
>>>> On Thursday, December 23, 2010, Jed McCaleb <admin@mtgox.com> wrote:
>>>>> Hi Don,
>>>>> I'm around today. If you still want me to call you I can.
>>>>> Thanks,
>>>>> Jed.
>>>>>
>>>>> On Wed, Dec 22, 2010 at 2:05 AM, Jed McCaleb <admin@mtgox.com> wrote:
>>>>>> Sure how ever much you want to send.
>>>>>> Thanks
>>>>>> Jed
>>>>>>
>>>>>>
>>>>>> On Dec 21, 2010, at 9:16 PM, Don Raggio <donald.raggio@gmail.com> wrote:
>>>>>>
>>>>>>> Is it ok if I send $5000 to start?
>>>>>>>
>>>>>>> Don
>>>>>>>
>>>>>>> On Tuesday, December 21, 2010, Jed McCaleb <admin@mtgox.com> wrote:

EXHIBIT

tabbies

1

MCCALEB  000021

>>>>>>>>
>>>>>>>> Hi Don,
>>>>>>>> You can send the wire to:
>>>>>>>> Jed McCaleb
>>>>>>>> Chase
>>>>>>>> SWIFT: CHASUS33XXX
>>>>>>>> routing#: 021272723
>>>>>>>> account#: 3160195000
>>>>>>>>
>>>>>>>> My bank charges $15 for an incoming wire from the US and I
>>>>>>>> think $50 for an international one.
>>>>>>>> Send me an email letting me know the amount you sent so I can
>>>>>>>> keep an eye out for it.
>>>>>>>> Thanks,
>>>>>>>> Jed.
>>>>>>>>
>>>>>>>> On Tue, Dec 21, 2010 at 12:30 AM, Don Raggio
>>>>>>>> <donald.raggio@gmail.com>
>>>>>>>> wrote:
>>>>>>>>>
>>>>>>>>> Hello,
>>>>>>>>>
>>>>>>>>> I'm based in the US.  I would like set up a Mt Gox account
>>>>>>>>> (right now I am having difficulty) and fund it with a wire
>>>>>>>>> transfer of $25000 USD.   Can you help me with the wire
>>>>>>>>> transfer.  Please give me the account and wire instructions.
>>>>>>>>>
>>>>>>>>> Thanks,
>>>>>>>>>
>>>>>>>>> Don
>>>>>>>>
>>>>>>
>>>>>
>>>>
>>>
>>
>

2

MCCALEB 000280

✕

**Google Voice**    🔍   (601) 672-5100

(601) 672-5100     May 25, 2011
Yeah, Jed on this is Chris. Roger O.

(601) 672-5100     Jan 9, 2011
Hey Jed. Im calling for Dot Raju. B.

(601) 672-5100     Dec 27, 2010
Hey Jed. Im calling for Do natio w...







**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
HINDS COUNTY, MISSISSIPPI**

**DR. DONALD RAGGIO**
**DR. CHRIS RAGGIO**                                                      **PLAINTIFFS**

**VS.**                                                      **CAUSE NO. 14-CV-00071-TTG**

**MTGOX, et al.**                                                      **DEFENDANTS**

<u>**RESPONSE TO MOTION TO REOPEN DEPOSITION AND COMPEL TESTIMONY**</u>

Code Collective, LLC and Jed McCaleb (together, "McCaleb"), hereby respond to the Raggios' motion to reopen the deposition of McCaleb and compel testimony.

1.     The Raggios seek to compel McCaleb to respond to a question in his deposition for information as to **<u>every single bitcoin</u>** ever purchased by McCaleb, regardless of the origin, time frame, or circumstances.

2.     McCaleb has shown that information regarding a party's private finances is simply not proper discovery.   *See Channel Control Merchants, LLC v. Davis*, 2012 WL 1365743, at *1 (S.D. Miss. Apr. 19, 2012) (noting to produce financial documents, a court must find both relevance and compelling need for the evidence); *Loyacono v. Travelers Ins. Co.,* 163 So. 3d 932, 937 (Miss. 2014) (where motorist worked for her husband, evidence of his substantial income - which was sufficient to pay her more, was irrelevant to her loss of earning capacity).   *See also Cazorla v. Koch Foods of Mississippi, LLC*, 287 F.R.D. 388, 391 (S.D. Miss. 2012) (denying motion to compel discovery of plaintiffs' income or tax returns); *Cenac v. Murry*, 609 So. 2d 1257, 1274 (Miss. 1992) (plaintiffs' financial statements from store's operation before and after a sale were necessary to prove plaintiffs' claimed lost income and were thus relevant and discoverable).

3.      Because McCaleb's finances are not relevant, they are not discoverable under

Rule 26(b)(1) of the Mississippi Rules of Civil Procedure.

4.      Thus, the Raggios' motion should be denied, and McCaleb should be awarded all

attorneys' fees and expenses incurred responding to the motion.

Respectfully submitted, this the 22nd day of May, 2017.

**CODE COLLECTIVE, LLC, and
JED McCALEB, individually and formerly
doing business as MTGOX, a sole proprietorship**

By:     */s/Mandie B. Robinson*
        EDWIN S. GAULT, JR., MSB #10187
        MANDIE B. ROBINSON, MSB #100446

OF COUNSEL:

FORMAN WATKINS & KRUTZ LLP
200 South Lamar Street, Ste. 100
Jackson, MS    39201-4099
Post Office Box 22608
Jackson, MS    39225-2608
Telephone:    (601) 960-8600
Facsimile:    (601) 960-8613
win.gault@formanwatkins.com
mandie.robinson@formanwatkins.com

ETHAN JACOBS
HOLLAND LAW, LLP
220 Montgomery Street, Suite 800
San Francisco, California 94104
Telephone: (415) 200-4984
ejacobs@hollandlawllp.com

2

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing document via email on the following:

>   Mitchell H. Tyner, Sr.
>   Charles Brad Martin
>   TYNER, GOZA, STACEY & MARTIN, LLC
>   114 West Center Street
>   Canton, MS 39046
>   mtyner@tynerlawfirm.com
>   bmartin@tynerlawfirm.com

This the 22nd day of May, 2017.

>                          */s/ Mandie B. Robinson*
>                          MANDIE B. ROBINSON

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
HINDS COUNTY, MISSISSIPPI**

**DR. DONALD RAGGIO**                                              **PLAINTIFFS**
**DR. CHRIS RAGGIO**


**VS.**                                              **CIVIL ACTION NO. 14-71**


**MTGOX a sole proprietorship;**
**MTGOX, Inc., a Delaware corporation;**
**MT.GOX KK, a Japanese corporation;**
**TIBANE KK, a Japanese corporation;**
**MUTUM SIGILLUM, LLC a Delaware limited Liability Company;**
**CODE COLLECTIVE, LLC a New York limited liability company;**
**JED McCALEB, an individual;**
**MARK KARPELES, an individual;**
**JOHN DOES 1-5, and CORPORATE JOHN DOES 1-5**                **DEFENDANTS**

---

**PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO REOPEN DEPOSTION AND COMPEL TESTIMONY**

     Plaintiffs, Dr. Donald Raggio and Dr. Chris Raggio, respectfully submit this Reply in Support

of their Motion to Reopen Deposition and Compel Testimony.  For the reasons stated below, the

Doctors respectfully request that this Court reopen the Defendant's deposition and compel testimony

and order Plaintiffs' cost and attorney fees.

    1.    This matter concerns the Defendant's attempts to evade any line of questioning

regarding his financial holdings, especially those of his bitcoin holdings.  The Defendant bases his

objection on the faulty position that a party's finances are not proper discovery.  The Doctors are

entitled to information which may uncover the California Defendant's role in the non-delivery of the

Doctors' bitcoins.

    2.    The test for permissible discovery is whether it is "permissible *to lead* to the

discovery of admissible evidence," not whether it is supported by evidence in a party's possession. M.R.C.P. 26(b)(1)(emphasis added). It should be noted that the Defendants' Motion for Summary Judgment was heard before this Court on April 18, 2017. While an Order has not yet been entered by this Court, the Court stated from the bench that material issues of genuine fact exist. Thus, the Doctors are entitled to discovery into these allegations, as such discovery may lead to admissible evidence. Additionally, the California Defendant filed a Motion to Quash certain subpoenas, including one directed to JPMorgan requesting the California Defendant's bank records. Subsequently, the Motion to Quash was denied and the California Defendant was ordered to provide the Doctors with any authorization needed for the release of such information. *See* Dkt. 91 Thus, Court has previously ruled that the Defendant's financial information is discoverable.

3.    The exact information the Defendants complain of has been requested of the Plaintiffs through several interrogatories and request for production to the Doctors requesting financial information and bitcoin holdings. The Defendants have had subpoenas issued to the Doctors' bank of record seeking financial information. The Plaintiffs have filed a Motion to Quash and for Protective Order regarding the subpoenas. *See* Dkt. 85. However, while the Doctors seek discovery that may lead to the discovery of admissible evidence, the Defendants only seek similar information to oppress, annoy and embarrass the Doctors with a claim that Chris Raggio may have been behind the hack of the missing bitcoins, and cannot lead to discoverable information.

4.    Even with the standard expressed by M.R.C.P. 26(b)(1), there is an abundance of evidence that indicates a pattern of malfeasance and criminal activity existed on the behalf of the California Defendant, that MTGOX was insolvent, and with the absence of liquidity, the California Defendant took steps towards operating MTGOX as a Ponzi scheme and/or as a fractional reserve

exchange.  Writing to Mark Karpeles shortly before Mark Karpeles bought an 88% share of MTGOX, the California Defendant acknowledges he had occurred a loss of $50,000 through an alleged hack.  *See* Exhibit A.   However, the California Defendant goes on to state that the loss "shouldn't actually be an issue as long as deposits continue to be greater than withdrawals.  We can just let the loss ride until the site makes it or not." *Id.*  The California Defendant knew that the loss of the $50,000 would cause MTGOX to face extreme financial difficulties as he admitted as much to the hacker that allegedly absconded with the funds by writing that the theft of the $50,000 "basically bankrupts me and the site." *See* Exhibit B.

Further proof of malfeasance comes on April 28, 2011, the California Defendant acknowledges to Mark Karpeles that MTGOX is short 80,000 bitcoins.  *See* Exhibit C.   The California Defendant lays out the possibility of overcoming this issue, and proclaims "There is also the fact that the BTC balance will probably never fall below 80k.  So maybe you don't really need to worry about it." *Id.*  The California Defendant knew that MTGOX was insolvent, yet was betting that MTGOX could make up for the losses over time before any MTGOX account holder was any wiser that their accounts were in jeopardy.

5.     The line of questioning calls for nothing more than information regarding the Defendants' purchases and holdings of bitcoins, addresses and wallets pertaining to the facts, claims, and defenses.  It is indisputable that such information is relevant to this litigation and the line of questioning will shed light on the Plaintiffs' claims, as well as the great likelihood that the California Defendant was absconding with the assets of MTGOX account holders while operating a Ponzi scheme.  Testimony by the Defendant may reflect evidence of both when and where Plaintiffs' property was diverted.  This information is reasonably calculated to lead to the discovery of

admissible evidence related not only to the Plaintiffs' claims and damages, but also the credibility

and/or truthfulness of the Defendant's testimony and defenses.  It is clear under the Mississippi Rules

of Civil Procedure that the information requested in this deposition area is discoverable by the

Plaintiff.  Accordingly, this Court should compel the Defendant to respond promptly to the specific

discovery as set forth herein.  Plaintiffs also request their cost and attorney fees and for other relief

which this Court deems just and appropriate under the circumstances.

RESPECTFULLY SUBMITTED, this the 30th day of May, 2017.

**DR. DONALD RAGGIO AND**
**DR. CHRIS RAGGIO**

s/Charles "Brad" Martin
CHARLES "BRAD" MARTIN, MSB# 100767

OF COUNSEL:
MITCHELL H. TYNER, SR., MSB# 8169
CHARLES "BRAD" MARTIN, MSB# 100767
**TYNER, GOZA, STACEY & MARTIN, LLC**
114 West Center Street
Canton, MS 39046
Phone: 601-401-1111
Fax: 601-957-6554

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via the Court's electronic filing system on the following:

Edwin S. Gault, Jr., Esq.
Mandie B. Robinson, Esq.
Forman Watkins & Krutz LLP
200 South Lamar Street, Suite 100
Jackson, Mississippi 39201-4099

Ethan Jacobs, Esq.
Holland Law, LLP
220 Montgomery Street, Suite 800
San Francisco, California 94104

Respectfully submitted, this the 30th day of May, 2017.

s/ Charles B. Martin
 CHARLES "BRAD" MARTIN, MSB# 100767

**From:**        Mark Karpeles <mark@tibanne.com>
**Sent:**        Friday, January 28, 2011 9:46 AM
**To:**        Jed McCaleb
**Subject:**        Re: Re:

Hi,

I can understand your worries, however having mtgox working with only a fraction of the amounts being exchanged might be problematic too.

By taking over mtgox, one of the first step will be to define terms & conditions defining exactly how the users are insured, and what they can do if (for example) someone manages to exploit problems in the site.

This means also that I need to be 100% sure we will be able to answer any withdraw request from someone who deposited anything. Any problem on this side might have a desastrous effect not only on mtgox, but on the whole bitcoin economy itself (ie. the moment when people understand the world is not all pink and get scared).

Anyway I both understand your worries (just giving up mtgox to someone you never met) and mine (taking the resposability of a site without having the whole lot of stuff received by people).
I haven't found any solution that would solve both problems at the same time yet, but I'm still thinking about it.

If you have any idea regarding that please let me know.

Also a loss of $50k even before starting is rather large, especially considering what I could read in the mtgox presentation.

Anyway I'm tired, it's 00:45 here, I'll think more tonight and will reply again tommorrow.

Mark

PS: As for the framework no problem, I have plans if things go smootly to adapt mtgox on the framework we use here :)

Le vendredi 28 janvier 2011 à 10:10 -0500, Jed McCaleb a écrit :
> Hi Mark,
> I'm trying to think of the best way to handle the transfer.
> I guess I should hold a lot of the BTC and $ in reserve for some
> amount of time. Right now I only keep 1/3 of the BTC on the server
> anyway to limit the exposure if something terrible goes wrong. And
> deposits always are greater than withdrawals so there is a
> considerable buffer of both cash and BTC.
>
> Also there was a hacking incident since we started talking. Someone
> was able to take about $50k in LR. The problem was that LR allows
> multiple transactions in their call to



EXHIBIT
A

MCCALEB 000197

> https://api.libertyreserve.com/xml/transfer.aspx and I wasn't checking
> that the LR account name they gave was valid. So they would just close
> the current transaction and start another. Basically like a SQL
> injection attack. Obviously a big mistake on my part.
> I know now you probably wonder if the whole site is riddled with bugs.
> I like to think I'm pretty careful about this type of thing and there
> is nothing like this left in there. And I know this guy was hacking
> around on the site trying various things for a month or so. So that is
> some indication that there is nothing this bad on there.
>
> The loss of the 50k although a lot of money shouldn't actually be an
> issue as long as deposits continue to be greater than withdrawals. We
> can just let the loss ride until the site either makes it or not.
> And maybe you know some crafty way to track these guys down. The two
> IPs they used seem static. The machines both respond to pings.
>
> Also I don't know if I mentioned but the site is built on this php
> framework called lithium.
> Jed.


>
> On Mon, Jan 24, 2011 at 1:28 PM, Jed McCaleb <admin@mtgox.com> wrote:
> > Hi Mark,
> > So here is what I'm thinking:
> > No cash upfront.
> > I get 50% of revenue for 6 months or until I get $60k whichever is greater.
> > 12% of the company you form to hold mtgox.
> > How does this sound?
> > Thanks,
> > Jed.
> >

**From:**              Jed McCaleb <admin@mtgox.com>
**Sent:**              Saturday, January 22, 2011 8:01 PM
**To:**                 Петр Иванов
**Subject:**        Re: BUGS


Thanks for contacting me.
I really can't afford to lose that much money. I'm just one person not a big company. This basically bankrupts me and the site. Is there anyway I can convince you to return more of it? I know it isn't much but I can give you free trades for life or something else you can think of.
Jed.

2011/1/22 Петр Иванов <mmjpx@mail.ru>:
> I hacked into your site, let me return you 50% of assets, and you do not do any investigation? Put a check on the correctness of Liberty Reserve account PHP ereg function and sleep peacefully!
>



EXHIBIT
B

MCCALEB 000292

**From:** Jed McCaleb <jed@mtgox.com>
**Sent:** Thursday, April 28, 2011 8:33 AM
**To:** Mark Karpeles

I can't tell how big an issue it will be to be short 80k BTC if the price goes to $100 or something. That is quite a bit to owe at that point but mtgox should have made a ton of BTC getting to there. There is also still the fact that the BTC balance will probably never fall below 80k. So maybe you don't really need to worry about it.
There are 3 solutions I have thought of:
- Slowly buy more BTC with the USD that Gox Bot has. Hopefully you would fill up the loss before the price got out of hand.
- Buy a big chunk of BTC (really just moving the BTC debt to the USD
side) If BTC goes up this is a huge win. Problem is there isn't enough BTC for sale on mtgox. Maybe you could find someone on the forum to do it?
- Get those crystal island people to invest. They have 200+ BTC so they could fill in the gap.

Maybe you could just mine it?



MCCALEB 000528

RECEIVED
MAY 0 5 2017
BY: 14-38/37

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
HINDS COUNTY, MISSISSIPPI

DR. DONALD RAGGIO
DR. CHRIS RAGGIO                                        PLAINTIFFS

VS.                                        CAUSE NO. 14-CV-00071-TTG

MTGOX, et al.                                          DEFENDANTS

SUBPOENA DUCES TECUM

STATE OF MISSISSIPPI
COUNTY OF HINDS

TO ANY LAWFUL OFFICER OR ANY OTHER PERSON AUTHORIZED TO
SERVE SUBPOENA:

We command you to summon:

Charles J. Pignuolo
Senior Executive Vice President and General Counsel
BancorpSouth
201 South Spring Street
Tupelo, MS 38804

pursuant to Rule 45 (d)(2) of the Mississippi Rules Civil Procedure to .mail (or otherwise produce) to/at the offices of Forman Watkins, & Krutz, LLP, 200 South Lamar Street, Suite 100, Jackson, Mississippi 39201-4099, by May 12, 2017, the following items, to wit:

*ITEMS DESCRIBED IN EXHIBIT "A" ATTACHED HERETO*

Herein you should not fail under the penalty in such case made and provided and have

then and there this writ.

**WITNESS MY HAND AND SEAL OF SAID COURT,** this the 26 day of April, 2017.

Circuit Court of Hinds County, Mississippi
Zack Wallace, Circuit Clerk

By: _____ , D.C

ATTEST A TRUE COPY

APR 26 2017

ZACK WALLACE, CIRCUIT CLERK

BY _____ D.C.

Prepared By:

EDWIN S. GAULT, JR., MSB #10187
MANDIE B. ROBINSON, MSB #100446
FORMAN WATKINS & KRUTZ LLP
200 South Lamar Street, Ste. 100
Jackson, MS  39201-4099
Post Office Box 22608
Jackson, MS  39225-2608
Telephone:  (601) 960-8600
Facsimile:  (601) 960-8613
win.gault@formanwatkins.com
mandie.robinson@formanwatkins.com

EXHIBIT "A"

All records of accounts owned by either Christopher "Chris" Raggio or Donald "Don" Raggio, from Dec. 1, 2010 through March 5, 2014.

Return to: Forman Watkins and Krutz, LLP
     c/o Edwin S. Gault, Esq.
     200 South Lamar Street, Suite 200
     Jackson, MS 39201
     Win.gault@formanwatkins.com

### SHERIFF'S RETURN

State of Mississippi

County of Lee

(✗)   I personally delivered a copy of the Subpoena on the _18_ day of

_____May_____, 2017, to _Charles J Pignuolo_____.

( )   I was unable to serve the Subpoena.

This the _18_ day of _May_____, 2017.

Sheriff of Lee County, Mississippi

By: _____

Deputy Sheriff

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT**
**HINDS COUNTY, MISSISSIPPI**

**DR. DONALD RAGGIO**
**DR. CHRIS RAGGIO**                                              **PLAINTIFFS**

**VS.**                                        **CAUSE NO. 14-CV-00071-TTG**

**MTGOX, et al.**                                               **DEFENDANTS**

<u>**NOTICE OF SERVICE OF DISCOVERY**</u>

Code Collective, LLC, and Jed McCaleb hereby give notice to the Court that the

following discovery was served:

> *JED MCCALEB AND CODE COLLECTIVE, LLC'S RESPONSES TO*
> *PLAINTIFF'S THIRD SET OF REQUEST FOR PRODUCTION OF*
> *DOCUMENTS.*

The undersigned retains the originals of the above papers as custodian thereof.

Respectfully submitted, this the 1ST day of June, 2017.

> **CODE COLLECTIVE, LLC, and**
> **JED McCALEB, individually and formerly**
> **doing business as MTGOX, a sole proprietorship**

By:     */s/Mandie B. Robinson*
        EDWIN S. GAULT, JR., MSB #10187
        MANDIE B. ROBINSON, MSB #100446

OF COUNSEL:

FORMAN WATKINS & KRUTZ LLP
200 South Lamar Street, Ste. 100
Jackson, MS  39201-4099
Post Office Box 22608
Jackson, MS  39225-2608
Telephone:  (601) 960-8600
Facsimile:  (601) 960-8613
win.gault@formanwatkins.com
mandie.robinson@formanwatkins.com

ETHAN JACOBS
HOLLAND LAW, LLP
220 Montgomery Street, Suite 800
San Francisco, California 94104
Telephone: (415) 200-4984
ejacobs@hollandlawllp.com

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via the Court's electronic mail system on the following:

Mitchell H. Tyner, Sr.
Charles Brad Martin
TYNER, GOZA, STACEY & MARTIN, LLC
114 West Center Street
Canton, MS 39046
mtyner@tynerlawfirm.com
bmartin@tynerlawfirm.com

Respectfully submitted, this the 1ST day of June, 2017.

/s/ Mandie B. Robinson
MANDIE B. ROBINSON

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT**
**HINDS COUNTY, MISSISSIPPI**

**DR. DONALD RAGGIO**
**DR. CHRIS RAGGIO**                                                                 **PLAINTIFFS**

**VS.**                                                                 **CAUSE NO. 14-CV-00071-TTG**

**MTGOX, et al.**                                                                 **DEFENDANTS**

<u>**NOTICE OF SERVICE OF DISCOVERY**</u>

      Code Collective, LLC, and Jed McCaleb hereby give notice to the Court that the

following discovery was served:

> *JED MCCALEB AND CODE COLLECTIVE, LLC'S RESPONSES TO*
> *DONALD RAGGIO'S FOURTH SET OF INTERROGATORIES.*

The undersigned retains the originals of the above papers as custodian thereof.

      Respectfully submitted, this the 1ST day of June, 2017.

      **CODE COLLECTIVE, LLC, and**
      **JED McCALEB, individually and formerly**
      **doing business as MTGOX, a sole proprietorship**

      By:    */s/Mandie B. Robinson*
            EDWIN S. GAULT, JR., MSB #10187
            MANDIE B. ROBINSON, MSB #100446

OF COUNSEL:

FORMAN WATKINS & KRUTZ LLP
200 South Lamar Street, Ste. 100
Jackson, MS  39201-4099
Post Office Box 22608
Jackson, MS  39225-2608
Telephone:  (601) 960-8600
Facsimile:  (601) 960-8613
win.gault@formanwatkins.com
mandie.robinson@formanwatkins.com

ETHAN JACOBS
HOLLAND LAW, LLP
220 Montgomery Street, Suite 800
San Francisco, California 94104
Telephone: (415) 200-4984
ejacobs@hollandlawllp.com

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via the Court's electronic mail system on the following:

Mitchell H. Tyner, Sr.
Charles Brad Martin
TYNER, GOZA, STACEY & MARTIN, LLC
114 West Center Street
Canton, MS 39046
mtyner@tynerlawfirm.com
bmartin@tynerlawfirm.com

Respectfully submitted, this the 1ST day of June, 2017.

/s/ Mandie B. Robinson
MANDIE B. ROBINSON

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
HINDS COUNTY, MISSISSIPPI**

DR. DONALD RAGGIO                                         **PLAINTIFFS**
DR. CHRIS RAGGIO


VS.                                                **CIVIL ACTION NO. 14-71**


MTGOX a sole proprietorship;
MTGOX, Inc., a Delaware corporation;
MT.GOX KK, a Japanese corporation;
TIBANE KK, a Japanese corporation;
MUTUM SIGILLUM, LLC a Delaware limited Liability Company;
CODE COLLECTIVE, LLC a New York limited liability company;
JED McCALEB, an individual;
MARK KARPELES, an individual;
JOHN DOES 1-5, and CORPORATE JOHN DOES 1-5                **DEFENDANTS**

---

**NOTICE OF SERVICE OF DISCOVERY**

---

Please take notice that the Plaintiffs have this day served in the above entitled action the

following:

1) **Plaintiffs Dr. Donald Raggio and Dr. Chris Raggio's Third Set of Request for Admissions to Defendant Jeb McCaleb**

The undersigned retain the originals as custodian thereof.

This the 5th day of June, 2017.

                              **DR. DONALD RAGGIO AND
                              DR. CHRIS RAGGIO**

                              s/Charles "Brad" Martin
                              CHARLES "BRAD" MARTIN, MSB# 100767

OF COUNSEL:

MITCHELL H. TYNER, SR., MSB# 8169
CHARLES "BRAD" MARTIN, MSB# 100767
**TYNER, GOZA, STACEY & MARTIN, LLC**
114 West Center Street
Canton, MS 39046
Phone: 601-401-1111
Fax: 601-957-6554

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via the Court's electronic filing system on the following:

     Edwin S. Gault, Jr., Esq.
     Mandie B. Robinson, Esq.
     Forman Watkins & Krutz LLP
     200 South Lamar Street, Suite 100
     Jackson, Mississippi 39201-4099

     Ethan Jacobs, Esq.
     Holland Law, LLP
     220 Montgomery Street, Suite 800
     San Francisco, California 94104

Respectfully submitted, this the 5th day of June, 2017.

s/ Charles B. Martin
CHARLES "BRAD" MARTIN, MSB# 100767

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
## HINDS COUNTY, MISSISSIPPI

DR. DONALD RAGGIO                                          **PLAINTIFFS**
DR. CHRIS RAGGIO


VS.                                               **CIVIL ACTION NO. 14-71**


MTGOX a sole proprietorship;
MTGOX, Inc., a Delaware corporation;
MT.GOX KK, a Japanese corporation;
TIBANE KK, a Japanese corporation;
MUTUM SIGILLUM, LLC a Delaware limited Liability Company;
CODE COLLECTIVE, LLC a New York limited liability company;
JED McCALEB, an individual;
MARK KARPELES, an individual;
JOHN DOES 1-5, and CORPORATE JOHN DOES 1-5          **DEFENDANTS**

---

## NOTICE OF SERVICE OF DISCOVERY RESPONSES

---

Please take notice that Dr. Chris Raggio has this day served in the above entitled action

the following:

1)    **Plaintiff Chris Raggio's Responses to Code Collective, LLC and Jed
      McCaleb's First Set of Request for Admissions**

The undersigned retain the originals as custodian thereof.

This the 12th day of June, 2017.


                              **DR. CHRIS RAGGIO**

                              s/Charles "Brad" Martin
                              CHARLES "BRAD" MARTIN, MSB# 100767


OF COUNSEL:
MITCHELL H. TYNER, SR., MSB# 8169

CHARLES "BRAD" MARTIN, MSB# 100767
**TYNER, GOZA, STACEY & MARTIN, LLC**
114 West Center Street
Canton, MS 39046
Phone: 601-401-1111
Fax: 601-957-6554

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via the Court's electronic filing system on the following:

     Edwin S. Gault, Jr., Esq.
     Mandie B. Robinson, Esq.
     Forman Watkins & Krutz LLP
     200 South Lamar Street, Suite 100
     Jackson, Mississippi 39201-4099

     Ethan Jacobs, Esq.
     Holland Law, LLP
     220 Montgomery Street, Suite 800
     San Francisco, California 94104

              Respectfully submitted, this the 12th day of June, 2017.

                    s/ Charles B. Martin
                    CHARLES "BRAD" MARTIN, MSB# 100767

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
## HINDS COUNTY, MISSISSIPPI

**DR. DONALD RAGGIO**                                                          **PLAINTIFFS**
**DR. CHRIS RAGGIO**

**VS.**                                                          **CIVIL ACTION NO. 14-71**

**MTGOX a sole proprietorship;**
**MTGOX, Inc., a Delaware corporation;**
**MT.GOX KK, a Japanese corporation;**
**TIBANE KK, a Japanese corporation;**
**MUTUM SIGILLUM, LLC a Delaware limited Liability Company;**
**CODE COLLECTIVE, LLC a New York limited liability company;**
**JED McCALEB, an individual;**
**MARK KARPELES, an individual;**
**JOHN DOES 1-5, and CORPORATE JOHN DOES 1-5**              **DEFENDANTS**

---

## NOTICE OF SERVICE OF DISCOVERY RESPONSES

---

Please take notice that Dr. Donald Raggio has this day served in the above entitled action

the following:

1)    **Plaintiff Donald Raggio's Responses to Code Collective, LLC and Jed McCaleb's First Set of Request for Admissions**

The undersigned retain the originals as custodian thereof.

This the 12th day of June, 2017.

**DR. DONALD RAGGIO**

s/Charles "Brad" Martin
CHARLES "BRAD" MARTIN, MSB# 100767

OF COUNSEL:
MITCHELL H. TYNER, SR., MSB# 8169

1

CHARLES "BRAD" MARTIN, MSB# 100767
**TYNER, GOZA, STACEY & MARTIN, LLC**
114 West Center Street
Canton, MS 39046
Phone: 601-401-1111
Fax: 601-957-6554

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via the Court's electronic filing system on the following:

> Edwin S. Gault, Jr., Esq.
> Mandie B. Robinson, Esq.
> Forman Watkins & Krutz LLP
> 200 South Lamar Street, Suite 100
> Jackson, Mississippi 39201-4099
>
> Ethan Jacobs, Esq.
> Holland Law, LLP
> 220 Montgomery Street, Suite 800
> San Francisco, California 94104

Respectfully submitted, this the 12th day of June, 2017.

s/ Charles B. Martin
CHARLES "BRAD" MARTIN, MSB# 100767

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
HINDS COUNTY, MISSISSIPPI**

**DR. DONALD RAGGIO**                                                                         **PLAINTIFFS**
**DR. CHRIS RAGGIO**


**VS.**                                                                                         **CIVIL ACTION NO. 14-71**


**MTGOX a sole proprietorship;**
**MTGOX, Inc., a Delaware corporation;**
**MT.GOX KK, a Japanese corporation;**
**TIBANE KK, a Japanese corporation;**
**MUTUM SIGILLUM, LLC a Delaware limited Liability Company;**
**CODE COLLECTIVE, LLC a New York limited liability company;**
**JED McCALEB, an individual;**
**MARK KARPELES, an individual;**
**JOHN DOES 1-5, and CORPORATE JOHN DOES 1-5**                  **DEFENDANTS**

---

**NOTICE OF SERVICE OF DISCOVERY RESPONSES**

---

Please take notice that Dr. Chris Raggio has this day served in the above entitled action

the following:

    1)    **Plaintiff Chris Raggio's Responses to Code Collective, LLC and Jed
McCaleb's First Set of Interrgatories**

The undersigned retain the originals as custodian thereof.

This the 12th day of June, 2017.


                    **DR. CHRIS RAGGIO**

                    s/Charles "Brad" Martin
                    CHARLES "BRAD" MARTIN, MSB# 100767

OF COUNSEL:
MITCHELL H. TYNER, SR., MSB# 8169

1

CHARLES "BRAD" MARTIN, MSB# 100767
**TYNER, GOZA, STACEY & MARTIN, LLC**
114 West Center Street
Canton, MS 39046
Phone: 601-401-1111
Fax: 601-957-6554

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via the Court's electronic filing system on the following:

Edwin S. Gault, Jr., Esq.
Mandie B. Robinson, Esq.
Forman Watkins & Krutz LLP
200 South Lamar Street, Suite 100
Jackson, Mississippi 39201-4099

Ethan Jacobs, Esq.
Holland Law, LLP
220 Montgomery Street, Suite 800
San Francisco, California 94104

Respectfully submitted, this the 12th day of June, 2017.

s/ Charles B. Martin
 CHARLES "BRAD" MARTIN, MSB# 100767

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
HINDS COUNTY, MISSISSIPPI**

**DR. DONALD RAGGIO**                                             **PLAINTIFFS**
**DR. CHRIS RAGGIO**

**VS.**                                             **CIVIL ACTION NO. 14-71**

**MTGOX a sole proprietorship;**
**MTGOX, Inc., a Delaware corporation;**
**MT.GOX KK, a Japanese corporation;**
**TIBANE KK, a Japanese corporation;**
**MUTUM SIGILLUM, LLC a Delaware limited Liability Company;**
**CODE COLLECTIVE, LLC a New York limited liability company;**
**JED McCALEB, an individual;**
**MARK KARPELES, an individual;**
**JOHN DOES 1-5, and CORPORATE JOHN DOES 1-5**                   **DEFENDANTS**

---

**NOTICE OF SERVICE OF DISCOVERY RESPONSES**

---

Please take notice that Dr. Donald Raggio has this day served in the above entitled action

the following:

1)      **Plaintiff Donald Raggio's Responses to Code Collective, LLC and Jed
        McCaleb's First Set of Interrogatories**

The undersigned retain the originals as custodian thereof.

This the 12ᵗʰ day of June, 2017.

This the 12th day of June, 2017.

                          **DR. DONALD RAGGIO**

                          s/Charles "Brad" Martin
                          CHARLES "BRAD" MARTIN, MSB# 100767

OF COUNSEL:
MITCHELL H. TYNER, SR., MSB# 8169

CHARLES "BRAD" MARTIN, MSB# 100767
**TYNER, GOZA, STACEY & MARTIN, LLC**
114 West Center Street
Canton, MS 39046
Phone: 601-401-1111
Fax: 601-957-6554

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via the Court's electronic filing system on the following:

    Edwin S. Gault, Jr., Esq.
    Mandie B. Robinson, Esq.
    Forman Watkins & Krutz LLP
    200 South Lamar Street, Suite 100
    Jackson, Mississippi 39201-4099

    Ethan Jacobs, Esq.
    Holland Law, LLP
    220 Montgomery Street, Suite 800
    San Francisco, California 94104

Respectfully submitted, this the 12th day of June, 2017.

s/ Charles B. Martin
 CHARLES "BRAD" MARTIN, MSB# 100767

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
HINDS COUNTY, MISSISSIPPI**

**DR. DONALD RAGGIO**                                                           **PLAINTIFFS**
**DR. CHRIS RAGGIO**

**VS.**                                                           **CIVIL ACTION NO. 14-71**

**MTGOX a sole proprietorship;**
**MTGOX, Inc., a Delaware corporation;**
**MT.GOX KK, a Japanese corporation;**
**TIBANE KK, a Japanese corporation;**
**MUTUM SIGILLUM, LLC a Delaware limited Liability Company;**
**CODE COLLECTIVE, LLC a New York limited liability company;**
**JED McCALEB, an individual;**
**MARK KARPELES, an individual;**
**JOHN DOES 1-5, and CORPORATE JOHN DOES 1-5**                    **DEFENDANTS**

---

**NOTICE OF SERVICE OF DISCOVERY RESPONSES**

---

Please take notice that Dr. Chris Raggio has this day served in the above entitled action

the following:

1)      **Plaintiff Chris Raggio's Responses to Code Collective, LLC and Jed
        McCaleb's Third Set of Request for Production**

The undersigned retain the originals as custodian thereof.

This the 12th day of June, 2017.

                                        **DR. CHRIS RAGGIO**

                                        s/Charles "Brad" Martin
                                        CHARLES "BRAD" MARTIN, MSB# 100767

OF COUNSEL:
MITCHELL H. TYNER, SR., MSB# 8169

1

CHARLES "BRAD" MARTIN, MSB# 100767
**TYNER, GOZA, STACEY & MARTIN, LLC**
114 West Center Street
Canton, MS 39046
Phone: 601-401-1111
Fax: 601-957-6554

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via the Court's electronic filing system on the following:

     Edwin S. Gault, Jr., Esq.
     Mandie B. Robinson, Esq.
     Forman Watkins & Krutz LLP
     200 South Lamar Street, Suite 100
     Jackson, Mississippi 39201-4099

     Ethan Jacobs, Esq.
     Holland Law, LLP
     220 Montgomery Street, Suite 800
     San Francisco, California 94104

            Respectfully submitted, this the 12th day of June, 2017.

                s/ Charles B. Martin
                 CHARLES "BRAD" MARTIN, MSB# 100767

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
HINDS COUNTY, MISSISSIPPI**

**DR. DONALD RAGGIO**                                                    **PLAINTIFFS**
**DR. CHRIS RAGGIO**

**VS.**                                                    **CIVIL ACTION NO. 14-71**

**MTGOX a sole proprietorship;**
**MTGOX, Inc., a Delaware corporation;**
**MT.GOX KK, a Japanese corporation;**
**TIBANE KK, a Japanese corporation;**
**MUTUM SIGILLUM, LLC a Delaware limited Liability Company;**
**CODE COLLECTIVE, LLC a New York limited liability company;**
**JED McCALEB, an individual;**
**MARK KARPELES, an individual;**
**JOHN DOES 1-5, and CORPORATE JOHN DOES 1-5**                **DEFENDANTS**

---

**NOTICE OF SERVICE OF DISCOVERY RESPONSES**

---

Please take notice that Dr. Donald Raggio has this day served in the above entitled action

the following:

   1)   **Plaintiff Donald Raggio's Responses to Code Collective, LLC and Jed
        McCaleb's Third Set of Request for Production**

The undersigned retain the originals as custodian thereof.

This the 12th day of June, 2017.

                              **DR. DONALD RAGGIO**

                              s/Charles "Brad" Martin
                              CHARLES "BRAD" MARTIN, MSB# 100767

OF COUNSEL:
MITCHELL H. TYNER, SR., MSB# 8169

1

CHARLES "BRAD" MARTIN, MSB# 100767
**TYNER, GOZA, STACEY & MARTIN, LLC**
114 West Center Street
Canton, MS 39046
Phone: 601-401-1111
Fax: 601-957-6554

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via the Court's electronic filing system on the following:

     Edwin S. Gault, Jr., Esq.
     Mandie B. Robinson, Esq.
     Forman Watkins & Krutz LLP
     200 South Lamar Street, Suite 100
     Jackson, Mississippi 39201-4099

     Ethan Jacobs, Esq.
     Holland Law, LLP
     220 Montgomery Street, Suite 800
     San Francisco, California 94104

Respectfully submitted, this the 12th day of June, 2017.

     s/ Charles B. Martin
     CHARLES "BRAD" MARTIN, MSB# 100767

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
## HINDS COUNTY, MISSISSIPPI

**DR. DONALD RAGGIO**                                                          **PLAINTIFFS**
**DR. CHRIS RAGGIO**


**VS.**                                                          **CIVIL ACTION NO. 14-71**


**MTGOX a sole proprietorship;**
**MTGOX, Inc., a Delaware corporation;**
**MT.GOX KK, a Japanese corporation;**
**TIBANE KK, a Japanese corporation;**
**MUTUM SIGILLUM, LLC a Delaware limited Liability Company;**
**CODE COLLECTIVE, LLC a New York limited liability company;**
**JED McCALEB, an individual;**
**MARK KARPELES, an individual;**
**JOHN DOES 1-5, and CORPORATE JOHN DOES 1-5**                     **DEFENDANTS**

---

## NOTICE OF SERVICE OF DISCOVERY RESPONSES

---

Please take notice that Dr. Chris Raggio has this day served in the above entitled action

the following:

1)      **Plaintiff Chris Raggio's Responses to Code Collective, LLC and Jed**
        **McCaleb's Third Set of Interrogatories**

The undersigned retain the originals as custodian thereof.

This the 14th day of June, 2017.

                              **DR. CHRIS RAGGIO**

                              s/Charles "Brad" Martin
                              CHARLES "BRAD" MARTIN, MSB# 100767

OF COUNSEL:
MITCHELL H. TYNER, SR., MSB# 8169

1

CHARLES "BRAD" MARTIN, MSB# 100767
**TYNER, GOZA, STACEY & MARTIN, LLC**
114 West Center Street
Canton, MS 39046
Phone: 601-401-1111
Fax: 601-957-6554

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via the Court's electronic filing system on the following:

> Edwin S. Gault, Jr., Esq.
> Mandie B. Robinson, Esq.
> Forman Watkins & Krutz LLP
> 200 South Lamar Street, Suite 100
> Jackson, Mississippi 39201-4099
>
> Ethan Jacobs, Esq.
> Holland Law, LLP
> 220 Montgomery Street, Suite 800
> San Francisco, California 94104

Respectfully submitted, this the 14th day of June, 2017.

s/ Charles B. Martin
 CHARLES "BRAD" MARTIN, MSB# 100767

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
HINDS COUNTY, MISSISSIPPI**

**DR. DONALD RAGGIO**                                                               **PLAINTIFFS**
**DR. CHRIS RAGGIO**


**VS.**                                                               **CIVIL ACTION NO. 14-71**


**MTGOX a sole proprietorship;**
**MTGOX, Inc., a Delaware corporation;**
**MT.GOX KK, a Japanese corporation;**
**TIBANE KK, a Japanese corporation;**
**MUTUM SIGILLUM, LLC a Delaware limited Liability Company;**
**CODE COLLECTIVE, LLC a New York limited liability company;**
**JED McCALEB, an individual;**
**MARK KARPELES, an individual;**
**JOHN DOES 1-5, and CORPORATE JOHN DOES 1-5**                     **DEFENDANTS**

---

**NOTICE OF SERVICE OF DISCOVERY RESPONSES**

---

Please take notice that Dr. Donald Raggio has this day served in the above entitled action

the following:

   1)     **Plaintiff Donald Raggio's Responses to Code Collective, LLC and Jed
          McCaleb's Third Set of Interrogatories**

The undersigned retain the originals as custodian thereof.

This the 14th day of June, 2017.


                              **DR. DONALD RAGGIO**

                              s/Charles "Brad" Martin
                              CHARLES "BRAD" MARTIN, MSB# 100767

OF COUNSEL:
MITCHELL H. TYNER, SR., MSB# 8169

CHARLES "BRAD" MARTIN, MSB# 100767
**TYNER, GOZA, STACEY & MARTIN, LLC**
114 West Center Street
Canton, MS 39046
Phone: 601-401-1111
Fax: 601-957-6554

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via the Court's electronic filing system on the following:

Edwin S. Gault, Jr., Esq.
Mandie B. Robinson, Esq.
Forman Watkins & Krutz LLP
200 South Lamar Street, Suite 100
Jackson, Mississippi 39201-4099

Ethan Jacobs, Esq.
Holland Law, LLP
220 Montgomery Street, Suite 800
San Francisco, California 94104

Respectfully submitted, this the 14th day of June, 2017.

s/ Charles B. Martin
 CHARLES "BRAD" MARTIN, MSB# 100767

3

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
## HINDS COUNTY, MISSISSIPPI

**DR. DONALD RAGGIO**                                                           **PLAINTIFFS**
**DR. CHRIS RAGGIO**


**VS.**                                                           **CIVIL ACTION NO. 14-71**


**MTGOX a sole proprietorship;**
**MTGOX, Inc., a Delaware corporation;**
**MT.GOX KK, a Japanese corporation;**
**TIBANE KK, a Japanese corporation;**
**MUTUM SIGILLUM, LLC a Delaware limited Liability Company;**
**CODE COLLECTIVE, LLC a New York limited liability company;**
**JED McCALEB, an individual;**
**MARK KARPELES, an individual;**
**JOHN DOES 1-5, and CORPORATE JOHN DOES 1-5**                   **DEFENDANTS**

---

## NOTICE OF SERVICE OF DISCOVERY RESPONSES

---

Please take notice that Dr. Chris Raggio and Dr. Donald Raggio have this day served in the above entitled action the following:

1)      **Plaintiffs' Responses to Code Collective, LLC and Jed McCaleb's Fifth Set of Request for Production**

The undersigned retain the originals as custodian thereof.

This the 12th day of June, 2017.


                              **DR. CHRIS RAGGIO**
                              **AND DR. DONALD RAGGIO**

                              s/Charles "Brad" Martin
                              CHARLES "BRAD" MARTIN, MSB# 100767

1

OF COUNSEL:
MITCHELL H. TYNER, SR., MSB# 8169
CHARLES "BRAD" MARTIN, MSB# 100767
**TYNER, GOZA, STACEY & MARTIN, LLC**
114 West Center Street
Canton, MS 39046
Phone: 601-401-1111
Fax: 601-957-6554

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via the Court's electronic filing system on the following:

Edwin S. Gault, Jr., Esq.
Mandie B. Robinson, Esq.
Forman Watkins & Krutz LLP
200 South Lamar Street, Suite 100
Jackson, Mississippi 39201-4099

Ethan Jacobs, Esq.
Holland Law, LLP
220 Montgomery Street, Suite 800
San Francisco, California 94104

Respectfully submitted, this the 12th day of June, 2017.

s/ Charles B. Martin
 CHARLES "BRAD" MARTIN, MSB# 100767

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
HINDS COUNTY, MISSISSIPPI**

**DR. DONALD RAGGIO**                                                 **PLAINTIFFS**
**DR. CHRIS RAGGIO**

**VS.**                                                  **CIVIL ACTION NO. 14-71**

**MTGOX a sole proprietorship;**
**MTGOX, Inc., a Delaware corporation;**
**MT.GOX KK, a Japanese corporation;**
**TIBANE KK, a Japanese corporation;**
**MUTUM SIGILLUM, LLC a Delaware limited Liability Company;**
**CODE COLLECTIVE, LLC a New York limited liability company;**
**JED McCALEB, an individual;**
**MARK KARPELES, an individual;**
**JOHN DOES 1-5, and CORPORATE JOHN DOES 1-5**          **DEFENDANTS**

---

**NOTICE OF SERVICE OF DISCOVERY RESPONSES**

---

         Please take notice that Dr. Chris Raggio has this day served in the above entitled action

the following:

     1)      **Plaintiff Chris Raggio's Responses to Code Collective, LLC and Jed
McCaleb's Second Set of Interrogatories**

The undersigned retain the originals as custodian thereof.

This the 14th day of June, 2017.

                                        **DR. CHRIS RAGGIO**

                                        s/Charles "Brad" Martin
                                        CHARLES "BRAD" MARTIN, MSB# 100767

OF COUNSEL:
MITCHELL H. TYNER, SR., MSB# 8169

CHARLES "BRAD" MARTIN, MSB# 100767
**TYNER, GOZA, STACEY & MARTIN, LLC**
114 West Center Street
Canton, MS 39046
Phone: 601-401-1111
Fax: 601-957-6554

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via the Court's electronic filing system on the following:

Edwin S. Gault, Jr., Esq.
Mandie B. Robinson, Esq.
Forman Watkins & Krutz LLP
200 South Lamar Street, Suite 100
Jackson, Mississippi 39201-4099

Ethan Jacobs, Esq.
Holland Law, LLP
220 Montgomery Street, Suite 800
San Francisco, California 94104

Respectfully submitted, this the 14th day of June, 2017.

s/ Charles B. Martin
CHARLES "BRAD" MARTIN, MSB# 100767

3

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
HINDS COUNTY, MISSISSIPPI**

**DR. DONALD RAGGIO**                                                    **PLAINTIFFS**
**DR. CHRIS RAGGIO**


**VS.**                                                    **CIVIL ACTION NO. 14-71**


**MTGOX a sole proprietorship;**
**MTGOX, Inc., a Delaware corporation;**
**MT.GOX KK, a Japanese corporation;**
**TIBANE KK, a Japanese corporation;**
**MUTUM SIGILLUM, LLC a Delaware limited Liability Company;**
**CODE COLLECTIVE, LLC a New York limited liability company;**
**JED McCALEB, an individual;**
**MARK KARPELES, an individual;**
**JOHN DOES 1-5, and CORPORATE JOHN DOES 1-5**          **DEFENDANTS**

---

**NOTICE OF SERVICE OF DISCOVERY RESPONSES**

---

Please take notice that Dr. Donald Raggio has this day served in the above entitled action

the following:

1)    **Plaintiff Donald Raggio's Responses to Code Collective, LLC and Jed
      McCaleb's Second Set of Interrogatories**

The undersigned retain the originals as custodian thereof.

This the 14th day of June, 2017.


                                        **DR. DONALD RAGGIO**

                                        s/Charles "Brad" Martin
                                        CHARLES "BRAD" MARTIN, MSB# 100767

OF COUNSEL:
MITCHELL H. TYNER, SR., MSB# 8169

1

CHARLES "BRAD" MARTIN, MSB# 100767
**TYNER, GOZA, STACEY & MARTIN, LLC**
114 West Center Street
Canton, MS 39046
Phone: 601-401-1111
Fax: 601-957-6554

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via the Court's electronic filing system on the following:

> Edwin S. Gault, Jr., Esq.
> Mandie B. Robinson, Esq.
> Forman Watkins & Krutz LLP
> 200 South Lamar Street, Suite 100
> Jackson, Mississippi 39201-4099
>
> Ethan Jacobs, Esq.
> Holland Law, LLP
> 220 Montgomery Street, Suite 800
> San Francisco, California 94104

Respectfully submitted, this the 14th day of June, 2017.

s/ Charles B. Martin
CHARLES "BRAD" MARTIN, MSB# 100767

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
HINDS COUNTY, MISSISSIPPI**

**DR. DONALD RAGGIO**                                                    **PLAINTIFFS**
**DR. CHRIS RAGGIO**


**VS.**                                                    **CIVIL ACTION NO. 14-71**


**MTGOX a sole proprietorship;**
**MTGOX, Inc., a Delaware corporation;**
**MT.GOX KK, a Japanese corporation;**
**TIBANE KK, a Japanese corporation;**
**MUTUM SIGILLUM, LLC a Delaware limited Liability Company;**
**CODE COLLECTIVE, LLC a New York limited liability company;**
**JED McCALEB, an individual;**
**MARK KARPELES, an individual;**
**JOHN DOES 1-5, and CORPORATE JOHN DOES 1-5**                **DEFENDANTS**

---

**NOTICE OF SERVICE OF DISCOVERY RESPONSES**

---

Please take notice that Dr. Chris Raggio and Dr. Donald Raggio have this day served in the above entitled action the following:

>    1)    **Plaintiffs' Responses to Code Collective, LLC and Jed McCaleb's Fourth Set of Request for Production**

The undersigned retain the originals as custodian thereof.

This the 12th day of June, 2017.

                                        **DR. CHRIS RAGGIO**
                                        **AND DR. DONALD RAGGIO**

                                        s/Charles "Brad" Martin
                                        CHARLES "BRAD" MARTIN, MSB# 100767

OF COUNSEL:

MITCHELL H. TYNER, SR., MSB# 8169
CHARLES "BRAD" MARTIN, MSB# 100767
**TYNER, GOZA, STACEY & MARTIN, LLC**
114 West Center Street
Canton, MS 39046
Phone: 601-401-1111
Fax: 601-957-6554

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via the Court's electronic filing system on the following:


    Edwin S. Gault, Jr., Esq.
    Mandie B. Robinson, Esq.
    Forman Watkins & Krutz LLP
    200 South Lamar Street, Suite 100
    Jackson, Mississippi 39201-4099

    Ethan Jacobs, Esq.
    Holland Law, LLP
    220 Montgomery Street, Suite 800
    San Francisco, California 94104

            Respectfully submitted, this the 12th day of June, 2017.

                s/ Charles B. Martin
                 CHARLES "BRAD" MARTIN, MSB# 100767

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
## HINDS COUNTY, MISSISSIPPI

DR. DONALD RAGGIO
DR. CHRIS RAGGIO                                                    **PLAINTIFFS**

VS.                                               **CAUSE NO. 14-CV-00071-TTG**

MTGOX, et al.                                                      **DEFENDANTS**

### NOTICE OF SERVICE OF DISCOVERY

Code Collective, LLC and Jed McCaleb, by and through counsel of record, do hereby

give notice to the Court that the following discovery was served as follows:

*JED MCCALEB'S RESPONSES TO PLAINTIFFS'*
*THIRD SET OF REQUESTS FOR ADMISSION*

The undersigned retains the originals of the above papers as custodian thereof.

Respectfully submitted, this the 5th day of July, 2017.

**CODE COLLECTIVE, LLC, and**
**JED McCALEB, individually and formerly**
**doing business as MTGOX, a sole proprietorship**

By:      */s/Mandie B. Robinson*
         EDWIN S. GAULT, JR., MSB #10187
         MANDIE B. ROBINSON, MSB #100446

OF COUNSEL:

FORMAN WATKINS & KRUTZ LLP
200 South Lamar Street, Ste. 100
Jackson, MS  39201-4099
Post Office Box 22608
Jackson, MS  39225-2608
Telephone:  (601) 960-8600
Facsimile:  (601) 960-8613
win.gault@formanwatkins.com
mandie.robinson@formanwatkins.com

ETHAN JACOBS
HOLLAND LAW, LLP
220 Montgomery Street, Suite 800
San Francisco, California 94104
Telephone: (415) 200-4984
ejacobs@hollandlawllp.com

### <u>CERTIFICATE OF SERVICE</u>

  I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via the Court's electronic mail system on the following:

    Mitchell H. Tyner, Sr.
    Charles Brad Martin
    TYNER, GOZA, STACEY & MARTIN, LLC
    114 West Center Street
    Canton, MS 39046
    mtyner@tynerlawfirm.com
    bmartin@tynerlawfirm.com

Respectfully submitted, this the 5th day of July, 2017.


            <u>/s/ Mandie B. Robinson</u>
            MANDIE B. ROBINSON

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
HINDS COUNTY, MISSISSIPPI**

**DR. DONALD RAGGIO**                                                         **PLAINTIFFS**
**DR. CHRIS RAGGIO**


**VS.**                                                         **CIVIL ACTION NO. 14-71**


**MTGOX a sole proprietorship;**
**MTGOX, Inc., a Delaware corporation;**
**MT.GOX KK, a Japanese corporation;**
**TIBANE KK, a Japanese corporation;**
**MUTUM SIGILLUM, LLC a Delaware limited Liability Company;**
**CODE COLLECTIVE, LLC a New York limited liability company;**
**JED McCALEB, an individual;**
**MARK KARPELES, an individual;**
**JOHN DOES 1-5, and CORPORATE JOHN DOES 1-5**                    **DEFENDANTS**

---

**NOTICE OF SERVICE OF DISCOVERY**

---

Please take notice that the Plaintiffs have this day served in the above entitled action the

following:

1)      **Plaintiffs Dr. Donald Raggio and Dr. Chris Raggio's Fourth Set of Request
        for Admissions to Defendant Jeb McCaleb**

The undersigned retain the originals as custodian thereof.

This the 6th day of July, 2017.


                                        **DR. DONALD RAGGIO AND**
                                        **DR. CHRIS RAGGIO**

                                        s/Charles "Brad" Martin
                                        CHARLES "BRAD" MARTIN, MSB# 100767

OF COUNSEL:

1

MITCHELL H. TYNER, SR., MSB# 8169
CHARLES "BRAD" MARTIN, MSB# 100767
**TYNER, GOZA, STACEY & MARTIN, LLC**
114 West Center Street
Canton, MS 39046
Phone: 601-401-1111
Fax: 601-957-6554

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via the Court's electronic filing system on the following:

>
> Edwin S. Gault, Jr., Esq.
> Mandie B. Robinson, Esq.
> Forman Watkins & Krutz LLP
> 210 East Capitol Street, Suite 2200
> Jackson, MS 39201-2375
>
> Ethan Jacobs, Esq.
> Holland Law, LLP
> 220 Montgomery Street, Suite 800
> San Francisco, California 94104

Respectfully submitted, this the 6th day of July, 2017.

s/ Charles B. Martin
CHARLES "BRAD" MARTIN, MSB# 100767

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
## HINDS COUNTY, MISSISSIPPI

**DR. DONALD RAGGIO**
**DR. CHRIS RAGGIO**                                                          **PLAINTIFFS**

**VS.**                                                          **CAUSE NO. 14-CV-00071-TTG**

**MTGOX, et al.**                                                          **DEFENDANTS**

### CHRIS AND DONALD RAGGIOS' SUPPLEMENTAL RESPONSES TO DEFENDANTS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

COME NOW Doctors Chris and. Donald Raggio, Plaintiffs, by and through counsel, in the above styled and numbered cause, by and through counsel, and files this their Responses to Defendants' Third Set of Requests for Production of Documents, as follows:

### GENERAL OBJECTIONS AND QUALIFICATIONS

These responses are made on the basis of information presently available to the Plaintiffs, Doctors Chris and. Donald Raggio, upon their information and belief. As discovery in this case is incomplete, there may be further facts that develop which may affect the Plaintiffs' responses which the Plaintiffs are presently unaware despite due diligence. The Plaintiffs reserve the right to modify or supplement their responses with such relevant information as they may subsequently discover. As such, their responses are made without prejudice to then using or relying at trial on information herein omitted through a good faith oversight, error or mistake, though subsequently discovered.

Subject to these general qualifications, specific objections and responses are set out below:

**REQUEST NO. 9**: Produce a copy of any and all items or documents that you may offer as evidence at the trial of this cause, or which may be used for demonstrative purposes during the trial of this cause.

**SUPPLEMENTAL RESPONSE:**  Please see the Plaintiffs' previously produced documents, as well as those produced by the Defendants.  See documents produced as SRC 00001-13722.  In that discovery is ongoing, the Plaintiffs reserve the right to seasonable supplement this response.

RESPECTFULLY SUBMITTED, this the 6th day of July, 2017.

**DOCTORS CHRIS AND DONALD RAGGIO**

s/Charles "Brad" Martin
CHARLES "BRAD" MARTIN, MSB# 100767

OF COUNSEL:
MITCHELL H. TYNER, SR., MSB# 8169
CHARLES "BRAD" MARTIN, MSB# 100767
**TYNER, GOZA, STACEY & MARTIN, LLC**
114 West Center Street
Canton, MS 39046
Phone: 601-401-1111
Fax: 601-957-6554

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via email on the following:

Edwin S. Gault, Jr., Esq.
Mandie B. Robinson, Esq.
Forman Watkins & Krutz LLP
210 East Capitol Street, Suite 2200
Jackson, MS 39201-2375

Ethan Jacobs, Esq.
Holland Law, LLP
220 Montgomery Street, Suite 800
San Francisco, California 94104

Respectfully submitted, this the 6th day of July, 2017.

s/ Charles B. Martin
CHARLES "BRAD" MARTIN, MSB# 100767

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
HINDS COUNTY, MISSISSIPPI**

**DR. DONALD RAGGIO**                                                    **PLAINTIFFS**
**DR. CHRIS RAGGIO**


**VS.**                                                    **CIVIL ACTION NO. 14-71**


**MTGOX a sole proprietorship;**
**MTGOX, Inc., a Delaware corporation;**
**MT.GOX KK, a Japanese corporation;**
**TIBANE KK, a Japanese corporation;**
**MUTUM SIGILLUM, LLC a Delaware limited Liability Company;**
**CODE COLLECTIVE, LLC a New York limited liability company;**
**JED McCALEB, an individual;**
**MARK KARPELES, an individual;**
**JOHN DOES 1-5, and CORPORATE JOHN DOES 1-5**                    **DEFENDANTS**

---

**NOTICE OF SERVICE OF DISCOVERY RESPONSES**

---

Please take notice that Dr. Chris Raggio and Dr. Donald Raggio have this day served in

the above entitled action the following:

> 1)    **Plaintiffs' Supplemental Responses to Code Collective, LLC and Jed
>        McCaleb's Fourth Set of Request for Production**

The undersigned retain the originals as custodian thereof.

This the 6th day of July, 2017.


                              **DR. CHRIS RAGGIO**
                              **AND DR. DONALD RAGGIO**

                              s/Charles "Brad" Martin
                              CHARLES "BRAD" MARTIN, MSB# 100767

OF COUNSEL:

MITCHELL H. TYNER, SR., MSB# 8169
CHARLES "BRAD" MARTIN, MSB# 100767
**TYNER, GOZA, STACEY & MARTIN, LLC**
114 West Center Street
Canton, MS 39046
Phone: 601-401-1111
Fax: 601-957-6554

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via the Court's electronic filing system on the following:

Edwin S. Gault, Jr., Esq.
Mandie B. Robinson, Esq.
Forman Watkins & Krutz LLP
210 East Capitol Street, Suite 2200
Jackson, MS 39201-2375

Ethan Jacobs, Esq.
Holland Law, LLP
220 Montgomery Street, Suite 800
San Francisco, California 94104

Respectfully submitted, this the 6th day of July, 2017.

s/ Charles B. Martin
 CHARLES "BRAD" MARTIN, MSB# 100767

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
HINDS COUNTY, MISSISSIPPI**

**DR. DONALD RAGGIO**                                                        **PLAINTIFFS**
**DR. CHRIS RAGGIO**

**VS.**                                                        **CIVIL ACTION NO. 14-71**

**MTGOX a sole proprietorship;**
**MTGOX, Inc., a Delaware corporation;**
**MT.GOX KK, a Japanese corporation;**
**TIBANE KK, a Japanese corporation;**
**MUTUM SIGILLUM, LLC a Delaware limited Liability Company;**
**CODE COLLECTIVE, LLC a New York limited liability company;**
**JED McCALEB, an individual;**
**MARK KARPELES, an individual;**
**JOHN DOES 1-5, and CORPORATE JOHN DOES 1-5**                **DEFENDANTS**

---

**NOTICE OF SERVICE OF DISCOVERY RESPONSES**

---

Please take notice that Doctors Chris and Donald Raggio have this day served in the

above entitled action the following:

1)    **Plaintiffs Chris and Donald Raggios' Supplemental Responses to Code
      Collective, LLC and Jed McCaleb's Third Set of Request for Production**

The undersigned retain the originals as custodian thereof.

This the 6th day of July, 2017.

                                        **DR. CHRIS RAGGIO**

                                        s/Charles "Brad" Martin
                                        CHARLES "BRAD" MARTIN, MSB# 100767

OF COUNSEL:
MITCHELL H. TYNER, SR., MSB# 8169

1

CHARLES "BRAD" MARTIN, MSB# 100767
**TYNER, GOZA, STACEY & MARTIN, LLC**
114 West Center Street
Canton, MS 39046
Phone: 601-401-1111
Fax: 601-957-6554

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have this day served a true and correct copy of the above and foregoing pleading via the Court's electronic filing system on the following:

Edwin S. Gault, Jr., Esq.
Mandie B. Robinson, Esq.
Forman Watkins & Krutz LLP
210 East Capitol Street, Suite 2200
Jackson, MS 39201-2375

Ethan Jacobs, Esq.
Holland Law, LLP
220 Montgomery Street, Suite 800
San Francisco, California 94104

Respectfully submitted, this the 6th day of July, 2017.

s/ Charles B. Martin
CHARLES "BRAD" MARTIN, MSB# 100767