**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT**
**HINDS COUNTY, MISSISSIPPI**

**DR. DONALD RAGGIO**
**DR. CHRIS RAGGIO**                                                  **PLAINTIFFS**

**VS.**                                                  **CAUSE NO. 14-CV-00071-TTG**

**MTGOX, et al.**                                                  **DEFENDANTS**

<u>**NOTICE OF SERVICE OF DISCOVERY**</u>

      Code Collective, LLC and Jed McCaleb, by and through counsel of record, do hereby

give notice to the Court that the following discovery was served as follows:

      1.     *Defendants Fourth Set of Interrogatories to Plaintiffs*.

      Respectfully submitted, this the 17th day of January, 2017.

                          **CODE COLLECTIVE, LLC, and**
                          **JED McCALEB, individually and formerly**
                          **doing business as MTGOX, a sole proprietorship**

                By:   */s/ Mandie B. Robinson*
                      EDWIN S. GAULT, JR., MSB #10187
                      MANDIE B. ROBINSON, MSB #100446

OF COUNSEL:

FORMAN WATKINS & KRUTZ LLP
210 East Capitol Street, Suite 2200
Jackson, MS 39201-2375
Post Office Box 22608
Jackson, MS 39225-2608
Telephone: (601) 960-8600
Facsimile: (601) 960-8613
win.gault@formanwatkins.com
mandie.robinson@formanwatkins.com

Ethan Jacobs
HOLLAND LAW, LLP
220 Montgomery Street, Suite 800
San Francisco, CA 94104
Telephone: (415) 200-4984
ejacobs@hollandlawllp.com

### CERTIFICATE OF SERVICE

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via the Court's electronic mail system on the following:

> Mitchell H. Tyner, Sr.
> Charles Brad Martin
> TYNER, GOZA, STACEY & MARTIN, LLC
> 114 West Center Street
> Canton, MS 39046
> mtyner@tynerlawfirm.com
> bmartin@tynerlawfirm.com

This the 17th day of July, 2017.

> /s/ *Mandie B. Robinson*
> MANDIE B. ROBINSON

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
## HINDS COUNTY, MISSISSIPPI

**DR. DONALD RAGGIO**
**DR. CHRIS RAGGIO**                                                    **PLAINTIFFS**

**VS.**                                            **CAUSE NO. 14-CV-00071-TTG**

**MTGOX, et al.**                                                       **DEFENDANTS**

### MOTION TO COMPEL DISCOVERY RESPONSES

Code Collective, LLC and Jed McCaleb (together, "McCaleb"), file this motion pursuant to Rule 37 of the Mississippi Rules of Civil Procedure, to compel Plaintiffs to provide complete and responsive discovery responses to McCaleb's discovery.

1.     The Raggios filed suit claiming bitcoins were stolen from their account on the MTGOX bitcoin exchange and attempting to hold McCaleb liable for their loss under several theories, including negligence, conspiracy, and conversion.[1]   They also seek to recover the value of those bitcoins at their all-time high, rather than at the time of the alleged breaches or wrongs.[2]

2.     McCaleb's discovery seeks evidence that could support or rebut the elements of the Raggios' causes of action, McCaleb's defense that the Defendants are not responsible for the theft, that Chris Raggio purposely converted the bitcoin to his own uses, and that the Raggios were capable of mitigating the alleged injury by purchasing replacement bitcoin and declined to do so.   These requests are tailored to seek evidence of the Raggios' bitcoin holdings and finances which will specifically reflect their ability and failure to mitigate damages, as well as their trading history showing when – and at what price – the Raggios sold their remaining bitcoins.

---

[1] *See* Complaint, Doc. 1, at pp. 8-12.
[2] *See id.* at p. 13 (seeking specific performance of payment of 9,400 bitcoin, regardless of current market price).

3.      Because they relate to the claims and defenses at issue, the information and documents are relevant and discoverable under Rule 26(b)(1) of the Mississippi Rules of Civil Procedure.

4.      The Raggios objected to providing the information sought by most of the disputed discovery requests, and responded to other requests by making general allegations about the way MTGOX was created and operated that are entirely irrelevant to their claims of stolen bitcoins. Thus, the Raggios have either failed to respond to the disputed requests or have given evasive, unresponsive answers.   *See* Rule 37(a)(3) (evasive or incomplete answers are "to be treated as a failure to answer").

5.      The Court should order the Raggios to respond to the discovery listed below with full and responsive answers and to produce all responsive documents, and award McCaleb his attorneys' fees in bringing this motion pursuant to Rule 37(a)(4).   *See Willard v. Paracelsus Health Care Corp*., 681 So. 2d 539 (Miss. 1996); *Barnes v. Confidential Party*, 628 So. 2d 283, 291 (Miss. 1993).

## MOTION TO COMPEL

6.      McCaleb sets forth below each request, answer, and argument for production as required by Rule 4.03(C) of the Uniform Circuit and County Court Rules as follows:

**Chris Raggio's Responses to Defendants' First Set of Interrogatories:**

**INTERROGATORY NO. 2**: Identify any other bitcoin accounts to which you moved bitcoins which were held in your MTGOX account or any wallet owned by you, including any accounts associated with bitcoingateway.com.

**RESPONSE TO NO. 2**: Objection, this request is not designed to obtain information reasonably calculated to lead to the discovery of relevant evidence pertaining to the claims and defenses of any party. Plaintiff further objects in that this interrogatory is made to cause annoyance, embarrassment, oppression and undue burden or expense to the Plaintiff.

2

**DEFENDANTS' OBJECTION TO RESPONSE TO NO. 2**: This information is highly relevant to McCaleb's defenses in this suit, including but not limited to, the Raggios' financial ability to mitigate damages by purchasing substitute bitcoins at the time of McCaleb's alleged breaches and torts, and/or at the time the Raggios allege they discovered McCaleb's conduct giving rise to their claims, as well as the Raggios' speculating on the value of bitcoins over time, which is pertinent to their apparent position that they would have held and not sold any of the allegedly stolen bitcoins until the moment when the price of bitcoins reached its all-time high.   It is also relevant to McCaleb's defense of unclean hands on the part of Chris Raggio regarding the purpose of investing in bitcoin as a method to hide assets from the Courts and a spouse in a divorce proceeding and regarding two child support cases, and the issue of whether Chris Raggio invented the alleged thief as a way to keep obtain and keep his father's initial investment and/or his own investments while claiming such investments were stolen. The requested information may provide evidence of malfeasance by Chris Raggio for these or other purposes, and reveal the claim of theft to be a purposeful cover-up.   The information requested is not intended to cause annoyance or undue burden, as it is limited to accounts which ever contained bitcoins previously held in the Raggios' MTGOX account. Such information is absolutely proper under Mississippi Rules of Civil Procedure.

**PLAINTIFFS' RESPONSE TO THE DISPUTE ON NO. 2:**   The Plaintiffs stand by their objections which are wholly proper. The Defendants are seeking confidential financial information that is not germane to this matter. As the evidence shows, there is no basis to support any allegations of unclean hands regarding Chris Raggio, the allegation that Chris Raggio or Donald Raggio may have invented the theft of the bitcoins, or malfeasance on the behalf of the Raggios. Furthermore, the Raggio's bitcoin holdings, aside from the stolen 9,400 bitcoins, are irrelevant to the matter.

**DEFENDANTS' ARGUMENT TO COMPEL NO. 2:** Plaintiffs' objections are improper.   Plaintiffs have asserted that McCaleb converted ("stole") 9,400 bitcoin either directly from their account while acting as someone else, or from an account McCaleb froze based on the Raggios' belief their bitcoins were contained in that account.   Chris Raggio informed McCaleb of the alleged theft on January 9, 2011, and there is no dispute that the Raggios did not lose any other bitcoins or currency through MTGOX.   However, Chris Raggio did personally inform McCaleb that he purchased bitcoins as a means to hide assets from his ex-wife during a divorce, thus showing he had no hesitation lying to the divorce court in his effort to keep funds.   Additional facts have been discovered which support that Chris Raggio had the monetary motive and computer skills to remove the bitcoins from the account.   Thus, the information regarding other bitcoin addresses is unquestionably relevant to McCaleb defenses in this case, including (1) the Raggios' ability and failure to mitigate damages at different points in time since January 9, 2011; (2) whether the Raggios sold all their bitcoin at any point in time showing they would not have held these particular bitcoins beyond a certain value/date; (3) Chris Raggio's unclean hands in hiding assets from an ex-wife and two Courts regarding child support obligations while now asking this Court for equitable relief; and (4) Chris Raggio's possible direct involvement in the theft if he moved coins to any other accounts on MTGOX or any other forums.

**INTERROGATORY NO. 5:** Identify any bank, investment or securities firms, credit unions, brokerage firms, online locations such as PayPal, or other financial institutions for holding stocks, mutual funds, United States Dollars, foreign currency, or other monetary assets owned by either Plaintiff from December 1, 2010 through the filing of this suit.

**RESPONSE TO NO. 5:** Objection, this request is not designed to obtain information reasonably calculated to lead to the discovery of relevant evidence pertaining to the claims and defenses of any party. Plaintiff further objects in that this interrogatory is made to cause annoyance, embarrassment, oppression and undue burden or expense to the Plaintiff.

**DEFENDANTS' OBJECTION TO RESPONSE TO NO. 5**: The requested information is highly relevant to McCaleb's defenses in this suit, including but not limited to, the Raggios' financial ability to mitigate damages by purchasing substitute bitcoins at the time of McCaleb's alleged breaches and torts, and/or at the time the Raggios allege they discovered McCaleb's conduct giving rise to their claims, as well as the Raggios' speculating on the value of bitcoins over time, which is pertinent to their apparent position that they would have held and not sold any of the allegedly stolen bitcoins until the moment when the price of bitcoins reached its all-time high.   It is also relevant to McCaleb's defense of unclean hands on the part of Chris Raggio regarding the purpose of investing in bitcoin as a method to hide assets from the Courts and a spouse in a divorce proceeding and regarding two child support cases, and the issue of whether Chris Raggio invented the alleged thief as a way to keep obtain and keep his father's initial investment and/or his own investments while claiming such investments were stolen.   The requested information may provide evidence of malfeasance by Chris Raggio for these or other purposes, and reveal the claim of theft to be a purposeful cover-up.   The information requested is not intended to cause annoyance or undue burden, and is in fact limited to the time frame at issue based on the Raggios' own claims.   Such information is absolutely proper under Mississippi Rules of Civil Procedure and should be divulged.

**PLAINTIFFS' RESPONSE TO THE DISPUTE ON NO. 5:**   The Plaintiffs stand by their objections which are wholly proper. The Defendants are seeking confidential financial information that is not germane to this matter. As the evidence shows, there is no basis to support any allegations of unclean hands regarding Chris Raggio, the allegation that Chris Raggio or Donald Raggio may have invented the theft of the bitcoins, or malfeasance on the behalf of the Raggios. Furthermore, the Raggio's financial holdings are irrelevant to the matter and are not subject to discovery under the Mississippi Rules of Civil Procedure.

**DEFENDANTS' ARGUMENT TO COMPEL NO. 5:** Plaintiffs' objections are improper.   Plaintiffs have asserted that McCaleb converted ("stole") 9,400 bitcoin either directly from their account while acting as someone else, or from an account McCaleb froze based on the Raggios' belief their bitcoins were contained in that account.   Chris Raggio informed McCaleb of the alleged theft on January 9, 2011, and there is no dispute that the Raggios did not lose any other bitcoins or currency through MTGOX.   However, Chris Raggio did personally inform McCaleb that he purchased bitcoins as a means to hide assets from his ex-wife during a divorce, thus showing he had no hesitation lying to the divorce court in his

4

effort to keep funds.    Additional facts have been discovered which support that Chris Raggio had the monetary motive and computer skills to remove the bitcoins from the account.    Thus, the information regarding other financial institutions is unquestionably relevant to McCaleb defenses in this case, including (1) the Raggios' ability and failure to mitigate damages at different points in time since January 9, 2011; (2) whether the Raggios sold all their bitcoin at any point in time showing they would not have held these particular bitcoins beyond a certain value/date; (3) Chris Raggio's unclean hands in hiding assets from an ex-wife and two Courts regarding child support obligations while now asking this Court for equitable relief; and (4) Chris Raggio's possible direct involvement in the theft if he moved coins to any other financial institutions while informing his father the bitcoins were stolen.

    **INTERROGATORY NO. 6:** Identify any accounts, wallets, or other location where either Plaintiff has stored, held, owned, purchased, or traded any type of digital currencies, including but not limited to E-gold, Liberty Reserve, bitcoin, altcoin, mastercoin, peercoin, darkcoin, litecoin, zetacoin, feathercoin, ethereum, digitalcoin, counterparty, novacoin, dogecoin, or primecoin, from December 1, 2010 through the filing of this suit.

    **RESPONSE TO NO. 6:** Objection, this request is not designed to obtain information reasonably calculated to lead to the discovery of relevant evidence pertaining to the claims and defenses of any party. Plaintiff further objects in that this interrogatory is made to cause annoyance, embarrassment, oppression and undue burden or expense to the Plaintiff.

    **DEFENDANTS' OBJECTION TO RESPONSE TO NO. 6**: The requested information is highly relevant to McCaleb's defenses in this suit, including but not limited to, the Raggios' financial ability to mitigate damages by purchasing substitute bitcoins at the time of McCaleb's alleged breaches and torts, and/or at the time the Raggios allege they discovered McCaleb's conduct giving rise to their claims, as well as the Raggios' speculating on the value of bitcoins over time, which is pertinent to their apparent position that they would have held and not sold any of the allegedly stolen bitcoins until the moment when the price of bitcoins reached its all-time high.    It is also relevant to McCaleb's defense of unclean hands on the part of Chris Raggio regarding the purpose of investing in bitcoin as a method to hide assets from the Courts and a spouse in a divorce proceeding and regarding two child support cases, and the issue of whether Chris Raggio invented the alleged thief as a way to keep obtain and keep his father's initial investment and/or his own investments while claiming such investments were stolen.    The requested information may provide evidence of malfeasance by Chris Raggio for these or other purposes, and reveal the claim of theft to be a purposeful cover-up to obtain the funds for use to invest in other mediums.    The information requested is not intended to cause annoyance or undue burden, and is in fact limited to the time frame at issue based on the Raggios' own claims.    Such information is absolutely proper under Mississippi Rules of Civil Procedure and should be divulged.

    **PLAINTIFFS' RESPONSE TO THE DISPUTE TO NO. 6:**    The Plaintiffs stand by their objections which are wholly proper. The Defendants are seeking confidential financial information that is not germane to this matter. As the evidence shows, there is no basis to support

any allegations of unclean hands regarding Chris Raggio, the allegation that Chris Raggio or Donald Raggio may have invented the theft of the bitcoins, or malfeasance on the behalf of the Raggios. Furthermore, the Raggio's cryptocurrency holdings are irrelevant to the matter and are not subject to discovery under the Mississippi Rules of Civil Procedure.

    **DEFENDANTS' ARGUMENT TO COMPEL NO. 6:** Plaintiffs' objections are improper.   Plaintiffs have asserted that McCaleb converted ("stole") 9,400 bitcoin either directly from their account while acting as someone else, or from an account McCaleb froze based on the Raggios' belief their bitcoins were contained in that account.   Chris Raggio informed McCaleb of the alleged theft on January 9, 2011, and there is no dispute that the Raggios did not lose any other bitcoins or currency through MTGOX.   However, Chris Raggio did personally inform McCaleb that he purchased bitcoins as a means to hide assets from his ex-wife during a divorce, thus showing he had no hesitation lying to the divorce court in his effort to keep funds.   Additional facts have been discovered which support that Chris Raggio had the monetary motive and computer skills to remove the bitcoins from the account.   Thus, the information regarding other financial institutions is unquestionably relevant to McCaleb defenses in this case, including (1) the Raggios' ability and failure to mitigate damages at different points in time since January 9, 2011; (2) whether the Raggios sold all their bitcoin at any point in time showing they would not have held these particular bitcoins beyond a certain value/date; (3) Chris Raggio's unclean hands in hiding assets from an ex-wife and two Courts regarding child support obligations while now asking this Court for equitable relief; and (4) Chris Raggio's possible direct involvement in the theft by showing whether he made any other purchases of digital currencies in the amount allegedly stolen.

**Chris Raggio's Responses to Defendants' Third Requests for Production:**

    **REQUEST NO. 1:** Produce any and all state and federal tax returns filed by you for the tax years 2010 through 2014.

    **RESPONSE NO. 1:** Objection, this request is not designed to obtain information reasonably calculated to lead to the discovery of relevant evidence pertaining to the claims and defenses of any party. Plaintiff further objects in that this interrogatory is made to cause annoyance, embarrassment, oppression and undue burden or expense to the Plaintiff.

    **DEFENDANTS' OBJECTION TO RESPONSE TO NO 1**:   The requested information is relevant to McCaleb's defenses in this suit, including but not limited to, the Raggios' financial ability to mitigate damages by purchasing substitute bitcoins at the time of McCaleb's alleged breaches and torts, and/or at the time the Raggios allege they discovered McCaleb's conduct giving rise to their claims, as well as the Raggios' speculating on the value of bitcoins over time, which is pertinent to their apparent position that they would have held and not sold any of the allegedly stolen bitcoins until the moment when the price of bitcoins reached its all-time high.   The information is also relevant to McCaleb's defense regarding the Raggios' unclean hands.   The information is further relevant to C. Raggio's claims of the loss of investments, as well as his credibility and propensity to respond truthfully before this Court.

Defendants have been informed that C. Raggio may have made misrepresentations in documents filed with two other Courts as well as on his tax returns, by purchasing bitcoin and failing to list bitcoin as assets to avoid paying child support or taxes.   Such misrepresentations to other Courts and the IRS are extremely relevant to whether any actual theft of bitcoin occurred, and C. Raggio's veracity before this Court.   This request is not intended to cause annoyance or undue burden, but is specifically limited to the time frame relevant to the Raggios' claims.   The information is relevant and discoverable under Rule 26 of the Mississippi Rules of Civil Procedure.

      **PLAINTIFFS' RESPONSE TO THE DISPUTE ON NO. 1:**      The Plaintiffs stand by their objections which are wholly proper. The Defendants are seeking confidential financial information that is not germane to this matter. As the evidence shows, there is no basis to support any allegations of unclean hands regarding Chris Raggio, the allegation that Chris Raggio or Donald Raggio may have invented the theft of the bitcoins, or malfeasance on the behalf of the Raggios. Furthermore, the Raggio's financial holdings are irrelevant to the matter and are not subject to discovery under the Mississippi Rules of Civil Procedure.

      **DEFENDANTS' ARGUMENT TO COMPEL NO. 1:** Plaintiffs' objections are improper.   Plaintiffs have asserted that McCaleb converted ("stole") 9,400 bitcoin either directly from their account while acting as someone else, or from an account McCaleb froze based on the Raggios' belief their bitcoins were contained in that account.   The requested information is relevant to McCaleb's defenses regarding Chris Raggios' unclean hands as he personally informed McCaleb that he purchased bitcoins as a means to hide assets from his ex-wife during a divorce, thus showing he had no hesitation lying to the divorce court in his effort to keep funds.   The information is further relevant to Chris Raggio's claims of the loss of investments, as well as his credibility and propensity to respond truthfully before this Court. Defendants have been informed that Chris Raggio may have made misrepresentations in documents filed with two other Courts, by purchasing bitcoin and failing to list bitcoin as assets to avoid paying child support.   The tax returns together with the financial and bitcoin information will show whether Chris Raggio was truthful in filings with the IRS. Misrepresentations to other Courts and possibly the IRS are extremely relevant to whether any actual theft of bitcoin occurred, and C. Raggio's veracity before this Court.   Information in the Raggios' tax returns is further relevant as it will show or lead to admissible evidence that will show (1) the Raggios' ability and failure to mitigate damages; (2) whether the Raggios sold all their bitcoin at any point in time and for what amounts; and (3) Chris Raggio's possible direct involvement in the theft by revealing any entries in his tax returns as income or losses in the amount of the value of the allegedly stolen bitcoins.

      **REQUEST NO. 2:** Produce a copy of all statements for any accounts with any bank, investment or securities firms, credit unions, brokerage firms, online locations such as PayPal, or other financial institutions holding stocks, mutual funds, United States Dollars, foreign currency, or other monetary assets owned by either Plaintiff from December 1, 2010 through the filing of this suit, including Account No. ███████ with ███████████.

**RESPONSE TO NO. 2:** Objection, this request is not designed to obtain information reasonably calculated to lead to the discovery of relevant evidence pertaining to the claims and defenses of any party. Plaintiff further objects in that this interrogatory is made to cause annoyance, embarrassment, oppression and undue burden or expense to the Plaintiff.

**DEFENDANTS' OBJECTION TO RESPONSE TO NO. 2:**   The requested information is relevant to the claims and defenses, and is not objectionable.   The information includes records of the very bank account the Raggios used to transfer money to purchase bitcoins via the MTGOX exchange, and to withdraw U.S. Dollars from the exchange.   The requested information is relevant to McCaleb's defenses, including the Raggios' financial ability to mitigate damages by purchasing substitute bitcoins at the time of McCaleb's alleged breaches and torts, and/or at the time the Raggios allege they discovered McCaleb's conduct giving rise to their claims.   The information is also relevant to McCaleb's defense regarding the Raggios' unclean hands.   The information is further relevant to C. Raggio's claims of the loss of investments, as well as his credibility and propensity to respond truthfully before this Court. Defendants have been informed that C. Raggio may have purchased bitcoin in order to hide assets from two other Courts and the IRS to avoid paying child support or taxes.   Such misrepresentations to other Courts and the IRS are extremely relevant to whether any actual theft of bitcoin occurred, and C. Raggio's veracity before this Court.   This request is not intended to cause annoyance or undue burden, but is specifically limited to the time frame relevant to the Raggios' claims.   The information is relevant and discoverable under Rule 26 of the Mississippi Rules of Civil Procedure.

**PLAINTIFFS' RESPONSE TO THE DISPUTE ON NO. 2:** The Plaintiffs stand by their objections which are wholly proper. The Defendants are seeking confidential financial information that is not germane to this matter. As the evidence shows, there is no basis to support any allegations of unclean hands regarding Chris Raggio, the allegation that Chris Raggio or Donald Raggio may have invented the theft of the bitcoins, or malfeasance on the behalf of the Raggios. Furthermore, the Raggios' financial holdings are irrelevant to the matter and are not subject to discovery under the Mississippi Rules of Civil Procedure.

**DEFENDANTS' ARGUMENT TO COMPEL NO. 2:** The information includes records of the very bank account the Raggios used to transfer money to purchase bitcoins via the MTGOX exchange, and to withdraw U.S. Dollars from the exchange.   The requested information is relevant to McCaleb's defenses, including the Raggios' financial ability to mitigate damages by purchasing substitute bitcoins at the time of McCaleb's alleged breaches and torts, and/or at the time the Raggios allege they discovered McCaleb's conduct giving rise to their claims.     The information is also relevant to McCaleb's defense regarding the Raggios' claims of the loss of investments, as well as Chris Raggio's credibility and propensity to respond truthfully before this Court.   It is relevant to McCaleb's defenses regarding Chris Raggios' unclean hands as he personally informed McCaleb that he purchased bitcoins as a means to hide assets from his ex-wife during a divorce, thus showing he had no hesitation lying to the divorce court in his effort to keep funds.   Defendants have been informed that Chris Raggio may have made misrepresentations in documents filed with two other Courts by purchasing bitcoin and

failing to list bitcoin as assets to avoid paying child support.   The requested financial
information, together with the tax returns and bitcoin information will show whether Chris
Raggio was truthful in filings with the IRS.   Misrepresentations to other Courts and possibly the
IRS are extremely relevant to whether any actual theft of bitcoin occurred, and Chris Raggio's
veracity before this Court.      Such misrepresentations to other Courts and possibly the IRS are
extremely relevant to whether any actual theft of bitcoin occurred.   The information is further
relevant to show whether the Raggios sold all their bitcoin at any point in time showing they
would not have held these particular bitcoins beyond a certain value/date, and Chris Raggio's
possible direct involvement in the theft if he moved coins or funds to any other financial
institutions while informing his father the bitcoins or funds were stolen.

     **REQUEST NO. 3:** Produce a copy of all statements, screenshots, or other
documentation which show the monthly contents and/or origin of incoming deposits or purchases
from December 1, 2010 through the filing of this suit, for any accounts, wallets, or other location
where either Plaintiff has stored, held, owned, purchased, or traded any type of digital currencies,
including but not limited to E-gold, Liberty Reserve, bitcoin, altcoin, mastercoin, peercoin,
darkcoin, litecoin, zetacoin, feathercoin, ethereum, digitalcoin, counterparty, novacoin, dogecoin,
or primecoin.

     **RESPONSE TO NO. 3:** Objection, this request is not designed to obtain information
reasonably calculated to lead to the discovery of relevant evidence pertaining to the claims and
defenses of any party. Plaintiff further objects in that this interrogatory is made to cause
annoyance, embarrassment, oppression and undue burden or expense to the Plaintiff. Without
waving the aforesaid objections please see RAGGIO 00070-00087, which has previously been
produced.

     **DEFENDANTS' OBJECTION TO RESPONSE TO NO. 3**:   The requested
information is relevant to McCaleb's defenses in this suit, including but not limited to, the
Raggios' financial ability to mitigate damages by purchasing substitute bitcoins or other virtual
currency at the time of McCaleb's alleged breaches and torts, and/or at the time the Raggios
allege they discovered McCaleb's conduct giving rise to their claims, as well as the Raggios'
speculating on the value of bitcoins over time, which is pertinent to their apparent position that
they would have held and not sold any of the allegedly stolen bitcoins until the moment when the
price of bitcoins reached its all-time high.   It is also relevant to McCaleb's defense of unclean
hands. The information is further relevant to C. Raggio's claims of the loss of investments, as
well as his credibility.   Defendants have been informed that C. Raggio may have purchased
bitcoin in order to hide assets from two other Courts and the IRS to avoid paying child support or
taxes.   Such misrepresentations to other Courts and the IRS are extremely relevant to whether
any actual theft of bitcoin occurred, and C. Raggio's veracity.   Information regarding other
types of currencies and the contents of any accounts or wallets at certain times could show
transfers in amounts allegedly removed from the Raggios' MTGOX account, showing that C.
Raggio was actually responsible for the alleged theft in order to hide assets in other accounts
from his father while still maintaining said assets were stolen.   This request is clearly not
intended to cause annoyance or undue burden, as it is specifically limited to the time frame

relevant to the Raggios' claims.   The information is relevant and discoverable under Rule 26 of the Mississippi Rules of Civil Procedure.

**PLAINTIFFS' RESPONSE TO THE DISPUTE ON NO. 3:**       The Plaintiffs stand by their objections which are wholly proper. The Defendants are seeking confidential financial information that is not germane to this matter. As the evidence shows, there is no basis to support any allegations of unclean hands regarding Chris Raggio, the allegation that Chris Raggio or Donald Raggio may have invented the theft of the bitcoins, or malfeasance on the behalf of the Raggios. Furthermore, the Raggio's financial holdings are irrelevant to the matter and are not subject to discovery under the Mississippi Rules of Civil Procedure.

**DEFENDANTS' ARGUMENT TO COMPEL NO 3:** Plaintiffs' objections are improper.   Plaintiffs have asserted that McCaleb converted ("stole") 9,400 bitcoin either directly from their account while acting as someone else, or from an account McCaleb froze based on the Raggios' belief their bitcoins were contained in that account.   Chris Raggio informed McCaleb of the alleged theft on January 9, 2011, and there is no dispute that the Raggios did not lose any other bitcoins or currency through MTGOX.   However, Chris Raggio did personally inform McCaleb that he purchased bitcoins as a means to hide assets from his ex-wife during a divorce, thus showing he had no hesitation lying to the divorce court in his effort to keep funds.   Additional facts have been discovered which support that Chris Raggio had the monetary motive and computer skills to remove the bitcoins from the account.   Thus, the information regarding other accounts held with other financial institutions is unquestionably relevant to McCaleb defenses in this case, including (1) the Raggios' ability and failure to mitigate damages at different points in time since January 9, 2011; (2) whether the Raggios sold all their bitcoin at any point in time showing they would not have held these particular bitcoins beyond a certain value/date; (3) Chris Raggio's unclean hands in hiding assets from an ex-wife and two Courts regarding child support obligations while now asking this Court for equitable relief; and (4) Chris Raggio's possible direct involvement in the theft if he moved coins to any other financial institutions while informing his father the bitcoins were stolen.

**Chris Raggio's Responses to Defendants' Third Set of Interrogatories:**

**INTERROGATORY NO. 4**: For every purchase or sale of bitcoins you have made, identify (a) the date and time of the transaction, (b) whether the transaction was a purchase or sale by you, (c) the number of bitcoins purchased or sold, (d) the price and currency of the transaction, (e) the bitcoin address you used, (f) the bitcoin address of the counterparty, (g) whether the bitcoins belonged to Chris or Don Raggio, and (h) the service that provided the bitcoin wallet used for the transaction.

**RESPONSE NO. 4:** Objection, this interrogatory is not designed to obtain information reasonably calculated to lead to the discovery of relevant evidence pertaining to the claims and defenses of any party. Plaintiff further objects in that this interrogatory is made to cause annoyance, embarrassment, oppression and undue burden or expense to the Plaintiff. Without waving the aforesaid objection please see RAGGIO 00070-00087.

10

**DEFENDANTS' OBJECTION TO RESPONSE TO NO. 4**: The Raggios have produced only information regarding their MTGOX account.[3]   Yet, information regarding other bitcoin purchases is highly relevant to McCaleb's defenses, as it reveals other users with whom Chris and/or Don Raggio dealt with directly in connection with bitcoins.   The requested information is also relevant to the Raggios' ability and knowledge regarding mitigating damages by purchasing substitute bitcoins at the time of McCaleb's alleged breaches and torts, and/or at the time the Raggios allege they discovered McCaleb's conduct giving rise to their claims, as well as the Raggios' speculating on the value of bitcoins over time, which is pertinent to their apparent position that they would have held and not sold any of the allegedly stolen bitcoins until the moment when the price of bitcoins reached its all-time high.   The information is further relevant to McCaleb's defense of unclean hands on the part of Chris Raggio regarding the investing in cryptocurrencies as a method to hide assets from the Courts and spouse in a divorce proceeding and child support proceedings, and the issue of whether Chris Raggio invented the alleged thief as a way to obtain and keep his father's initial investment and/or his own investments while claiming such investments were stolen.   The requested information may provide evidence of malfeasance by Chris Raggio in transferring bitcoins to others or to himself while posing as other individuals, and reveal the claim of theft to be a purposeful cover-up to obtain the funds for his own use.   The information will also show if, and at what price, the Raggios ever sold any bitcoins.   The information requested is not intended to cause annoyance or undue burden, and is in fact limited to the time frame at issue based on the Plaintiffs' own claims.   Such information is absolutely proper under Mississippi Rules of Civil Procedure and should be divulged.

**PLAINTIFFS' RESPONSE TO THE DISPUTE ON NO. 4:**   The Plaintiffs stand by their objections which are wholly proper. The Defendants are seeking confidential financial information that is not germane to this matter. As the evidence shows, there is no basis to support any allegations of unclean hands regarding Chris Raggio, the allegation that Chris Raggio or Donald Raggio may have invented the theft of the bitcoins, or malfeasance on the behalf of the Raggios. Furthermore, the Raggio's cryptocurrency holdings are irrelevant to the matter and are not subject to discovery under the Mississippi Rules of Civil Procedure.

**DEFENDANTS' ARGUMENT TO COMPEL NO. 4:** The Raggios have produced only information regarding their MTGOX account.[4]   Yet, information regarding other bitcoin purchases is highly relevant to McCaleb's defenses, as it reveals other users with whom Chris and/or Don Raggio dealt with directly in connection with bitcoins.   This information is critical as the alleged "thief" accessed the account knowing the Raggios' username and password.   The requested information may also provide evidence of malfeasance by Chris Raggio in transferring bitcoins to others or to himself while posing as other individuals, and reveal the claim of theft to be a purposeful cover-up to obtain the funds for his own use.   The information will also show if, and at what price, the Raggios ever sold any bitcoins.   The information is also relevant to McCaleb defenses including (1) the Raggios' ability and failure to mitigate damages at different points in time since January 9, 2011; and (2) whether the Raggios sold all their bitcoin at any

---

3  The documents referenced, RAGGIO 00070 – 87, only discuss MTGOX accounts.
4  The documents referenced, RAGGIO 00070 – 87, only discuss MTGOX accounts.

point in time showing they would not have held these particular bitcoins beyond a certain value/date.

      7.     Counsel certify they have conferred in a good faith attempt to settle this discovery dispute without the necessity of filing this motion.

      8.     McCaleb attaches the following exhibits in support of this motion:

      a.     Exhibit A -    Defendants' First Set of Interrogatories

      b.     Exhibit B -    Chris Raggio's Responses to the First Set of Interrogatories

      c.     Exhibit C -    Defendants' Second Set of Interrogatories

      d.     Exhibit D -    Chris and Donald Raggios' Responses to Defendants' Second Set of Interrogatories

      e.     Exhibit E -    Defendants' Third Requests for Production

      f.     Exhibit F -    Chris Raggios' Responses to Defendants' Third Requests for Production

      g.     Exhibit G -    Defendants' Third Set of Interrogatories

      h.     Exhibit H -    Chris Raggios' Responses to Defendants' Third Set of Interrogatories

      i.     Exhibit I -    Defendants' Good Faith Letter of June 19, 2017;

      j.     Exhibit J -    Plaintiffs' Response to the Good Faith Letter, dated July 7, 2017

      k.     Exhibit K -    Good Faith Certificate

      WHEREFORE, McCaleb requests an Order instructing the Plaintiffs to respond to the Defendants' discovery requests fully, completely, with all responsive information and documents and awarding McCaleb his costs and attorneys' fees incurred in bringing this motion.   McCaleb prays for such other relief as this Court finds proper under the circumstances.

Respectfully submitted, this the 17th day of July, 2017.

**CODE COLLECTIVE, LLC, and
JED McCALEB, individually and formerly
doing business as MTGOX, a sole proprietorship**

By:    */s/Mandie B. Robinson*
           EDWIN S. GAULT, JR., MSB #10187
           MANDIE B. ROBINSON, MSB #100446

OF COUNSEL:

FORMAN WATKINS & KRUTZ LLP
210 East Capitol Street, Suite 2200
Jackson, Mississippi 39201-2375
Post Office Box 22608
Jackson, MS   39225-2608
Telephone:   (601) 960-8600
Facsimile:   (601) 960-8613
win.gault@formanwatkins.com
mandie.robinson@formanwatkins.com

ETHAN JACOBS
HOLLAND LAW, LLP
220 Montgomery Street, Suite 800
San Francisco, California 94104
Telephone: (415) 200-4984
ejacobs@hollandlawllp.com

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing document via email on the following:

> Mitchell H. Tyner, Sr.
> Charles Brad Martin
> TYNER, GOZA, STACEY & MARTIN, LLC
> 114 West Center Street
> Canton, MS 39046
> mtyner@tynerlawfirm.com
> bmartin@tynerlawfirm.com

This the 17th day of July, 2017.

> /s/ Mandie B. Robinson
> MANDIE B. ROBINSON

14

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT**
**HINDS COUNTY, MISSISSIPPI**

**DR. DONALD RAGGIO**
**DR. CHRIS RAGGIO**                                                    **PLAINTIFFS**

**VS.**                                              **CAUSE NO. 14-CV-00071-TTG**

**MTGOX, et al.**                                                      **DEFENDANTS**

### DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFFS

Code Collective, LLC ("Code Collective"), and Jed McCaleb, individually and formerly

doing business as MTGOX, a sole proprietorship, (collectively referred to as "McCaleb"),

(together, "Defendants"), hereby serves their First Set of Interrogatories to Plaintiffs as follows:

### DEFINITIONS

1.      When used herein, the terms "Plaintiff," "you," "your", or "yourself," refers to

either and both Chris Raggio and Donald Raggio, their attorneys, agents or representatives.

### INTERROGATORIES

**INTERROGATORY NO. 1**:

Identify each person, to the best of your ability, with whom you bought or sold bitcoins

through MTGOX.

**INTERROGATORY NO. 2:**

Identify any other bitcoin accounts to which you moved bitcoins which were ever held in

your MTGOX account or any wallet owned by you, including any accounts associated with

bitcoingateway.com.

**EXHIBIT A**

**INTERROGATORY NO. 3**:

Describe separately and fully all communications and conversations you held with either Jed McCaleb, Mark Karpeles, the individual referred to as "Baron," or the individual known as "Theymos."

**INTERROGATORY NO. 4**:

Describe all communications and conversations you held with anyone, other than your attorneys, regarding the stolen bitcoins which are the subject of this complaint.

**INTERROGATORY NO. 5**:

Identify any bank, investment or securities firms, credit unions, brokerage firms, online locations such as PayPal, or other financial institutions for holding stocks, mutual funds, United States Dollars, foreign currency, or other monetary assets owned by either Plaintiff from December 1, 2010 through the filing of this suit.

**INTERROGATORY NO. 6**:

Identify any accounts, wallets, or other location where either Plaintiff has stored, held, owned, purchased, or traded any type of digital currencies, including but not limited to E-gold, Liberty Reserve, bitcoin, altcoin, mastercoin, peercoin, darkcoin, litecoin, zetacoin, feathercoin, ethereum, digitalcoin, counterparty, novacoin, dogecoin, or primecoin, from December 1, 2010 through the filing of this suit.

**INTERROGATORY NO. 7**:

Describe any communications or conversations you held with any owner of any institution or business identified in response to Interrogatory Nos. 5 and 6, in which said owner informed you of any intent to sell any ownership interest he/she held in such business.

**EXHIBIT A**

**INTERROGATORY NO. 8**:

Identify all civil, criminal, chancery, or administrative actions in which you have been involved as a litigant by style, parties, cause number, and the result of each hearing or trial, as well as each person or entity against whom you have made a claim or complaint during the last ten (10) years, or has made a claim against you during the last ten (10) years, including but not limited to, the nature of the claim and whether it was settled or whether a jury verdict was rendered.

**INTERROGATORY NO. 9**:

Identify each and every person whom you believe has knowledge of any discoverable matter relevant to the issues raised by the claims or defenses of any party to this action.

**INTERROGATORY NO. 10**:

Identify each person whom you expect to call as a witness at the trial of this matter.

**INTERROGATORY NO. 11**:

Identify each document, including exhibits or charts that support your claims in this case or which you intend to introduce in evidence or utilize for impeachment or other purposes at the trial of this action.

**INTERROGATORY NO. 12**:

Identify each person whom you expect to call as an expert witness at the trial of this matter, and for each such person identified, provide the following information:

     a.       Qualifications of the expert;

     b.       Subject matter on which the expert is expected to testify;

     c.       Substance of the facts and opinions to which the expert is expected to testify;

     d.       Summary of grounds of each opinion of such expert; and

**EXHIBIT A**

e.      Identify any documents reviewed and/or relied upon by such expert.

Respectfully submitted, this the 25th day of April, 2017.

**CODE COLLECTIVE, LLC, and
JED McCALEB, individually and formerly
doing business as MTGOX, a sole proprietorship**


By:      */s/Mandie B. Robinson*_____
          EDWIN S. GAULT, JR., MSB #10187
          MANDIE B. ROBINSON, MSB #100446


OF COUNSEL:


FORMAN WATKINS & KRUTZ LLP
200 South Lamar Street, Ste. 100
Jackson, MS    39201-4099
Post Office Box 22608
Jackson, MS    39225-2608
Telephone:    (601) 960-8600
Facsimile:    (601) 960-8613
win.gault@formanwatkins.com
mandie.robinson@formanwatkins.com


ETHAN JACOBS
HOLLAND LAW, LLP
220 Montgomery Street, Suite 800
San Francisco, California 94104
Telephone: (415) 200-4984
ejacobs@hollandlawllp.com

4

**EXHIBIT A**

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing document via email on the following:

        Mitchell H. Tyner, Sr.
        Charles Brad Martin
        TYNER, GOZA, STACEY & MARTIN, LLC
        114 West Center Street
        Canton, MS 39046
        mtyner@tynerlawfirm.com
        bmartin@tynerlawfirm.com

This the 25th day of April, 2017.

                        */s/ Mandie B. Robinson*
                        MANDIE B. ROBINSON

**EXHIBIT A**

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
## HINDS COUNTY, MISSISSIPPI

**DR. DONALD RAGGIO**
**DR. CHRIS RAGGIO**                                                        **PLAINTIFFS**

**VS.**                                                       **CAUSE NO. 14-CV-00071-TTG**

**MTGOX, et al.**                                                          **DEFENDANTS**

### CHRIS RAGGIO'S RESPONSES TO
### DEFENDANTS' FIRST SET OF INTERROGATORIES

COMES NOW Dr. Chris Raggio, plaintiff, by and through counsel, in the above styled and numbered cause, by and through counsel, and files this his Responses to Defendants' First of Interrogatories, as follows:

### GENERAL OBJECTIONS AND QUALIFICATIONS

These responses are made on the basis of information presently available to the Plaintiff, Dr. Chris Raggio, upon his information and belief. As discovery in this case is incomplete, there may be further facts that develop which may affect the Plaintiff's responses which the Plaintiff is presently unaware despite due diligence. The Plaintiff reserves the right to modify or supplement his responses with such relevant information as he may subsequently discover. As such, his responses are made without prejudice to him using or relying at trial on information herein omitted through a good faith oversight, error or mistake, though subsequently discovered.

Subject to these general qualifications, specific objections and responses are set out below:

**INTERROGATORY NO. 1**: Identify each person, to the best of your ability, with whom you bought or sold bitcoins through MTGOX.

**RESPONSE:** To the best of my knowledge, all bitcoins were purchased from Jed McCaleb.

**EXHIBIT B**

**INTERROGATORY NO. 2:** Identify any other bitcoin accounts to which you moved bitcoins which were ever held in your MTGOX account or any wallet owned by you, including any accounts associated with bitcoingateway.com.

**RESPONSE:** Objection, this request is not designed to obtain information reasonably calculated to lead to the discovery of relevant evidence pertaining to the claims and defenses of any party. Plaintiff further objects in that this interrogatory is made to cause annoyance, embarrassment, oppression and undue burden or expense to the Plaintiff.

**INTERROGATORY NO. 3:** Describe separately and fully all communications and conversations you held with either Jed McCaleb, Mark Karpeles, the individual referred to as "Baron," or the individual known as "Theymos."

**RESPONSE:** I spoke with Jed McCaleb via telephone in December of 2010 about funding an account on MTGOX. I also spoke to Jed McCaleb in January of 2011 regarding the theft of the bitcoin from the MTGOX account. I spoke to Jed McCaleb, in person, during a bitcoin conference in 2011. I also spoke to Jed McCaleb during other times in 2011, but I do not recall specific dates. The last time I spoke to Jed McCaleb was in approximately May of 2016 when he wished to speak to me. At that time, he inquired as to why I was suing him and threatened to blackmail me should I pursue this matter.

I have never had a telephone conversation with Mark Karpeles, "Baron" or "Theymos".

Please see the Plaintiffs' previously produced documents, as well as those produced by the Defendants, regarding email communications with Jed McCaleb, Mark Karpeles and Theymos. I never communicated with Baron.

**INTERROGATORY NO. 4**: Describe all communications and conversations you held with anyone, other than your attorneys, regarding the stolen bitcoins which are the subject of this complaint.

**EXHIBIT B**

**RESPONSE:**  Other than my father, Donald Raggio, I have only communicated with Mark Karpeles, Jed McCaleb and 'Theymos' regarding the stolen bitcoin.  The details of my communications with them are provided in my Response to Interrogatory No. 3.

**INTERROGATORY NO. 5:**   Identify any bank, investment or securities firms, credit unions, brokerage firms, online locations such as PayPal, or other financial institutions for holding stocks, mutual funds, United States Dollars, foreign currency, or other monetary assets owned by either Plaintiff from December 1, 2010 through the filing of this suit.

**RESPONSE:** Objection, this request is not designed to obtain information reasonably calculated to lead to the discovery of relevant evidence pertaining to the claims and defenses of any party.  Plaintiff further objects in that this interrogatory is made to cause annoyance, embarrassment, oppression and undue burden or expense to the Plaintiff.

**INTERROGATORY NO. 6**: Identify any accounts, wallets, or other location where either Plaintiff has stored, held, owned, purchased, or traded any type of digital currencies, including but not limited to E-gold, Liberty Reserve, bitcoin, altcoin, mastercoin, peercoin, darkcoin, litecoin, zetacoin, feathercoin, ethereum, digitalcoin, counterparty, novacoin, dogecoin, or primecoin, from December 1, 2010 through the filing of this suit.

**RESPONSE:** Objection, this request is not designed to obtain information reasonably calculated to lead to the discovery of relevant evidence pertaining to the claims and defenses of any party.  Plaintiff further objects in that this interrogatory is made to cause annoyance, embarrassment, oppression and undue burden or expense to the Plaintiff.

**INTERROGATORY NO. 7**: Describe any communications or conversations you held with any owner of any institution or business identified in response to Interrogatory Nos. 5 and 6, in which said owner informed you of any intent to sell any ownership interest he/she held in such business.

**EXHIBIT B**

**RESPONSE:** I found out that Jed McCaleb was selling MTGOX in March of 2011.  I asked Jed McCaleb about this in a March 6, 2011 email to which he responded to on March 7, 2011.

**INTERROGATORY NO. 8**: Identify all civil, criminal, chancery, or administrative actions in which you have been involved as a litigant by style, parties, cause number, and the result of each hearing or trial, as well as each person or entity against whom you have made a claim or complaint during the last ten (10) years, or has made a claim against you during the last ten (10) years, including but not limited to, the nature of the claim and whether it was settled or whether a jury verdict was rendered.

**RESPONSE:** a) ███████ v. Raggio, In the ██████████████████ ██████████   The parties ████████████ and myself.  This was a child support matter. b) Raggio v. Raggio, In the Fourth Circuit Court for Davidson County, TN, No. 10D-3030.  The parties were Leslie Smith Raggio and myself.  This was a divorce matter.  c) Raggio vs. Shackelford, et. al, In the Chancery Court of the First Judicial District of Hinds County, No. 25CH1:13-CV-001926.  The parties were Karen Shackelford and myself.  This was a matter requesting an injunction regarding derogatory comments and internet postings made by Karen Shackelford about myself.

**INTERROGATORY NO. 9**: Identify each and every person whom you believe has knowledge of any discoverable matter relevant to the issues raised by the claims or defenses of any party to this action.

**RESPONSE:** To the best of my knowledge I answer: myself, Donald Raggio, Jed McCaleb, Mark Karpeles, the individual known as "Theymos", and the individual known as "Baron."

**INTERROGATORY NO. 10**:   Identify each person whom you expect to call as a witness at the trial of this matter.

**EXHIBIT B**

**RESPONSE:** Undetermined at this time, but I anticipate testifying and calling Donald Raggio and Jed McCaleb.

**INTERROGATORY NO. 11:**    Identify each document, including exhibits or charts that support your claims in this case or which you intend to introduce in evidence or utilize for impeachment or other purposes at the trial of this action.

**RESPONSE:** Undetermined at this time.  This response will be seasonally supplemented.

**INTERROGATORY NO. 12:**    Identify each person whom you expect to call as an expert witness at the trial of this matter, and for each such person identified, provide the following information:

a.        Qualifications of the expert;

b.        Subject matter on which the expert is expected to testify;

c.        Substance of the facts and opinions to which the expert is expected to testify;

d.        Summary of grounds of each opinion of such expert; and

e.        Identify any documents reviewed and/or relied upon by such expert.

**RESPONSE:** Undetermined at this time.  This response will be seasonally supplemented.

RESPECTFULLY SUBMITTED, this the 12th day of June, 2017.

**DR. CHRIS RAGGIO**

s/Charles "Brad" Martin
CHARLES "BRAD" MARTIN, MSB# 100767

OF COUNSEL:
MITCHELL H. TYNER, SR., MSB# 8169
CHARLES "BRAD" MARTIN, MSB# 100767
**TYNER, GOZA, STACEY & MARTIN, LLC**
114 West Center Street
Canton, MS 39046
Phone: 601-401-1111
Fax: 601-957-6554

**EXHIBIT B**

<u>**CERTIFICATE OF SERVICE**</u>

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via email on the following:

Edwin S. Gault, Jr., Esq.
Mandie B. Robinson, Esq.
Forman Watkins & Krutz LLP
200 South Lamar Street, Suite 100
Jackson, Mississippi 39201-4099

Ethan Jacobs, Esq.
Holland Law, LLP
220 Montgomery Street, Suite 800
San Francisco, California 94104

Respectfully submitted, this the 12th day of June, 2017.

s/ Charles B. Martin
CHARLES "BRAD" MARTIN, MSB# 100767

**EXHIBIT B**

**STATE OF MISSISSIPPI**
**COUNTY OF MADISON**

      PERSONALLY came and appeared before me, the undersigned authority in and for the

County and State aforesaid, the within named, Chris Raggio, after being by me first duly sworn,

states upon his oath that the above and foregoing, Responses to Defendants' First Set of

Interrogatories are true and correct to the best of his knowledge based upon information available

to him and to his own personal knowledge and belief.

                                        _____
                                        CHRIS RAGGIO

SWORN TO AND SUBSCRIBED before on this the _____ day of June, 2017.

                                        _____
                                        NOTARY PUBLIC

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 77113
TINA MARIE PENSON
Commission Expires
April 11, 2020
RANKIN COUNTY

**EXHIBIT B**

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
HINDS COUNTY, MISSISSIPPI**

DR. DONALD RAGGIO
DR. CHRIS RAGGIO                                                    **PLAINTIFFS**

VS.                                                    **CAUSE NO. 14-CV-00071-TTG**

MTGOX, et al.                                                    **DEFENDANTS**

<u>**DEFENDANTS' SECOND SET OF INTERROGATORIES TO PLAINTIFFS**</u>

Code Collective, LLC ("Code Collective"), and Jed McCaleb, individually and formerly

doing business as MTGOX, a sole proprietorship, (collectively referred to as "McCaleb"),

(together, "Defendants"), hereby serves their Second Set of Interrogatories to Plaintiffs as

follows:

<u>**DEFINITIONS**</u>

1.      When used herein, the terms "Plaintiff," "you," "your", or "yourself," refers to

either and both Chris Raggio and Donald Raggio, their attorneys, agents or representatives.

<u>**INTERROGATORIES**</u>

<u>**INTERROGATORY NO. 1**</u>:

Identify any and all facts upon which you based your contention that "these Defendants

converted" your bitcoins.

<u>**INTERROGATORY NO. 2:**</u>

Identify any and all facts upon which you based your contention these Defendants

"conspired with the other Defendants in this matter to deprive the Doctors of their bitcoins."

**EXHIBIT C**

Respectfully submitted, this the 5th day of May, 2017.

**CODE COLLECTIVE, LLC, and**
**JED McCALEB, individually and formerly**
**doing business as MTGOX, a sole proprietorship**

By:    */s/Mandie B. Robinson*_____
         EDWIN S. GAULT, JR., MSB #10187
         MANDIE B. ROBINSON, MSB #100446


OF COUNSEL:

FORMAN WATKINS & KRUTZ LLP
200 South Lamar Street, Ste. 100
Jackson, MS   39201-4099
Post Office Box 22608
Jackson, MS   39225-2608
Telephone:   (601) 960-8600
Facsimile:   (601) 960-8613
win.gault@formanwatkins.com
mandie.robinson@formanwatkins.com

ETHAN JACOBS
HOLLAND LAW, LLP
220 Montgomery Street, Suite 800
San Francisco, California 94104
Telephone: (415) 200-4984
ejacobs@hollandlawllp.com

**EXHIBIT C**

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing document via email on the following:

> Mitchell H. Tyner, Sr.
> Charles Brad Martin
> TYNER, GOZA, STACEY & MARTIN, LLC
> 114 West Center Street
> Canton, MS 39046
> mtyner@tynerlawfirm.com
> bmartin@tynerlawfirm.com

This the 5th day of May, 2017.

*/s/ Mandie B. Robinson*
MANDIE B. ROBINSON

**EXHIBIT C**

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
HINDS COUNTY, MISSISSIPPI**

**DR. DONALD RAGGIO**
**DR. CHRIS RAGGIO**                                          **PLAINTIFFS**

**VS.**                                              **CAUSE NO. 14-CV-00071-TTG**

**MTGOX, et al.**                                              **DEFENDANTS**

**DONALD RAGGIO'S RESPONSES TO
DEFENDANTS' SECOND SET OF INTERROGATORIES**

COMES NOW Dr. Donald Raggio, plaintiff, by and through counsel, in the above styled

and numbered cause, by and through counsel, and files this his Responses to Defendants' Second

Set of Interrogatories, as follows:

**GENERAL OBJECTIONS AND QUALIFICATIONS**

These responses are made on the basis of information presently available to the Plaintiff,

Dr. Donald Raggio, upon his information and belief.  As discovery in this case is incomplete, there

may be further facts that develop which may affect the Plaintiff's responses which the Plaintiff is

presently unaware despite due diligence.  The Plaintiff reserves the right to modify or supplement

his responses with such relevant information as he may subsequently discover.  As such, his

responses are made without prejudice to him using or relying at trial on information herein omitted

through a good faith oversight, error or mistake, though subsequently discovered.

Subject to these general qualifications, specific objections and responses are set out below:

**INTERROGATORY NO. 1**:    Identify any and all facts upon which you based your

contention that "these Defendants converted" your bitcoins.

**RESPONSE:**  The Raggios object to this Interrogatory to the extent that it calls for legal

conclusions or opinions. Without waiving this objection and upon information and belief, the

**EXHIBIT D**

Plaintiff responds as follows: The sale of an 88% interest in MTGOX to Mark Karpeles was a conspiracy to cover up that MTGOX was insolvent and that Defendant McCaleb had been converting assets.  MTGOX had sustained substantial losses of bitcoins and fiat currency from MTGOX account holders.  MTGOX did not have adequate reserves of either fiat currency or bitcoins to make up for these losses to their customers.  To perfect this cover up, Defendant McCaleb sought and found an unsophisticated foreigner, Mark Karpeles, to acquire a majority interest in the MTGOX exchange.  During negotiations with Mark Karpeles, Defendant McCaleb admitted MTGOX was operating as a fractional reserve exchange and a Ponzi scheme.  Defendant McCaleb instructed Mark Karpeles on how to hide these facts from MTGOX accountholders, including the Raggios.  Defendant McCaleb instructed and conspired with Karpeles to let the losses "ride" to prevent MTGOX account holders from finding out the truth that MTGOX was insolvent and would not be able to pay out should most or all of its customers claim the fiat currency and bitcoins entrusted to Defendant McCaleb and MTGOX.

Defendant McCaleb commingled the Raggios' and MTGOX account holders' fiat currency and bitcoins with his own personal bank account and bitcoin wallet making it impossible to determine which amounts were personal and which amounts belonged to MTGOX account holders.  Defendant McCaleb converted some or all of the Raggios' and account holders' funds for operating expenses at MTGOX and for his own personal benefit.  Upon the sale of a majority interest to Mark Karpeles, Defendant McCaleb used portions or all of the embezzled and converted cash and bitcoin of the Raggios and other MTGOX account holders to fund his new ventures, Open Coin, Ripple, Stellar and Light Year with the knowledge of Mark Karpeles.

Additionally, Defendant McCaleb hid from the Raggios that Mark Karpeles was incompetent to run MTGOX.  Defendant McCaleb had requested that Mark Karpeles step down

**EXHIBIT D**

as CEO of MTGOX, yet never informed any of the MTGOX account holders of his concern. Instead Jed McCaleb allowed Mark Karpeles to continue to act incompetently and lied to the Raggios that Mark Karpeles was doing everything" by the book" when it came to returning the Raggios' bitcoins while all the while the Defendants wrongfully possessed the Raggios' bitcoin with no intention of ever returning the bitcoin to their rightful owners.

In that discovery is ongoing, this response will be seasonably supplemented.

**INTERROGATORY NO. 2:**  Identify any and all facts upon which you based your contention these Defendants "conspired with the other Defendants in this matter to deprive the Doctors of their bitcoins."

**RESPONSE:**  See Objection and Response to Interrogatory No. 1 above.

RESPECTFULLY SUBMITTED, this the 14th day of June, 2017.

**DR. DONALD RAGGIO**

s/Charles "Brad" Martin
CHARLES "BRAD" MARTIN, MSB# 100767

OF COUNSEL:
MITCHELL H. TYNER, SR., MSB# 8169
CHARLES "BRAD" MARTIN, MSB# 100767
**TYNER, GOZA, STACEY & MARTIN, LLC**
114 West Center Street
Canton, MS 39046
Phone: 601-401-1111
Fax: 601-957-6554

**EXHIBIT D**

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via email on the following:

Edwin S. Gault, Jr., Esq.
Mandie B. Robinson, Esq.
Forman Watkins & Krutz LLP
200 South Lamar Street, Suite 100
Jackson, Mississippi 39201-4099

Ethan Jacobs, Esq.
Holland Law, LLP
220 Montgomery Street, Suite 800
San Francisco, California 94104

Respectfully submitted, this the 14th day of June, 2017.

s/ Charles B. Martin
CHARLES "BRAD" MARTIN, MSB# 100767

**EXHIBIT D**

**STATE OF MISSISSIPPI**
**COUNTY OF MADISON**

PERSONALLY came and appeared before me, the undersigned authority in and for the County and State aforesaid, the within named, Donald Raggio, after being by me first duly sworn, states upon his oath that the above and foregoing, Responses to Defendants' Second Set of Interrogatories are true and correct to the best of his knowledge based upon information available to him and to his own personal knowledge and belief.

DONALD RAGGIO

SWORN TO AND SUBSCRIBED before on this the 14th day of June, 2017.

NOTARY PUBLIC

**EXHIBIT D**

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT**
**HINDS COUNTY, MISSISSIPPI**

**DR. DONALD RAGGIO**
**DR. CHRIS RAGGIO**                                                             **PLAINTIFFS**

**VS.**                                                        **CAUSE NO. 14-CV-00071-TTG**

**MTGOX, et al.**                                                            **DEFENDANTS**

<u>**CHRIS RAGGIO'S RESPONSES TO**</u>
<u>**DEFENDANTS' SECOND SET OF INTERROGATORIES**</u>

COMES NOW Dr. Chris Raggio, plaintiff, by and through counsel, in the above styled

and numbered cause, by and through counsel, and files this his Responses to Defendants' Second

Set of Interrogatories, as follows:

<u>**GENERAL OBJECTIONS AND QUALIFICATIONS**</u>

These responses are made on the basis of information presently available to the Plaintiff,

Dr. Chris Raggio, upon his information and belief.  As discovery in this case is incomplete, there

may be further facts that develop which may affect the Plaintiff's responses which the Plaintiff is

presently unaware despite due diligence.  The Plaintiff reserves the right to modify or supplement

his responses with such relevant information as he may subsequently discover.  As such, his

responses are made without prejudice to him using or relying at trial on information herein omitted

through a good faith oversight, error or mistake, though subsequently discovered.

Subject to these general qualifications, specific objections and responses are set out below:

<u>**INTERROGATORY NO. 1**</u>:      Identify any and all facts upon which you based your

contention that "these Defendants converted" your bitcoins.

<u>**RESPONSE:**</u>   The Raggios object to this Interrogatory to the extent that it calls for legal

conclusions or opinions. Without waiving this objection and upon information and belief, the



**EXHIBIT D**

Plaintiff responds as follows: The sale of an 88% interest in MTGOX to Mark Karpeles was a conspiracy to cover up that MTGOX was insolvent and that Defendant McCaleb had been converting assets.  MTGOX had sustained substantial losses of bitcoins and fiat currency from MTGOX account holders.  MTGOX did not have adequate reserves of either fiat currency or bitcoins to make up for these losses to their customers.  To perfect this cover up, Defendant McCaleb sought and found an unsophisticated foreigner, Mark Karpeles, to acquire a majority interest in the MTGOX exchange.  During negotiations with Mark Karpeles, Defendant McCaleb admitted MTGOX was operating as a fractional reserve exchange and a Ponzi scheme.  Defendant McCaleb instructed Mark Karpeles on how to hide these facts from MTGOX accountholders, including the Raggios.  Defendant McCaleb instructed and conspired with Karpeles to let the losses "ride" to prevent MTGOX account holders from finding out the truth that MTGOX was insolvent and would not be able to pay out should most or all of its customers claim the fiat currency and bitcoins entrusted to Defendant McCaleb and MTGOX.

Defendant McCaleb commingled the Raggios' and MTGOX account holders' fiat currency and bitcoins with his own personal bank account and bitcoin wallet making it impossible to determine which amounts were personal and which amounts belonged to MTGOX account holders.  Defendant McCaleb converted some or all of the Raggios' and account holders' funds for operating expenses at MTGOX and for his own personal benefit.  Upon the sale of a majority interest to Mark Karpeles, Defendant McCaleb used portions or all of the embezzled and converted cash and bitcoin of the Raggios and other MTGOX account holders to fund his new ventures, Open Coin, Ripple, Stellar and Light Year with the knowledge of Mark Karpeles.

Additionally, Defendant McCaleb hid from the Raggios that Mark Karpeles was incompetent to run MTGOX.  Defendant McCaleb had requested that Mark Karpeles step down as CEO of MTGOX, yet never informed any of the MTGOX account holders of his concern.

**EXHIBIT D**

Instead Jed McCaleb allowed Mark Karpeles to continue to act incompetently and lied to the Raggios that Mark Karpeles was doing everything" by the book" when it came to returning the Raggios' bitcoins while all the while the Defendants wrongfully possessed the Raggios' bitcoin with no intention of ever returning the bitcoin to their rightful owners.

In that discovery is ongoing, this response will be seasonably supplemented.

**INTERROGATORY NO. 2:**  Identify any and all facts upon which you based your contention these Defendants "conspired with the other Defendants in this matter to deprive the Doctors of their bitcoins."

**RESPONSE:**  See Objection and Response to Interrogatory No. 1 above.

RESPECTFULLY SUBMITTED, this the 14th day of June, 2017.

**DR. CHRIS RAGGIO**

s/Charles "Brad" Martin
CHARLES "BRAD" MARTIN, MSB# 100767

OF COUNSEL:
MITCHELL H. TYNER, SR., MSB# 8169
CHARLES "BRAD" MARTIN, MSB# 100767
**TYNER, GOZA, STACEY & MARTIN, LLC**
114 West Center Street
Canton, MS 39046
Phone: 601-401-1111
Fax: 601-957-6554

**EXHIBIT D**

**<u>CERTIFICATE OF SERVICE</u>**

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via email on the following:

Edwin S. Gault, Jr., Esq.
Mandie B. Robinson, Esq.
Forman Watkins & Krutz LLP
200 South Lamar Street, Suite 100
Jackson, Mississippi 39201-4099

Ethan Jacobs, Esq.
Holland Law, LLP
220 Montgomery Street, Suite 800
San Francisco, California 94104

Respectfully submitted, this the 14th day of June, 2017.

s/ Charles B. Martin
CHARLES "BRAD" MARTIN, MSB# 100767

**EXHIBIT D**

**STATE OF MISSISSIPPI**
**COUNTY OF MADISON**

PERSONALLY came and appeared before me, the undersigned authority in and for the

County and State aforesaid, the within named, Chris Raggio, after being by me first duly sworn,

states upon his oath that the above and foregoing, Responses to Defendants' Second Set of

Interrogatories are true and correct to the best of his knowledge based upon information available

to him and to his own personal knowledge and belief.

_____
CHRIS RAGGIO

SWORN TO AND SUBSCRIBED before on this the /4ᵗʰ day of June, 2017.

_____
NOTARY PUBLIC

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 77113
TINA MARIE PENSON
Commission Expires
April 11, 2020
RANKIN COUNTY

**EXHIBIT D**

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
## HINDS COUNTY, MISSISSIPPI

**DR. DONALD RAGGIO**
**DR. CHRIS RAGGIO**                                                 **PLAINTIFFS**

**VS.**                                              **CAUSE NO. 14-CV-00071-TTG**

**MTGOX, et al.**                                                    **DEFENDANTS**

### THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS

Code Collective, LLC ("Code Collective"), and Jed McCaleb, individually and formerly doing business as MTGOX, a sole proprietorship, (collectively referred to as "McCaleb"), (together, "Defendants"), hereby serves their Third Set of Requests for Production of Documents to Plaintiffs as follows:

### NOTES

1.       When used herein, the terms "Plaintiff," "you," "your", or "yourself," refers to either and both Chris Raggio and Donald Raggio, their attorneys, agents or representatives.

2.       Requests seek information regarding any accounts in which either Plaintiff owns an interest, whether owned separate from the other Plaintiff or jointly with any third parties.

### REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1**:

Produce any and all state and federal tax returns filed by you for the tax years 2010 through 2014.

**REQUEST NO. 2**:

Produce a copy of all statements for any accounts with any bank, investment or securities firms, credit unions, brokerage firms, online locations such as PayPal, or other financial institutions holding stocks, mutual funds, United States Dollars, foreign currency, or other

**EXHIBIT E**

monetary assets owned by either Plaintiff from December 1, 2010 through the filing of this suit, including Account No. ███████ with ███████.

**REQUEST NO. 3**:

Produce a copy of all statements, screenshots, or other documentation which show the monthly contents and/or origin of incoming deposits or purchases from December 1, 2010 through the filing of this suit, for any accounts, wallets, or other location where either Plaintiff has stored, held, owned, purchased, or traded any type of digital currencies, including but not limited to E-gold, Liberty Reserve, bitcoin, altcoin, mastercoin, peercoin, darkcoin, litecoin, zetacoin, feathercoin, ethereum, digitalcoin, counterparty, novacoin, dogecoin, or primecoin.

**REQUEST NO. 4**:

Produce a copy of any documentation you received which indicated that any business or institutions with which you held any assets, including any accounts responsive to Requests Nos. 2 or 3, ever provided you notice that such businesses or institutions were being sold or that the ownership of such business or institution would change.

**REQUEST NO. 5:**

Produce a copy all phone records which evidence any calls initiated by either Plaintiff, or received by either Plaintiff, to or from Jed McCaleb, Mark Karpeles, or any other persons with whom you discussed the stolen bitcoins which are the subject of the complaint, including relevant records for the accounts utilizing the numbers ███████-5100 and ███████-1602.

**REQUEST NO. 6**:

Produce a copy of any and all documents such as correspondence, emails, resumes, memoranda, reports, letters, or drafts of same transmitted to, received from and or relied upon by

2

**EXHIBIT E**

any person from whom you may elicit expert opinion testimony at the trial of this cause.

**REQUEST NO. 7**:

Produce a copy of the curriculum vitae or resume of any expert you intend to use at the trial of this matter.

**REQUEST NO. 8**:

Produce a copy of any and all documents relied upon by you, or referenced by you, in responding to interrogatories served by these Defendants.

**REQUEST NO. 9**:

Produce a copy of any and all items or documents that you may offer as evidence at the trial of this cause, or which may be used for demonstrative purposes during the trial of this cause.


Respectfully submitted, this the 25th day of April, 2017.

**CODE COLLECTIVE, LLC, and
JED McCALEB, individually and formerly
doing business as MTGOX, a sole proprietorship**

By:   */s/Mandie B. Robinson*_____
EDWIN S. GAULT, JR., MSB #10187
MANDIE B. ROBINSON, MSB #100446


OF COUNSEL:

FORMAN WATKINS & KRUTZ LLP
200 South Lamar Street, Ste. 100
Jackson, MS   39201-4099
Post Office Box 22608
Jackson, MS   39225-2608
Telephone:   (601) 960-8600
Facsimile:   (601) 960-8613
win.gault@formanwatkins.com
mandie.robinson@formanwatkins.com

**EXHIBIT E**

ETHAN JACOBS
HOLLAND LAW, LLP
220 Montgomery Street, Suite 800
San Francisco, California 94104
Telephone: (415) 200-4984
ejacobs@hollandlawllp.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing document via email on the following:

> Mitchell H. Tyner, Sr.
> Charles Brad Martin
> TYNER, GOZA, STACEY & MARTIN, LLC
> 114 West Center Street
> Canton, MS 39046
> mtyner@tynerlawfirm.com
> bmartin@tynerlawfirm.com

This the 25th day of April, 2017.

/s/ Mandie B. Robinson
MANDIE B. ROBINSON

**EXHIBIT E**

### IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
### HINDS COUNTY, MISSISSIPPI

**DR. DONALD RAGGIO**
**DR. CHRIS RAGGIO**                                                    **PLAINTIFFS**

**VS.**                                                    **CAUSE NO. 14-CV-00071-TTG**

**MTGOX, et al.**                                                    **DEFENDANTS**

### CHRIS RAGGIO'S RESPONSES TO DEFENDANTS'
### THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

COMES NOW Dr. Chris Raggio, plaintiff, by and through counsel, in the above styled and

numbered cause, by and through counsel, and files this his Responses to Defendants' Third Set of

Requests for Production of Documents, as follows:

### GENERAL OBJECTIONS AND QUALIFICATIONS

These responses are made on the basis of information presently available to the Plaintiff,

Dr. Chris Raggio, upon his information and belief. As discovery in this case is incomplete, there

may be further facts that develop which may affect the Plaintiff's responses which the Plaintiff is

presently unaware despite due diligence. The Plaintiff reserves the right to modify or supplement

his responses with such relevant information as he may subsequently discover. As such, his

responses are made without prejudice to him using or relying at trial on information herein omitted

through a good faith oversight, error or mistake, though subsequently discovered.

Subject to these general qualifications, specific objections and responses are set out below:

**REQUEST NO. 1**: Produce any and all state and federal tax returns filed by you for the

tax years 2010 through 2014.

**EXHIBIT F**

**RESPONSE:** Objection, this request is not designed to obtain information reasonably calculated to lead to the discovery of relevant evidence pertaining to the claims and defenses of any party.  Plaintiff further objects in that this interrogatory is made to cause annoyance, embarrassment, oppression and undue burden or expense to the Plaintiff.

**REQUEST NO. 2**: Produce a copy of all statements for any accounts with any bank, investment or securities firms, credit unions, brokerage firms, online locations such as PayPal, or other financial institutions holding stocks, mutual funds, United States Dollars, foreign currency, or other monetary assets owned by either Plaintiff from December 1, 2010 through the filing of this suit, including Account No. ███████ with ████████████.

**RESPONSE:** Objection, this request is not designed to obtain information reasonably calculated to lead to the discovery of relevant evidence pertaining to the claims and defenses of any party.  Plaintiff further objects in that this interrogatory is made to cause annoyance, embarrassment, oppression and undue burden or expense to the Plaintiff.

**REQUEST NO. 3**: Produce a copy of all statements, screenshots, or other documentation which show the monthly contents and/or origin of incoming deposits or purchases from December 1, 2010 through the filing of this suit, for any accounts, wallets, or other location where either Plaintiff has stored, held, owned, purchased, or traded any type of digital currencies, including but not limited to E-gold, Liberty Reserve, bitcoin, altcoin, mastercoin, peercoin, darkcoin, litecoin, zetacoin, feathercoin, ethereum, digitalcoin, counterparty, novacoin, dogecoin, or primecoin.

**RESPONSE:** Objection, this request is not designed to obtain information reasonably calculated to lead to the discovery of relevant evidence pertaining to the claims and defenses of any party.  Plaintiff further objects in that this interrogatory is made to cause annoyance,

**EXHIBIT F**

embarrassment, oppression and undue burden or expense to the Plaintiff.  Without waving the aforesaid objections please see RAGGIO 00070-00087, which has previously been produced.

**REQUEST NO. 4**: Produce a copy of any documentation you received which indicated that any business or institutions with which you held any assets, including any accounts responsive to Requests Nos. 2 or 3, ever provided you notice that such businesses or institutions were being sold or that the ownership of such business or institution would change.

**RESPONSE:**  None are known to exist other than the email communication between Chris Raggio and Jed McCaleb during March 6-7, 2011.

**REQUEST NO. 5:**  Produce a copy all phone records which evidence any calls initiated by either Plaintiff, or received by either Plaintiff, to or from Jed McCaleb, Mark Karpeles, or any other persons with whom you discussed the stolen bitcoins which are the subject of the complaint, including relevant records for the accounts utilizing the numbers ██████-5100 and ██████-1602.

**RESPONSE:**  Please see RAGGIO 00335, as attached.

**REQUEST NO. 6**:  Produce a copy of any and all documents such as correspondence, emails, resumes, memoranda, reports, letters, or drafts of same transmitted to, received from and or relied upon by any person from whom you may elicit expert opinion testimony at the trial of this cause.

**RESPONSE:**  None exist at this time.  This response will be seasonally supplemented.

**REQUEST NO. 7**: Produce a copy of the curriculum vitae or resume of any expert you intend to use at the trial of this matter.

**RESPONSE:**  None exist at this time.  This response will be seasonally supplemented.

**REQUEST NO. 8**:  Produce a copy of any and all documents relied upon by you, or referenced by you, in responding to interrogatories served by these Defendants.

3

**EXHIBIT F**

**RESPONSE:**  Please see the Plaintiffs' produced documents, as well as those produced by the Defendants.

**REQUEST NO. 9**:  Produce a copy of any and all items or documents that you may offer as evidence at the trial of this cause, or which may be used for demonstrative purposes during the trial of this cause.

**RESPONSE:**  Undetermined at this time.  This response will be seasonally supplemented.

RESPECTFULLY SUBMITTED, this the 12th day of June, 2017.

**DR. CHRIS RAGGIO**

s/Charles "Brad" Martin
CHARLES "BRAD" MARTIN, MSB# 100767

OF COUNSEL:
MITCHELL H. TYNER, SR., MSB# 8169
CHARLES "BRAD" MARTIN, MSB# 100767
**TYNER, GOZA, STACEY & MARTIN, LLC**
114 West Center Street
Canton, MS 39046
Phone: 601-401-1111
Fax: 601-957-6554

**EXHIBIT F**

<u>**CERTIFICATE OF SERVICE**</u>

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via email on the following:

Edwin S. Gault, Jr., Esq.
Mandie B. Robinson, Esq.
Forman Watkins & Krutz LLP
200 South Lamar Street, Suite 100
Jackson, Mississippi 39201-4099

Ethan Jacobs, Esq.
Holland Law, LLP
220 Montgomery Street, Suite 800
San Francisco, California 94104

Respectfully submitted, this the 12th day of June, 2017.

s/ Charles B. Martin
CHARLES "BRAD" MARTIN, MSB# 100767

**EXHIBIT F**

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
## HINDS COUNTY, MISSISSIPPI

**DR. DONALD RAGGIO**
**DR. CHRIS RAGGIO**                                                              **PLAINTIFFS**

**VS.**                                                        **CAUSE NO. 14-CV-00071-TTG**

**MTGOX, et al.**                                                                 **DEFENDANTS**

### DEFENDANTS' THIRD SET OF INTERROGATORIES
### TO PLAINTIFFS

    Code Collective, LLC and Jed McCaleb (together, "Defendants"), hereby serve their

Third Set of Interrogatories to Plaintiffs as follows:

### DEFINITIONS

    1.    When used herein, the terms "Plaintiff," "you," "your", or "yourself," refers to

either and both Chris Raggio and Donald Raggio, their attorneys, agents or representatives.

### INTERROGATORIES

**INTERROGATORY NO. 1**:

    Identify all employers and or places of employment of Chris Raggio from November 1,

2010 through the filing of this suit, including job title, dates of such employment, amount of salary,

and whether salary was directly deposited into a bank account.

**INTERROGATORY NO. 2:**

    Identify each residence where Chris Raggio lived or stayed, and the time frames at which

he lived or stayed at each residence, from June 1, 2010, through June 1, 2011.

**INTERROGATORY NO. 3**:

    Identify any public relations person or company, or other person or business you may have

retained regarding your public image or dissemination of information regarding you to the public,

between November 1, 2010 through the filing of this suit, and explaining the reason the person or

**EXHIBIT G**

business was hired, including the objectives and goals for the retention and all actions taken by you or them.

**INTERROGATORY NO. 4**:

      For every purchase or sale of bitcoins you have made, identify (a) the date and time of the transaction, (b) whether the transaction was a purchase or sale by you, (c) the number of bitcoins purchased or sold, (d) the price and currency of the transaction, (e) the bitcoin address you used, (f) the bitcoin address of the counterparty, (g) whether the bitcoins belonged to Chris or Don Raggio, and (h) the service that provided the bitcoin wallet used for the transaction.

      Respectfully submitted, this the 12th day of May, 2017.

> **CODE COLLECTIVE, LLC, and
> JED McCALEB, individually and formerly
> doing business as MTGOX, a sole proprietorship**
>
> By:     */s/Mandie B. Robinson*_____
>           EDWIN S. GAULT, JR., MSB #10187
>           MANDIE B. ROBINSON, MSB #100446

OF COUNSEL:

FORMAN WATKINS & KRUTZ LLP
200 South Lamar Street, Ste. 100
Jackson, MS   39201-4099
Post Office Box 22608
Jackson, MS   39225-2608
Telephone:   (601) 960-8600
Facsimile:   (601) 960-8613
win.gault@formanwatkins.com
mandie.robinson@formanwatkins.com

ETHAN JACOBS
HOLLAND LAW, LLP
220 Montgomery Street, Suite 800
San Francisco, California 94104
Telephone: (415) 200-4984
ejacobs@hollandlawllp.com

**EXHIBIT G**

<u>**CERTIFICATE OF SERVICE**</u>

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing document via email on the following:

>Mitchell H. Tyner, Sr.
>Charles Brad Martin
>TYNER, GOZA, STACEY & MARTIN, LLC
>114 West Center Street
>Canton, MS 39046
>mtyner@tynerlawfirm.com
>bmartin@tynerlawfirm.com

This the 12th day of May, 2017.

>>*/s/ Mandie B. Robinson*
>>MANDIE B. ROBINSON

**EXHIBIT G**

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
## HINDS COUNTY, MISSISSIPPI

**DR. DONALD RAGGIO**
**DR. CHRIS RAGGIO**                                                    **PLAINTIFFS**

**VS.**                                                    **CAUSE NO. 14-CV-00071-TTG**

**MTGOX, et al.**                                                    **DEFENDANTS**

### CHRIS RAGGIO'S RESPONSES TO
### DEFENDANTS' THIRD SET OF INTERROGATORIES

COMES NOW Dr. Chris Raggio, Plaintiff, by and through counsel, in the above styled

and numbered cause, by and through counsel, and files this his Responses to Defendants' Third

Set of Interrogatories, as follows:

### GENERAL OBJECTIONS AND QUALIFICATIONS

These responses are made on the basis of information presently available to the Plaintiff,

Dr. Chris Raggio, upon his information and belief.  As discovery in this case is incomplete, there

may be further facts that develop which may affect the Plaintiff's responses which the Plaintiff is

presently unaware despite due diligence.  The Plaintiff reserves the right to modify or supplement

his responses with such relevant information as he may subsequently discover.  As such, his

responses are made without prejudice to him using or relying at trial on information herein omitted

through a good faith oversight, error or mistake, though subsequently discovered.

Subject to these general qualifications, specific objections and responses are set out below:

**INTERROGATORY NO. 1**:   Identify all employers and or places of employment of

Chris Raggio from November 1, 2010 through the filing of this suit, including job title, dates of

such employment, amount of salary, and whether salary was directly deposited into a bank account.

**RESPONSE:**  Objection, this interrogatory is not designed to obtain information

reasonably calculated to lead to the discovery of relevant evidence pertaining to the claims and

**EXHIBIT H**

defenses of any party.   Plaintiff further objects in that this interrogatory is made to cause annoyance, embarrassment, oppression and undue burden or expense to the Plaintiff.   Without waiving the aforesaid objection, I respond from July 2010 through January 2012 I worked at the University of Mississippi Medical Center as a Resident Physician.

**INTERROGATORY NO. 2:**  Identify each residence where Chris Raggio lived or stayed, and the time frames at which he lived or stayed at each residence, from June 1, 2010, through June 1, 2011.

**RESPONSE:**  To the best of my knowledge respond, I lived at 4210 Quail Run Road, Jackson, MS during June 1, 2010 through June 1, 2011.

**INTERROGATORY NO. 3**:  Identify any public relations person or company, or other person or business you may have retained regarding your public image or dissemination of information regarding you to the public, between November 1, 2010 through the filing of this suit, and explaining the reason the person or business was hired, including the objectives and goals for the retention and all actions taken by you or them.

**RESPONSE:** Objection, this interrogatory is not designed to obtain information reasonably calculated to lead to the discovery of relevant evidence pertaining to the claims and defenses of any party.   Plaintiff further objects in that this interrogatory is made to cause annoyance, embarrassment, oppression and undue burden or expense to the Plaintiff.

**INTERROGATORY NO. 4**:  For every purchase or sale of bitcoins you have made, identify (a) the date and time of the transaction, (b) whether the transaction was a purchase or sale by you, (c) the number of bitcoins purchased or sold, (d) the price and currency of the transaction, (e) the bitcoin address you used, (f) the bitcoin address of the counterparty, (g) whether the bitcoins belonged to Chris or Don Raggio, and (h) the service that provided the bitcoin wallet used for the transaction.

**EXHIBIT H**

**RESPONSE:** Objection, this interrogatory is not designed to obtain information reasonably calculated to lead to the discovery of relevant evidence pertaining to the claims and defenses of any party. Plaintiff further objects in that this interrogatory is made to cause annoyance, embarrassment, oppression and undue burden or expense to the Plaintiff. Without waving the aforesaid objection please see RAGGIO 00070-00087.

RESPECTFULLY SUBMITTED, this the 14th day of June, 2017.

**DR. CHRIS RAGGIO**

s/Charles "Brad" Martin
CHARLES "BRAD" MARTIN, MSB# 100767

OF COUNSEL:
MITCHELL H. TYNER, SR., MSB# 8169
CHARLES "BRAD" MARTIN, MSB# 100767
**TYNER, GOZA, STACEY & MARTIN, LLC**
114 West Center Street
Canton, MS 39046
Phone: 601-401-1111
Fax: 601-957-6554

**EXHIBIT H**

<u>**CERTIFICATE OF SERVICE**</u>

      I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via email on the following:

  Edwin S. Gault, Jr., Esq.
  Mandie B. Robinson, Esq.
  Forman Watkins & Krutz LLP
  200 South Lamar Street, Suite 100
  Jackson, Mississippi 39201-4099

  Ethan Jacobs, Esq.
  Holland Law, LLP
  220 Montgomery Street, Suite 800
  San Francisco, California 94104

      Respectfully submitted, this the 14th day of June, 2017.

          s/ Charles B. Martin
           CHARLES "BRAD" MARTIN, MSB# 100767

**EXHIBIT H**

**STATE OF MISSISSIPPI**
**COUNTY OF MADISON**

PERSONALLY came and appeared before me, the undersigned authority in and for the County and State aforesaid, the within named, Chris Raggio, after being by me first duly sworn, states upon his oath that the above and foregoing, Responses to Defendants' Third Set of Interrogatories are true and correct to the best of his knowledge based upon information available to him and to his own personal knowledge and belief.

_____
CHRIS RAGGIO

SWORN TO AND SUBSCRIBED before on this the 14th day of June, 2017.

_____
NOTARY PUBLIC

**EXHIBIT H**

# FormanWatkins
## Forman Watkins & Krutz LLP

Mandie B. Robinson
mandie.robinson@formanwatkins.com
Direct Dial: 601-969-7834

June 19, 2017

VIA EMAIL:    bmartin@tynerlawfirm.com
              mtyner@tynerlawfirm.com

Brad Martin
Mitchell Tyner
TYNER, GOZA, STACEY & MARTIN, LLC
114 West Center Street
Canton, MS 39046

Re:   *Dr. Donald Raggio, et al. v. MTGOX et al.*; In the Circuit Court of the First Judicial
      District of Hinds County, Mississippi; Civil Action No. 14-CV-00071-TTG

Dear Brad and Mitch:

Thank you for Plaintiffs' responses to the Defendants' discovery request. However, we believe there are multiple deficiencies in those responses.  Please accept this as our good faith attempt to resolve this discovery dispute without the necessity of filing a motion to compel. Specifically, the Plaintiffs are in possession of, and have no reasonable objections, to the information requested in the following requests:

**Chris Raggio's Responses to Defendants' First Set of Interrogatories:**

**INTERROGATORY NO. 2**: Identify any other bitcoin accounts to which you moved bitcoins which were ever held in your MTGOX account or any wallet owned by you, including any accounts associated with bitcoingateway.com.

**RESPONSE**: Objection, this request is not designed to obtain information reasonably calculated to lead to the discovery of relevant evidence pertaining to the claims and defenses of any party. Plaintiff further objects in that this interrogatory is made to cause annoyance, embarrassment, oppression and undue burden or expense to the Plaintiff.

**DEFENDANTS' OBJECTION TO RESPONSE**: This information is highly relevant to McCaleb's defenses in this suit, including but not limited to, the Raggios' financial ability to mitigate damages by purchasing substitute bitcoins at the time of McCaleb's alleged breaches and torts, and/or at the time the Raggios allege they discovered McCaleb's conduct giving rise to their claims, as well as the Raggios' speculating on the value of bitcoins over time, which is pertinent to their apparent position that they would have held and not sold any of the

**EXHIBIT I**

June 19, 2017
Page 2

allegedly stolen bitcoins until the moment when the price of bitcoins reached its all-time high. It is also relevant to McCaleb's defense of unclean hands on the part of Chris Raggio regarding the purpose of investing in bitcoin as a method to hide assets from the Courts and a spouse in a divorce proceeding and regarding two child support cases, and the issue of whether Chris Raggio invented the alleged thief as a way to keep obtain and keep his father's initial investment and/or his own investments while claiming such investments were stolen. The requested information may provide evidence of malfeasance by Chris Raggio for these or other purposes, and reveal the claim of theft to be a purposeful cover-up. The information requested is not intended to cause annoyance or undue burden, as it is limited to accounts which ever contained bitcoins previously held in the Raggios' MTGOX account. Such information is absolutely proper under Mississippi Rules of Civil Procedure.

**INTERROGATORY NO. 5:** Identify any bank, investment or securities firms, credit unions, brokerage firms, online locations such as PayPal, or other financial institutions for holding stocks, mutual funds, United States Dollars, foreign currency, or other monetary assets owned by either Plaintiff from December 1, 2010 through the filing of this suit.

**RESPONSE:** Objection, this request is not designed to obtain information reasonably calculated to lead to the discovery of relevant evidence pertaining to the claims and defenses of any party. Plaintiff further objects in that this interrogatory is made to cause annoyance, embarrassment, oppression and undue burden or expense to the Plaintiff.

**DEFENDANTS' OBJECTION TO RESPONSE**: The requested information is highly relevant to McCaleb's defenses in this suit, including but not limited to, the Raggios' financial ability to mitigate damages by purchasing substitute bitcoins at the time of McCaleb's alleged breaches and torts, and/or at the time the Raggios allege they discovered McCaleb's conduct giving rise to their claims, as well as the Raggios' speculating on the value of bitcoins over time, which is pertinent to their apparent position that they would have held and not sold any of the allegedly stolen bitcoins until the moment when the price of bitcoins reached its all-time high. It is also relevant to McCaleb's defense of unclean hands on the part of Chris Raggio regarding the purpose of investing in bitcoin as a method to hide assets from the Courts and a spouse in a divorce proceeding and regarding two child support cases, and the issue of whether Chris Raggio invented the alleged thief as a way to keep obtain and keep his father's initial investment and/or his own investments while claiming such investments were stolen. The requested information may provide evidence of malfeasance by Chris Raggio for these or other purposes, and reveal the claim of theft to be a purposeful cover-up. The information requested is not intended to cause annoyance or undue burden, and is in fact limited to the time frame at issue based on the Raggios' own claims. Such information is absolutely proper under Mississippi Rules of Civil Procedure and should be divulged.

**INTERROGATORY NO. 6:** Identify any accounts, wallets, or other location where either Plaintiff has stored, held, owned, purchased, or traded any type of digital currencies, including but not limited to E-gold, Liberty Reserve, bitcoin, altcoin, mastercoin, peercoin, darkcoin, litecoin, zetacoin, feathercoin, ethereum, digitalcoin, counterparty, novacoin, dogecoin, or primecoin, from December 1, 2010 through the filing of this suit.

**EXHIBIT I**

June 19, 2017
Page 3

    **RESPONSE:** Objection, this request is not designed to obtain information reasonably calculated to lead to the discovery of relevant evidence pertaining to the claims and defenses of any party. Plaintiff further objects in that this interrogatory is made to cause annoyance, embarrassment, oppression and undue burden or expense to the Plaintiff.

    **DEFENDANTS' OBJECTION TO RESPONSE**: The requested information is highly relevant to McCaleb's defenses in this suit, including but not limited to, the Raggios' financial ability to mitigate damages by purchasing substitute bitcoins at the time of McCaleb's alleged breaches and torts, and/or at the time the Raggios allege they discovered McCaleb's conduct giving rise to their claims, as well as the Raggios' speculating on the value of bitcoins over time, which is pertinent to their apparent position that they would have held and not sold any of the allegedly stolen bitcoins until the moment when the price of bitcoins reached its all-time high.  It is also relevant to McCaleb's defense of unclean hands on the part of Chris Raggio regarding the purpose of investing in bitcoin as a method to hide assets from the Courts and a spouse in a divorce proceeding and regarding two child support cases, and the issue of whether Chris Raggio invented the alleged thief as a way to keep obtain and keep his father's initial investment and/or his own investments while claiming such investments were stolen.  The requested information may provide evidence of malfeasance by Chris Raggio for these or other purposes, and reveal the claim of theft to be a purposeful cover-up to obtain the funds for use to invest in other mediums.  The information requested is not intended to cause annoyance or undue burden, and is in fact limited to the time frame at issue based on the Raggios' own claims.  Such information is absolutely proper under Mississippi Rules of Civil Procedure and should be divulged.

    **<u>Chris and Donald Raggio's Responses to Defendants' Second Set of Interrogatories:</u>**

    **INTERROGATORY NO. 1:** Identify any and all facts upon which you based your contention that "these Defendants converted" your bitcoins.

    **RESPONSE:** The Raggios object to this Interrogatory to the extent that it calls for legal conclusions or opinions. Without waiving this objection and upon information and belief, the Plaintiff responds as follows: The sale of an 88% interest in MTGOX to Mark Karpeles was a conspiracy to cover up that MTGOX was insolvent and that Defendant McCaleb had been converting assets. MTGOX had sustained substantial losses of bitcoins and fiat currency from MTGOX account holders. MTGOX did not have adequate reserves of either fiat currency or bitcoins to make up for these losses to their customers. To perfect this cover up, Defendant McCaleb sought and found an unsophisticated foreigner, Mark Karpeles, to acquire a majority interest in the MTGOX exchange. During negotiations with Mark Karpeles, Defendant McCaleb admitted MTGOX was operating as a fractional reserve exchange and a Ponzi scheme. Defendant McCaleb instructed Mark Karpeles on how to hide these facts from MTGOX accountholders, including the Raggios. Defendant McCaleb instructed and conspired with Karpeles to let the losses "ride" to prevent MTGOX account holders from finding out the truth that MTGOX was insolvent and would not be able to pay out should most or all of its customers claim the fiat currency and bitcoins entrusted to Defendant McCaleb and MTGOX.

    Defendant McCaleb commingled the Raggios' and MTGOX account holders' fiat currency and bitcoins with his own personal bank account and bitcoin wallet making it impossible to

**EXHIBIT I**

June 19, 2017
Page 4

determine which amounts were personal and which amounts belonged to MTGOX account holders. Defendant McCaleb converted some or all of the Raggios' and account holders' funds for operating expenses at MTGOX and for his own personal benefit. Upon the sale of a majority interest to Mark Karpeles, Defendant McCaleb used portions or all of the embezzled and converted cash and bitcoin of the Raggios and other MTGOX account holders to fund his new ventures, Open Coin, Ripple, Stellar and Light Year with the knowledge of Mark Karpeles.

Additionally, Defendant McCaleb hid from the Raggios that Mark Karpeles was incompetent to run MTGOX. Defendant McCaleb had requested that Mark Karpeles step down as CEO of MTGOX, yet never informed any of the MTGOX account holders of his concern. Instead Jed McCaleb allowed Mark Karpeles to continue to act incompetently and lied to the Raggios that Mark Karpeles was doing everything" by the book" when it came to returning the Raggios' bitcoins while all the while the Defendants wrongfully possessed the Raggios' bitcoin with no intention of ever returning the bitcoin to their rightful owners.

In that discovery is ongoing, this response will be seasonably supplemented.

**DEFENDANTS' OBJECTION TO RESPONSE**:  This answer is non-responsive.  The Raggios claim 9,400 bitcoins were stolen out of their MTGOX account, and were later converted by McCaleb for his own use.  Yet the Raggios' Complaint admits their bitcoins were "still locked up in the frozen [thief's] account" as of March 13, 2012, and even at the time of the filing of the Complaint, were still "lodged with the MTGOX accounts" and noted on recently discovered 'Crisis Strategy Draft' as the '-80,208 BTC From banned or suspicious accounts.'"[1]  Thus, the Raggios claim McCaleb "converted" their bitcoin, while admitting said bitcoins were still frozen in the thief's account long after McCaleb had access to said account. Further, the Raggios make no allegations of conversion as to any other bitcoin.  Yet, their response makes only false accusations regarding the operation of MTGOX generally, and wholly fails to address the specific bitcoins they allege were stolen and converted.  McCaleb is entitled to the facts upon which the Raggios base their allegation that McCaleb converted the 9,400 bitcoins at issue in this suit.

**Chris Raggio's Responses to Defendants' Third Requests for Production:**

**REQUEST NO. 1:** Produce any and all state and federal tax returns filed by you for the tax years 2010 through 2014.

**RESPONSE:** Objection, this request is not designed to obtain information reasonably calculated to lead to the discovery of relevant evidence pertaining to the claims and defenses of any party. Plaintiff further objects in that this interrogatory is made to cause annoyance, embarrassment, oppression and undue burden or expense to the Plaintiff.

---

[1] *See* Complaint, Doc. #1, at ¶¶ 22 and 48.

**EXHIBIT I**

June 19, 2017
Page 5

**DEFENDANTS' OBJECTION TO RESPONSE**: The requested information is relevant to McCaleb's defenses in this suit, including but not limited to, the Raggios' financial ability to mitigate damages by purchasing substitute bitcoins at the time of McCaleb's alleged breaches and torts, and/or at the time the Raggios allege they discovered McCaleb's conduct giving rise to their claims, as well as the Raggios' speculating on the value of bitcoins over time, which is pertinent to their apparent position that they would have held and not sold any of the allegedly stolen bitcoins until the moment when the price of bitcoins reached its all-time high. The information is also relevant to McCaleb's defense regarding the Raggios' unclean hands. The information is further relevant to C. Raggio's claims of the loss of investments, as well as his credibility and propensity to respond truthfully before this Court. Defendants have been informed that C. Raggio may have made misrepresentations in documents filed with two other Courts as well as on his tax returns, by purchasing bitcoin and failing to list bitcoin as assets to avoid paying child support or taxes. Such misrepresentations to other Courts and the IRS are extremely relevant to whether any actual theft of bitcoin occurred, and C. Raggio's veracity before this Court. This request is not intended to cause annoyance or undue burden, but is specifically limited to the time frame relevant to the Raggios' claims. The information is relevant and discoverable under Rule 26 of the Mississippi Rules of Civil Procedure.

**REQUEST NO. 2:** Produce a copy of all statements for any accounts with any bank, investment or securities firms, credit unions, brokerage firms, online locations such as PayPal, or other financial institutions holding stocks, mutual funds, United States Dollars, foreign currency, or other monetary assets owned by either Plaintiff from December 1, 2010 through the filing of this suit, including Account No. ███████ with ███████.

**RESPONSE:** Objection, this request is not designed to obtain information reasonably calculated to lead to the discovery of relevant evidence pertaining to the claims and defenses of any party. Plaintiff further objects in that this interrogatory is made to cause annoyance, embarrassment, oppression and undue burden or expense to the Plaintiff.

**DEFENDANTS' OBJECTION TO RESPONSE**: The requested information is relevant to the claims and defenses, and is not objectionable. The information includes records of the very bank account the Raggios used to transfer money to purchase bitcoins via the MTGOX exchange, and to withdraw U.S. Dollars from the exchange. The requested information is relevant to McCaleb's defenses, including the Raggios' financial ability to mitigate damages by purchasing substitute bitcoins at the time of McCaleb's alleged breaches and torts, and/or at the time the Raggios allege they discovered McCaleb's conduct giving rise to their claims. The information is also relevant to McCaleb's defense regarding the Raggios' unclean hands. The information is further relevant to C. Raggio's claims of the loss of investments, as well as his credibility and propensity to respond truthfully before this Court. Defendants have been informed that C. Raggio may have purchased bitcoin in order to hide assets from two other Courts and the IRS to avoid paying child support or taxes. Such misrepresentations to other Courts and the IRS are extremely relevant to whether any actual theft of bitcoin occurred, and C. Raggio's veracity before this Court. This request is not intended to cause annoyance or undue burden, but is specifically limited to the time frame relevant to the Raggios' claims. The

**EXHIBIT I**

June 19, 2017
Page 6

information is relevant and discoverable under Rule 26 of the Mississippi Rules of Civil
Procedure.

**REQUEST NO. 3:** Produce a copy of all statements, screenshots, or other documentation
which show the monthly contents and/or origin of incoming deposits or purchases from
December 1, 2010 through the filing of this suit, for any accounts, wallets, or other location
where either Plaintiff has stored, held, owned, purchased, or traded any type of digital
currencies, including but not limited to E-gold, Liberty Reserve, bitcoin, altcoin, mastercoin,
peercoin, darkcoin, litecoin, zetacoin, feathercoin, ethereum, digitalcoin, counterparty,
novacoin, dogecoin, or primecoin.

**RESPONSE:** Objection, this request is not designed to obtain information reasonably
calculated to lead to the discovery of relevant evidence pertaining to the claims and defenses of
any party. Plaintiff further objects in that this interrogatory is made to cause annoyance,
embarrassment, oppression and undue burden or expense to the Plaintiff. Without waving the
aforesaid objections please see RAGGIO 00070-00087, which has previously been produced.

**DEFENDANTS' OBJECTION TO RESPONSE:**  The requested information is relevant to
McCaleb's defenses in this suit, including but not limited to, the Raggios' financial ability to
mitigate damages by purchasing substitute bitcoins or other virtual currency at the time of
McCaleb's alleged breaches and torts, and/or at the time the Raggios allege they discovered
McCaleb's conduct giving rise to their claims, as well as the Raggios' speculating on the value of
bitcoins over time, which is pertinent to their apparent position that they would have held and
not sold any of the allegedly stolen bitcoins until the moment when the price of bitcoins
reached its all-time high.  It is also relevant to McCaleb's defense of unclean hands. The
information is further relevant to C. Raggio's claims of the loss of investments, as well as his
credibility.  Defendants have been informed that C. Raggio may have purchased bitcoin in order
to hide assets from two other Courts and the IRS to avoid paying child support or taxes.  Such
misrepresentations to other Courts and the IRS are extremely relevant to whether any actual
theft of bitcoin occurred, and C. Raggio's veracity.  Information regarding other types of
currencies and the contents of any accounts or wallets at certain times could show transfers in
amounts allegedly removed from the Raggios' MTGOX account, showing that C. Raggio was
actually responsible for the alleged theft in order to hide assets in other accounts from his
father while still maintaining said assets were stolen.  This request is clearly not intended to
cause annoyance or undue burden, as it is specifically limited to the time frame relevant to the
Raggios' claims.  The information is relevant and discoverable under Rule 26 of the Mississippi
Rules of Civil Procedure.

**Chris Raggio's Responses to Defendants' Third Set of Interrogatories:**

**INTERROGATORY NO. 4**: For every purchase or sale of bitcoins you have made,
identify (a) the date and time of the transaction, (b) whether the transaction was a purchase or
sale by you, (c) the number of bitcoins purchased or sold, (d) the price and currency of the
transaction, (e) the bitcoin address you used, (f) the bitcoin address of the counterparty, (g)

**EXHIBIT I**

June 19, 2017
Page 7

whether the bitcoins belonged to Chris or Don Raggio, and (h) the service that provided the bitcoin wallet used for the transaction.

**RESPONSE:** Objection, this interrogatory is not designed to obtain information reasonably calculated to lead to the discovery of relevant evidence pertaining to the claims and defenses of any party. Plaintiff further objects in that this interrogatory is made to cause annoyance, embarrassment, oppression and undue burden or expense to the Plaintiff. Without waving the aforesaid objection please see RAGGIO 00070-00087.

**DEFENDANTS' OBJECTION TO RESPONSE:** The Raggios have produced only information regarding their MTGOX account.[2]  Yet, information regarding other bitcoin purchases is highly relevant to McCaleb's defenses, as it reveals other users with whom Chris and/or Don Raggio dealt with directly in connection with bitcoins.  The requested information is also relevant to the Raggios' ability and knowledge regarding mitigating damages by purchasing substitute bitcoins at the time of McCaleb's alleged breaches and torts, and/or at the time the Raggios allege they discovered McCaleb's conduct giving rise to their claims, as well as the Raggios' speculating on the value of bitcoins over time, which is pertinent to their apparent position that they would have held and not sold any of the allegedly stolen bitcoins until the moment when the price of bitcoins reached its all-time high. The information is further relevant to McCaleb's defense of unclean hands on the part of Chris Raggio regarding the investing in cryptocurrencies as a method to hide assets from the Courts and spouse in a divorce proceeding and child support proceedings, and the issue of whether Chris Raggio invented the alleged thief as a way to obtain and keep his father's initial investment and/or his own investments while claiming such investments were stolen.  The requested information may provide evidence of malfeasance by Chris Raggio in transferring bitcoins to others or to himself while posing as other individuals, and reveal the claim of theft to be a purposeful cover-up to obtain the funds for his own use.  The information will also show if, and at what price, the Raggios ever sold any bitcoins.  The information requested is not intended to cause annoyance or undue burden, and is in fact limited to the time frame at issue based on the Plaintiffs' own claims.  Such information is absolutely proper under Mississippi Rules of Civil Procedure and should be divulged.

We ask that you properly respond to these discovery requests with additional information within 10 days from the date of this letter, to avoid the necessity of a motion to compel.

If you have any questions, please do not hesitate to contact me.

Sincerely,

FORMAN WATKINS & KRUTZ LLP

Mandie B. Robinson

---

[2] The documents referenced, RAGGIO 00070 – 87, only discuss MTGOX accounts.

**EXHIBIT I**

June 19, 2017
Page 8

cc:     Mitchell H. Tyner, Sr. (via electronic mail)
         Charles "Brad" Martin (via electronic mail)
         Ethan Jacobs (via electronic mail)

**EXHIBIT I**

# TYNER, GOZA, STACEY & MARTIN, LLC†

114 West Center St.
Canton, MS 39046
(601) 401-1111
cbradmartin@tynerlawfirm.com

**Washington, DC Office:**
(202) 735-1111

July 7, 2017

Mandie B. Robinson, Esq.
Forman Watkins & Krutz LLP
210 East Capitol Street, Suite 2200
Jackson, MS 39201-2375

Re:   Response to *Good Faith Letter - Raggio vs. MTGOX, et al., In the*
      *Circuit Court of the First Judicial District of Hinds County, Mississippi,*
      *Civil Action No. 14-CV-00071-TTG*

Dear Mandie:

        We are in receipt of your Good Faith Letter dated June 19, 2017.  Please find
below our responses to the dispute.

### Chris Raggio's Responses to Defendants' First Set of Interrogatories:

**INTERROGATORY NO 2:** Identify any other bitcoin accounts to which you moved
bitcoins which were ever held in your MTGOX account or any wallet owned by you,
including any accounts associated with bitcoingateway.com.

**RESPONSE:** Objection, this request is not designed to obtain information reasonably
calculated to lead to the discovery of relevant evidence pertaining to the claims and
defenses of any party. Plaintiff further objects in that this interrogatory is made to cause
annoyance, embarrassment, oppression and undue burden or expense to the Plaintiff.

**DEFENDANTS' OBJECTION TO RESPONSE:** This information is highly relevant to
McCaleb's defenses in this suit, including but not limited to, the Raggios' financial ability
to mitigate damages by purchasing substitute bitcoins at the time of McCaleb's alleged
breaches and torts, and/or at the time the Raggios allege they discovered McCaleb's
conduct giving rise to their claims, as well as the Raggios' speculating on the value of
bitcoins over time, which is pertinent to their apparent position that they would have held
and not sold any of the allegedly stolen bitcoins until the moment when the price of
bitcoins reached its all-time high. It is also relevant to McCaleb's defense of unclean
hands on the part of Chris Raggio regarding the purpose of investing in bitcoin as a
method to hide assets from the Courts and a spouse in a divorce proceeding and regarding
two child support cases, and the issue of whether Chris Raggio invented the alleged thief

**EXHIBIT J**

as a way to keep obtain and keep his father's initial investment and/or his own investments while claiming such investments were stolen. The requested information may provide evidence of malfeasance by Chris Raggio for these or other purposes, and reveal the claim of theft to be a purposeful cover-up. The information requested is not intended to cause annoyance or undue burden, as it is limited to accounts which ever contained bitcoins previously held in the Raggios' MTGOX account. Such information is absolutely proper under Mississippi Rules of Civil Procedure.

**RESPONSE TO DISPUTE:** The Plaintiffs stand by their objections which are wholly proper.   The Defendants are seeking confidential financial information that is not germane to this matter.   As the evidence shows, there is no basis to support any allegations of unclean hands regarding Chris Raggio, the allegation that Chris Raggio or Donald Raggio may have invented the theft of the bitcoins, or malfeasance on the behalf of the Raggios.   Furthermore, the Raggio's bitcoin holdings, aside from the stolen 9,400 bitcoins, are irrelevant to the matter.

**INTERROGATORY NO. 5:** Identify any bank, investment or securities firms, credit unions, brokerage firms, online locations such as PayPal, or other financial institutions for holding stocks, mutual funds, United States Dollars, foreign currency, or other monetary assets owned by either Plaintiff from December 1, 2010 through the filing of this suit.

**RESPONSE:** Objection, this request is not designed to obtain information reasonably calculated to lead to the discovery of relevant evidence pertaining to the claims and defenses of any party. Plaintiff further objects in that this interrogatory is made to cause annoyance, embarrassment, oppression and undue burden or expense to the Plaintiff.

**DEFENDANTS' OBJECTION TO RESPONSE:** The requested information is highly relevant to McCaleb's defenses in this suit, including but not limited to, the Raggios' financial ability to mitigate damages by purchasing substitute bitcoins at the time of McCaleb's alleged breaches and torts, and/or at the time the Raggios allege they discovered McCaleb's conduct giving rise to their claims, as well as the Raggios' speculating on the value of bitcoins over time, which is pertinent to their apparent position that they would have held and not sold any of the allegedly stolen bitcoins until the moment when the price of bitcoins reached its alltime high. It is also relevant to McCaleb's defense of unclean hands on the part of Chris Raggio regarding the purpose of investing in bitcoin as a method to hide assets from the Courts and a spouse in a divorce proceeding and regarding two child support cases, and the issue of whether Chris Raggio invented the alleged thief as a way to keep obtain and keep his father's initial investment and/or his own investments while claiming such investments were stolen, The requested information may provide evidence of malfeasance by Chris Raggio for these or other purposes, and reveal the claim of theft to be a purposeful cover-up. The information requested is not intended to cause annoyance or undue burden, and is in fact limited to the time frame at issue based on the Raggios' own claims. Such information is absolutely proper under Mississippi Rules of Civil Procedure and should be divulged.

**EXHIBIT J**

**RESPONSE TO DISPUTE:** The Plaintiffs stand by their objections which are wholly proper.  The Defendants are seeking confidential financial information that is not germane to this matter.  As the evidence shows, there is no basis to support any allegations of unclean hands regarding Chris Raggio, the allegation that Chris Raggio or Donald Raggio may have invented the theft of the bitcoins, or malfeasance on the behalf of the Raggios.  Furthermore, the Raggio's financial holdings are irrelevant to the matter and are not subject to discovery under the Mississippi Rules of Civil Procedure.

**INTERROGATORY NO. 6:** Identify any accounts, wallets, or other location where either Plaintiff has stored, held, owned, purchased, or traded any type of digital currencies, including but not limited to E-gold, Liberty Reserve, bitcoin, altcoin, mastercoin, peercoin, darkcoin, litecoin, zetacoin, feathercoin, ethereum, digitalcoin, counterparty, novacoin, dogecoin, or primecoin, from December 1, 2010 through the filing of this suit.

**RESPONSE:** Objection, this request is not designed to obtain information reasonably calculated to lead to the discovery of relevant evidence pertaining to the claims and defenses of any party Plaintiff further objects in that this interrogatory is made to cause annoyance embarrassment, oppression and undue burden or expense to the Plaintiff.

**DEFENDANTS' OBJECTION TO RESPONSE:** The requested information is highly relevant to McCaleb's defenses in this suit, including but not limited to, the Raggios' financial ability to mitigate damages by purchasing substitute bitcoins at the time of McCaleb's alleged breaches and torts, and/or at the time the Raggios allege they discovered McCaleb's conduct giving rise to their claims, as well as the Raggios' speculating on the value of bitcoins over time, which is pertinent to their apparent position that they would have held and not sold any of the allegedly stolen bitcoins until the moment when the price of bitcoins reached its alltime high. It is also relevant to McCaleb's defense of unclean hands on the part of Chris Raggio regarding the purpose of investing in bitcoin as a method to hide assets from the Courts and a spouse in a divorce proceeding and regarding two child support cases, and the issue of whether Chris Raggio invented the alleged thief as a way to keep obtain and keep his father's initial investment and/or his own investments while claiming such investments were stolen. The requested information may provide evidence of malfeasance by Chris Raggio for these or other purposes, and reveal the claim of theft to be a purposeful cover-up to obtain the funds for use to invest in other mediums. The information requested is not intended to cause annoyance or undue burden, and is in fact limited to the time frame at issue based on the Raggios' own claims. Such information is absolutely proper under Mississippi Rules of Civil Procedure and should be divulged.

**RESPONSE TO DISPUTE:** The Plaintiffs stand by their objections which are wholly proper.  The Defendants are seeking confidential financial information that is not germane to this matter.  As the evidence shows, there is no basis to support any allegations of unclean hands regarding Chris Raggio, the allegation that Chris Raggio or Donald Raggio may have invented the theft of the bitcoins, or malfeasance on the behalf of the Raggios.  Furthermore, the Raggio's cryptocurrency holdings are irrelevant to the matter and are not subject to discovery under the Mississippi Rules of Civil Procedure.

**EXHIBIT J**

**Chris and Donald Raggio's Responses to Defendants' Second Set of Interrogatories**:

**INTERROGATORY NO. 1:** Identify any and all facts upon which you based your contention that "these Defendants converted" your bitcoins.

**RESPONSE:** The Raggios object to this Interrogatory to the extent that it calls for legal conclusions or opinions. Without waiving this objection and upon information and belief, the Plaintiff responds as follows: The sale of an 88% interest in MTGOX to Mark Karpeles was a conspiracy to cover up that MTGOX was insolvent and that Defendant McCaleb had been converting assets. MTGOX had sustained substantial losses of bitcoins and fiat currency from MTGOX account holders. MTGOX did not have adequate reserves of either fiat currency or bitcoins to make up for these losses to their customers. To perfect this cover up, Defendant McCaleb sought and found an unsophisticated foreigner, Mark Karpeles, to acquire a majority interest in the MTGOX exchange. During negotiations with Mark Karpeles, Defendant McCaleb admitted MTGOX was operating as a fractional reserve exchange and a Ponzi scheme. Defendant McCaleb instructed Mark Karpeles on how to hide these facts from MTGOX accountholders, including the Raggios. Defendant McCaleb instructed and conspired with Karpeles to let the losses "ride" to prevent MTGOX account holders from finding out the truth that MTGOX was insolvent and would not be able to pay out should most or all of its customers claim the fiat currency and bitcoins entrusted to Defendant McCaleb and MTGOX.

Defendant McCaleb commingled the Raggios' and MTGOX account holders' fiat currency and bitcoins with his own personal bank account and bitcoin wallet making it impossible to determine which amounts were personal and which amounts belonged to MTGOX account holders. Defendant McCaleb converted some or all of the Raggios' and account holders' funds for operating expenses at MTG()X and for his own personal benefit. Upon the sale of a majority interest to Mark Karpeles, Defendant McCaleb used portions or all of the embezzled and converted cash and 'bitcoin of the Raggios and other MTGOX account holders to fund his new ventures, Open Coin, Ripple, Stellar and Light Year with the knowledge of Mark Karpeles.

Additionally, Defendant McCaleb hid from the Raggios that Mark Karpeles was incompetent to run MTGOX. Defendant McCaleb had requested that Mark Karpeles step down as CEO of MTGOX, yet never informed any of the MTGOX account holders of his concern. Instead Jed McCaleb allowed Mark Karpeles to continue to act incompetently and lied to the
Raggios that Mark Karpeles was doing everything" by the book" when it came to returning the Raggios' bitcoins while all the while the Defendants wrongfully possessed the Raggios' bitcoin with no intention of ever returning the bitcoin to their rightful owners.

In that discovery is ongoing, this response will be seasonably supplemented.

**EXHIBIT J**

**DEFENDANTS' OBJECTION TO RESPONSE:** This answer is non-responsive. The Raggios claim 9,400 bitcoins were stolen out of their MTGOX account, and were later converted by McCaleb for his own use. Yet the Raggios' Complaint admits their bitcoins were "still locked up in the frozen [thief's] account" as of March 13, 2012, and even at the time of the filing of the Complaint, were still "lodged with the MTGOX accounts" and noted on recently discovered 'Crisis Strategy Draft' as the '-80,208 BTC From banned or suspicious accounts. "'l Thus, the Raggios claim McCaleb "converted" their bitcoin, while admitting said bitcoins were still frozen in the thießs account long after McCaleb had access to said account. Further, the Raggios make no allegations of conversion as to any other bitcoin. Yet, their response makes only false accusations regarding the operation of MTGOX generally, and wholly fails to address the specific bitcoins they allege were stolen and converted. McCaleb is entitled to the facts upon which the Raggios base their allegation that McCaleb converted the 9,400 bitcoins at issue in this suit.

**RESPONSE TO DISPUTE:**   The Plaintiffs stand by their response.   Based upon newly discovered evidence and evidence discovered throughout the litigation in this cause, the Plaintiffs anticipate filing a Motion to Amend, and subsequent Amended Complaint, which will incorporate the facts alleged in the Plaintiffs' Response to this Interrogatory.

**Chris Raggio's Responses to Defendants' Third Requests for Production:**

**REQUEST NO. 1:** Produce any and all state and federal tax returns filed by you for the tax years 2010 through 2014.

**RESPONSE:**  Objection, this request is not designed to obtain information reasonably calculated to lead to the discovery of relevant evidence pertaining to the claims and defenses of any party. Plaintiff further objects in that this interrogatory is made to cause annoyance, embarrassment, oppression and undue burden or expense to the Plaintiff.

**DEFENDANTS' OBJECTION TO RESPONSE:**   The requested information is relevant to McCaleb's defenses in this suit, including but not limited to, the Raggios' financial ability to mitigate damages by purchasing substitute bitcoins at the time of McCaieb's alleged breaches and torts, and/or at the time the Raggios allege they discovered McCaleb's conduct giving rise to their claims, as well as the Raggios' speculating on the value of bitcoins over time, which is pertinent to their apparent position that they would have held and not sold any of the allegedly stolen bitcoins until the moment when the price of bitcoins reached its all-time high. The information is also relevant to McCaleb's defense regarding the Raggios' unclean hands. The information is further relevant to C. Raggio's claims of the loss of investments, as well as his credibility and propensity to respond truthfully before this Court. Defendants have been informed that C. Raggio may have made misrepresentations in documents filed with two other Courts as well as on his tax returns, by purchasing bitcoin and failing to list bitcoin as assets to avoid paying child support or taxes. Such misrepresentations to other Courts and the IRS are extremely relevant to whether any actual theft of bitcoin occurred, and C. Raggio's veracity before this Court. This request is not intended to cause annoyance or undue burden, but is specifically limited to the time frame relevant to the Raggios'

**EXHIBIT J**

claims. The information is relevant and discoverable under Rule 26 of the Mississippi Rules of Civil Procedure.

**RESPONSE TO DISPUTE:** The Plaintiffs stand by their objections which are wholly proper. The Defendants are seeking confidential financial information that is not germane to this matter. As the evidence shows, there is no basis to support any allegations of unclean hands regarding Chris Raggio, the allegation that Chris Raggio or Donald Raggio may have invented the theft of the bitcoins, or malfeasance on the behalf of the Raggios. Furthermore, the Raggio's financial holdings are irrelevant to the matter and are not subject to discovery under the Mississippi Rules of Civil Procedure.

**REQUEST NO. 2:** Produce a copy of all statements for any accounts with any bank, investment or securities firms, credit unions, brokerage firms, online locations such as PayPal, or other financial institutions holding stocks, mutual funds, United States Dollars, foreign currency, or other monetary assets owned by either Plaintiff from December 1, 2010 through the filing of this suit, including Account No ▆▆▆▆▆ with ▆▆▆▆▆▆▆▆.

**RESPONSE:** Objection, this request is not designed to obtain information reasonably calculated to lead to the discovery of relevant evidence pertaining to the claims and defenses of any party. Plaintiff further objects in that this interrogatory is made to cause annoyance, embarrassment, oppression and undue burden or expense to the Plaintiff.

**DEFENDANTS' OBJECTION TO RESPONSE:** The requested information is relevant to the claims and defenses, and is not objectionable. The information includes records of the very bank account the Raggios used to transfer money to purchase bitcoins via the MTGOX exchange, and to withdraw U.S. Dollars from the exchange. The requested information is relevant to McCaleb's defenses, including the Raggios' financial ability to mitigate damages by purchasing substitute bitcoins at the time of McCaleb's alleged breaches and torts, and/or at the time the Raggios allege they discovered McCaleb's conduct giving rise to their claims. The information is also relevant to McCaleb's defense regarding the Raggios' unclean hands. The information is further relevant to C. Raggio's claims of the loss of investments, as well as his credibility and propensity to respond truthfully before this Court. Defendants have been informed that C. Raggio may have purchased bitcoin in order to hide assets from two other Courts and the IRS to avoid paying child support or taxes. Such misrepresentations to other Courts and the IRS are extremely relevant to whether any actual theft of bitcoin occurred, and C. Raggio's veracity before this Court. This request is not intended to cause annoyance or undue burden, but is specifically limited to the time frame relevant to the Raggios' claims. The information is relevant and discoverable under Rule 26 of the Mississippi Rules of Civil Procedure.

**RESPONSE TO DISPUTE:** The Plaintiffs stand by their objections which are wholly proper. The Defendants are seeking confidential financial information that is not germane to this matter. As the evidence shows, there is no basis to support any allegations of unclean hands regarding Chris Raggio, the allegation that Chris Raggio or Donald Raggio may have invented the theft of the bitcoins, or malfeasance on the behalf

**EXHIBIT J**

of the Raggios.  Furthermore, the Raggio's financial holdings are irrelevant to the matter and are not subject to discovery under the Mississippi Rules of Civil Procedure.

**REQUEST NO. 3:** Produce a copy of all statements, screenshots, or other documentation which show the monthly contents and/or origin of incoming deposits or purchases from December 1, 2010 through the filing of this suit, for any accounts, wallets, or other location where either Plaintiff has stored, held, owned, purchased, or traded any type of digital currencies, including but not limited to E-gold, Liberty Reserve, bitcoin, altcoin, mastercoin, peercoin, darkcoin, litecoin, zetacoin, feathercoin, ethereum, digitalcoin, counterparty, novacoin, dogecoin, or primecoin.

**RESPONSE:** Objection, this request is not designed to obtain information reasonably calculated to lead to the discovery of relevant evidence pertaining to the claims and defenses of any party. Plaintiff further objects in that this interrogatory is made to cause annoyance, embarrassment, oppression and undue burden or expense to the Plaintiff. Without waving the aforesaid objections please see RAGGIO 00070-00087, which has previously been produced.

**DEFENDANTS' OBJECTION TO RESPONSE:** The requested information is relevant to McCaleb's defenses in this suit, including but not limited to, the Raggios' financial ability to mitigate damages by purchasing substitute bitcoins or other virtual currency at the time of McCaleb's alleged breaches and torts, and/or at the time the Raggios allege they discovered McCaleb's conduct giving rise to their claims, as well as the Raggios' speculating on the value of bitcoins over time, which is pertinent to their apparent position that they would have held and not sold any of the allegedly stolen bitcoins until the moment when the price of bitcoins reached its all-time high. It is also relevant to McCaleb's defense of unclean hands. The information is further relevant to C. Raggio's claims of the loss of investments, as well as his credibility. Defendants have been informed that C. Raggio may have purchased bitcoin in order to hide assets from two other Courts and the IRS to avoid paying child support or taxes. Such misrepresentations to other Courts and the IRS are extremely relevant to whether any actual theft of bitcoin occurred, and C. Raggio's veracity. Information regarding other types of currencies and the contents of any accounts or wallets at certain times could show transfers in amounts allegedly removed from the Raggios' MTGOX account, showing that C. Raggio was actually responsible for the alleged theft in order to hide assets in other accounts from his father while still maintaining said assets were stolen. This request is clearly not intended to cause annoyance or undue burden, as it is specifically limited to the time frame relevant to the Raggios' claims. The information is relevant and discoverable under Rule 26 of the Mississippi Rules of Civil Procedure.

**RESPONSE TO DISPUTE:** The Plaintiffs stand by their objections which are wholly proper.  The Defendants are seeking confidential financial information that is not germane to this matter.  As the evidence shows, there is no basis to support any allegations of unclean hands regarding Chris Raggio, the allegation that Chris Raggio or Donald Raggio may have invented the theft of the bitcoins, or malfeasance on the behalf

**EXHIBIT J**

of the Raggios.  Furthermore, the Raggio's financial holdings are irrelevant to the matter and are not subject to discovery under the Mississippi Rules of Civil Procedure.

**Chris Raggio's Responses to Defendants' Third Set of Interrogatories:**

**INTERROGATORY NO. 4:** For every purchase or sale of bitcoins you have made, identify (a) the date and time of the transaction, (b) whether the transaction was a purchase or sale by you, (c) the number of bitcoins purchased or sold, (d) the price and currency of the transaction, (e) the bitcoin address you used, (f) the bitcoin address of the counterparty, (g) whether the bitcoins belonged to Chris or Don Raggio, and (h) the service that provided the bitcoin wallet used for the transaction.

**RESPONSE:** Objection, this interrogatory is not designed to obtain information reasonably calculated to lead to the discovery of relevant evidence pertaining to the claims and defenses of any party. Plaintiff further objects in that this interrogatory is made to cause annoyance, embarrassment, oppression and undue burden or expense to the Plaintiff. Without waving the aforesaid objection please see RAGGIO 00070-00087.

**DEFENDANTS' OBJECTION TO RESPONSE:** The Raggios have produced only information regarding their MTGOX account. Yet, information regarding other bitcoin purchases is highly relevant to McCaleb's defenses, as it reveals other users with whom Chris and/or Don Raggio dealt with directly in connection with bitcoins. The requested information is also relevant to the Raggios' ability and knowledge regarding mitigating damages by purchasing substitute bitcoins at the time of McCaleb's alleged breaches and torts, and/or at the time the Raggios allege they discovered McCaleb's conduct giving rise to their claims, as well as the Raggios' speculating on the value of bitcoins over time, which is pertinent to their apparent position that they would have held and not sold any of the allegedly stolen bitcoins until the moment when the price of bitcoins reached its all-time high. The information is further relevant to McCaleb's defense of unclean hands on the part of Chris Raggio regarding the investing in cryptocurrencies as a method to hide assets from the Courts and spouse in a divorce proceeding and child support proceedings, and the issue of whether Chris Raggio invented the alleged thief as a way to obtain and keep his father's initial investment and/or his own investments while claiming such investments were stolen. The requested information may provide evidence of malfeasance by Chris Raggio in transferring bitcoins to others or to himself while posing as other individuals, and reveal the claim of theft to be a purposeful cover-up to obtain the funds for his own use. The information will also show if, and at what price, the Raggios ever sold any bitcoins. The information requested is not intended to cause annoyance or undue burden, and is in fact limited to the time frame at issue based on the Plaintiffs' own claims. Such information is absolutely proper under Mississippi Rules of Civil Procedure and should be divulged.

**RESPONSE TO DISPUTE:** The Plaintiffs stand by their objections which are wholly proper.  The Defendants are seeking confidential financial information that is not germane to this matter.  As the evidence shows, there is no basis to support any allegations of unclean hands regarding Chris Raggio, the allegation that Chris Raggio or Donald Raggio may have invented the theft of the bitcoins, or malfeasance on the behalf

**EXHIBIT J**

of the Raggios.  Furthermore, the Raggio's cryptocurrency holdings are irrelevant to the matter and are not subject to discovery under the Mississippi Rules of Civil Procedure.

Sincerely,

Charles "Brad" Martin

CBM:tp

**EXHIBIT J**

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
HINDS COUNTY, MISSISSIPPI**

**DR. DONALD RAGGIO**
**DR. CHRIS RAGGIO**                                                       **PLAINTIFFS**

**VS.**                                              **CAUSE NO. 14-CV-00071-TTG**

**MTGOX, et al.**                                                        **DEFENDANTS**

<u>**GOOD FAITH CERTIFICATE**</u>

All Counsel certify that they have conferred in good faith in an attempt to resolve the

discovery issues in question, and that it is necessary to file the following motion:

Defendants' Motion to Compel Discovery Responses

Counsel further certify that:

\_\_\_\_ 1.    The motion is unopposed by all parties.

\_\_\_\_ 2.    The motion is unopposed by _____.

\_\_X\_\_ 3.    The motion is opposed by <u>Plaintiffs</u>.

Respectfully submitted this the 17th day of July, 2017.


By:    */s/Mandie B. Robinson*
EDWIN S. GAULT, JR., MSB #10187
MANDIE B. ROBINSON, MSB #100446
FORMAN WATKINS & KRUTZ LLP
210 East Capitol Street, Suite 2200
Jackson, Mississippi 39201-2375
Post Office Box 22608
Jackson, MS   39225-2608
Telephone:   (601) 960-8600
Facsimile:   (601) 960-8613
win.gault@formanwatkins.com
mandie.robinson@formanwatkins.com

**EXHIBIT K**

By:      *s/ Charles "Brad" Martin*
Mitchell H. Tyner, Sr.
Charles Brad Martin
TYNER, GOZA, STACEY & MARTIN, LLC
114 West Center Street
Canton, MS 39046
mtyner@tynerlawfirm.com
bmartin@tynerlawfirm.com

**EXHIBIT K**

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT**
**HINDS COUNTY, MISSISSIPPI**

DR. DONALD RAGGIO
DR. CHRIS RAGGIO                                                    **PLAINTIFFS**

VS.                                                    **CAUSE NO. 14-CV-00071-TTG**

MTGOX, et al.                                                    **DEFENDANTS**

**DEFENDANTS' UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE THEIR**
**RESPONSE TO PLAINTIFFS' MOTION FOR SANCTIONS**

     Jed McCaleb and Code Collective, LLC, file this Unopposed Motion for Extension of Time to File Their Response to Plaintiffs' Motion for Sanctions and state the following:

     1.    On July 12, 2017, Plaintiffs filed a Motion for Sanction from Defendants Jed McCaleb and Code Collective, LLC, related to discovery in this matter.   *See* Document No. 127.

     2.    Jed McCaleb and Code Collective, LLC's Response to the Motion is due July 24, 2017.

     3.    Due to the general press of business and the need to confer with their client in order to fully respond and accurately to the motion, Defendants' counsel respectfully requests an additional two weeks, until August 7, 2017, in which to file their response to the Motion for Sanctions.

     4.    The Plaintiffs agree to the requested extension of time.

     5.    This motion is not being filed for the purpose of delay, but for the reasons set forth above.

     WHEREFORE, Jed McCaleb and Code Collective, LLC request an extension of time until August 7, 2017, to file their response to the Plaintiffs' Motion for Sanctions.

Respectfully submitted, this the 18th day of July, 2017.

**CODE COLLECTIVE, LLC, and**
**JED McCALEB, individually and formerly**
**doing business as MTGOX, a sole proprietorship**

By:    */s/Mandie B. Robinson*
      EDWIN S. GAULT, JR., MSB #10187
      MANDIE B. ROBINSON, MSB #100446

OF COUNSEL:

FORMAN WATKINS & KRUTZ LLP
210 East Capitol Street, Suite 2200
Jackson, Mississippi 39201-2375
Post Office Box 22608
Jackson, MS    39225-2608
Telephone:    (601) 960-8600
Facsimile:    (601) 960-8613
win.gault@formanwatkins.com
mandie.robinson@formanwatkins.com

ETHAN JACOBS
HOLLAND LAW, LLP
220 Montgomery Street, Suite 800
San Francisco, California 94104
Telephone: (415) 200-4984
ejacobs@hollandlawllp.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing document via email on the following:

Mitchell H. Tyner, Sr.
Charles Brad Martin
TYNER, GOZA, STACEY & MARTIN, LLC
114 West Center Street
Canton, MS 39046
mtyner@tynerlawfirm.com
bmartin@tynerlawfirm.com

This the 18th day of July, 2017.

/s/ Mandie B. Robinson
MANDIE B. ROBINSON

3

# IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
## HINDS COUNTY, MISSISSIPPI

**DR. DONALD RAGGIO**
**DR. CHRIS RAGGIO**                                                   **PLAINTIFFS**

**VS.**                                                  **CAUSE NO. 14-CV-00071-TTG**

**MTGOX, et al.**                                                      **DEFENDANTS**

## AGREED ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE THEIR RESPONSE TO MOTION FOR SANCTIONS

THIS CAUSE came before the Court on Defendants' Unopposed Motion for Extension of Time to File Their Response to the Plaintiffs' Motion for Sanctions as to Defendants Jed McCaleb and Code Collective, LLC, and the Court, having considered the motion and finding the Plaintiffs have no objection to the request, finds that the motion is well-taken and should be granted.

IT IS, THEREFORE, ORDERED, that Defendants' Unopposed Motion for Extension of Time to File Their Response to the Motion for Sanctions is granted, and the Defendants' Response to the Motion is due on or before August 7, 2017.

SO ORDERED this the _____19th_____ day of July, 2017.

_____
CIRCUIT COURT JUDGE

Agreed to and Approved By:

s/ Charles "Brad" Martin
MITCHELL H. TYNER, SR., MSB# 8169
CHARLES "BRAD" MARTIN, MSB# 100767
**TYNER LAW FIRM, P.A.**
114 West Center Street
Canton, MS 39046
Phone: (601) 825-1111
Fax: (601) 957-6554
mtyner@tynerlawfirm.com
bmartin@tynerlawfirm.com

*Attorneys for the Plaintiffs*

s/ Mandie B. Robinson
EDWIN S. GAULT, JR., MSB# 10187
MANDIE B. ROBINSON, MSB# 100446
Forman Watkins & Krutz LLP
210 East Capitol Street, Suite 2200
Jackson, MS 39201-2375
Phone: (601) 960-8600
Fax: (601) 960-8613
win.gault@formanwatkins.com
mandie.robinson@formanwatkins.com

*Attorneys for the Defendants*

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
HINDS COUNTY, MISSISSIPPI**

**DR. DONALD RAGGIO**                                                        **PLAINTIFFS**
**DR. CHRIS RAGGIO**

**VS.**                                                        **CIVIL ACTION NO. 14-71**

**MTGOX a sole proprietorship;**
**MTGOX, Inc., a Delaware corporation;**
**MT.GOX KK, a Japanese corporation;**
**TIBANE KK, a Japanese corporation;**
**MUTUM SIGILLUM, LLC a Delaware limited Liability Company;**
**CODE COLLECTIVE, LLC a New York limited liability company;**
**JED McCALEB, an individual;**
**MARK KARPELES, an individual;**
**JOHN DOES 1-5, and CORPORATE JOHN DOES 1-5**                **DEFENDANTS**

<u>**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO COMPEL**</u>

COME NOW the Plaintiffs (hereinafter "Doctors"), by and through the undersigned counsel, and file this Response to the Defendant's Motion to Compel and in support thereof would show unto this Court the following matters and facts, to-wit:

1. In this case, the Defendants are utilizing discovery for an improper purpose – namely, to ascertain the Doctors' financial holdings when the Doctors' financial holdings are not relevant. It is clearly the law in Mississippi that a party may not discover its adversaries' financial condition where it is not a relevant issue in the case.   In this case, what is at issue is the Defendants' failure to deliver bitcoin to the Doctors.   Nonetheless, the Defendants have propounded a litany of discovery requests demanding the Plaintiffs' tax returns, financial account information, bitcoin holdings, and documentation of the sales and profits of any bitcoins.

1

2.     The requested information is not relevant and is therefore not discoverable under Mississippi Rule of Civil Procedure 26(b)(1).

3.     The Defendants argue this material would rebut the Doctors' allegations in their Complaint, may show that Doctor Chris Raggio purloined the bitcoins himself, and show that Doctor Chris Raggio had unclean hands. At no time have the Defendants introduced a shred of evidence to support any of these unfounded allegations.   Instead, the Defendants have elected to engage in a fishing expedition in order to harass and oppress the Doctors.

4.     The fact is, the Defendants' request for financial documents, including tax returns, is overly broad, unreasonable and irrelevant.   In *Channel Control Merchants, LLC v. Davis*, 2012 WL 1365742 at *1, the court held in order to compel the disclosure of tax returns the court "must find both that the returns are relevant to the subject matter of the actions and that there is a compelling need for the returns because the information contained is not otherwise readily available."   Nothing in this cause gives raise to any compelling need for the Defendants to be entitled to this information.   The Doctors have not put their own finances at issue in this matter, and, thus, the Defendants are not entitled to this information.

5.     The Defendants remaining arguments are easily disposed.   The Defendants allege Chris Raggio may have "purposely converted the bitcoin to his own uses."   This flies in the face of all reason and is easily disputed by the California Defendant's own words.   The California Defendant's deposition testimony proves that the subpoenas and the allegations raised in the Response are both baseless and without merit.   The following exchange is pertinent:

Q:     Okay.  But at the time you sold the exchange, you knew Chris has said there was –
A.     That's right.
Q.     --  9,000 missing.  Okay.   And did you believe Chris?
A.     I did.   I mean, its – you know, I mean, I'm not a hundred percent certain, but, you   know, **I believe him**.

*See* Exhibit A, Deposition Excerpt of Jed McCaleb (emphasis added).

6.    Furthermore, shortly after the hack took place, the California Defendant emailed the new partner in MTGOX, Mark Karpeles, to give details of the theft of the bitcoins.   See Exhibit B, February 12, 2012 email.   The California Defendant writes "I talked to him [Chris Raggio] on the phone so **I believe that this really happened**.   *Id*. (emphasis added).

7.    It is also telling that while the Defendants attempt to use the ruse of the possibility of Doctor Chris Raggio being the true hacker, the argument falls apart when it is noted the bitcoins come back into another account at MTGOX.   That fact is undisputed.   Upon logging into the MTGOX account, Doctor Chris Raggio could see from MTGOX's interface as to what bitcoin address the stolen coins had been sent.   Furthermore, anyone can view transactions on the blockchain where bitcoins are transferred to one bitcoin address to another.   Interestingly, it was the California Defendant himself who instructed Doctor Chris Raggio to contact a developer, using the codename "theymos", who had written a program that could trace the route of the stolen bitcoin.  *See* Exhibit C, January 9, 2011 – February 10, 2011 email chain.   Theymos could see more information about the recipient address which was passed on to the California Defendant. *Id*.   It certainly required no sophisticated degree of computer skills on the behalf of Doctor Chris Raggio to locate where the stolen bitcoins had been sent.

8.    Last, the Defendants argue unclean hands on the behalf of Chris Raggio.   However, they offer no shred of evidence, instead offering only the self-serving allegations the Defendants that Chris Raggio hide assets from his ex-wife and from courts regarding his child support obligations.   This argument does not pass muster.   In *Pierce v. Heritage Props.*, 688 So.2d 1385, 1391, the Court stated:

"Courts apply the maxim requiring "clean hands" only where some unconscionable act of one coming for relief has immediate and necessary relation to the equity that he seeks in respect of the matter of the ligation. ***They do not close the doors because of the plaintiff's misconduct, whatever its character, that has no relation to anything involved in the suit, but only for such violations of conscience as in some measure affect the equitable relations between the parties in respect of something brought before the court for adjudication***.

*Pierce*, citing *Keystone Driller Co. v. General Excavator Co*. 290 U.S. 240, 245 (1933) (emphasis added). Thus, the doctrine of unclean hands does not apply in this case.

9.     For the foregoing reasons, the Defendants' Motion to Compel should therefore be denied and the Doctors should be awarded attorneys' fees and expense incurred in responding to this Motion.

WHEREFORE PREMISES CONSIDERED, the Plaintiffs respectfully request this Court deny the Defendant's Motion to Compel and award attorneys' fees and expense incurred in responding to this Motion.   Plaintiffs further pray for all additional relief in favor of the Plaintiffs deemed appropriate by this Honorable Court.

RESPECTFULLY SUBMITTED, this the 24th day of July, 2017.

**DR. DONALD RAGGIO AND**
**DR. CHRIS RAGGIO**

s/Charles "Brad" Martin
CHARLES "BRAD" MARTIN, MSB# 100767

OF COUNSEL:
MITCHELL H. TYNER, SR., MSB# 8169
CHARLES "BRAD" MARTIN, MSB# 100767
**TYNER, GOZA, STACEY & MARTIN, LLC**
114 West Center Street
Canton, MS 39046
Phone: 601-401-1111
Fax: 601-957-6554

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via the Court's electronic filing system on the following:

Edwin S. Gault, Jr., Esq.
Mandie B. Robinson, Esq.
Forman Watkins & Krutz LLP
210 East Capitol Street, Suite 2200
Jackson, MS 39201-2375

Ethan Jacobs, Esq.
Holland Law, LLP
220 Montgomery Street, Suite 800
San Francisco, California 94104

Respectfully submitted, this the 24th day of July, 2017.

s/ Charles B. Martin
CHARLES "BRAD" MARTIN, MSB# 100767

# In The Matter Of:

*Dr. Donald Raggio and Dr. Chris Raggio v MTGOX, a sole proprietorship, et al*

---

*Jed McCaleb 30(b)6 Representative*
*November 17, 2016*
*Jed McCaleb 30(b)6 Code Collective, LLC 11-17-16*

---

*Aspire Reporting, LLC*
*P.O. Box 2605*
*Ridgeland, MS 39158-2605*
*1.800.73.STENO*

Original File cw111716 Jed McCaleb.txt
Min-U-Script® with Word Index



EXHIBIT
A

Jed McCaleb 30(b)6 Code Collective, LLC 11-17-16

63

1    A.   Yeah.  I don't know when the bitcoin was

2   moved back into Mt. Gox, but I know that we didn't

3   discover it being moved back into Mt. Gox until after

4   I had sold it to Mark.

5     Q.   What was the date that you sold Mt. Gox to

6   Mark?

7     A.   It was February 5th, 6th, or 7th, somewhere

8   in there.

9     Q.   Okay.  Did you tell -- you were already aware

10   that the coin had been stolen.  Right?

11     A.   Well, I don't know if the coin was stolen.  I

12   know that it was -- Chris was claiming that.  Like, I

13   don't really know what happened to it, so ...

14     Q.   Okay.  But at the time you sold the exchange,

15   you knew that Chris had said there was --

16     A.   That's right.

17     Q.   -- 9,000 missing?  Okay.  And did you believe

18   Chris?

19     A.   I did.  I mean, it's -- you know, I mean, I'm

20   not a hundred percent certain, but, you know, I

21   believe him.

22     Q.   After -- well, before he reported to you that

23   he was missing this bitcoin, had anybody else had any

24   bitcoin missing?

25     A.   I don't know if it was before or after, but

| | |
|---|---|
| **From:** | Jed McCaleb <admin@mtgox.com> |
| **Sent:** | Saturday, February 12, 2011 2:34 PM |
| **To:** | Mark Karpeles |

So here are the details of fraud and why I think it is this guy on the site...
This account donraggio had about 9k btc stolen from him Jan 6th-9th.
It looks like someone must have guessed or figured out his password somehow. I talked to him on the phone so I believe that this really happened.
The stolen coins were sent to: 1DVQEpTFjxYpZMVy4Bam9MCxeGEtmMmQCh
That address has sent 20 BTC to: 12VLe9wFVdio8gEjRqFJdZ1g5qBDfVfZkJ
Which happens to be a mtgox address.
The account that sent them there was name "baron"

This baron account also has other suspicious activity.
Out of the blue he deposited $75k in LR.
With that he bought about $15k worth of coins. And has been just withdrawing the money since then.

Date of baron btc funding: 1294363502  01 / 06 / 11 @ 7:25:02pm EST Date of LR fund U1172929:  (01/06/11 @ 6:53:21pm, 7:14:07pm EST,
7:14:58pm) 1294361601 1294362847 1294362898 Date of theft from donraggio: 1294367953  01 / 06 / 11 @ 8:39:13pm EST Date of start withdrawal to U2839087: 1294519650  01 / 08 / 11 @ 2:47:30pm EST basically $1000 a day till now
Date of LR fraud: Jan 20th


His email is: baron@contractor.net
Which I just find this on google:
http://www.scamwarners.com/forum/viewtopic.php?f=12&t=10858

My thought is that he is related to the guys who stole so much LR from us. I think he funded our LR account so he would be certain there would be LR there to steal.
He definitely know who stole the coins from don raggio unless 1DVQEpTFjxYpZMVy4Bam9MCxeGEtmMmQCh is a mybitcoin address.
What do you think?



1                                    MCCALEB  000220

Looking deeper at those addresses, it's possible that the owners of these addresses also know the attacker directly or indirectly:

1LiEy7V4GK1JUMBPomx2JcCREdRdtpvuj8
15ZpDyyehXLc8BiCUBMis5sTa2pJdNpdeD
1BR5DuhypnMkVmJoQ2YncKiyvQgsjLjBqm
1MTqhJjCunRRHk1UBQkkAJBc1BjRwvHpkD

Take a look at 12VLe9wFVdio8gEjRqFJdZ1g5qBDfVfZkJ's sending transaction:
http://blockexplorer.com/tx/ff31ac4bb91cf21c96cf779b406b61bad67857812eb9610ada806cc575da069f#i302983
That non-highlighted input address, 1HAnpTE76WTzVvEmyNmgpxZHGZqX6i1X6m, is guaranteed to also be owned by the owner of 12VLe9wFVdio8gEjRqFJdZ1g5qBDfVfZkJ.

You can also get information from the attacker's received payments. 1BR5DuhypnMkVmJoQ2YncKiyvQgsjLjBqm was paid by 19CJwUXXBSnmZCkj2hUpyY1cAPZatC12TT, who therefore knows him. Look at that transaction:
http://blockexplorer.com/tx/fb4bf12185bce7ff7c1b472fe74d4ad11560528ce57a8254a2ae23789ac2267b#o0
The non-highlighted output address is owned by either 19CJwUXXBSnmZCkj2hUpyY1cAPZatC12TT or 1BR5DuhypnMkVmJoQ2YncKiyvQgsjLjBqm.

You can continue going deeper, though it fans out quickly. The third level probably has several hundred addresses.

More "top-level" addresses will become known once the attacker spends more BTC from the target address. Keep watching the page for 1DVQEpTFjxYpZMVy4Bam9MCxeGEtmMmQCh.

To find the attacker, you need to somehow link one of these addresses to a real person, and then get them to tell you who they received the coins from. By following these transactions, you should eventually be able to trace the coins back to the attacker. You might start by asking MtGox, MyBitcoin, Vekja, and other EWallet services whether they own any of these addresses.

Some day I plan to add a feature to Bitcoin Block Explorer that will show all addresses associated with a target (as I did manually in the text above), but I am unfortunately too busy to work on that right now.

Tell me if you have any questions about getting address histories. I hope you find the thief!

On Thu, 10 Feb 2011 08:39 -0500, "Jed McCaleb" <admin@mtgox.com> wrote:
> Can I give this guy your email?
>
>
> ---------- Forwarded message ----------
> From: Donald Raggio <donald.raggio@gmail.com>
> Date: Thu, Feb 10, 2011 at 7:54 AM
> Subject: Re: account funded by wire
> To: Jed McCaleb <admin@mtgox.com>
>
>
> Thanks for telling me about Theymos.   It's hard for me to use IRC at
> work.   Maybe if we could get in touch with him he could create
> something that monitors that address and notifies us when they are
> transferred.   I would reward him and you with BTC for recovering the
> stolen BTC.   Does that sound like a good idea?

1



MCCALEB 000007

>
>
>
> PS
>
>   Thanks for creating such a cool platform.
>
> Chris (for Don)
>
>
>
> On Jan 10, 2011, at 3:26 AM, Jed McCaleb <admin@mtgox.com> wrote:
>
> > Oh jeez that's bad.
> > I would go to IRC channel #bitcoin-dev and talk to theymos. He wrote
> > a block explorer that you can use to possibly track where the coins
> > went.
> > Any idea how someone got your password?
> > Jed.
 > >
> > On Sun, Jan 9, 2011 at 11:36 PM, Don Raggio <donald.raggio@gmail.com> wrote:
> >> Somebody is conducting unauthorized withdrawals on my account.  They've
> >> taken 9k in BTC so far.  I changed the password.  Please Advise.   All were
> >> sent to 1DVQEpTFjxYpZMVy4Bam9MCxeGEtmMmQCh
> >>
> >> Don
> >>
>

MCCALEB  000007.1

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
## HINDS COUNTY, MISSISSIPPI

**DR. DONALD RAGGIO**                                                            **PLAINTIFFS**
**DR. CHRIS RAGGIO**


**VS.**                                                    **CIVIL ACTION NO. 14-71**


**MTGOX a sole proprietorship;**
**MTGOX, Inc., a Delaware corporation;**
**MT.GOX KK, a Japanese corporation;**
**TIBANE KK, a Japanese corporation;**
**MUTUM SIGILLUM, LLC a Delaware limited Liability Company;**
**CODE COLLECTIVE, LLC a New York limited liability company;**
**JED McCALEB, an individual;**
**MARK KARPELES, an individual;**
**JOHN DOES 1-5, and CORPORATE JOHN DOES 1-5**                **DEFENDANTS**
_____

### PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

Plaintiffs, Dr. Donald Raggio and Dr. Chris Raggio (the "Doctors"), file this motion seeking

a protective order pursuant to Mississippi Rule of Civil Procedure 26(d), and the Doctors show as

follows:

1.       The Defendants now seek discovery of the Doctors' tax returns, financial accounts,

and bitcoin holdings including purchases and sales.  The requested documents are not relevant to any

party's claim or defense in this case.  Furthermore, the requests are simply a fishing expedition on

behalf of the Defendants to harass and oppress the Doctors.  Accordingly, a protective order should

be entered by this Court.   In the alternative, if this Court determines that the documents are

discoverable, the Court should enter a protective order ordering an *in camera* inspection and limiting

the discovery requests only to that information which is relevant to the underlying dispute and

prohibiting the Defendants and their attorneys from disclosing and/or using the information

contained in or learned from the documents outside of this litigation.

2.      Defendants' discovery requests are a blatant abuse of the discovery process authorized by the Mississippi Rules of Civil Procedure.  Defendants have utilized the process in an effort not to obtain just wholly irrelevant information, but non-public, confidential information in an attempt to harass and annoy the Doctors.  Each of the requests should be denied or limited by a protective order.

3.      In an attempt to make a showing to this Court that the material sought by the requests falls under the purview of Rule 26(b)(1) of the Mississippi Rules of Civil Procedure, the Defendants make several baseless and, quite frankly, frivolous allegations.  The Defendants' argue that the Doctors have put their own financial condition into relevance, that Chris Raggio may have stolen the bitcoins in questions, and that Chris Raggio has unclean hands.  Nothing in the record supports any of these baseless and frivolous allegations.

4.      The Mississippi Supreme Court has stated "[s]weeping and abusive discovery is encouraged by permitting discovery confined only by the "subject matter' of a case…rather than by limiting it to the issues presented. *Dawkins v. Redd Pest Control. Co*., 607 So.2d 1232, 1235 (Miss. 1992).  Discovery should be limited to the specific practices or acts that are in issue.  *Id*. Determining when discovery spills beyond "issues" and into "subject matter" will not always be easy, but MRCP 26(b)(1) is intended to favor limitations, rather than expansions, on permissible discovery. *Id*.

5.      To harass, annoy, and oppress the Doctors, the Defendants take a shotgun approach of throwing out numerous allegations without any evidence.  It is transparent that the Defendants hope to besmirch the Doctors' characters.  The allegations raised by the Defendants are easily shown to be false.

2

6.      The fact is, the Defendants' request for financial documents, including tax returns, is overly broad, unreasonable and irrelevant.  In *Channel Control Merchants, LLC v. Davis*, 2012 WL 1365742 at *1, the court held in order to compel the disclosure of tax returns the court "must find both that the returns are relevant to the subject matter of the actions and that there is a compelling need for the returns because the information contained is not otherwise readily available."  Nothing in this cause gives raise to any compelling need for the Defendants to be entitled to this information.  The Doctors have not put their own finances at issue in this matter, and, thus, the Defendants are not entitled to this information.

7.      The Defendants' also argue that Chris Raggio may have been the person who stole the bitcoins.  This flies in the face of all the evidence in this case and is easily disputed by the California Defendant's own words.  The California Defendant's deposition testimony proves that this allegation is both baseless and without merit.  The following deposition exchange is pertinent:

Q:      Okay.  But at the time you sold the exchange, you knew Chris has said there was –
A.      That's right.
Q.      -- 9,000 missing.  Okay.  And did you believe Chris?
A.      I did.  I mean, its – you know, I mean, I'm not a hundred percent certain, but, you  know, **I believe him**.

*See* Exhibit A, Deposition Excerpt of Jed McCaleb (emphasis added).

8.      Furthermore, shortly after the hack took place, the California Defendant emailed the new partner in MTGOX, Mark Karpeles, to give details of the hack.  See Exhibit B, February 12, 2012 email.  The California Defendant writes "I talked to him [Chris Raggio] on the phone so **I believe that this really happened**.  *Id*. (emphasis added).

9.      It is telling that while the Defendants attempt to use the ruse of the possibility of

3

Doctor Chris Raggio being the true hacker, the argument falls apart when it is noted the bitcoins come back into another account at MTGOX.  That fact is undisputed.

10.     Upon logging into the MTGOX account, Doctor Chris Raggio could see from MTGOX's interface as to what bitcoin address the stolen coins had been sent.  Furthermore, anyone can view transactions on the blockchain when bitcoins are transferred to one bitcoin address to another.  Interestingly, it was the California Defendant himself who instructed Doctor Chris Raggio to contact a developer using the codename "theymos" who had written a program that could trace the route of the stolen bitcoin.  *See* Exhibit C, January 9, 2011 – February 10, 2011 email chain.  Theymos could see more information about the recipient address which was passed on to the California Defendant.  *Id*.  It certainly required no sophisticated degree of computer skills on the behalf of Doctor Chris Raggio to located where the stolen bitcoins had been sent.

11.     Last, the Defendants argue unclean hands on the behalf of Chris Raggio.  However, they offer no shred of evidence, instead offering only the self-serving allegations of the Defendants that Chris Raggio hide assets from his ex-wife and from courts regarding his child support obligations.  This argument does not pass muster.  In *Pierce v. Heritage Props.*, 688 So.2d 1385, 1391, the Court stated:

> "Courts apply the maxim requiring "clean hands" only where some unconscionable act of one coming for relief has immediate and necessary relation to the equity that he seeks in respect of the matter of the ligation.  ***They do not close the doors because of the plaintiff's misconduct, whatever its character, that has no relation to anything involved in the suit, but only for such violations of conscience as in some measure affect the equitable relations between the parties in respect of something brought before the court for adjudication***.

*Pierce*, citing *Keystone Driller Co. v. General Excavator Co*. 290 U.S. 240, 245 (1933) (emphasis added). Thus, the doctrine of unclean hands does not apply in this case.

4

12.     In the face of the overwhelming evidence to the contrary, the Defendants' reasoning as to why the discovery requests fall under the purview of Mississippi Rule of Civil Procedure 26 fails.  The basic questions at issue in this litigation concern the non-delivery of bitcoins.  The claims and defenses in this matter have absolutely nothing to do with the Doctors' financial information.  Accordingly, such requests should be denied and a protective order should be entered protecting the Doctors from annoyance, embarrassment, oppression and the undue burden and expenses of responding to these harassing requests.

WHEREFORE PREMIESES CONSIDERED, the Plaintiffs respectfully request that this Court enter a Protective Order protecting the Doctors' financial information from discovery additionally request this Court enter an order awarding attorney fees and costs.  In the alternative, Plaintiffs request an entry of a protective order ordering an *in camera* inspection of the requested documents and limiting the discovery only to that information which is relevant to the underlying dispute and prohibiting the Defendants and their attorneys from disclosing and/or using the information contained in or learned from the documents outside of this litigation.  Plaintiffs request such additional relief as this Court seems just and proper.

RESPECTFULLY SUBMITTED, this the 24th day of July, 2017.

                              **DR. DONALD RAGGIO AND
                              DR. CHRIS RAGGIO**
                              s/Charles "Brad" Martin
                              CHARLES "BRAD" MARTIN, MSB# 100767

OF COUNSEL:
MITCHELL H. TYNER, SR., MSB# 8169
CHARLES "BRAD" MARTIN, MSB# 100767
**TYNER, GOZA, STACEY & MARTIN, LLC**
114 West Center Street
Canton, MS 39046

5

Phone: 601-401-1111
Fax: 601-957-6554

## <u>CERTIFICATE OF SERVICE</u>

   I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via the Court's electronic filing system on the following:

   Edwin S. Gault, Jr., Esq.
   Mandie B. Robinson, Esq.
   Forman Watkins & Krutz LLP
   210 East Capitol Street, Suite 2200
   Jackson, MS 39201-2375

   Ethan Jacobs, Esq.
   Holland Law, LLP
   220 Montgomery Street, Suite 800
   San Francisco, California 94104

      Respectfully submitted, this the 24th day of July, 2017.

        s/ Charles B. Martin
        CHARLES "BRAD" MARTIN, MSB# 100767

7

### In The Matter Of:

*Dr. Donald Raggio and Dr. Chris Raggio v MTGOX, a sole proprietorship, et al*

---

*Jed McCaleb 30(b)6 Representative*
*November 17, 2016*
*Jed McCaleb 30(b)6 Code Collective, LLC 11-17-16*

---

*Aspire Reporting, LLC*
*P.O. Box 2605*
*Ridgeland, MS 39158-2605*
*1.800.73.STENO*

Original File cw111716 Jed McCaleb.txt
Min-U-Script® with Word Index



Jed McCaleb 30(b)6 Code Collective, LLC 11-17-16

63

1    A.    Yeah.   I don't know when the bitcoin was

2  moved back into Mt. Gox, but I know that we didn't

3  discover it being moved back into Mt. Gox until after

4  I had sold it to Mark.

5    Q.    What was the date that you sold Mt. Gox to

6  Mark?

7    A.    It was February 5th, 6th, or 7th, somewhere

8  in there.

9    Q.    Okay.  Did you tell -- you were already aware

10 that the coin had been stolen.  Right?

11   A.    Well, I don't know if the coin was stolen.  I

12 know that it was -- Chris was claiming that.  Like, I

13 don't really know what happened to it, so ...

14   Q.    Okay.  But at the time you sold the exchange,

15 you knew that Chris had said there was --

16   A.    That's right.

17   Q.    -- 9,000 missing?  Okay.  And did you believe

18 Chris?

19   A.    I did.  I mean, it's -- you know, I mean, I'm

20 not a hundred percent certain, but, you know, I

21 believe him.

22   Q.    After -- well, before he reported to you that

23 he was missing this bitcoin, had anybody else had any

24 bitcoin missing?

25   A.    I don't know if it was before or after, but

| | |
|---|---|
| **From:** | Jed McCaleb <admin@mtgox.com> |
| **Sent:** | Saturday, February 12, 2011 2:34 PM |
| **To:** | Mark Karpeles |

So here are the details of fraud and why I think it is this guy on the site...
This account donraggio had about 9k btc stolen from him Jan 6th-9th.
It looks like someone must have guessed or figured out his password somehow. I talked to him on the phone so I believe that this really happened.
The stolen coins were sent to: 1DVQEpTFjxYpZMVy4Bam9MCxeGEtmMmQCh
That address has sent 20 BTC to: 12VLe9wFVdio8gEjRqFJdZ1g5qBDfVfZkJ
Which happens to be a mtgox address.
The account that sent them there was name "baron"

This baron account also has other suspicious activity.
Out of the blue he deposited $75k in LR.
With that he bought about $15k worth of coins. And has been just withdrawing the money since then.

Date of baron btc funding: 1294363502  01 / 06 / 11 @ 7:25:02pm EST Date of LR fund U1172929:  (01/06/11 @ 6:53:21pm, 7:14:07pm EST, 7:14:58pm) 1294361601 1294362847 1294362898 Date of theft from donraggio: 1294367953  01 / 06 / 11 @ 8:39:13pm EST Date of start withdrawal to U2839087: 1294519650  01 / 08 / 11 @ 2:47:30pm EST basically $1000 a day till now Date of LR fraud: Jan 20th

His email is: baron@contractor.net
Which I just find this on google:
http://www.scamwarners.com/forum/viewtopic.php?f=12&t=10858

My thought is that he is related to the guys who stole so much LR from us. I think he funded our LR account so he would be certain there would be LR there to steal.
He definitely know who stole the coins from don raggio unless 1DVQEpTFjxYpZMVy4Bam9MCxeGEtmMmQCh is a mybitcoin address.
What do you think?



1

MCCALEB 000220

Looking deeper at those addresses, it's possible that the owners of these addresses also know the attacker directly or indirectly:

1LiEy7V4GK1JUMBPomx2JcCREdRdtpvuj8
15ZpDyyehXLc8BiCUBMis5sTa2pJdNpdeD
1BR5DuhypnMkVmJoQ2YncKiyvQgsjLjBqm
1MTqhJjCunRRHk1UBQkkAJBc1BjRwvHpkD

Take a look at 12VLe9wFVdio8gEjRqFJdZ1g5qBDfVfZkJ's sending transaction:
http://blockexplorer.com/tx/ff31ac4bb91cf21c96cf779b406b61bad67857812eb9610ada806cc575da069f#i302983
That non-highlighted input address, 1HAnpTE76WTzVvEmyNmgpxZHGZqX6i1X6m, is guaranteed to also be owned by the owner of 12VLe9wFVdio8gEjRqFJdZ1g5qBDfVfZkJ.

You can also get information from the attacker's received payments. 1BR5DuhypnMkVmJoQ2YncKiyvQgsjLjBqm was paid by 19CJwUXXBSnmZCkj2hUpyY1cAPZatC12TT, who therefore knows him. Look at that transaction:
http://blockexplorer.com/tx/fb4bf12185bce7ff7c1b472fe74d4ad11560528ce57a8254a2ae23789ac2267b#o0
The non-highlighted output address is owned by either 19CJwUXXBSnmZCkj2hUpyY1cAPZatC12TT or 1BR5DuhypnMkVmJoQ2YncKiyvQgsjLjBqm.

You can continue going deeper, though it fans out quickly. The third level probably has several hundred addresses.

More "top-level" addresses will become known once the attacker spends more BTC from the target address. Keep watching the page for 1DVQEpTFjxYpZMVy4Bam9MCxeGEtmMmQCh.

To find the attacker, you need to somehow link one of these addresses to a real person, and then get them to tell you who they received the coins from. By following these transactions, you should eventually be able to trace the coins back to the attacker. You might start by asking MtGox, MyBitcoin, Vekja, and other EWallet services whether they own any of these addresses.

Some day I plan to add a feature to Bitcoin Block Explorer that will show all addresses associated with a target (as I did manually in the text above), but I am unfortunately too busy to work on that right now.

Tell me if you have any questions about getting address histories. I hope you find the thief!

On Thu, 10 Feb 2011 08:39 -0500, "Jed McCaleb" <admin@mtgox.com> wrote:
> Can I give this guy your email?
>
>
> ---------- Forwarded message ----------
> From: Donald Raggio <donald.raggio@gmail.com>
> Date: Thu, Feb 10, 2011 at 7:54 AM
> Subject: Re: account funded by wire
> To: Jed McCaleb <admin@mtgox.com>
>
>
> Thanks for telling me about Theymos.   It's hard for me to use IRC at
> work.   Maybe if we could get in touch with him he could create
> something that monitors that address and notifies us when they are
> transferred.   I would reward him and you with BTC for recovering the
> stolen BTC.   Does that sound like a good idea?

1



MCCALEB 000007

>
>
>
> PS
>
>   Thanks for creating such a cool platform.
>
> Chris (for Don)
>
>
>
> On Jan 10, 2011, at 3:26 AM, Jed McCaleb <admin@mtgox.com> wrote:
>
> > Oh jeez that's bad.
> > I would go to IRC channel #bitcoin-dev and talk to theymos. He wrote
> > a block explorer that you can use to possibly track where the coins
> > went.
> > Any idea how someone got your password?
> > Jed.
> >
> > On Sun, Jan 9, 2011 at 11:36 PM, Don Raggio <donald.raggio@gmail.com> wrote:
> >> Somebody is conducting unauthorized withdrawals on my account.  They've
> >> taken 9k in BTC so far.  I changed the password.  Please Advise.  All were
> >> sent to 1DVQEpTFjxYpZMVy4Bam9MCxeGEtmMmQCh
> >>
> >> Don
> >>
>

MCCALEB  000007.1

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
HINDS COUNTY, MISSISSIPPI**

**DR. DONALD RAGGIO**                                                    **PLAINTIFFS**
**DR. CHRIS RAGGIO**

**VS.**                                                    **CIVIL ACTION NO. 14-71**

**MTGOX a sole proprietorship;**
**MTGOX, Inc., a Delaware corporation;**
**MT.GOX KK, a Japanese corporation;**
**TIBANE KK, a Japanese corporation;**
**MUTUM SIGILLUM, LLC a Delaware limited Liability Company;**
**CODE COLLECTIVE, LLC a New York limited liability company;**
**JED McCALEB, an individual;**
**MARK KARPELES, an individual;**
**JOHN DOES 1-5, and CORPORATE JOHN DOES 1-5**          **DEFENDANTS**

---

## LETTER ROGATORY

THE APPROPRIATE AUTHORITY IN THE CIRCUIT COURT OF THE FIRST JUDICIAL
DISTRICT HINDS COUNTY, MISSISSIPPI

### GREETINGS
### FROM THE PEOPLE OF THE STATE OF MISSISSIPPI

In the Circuit Court of the First Judicial District, Hinds County, Mississippi there is

pending a certain action entitled Dr. Donald Raggio et al. vs. MTGOX, et al., which is numbered

and styled as shown above.  The parties to the action are Plaintiffs Dr. Donald Raggio and Dr.

Chris Raggio and Defendant Jed McCaleb.  In connection with that action, Plaintiffs, Dr. Donald

Raggio and Dr. Chris Raggio, desire to obtain certain vital and necessary records from Google,

Inc., by service upon Corporation Service Company, 2710 Gateway Oaks Drive, Suite 150N,

Sacramento, CA 95833.

1

It is therefore requested that you assist this Court in serving the interest of justice by issuing a Subpoena Duces Tecum to Google, Inc., by service upon Corporation Service Company, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833, commanding said custodian of records to produce a copy of the following:

Copies of all emails, attachments, and any other electronically transmitted communication for the account of Jeb McCaleb (available email address jed2000@gmail.com) for the time period commencing January 1, 2010 and continuing through the end of December 31, 2014.

Said documents requested and produced shall be delivered SEALED to the attorneys for the Defendants at the following address:

Edwin S. Gault, Jr. Esq
Forman Watkins & Krutz LLP
200 South Lamar Street, Suite 100
Jackson, Mississippi 39201-4099

ORDERED this the 25th day of July, 2017

HONORABLE TOMIE GREEN
SENIOR CIRCUIT COURT JUDGE

Prepared by:
s/ Charles B. Martin
CHARLES "BRAD" MARTIN, MSB# 100767
**TYNER, GOZA, STACEY & MARTIN, LLC**
114 West Center Street
Canton, MS 39046
Phone: 601-401-1111
Fax: 601-957-6554

2

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
## HINDS COUNTY, MISSISSIPPI

**DR. DONALD RAGGIO**                                        **PLAINTIFFS**
**DR. CHRIS RAGGIO**


**VS.**                                        **CIVIL ACTION NO. 14-71**


**MTGOX a sole proprietorship;**
**MTGOX, Inc., a Delaware corporation;**
**MT.GOX KK, a Japanese corporation;**
**TIBANE KK, a Japanese corporation;**
**MUTUM SIGILLUM, LLC a Delaware limited Liability Company;**
**CODE COLLECTIVE, LLC a New York limited liability company;**
**JED McCALEB, an individual;**
**MARK KARPELES, an individual;**
**JOHN DOES 1-5, and CORPORATE JOHN DOES 1-5**                    **DEFENDANTS**

---

## <u>LETTER ROGATORY</u>

THE APPROPRIATE AUTHORITY IN THE CIRCUIT COURT OF THE FIRST JUDICIAL
DISTRICT HINDS COUNTY, MISSISSIPPI


### GREETINGS
### FROM THE PEOPLE OF THE STATE OF MISSISSIPPI

In the Circuit Court of the First Judicial District, Hinds County, Mississippi there is

pending a certain action entitled Dr. Donald Raggio et al. vs. MTGOX, et al., which is numbered

and styled as shown above.  The parties to the action are Plaintiffs Dr. Donald Raggio and Dr.

Chris Raggio and Defendant Jed McCaleb.  In connection with that action, Plaintiffs, Dr. Donald

Raggio and Dr. Chris Raggio, desire to obtain certain vital and necessary records from JPMorgan

Chase Bank, N.A., 7610 W. Washington St. Fl. 1, Indianapolis, IN 46231.

It is therefore requested that you assist this Court in serving the interest of justice by

issuing a Subpoena Duces Tecum to JPMorgan Chase Bank, N.A., 7610 W. Washington St. Fl.

1, Indianapolis, IN 46231, commanding said custodian of records to produce a copy of the following:

Bank account records for Washington Mutual account numbered 021272723 maintained in the name of Jeb McCaleb, or to which he otherwise had authority to access, as including any other accounts held for Jeb McCaleb at any branch of JPMorgan Chase Bank, N.A. for the time period commencing January 1, 2010 and ending December 31, 2014.  Such request includes all bank records and associated documents, including but not limited to check copies, statements, wire transfer confirmations and statements, opening and closing documents and forms, and currency and other reports associated with any transactions related to said accounts.  The accounts requested means all accounts, including loan, collateralized, or any sort of debt account.

Said documents requested and produced shall be delivered SEALED to the attorneys for the Defendants at the following address:

Edwin S. Gault, Jr. Esq
Forman Watkins & Krutz LLP
200 South Lamar Street, Suite 100
Jackson, Mississippi 39201-4099

ORDERED this the _25th_ day of ~~May~~, _July 26_ 2017

_____
HONORABLE TOMIE GREEN
SENIOR CIRCUIT COURT JUDGE

Prepared by:
s/ Charles B. Martin
CHARLES "BRAD" MARTIN, MSB# 100767
**TYNER, GOZA, STACEY & MARTIN, LLC**
114 West Center Street
Canton, MS 39046
Phone: 601-401-1111
Fax: 601-957-6554

2

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
HINDS COUNTY, MISSISSIPPI**

**DR. DONALD RAGGIO**                                               **PLAINTIFFS**
**DR. CHRIS RAGGIO**


**VS.**                                                    **CIVIL ACTION NO. 14-71**


**MTGOX a sole proprietorship;**
**MTGOX, Inc., a Delaware corporation;**
**MT.GOX KK, a Japanese corporation;**
**TIBANE KK, a Japanese corporation;**
**MUTUM SIGILLUM, LLC a Delaware limited Liability Company;**
**CODE COLLECTIVE, LLC a New York limited liability company;**
**JED McCALEB, an individual;**
**MARK KARPELES, an individual;**
**JOHN DOES 1-5, and CORPORATE JOHN DOES 1-5**          **DEFENDANTS**

---

## ORDER OF LETTERS ROGATORY

THE PEOPLE OF THE STATE OF MISSISSIPPI, TO:

Superior Court of California
Administration
County of Santa Clara
191 North First Street, San José, CA 95113

It is necessary that a Subpoena Duces Tecum be issued by the appropriate judicial

authority in the Superior Court of California, County of Santa Clara.  Please issue a Subpoena

Duces Tecum to Google, Inc., by service upon Corporation Service Company, 2710 Gateway

Oaks Drive, Suite 150N, Sacramento, CA 95833, ordering said custodian of records to produce

to wit:

Copies of all emails, attachments, and any other electronically transmitted
communication for the account of Jeb McCaleb (available email address jed2000@gmail.com)
for the time period commencing January 1, 2010 and continuing through the end of December
31, 2014.

Said documents requested and produced shall be delivered SEALED to the attorneys for

the Defendants at the following address:

> Edwin S. Gault, Jr. Esq
> Forman Watkins & Krutz LLP
> 200 South Lamar Street, Suite 100
> Jackson, Mississippi 39201-4099

SO ORDERED this the _25th_ day of ~~May~~ *July* 2017

HONORABLE TOMIE GREEN
SENIOR CIRCUIT COURT JUDGE

Prepared by:
s/ Charles B. Martin
CHARLES "BRAD" MARTIN, MSB# 100767
**TYNER, GOZA, STACEY & MARTIN, LLC**
114 West Center Street
Canton, MS 39046
Phone: 601-401-1111
Fax: 601-957-6554

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT**
**HINDS COUNTY, MISSISSIPPI**

DR. DONALD RAGGIO                                           **PLAINTIFFS**
DR. CHRIS RAGGIO


VS.                                                        **CIVIL ACTION NO. 14-71**


MTGOX a sole proprietorship;
MTGOX, Inc., a Delaware corporation;
MT.GOX KK, a Japanese corporation;
TIBANE KK, a Japanese corporation;
MUTUM SIGILLUM, LLC a Delaware limited Liability Company;
CODE COLLECTIVE, LLC a New York limited liability company;
JED McCALEB, an individual;
MARK KARPELES, an individual;
JOHN DOES 1-5, and CORPORATE JOHN DOES 1-5          **DEFENDANTS**

---

## ORDER OF LETTERS ROGATORY

THE PEOPLE OF THE STATE OF MISSISSIPPI, TO:

Circuit Court of Indiana
County of Marion
Clerk's Office
200 E. Washington St., #W-122
Indianapolis, IN 46204

It is necessary that a Subpoena Duces Tecum be issued by the appropriate judicial authority in the Circuit Court of Indiana, County of Marion.  Please issue a Subpoena Duces Tecum to JPMorgan Chase Bank, N.A., 7610 W. Washington St. Fl. 1, Indianapolis, IN 46231, ordering said custodian of records to produce to wit:

Bank account records for Washington Mutual account numbered 021272723 maintained in the name of Jeb McCaleb, or to which he otherwise had authority to access, as including any other accounts held for Jeb McCaleb at any branch of JPMorgan Chase Bank, N.A. for the time period commencing January 1, 2010 and ending December 31, 2014.  Such request includes all bank records and associated documents, including but not limited to check copies, statements,

1

wire transfer confirmations and statements, opening and closing documents and forms, and currency and other reports associated with any transactions related to said accounts. The accounts requested means all accounts, including loan, collateralized, or any sort of debt account.

Said documents requested and produced shall be delivered SEALED to the attorneys for

the Defendants at the following address:

Edwin S. Gault, Jr. Esq
Forman Watkins & Krutz LLP
200 South Lamar Street, Suite 100
Jackson, Mississippi 39201-4099

SO ORDERED this the 25th day of July 2017

HONORABLE TOMIE GREEN
SENIOR CIRCUIT COURT JUDGE

Prepared by:
s/ Charles B. Martin
CHARLES "BRAD" MARTIN, MSB# 100767
**TYNER, GOZA, STACEY & MARTIN, LLC**
114 West Center Street
Canton, MS 39046
Phone: 601-401-1111
Fax: 601-957-6554

2

### IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
### HINDS COUNTY, MISSISSIPPI

**DR. DONALD RAGGIO**
**DR. CHRIS RAGGIO**                                                    **PLAINTIFFS**

**VS.**                                                    **CAUSE NO. 14-CV-00071-TTG**

**MTGOX, et al.**                                                    **DEFENDANTS**

### RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL RESPONSE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT BASED ON NEWLY DISCOVERED EVIDENCE OR, IN THE ALTERNATIVE, TO SUPPLEMENT SUMMARY JUDGMENT RECORD

Code Collective, LLC and Jed McCaleb (together, "McCaleb"), hereby respond to the Raggios' motion for leave to file a supplemental response to McCaleb's motion for summary judgment.

1.      The Raggios filed their current motion in an attempt to salvage their time-barred claims.   Their assertion that they suffered prejudice from active concealment of documents is nothing more than a red herring intended to confuse the only issue before the Court – the application of the statute of limitations to their claims.

2.      The Raggios filed this suit claiming 9,400 bitcoins were stolen from their account on the MTGOX bitcoin exchange, and claiming McCaleb is liable to re-pay their stolen coins. It is undisputed that the Raggios discovered the theft and reported it to McCaleb on January 9, 2011.[1]

3.      Because the Raggios did not file suit until March 5, 2014, three years and 54 days after the theft, McCaleb moved for summary judgment based on the statute of limitations.[2]

---

[1] *See* Complaint, Doc. # 1, at ¶ 16.
[2] *See* Motion for Summary Judgment Based on the Statute of Limitations, Doc. #29.

4.      To avoid summary judgment, the Raggios claimed to have a "theory that the statute of limitations was either tolled or had not yet began to run upon the theft of the bitcoins" because "certain written and oral representations were made" to them.[3]

5.      Yet McCaleb pointed out that under Mississippi law, "tolling" of a statute of limitations is only allowed where the plaintiff **does not know of the wrongful act or injury**.[4]

6.      The Raggios have now filed a motion seeking leave to file a supplemental response to McCaleb's motion for summary judgment and claim the discovery of additional emails by and between McCaleb and others supports their request.[5]

7.      Aside from their false accusations that McCaleb willfully withheld these emails – which will be addressed in the Response to the Raggios' motion for sanctions – the Raggios claim they were prejudiced by not having these emails when responding to the motion for summary judgment because the emails "evidence further fraudulent concealment" by McCaleb.[6]

8.      One look at the emails shows this claim is blatantly false.   Fraudulent concealment requires a movant to show that "(1) some affirmative act or conduct was done and prevented discovery of a claim, and (2) due diligence was performed on their part to discover

---

[3] Motion To Allow Time For Discovery Under Rule 56(d) And In Opposition To Defendants' Motion For Summary Judgment, Doc. #35, at p. 10.

[4] *See* Defendants' Reply in Support of Defendants' Motion for Summary Judgment, Doc.# 37, at p. 1. (citing *Raddin v. Manchester Education Foundation*, 175 So 3d 1243 (Miss. 2015); *WW, Inc. v. Belk*, Order Granting Defendants Motion for Summary Judgment, 2010 WL 10933381 (Miss. Cir. Jan. 26, 2010), aff'd 68 So. 3d 1290 (Miss. 2011); *Belenchia v. St. Mary's Catholic School*, Memorandum Opinion, 2003 WL 25791191(Miss. Cir. Sept. 29, 2003)).

[5] *See* Plaintiffs' Motion For Leave To File Supplemental Response In Opposition To Motion For Summary Judgment Based On Newly Discovered Evidence Or, In The Alternative, To Supplement Summary Judgment Record, Doc. # 132.

[6] *Id.* at p. 2.

it."[7]   Furthermore, there must be "some subsequent affirmative act by the defendant which was designed to prevent and which did prevent discovery of the claim."[8]

9.      The emails referenced by the Raggios are nothing more than correspondence by and between McCaleb and others, including what appear to be draft emails to Mark Karpeles, which question the way Karpeles was managing MTGOX.[9]   They do not discuss the Raggios' coins, the investigation into the alleged theft, or what to tell the Raggios about their coins in any way.   It is telling that even the Raggios' motion makes no attempt to explain how the emails relate to the application of the statute of limitations.[10]

Because these emails have no bearing whatsoever on the statute of limitations issue pending before the Court, the request to file a supplemental response to the fully-briefed issue of summary judgment should be denied.   In the alternative, if the Raggios are permitted to file a supplemental response, then McCaleb requests leave to file a supplemental reply.

Respectfully submitted, this the 27th day of July, 2017.

                              **CODE COLLECTIVE, LLC, and**
                              **JED McCALEB, individually and formerly**
                              **doing business as MTGOX, a sole proprietorship**


                    By:    */s/Mandie B. Robinson*_____
                              EDWIN S. GAULT, JR., MSB #10187
                              MANDIE B. ROBINSON, MSB #100446

---

[7] *Aydin v. Daniels*, 179 So. 3d 1171, 1174 (Miss. Ct. App. 2015).
[8] *Id.* (quoting *Andrus v. Ellis*, 887 So.2d 175, 181 (Miss. 2004)).
[9] *See* Exhibit A to Plaintiffs' Motion, Doc. # 132.1.
[10] Moreover, the Raggios may not now try to provide such an explanation for the first time in any reply to this response.

OF COUNSEL:

FORMAN WATKINS & KRUTZ LLP
210 East Capitol Street, Suite 2200
Jackson, MS 39201-2375
Post Office Box 22608
Jackson, MS    39225-2608
Telephone:    (601) 960-8600
Facsimile:    (601) 960-8613
win.gault@formanwatkins.com
mandie.robinson@formanwatkins.com

ETHAN JACOBS
HOLLAND LAW, LLP
220 Montgomery Street, Suite 800
San Francisco, California 94104
Telephone: (415) 200-4984
ejacobs@hollandlawllp.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing document via email on the following:

Mitchell H. Tyner, Sr.
Charles Brad Martin
TYNER, GOZA, STACEY & MARTIN, LLC
114 West Center Street
Canton, MS 39046
mtyner@tynerlawfirm.com
bmartin@tynerlawfirm.com

This the 27th day of July, 2017.

/s/ Mandie B. Robinson
MANDIE B. ROBINSON

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
## HINDS COUNTY, MISSISSIPPI

**DR. DONALD RAGGIO**                                                    **PLAINTIFFS**
**DR. CHRIS RAGGIO**


**VS.**                                                    **CIVIL ACTION NO. 14-71**


**MTGOX a sole proprietorship;**
**MTGOX, Inc., a Delaware corporation;**
**MT.GOX KK, a Japanese corporation;**
**TIBANE KK, a Japanese corporation;**
**MUTUM SIGILLUM, LLC a Delaware limited Liability Company;**
**CODE COLLECTIVE, LLC a New York limited liability company;**
**JED McCALEB, an individual;**
**MARK KARPELES, an individual;**
**JOHN DOES 1-5, and CORPORATE JOHN DOES 1-5**                **DEFENDANTS**


## PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL RESPONSE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT BASED ON NEWLY DISCOVERED EVIDENCE OR, IN THE ALTERNATIVE, TO SUPPLEMENT SUMMARY JUDGMENT RECORD

COME NOW the Plaintiffs, by and through the undersigned counsel, and file this Reply in Support of Motion seeking leave to file a Supplemental Response to the Defendants' Motion for Summary Judgment Based on the Statute of Limitations based upon newly discovered evidence or, in the alternative, leave to supplement the summary judgment record with the newly discovered evidence and in support thereof would show unto this Court the following matters and facts, to-wit:

1.   In line with the intentional withholding of crucial documents pertinent to the claims of the Raggios, the Defendants' response contains blatant misrepresentations of the Raggios' Motion

1

for Leave and of the Motion for Summary Judgment briefing and argument which has previously come before this Court.

2.   The Defendants' response is nothing more than a revisionism and an attempt to relitigate a matter that has previously come before this Court.   The Defendants claim the Raggios are attempting to "salvage" their claims, which the Defendants argue are time barred.   However, any argument by the Defendants to the contrary has previously been rejected by this Court.   As iterated in the Raggio's Motion, a hearing upon the Defendants' Motion for Summary Judgment was conducted on April 18, 2017.   ***While no formal Order has yet been entered by this Court, the court explicitly expressed from the bench that genuine issues of material fact exist.***

3.   For the Court's edification, the Defendants claim the Raggios' claims began to run on January 9, 2011.   However, bitcoins come back into MTGOX to another account and representations were made to the Raggios that they would get their bitcoins back.   In summary, the Raggios have argued since day one that the statute of limitations did not begin to run until March 2012 when Mark Karpeles disavowed any responsibility.

4.   In their response to the Defendants' Motion for Summary Judgment, the Raggios argued in the alternative that if the statute of limitations did begin to run on January 9, 2011, that certain representations made by the Defendants tolled the statute of limitations under fraudulent concealment, equitable estoppel, the discovery rule and the continuing tort doctrine. The newly discovered documents clearly lend great strength to these arguments in that they rebut the representations of Defendant McCaleb made to the Raggios that Mark Karpeles was doing things by the book and that they would get their coins back.   *See* Exhibit A, December 27, 2011 email. Contrary to the Defendants' response, the Raggios were clearly prejudiced in not having these documents to evidence the flat out lies by Defendant McCaleb.

5.   Again, these documents clearly show Defendant McCaleb was lying to the Raggios, that Defendant McCaleb asked Mark Karpeles to step down as CEO, that Defendant McCaleb expressed concerns Mark Karpeles was using customer deposits (which one would assume included the Raggios' own deposits) to pay for expenses, and that Mark Karpeles believed that MTGOX had been operating illegally from its inception.   These statements contradict Defendant McCaleb's false representation to the Raggios that Mark Karpeles was doing everything by the book and that the Raggios would get their coins back.

5.   These documents are some of the strongest, if not the strongest, evidence that Defendant McCaleb intentionally lied to the Raggios to keep them from filing a claim and support equitable estoppel, fraudulent concealment, the continuing tort doctrine and the discovery rule. Through his actions and words, Defendant McCaleb cannot be trusted.   He lied time and time again and continued this dishonestly by intentionally withholding crucial evidence.   Even recently, Defendant McCaleb held out publicly on Twitter that he had nothing to do with MTGOX since 2010.   *See* Exhibit B, Twitter tweet.   This is a pattern of dishonesty that occurs time and time again with this Defendant.

6.   Again, it is of the utmost importance that the Raggios be allowed to file a supplemental brief or be allowed to introduce these documents into the record in that is anticipated the Defendants will appeal this Court's Order on the Motion for Summary Judgment to the Mississippi Supreme Court.

WHEREFORE PREMISES CONSIDERED, the Plaintiffs respectfully request this Court enter an Order allowing for leave to file a Supplemental Response in Opposition to the Defendants' Motion for Summary Judgment.   In the alternative, the Plaintiffs seek leave to supplement the summary judgment record with the newly discovered evidence this matter.   Plaintiffs further

pray for the award of all additional relief in favor of the Plaintiffs deemed appropriate by this

Honorable Court.

      RESPECTFULLY SUBMITTED, this the 1st day of August, 2017.

             **DR. DONALD RAGGIO AND**
             **DR. CHRIS RAGGIO**

             s/Charles "Brad" Martin
             CHARLES "BRAD" MARTIN, MSB# 100767

OF COUNSEL:
MITCHELL H. TYNER, SR., MSB# 8169
CHARLES "BRAD" MARTIN, MSB# 100767
**TYNER, GOZA, STACEY & MARTIN, LLC**
114 West Center Street
Canton, MS 39046
Phone: 601-401-1111
Fax: 601-957-6554

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via the Court's electronic filing system on the following:

Edwin S. Gault, Jr., Esq.
Mandie B. Robinson, Esq.
Forman Watkins & Krutz LLP
210 East Capitol Street, Suite 2200
Jackson, MS 39201-2375

Ethan Jacobs, Esq.
Holland Law, LLP
220 Montgomery Street, Suite 800
San Francisco, California 94104

Respectfully submitted, this the 1st day of August, 2017.

s/ Charles B. Martin
   CHARLES "BRAD" MARTIN, MSB# 100767

Gmail - hey                                    https://mail.google.com/mail/u/0/?ui=5948ce893&view=pt&q=to...

 Gmail

Chris Raggio <chris.raggio@gmail.com>

## hey
4 messages

---

**Chris Raggio** <chris.raggio@gmail.com>                     Wed, Dec 21, 2011 at 8:18 PM
To: Jed McCaleb <jed@mtgox.com>

Hey Jed,

How's everything going? I'm feeling good. I think 2012 is going to be a breakout year for bitcoin in terms of
technology maturation, wider adoption, and increased exchange value which everyone is so focused on.    I haven't
been doing much with the technology.  That is best left to guys like you who can code circles around me.  I've been
studying economics to try to understand how a currency as different from anything that has come before might change
things.  It's not easy.  Economics is a social science and most of it makes no sense at all.  Logical thinking is
disadvantageous to anyone trying to learn what is accepted as truth in this field.

Just to let you know I e-mailed Mark asking him what he intends to do with the stolen coins.  I haven't heard back from
him yet.  Originally he said he wanted to give "Baron a year to speak for himself."   I don't know why we would bother
with somebody who hides behind an alias and an altered passport but whatever.  We are approaching the 1 year
anniversary of the theft.

I'm not asking you to intervene on my or my father's behalf.  Mark is the owner of Mt Gox now.   It's his call whether he
wants to make things right with us as he did with Bitomat.  My father and I appreciate everything you did to investigate
and pursue the thief.  You didn't have to go to the lengths you went to for us.  We thank you.

Have a nice holiday,

Chris

---

**Jed McCaleb** <jed@mtgox.com>                               Tue, Dec 27, 2011 at 1:16 PM
To: Chris Raggio <chris.raggio@gmail.com>

Hey Chris,
Yeah I think it is just a mater of time before something like bitcoin
takes hold.
I'll ask him again what is happening to the baron money. I'm sure he
will eventually give it to you. I know he is trying to do everything
very by the book so I think he had to wait for legal reasons.
Do you happen to remember those two guys from the conference in nyc
that were from Louisiana or mississippi? They owned a bank or
something down there. Did you get their contact info by any chance?
Thanks,
Jed.
[Quoted text hidden]



---

**Chris Raggio** <chris.raggio@gmail.com>                     Tue, Dec 27, 2011 at 5:59 PM
To: Jed McCaleb <jed@mtgox.com>

Hey Jed,

I think it was two guys who told me they were from Louisiana.  They gave me a business card that said "Bitcoin
Solutions LLC" which is also the handle they use on the forums   Their business card is attached as an image.  I
talked to them at the conference for maybe 20 minutes.  The product that they were offering at that time was a

---

RAGGIO    00004
8/22/2016 4:18 AM

**Stéphane Bortzmeyer** @bortzmeyer                            Mar 30

The first general Federated Byzantine Agreement protocol: SCP (Stellar
Consensus Protocol). @StellarOrg #IETF98

  

↑    ↻ 1    ♥ 3    ✉

**Alexandre David** @daboloskov                               Mar 30

Beware of Jed McCaleb's scams. #Ripple #Mtgox #eDonkey cc
@blockchainbd @a_ferron

↑    ↻    ♥ 1    ✉

**Jed McCaleb**
@JedMcCaleb



Replying to @daboloskov and 3 others

what are you talking about? I had nothing to do w/ mtgox after
2010 if that is what you mean

4:27 PM · Mar 30, 2017

↑    ↻    ♥    ✉    •••



**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT**
**HINDS COUNTY, MISSISSIPPI**

**DR. DONALD RAGGIO**
**DR. CHRIS RAGGIO**                                                    **PLAINTIFFS**

**VS.**                                                    **CAUSE NO. 14-CV-00071-TTG**

**MTGOX, et al.**                                                    **DEFENDANTS**

## RESPONSE TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

Code Collective, LLC and Jed McCaleb (together, "McCaleb"), hereby respond to the Raggios' motion for a protective order as follows:

1.      The Raggios filed this suit asserting 9,400 bitcoins were stolen from their account on the MTGOX bitcoin exchange, that said bitcoins were then converted by McCaleb,[1] and seeking either the return of 9,400 bitcoins or damages equal to the current value of those bitcoins.

2.      McCaleb has served discovery seeking certain financial information from the Raggios which directly relate to their allegations and his defenses thereto, including Chris Raggio's possible involvement in the theft.  McCaleb's requests regarding the Raggios' bitcoin trading history and other financial information are proper to support this defense, as well as his other defenses to their claims.  *See West v. West*, 891 So. 2d 203, 218 (Miss. 2004) (noting if "the financial information requested would positively or negatively affect" a party's entitlement to an award, it would be discoverable under Rule 26(b)(1)).

3.      The Raggios filed the current Motion for Protective Order arguing McCaleb is not entitled to the information because "[n]othing in the record supports any of these baseless and

---

[1]  The allegations of conversion are completely disingenuous, as the Raggios allege that as of the date they filed suit, their bitcoins remained in the thief's frozen account. *See* Complaint, Doc. #1, at ¶¶ 22 and 48.

frivolous allegations."[2]  However, there is evidence before this Court supporting Chris Raggio's possible involvement as discussed more fully below.  Further, there is no question the Raggios' financial information is also relevant to McCaleb's other defenses.

4.      Firstly, the Raggios' own briefing, along with further investigation in this matter, has revealed facts that suggest Chris Raggio may have been responsible for the theft all along as he had the motive and technical skills necessary to fake the theft of bitcoins from his own MTGOX account.[3]  As the Raggios themselves have told this Court, Chris Raggio has a degree in computer science, has worked as a software engineer, and conducted a "rigorous financial analysis" of bitcoin's future value.[4]

5.      Further, evidence of the Raggios' financial information is relevant to McCaleb's other defenses, including lack of mitigation of damages and unclean hands.[5]  Such information is specifically relevant to show (1) the Raggios' ability and failure to mitigate damages by purchasing replacement bitcoins, (2) the dates and price at which the Raggios sold bitcoins, which impacts their claim that they would have held their allegedly stolen bitcoins until the all-time high price, and (3) Chris Raggio's purpose in purchasing bitcoin to hide assets from his ex-wife and presumably the divorce Court.

6.      Rule 26(b)(1) of the Mississippi Rules of Civil Procedure entitles parties to "obtain discovery regarding any matter, not privileged, which is relevant to the issues raised by the claims **or defenses of any party** . . ." M.R.C.P. 26(b)(1) (emphasis added).

---

[2] Plaintiffs' Motion for Protective Order, Doc. #138, at ¶ 3.
[3] *See* McCaleb's Motion to Compel Discovery Responses, Doc. # 134 (listing facts in the objections to each discovery response and the arguments to compel.
[4] *See* Plaintiffs' Response to Defendants' Motion for Summary Judgment, Doc. #77, at p. 3.
[5] Plaintiffs argue the doctrine of unclean hands should not apply, asserting that Chris Raggio's bragging about purchasing bitcoins to hide money from his ex-wife in his divorce proceedings "has no relation to anything involved in the suit."  *See* Plaintiffs' Motion for Protective Order, Doc. #138, p. 4.  But the relationship is obvious. Mr. Raggio's comments directly bear on his pattern of secrecy and deception regarding the purchase, ownership, and storage of the bitcoins that he claims were secretly stolen by McCaleb.

7.      This includes discovery of financial information where it is relevant to a party's claims or defenses. *See Bros. v. Winstead,* 129 So. 3d 906, 928 (Miss. 2014) (refusal to allow discovery into the plaintiff's finances was erroneous as the information reflected an issue that "was central to both parties' theories of the case."); *Bluewater Logistics, LLC v. Williford*, 55 So. 3d 148, 152 (Miss. 2011) (chancellor ordered defendant LLC members to produce the LLC's financial information for use in evaluating an ousted LLC member's interests); *West*, 891 So. 2d at 218 (Miss. 2004) (chancellor erred in denying a party's request for financial documentation and limiting the party to merely asking questions regarding finances in the opposing party's deposition).

8.      The court in *West* noted the chancellor's original instruction for one party to rely solely on deposition testimony, rather than actually obtaining financial documentation, was erroneous, stating:

> In contentious proceedings involving complex finances of such great magnitude, it is not sufficient to simply tell one party to rely on the self-interested assertions of their opponent and his witnesses. Doing so eviscerates the aggrieved party of the ability to make a substantive showing of its case.

*Id.* at 219 (holding a wife was entitled to all "documents revealing financial information (including any corporate documents related to distribution or salary)" related to the husband's "various forms of income" as relevant to issue of alimony and property distribution). *See also Channel Control Merchants, LLC v. Davis*, 2012 WL 1365743, at *1 (S.D. Miss. Apr. 19, 2012) (ordering production of tax returns because they were relevant to the subject matter and the information was not otherwise readily obtainable).

9.      Here, the Raggios claim direct financial loss allegedly due to McCaleb's actions, and McCaleb's defenses rely explicitly on the rebutting the specific amount of that claimed financial loss. The *West* and *Channel Control* courts approved of financial discovery on the

grounds that the plaintiffs' claims for lost profits, conversion, and failure to pay a promised salary placed their financial information squarely at issue. Here, the Raggios have placed their own financial information at issue by claiming lost profits due to the price appreciation of bitcoins since the date of the "hack" of their MTGOX account.

10.    In fact, the Raggios claim they would have held the allegedly stolen bitcoins until years later when the bitcoin price reached their all-time high, which would entitle them to astronomical damages. Yet they refuse to produce evidence of when they sold their other bitcoin holdings. An earlier sale could reduce their damages a hundredfold. Thus, the information is clearly relevant, McCaleb has a compelling need for the information, and the information certainly cannot be reliably obtained by other means.

For these reasons, the Raggios' Motion for Protective Order should be denied.

Respectfully submitted, this the 3rd day of August, 2017.

**CODE COLLECTIVE, LLC, and
JED McCALEB, individually and formerly
doing business as MTGOX, a sole proprietorship**

By:    */s/Mandie B. Robinson*
EDWIN S. GAULT, JR., MSB #10187
MANDIE B. ROBINSON, MSB #100446

OF COUNSEL:

FORMAN WATKINS & KRUTZ LLP
210 East Capitol Street, Suite 2200
Jackson, Mississippi 39201-2375
Post Office Box 22608
Jackson, MS  39225-2608
Telephone:  (601) 960-8600
Facsimile:  (601) 960-8613
win.gault@formanwatkins.com
mandie.robinson@formanwatkins.com

4

ETHAN JACOBS
HOLLAND LAW LLP
220 Montgomery Street, Suite 800
San Francisco, California 94104
Telephone: (415) 200-4984
ejacobs@hollandlawllp.com

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing document via email on the following:

     Mitchell H. Tyner, Sr.
     Charles Brad Martin
     TYNER, GOZA, STACEY & MARTIN, LLC
     114 West Center Street
     Canton, MS 39046
     mtyner@tynerlawfirm.com
     bmartin@tynerlawfirm.com

This the 3rd day of August, 2017.

                             */s/ Mandie B. Robinson*
                             MANDIE B. ROBINSON

### IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
### HINDS COUNTY, MISSISSIPPI

**DR. DONALD RAGGIO**
**DR. CHRIS RAGGIO**                                            **PLAINTIFFS**

**VS.**                                            **CAUSE NO. 14-CV-00071-TTG**

**MTGOX, et al.**                                            **DEFENDANTS**

<u>**NOTICE OF SERVICE OF DISCOVERY**</u>

Code Collective, LLC and Jed McCaleb, by and through counsel of record, do hereby give notice to the Court that the following discovery was served as follows:

1.      *Defendants' Sixth Set of Requests for Production to Plaintiffs.*

Respectfully submitted, this the 3rd day of August, 2017.

**CODE COLLECTIVE, LLC, and**
**JED McCALEB, individually and formerly**
**doing business as MTGOX, a sole proprietorship**

By:    <u>*/s/ Mandie B. Robinson*</u>
       EDWIN S. GAULT, JR., MSB #10187
       MANDIE B. ROBINSON, MSB #100446

OF COUNSEL:

FORMAN WATKINS & KRUTZ LLP
210 East Capitol Street, Suite 2200
Jackson, MS 39201-2375
Post Office Box 22608
Jackson, MS 39225-2608
Telephone: (601) 960-8600
Facsimile: (601) 960-8613
win.gault@formanwatkins.com
mandie.robinson@formanwatkins.com

Ethan Jacobs
HOLLAND LAW, LLP
220 Montgomery Street, Suite 800
San Francisco, CA 94104
Telephone: (415) 200-4984
ejacobs@hollandlawllp.com

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via the Court's electronic mail system on the following:

> Mitchell H. Tyner, Sr.
> Charles Brad Martin
> TYNER, GOZA, STACEY & MARTIN, LLC
> 114 West Center Street
> Canton, MS 39046
> mtyner@tynerlawfirm.com
> bmartin@tynerlawfirm.com

This the 3rd day of August, 2017.

/s/ *Mandie B. Robinson*
MANDIE B. ROBINSON

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
HINDS COUNTY, MISSISSIPPI**

**DR. DONALD RAGGIO**
**DR. CHRIS RAGGIO**                                                      **PLAINTIFFS**

**VS.**                                                  **CAUSE NO. 14-CV-00071-TTG**

**MTGOX, et al.**                                                      **DEFENDANTS**

<u>**NOTICE OF SERVICE OF DISCOVERY**</u>

      Code Collective, LLC and Jed McCaleb, by and through counsel of record, do hereby

give notice to the Court that the following discovery was served as follows:

      1.     *Defendants' Second Set of Requests for Admission to Plaintiffs.*

      Respectfully submitted, this the 3rd day of August, 2017.

                            **CODE COLLECTIVE, LLC, and**
                            **JED McCALEB, individually and formerly**
                            **doing business as MTGOX, a sole proprietorship**

                       By:  */s/ Mandie B. Robinson*_____
                           EDWIN S. GAULT, JR., MSB #10187
                           MANDIE B. ROBINSON, MSB #100446

OF COUNSEL:

FORMAN WATKINS & KRUTZ LLP
210 East Capitol Street, Suite 2200
Jackson, MS 39201-2375
Post Office Box 22608
Jackson, MS 39225-2608
Telephone: (601) 960-8600
Facsimile: (601) 960-8613
win.gault@formanwatkins.com
mandie.robinson@formanwatkins.com

Ethan Jacobs
HOLLAND LAW, LLP
220 Montgomery Street, Suite 800
San Francisco, CA 94104
Telephone: (415) 200-4984
ejacobs@hollandlawllp.com

### **CERTIFICATE OF SERVICE**

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via the Court's electronic mail system on the following:

Mitchell H. Tyner, Sr.
Charles Brad Martin
TYNER, GOZA, STACEY & MARTIN, LLC
114 West Center Street
Canton, MS 39046
mtyner@tynerlawfirm.com
bmartin@tynerlawfirm.com

This the 3rd day of August, 2017.

/s/ *Mandie B. Robinson*
MANDIE B. ROBINSON

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
## HINDS COUNTY, MISSISSIPPI

**DR. DONALD RAGGIO**
**DR. CHRIS RAGGIO**                                                          **PLAINTIFFS**

**V.**                                                          **CAUSE NO. 14-CV-00071-TTG**

**MTGOX, a sole proprietorship;**
**MTGOX, Inc., a Delaware corporation;**
**MT.GOX KK, a Japanese corporation;**
**TIBANE KK, a Japanese corporation;**
**MUTUM SIGILLUM, LLC, a Delaware limited liability company;**
**CODE COLLECTIVE, LLC, a New York limited liability company;**
**JED McCALEB, an individual;**
**MARK KARPELES, an individual;**
**JOHN DOES 1-5, and CORPORATE JOHN DOES 1-5**                  **DEFENDANTS**

---

### JED MCCALEB AND CODE COLLECTIVE, LLC'S RESPONSE IN OPPOSITION
### TO PLAINTIFFS' MOTION FOR SANCTIONS

---

During the course of discovery in this case, McCaleb has produced over 900 emails. Plaintiffs seek "death penalty" sanctions based on the accusation that McCaleb intentionally and willfully withheld 18 emails responsive to their discovery requests (the "Subject Emails"). But McCaleb does not have 16 of these emails and therefore could not have withheld them or produced them. And the other two emails were not produced because McCaleb's term searches did not find them. Those two emails appear to be unsent drafts intended for Mark Karpeles, but do not contain the name "Karpeles" or Mark Karpeles' email address. McCaleb did nothing wrong, and furthermore, Plaintiffs have not articulated any prejudice due to the late discovery of the Subject Emails. Plaintiffs' Motion for Sanctions therefore must be denied.

I.    **JED MCCALEB DOES NOT HAVE ANY OF THE 16 SENT EMAILS FORMING THE BASIS FOR THIS MOTION, AND INADVERTENTLY DID NOT PRODUCE THE TWO APPARENTLY UNSENT DRAFT EMAILS**

Plaintiffs' motion claims McCaleb committed "intentional concealment of discoverable and material evidence" and made "false discovery responses." *See*, Plaintiffs' Motion for Sanctions, at 1.  Plaintiffs' overhyped accusations are false.

McCaleb has a USB Flash Drive (a portable storage device) containing an incomplete set of his emails that he downloaded from the MTGOX server in approximately 2012.  *See*, attached as Exhibit 1, McCaleb Affidavit.  During this litigation, McCaleb has searched this USB Flash Drive several times, using the following non-exhaustive list of search terms: Raggio, Theymos, Baron,   Security,   Karpeles,   Bitomat,   mark@tibanne.com,   mark@mtgox.com, admin@mtgox.com, theft, thief, stolen, missing, hacker and hacked.  The Subject Emails are not on McCaleb's USB Flash Drive—he does not have them.  *See*, Exhibit 1.  Undersigned counsel independently searched the USB Flash Drive and confirm, as officers of the court, that the Subject Emails are not on the USB Flash Drive.

The Subject Emails also include two (apparent) draft emails that were on McCaleb's USB Flash Drive, but it does not appear that these emails were ever sent to Mark Karpeles.  *See*, Exhibit 1.  These emails appear to be unsent drafts because they do not include a recipient email address.  *See*, Exhibit 1; *see also*, Plaintiffs' Exhibit C.  Furthermore, the messages do not include the name "Karpeles," so McCaleb's searches did not identify them.  *See*, Exhibit 1; *see also*, Plaintiffs' Exhibit C.  These two messages were only identified by searching the emails by date after they were identified in Plaintiffs' Exhibit C.  *See*, Exhibit 1.  McCaleb did not produce these apparently unsent draft emails because his search terms did not identify these emails.  *See*,

Exhibit 1.  McCaleb did not fraudulently conceal any emails, and there is no evidence to suggest otherwise.

Plaintiffs claim to have obtained from an unidentified person a complete copy of the old MTGOX email server; McCaleb has an incomplete copy of his emails from that server. Plaintiffs' July 7, 2017 letter to the Court explains that a third party provided them with 6,631 of McCaleb's emails. *See*, Exhibit 2.  McCaleb only has 6,571 of his MTGOX emails in his possession.  *See*, Exhibit 1.  It therefore is unsurprising that Plaintiffs have some responsive emails that McCaleb does not.

McCaleb produced all the responsive documents he had with the exception of two apparently unsent draft emails that he did not find despite a reasonably diligent search. Plaintiffs' inflammatory language—describing McCaleb's conduct as "calculating," "willful," and "chicanery"—lacks any factual support.

## II.    MISSISSIPPI LAW DOES NOT SUPPORT THE SANCTIONS REQUESTED BY PLAINTIFF UNDER THESE FACTS

Mississippi courts look to four factors when evaluating the appropriateness of a request for "death penalty" sanctions: (1) whether the discovery violations were due to willfulness or bad faith; (2) whether the deterrent value of Rule 37 may be achieved by lesser sanctions; (3) whether the wronged party has suffered prejudice; and (4) whether the discovery abuse is attributable solely to trial counsel instead of a blameless client.  *See, City of Jackson v. Rhaly*, 95 So.3d 602, 608 (Miss. 2012).

Here, McCaleb diligently searched over 6,000 emails using reasonable and appropriate search terms.  There is no "discovery abuse" or "discovery violation" that supports imposing sanctions, much less the "death penalty" sanctions requested by Plaintiffs.  Furthermore, there is no basis for suggesting that McCaleb engaged in "willful" or "bad faith" discovery violations;

3

the clear evidence (discussed above) shows that McCaleb did not have the Subject Emails or that they were not identified by his search terms. *See also*, Exhibit 1. Absent a showing of willfulness or bad faith on the part of McCaleb, Plaintiffs' request for "death penalty" sanctions must be denied. *See, Allen v. National R.R. Passenger Corp.*, 934 So.2d 1006, 1012 (Miss. 2006).

Under the prejudice prong of the analysis, courts ask "whether the other party's preparation for trial was substantially prejudiced." *See, Wood ex rel. Wood v. Biloxi Public School Dist.*, 757 So.2d 190, 193 (Miss. 2000). For example, in *Rhaly*, the defendant failed to produce documents and information critical to plaintiffs' case, and the documents were discovered only six days before trial. *Id.*, at 610. This conduct forced the plaintiffs to choose between going to trial unprepared, without the benefit of discovery, and the extreme cost and delay from reopening discovery. *Id.* Similarly, in *Pierce v. Heritage Properties, Inc.*, 688 So.2d 1385 (Miss. 1997), the discovery violation involved lies under oath about whether or not there was an eye-witness, and these lies were not discovered until **after the jury rendered a verdict**. *Id.*, at 1388. Clearly there is no analogous prejudice here.

The absence of this kind of real, articulable prejudice weighs heavily against imposing "death penalty" sanctions here—or, indeed, against imposing any sanction. Plaintiffs repeatedly claim that Defendants' failure to produce the Subject Emails "damag[ed] [their] ability to prove their case beyond repair," but they do not articulate how they were prejudiced. *See*, Plaintiffs' Motion for Sanctions, at 4. Simply repeating that they were prejudiced does not make it true.

Furthermore, the conduct alleged here is far from the extreme conduct discussed in *Rhaly* and *Pierce*. In *Wood*, 757 So.2d 190, 191 (Miss. 2000), the Mississippi Supreme Court reversed a trial court's grant of "death penalty" sanctions based on "a single alleged untruthful response in

4

an interrogatory." *Id.*, at 191.  Such a minimal discovery violation was insufficient to support "death penalty" sanction.

Each of the *Rhaly* prongs discussed above weighs against granting Plaintiffs' motion for "death penalty" sanctions.  There is no basis in Mississippi law for granting such an extreme remedy here, particularly given the fact that McCaleb fulfilled his discovery obligations by conducting a diligent search of over 6,000 emails.

<u>**CONCLUSION**</u>

Plaintiffs have completely failed to meet their burden of showing that sanctions are warranted.  Jed McCaleb could not have produced 16 of the Subject Emails because he does not have them.  And McCaleb's inadvertent failure to locate and produce the two apparently unsent emails despite a reasonably diligent search was also innocent.  Furthermore, Plaintiffs have not articulated any prejudice suffered as a result of the Subject Emails' late discovery.  This Court therefore must deny Plaintiffs' Motion for Sanctions.

Respectfully submitted, this the 8th day of August, 2017.

**JED McCALEB and
CODE COLLECTIVE, LLC**

By:   <u>/s/ *Edwin S. Gault, Jr.*</u>
      EDWIN S. GAULT, JR. (MSB #10187)
      MANDIE B. ROBINSON (MSB #100446)
      T. PEYTON SMITH (MSB #103867)

      *Attorneys for Defendants Jed McCaleb and
      Code Collective, LLC*

5

OF COUNSEL:

FORMAN WATKINS & KRUTZ LLP
210 East Capitol Street, Suite 2200 (39201)
P.O. Box 22608
Jackson, MS 39225-2608
Phone: (601) 960-8600
Facsimile: (601) 960-8613
win.gault@formanwatkins.com
mandie.robinson@formanwatkins.com
peyton.smith@formanwatkins.com


## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2017, I served a true and correct copy of the foregoing

document via electronic mail to the following counsel of record:

> Mitchell H. Tyner, Sr.
> Charles "Brad" Martin
> Tyner, Goza, Stacey, & Martin, LLC
> 114 West Center Street
> Canton, MS 39046
> mtyner@tynerlawfirm.com
> bmartin@tynerlawfirm.com

> ***Attorneys for Plaintiffs***

THIS, the 8th day of August, 2017.

/s/ *Edwin S. Gault, Jr.*
EDWIN S. GAULT, JR.

## AFFIDAVIT OF JED MCCALEB

This day appeared Jed McCaleb, who under oath does depose and states as follows:

1.   I am over the age of twenty-one, have personal knowledge of the facts set forth herein, and I am competent to make this declaration.

2.   At some point in 2011 or 2012, Mark Karpeles informed me that I would be losing access to e-mails on the MTGOX e-mail server.

3.   Shortly thereafter, I used Mozilla Thunderbird, an e-mail application, to download my e-mails from the MTGOX e-mail server onto the hard drive of my desktop computer. This download would not have included any e-mails that I had previously deleted during the course of my day-to-day, regular inbox/outbox management.

4.   I did not conduct an audit of my e-mails after the download and do not know whether any e-mails were lost during the download.

5.   Shortly thereafter, my access to the MTGOX e-mail server was terminated.

6.   Approximately one year later, I transferred the e-mails from my desktop computer's hard drive to a USB Flash Drive because my desktop computer's hard drive was failing and some files were corrupted.

7.   At some point thereafter I transferred the files from this USB Flash Drive to another USB Flash Drive, where the e-mails currently reside. There are currently 6,571 e-mails on that USB Flash Drive.

8.   I did not conduct an audit of my e-mails after these transfers and do not know whether any e-mails were lost during the transfers. Some files were deemed "invalid" and/or "corrupted" during the transfer process, but I do not know what specific files those were. I did not delete any e-mails.

9.   At some point after these transfers the instant lawsuit was filed.

10.  I conducted an extensive search of the USB Flash Drive for all e-mails related to the allegations in Plaintiff's complaint. I searched for all e-mails discussing the Raggios, the theft of bitcoins, "Baron", the sale of MTGOX to Mark, the security of the exchange, and any discussions of the other two account holders I recalled had claimed their money was stolen. My search queries included, but were not limited to, the following terms: Raggio, Theymos, Baron, Security, Karpeles, Bitomat, the names of the two account holders referenced above, mark@mtgox.com, and mark@tibanne.com. As a result, my attorneys produced several e-mails to Plaintiffs.

11.  After being presented with unproduced e-mails following their publication in an article by *The Daily Beast*, I was reminded that I did not search for e-mails associated with the address admin@mtgox.com, which was used by myself and Mark Karpeles at different points in time. I searched the USB Flash Drive for e-mails from that address in order to respond to Plaintiff's additional requests. I also conducted searches including, but not limited to, the following search

EXHIBIT
1

terms: theft, thief, stolen, missing, hacker, and hacked. This resulted in the recovery of several previously unproduced e-mails.

12.   In total, we have produced 930 e-mails as part of this litigation, including several hundred e-mails between myself and Mark Karpeles.

13.   I was recently presented with 18 additional e-mails (attached as Exhibit C to Plaintiffs' Motion for Sanctions) purportedly sent between myself and Mark Karpeles in 2011 and 2012. Some of these e-mails are familiar to me, but I do not remember those e-mails in detail and cannot say whether those e-mails are true and authentic copies. As such, I also cannot say whether those e-mails were ones I deleted during the course of my regular, day-to-day inbox/outbox management.

13.   I conducted another search of the USB Flash Drive in an attempt to find these 18 e-mails. Only two of those e-mails were on the USB Flash Drive. I do not have possession over the other e-mails. In searching for the e-mails, I searched for discrete phrases in each of the e-mails. It was not until the e-mails were searched by the date they were received or sent (according to Exhibit C) that these two e-mails were located. No other e-mails were located using that method.

14.   The two e-mails that I did find are dated in Exhibit C as 7/2/2011 at 5:02:25PM and 2/1/2012 at 11:39:15AM. These e-mails do not contain a "TO:" entry and have no e-mail addresses other than my own. It is possible these e-mails are drafts. They were likely not discovered in my search because the name Karpeles does not appear in the e-mails and the e-mails do not appear to be associated with any of Mark Karpeles's known e-mail addresses.


I declare under penalty of perjury under the laws of the United States, the state of Mississippi, and the state of California that the foregoing is true and correct.


_____
JED MCCALEB


STATE OF _CALIFORNIA_
COUNTY/CITY OF _SAN FRANCISCO_

Subscribed and sworn to before me on this the __7th__ day of __Aug.__ , 2017.

_____
Notary Public


My Commission Expires: _OCT.2,2018_

SURINDER KUMAR
COMM. # 2080623
NOTARY PUBLIC • CALIFORNIA
SAN FRANCISCO COUNTY
Comm. Exp. OCT. 2, 2018

# TYNER, GOZA, STACEY & MARTIN, LLC†

114 West Center St.
Canton, MS 39046
(601) 401-1111
cbradmartin@tynerlawfirm.com

**Washington, DC Office:**
(202) 735-1111

July 7, 2017

**VIA UNITED STATES MAIL**
Honorable Tomie Green
Circuit Court of Hinds County
Post Office Box 327
Jackson, MS 39205-0327

> Re:  *Raggio vs. MTGOX, et al., In the Circuit Court of the First*
> *Judicial District of Hinds County, Mississippi, Civil Action No. 14-CV-*
> *00071-TTG*

Dear Judge Green:

We are in receipt of Win Gault's July 6, 2017 letter to your Honor requesting a ruling on the Motion for Summary Judgment which was heard before this Court on April 18, 2017. We disagree with Mr. Gault's statement that all discovery has taken place in that there are currently Letters Rogatory pending before the Court which are directed to Google and JPMorgan Chase Bank as to Defendant Jed McCaleb's emails and banking records. Also pending before the Court are the Plaintiffs' Motion to Reopen the Defendant's deposition, the Plaintiffs' Motion to Compel, Plaintiffs' Motion to Quash and the Defendants' Motion for Protective Order.

Furthermore, we have come into the possession of 6,631 emails of the Defendant, Jed McCaleb, from a third-party source. Several of these emails were not disclosed in response to the Plaintiffs' discovery requests. We will be filing a Motion for Sanctions and supplementing our Response to the Defendants' Motion for Summary Judgment to incorporate this new-found evidence.

Should you need anything further, please do not hesitate to contact our office.

Sincerely,

Charles "Brad" Martin

CBM:tp
cc:    Win Gault (by electronic mail)
       Mandie Robinson (by electronic mail)
       Ethan Jacobs (by electronic mail)

**EXHIBIT 2**

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
## HINDS COUNTY, MISSISSIPPI

**DR. DONALD RAGGIO**                                                                 **PLAINTIFFS**
**DR. CHRIS RAGGIO**


**VS.**                                                            **CIVIL ACTION NO. 14-71**


**MTGOX a sole proprietorship;**
**MTGOX, Inc., a Delaware corporation;**
**MT.GOX KK, a Japanese corporation;**
**TIBANE KK, a Japanese corporation;**
**MUTUM SIGILLUM, LLC a Delaware limited Liability Company;**
**CODE COLLECTIVE, LLC a New York limited liability company;**
**JED McCALEB, an individual;**
**MARK KARPELES, an individual;**
**JOHN DOES 1-5, and CORPORATE JOHN DOES 1-5**                **DEFENDANTS**

_____

### PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

      COME NOW the Plaintiffs, Dr. Donald Raggio and Dr. Chris Raggio, respectfully submit

this Reply in Support of their Motion for Protective Order and the Doctor show as follows:

      1.     As the Doctors explained in their Motion for Protective Order, the Defendants have

sought discovery of the Doctors' tax returns, financial accounts, and bitcoin holdings including

purchases and sales. The requested documents are not relevant to any party's claim or defense in this

case. Accordingly, the requests should be denied and a Protective Order entered by this Court. In

the alternative, if this Court determines that the documents are discoverable, the Court should enter a

protective order ordering an *in camera* inspection and limiting the discovery requests only to that

information which is relevant to the underlying dispute and prohibiting the Defendants and their

attorneys from disclosing and/or using the information contained in or learned from the requested

documents outside of this litigation.

2.      In an attempt to make a showing to this Court that the material sought by the issued subpoenas falls under the purview of Rule 26(b)(1) of the Mississippi Rules of Civil Procedure, the Defendants have made certain allegations as to Chris Raggio's purported behavior and as to the claims of the Doctors.  The Defendants submit Doctor Chris Raggio may have been behind the hack of the missing bitcoins since he has a degree in computer science and has designed software.  However, the Defendants do not address the clear and simple fact that Defendant McCaleb previously testified at his deposition that he believed Chris Raggio's story regarding the hack.  At no time have the Defendants offered any evidence that would indicate in the slightest that Chris Raggio had anything to do with the hack and theft of the subject bitcoins.  Instead, the Defendants have taken the opportunity to engage in a fishing expedition to harass, oppress and annoy the Doctors.

3.      The Defendants further fail to offer any evidence as to any alleged unclean hands on the behalf of Chris Raggio.  All that has been offered is self-serving allegations of the Defendants in their Response and other pleadings have been filed with this Court that Doctor Chris Raggio may have hide assets from his former wife and from certain courts as to his child support obligations.  This is a claim that Chris Raggio strongly denies, despite the Defendants' argument to the contrary.  The Defendants do not offer any case law as to how clean hands would be applicable in this matter even if their allegations were true.  The Mississippi Supreme Court has been crystal clear on the application of the clean hands doctrine.   In *Pierce v. Heritage Props.*, 688 So.2d 1385, 1391, the Court stated:

> "Courts apply the maxim requiring "clean hands" only where some unconscionable act of one coming for relief has immediate and necessary relation to the equity that he seeks in respect of the matter of the ligation. ***They do not close the doors because of the plaintiff's misconduct, whatever its character, that has no relation to anything involved in the suit, but only for such violations of conscience as in some measure***

2

*affect the equitable relations between the parties in respect of something brought before the court for adjudication*.

*Pierce*, citing *Keystone Driller Co. v. General Excavator Co*. 290 U.S. 240, 245 (1933) (emphasis added).  The doctrine of unclean hands does not apply in this matter under ruling of *Pierce*.

4.  The Defendants' further arguments as to why they should be entitled to the Doctors' financial holdings is misplaced as it fails to account for the fact that the Raggios are demanding specific performance and the delivery of 9,400 bitcoins.  The fact is, the Defendants' request for financial documents, including tax returns, is overly broad, unreasonable and irrelevant.  In *Channel Control Merchants, LLC v. Davis*, 2012 WL 1365742 at *1, the court held in order to compel the disclosure of tax returns the court "must find both that the returns are relevant to the subject matter of the actions and that there is a compelling need for the returns because the information contained is not otherwise readily available."  Nothing in this cause gives raise to any compelling need for the Defendants to be entitled to the Doctors' financial information.  The Doctors have not put their own finances at issue in this matter, and, thus, the Defendants are not entitled to this information.

5.  The basic question at issue in this litigation is the non-delivery of bitcoins.  The claims and defenses in this matter have nothing to do with the Doctors' financial information and holdings.  Accordingly, the pertinent requests should be denied and a protective order should be entered protecting the Doctors from annoyance, embarrassment, oppression and the undue burden and expenses of responding to these requests.

WHEREFORE PREMISES CONSIDERED, the Plaintiffs respectfully request that this Court enter a Protective Order protecting the Doctors' financial information from discovery additionally request this Court enter an order awarding attorney fees and costs.  In the alternative,

Plaintiffs request an entry of a protective order ordering an *in camera* inspection of the requested documents and limiting the discovery only to that information which is relevant to the underlying dispute and prohibiting the Defendants and their attorneys from disclosing and/or using the information contained in or learned from the documents outside of this litigation.  Plaintiffs request such additional relief as this Court seems just and proper.

RESPECTFULLY SUBMITTED, this the 10th day of August, 2017.

**DR. DONALD RAGGIO AND**
**DR. CHRIS RAGGIO**
s/Charles "Brad" Martin
CHARLES "BRAD" MARTIN, MSB# 100767

OF COUNSEL:
MITCHELL H. TYNER, SR., MSB# 8169
CHARLES "BRAD" MARTIN, MSB# 100767
**TYNER, GOZA, STACEY & MARTIN, LLC**
114 West Center Street
Canton, MS 39046
Phone: 601-401-1111
Fax: 601-957-6554

4

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via the Court's electronic filing system on the following:

      Edwin S. Gault, Jr., Esq.
      Mandie B. Robinson, Esq.
      Forman Watkins & Krutz LLP
      210 East Capitol Street, Suite 2200
      Jackson, MS 39201-2375

      Ethan Jacobs, Esq.
      Holland Law, LLP
      220 Montgomery Street, Suite 800
      San Francisco, California 94104

      Respectfully submitted, this the 10th day of August, 2017.

            s/ Charles B. Martin
            CHARLES "BRAD" MARTIN, MSB# 100767

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT**
**HINDS COUNTY, MISSISSIPPI**

**DR. DONALD RAGGIO**
**DR. CHRIS RAGGIO**                                              **PLAINTIFFS**

**VS.**                                          **CAUSE NO. 14-CV-00071-TTG**

**MTGOX, et al.**                                               **DEFENDANTS**

<u>**NOTICE OF SERVICE OF DISCOVERY**</u>

Jed McCaleb, by and through counsel of record, do hereby give notice to the Court that

the following discovery was served as follows:

> *1)*   *Defendant, Jed McCaleb's Responses to Plaintiffs' Fifth Set*
> *of Requests for Admission.*

Respectfully submitted, this the 14th day of August, 2017.

                              **JED McCALEB, individually and formerly**
                              **doing business as MTGOX, a sole proprietorship**


                    By:   /s/ Mandie B. Robinson
                          EDWIN S. GAULT, JR., MSB #10187
                          MANDIE B. ROBINSON, MSB #100446


OF COUNSEL:

FORMAN WATKINS & KRUTZ LLP
210 East Capitol Street, Suite 2200
Jackson, MS 39201-2375
Post Office Box 22608
Jackson, MS 39225-2608
Telephone: (601) 960-8600
Facsimile: (601) 960-8613
win.gault@formanwatkins.com
mandie.robinson@formanwatkins.com

Ethan Jacobs
HOLLAND LAW, LLP
220 Montgomery Street, Suite 800
San Francisco, CA 94104
Telephone: (415) 200-4984
ejacobs@hollandlawllp.com


### <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via the Court's electronic mail system on the following:

> Mitchell H. Tyner, Sr.
> Charles Brad Martin
> TYNER, GOZA, STACEY & MARTIN, LLC
> 114 West Center Street
> Canton, MS 39046
> mtyner@tynerlawfirm.com
> bmartin@tynerlawfirm.com

This the 14th day of August, 2017.


/s/ *Mandie B. Robinson*
MANDIE B. ROBINSON