**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
HINDS COUNTY, MISSISSIPPI**

**DR. DONALD RAGGIO**                                                    **PLAINTIFFS**
**DR. CHRIS RAGGIO**

**VS.**                                                          **CIVIL ACTION NO. 14-71**

**MTGOX a sole proprietorship;**
**MTGOX, Inc., a Delaware corporation;**
**MT.GOX KK, a Japanese corporation;**
**TIBANE KK, a Japanese corporation;**
**MUTUM SIGILLUM, LLC a Delaware limited Liability Company;**
**CODE COLLECTIVE, LLC a New York limited liability company;**
**JED McCALEB, an individual;**
**MARK KARPELES, an individual;**
**JOHN DOES 1-5, and CORPORATE JOHN DOES 1-5**                **DEFENDANTS**

<u>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR SANCTIONS**</u>

COME NOW the Plaintiffs, by and through the undersigned counsel, and file this Reply in

support of their Motion for Sanctions seeking extraordinary relief in the form of sanctions,

including entering a Default Judgment in favor of the Plaintiffs (the Raggios) on all their claims,

and/or other appropriate relief, for intentional misconduct, misrepresentations to the Court and

Counsel, concealment of discoverable information, and otherwise thwarting and impeding

discovery efforts, against the Defendants Jed McCaleb ("California Defendant") and Code

Collective, LLC, and in support thereof would show unto this Court the following matters and

facts, to-wit:

I.   **DEFENDANT MCCALEB'S AFFIDAVIT IS FATALLY FLAWED AND EVIDENCES BAD FAITH IN THE DISCOVERY PROCESS**

During the litigation of this cause, counsel for the Raggios became aware of a Daily Beast article which cited an April 28, 2011 email between California Defendant and the new majority owner of MTGOX, Mark Karpeles.  *See* Exhibit A, Daily Beast Article.  The April 28, 2011 email indicated 80,000 bitcoins were missing from the MTGOX exchange and contained "solutions" from the California Defendant to Karpeles on how to make up for the loss.  *Id.*  This email is vital in that it indicates that MTGOX may have been insolvent at the time Karpeles became the majority owner of MTGOX.  The Defendants' initial discovery responses submitted on January 24, 2017 did not contain this document, despite the Plaintiffs requesting all communications between the California Defendant and Karpeles.

Not having this email in hand, and believing that other documents existed which the California Defendant failed to disclose, counsel for the Raggios sent a Good Faith Letter on March 6, 2017 to counsel for the Defendants.  *See* Exhibit A to the Plaintiffs' Motion for Sanctions, Dkt. # 127.  In the Good Faith Letter, counsel wrote "It has come to our attention that evidence exists that shows additional documents exists as it pertains to several Request for Production of Documents that were propounded to your clients, Jed McCaleb and Code Collective, LLC."  *Id.*

The Defendants responded by stating "**…Defendants are producing all correspondence between Defendants and Mark Karpeles**."  *See* Exhibit B to the Plaintiffs' Motion for Sanctions, Dkt. # 127 (emphasis added).  The second production of documents contained approximately 700 additional emails, most of which consisted of emails between the California Defendant and Mark Karpeles.  The April 28, 2011 email, evidencing a loss of 80,000 bitcoins, was produced in this second production, as well as an email which was sent two days later on April 30, 2011 which evidences an even greater loss of 95,000 bitcoins.  *See* Exhibit B, April 2011

email compilation.   Of utmost importance, and for reasons that are discussed below, both emails (as well as most of the additional 700 documents produced) contain the name "Karpeles."

The Defendants' Response submits to this Court that the California Defendant ran search term searches on the USB Flash Drive which he claims contains the entirety of the emails he downloaded from a MTGOX server.   The California Defendant's Affidavit makes this same claim.   Both the Response and the Affidavit clearly state "Karpeles" and "mark@tibanne.com" were search terms which were utilized during the initial process.

The Affidavit and Response raise an alarming question as to why, if what the California Defendant submits is the truth, did the search term "Karpeles" not find these additional 700 emails when the vast majority of the emails include that search term?   Furthermore, why did the initial searches exclude over 40 emails which were sent to or from mark@tibanne.com that were later produced?   *See* Exhibit C, mark@tibanne.com screenshots.   The California Defendant unequivocally states he ran "Karpeles" and "mark@tibanne.com" as search terms, yet approximately 700 emails were initially not produced.   This defies all credibility.   Had it not been for the Daily Beast article, these responsive and relevant emails, some of which contain extremely damning evidence, would have never been produced.

The initial withholding of these 700 emails was the first sign to the Raggios and their counsel that something was awry and the likelihood the California Defendant was intentionally abusing the discovery process was great.   Now with the submission of the California Defendant's Affidavit and Response, that likelihood has become reality.   It is clear when looking at the evidence in this case, the California Defendant's Affidavit and Response, and the subsequent email discovery as discussed below, the California Defendant intentionally withheld relevant

documentation and destroyed other crucial evidence.  These documents are not just random emails that are not of importance, but are some of the most important evidence in this case.

## II.   THE CALIFORNIA DEFENDANT DESTROYED AND WITHHELD CRUCIAL EVIDENCE RELEVANT TO THIS LITIGATION

Even after the discovery of the Daily Beast article and the subsequent turnover of additional emails by the California Defendant, the counsel for the Raggios discovered additional emails between the California Defendant and Mark Karpeles which had not been produced.  Much like the discovery of the Daily Beast article, counsel happened to find a third-party who had been investigating MTGOX and had a data set of the California Defendant's emails; 6,631 to be exact. This set of emails showed there have been at least eighteen emails which have not been produced by the Defendants.

Despite the California Defendant's argument that the Raggios purport this is a complete set of emails from the MTGOX server, the Raggios nor their counsel have ever made this claim. In fact, the data set obtained from the third-party only contains emails through September 23, 2013, yet the California Defendant has produced documents through November 29, 2014.  This is important in that the California Defendant argues he has only a subset of the 6,631 emails, yet he clearly has emails that the third-party data set does not include.

The California Defendant's argument he does not have control and custody of sixteen of these emails and that he only recently discovered two others which he alleges may be drafts defies all credibility.  The very nature of the majority of these documents indicate why the California Defendant did not want to produce these damning emails.  They contain the following:

- A laundry list of complaints Jed McCaleb had as to Mark Karpeles's operation of MTGOX such as finding a CEO, failing to hire employees, failing to gather a team, failure to have someone security audit MTGOX, etc. – 7/2/2011 email.

- Telling Mark Karpeles he was "holding MTGOX back", that he is "incompetent as a manager," that Karpeles doesn't listen to what anyone says, that he is incapable of delegation authority, to step down as CEO and to find someone else to run MTGOX and that he doesn't do so that MTGOX won't be round in a year. – 2/1/2012 email

- Telling Mark Karpeles to find a competent manager, to delegate authority and that it seems pointless.  Mark Karpeles responds with "MtGox has been operating illegally and allowing operations which shouldn't have been allowed (for example, allowing people to sell bitcoin or to withdraw is illegal." - 2/1/2012 email

- California Defendant submitting to Mark Karpeles that it seems MTGOX has been running at a loss and inquiring whether extra money has been coming from user deposits and, if so, how much is owed to the users. 3/8/2012

*See* Exhibit C to the Plaintiff's Motion for Sanctions, Dkt. # 127.

It is incredulous the Defendants argue the Raggos have not showed prejudice when these statements contradict the California Defendant's false representation to the Raggios that Mark Karpeles was doing everything by the book and that the Raggios would get their coins back.   *See* Exhibit D, December 21, 2011 email from Jed McCaleb.   This was nothing more than an attempt to keep damning documents out of the hands the Doctors that showed the California Defendant repeatedly lied to the Raggios.

California Defendant further states that some of these emails look familiar, but he doesn't remember them in detail and, thus, is unable to authenticate the sixteen emails he alleges not to have as true and authentic.   Previously, the California Defendant failed to authenticate the 6,631 emails in whole when a copy of them were produced to the California Defendant along with a Request for Admission, and he failed to authenticate a smaller subset of those documents, namely the 16 emails the California Defendant claims he does not have.   *See* Exhibit E & F, Defendant's Responses to Plaintiffs' Fourth Set and Fifth Set of Requests for Admission.   This is preposterous. The two documents the California Defendant claims he has only now just found contain incredibly argumentative and angry directives towards Mark Karpeles.   For example, the February 1, 2012 email, which the California Defendant purports to be a draft, contains some of the same language

that is contained in a February 1-2, 2012 email exchange between the California Defendant and

Mark Karpeles.

This is nothing more than a ruse to circumvent the punishment of this Court. The

California Defendant believes if he does not authenticate these withheld/destroyed emails then this

Court will not be able to punish him for his abuse of the discovery process. However, his prior

history of withholding documents, despite his flawed argument to the contrary, evidences a

startling pattern of deception of his part. Coupled with his prior withholding of documents, his

argument that he does not have control and custody of these documents does not pass muster.

These documents evidence criminal activity as well as the California Defendant's incredible

disdain of Mark Karpeles. For the California Defendant to state he cannot remember these in

detail is past the point of all credibility. It is abundantly clear why these documents were not

produced by the California Defendant upon a review of them. Fearing the worst in this litigation,

he purposely withheld these documents and deleted them. The totality of the circumstances leads

to no other conclusion.

### III. CALIFORNIA DEFENDANT'S RESPONSE AND AFFIDAVIT SHOWS LACK OF RESPONSIBILTY ON THE PART OF DEFENSE COUNSEL TO ENSURE THEIR CLIENT COMPLIED WITH DISCOVERY OBLIGATIONS

The California Defendant's affidavit indicates from the inception of this lawsuit he was

solely responsible for the search of the USB Flash Drive for relevant documents. *See* Exhibit 1

to the Defendants' Response to Motion for Sanctions, Dkt. # 148. Not only was he solely

responsible for the original discovery responses, but after being sent a Good Faith Letter and being

reminded of the Daily Beast article, he again was left to his own devices to gather responsive

documents. It is not until after the discovery of the 6,631 emails and the Motion for Sanctions

was filed that any search of the USB Flash Drive was conducted by defense counsel.

The Mississippi Supreme Court has opined, "[w]e are committed to the discovery rules because they promote fair trials. *Williams v. Dixie Electric Power Asso.*, 514 So. 2d 332, 335 (Miss. 1987). "Once an opponent requests discoverable material, an attorney has a duty to comply with the request regardless of the advantage a surprise may bring." *Harris v. General Host Corp.*, 503 So.2d 795, 797 (Miss. 1986); *Tolbert v. State*, 441 So.2d 1374, 1375 (Miss. 1983).

Starting with the seminal case of *Zublake v. UBS Warburg*, 229 F.R.D. 422 (S.D.N.Y. 2004) courts all over the nation have emphasized the duty that counsel have to ensure that their clients comply with discovery obligations. *Zublake* stated counsel "must take affirmative steps to monitor compliance so that all sources of discoverable information are identified and searched." *Id.* at 432. In *Qualcomm Inc. v. Broadcom Corp.*, 2008 U.S. Dist. LEXIS 911 (S.D. Cal. Jan. 7, 2008), for example, the Southern District of California found Qualcomm's counsel responsible for a "monumental discovery violation" because counsel "did not conduct a reasonable inquiry into the adequacy of Qualcomm's document search and production." *Qualcomm Inc.* at *45 and *54.

While the Mississippi Supreme Court has not yet addressed *Zublake,* Mississippi federal courts have recognized the *Zublake* decisions as "setting the benchmark standards for modern discovery and evidence-preservation issues." *Maggette v. BL Dev. Corp.*, No. 2:07-CV-181-M-A, 2009 WL 4346062, at *1 (N.D. Miss. Nov 24, 2009); *see also PIC Group, Inc. v. LandCoast Insulation, Inc.*, No. 1:09-CV-662-KS-MTP, 2011 WL 711581, at *1-2 (S.D. Miss. Feb 18, 2011).

It is clear defense counsel failed in their duty to ensure the California Defendant abided by the discovery obligations of this State. Defense counsel let the California Defendant respond to initial discovery requests without any oversight as to his alleged use of search terms and criteria. This failure lead to hundreds of emails being withheld. Even when confronted with a Good Faith Letter and the Daily Beast article showing evidence that additional emails existed, once again

defense counsel left it to the California Defendant to search the USB Flash Drive.   Not until a 6,631-email data set was discovered by the Plaintiffs, did defense counsel take the initiative to search to search the USB Flash Drive independently of the California Defendant.

It is abundantly clear defense counsel failed to ensure that the California Defendant complied with discovery obligations and did not conduct a reasonable inquiry into the adequacy and truthfulness of the California Defendant's document search and production.   This failure enabled the California Defendant to withhold documents on several occasions and to destroy at least 16 emails.

## IV.   CALIFORNIA DEFENDANT'S DISCOVERY VIOLATIONS WARRANT THE DEATH PENALTY

It is undisputed that the Defendants withheld hundreds of responsive and relevant emails upon responding to the Plaintiffs' Requests for Production of Documents. It is undisputed the California Defendant has submitted an affidavit which alleges he used "Karpeles" and "mark@tibanne.com" as search terms, yet offers no explanation as to why, if this was true, hundreds of emails were initially withheld which contain these terms.   It is undisputed that but for the discovery of the Daily Beast article, the Plaintiffs never would had known additional emails existed.   It is undisputed the Defendants supplemented their response when confronted with this evidence and stated "…Defendants are producing all correspondence between Defendants and Mark Karpeles."   It is undisputed that at least eighteen additional documents exist which the Defendants failed to turn over.   It is undisputed defense counsel failed to search the USB Flash Drive independently until after the Plaintiffs' Motion for Sanctions was filed.

The Mississippi Supreme Court has held that dismissal of a defendant's case was an appropriate sanction where the defendant failed to turn over a document responsive to a request for production and interrogatory.   *City of Jackson vs. Rhaly*, 95 So.3d 602 (Miss. 2012).

Appellate courts reviewing "death penalty" sanctions look to forth four considerations a trial court should examine when evaluating the appropriateness of entering such sanctions. *Id*. Those considerations are: (1) whether the discovery violation is the result of willfulness or bad faith; (2) whether the deterrent value of Rule 37 may be achieved by lesser sanctions; (3) whether the wronged party has suffered prejudice as a result of the discovery violation; and (4) whether the discovery abuse is attributable solely to trial counsel instead of a blameless client. *Id*. at 608. The *Rhaly* Cours held the requisite finding of willfulness "may be based upon either a willful, intentional, and bad faith attempt to conceal evidence or a gross indifference to discovery obligations. *Id*. Our appellate courts specifically hold, where willfulness or bad faith is clearly demonstrated, "consideration of the other Pierce factors is unnecessary." *Smith v. Tougaloo College,* 805 So.2d 633, 642 (Miss Ct App. 2002).

Based on the foregoing, this Court should find the Defendants willfully withheld and destroyed responsive and relevant documents to circumvent their discovery obligations and this Court should strike the Defendants' Answer.   It is difficult to imagine conduct worthier of being considered discovery misconduct or worthier of sanctions than spoliation of evidence because this type of conduct frustrates the search for truth.

As to specific relief sought by the Raggios, and recognizing the Raggios are seeking very reasonable compensatory damages/specific performance from the Defendants, the Raggios are seeking the following Orders and Findings from this Court:

a.   The entry of a Default Judgment in favor of the Raggios, and each of them, against the Defendants for all the claims set forth in the Plaintiffs' Complaint, and awarding actual and compensatory damages or specific performance, in an amount to be proven at an evidentiary

hearing before the Court to compensate the Raggios for each of the elements of damages set forth and/or requested, directly or indirectly in their Complaint and including, but not limited to:

     i.     compensation for all of the damages as has been heretofore set forth in discovery;

     ii.     costs and expenses, including attorney fees for having to go forward with this litigation;

     iii.     punitive damages as determined by this Court; and,

     iv.     pre-judgment and post-judgment interest in an amount to be set by the court, but not less than 8% per annum,

Additionally, and in the alternative, the Plaintiffs ask this Court to award all such additional or alternative sanctions deemed appropriate by this Honorable Court.

## **CONCLUSION**

WHEREFORE PREMISES CONSIDERED, the Plaintiffs respectfully request this Court investigate this matter, and upon completion, enter its Order granting the Plaintiffs' Motion for Sanctions and granting the Plaintiffs the relief requested herein, and awarding any and all additional relief in favor of the Plaintiffs and/or ordering sanctions against the Defendants deemed appropriate by this Honorable Court.

RESPECTFULLY SUBMITTED, this the 15th day of August, 2017.

**DR. DONALD RAGGIO AND
DR. CHRIS RAGGIO**

s/Charles "Brad" Martin
CHARLES "BRAD" MARTIN, MSB# 100767

OF COUNSEL:
MITCHELL H. TYNER, SR., MSB# 8169
CHARLES "BRAD" MARTIN, MSB# 100767
**TYNER, GOZA, STACEY & MARTIN, LLC**
114 West Center Street

Canton, MS 39046
Phone: 601-401-1111
Fax: 601-957-6554

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via the Court's electronic filing system on the following:

> Edwin S. Gault, Jr., Esq.
> Mandie B. Robinson, Esq.
> Forman Watkins & Krutz LLP
> 210 East Capitol Street, Suite 2200
> Jackson, MS 39201-2375
>
> Ethan Jacobs, Esq.
> Holland Law, LLP
> 220 Montgomery Street, Suite 800
> San Francisco, California 94104

Respectfully submitted, this the 15th day of August, 2017.

s/ Charles B. Martin
CHARLES "BRAD" MARTIN, MSB# 100767

 THE DAILY BEAST

POLITICS     ENTERTAINMENT     WORLD



 
E*TRADE   More trading. Less paying.   $4.95 trades with 30+ trades per quarter   LEARN MORE



PHOTO ILLUSTRATION BY BRIGETTE SUPERNOVA/THE DAILY BEAST

HACKED

# Behind the Biggest Bitcoin Heist in History: Inside the Implosion of Mt. Gox

Mt. Gox was once the biggest exchange for the virtual currency. Then half a billion dollars' worth went missing. Emails give important clues to what happened.

JAKE ADELSTEIN,  NATHALIE-KYOKO STUCKY  05.19.16 12:00 AM ET

   


EXHIBIT
A

TOKYO — When Mark Karpeles, the CEO of what was once the world's largest Bitcoin exchange, said that the company had gone bankrupt because 800,000 bitcoins (worth nearly half a billion dollars at the time) had been hacked, he wasn't exactly lying. He wasn't exactly telling the whole truth, either, but there was an intriguing element of fact.

At least 80,000 had been hacked before Karpeles even took over the company, and that initial cyber theft began a spiral of trouble that may have led directly to the firm's financial collapse.

This week The Daily Beast obtained internal emails, contracts,, and other documents related to the implosion of Karpeles's company, Mt. Gox. Along with information provided by a former employee who handled accounting for the firm, the documents reveal previously unreported details about how Mt. Gox failed, and why.

According to Karpeles's lawyer, Nobuyasu Ogata, one of the emails has been submitted to the court as evidence by the prosecution to demonstrate that Karpeles was not forthcoming with his customers. But the same email can be used to argue for his innocence on other charges.

Mt. Gox, which was once the world's largest exchange for the decentralized virtual currency, filed for bankruptcy protection in February 2014, when it was reported that 850,000 bitcoins, worth $450 million at the time, had disappeared or been stolen by hackers. Mt. Gox said it also lost $27 million in cash.

Originally, the company had been created as a platform for trading playing cards. Pokémon probably is the most familiar version in the West, but these were for Magic: The Gathering, a game that was popular among kids who gave up on any hope of being "cool" at high school; a dungeons and dragons sort of card game for obsessive fans.

The company we're writing about here was called Magic: The Gathering Online eXchange, which is where Mt. Gox derived its unusual name. But in a very short time, it left the original nerds far behind as bitcoins came in and cards went out. And then, a whole lot of bitcoins went missing.

To date, 650,000 bitcoins, currently worth $292 million, remain unaccounted for, and Karpeles is facing several criminal charges—but none of them deal *directly* with the

3/20/2017   Behind the Biggest Bitcoin Heist in History: Inside the Implosion of Mt. Gox - The Daily Beast

absent virtual currency.

In November of last year, Japanese prosecutors finally finished bringing criminal charges against Karpeles after re-arresting him again and again in hopes that he would confess to every crime they thought he might have committed.

It should be noted here that one of the reasons Japan's prosecutors have a 99 percent conviction rate is that a suspect can be held up to 23 days after an arrest, without having a lawyer present during daily interrogations. If the suspect is denied bail, the police and the prosecutors have even longer to question the suspect. Eventually most people do confess to the charges against them—guilty or not.

When the prosecutors concluded their investigation into Karpeles in November, he was indicted for improper use of electronic funds and embezzling a total of over 300,000,000 yen ($2.7 million) of customer funds.

At this point in time, Karpeles's lawyers would only say that Karpeles had made no confession to the police and that Karpeles is only guilty of sloppy accounting, mixing personal accounts and corporate accounts, not embezzlement.

Get The Beast In Your Inbox!

Enter your email address



☑ ✔ top stories from The Daily Beast.

Daily Digest Start and finish your day with the

☑ ✔ Cheat Sheet A speedy, smart summary of all the

Thank You! You are now subscribed to the Daily Digest and Cheat Sheet. We will not share your email with

SUBSCRIBE

Yet the documents obtained by The Daily Beast, which included correspondence between Mark Karpeles and the original founder of Mt. Gox, Jed McCaleb, suggest that Mt. Gox was plagued by problems from its earliest days, before Karpeles had even taken over the

company. The Daily Beast was given internal documents including emails by a former consultant to Mt. Gox and then verified them with Karpeles's lawyer, former employees, and sources in law enforcement.

Jed McCaleb first approached Mark about selling him Mt. Gox in January of 2011. In an email dated Jan. 18 that year, McCaleb wrote to his acquaintance Karpeles:

*Hi Mark~*

*Please keep all this confidential I don't want to start a panic and I'm not sure I'll do it yet but I'm thinking I might try to sell mtgox. I just have these other projects I would like to devote more time to. Would you be interested? It could be very little up front and just a payout based on revenue or something. There is also an investment group that wants to fund mtgox. Probably around $158k. So you could most likely take it over with some cash.*

*Let me know*

*Thanks,*

*Jed.*

Karpeles had become interested in Bitcoin in late 2010 and saw the Mt. Gox platform as the perfect place to set up a Bitcoin exchange. In the early days of the currency, changing fiat money (real money) into bitcoins was an arduous task.

Karpeles agreed to purchase the company from McCaleb and by Feb. 3, 2011, he had signed an agreement with McCaleb to buy the firm, under some very unusual terms.

The seller (McCaleb) wrote into the contract that "the Seller is uncertain if mt.gox.com is compliant or not with any applicable U.S. code or statute, or law of any country." And it included an article of indemnification: "The buyer agrees to indemnify Seller against any legal action that is taken against Buyer or Seller with regards to mtgox.com or anything acquired under this agreement."

Shortly after the handover, Karpeles became aware that Mt.Gox had already been hacked at least once and was missing a substantial number of bitcoins—a total of 80,000 to be

Case 3:19-cv-00022-HTW-LRA   Document 2-7   Filed 01/10/19   Page 17 of 59

3/20/2017   Case: 25CI1:14-cv-00071-2   Behind the Biggest Bitcoin Heist in History: Inside the Implosion of Mt. Gox   Document #: 151-1   Filed: 08/15/2016   Page 5 of 9

precise.

The following email on April 28, 2011, which reportedly has been submitted into evidence by both sides in the trial, was probably the beginning of Mark Karpeles's nightmare:

*From: Jed McCaleb <jed@mtgox.com>*

*Date: 2011/04/28 22:33*

*To: Mark Karpeles <admin@mtgox.com>*

*I can't tell how big an issue it will be to be short 80k BTC (*80,000 bitcoin) if the price goes to $100 or something. That is quite a bit to owe at that point but mtgox should have made a ton of BTC (Bitcoin) getting to there. There is also still the fact that the BTC (Bitcoin) balance will probably never fall below 80k. So maybe you don't really need to worry about it.*

*There are 3 solutions I have thought of:*

*- Slowly buy more BTC with the USD that Gox Bot has. Hopefully you would fill up the loss before the price got out of hand.*

*- Buy a big chunk of BTC (really just moving the BTC debt to the USD side) If BTC goes up this is a huge win. Problem is there isn't enough BTC for sale on mtgox. Maybe you could find someone on the forum to do it.*

*- Get those crystal island people to invest·They have 200+ BTC so they could fill in the gap.*

*Maybe you could just mine it?*

The Daily Beast has been trying to reach Jed McCaleb for several weeks both through his email accounts and social media accounts but he has not responded.

Kim Nilsson, a computer security expert at WizSec who has been analyzing the case for over two years, says, "Assuming the emails are genuine considering the timing, both Mark and Jed were aware of some 80,000 BTC that seem to have already been missing

before the large June 2011 hack, and Jed was suggesting possible approaches to recovering from it." The question then remains: did either of them put these plans into action—for example creating a trading bot (a software application that runs automated tasks) to cover the loss.

That is still an unresolved mystery.

In April 2011, 80,000 bitcoins were worth approximately $62,400.

Maybe Karpeles figured he could make it back up as he went along. But luck was not on his side. As he would try to fill the hole, the price of bitcoins kept rising. By June 2, 2011, the value for the missing BTC had jumped to over $800,000.

Unfortunately for Karpeles, he had signed a non-disclosure agreement that left him unable to discuss the loss, and he faced the Sisyphean task of recovering the missing bitcoins on his own—a problem that became greater by the day and sometimes by the hour as the value of bitcoins skyrocketed.

In June of 2011, Mt. Gox was hacked once again. Investigators at the time believed that hackers might have gained access to Jed McCaleb's administrator account, which was still active.

Karpeles's reaction to the hack was to move the majority of the bitcoins off-line into what is called "cold storage" and place them in safety deposit boxes dispersed through various banks in Tokyo. He only left enough online to make sure transactions could be carried out. But having moved the bitcoins off, Karpeles neglected to reconcile the amounts of cold storage with other customer accounts. Karpeles became increasingly paranoid about hackers—almost obsessive.

An individual who worked at Mt. Gox handling accounting told The Daily Beast, on condition we not identify him by name because of his role in the investigation, "Mt. Gox was not an investment company, according to my opinion. It was like a pachinko parlor gift exchange." (Pachinko is a Japanese variant of pinball with a payoff.)

The man in charge of accounting says he urged Karpeles to reconcile the BTC (Bitcoin) balance, the on-line balance, and the fiat (cash) balance several times but was spurned.

"I told him, 'I want to know where are the bitcoins, and we need to reconcile,' and Mark replied, '*mendokusai*' [it's a pain in the ass]. He said it was too difficult and too risky, because to reconcile the balance, you need to put the bitcoins from the cold storage onto a hot wallet, and there is the risk that it could be hacked, so he didn't want to do it."

A "hot wallet" refers to bitcoins online—a situation that makes them more vulnerable to cyber predators.

Karpeles insisted that bitcoins in a cold-wallet, sometimes printed out on sheets of paper, were much more secure. He thought it was difficult to know how much each "cold wallet" is worth until you put the BTC back on-line—or make notations on the paper wallets when creating them.

The virtual money was becoming makeshift paper money, and there were masses of it.

The accounts manager understood what Karpeles's concerns were from a cyber security perspective but still felt that not reconciling the accounts was dangerous.

"I didn't think it was reasonable not to reconcile, but I thought it's his company, he's the CEO, so I said okay."

Former employees of Karpeles say that he might have made it all work. They claim rogue U.S. government agents seized $5 million of Mt. Gox funds in summer 2013 in retaliation for Karpeles's refusal to cooperate with them. This seizure supposedly cut into the firm's operating reserves, which may have been the beginning of the end, at least according to the former Mt. Gox accountant.

In the meantime, Karpeles voluntarily assisted U.S. authorities in their investigation of the online black market Silk Road, evidently hoping that would buy him some sort of immunity.

It didn't.

"The first time I got the signal that the bitcoins were missing, it was when Mark told me, sometime in early February [2014]," said the accountant. "He called me in his office, and he said, 'There is a chance that Mt. Gox might have to file for bankruptcy.' And he asked me to go to the law firm Baker & McKenzie the next day to discuss with them."

The accountant recalls that Karpeles was eerily calm at the time—but that Mark was always that way. "He was like a more stoic version of the Cheshire Cat. He was always smiling. He could probably tell you, 'Oh, the entire office is on fire and we'd better leave before we burn to death' and it would be the same expression."

The Japanese courts will determine if Karpeles has committed criminal acts, but the latest revelations would make anyone ask: Is he a con-man, a victim, a fall-guy, or all of the above?

One thing seems clear—Karpeles bought a company already missing tens of thousands of bitcoins.

Did the thief who took them take hundreds of thousands—worth hundreds of millions of dollars—more? Someone did, in the heist of the century, and to solve it, the police need to make a case that depends on more than coercion and confession.

## Sponsored Stories

Recommended by


**32 Items Found on Earth Cannot Be Explained**
RIGHTBRAINNEWS


**Banks Are Furious Over Loophole To Fix Bad Credit Score**
LIFESTYLE RESEARCH


**Russia's new "supertank" is a deadly high-tech marvel.**
CNET


**Harry Dent Warns: Market Crash Imminent**
ECONOMY AND MARKETS


**Stock to Crash, Presidential Advisor Warns**
BANYAN HILL PUBLISHING


**The Absolute Best Sheets You Will Ever Find. Period.**
BUSINESS INSIDER


**CDC Data Shows These Are the Greatest Causes of Death...**
HEALTHGROVE


**How To Fix Your Fatigue (Do This Every Day)**
HEALTH HEADLINES

Case 3:19-cv-00022-HTW-LRA   Document 2-7   Filed 01/10/19   Page 21 of 59

3/20/2017   Case: 25CI1:14-cv-00074-TTG   Document: #154   Behind the Biggest Bitcoin Heist in History: Inside the Implosion of Mt. Gox   Filed: 03/15/2017   Page 9 of 9 The Daily Beast

© 2017 THE DAILY BEAST COMPANY LLC

**From:**          Jed McCaleb <jed@mtgox.com>
**Sent:**          Thursday, April 28, 2011 8:33 AM
**To:**            Mark Karpeles


I can't tell how big an issue it will be to be short 80k BTC if the price goes to $100 or something. That is quite a bit to owe at that point but mtgox should have made a ton of BTC getting to there. There is also still the fact that the BTC balance will probably never fall below 80k. So maybe you don't really need to worry about it.

There are 3 solutions I have thought of:
- Slowly buy more BTC with the USD that Gox Bot has. Hopefully you would fill up the loss before the price got out of hand.
- Buy a big chunk of BTC (really just moving the BTC debt to the USD

side) If BTC goes up this is a huge win. Problem is there isn't enough BTC for sale on mtgox. Maybe you could find someone on the forum to do it?
- Get those crystal island people to invest. They have 200+ BTC so they could fill in the gap.

Maybe you could just mine it?



1

**From:**          Jed McCaleb <jed@mtgox.com>
**Sent:**          Saturday, April 30, 2011 7:14 AM
**To:**            Mark Karpeles

Can you start tracking the daily or every 4 hour usd/btc balance:
select sum(usd)/1000,sum(btc)/1000 from Users; It would be good to know how the site balance is changing.
I'm guessing the level of BTC might actually go down as the price rises since I think the site will have a balance around
the current price ratio. So if the price goes to $10 (which it seems like it will do soon given the rate of deposits). We
would need to hold 3.4 million USD to justify the current level of BTC. Maybe that is reasonable actually but I could
easily imagine only 1 mil in deposits and 100k in BTC which is very close to the danger zone.

Oh if you implement options it will be easier to hedge this btc95k loss without having to spend $300k now.

| Name | Date modified | Type | Size | Date sent | To | To addresses | From | From add |
|---|---|---|---|---|---|---|---|---|
| MCCALEB 000364 2011019.6-Re_New wire transfer-18027644 | 5/24/2017 4:17 PM | E-mail Message | 6 KB | 5/18/2011 6:04 PM | John Lockwood | <jjshmokc0voodl@gmail... | Mark Karpeles | <admin6 |
| MCCALEB 000361 20110719-Re_Fwd_-226270 | 5/24/2017 4:17 PM | E-mail Message | 4 KB | 7/19/2011 8:28 AM | Laurent Blanez, Mark Karp... | <laurent@bibanme.com>; ... | Jed McCaleb | <jed@mt |
| MCCALEB 000360 20110699-Re_[Mt.Gox Support Desk] Re_186608 | 5/24/2017 4:17 PM | E-mail Message | 4 KB | 8/9/2011 6:52 PM | John Kelly, Mark Karpeles | <kreeeever@gmail.com... | Jed McCaleb | <jed@mt |
| MCCALEB 000352 20110317-Re_URL change for the cash or check to Mt Gox USD-8048 | 5/24/2017 4:17 PM | E-mail Message | 8 KB | 1/17/2011 7:27 PM | Matt Courtney | <mxcourtney@gmail.co... | Jed McCaleb | <jed@mt |
| MCCALEB 000332 20110117-Re_Paypal fraud-18503971 | 5/24/2017 4:19 PM | E-mail Message | 4 KB | 11/28/2010 6:52 AM | | | Mark Karpeles | <admin6 |
| MCCALEB 000322 20101128-Re_Paypal fraud_-18503483 | 5/24/2017 4:18 PM | E-mail Message | 2 KB | 11/28/2010 6:13 AM | Mark Karpeles | <mxk@biberme.com> | Mark Karpeles | <admin6 |
| MCCALEB 000325 20101215-no_subject-19209262 | 5/24/2017 4:18 PM | E-mail Message | 495 KB | 12/15/2010 1:49 PM | Mark Karpeles | <mxk@biberme.com> | Jed McCaleb | <jed3000 |
| MCCALEB 000324 20101215-no_subject-19715635 | 5/24/2017 4:18 PM | E-mail Message | 767 KB | 12/15/2010 1:01 PM | Mark Karpeles | <mxk@biberme.com> | Jed McCaleb | <jed3000 |
| MCCALEB 000323 20101217-Fwd_-15311520 | 5/24/2017 4:18 PM | E-mail Message | 2 KB | 12/17/2010 8:30 AM | Mark Karpeles | <mxk@biberme.com> | Jed McCaleb | <jed3000 |
| MCCALEB 000322 20101217-deal-19207428 | 5/24/2017 4:19 PM | E-mail Message | 14 KB | 12/17/2010 8:43 AM | Mark Karpeles | <mxk@biberme.com> | Mark Karpeles | <admin6 |
| MCCALEB 000328 20101217-no_subject-18692447 | 5/24/2017 4:19 PM | E-mail Message | 680 KB | 12/20/2010 12:39 PM | Mark Karpeles | <mxk@biberme.com> | Jed McCaleb | <jed3000 |
| MCCALEB 000324 20101215-no-mtgox | 5/24/2017 4:18 PM | E-mail Message | 4 KB | 2/24/2011 7:01 PM | Mark Karpeles | <mxk@biberme.com> | Jed McCaleb | <jed3000 |
| MCCALEB 000323 20110224-Re_No Subject(5) | 5/24/2017 4:18 PM | E-mail Message | 1 KB | 8/6/2012 8:35 AM | Mark Karpeles | <mxk@biberme.com> | Jed McCaleb | <jed3000 |
| MCCALEB 000047 Jed McCaleb - No Subject(2) | 5/24/2017 4:18 PM | E-mail Message | 1 KB | 10/15/2012 3:54 PM | Mark Karpeles | <mxk@biberme.com> | Jed McCaleb | <jed3000 |
| MCCALEB 000047 Jed McCaleb - No Subject(4) | 5/24/2017 4:07 PM | E-mail Message | 1 KB | 8/6/2012 8:35 AM | Mark Karpeles | <mxk@biberme.com> | Jed McCaleb | <jed3000 |
| MCCALEB 000048 Jed McCaleb - No Subject(3) | 5/24/2017 4:19 PM | E-mail Message | 2 KB | 9/18/2013 11:50 AM | Mark Karpeles | <mxk@biberme.com> | Jed McCaleb | <jed3000 |
| MCCALEB 000048 Jed McCaleb - No Subject(0) | 5/24/2017 4:19 PM | E-mail Message | 2 KB | 2/7/2014 4:34 PM | Mark Karpeles | <mxk@biberme.com> | Jed McCaleb | <jed3000 |
| MCCALEB 000049 Jed McCaleb - No Subject | 5/24/2017 4:19 PM | E-mail Message | 1 KB | 5/13/2011 9:45 PM | mxk@biberme.com | mxk@biberme.com | Jed McCaleb | <jed3000 |
| MCCALEB 000754 Jed McCaleb - Re (3) | 5/24/2017 4:18 PM | E-mail Message | 1 KB | 6/1/2012 10:31 AM | Mark Karpeles | <mxk@biberme.com> | Jed McCaleb | <jed3000 |
| MCCALEB 000751 Jed McCaleb - Re (2) | 5/24/2017 4:07 PM | E-mail Message | 1 KB | 6/2/2013 10:48 PM | Mark Karpeles | <mxk@biberme.com> | Jed McCaleb | <jed3000 |
| MCCALEB 000752 Jed McCaleb - Re | 5/24/2017 4:08 PM | E-mail Message | 5 KB | 10/16/2012 8:51 AM | Mark Karpeles | <mxk@biberme.com> | Jed McCaleb | <jed3000 |
| MCCALEB 000055 Jed McCaleb - Re (3) | 5/24/2017 4:07 PM | E-mail Message | 5 KB | 6/2/2013 10:48 PM | Mark Karpeles | <mxk@biberme.com> | Jed McCaleb | <jed3000 |
| MCCALEB 000056 Jed McCaleb - Re mtgox(1) | 5/24/2017 4:18 PM | E-mail Message | 8 KB | 2/24/2014 8:48 PM | Mark Karpeles | <mxk@biberme.com> | Jed McCaleb | <jed3000 |
| MCCALEB 000057 Jed McCaleb - Re mtgox(2) | 5/24/2017 4:07 PM | E-mail Message | 12 KB | 2/24/2014 8:39 PM | Mark Karpeles | <mxk@biberme.com> | Jed McCaleb | <jed3000 |
| MCCALEB 000059 Jed McCaleb - Re mtgox | 5/24/2017 4:07 PM | E-mail Message | 15 KB | 2/24/2014 8:39 PM | Mark Karpeles | <mxk@biberme.com> | Jed McCaleb | <jed3000 |
| MCCALEB 000079 Jed McCaleb - No Subject | 5/24/2017 4:08 PM | E-mail Message | 1 KB | 5/18/2012 8:32 AM | Mark Karpeles | <mxk@biberme.com> | Jed McCaleb | <jed3000 |
| MCCALEB 000078 Patrick Murck - Fwd Bitcoinica funds return | 5/24/2017 4:08 PM | E-mail Message | 15 KB | 8/2/2012 8:15 PM | Mark Karpeles | <mxk@biberme.com> | Patrick Murck | <patrick0 |
| MCCALEB 000072 Peter Vessenes - Re Net Steps with Gox and CoinLab | 5/24/2017 4:07 PM | E-mail Message | 11 KB | 7/26/2012 3:24 PM | Mark Karpeles | <mxk@biberme.com> | Peter Vessenes | <peter@c |
| MCCALEB 000059 Roger Ver - Re Bitconica LP (in Liquidation)(1) | 5/24/2017 4:07 PM | E-mail Message | 31 KB | 3/20/2013 10:29 PM | Mark Karpeles | <mxk@biberme.com> | Roger Ver | <roger@r |
| MCCALEB 000055 Roger Ver - Re Bitconica LP (in Liquidation)(2) | 5/24/2017 4:07 PM | E-mail Message | 238 KB | 3/21/2013 11:35 PM | Mark Karpeles | <mxk@biberme.com> | Roger Ver | <roger@r |
| MCCALEB 000056 Roger Ver - Re Bitconica LP (in Liquidation)(3) | 5/24/2017 4:08 PM | E-mail Message | 37 KB | 3/20/2013 11:57 PM | Mark Karpeles | <mxk@biberme.com> | Roger Ver | <roger@r |
| MCCALEB 000057 Roger Ver - Re Bitconica LP (in Liquidation)(4) | 5/24/2017 4:08 PM | E-mail Message | 20 KB | 3/21/2013 11:20 AM | Mark Karpeles | <mxk@biberme.com> | Roger Ver | <roger@r |
| MCCALEB 000002 Titan Seale - Re Bitcoinica LP (in Liquidation) | 5/24/2017 4:07 PM | E-mail Message | 19 KB | 3/21/2013 9:56 AM | Mark Karpeles | <mxk@biberme.com> | Jed McCaleb | <jed3000 |
| MCCALEB 000002 Titan Seale - Re Bitcoinica LP (in Liquidation)(2) | 5/24/2017 4:07 PM | E-mail Message | 39 KB | 3/21/2013 12:00 AM | Mark Karpeles, Gorzaspar... | <mxk@biberme.com>; <... | Titan Seale | <titan@c |
| MCCALEB 000002 Titan Seale - Re Bitcoinica LP (in Liquidation)(4) | 5/24/2017 4:07 PM | E-mail Message | 30 KB | 5/31/2013 5:58 PM | Mark Karpeles, Gorzaspar... | <mxk@biberme.com>; <... | Titan Seale | <titan@c |
| MCCALEB 000745 Jed McCaleb - Re (3) | 5/24/2017 4:07 PM | E-mail Message | 1 KB | 4/21/2013 2:59 PM | Mark Karpeles, Gorzaspar... | <mxk@biberme.com>; <... | Jed McCaleb | <jed3000 |
| MCCALEB 000754 Jed McCaleb - Re (2) | 5/24/2017 4:07 PM | E-mail Message | 5 KB | 2/26/2014 7:29 AM | Mark Karpeles, Gorzaspar... | <mxk@biberme.com>; <... | Jed McCaleb | <jed3000 |
| MCCALEB 000058 Jed McCaleb - Re mtgox(1) | 5/24/2017 4:07 PM | E-mail Message | 5 KB | 8/6/2013 8:50 PM | Mark Karpeles, Gorzaspar... | <mxk@biberme.com>; <... | Jed McCaleb | <jed3000 |
| MCCALEB 000000 Stafford, Thomas [DST Investment] - RE (1) | 5/24/2017 4:07 PM | E-mail Message | 3 KB | 8/2/2013 11:22 AM | Mark Karpeles, Gorzaspar... | <mxk@biberme.com>; <... | Stafford, Thomas (DST In... | <Stafford |
| MCCALEB 000746 Jed McCaleb - No Subject(0) | 5/24/2017 4:11 PM | E-mail Message | 1 KB | 5/1/2013 6:48 PM | Michael Clayton | <michael.clayton@mynte... | Michael Clayton | <admin6 |
| MCCALEB 000543 20110501-Re_ACH funding-3181402 | 5/24/2017 4:11 PM | E-mail Message | 8 KB | 1/22/2011 8:08 PM | Пегр Иванов | <mmjp@mail.ru> | Пегр Иванов | <admin6 |
| MCCALEB 000123 20110122-Re_BUGS-71957 | 5/24/2017 4:11 PM | E-mail Message | 2 KB | 1/24/2011 12:29 PM | Пегр Иванов | <mmjp@mail.ru> | Jed McCaleb | <jed3000 |
| MCCALEB 000307 20110123-Re_BUGS-73736 | 5/24/2017 4:11 PM | E-mail Message | 2 KB | 1/25/2011 9:13 AM | Пегр Иванов | <mmjp@mail.ru> | Jed McCaleb | <jed3000 |
| MCCALEB 000304 20110105-Re_BUGS-77898 | 5/24/2017 4:11 PM | E-mail Message | 2 KB | 1/26/2011 7:10 PM | Пегр Иванов | <mmjp@mail.ru> | Jed McCaleb | <jed3000 |

42 items selected

Show more details...


tabbles


EXHIBIT

8:29 AM
8/15/2017



Gmail - hey     https://mail.google.com/mail/u/0/?ui=2&ik=5913ge8&view=pt&q=to...

 Gmail

**Chris Raggio <chris.raggio@gmail.com>**

## hey
4 messages

---

**Chris Raggio <chris.raggio@gmail.com>**                                    Wed, Dec 21, 2011 at 8:18 PM
To: Jed McCaleb <jed@mtgox.com>

Hey Jed,

How's everything going? I'm feeling good.  I think 2012 is going to be a breakout year for bitcoin in terms of
technology maturation, wider adoption, and increased exchange value which everyone is so focused on.   I haven't
been doing much with the technology.  That is best left to guys like you who can code circles around me.  I've been
studying economics to try to understand how a currency as different from anything that has come before might change
things.  It's not easy.  Economics is a social science and most of it makes no sense at all.  Logical thinking is
disadvantageous to anyone trying to learn what is accepted as truth in this field.

Just to let you know I e-mailed Mark asking him what he intends to do with the stolen coins.  I haven't heard back from
him yet.  Originally he said he wanted to give "Baron a year to speak for himself."   I don't know why we would bother
with somebody who hides behind an alias and an altered passport but whatever.  We are approaching the 1 year
anniversary of the theft.

I'm not asking you to intervene on my or my father's behalf.  Mark is the owner of Mt Gox now.   It's his call whether he
wants to make things right with us as he did with Bitomat.  My father and I appreciate everything you did to investigate
and pursue the thief.  You didn't have to go to the lengths you went to for us.  We thank you.

Have a nice holiday,

Chris

---

**Jed McCaleb <jed@mtgox.com>**                                    Tue, Dec 27, 2011 at 1:16 PM
To: Chris Raggio <chris.raggio@gmail.com>

Hey Chris,
Yeah I think it is just a mater of time before something like bitcoin
takes hold.
I'll ask him again what is happening to the baron money. I'm sure he
will eventually give it to you. I know he is trying to do everything
very by the book so I think he had to wait for legal reasons.
Do you happen to remember those two guys from the conference in nyc
that were from Louisiana or mississippi? They owned a bank or
something down there. Did you get their contact info by any chance?
Thanks,
Jed.
[Quoted text hidden]

---

**Chris Raggio <chris.raggio@gmail.com>**                                    Tue, Dec 27, 2011 at 5:59 PM
To: Jed McCaleb <jed@mtgox.com>

Hey Jed,

I think it was two guys who told me they were from Louisiana.  They gave me a business card that said "Bitcoin
Solutions LLC" which is also the handle they use on the forums   Their business card is attached as an image.  I
talked to them at the conference for maybe 20 minutes.  The product that they were offering at that time was a



RAGGIO  00004                    8/22/2016 4:18 AM

Gmail - hey   Case: 25CI1:14-cv-00071-TTG      Document #...   https://mail.google.com/mail/u/0/?ui=2&ik=59...&view=pt&q=to...

pre-paid virtual visa card you purchase with bitcoins.

http://bitcoinsolutionsllc.com/

https://en.bitcoin.it/wiki/Bitcoin_Cashout

I told them that I was looking for something like that but that I wanted it to be reloadable at whatever the current exchange rate was.   I told them that I thought it would be really cool if the virtual card would actually just let you convert on the fly so that went you spent say $20.00 on the visa card it would just take 5 bitcoins (at $4 exchange rate) from a bitcoin account associated with the card.  All of this would essentially be invisible to the user and they could use it like any other card. In essence it wouldn't be much different than using the visa or mastercard you already have in Madrid.   By no means would this fix everything for users.  There are many other issues to resolve such as volatility (this might be mitigated with options trading; increased aggregate market value will help over time).   It would still be a good place to start if it were possible.

Of course to make this work you would like to have a financial institution to partner with.  These guys said that they had a strong with relationship with a bank down there and that they were already talking to the bank about making this happen.  I said that sounded great.  I had never imagined that any financial institution would be interested in doing this. They said that they owned a bank or at least was talking to one that was interested.

As you already know banks are subject to regulations.  They are not well regulated but are very tightly regulated.  That means the regulators crack down hard on small stuff like bitcoin and totally miss colossally important things like MF Global or Lehman brothers that can crash the whole system in a few hours.

As much as I wanted to believe these guys I knew that it would be tough to do this because no commercial bank would want to be associated with bitcoin.  Credit unions or community banks would be equally uninterested.   I thought maybe an offshore bank would consider it but the rates they would charge for doing something like that would be exorbitant.   These guys actually told me that they were talking about a commercial bank based in the US.

I've been playing around with some ideas.  There can't be a single point of failure.  It needs to be decentralized like P2P (as exemplified by eDonkey) and the internet itself . The nodes *and* the edges in the graph will be attacked.  Any link between the conventional system and the cryptocurrency system is what an adversary is going to try to sever.  So one thing that would help with this would be to have a whole lot of links and the ability to set up new links easily.

There are different ways to go about this.  I'm trying to see how to make individual run microexchanges possible at least conceptually.


Chris
[Quoted text hidden]


**20111227_174957.jpg**
204K

---

Chris Raggio <chris.raggio@gmail.com>                                      Tue, Aug 21, 2012 at 2:00 PM
To: Jed McCaleb <jed@mtgox.com>

http://yro.slashdot.org/story/12/08/21/1530248/bitcoin-card-to-launch-in-2-months-says-bitinstant

Looks interesting...

RAGGIO   00005

8/22/2016 4:18 AM

[Quoted text hidden]

RAGGIO  00006

8/22/2016 4:18 AM

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
HINDS COUNTY, MISSISSIPPI

DR. DONALD RAGGIO
DR. CHRIS RAGGIO

                                                            PLAINTIFFS

VS.
                                            CAUSE NO. 14-CV-00071-TTG

MTGOX, et al.
                                                            DEFENDANTS

## JED MCCALEB'S RESPONSES TO PLAINTIFFS' FOURTH SET OF REQUESTS FOR ADMISSION

COMES NOW, Jed McCaleb, and responds to the Plaintiffs' Fourth Set of Requests for Admissions as follows:

### RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST NO. 1:** Included on DVD (native files) and flash drive (Bate Stamped PDFs and native files), produced concurrently with this request, are documents produced in their native format and in .pdf format with Bates numbers SRC 00001-13722. Regarding each such document, an electronic version of which resides on each DVD and flash drive, please admit:

(a)     The electronic version of each document is a true, correct, and genuine copy of an original; and,

(b)     The genuineness and authenticity of the electronic version.

**RESPONSE NO. 1:** Denied pending resolution of the Motion For Protective Order From Plaintiffs' Fourth Set of Requests For Admissions Propounded to Jed McCaleb.

Respectfully submitted, this the 13th day of July, 2017.

                              **JED McCALEB, individually and formerly
                              doing business as MTGOX, a sole
                              proprietorship**

                    By:     /s/Mandie B. Robinson
                              EDWIN S. GAULT, JR., MSB #10187
                              MANDIE B. ROBINSON, MSB #100446



1

OF COUNSEL:

FORMAN WATKINS & KRUTZ LLP
210 East Capitol Street, Suite 2200
Jackson, Mississippi 39201-2375
Post Office Box 22608
Jackson, MS  39225-2608
Telephone:  (601) 960-8600
Facsimile:  (601) 960-8613
win.gault@formanwatkins.com
mandie.robinson@formanwatkins.com

ETHAN JACOBS
HOLLAND LAW, LLP
220 Montgomery Street, Suite 800
San Francisco, California 94104
Telephone: (415) 200-4984
ejacobs@hollandlawllp.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via email on the following:

Mitchell H. Tyner, Sr.
Charles Brad Martin
TYNER, GOZA, STACEY & MARTIN, LLC
114 West Center Street
Canton, MS 39046
mtyner@tynerlawfirm.com
bmartin@tynerlawfirm.com

Respectfully submitted, this the 13th day of July, 2017.

/s/ Mandie B. Robinson
MANDIE B. ROBINSON

2

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
HINDS COUNTY, MISSISSIPPI**

**DR. DONALD RAGGIO**
**DR. CHRIS RAGGIO**                                                    **PLAINTIFFS**

**VS.**                                                    **CAUSE NO. 14-CV-00071-TTG**

**MTGOX, et al.**                                                    **DEFENDANTS**

<u>**JED MCCALEB'S RESPONSES TO PLAINTIFFS' FIFTH SET OF
REQUESTS FOR ADMISSION**</u>

COMES NOW, Jed McCaleb, and responds to the Plaintiffs' Fifth Set of Requests for

Admissions as follows:

<u>**RESPONSES TO REQUESTS FOR ADMISSION**</u>

<u>**REQUEST NO. 1:**</u> Attached as Exhibit A, are documents Bates Stamped SRC12698,

SRC13408, SRC13518, SRC13519, SRC13520, SRC13521, SRC13523, SRC13524,

SRC13547, SRC13548-SRC13549, SRC13550-13551, SRC13552, SRC13553-SRC13554,

SRC13555-SRC13557, SRC13558-SRC13560, SRC13561-SRC13563, SRC13613 and

SRC13618. Regarding each document please admit each document is a true, correct, and

genuine copy of an original.

<u>**RESPONSE NO. 1:**</u> McCaleb admits the documents Bates Stamped SRC12698 and

SRC13552 are true, correct, genuine copies of the original emails drafted to Mark Karpeles, but

does not admit these emails were ever sent.  McCaleb does not have the remaining emails for

verification and therefore denies the remainder of this request.

<u>**REQUEST NO. 2:**</u> As previously produced on DVD (native files) and flash drive (Bate

Stamped PDFs and native files) are documents produced in their native format and in .pdf

format with Bates numbers SRC 00001-13722. Regarding each such document in Exhibit A, of

which an electronic version resides on each DVD and flash drive, please admit:

1



(a) The electronic version of each document is a true, correct, and genuine copy of an original; and,

(b) The genuineness and authenticity of the electronic version.

**RESPONSE NO. 2:** McCaleb admits the genuineness and authenticity of the emails Bates Stamped SRC12698 and SRC13552, and the electronic versions of these emails are true and correct copies of emails drafted to Mark Karpeles, though he does not admit these emails were ever sent.  McCaleb denies the remainder of this request as he does not have emails stamped SRC13408, SRC13518, SRC13519, SRC13520, SRC13521, SRC13523, SRC13524, SRC13547, SRC13548-SRC13549, SRC13550-13551, SRC13553-SRC13554, SRC13555-SRC13557, SRC13558-SRC13560, SRC13561-SRC13563, SRC13613 and SRC13618 to verify authenticity, and denies the request regarding all other documents between SRC 00001-13722 pending resolution of the Motion For Protective Order From Plaintiffs' Fourth Set of Requests For Admissions Propounded to Jed McCaleb, as this exact Request was already asked in the Fourth Set.

Respectfully submitted, this the 14th day of August, 2017.

> **JED McCALEB, individually and formerly doing business as MTGOX, a sole proprietorship**
>
> By:    /s/Mandie B. Robinson
>          EDWIN S. GAULT, JR., MSB #10187
>          MANDIE B. ROBINSON, MSB #100446

2

OF COUNSEL:

FORMAN WATKINS & KRUTZ LLP
210 East Capitol Street, Suite 2200
Jackson, Mississippi 39201-2375
Post Office Box 22608
Jackson, MS 39225-2608
Telephone: (601) 960-8600
Facsimile: (601) 960-8613
win.gault@formanwatkins.com
mandie.robinson@formanwatkins.com

ETHAN JACOBS
HOLLAND LAW, LLP
220 Montgomery Street, Suite 800
San Francisco, California 94104
Telephone: (415) 200-4984
ejacobs@hollandlawllp.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via email on the following:

Mitchell H. Tyner, Sr.
Charles Brad Martin
TYNER, GOZA, STACEY & MARTIN, LLC
114 West Center Street
Canton, MS 39046
mtyner@tynerlawfirm.com
bmartin@tynerlawfirm.com

Respectfully submitted, this the 14th day of August, 2017.

/s/ Mandie B. Robinson
MANDIE B. ROBINSON

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT**
**HINDS COUNTY, MISSISSIPPI**

**DR. DONALD RAGGIO**
**DR. CHRIS RAGGIO**                                                   **PLAINTIFFS**

**VS.**                                                   **CAUSE NO. 14-CV-00071-TTG**

**MTGOX, et al.**                                                   **DEFENDANTS**

**MOTION FOR STATUS CONFERENCE**

      Code Collective, LLC and Jed McCaleb (collectively "Defendants" or "McCaleb"), file

this motion for a status conference as follows.

      1.     The Raggios filed this suit on March 5, 2014.

      2.     There are currently nine outstanding motions before the Court which have been

fully briefed.   These include:

      i)      Defendants' "Motion for Summary Judgment Based on the Statute of
           Limitations," (Doc. 29);

      ii)     Plaintiffs' "Motion to Compel Discovery Responses," (Doc. 80);

      iii)    "Plaintiffs' Motion to Quash and For Protective Order," (Doc. 85);

      iv)    Defendants' "Motion for Protective Order From Discovery of Financial
           Information," (Doc. 95);

      v)     Plaintiffs' "Motion to Reopen Deposition and Compel Testimony," (Doc.
           97);

      vi)    "Plaintiffs' Motion for Sanctions," (Doc. 127);

      vii)    Defendants' "Motion for Protective Order From Plaintiffs' Fourth Set of
           Requests for Admission Propounded to Jed McCaleb," (Doc. 129);

      viii)   "Plaintiffs' Motion for Leave to File Supplemental Response in
           Opposition to Motion for Summary Judgment Based on Newly
           Discovered Evidence or, in the Alternative, to Supplement Summary
           Judgment Record," (Doc. 132);

      ix)    Defendants' "Motion to Compel Discovery Responses," (Doc. 134).

3.      The Court has previously held oral arguments on the Defendants' Motion for Summary Judgment (Doc. 29).

4.      Resolution of these motions is necessary for this case to move forward.

5.      The Defendants respectfully seek a status conference with the Court and counsel for the Plaintiffs to address any issues the Court may have with those motions, as well as how the parties can proceed with this litigation.   *See Reasor v. Jordan*, 110 So. 3d 307, 312 (Miss. 2013) (motion for status conference proper method to bring issues before the court); *Barry v. Reeves*, 47 So. 3d 689 (Miss. 2010) (plaintiff's motion for status conference was "a positive action . . . to expedite the litigation").

WHEREFORE, the McCaleb requests this Court schedule a status conference for counsel for the parties in this matter.   McCaleb prays for such other relief as this Court finds proper under the circumstances.

Respectfully submitted, this the 15th day of August, 2017.

> **CODE COLLECTIVE, LLC, and**
> **JED McCALEB, individually and formerly**
> **doing business as MTGOX, a sole proprietorship**
>
> By:      */s/Mandie B. Robinson*
>           EDWIN S. GAULT, JR., MSB #10187
>           MANDIE B. ROBINSON, MSB #100446

OF COUNSEL:

FORMAN WATKINS & KRUTZ LLP
210 East Capitol Street, Suite 2200
Jackson, Mississippi 39201-2375
Post Office Box 22608
Jackson, MS   39225-2608
Telephone:   (601) 960-8600
Facsimile:   (601) 960-8613
win.gault@formanwatkins.com
mandie.robinson@formanwatkins.com

ETHAN JACOBS
HOLLAND LAW, LLP
220 Montgomery Street, Suite 800
San Francisco, California 94104
Telephone: (415) 200-4984
ejacobs@hollandlawllp.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing document via email on the following:

> Mitchell H. Tyner, Sr.
> Charles Brad Martin
> TYNER, GOZA, STACEY & MARTIN, LLC
> 114 West Center Street
> Canton, MS 39046
> mtyner@tynerlawfirm.com
> bmartin@tynerlawfirm.com

This the 15th day of August, 2017.

/s/ Mandie B. Robinson
MANDIE B. ROBINSON

3

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
HINDS COUNTY, MISSISSIPPI**

**DR. DONALD RAGGIO**                                                                     **PLAINTIFFS**
**DR. CHRIS RAGGIO**

**VS.**                                                                     **CIVIL ACTION NO. 14-71**

**MTGOX a sole proprietorship;**
**MTGOX, Inc., a Delaware corporation;**
**MT.GOX KK, a Japanese corporation;**
**TIBANE KK, a Japanese corporation;**
**MUTUM SIGILLUM, LLC a Delaware limited Liability Company;**
**CODE COLLECTIVE, LLC a New York limited liability company;**
**JED McCALEB, an individual;**
**MARK KARPELES, an individual;**
**JOHN DOES 1-5, and CORPORATE JOHN DOES 1-5**                     **DEFENDANTS**

---

**NOTICE OF SERVICE OF DISCOVERY RESPONSES**

---

Please take notice that Dr. Chris Raggio and Dr. Donald Raggio have this day served in the above entitled action the following:

1)      **Plaintiffs'   Responses   to   Code   Collective,   LLC   and   Jed McCaleb's Fourth Set of Interrogatories**

The undersigned retain the originals as custodian thereof.

This the 16th day of August, 2017.

                                        **DR. CHRIS RAGGIO**
                                        **AND DR. DONALD RAGGIO**

                                        s/Charles "Brad" Martin
                                        CHARLES "BRAD" MARTIN, MSB# 100767

1

OF COUNSEL:
MITCHELL H. TYNER, SR., MSB# 8169
CHARLES "BRAD" MARTIN, MSB# 100767
**TYNER, GOZA, STACEY & MARTIN, LLC**
114 West Center Street
Canton, MS 39046
Phone: 601-401-1111
Fax: 601-957-6554

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via the Court's electronic filing system on the following:

Edwin S. Gault, Jr., Esq.
Mandie B. Robinson, Esq.
Forman Watkins & Krutz LLP
210 East Capitol Street, Suite 2200
Jackson, MS 39201-2375

Ethan Jacobs, Esq.
Holland Law, LLP
220 Montgomery Street, Suite 800
San Francisco, California 94104

Respectfully submitted, this the 16th day of August, 2017.

s/ Charles B. Martin
  CHARLES "BRAD" MARTIN, MSB# 100767

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
## HINDS COUNTY, MISSISSIPPI

DR. DONALD RAGGIO                                                          **PLAINTIFFS**
DR. CHRIS RAGGIO


VS.                                                        **CIVIL ACTION NO. 14-71**


MTGOX a sole proprietorship;
MTGOX, Inc., a Delaware corporation;
MT.GOX KK, a Japanese corporation;
TIBANE KK, a Japanese corporation;
MUTUM SIGILLUM, LLC a Delaware limited Liability Company;
CODE COLLECTIVE, LLC a New York limited liability company;
JED McCALEB, an individual;
MARK KARPELES, an individual;
JOHN DOES 1-5, and CORPORATE JOHN DOES 1-5                  **DEFENDANTS**

---

## NOTICE OF SERVICE OF DISCOVERY RESPONSES

---

Please take notice that Doctors Chris and Donald Raggio have this day served in the

above entitled action the following:

1)      **Plaintiffs Chris and Donald Raggios' Second Supplemental Responses to
        Code Collective, LLC and Jed McCaleb's Third Set of Request for
        Production**

The undersigned retain the originals as custodian thereof.

This the 22nd day of August, 2017.


                                        **DOCTORS DONALD AND CHRIS RAGGIO**

                                        s/Charles "Brad" Martin
                                        CHARLES "BRAD" MARTIN, MSB# 100767

OF COUNSEL:

1

MITCHELL H. TYNER, SR., MSB# 8169
CHARLES "BRAD" MARTIN, MSB# 100767
**TYNER, GOZA, STACEY & MARTIN, LLC**
114 West Center Street
Canton, MS 39046
Phone: 601-401-1111
Fax: 601-957-6554

## CERTIFICATE OF SERVICE

     I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via the Court's electronic filing system on the following:

     Edwin S. Gault, Jr., Esq.
     Mandie B. Robinson, Esq.
     Forman Watkins & Krutz LLP
     210 East Capitol Street, Suite 2200
     Jackson, MS 39201-2375

     Ethan Jacobs, Esq.
     Holland Law, LLP
     220 Montgomery Street, Suite 800
     San Francisco, California 94104

          Respectfully submitted, this the 22nd day of August, 2017.

            s/ Charles B. Martin
             CHARLES "BRAD" MARTIN, MSB# 100767

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
HINDS COUNTY, MISSISSIPPI**

**DR. DONALD RAGGIO**                                                                **PLAINTIFFS**
**DR. CHRIS RAGGIO**


**VS.**                                                                **CIVIL ACTION NO. 14-71**


**MTGOX a sole proprietorship;**
**MTGOX, Inc., a Delaware corporation;**
**MT.GOX KK, a Japanese corporation;**
**TIBANE KK, a Japanese corporation;**
**MUTUM SIGILLUM, LLC a Delaware limited Liability Company;**
**CODE COLLECTIVE, LLC a New York limited liability company;**
**JED McCALEB, an individual;**
**MARK KARPELES, an individual;**
**JOHN DOES 1-5, and CORPORATE JOHN DOES 1-5**                **DEFENDANTS**

---

**NOTICE OF SERVICE OF DISCOVERY RESPONSES**

---

Please take notice that Doctors Chris and Donald Raggio have this day served in the

above entitled action the following:

    1)    **Plaintiffs Chris and Donald Raggios' Supplemental Responses to Code
Collective, LLC and Jed McCaleb's First Set of Request for Production**

The undersigned retain the originals as custodian thereof.

This the 22nd day of August, 2017.


                        **DR. DONALD AND CHRIS RAGGIO**

                        s/Charles "Brad" Martin
                        CHARLES "BRAD" MARTIN, MSB# 100767

OF COUNSEL:
MITCHELL H. TYNER, SR., MSB# 8169

CHARLES "BRAD" MARTIN, MSB# 100767
**TYNER, GOZA, STACEY & MARTIN, LLC**
114 West Center Street
Canton, MS 39046
Phone: 601-401-1111
Fax: 601-957-6554

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via the Court's electronic filing system on the following:

Edwin S. Gault, Jr., Esq.
Mandie B. Robinson, Esq.
Forman Watkins & Krutz LLP
210 East Capitol Street, Suite 2200
Jackson, MS 39201-2375

Ethan Jacobs, Esq.
Holland Law, LLP
220 Montgomery Street, Suite 800
San Francisco, California 94104

Respectfully submitted, this the 22nd day of August, 2017.

s/ Charles B. Martin
CHARLES "BRAD" MARTIN, MSB# 100767

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
## HINDS COUNTY, MISSISSIPPI

DR. DONALD RAGGIO                                          PLAINTIFFS
DR. CHRIS RAGGIO


VS.                                          CIVIL ACTION NO. 14-71


MTGOX a sole proprietorship;
MTGOX, Inc., a Delaware corporation;
MT.GOX KK, a Japanese corporation;
TIBANE KK, a Japanese corporation;
MUTUM SIGILLUM, LLC a Delaware limited Liability Company;
CODE COLLECTIVE, LLC a New York limited liability company;
JED McCALEB, an individual;
MARK KARPELES, an individual;
JOHN DOES 1-5, and CORPORATE JOHN DOES 1-5          DEFENDANTS

---

## NOTICE OF SERVICE OF DISCOVERY RESPONSES

---

Please take notice that Dr. Chris Raggio and Dr. Donald Raggio have this day served in the above entitled action the following:

1)   **Plaintiffs' Responses to Code Collective, LLC and Jed McCaleb's Second Set of Requests for Admission.**

The undersigned retain the originals as custodian thereof.

This the 30th day of August, 2017.


DR. CHRIS RAGGIO
AND DR. DONALD RAGGIO

s/Charles "Brad" Martin
CHARLES "BRAD" MARTIN, MSB# 100767

OF COUNSEL:

1

MITCHELL H. TYNER, SR., MSB# 8169
CHARLES "BRAD" MARTIN, MSB# 100767
**TYNER, GOZA, STACEY & MARTIN, LLC**
114 West Center Street
Canton, MS 39046
Phone: 601-401-1111
Fax: 601-957-6554

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via the Court's electronic filing system on the following:

Edwin S. Gault, Jr., Esq.
Mandie B. Robinson, Esq.
Forman Watkins & Krutz LLP
210 East Capitol Street, Suite 2200
Jackson, MS 39201-2375

Ethan Jacobs, Esq.
Holland Law, LLP
220 Montgomery Street, Suite 800
San Francisco, California 94104

Respectfully submitted, this the 30th day of August, 2017.

s/ Charles B. Martin
CHARLES "BRAD" MARTIN, MSB# 100767

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT**
**HINDS COUNTY, MISSISSIPPI**


DR. DONALD RAGGIO                                         **PLAINTIFFS**
DR. CHRIS RAGGIO


VS.                                              **CIVIL ACTION NO. 14-71**


MTGOX a sole proprietorship;
MTGOX, Inc., a Delaware corporation;
MT.GOX KK, a Japanese corporation;
TIBANE KK, a Japanese corporation;
MUTUM SIGILLUM, LLC a Delaware limited Liability Company;
CODE COLLECTIVE, LLC a New York limited liability company;
JED McCALEB, an individual;
MARK KARPELES, an individual;
JOHN DOES 1-5, and CORPORATE JOHN DOES 1-5          **DEFENDANTS**

---

**NOTICE OF SERVICE OF DISCOVERY RESPONSES**

---

      Please take notice that Dr. Chris Raggio and Dr. Donald Raggio have this day served in the above entitled action the following:

    1)   **Plaintiffs'  Responses  to  Code  Collective,  LLC  and  Jed McCaleb's Sixth Set of Requests for Production.**

The undersigned retain the originals as custodian thereof.

This the 30th day of August, 2017.


               **DR. CHRIS RAGGIO**
               **AND DR. DONALD RAGGIO**

               s/Charles "Brad" Martin
               CHARLES "BRAD" MARTIN, MSB# 100767

OF COUNSEL:

1

MITCHELL H. TYNER, SR., MSB# 8169
CHARLES "BRAD" MARTIN, MSB# 100767
**TYNER, GOZA, STACEY & MARTIN, LLC**
114 West Center Street
Canton, MS 39046
Phone: 601-401-1111
Fax: 601-957-6554

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via the Court's electronic filing system on the following:

Edwin S. Gault, Jr., Esq.
Mandie B. Robinson, Esq.
Forman Watkins & Krutz LLP
210 East Capitol Street, Suite 2200
Jackson, MS 39201-2375

Ethan Jacobs, Esq.
Holland Law, LLP
220 Montgomery Street, Suite 800
San Francisco, California 94104

Respectfully submitted, this the 30th day of August, 2017.

s/ Charles B. Martin
 CHARLES "BRAD" MARTIN, MSB# 100767

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT**
**HINDS COUNTY, MISSISSIPPI**


DR. DONALD RAGGIO                                                    **PLAINTIFFS**
DR. CHRIS RAGGIO


VS.                                                      **CIVIL ACTION NO. 14-71**


MTGOX a sole proprietorship;
MTGOX, Inc., a Delaware corporation;
MT.GOX KK, a Japanese corporation;
TIBANE KK, a Japanese corporation;
MUTUM SIGILLUM, LLC a Delaware limited Liability Company;
CODE COLLECTIVE, LLC a New York limited liability company;
JED McCALEB, an individual;
MARK KARPELES, an individual;
JOHN DOES 1-5, and CORPORATE JOHN DOES 1-5           **DEFENDANTS**

---

**NOTICE OF SERVICE OF DISCOVERY**

---

        Please take notice that the Plaintiffs have this day served in the above entitled action the

following:

    1)      **Plaintiffs' Dr. Donald Raggio and Dr. Chris Raggio Sixth Set of Request for**
            **Admissions to Defendant Jeb McCaleb.**

The undersigned retain the originals as custodian thereof.

This the 7th day of September, 2017.


                                        **DR. DONALD RAGGIO AND**
                                        **DR. CHRIS RAGGIO**

                                        s/Charles "Brad" Martin
                                        CHARLES "BRAD" MARTIN, MSB# 100767

OF COUNSEL:

1

MITCHELL H. TYNER, SR., MSB# 8169
CHARLES "BRAD" MARTIN, MSB# 100767
**TYNER, GOZA, STACEY & MARTIN, LLC**
114 West Center Street
Canton, MS 39046
Phone: 601-401-1111
Fax: 601-957-6554

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have this day served a true and correct copy of the above and

foregoing pleading via the Court's electronic filing system on the following:

Edwin S. Gault, Jr., Esq.
Mandie B. Robinson, Esq.
Forman Watkins & Krutz LLP
210 East Capitol Street, Suite 2200
Jackson, MS 39201-2375

Ethan Jacobs, Esq.
Holland Law, LLP
220 Montgomery Street, Suite 800
San Francisco, California 94104

Respectfully submitted, this the 7th day of September, 2017.

s/ Charles B. Martin
CHARLES "BRAD" MARTIN, MSB# 100767

**MARION COUNTY SHERIFF'S OFFICE**
John R. Layton
Judicial Enforcement – Civil Division
TELEPHONE: (317) 327-2461

**AFFIDAVIT OF RECORD OF SERVICE**   order of letters Ragorty

CAUSE NUMBER 25CI1:14-cv-00071-TTG   CASE TYPE _____

SERVICE FOR JPMorgan Chase Bank, N.A

Sgt. Donovan _____, being duly sworn on his oath states that he/she is an authorized Deputy Sheriff for the County of Marion, State of Indiana. Affiant further states that he/she is not a party to this action or related to any party thereto. Affiant further states that he/she has reviewed the records of the Marion County Sheriff's Office and can state those records reflect that the Legal Papers were served in the following manner:

- PERSONAL SERVICE
  Served Legal Papers by reading to **X** _____ and delivering to
  him/her a true copy of the same.
  ___Refused Signature

- COPY 1
  Left on the door of the residence
  ___Mailed

- COPY 2
  Left with **X** _____
  ___Refused Signature

- COPY 3
  Left at Place of Employment **X** _____
  ___Refused Signature

- ⊙ CORPORATE SERVICE
  Served **X** _____ TITLE of said corporation.
  ___Refused Signature

- Made a diligent search, and failed to find any of the within named defendants within his/her bailiwick was **NOT FOUND**
  ___NF1 - Vacant _____ or Invalid Address _____
  ___NF2 – Not in Marion County
  ___NF3 – All other reasons _____
  ___NF4 – Returned After 3 Attempts for Personal Service
  ___NF5 – No Longer Employed

Served/Not Served at
7610 W. Washington St. 1st Floor Indianapolis, IN. 46231 _____ on this 7th day
of August 20 17 at 12:58pm

John R. Layton
Sheriff of Marion County, Indiana

By _____
Deputy Sheriff                    D8409 8

Sworn to and subscribed to before me, a Notary Public, in and for Marion County, Indiana this ___8 day of August 20 17

_____                    6-8-25
Notary Public                                  My Commission Expires

STATE OF INDIANA, MARION COUNTY, ss:

The State of Indiana, to the Sheriff of Marion County, Greeting:

You are hereby commanded to summon **JPMorgan Chase Bank, N. A., 7610 W. Washington St., Floor 1, Indianapolis, IN 46231**, custodian of records, to produce a copy of the records described in the attached Letters Rogatory and Order of Letters Rogatory, SEALED, to the address shown on attached documents.

_____

_____

_____

_____

............................................................................... . to appear before the Honorable Judge of the Marion Superior Courtl presiding in SUPERIOR COURT ROOM NO. _____, at the Court House in the City of Indianapolis, Indiana, on ................................... **the** ............................ day of ..............................................., 20.... , at ............ o'clock ..............M., then and there to testify on behalf of the _____. in the cause of  _____ . .....................................................................................

against and have you then and there this writ.

WITNESS the Clerk of said court, the        .. .. . .        .. day of ..... ......................................, 20..........

Myla a. Eldridge
Clerk of Court

F-qm 213

Attorney of Record

Case 3:19-cv-00022-HTW-LRA   Document 2-7   Filed 01/10/19   Page 57 of 59
Case: 25CI1:14-cv-00071-TTG   Document #: 159   Filed: 09/07/2017   Page 3 of 5
Case: 25CI1:14-cv-00071-TTG   Document #: 142   Filed: 07/26/2017   Page 1 of 2

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
## HINDS COUNTY, MISSISSIPPI

**DR. DONALD RAGGIO**  
**DR. CHRIS RAGGIO**                                                      **PLAINTIFFS**

**VS.**                                                           **CIVIL ACTION NO. 14-71**

**MTGOX a sole proprietorship;**  
**MTGOX, Inc., a Delaware corporation;**  
**MT.GOX KK, a Japanese corporation;**  
**TIBANE KK, a Japanese corporation;**  
**MUTUM SIGILLUM, LLC a Delaware limited Liability Company;**  
**CODE COLLECTIVE, LLC a New York limited liability company;**  
**JED McCALEB, an individual;**  
**MARK KARPELES, an individual;**  
**JOHN DOES 1-5, and CORPORATE JOHN DOES 1-5**            **DEFENDANTS**

---

### ORDER OF LETTERS ROGATORY

THE PEOPLE OF THE STATE OF MISSISSIPPI, TO:

> Circuit Court of Indiana  
> County of Marion  
> Clerk's Office  
> 200 E. Washington St., #W-122  
> Indianapolis, IN 46204

It is necessary that a Subpoena Duces Tecum be issued by the appropriate judicial

authority in the Circuit Court of Indiana, County of Marion.  Please issue a Subpoena Duces

Tecum to JPMorgan Chase Bank, N.A., 7610 W. Washington St. Fl. 1, Indianapolis, IN 46231,

ordering said custodian of records to produce to wit:

Bank account records for Washington Mutual account numbered 021272723 maintained
in the name of Jeb McCaleb, or to which he otherwise had authority to access, as including any
other accounts held for Jeb McCaleb at any branch of JPMorgan Chase Bank, N.A. for the time
period commencing January 1, 2010 and ending December 31, 2014.  Such request includes all
bank records and associated documents, including but not limited to check copies, statements,

1

wire transfer confirmations and statements, opening and closing documents and forms, and currency and other reports associated with any transactions related to said accounts. The accounts requested means all accounts, including loan, collateralized, or any sort of debt account.

Said documents requested and produced shall be delivered SEALED to the attorneys for

the Defendants at the following address:

    Edwin S. Gault, Jr. Esq
    Forman Watkins & Krutz LLP
    200 South Lamar Street, Suite 100
    Jackson, Mississippi 39201-4099

    SO ORDERED this the 25th day of July 2017

            HONORABLE TOMIE GREEN
            SENIOR CIRCUIT COURT JUDGE

Prepared by:
s/ Charles B. Martin
CHARLES "BRAD" MARTIN, MSB# 100767
**TYNER, GOZA, STACEY & MARTIN, LLC**
114 West Center Street
Canton, MS 39046
Phone: 601-401-1111
Fax: 601-957-6554

2

## Marion County Sheriff's Department Return Of Service

_____ Service code

I hereby certify that I have served this Summons/Order/Petition/Motion etc...on the
_____ day of _____ ,20 __ , _____ hours;

___ By delivering a copy of the Summons/Order/Petition/Motion etc., and a copy of the complaint to the Defendant,

___ By leaving a copy of the document at _____

which is the dwelling place or usual place of abode of _____

___ By leaving a copy of the Summons/Order/Petition/Motion etc. with a person over 16 years of age.

___ By leaving a copy of the Summons/Order/Petition/Motion etc...at the individual's place of employment with,

___ Served on _____ Corporation

___ Not Found: Reason _____

Signature of recipient _____ (if corporate service) Title: _____

Sheriff John R. Layton, Sheriff, Marion County, Indiana          By Deputy _____

ANTHONY CONCLIMORA