# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

| | |
|---|---|
| **Dr. Donald Raggio, Dr. Chris Raggio** ) <br> ) <br>     **Plaintiffs,** ) <br> ) <br> **v.** ) <br> ) <br> **Code Collective, LLC, a New York limited liability company, Jed McCaleb,** ) <br> ) <br>     **Defendants.** ) <br> ) <br> ) | **Case No. 3:19-cv-22-HTW-LRA** |

## MOTION TO REMAND AND AWARD COSTS AND FEES

As provided for by 28 U.S.C. § 1447(c), Drs. Donald and Chris Raggio (the Raggios) request that the Court remand this matter to the Circuit Court of Hinds County, Mississippi, where it has been pending with the removing Defendants, for nearly five years. Further, this Court should award costs and fees against Code Collective, LLC and Jed McCaleb in favor of the Raggios, because the Defendants' notice of removal lacks any objectively reasonable basis and was a blatant maneuver to postpone expert designations and trial.

Facts relevant to this Motion are as follows:

1.    The underlying case in state court arises from events surrounding the purchase and subsequent loss of 9,406.33 bitcoins that the Raggios purchased on Jed McCaleb's online bitcoin exchange, mtgox.com. Ex. 1 (original complaint); ex. 8 (amended complaint).

263748.1

2. Due to grossly inadequate security measures and mismanagement of the website, a hacker was able to steal the bitcoins. Ex. 8 at ¶¶ 11–12.

3. McCaleb then misrepresented to the Raggios that he would recover the stolen bitcoins or reimburse the Raggios for them. Jed McCaleb failed to reimburse the Raggios for their losses, despite having access to more than enough funds from the alleged thief and an offer from the alleged thief to reimburse the Raggios. Ex. 8 at ¶¶ 13–22.

4. The Raggios filed their original complaint in March 2014, pleading numerous causes of action and naming numerous Defendants, many of whom were never served. MTGOX, Inc. was served, but it never filed an answer and has never appeared in the case in any regard. Ex..10 (proof of service). Additionally, on information and belief, MTGOX, Inc. has never engaged in any business dealings except for its Delaware corporate filing in June 2013.

5. Defendants McCaleb and his company, Code Collective, LLC, did not file an answer until June 13, 2016, moving for summary judgment shortly thereafter, with the parties engaging in discovery meanwhile. Ex. 9 (circuit-court docket). After denial of summary judgment in November 2017, they petitioned for interlocutory appeal, which was denied by the Supreme Court of Mississippi. Ex. 9.

6. The Raggios filed their amended complaint on September 18, 2018. McCaleb and Code Collective then filed another motion for summary judgment in October 2018, as well as a motion to dismiss. Ex. 9.

7. The Raggios filed their response to the motion for summary judgment on November 1, 2018, which included Chris Raggio's affidavit stating he had filed a proof of

2

claim in the Mt. Gox Co., Ltd. civil rehabilitation proceedings in Japan on October 16, 2018. Ex. 12 (Raggio affidavit).

8. After both their Rule 12(b)(6) and Rule 56 motions were denied on December 27, 2018, and with their deadline for expert designations fast approaching, as well as a trial setting in June 2019, Defendants on January 3, 2019, requested a copy of the proof of claim that they were told about on November 1, 2018. Ex. 11 (letter).

9. After this copy had been provided, Defendants filed their notice of removal on January 10, 2019.

The basis for remand is set out in the Raggios' memorandum of law filed this same day. The removal was untimely and thus improper. The removing Defendants did not obtain the consent of Mt. Gox, Inc., a named and served Defendant, thus violating the rule of unanimity and likewise making the removal improper. Moreover, this Court lacks subject-matter jurisdiction over the present civil action, which neither arises in, nor arises from, nor relates to the bankruptcy proceeding in question. Remand is proper and necessary.

Because removal was objectively unreasonable at the time the notice of removal was filed, and because Defendants removed the case merely as a tactic to postpone designating their experts and to evade the June 2019 trial date, the Raggios also should be awarded their reasonable attorney fees and costs incurred in seeking remand, in an amount to be determined when this Court orders remand. (The Raggios therefore ask that this Court retain jurisdiction solely over the collateral matter of attorney fees.)

In support of this Motion, the Raggios submit the following exhibits:

Ex. 1 – Original Complaint 3-5-14

Ex. 2 – Order of Recognition in N.D. of Texas 6-19-14

Ex. 3 – Order Modifying Recognition in N.D. of Texas 12-11-18

Ex. 4 – Notice of Removal (exhibits omitted) 1-10-19

Ex. 5 – Proof of Claim filed by Chris Raggio in Japanese Civil Rehabilitation 10-16-18

Ex. 6 – Amended Scheduling Order 8-3-18

Ex. 7 – Email agreeing to February 1 for Defendants' expert designation

Ex. 8 – Amended Complaint 9-18-18

Ex. 9 – Docket of *Raggio v. MTGOX et al.* in Hinds Circuit Court

Ex. 10 – Proof of service on MTGOX, Inc in *Raggio v. MTGOX et al.* 7-15-14

Ex. 11 – Letter from M. Robinson requesting Proof of Claim 1-3-19

Ex. 12 – Affidavit of Chris Raggio filed with Nov. 1, 2018 Rule 56 response

WHEREFORE, PREMISES CONSIDERED, Plaintiffs ask that this Court GRANT the Motion to Remand, REMAND this civil action to the Circuit Court of Hinds County, Mississippi, and AWARD reasonable attorney fees and costs incurred in pursuing the Motion to Remand, retaining jurisdiction over the case solely as regards that collateral matter.

Respectfully submitted, this the 11th day of February, 2019.

    *s/ Andy Lowry*
Armin J. Moeller, Jr., MSB No. 3399
Walter H. Boone, MSB No. 8651
Christine Crockett White, MSB No. 10107
Jonathan P. Dyal, MSB No. 99146
Andy Lowry, MSB No. 100782
Patrick Everman, MSB No. 104870
Perry P. Taylor, MSB No. 104944

ATTORNEYS FOR PLAINTIFFS

OF COUNSEL:

BALCH & BINGHAM LLP
188 East Capitol Street, Suite 1400
Jackson, MS 39201-2608
Telephone: (601) 961-9900
Fax: (601) 961-4466
wboone@balch.com
cwhite@balch.com
alowry@balch.com

BALCH & BINGHAM LLP
1310 Twenty Fifth Avenue
Gulfport, MS 39501
Telephone: (228) 864-9900
Fax: (228) 864-8221
jdyal@balch.com

## CERTIFICATE OF SERVICE

The undersigned counsel for Plaintiffs hereby certifies that on this day, he has electronically filed the foregoing with the Clerk of the Court via this Court's ECF system, providing electronic service on all counsel registered therefor, and serving via United States mail (postage prepaid) as set forth below:

> Edwin S. Gault, Jr., Esq.
> Amanda B. Robinson, Esq.
> T. Peyton Smith, Esq.
> FORMAN WATKINS & KRUTZ LLP
> Post Office Box 22608
> Jackson, Mississippi 39201
> Win.Gault@formanwatkins.com
> Peyton.Smith@formanwatkins.com
> Mandie.Robinson@formanwatkins.com
>
> Ethan Jacobs, Esq.             *(via U.S. mail)*
> HOLLAND LAW, LLP
> 220 Montgomery Street, Suite 800
> San Francisco, California 94104

So certified, this the 11th day of February, 2019.

*s/Andy Lowry*
Andy Lowry
