Case 14-31229-sgj15 Doc 151 Filed 06/19/14    Entered 06/19/14 08:24:30    Page 1 of 7



U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

Signed June 18, 2014

United States Bankruptcy Judge

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>MtGox Co., Ltd. (a/k/a MtGox KK),<br><br>    Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 14-31229-sgj-15 |

### ORDER RECOGNIZING FOREIGN MAIN PROCEEDING
### AND GRANTING RELATED RELIEF

Upon the *Amended Verified Petition for Recognition and Chapter 15 Relief* (the "Amended Recognition Petition")[1] [Docket No. 126] filed by Nobuaki Kobayashi (the "Petitioner"), in his capacity as the bankruptcy trustee and foreign representative of the above-captioned debtor (the "Debtor"), seeking recognition of the bankruptcy procedure of the Debtor under Japan's Bankruptcy Act currently pending before the Tokyo District Court, Twentieth Civil Division (the "Japan Proceeding"), as a "foreign main proceeding" pursuant to section

---

[1] Capitalized terms referred to but not otherwise defined herein shall have the meanings ascribed to them in the Amended Recognition Petition.

**Exhibit 2**

1517 of title 11 of the United States Code (the "Bankruptcy Code") and related relief under Chapter 15 of the Bankruptcy Code; and upon the hearing on the Amended Recognition Petition and this Court's review and consideration of the Amended Recognition Petition, the *Declaration of Nobuaki Kobayashi in Support of the Amended Verified Petition for Recognition and Chapter 15 Relief* [Docket No. 127], and the *Memorandum of Law in Support of Amended Petition for Recognition and Chapter 15 Relief* [Docket No. 128];

**IT IS HEREBY FOUND AND DETERMINED THAT:**[2]

A. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

B. The consideration of the Amended Recognition Petition and the relief requested therein is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

C. For purposes of the relief sought in the Amended Recognition Petition only, venue is proper before this Court pursuant to 28 U.S.C. § 1410, subject to the *Joint Stipulation and Order Between the Greene Plaintiffs and the Foreign Representative of MtGox Co., Ltd.* [Docket No. 149] (the "Greene Stipulation") and the *Joint Stipulation and Order Between the Foreign Representative of MtGox Co., Ltd. and CoinLab, Inc.* [Docket No. 147] (the "CoinLab Stipulation").

D. Good, sufficient, appropriate and timely notice of the filing of the Amended Recognition Petition and the hearing on the Amended Recognition Petition has been given by the

---

[2] The findings and conclusions set forth herein and in the record of the hearing on the Amended Recognition Petition constitute this Court's findings of facts and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). To the extent any of the findings of fact herein constitute findings of fact, they are adopted here as such. To the extent any of the conclusions of law herein constitute findings of fact, they are adopted as such.

Petitioner, pursuant to the *Order Granting Approval of Amended Notice Procedures with Respect to Recognition Hearing*, entered on May 22, 2014 [Docket No. 124].

E. No objections or other responses were filed that have not been overruled, withdrawn, or otherwise resolved.

F. The Petitioner has satisfied the requirements of section 1515 of the Bankruptcy Code.

G. The Petitioner has satisfied the requirements of Bankruptcy Rule 1007(a)(4).

H. The Petitioner is a "person" pursuant to section 101(41) of the Bankruptcy Code and is the "foreign representative" of the Debtor as such term is defined in section 101(24) of the Bankruptcy Code.

I. The Japan Proceeding is a "foreign proceeding" as such term is defined in section 101(23) of the Bankruptcy Code.

J. The Japan Proceeding is pending in Japan, where the Debtor's "center of main interests," as referred to in section 1517(b)(1) of the Bankruptcy Code, is located and, accordingly, the Japan Proceeding is a "foreign main proceeding" as such term is defined in section 1502(4) of the Bankruptcy Code, and is entitled to recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code.

K. The Petitioner is entitled to all the relief provided pursuant to sections 1520, 1521(a)(4) and 1521(a)(5) of the Bankruptcy Code without limitation.

**BASED ON THE FOREGOING FINDINGS OF FACT AND AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED THAT:**

1. The Amended Recognition Petition is **GRANTED**.

2. The Japan Proceeding is recognized as a foreign main proceeding pursuant to sections 1517(a) and 1517(b)(1) of the Bankruptcy Code, and all of the effects of recognition as set forth in section 1520 of the Bankruptcy Code shall apply.

3. The Petitioner is and shall be recognized as the foreign representative of the Debtor.

4. The Petitioner is entitled to the full protections and rights enumerated under sections 1521(a)(4) and 1521(a)(5) of the Bankruptcy Code, and accordingly, the Petitioner:

   a. has the right and power to examine witnesses, take evidence or deliver information concerning the Debtor's assets, affairs, rights, obligations, or liabilities; and

   b. is entrusted with the administration and realization of all of the Debtor's assets within the territorial jurisdiction of the United States.

5. The Petitioner is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

6. Pursuant to the CoinLab Stipulation:

   a. Any and all claims, rights and defenses that CoinLab, Inc. ("CoinLab") possesses prior to entry of this Order, whether under the Bankruptcy Code, or as otherwise asserted in its status conference statement (the "Status Conference Statement") [Docket No. 129], are fully reserved after entry of this Order in accordance with the terms of this Order, including but not limited to CoinLab's right or defense to:

      i. oppose any sales of assets or settlements of or involving assets of the Debtor that purport to be free and clear of CoinLab's asserted claims, intellectual property licenses, rights or defenses;

   ii. take any action CoinLab deems appropriate to defend any of its asserted claims, rights or defenses in the Japan Proceeding or in this Chapter 15 case in accordance with applicable law or against any person or entity besides the Debtor and the Foreign Representative; and

   iii. file a motion seeking to transfer venue of this Chapter 15 case to a venue that CoinLab believes is preferable or appropriate, in the event that another party files such a motion or if a challenge to venue is brought before the Court by another party or on the Court's own motion (but CoinLab shall not otherwise raise a challenge to venue in this Chapter 15 case).

 b. The reservation of rights and defenses as set forth herein shall not prejudice CoinLab's ability to assert such rights or defenses in the future if such disputed issues become ripe for consideration by this Court, provided that nothing in this Order shall be construed as granting CoinLab any rights, claims or defenses that it did not possess prior to entry of this Order.

 c. Notwithstanding anything to the contrary set forth in subparagraphs (a) and (b) above, except that CoinLab shall suffer no prejudice or adverse effect from its agreement to reserve rights and defenses with respect to issues either raised in the Status Conference Statement or not presently before the Court in reliance on the CoinLab Stipulation, nothing herein shall be, nor shall be deemed to be, (i) a modification or impairment in any respect of (a) the effects of recognition of the Japan Proceeding as a foreign main proceeding under the Bankruptcy Code or other applicable law, (b) the rights of the Foreign Representative upon such

recognition, or (c) the other relief granted pursuant to this Order, or (ii) a waiver of any rights, claims or defenses of the Foreign Representative or CoinLab, including, without limitation, (x) the Foreign Representative's right to subsequently seek any relief, or dispute and oppose any relief subsequently sought by CoinLab, in this Chapter 15 case, in the Japan Proceeding or otherwise, or (y) CoinLab's right to respond thereto or otherwise to dispute and oppose any relief subsequently sought by the Foreign Representative in this Chapter 15 case, in the Japan Proceeding or otherwise.

7. This Order is subject to the Greene Stipulation and all rights reserved in the Greene Stipulation remain in full force and effect.

8. This Court shall retain jurisdiction with respect to: (i) the enforcement, amendment or modification of this Order; (ii) any requests for additional relief; (iii) any adversary proceeding in and through this Chapter 15 case; and (iv) any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

### END OF ORDER ###

Prepared and Submitted by:

**GARDERE WYNNE SEWELL LLP**

*/s/ Marcus A. Helt*
Marcus A. Helt (TX 24052187)
Thomas Scannell (TX 24070559)
Gardere Wynne Sewell LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201-4761
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
Email: mhelt@gardere.com
Email: tscannell@gardere.com

- and -

**BROWN RUDNICK LLP**
David J. Molton (*admitted pro hac vice*)
Daniel J. Saval (*admitted pro hac vice*)
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
Email: dmolton@brownrudnick.com
Email: dsaval@brownrudnick.com

*Counsel for Nobuaki Kobayashi, in his capacity
as the Bankruptcy Trustee and Foreign Representative
of MtGox Co., Ltd., a/k/a MtGox KK*

7

Gardere01 - 6463331v.1