

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

Signed December 9, 2018

United States Bankruptcy Judge

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 15 |
| MtGox Co., Ltd. (a/k/a MtGox KK) | Case No. 14-31229-sgj-15 |
| Debtor in a Foreign Proceeding. | |

**ORDER MODIFYING RECOGNITION
PURSUANT TO BANKRUPTCY CODE SECTION 1517(D) AND RECOGNIZING
FOREIGN MAIN PROCEEDING AND GRANTING RELATED RELIEF**

Upon the *Motion for Modification of Recognition Pursuant to Bankruptcy Code Section 1517(d) and Amended and Verified Petition for Recognition and Chapter 15 Relief* (the "Second Amended Recognition Petition")[1] filed by Nobuaki Kobayashi (the "Petitioner"), in his capacities as the bankruptcy trustee and foreign representative and trustee of the Second Civil Rehabilitation Proceeding (as defined below), seeking, among other things, modification pursuant to Bankruptcy

---

[1] Capitalized terms referred to but not otherwise defined herein shall have the meanings ascribed to them in the Second Amended Recognition Petition.

# Exhibit 3

Code Section 1517(d) of the *Order Recognizing Foreign Main Proceeding and Granting Related Relief* [Docket No. 151] (the "First Recognition Order") and recognition of the civil rehabilitation proceeding of the Debtor under Japanese law (the "Second Civil Rehabilitation Proceeding"), currently pending before the Twentieth Civil Division of the Tokyo District Court, Japan (the "Tokyo Court"), as a "foreign main proceeding" pursuant to Bankruptcy Code Section 1517 and related relief under Chapter 15 of the Bankruptcy Code; and upon the hearing on the Second Amended Recognition Petition and this Court's review and consideration of the Second Amended Recognition Petition, the *Declaration of Nobuaki Kobayashi in Support of the Motion for Modification of Recognition Pursuant to Bankruptcy Code Section 1517(d) and Amended and Verified Petition for Recognition and Chapter 15 Relief* (the "Kobayashi Declaration"), and the *Memorandum of Law in Support of the Motion for Modification of Recognition Pursuant to Bankruptcy Code Section 1517(d) and Amended and Verified Petition for Recognition and Chapter 15 Relief* (the "Memorandum of Law");

**IT IS HEREBY FOUND AND DETERMINED THAT:[2]**

A. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

B. The consideration of the Second Amended Recognition Petition and the relief requested therein is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

C. Venue is proper before this Court pursuant to 28 U.S.C. § 1410.

---

[2] The findings and conclusions set forth herein and in the record of the hearing on the Second Amended Recognition Petition constitute this Court's findings of facts and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). To the extent any of the findings of fact herein constitute conclusions of law they are adopted here as such. To the extent any of the conclusions of law herein constitute findings of fact, they are adopted as such.

D.  Good, sufficient, appropriate and timely notice of the filing of the Second Amended Recognition Petition and the hearing on the Second Amended Recognition Petition has been given by the Petitioner.

E.  No objections or other responses were filed that have not been overruled, withdrawn, or otherwise resolved.

F.  Good cause has been shown to modify the First Recognition Order as set forth herein.

G.  The Petitioner has satisfied the requirements of Bankruptcy Code Section 1515.

H.  The Petitioner has satisfied the requirements of Bankruptcy Rule 1007(a)(4).

I.  The Petitioner is a "person" pursuant to section 101(41) of the Bankruptcy Code and is the "foreign representative" of the Debtor as such term is defined in section 101(24) of the Bankruptcy Code.

J.  The Second Civil Rehabilitation Proceeding is a "foreign proceeding" as such term is defined in section 101(23) of the Bankruptcy Code.

K.  The Second Civil Rehabilitation is pending in Japan, where the Debtor's "center of main interests," as referred to in section 1517(b)(1) of the Bankruptcy Code, is located and, accordingly, the Japan Proceeding is a "foreign main proceeding" as such term is defined in section 1502(4) of the Bankruptcy Code, and is entitled to recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code.

L.  The Japan Bankruptcy Proceeding has been stayed pursuant to operation of Japanese law.

M.  The Petitioner is entitled to all the relief provided pursuant to sections 1520, 1521(a)(4) and 1521(a)(5) of the Bankruptcy Code without limitation.

**BASED ON THE FOREGOING FINDINGS OF FACT AND AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED THAT:**

1. The Second Amended Recognition Petition is **GRANTED**.

2. The First Recognition Order is modified such that the Japan Bankruptcy is no longer recognized as the operative "foreign main proceeding" for the purposes of this Chapter 15 case.

3. The First Recognition Order is superseded by this Order, except that the provisions in respect of the stipulated resolutions therein remain in full force and effect.

4. Nothing in this Order shall be deemed to affect the validity or enforceability of any of the actions or conduct of the Petitioner, conducted in his capacity as foreign representative of the Debtor under the First Recognition Order.

5. Nothing in this Order shall be deemed to affect the validity or enforceability of this Court's prior Orders in this Chapter 15 case, except as set forth in this Order.

6. The Second Civil Rehabilitation Proceeding is recognized, *nunc pro tunc* to June 22, 2018, as a foreign main proceeding pursuant to sections 1517(a) and 1517(b)(1) of the Bankruptcy Code, and all of the effects of recognition as set forth in section 1520 of the Bankruptcy Code shall apply.

7. The Petitioner is and shall be recognized as the foreign representative of the Debtor.

8. The Petitioner is entitled to the full protections and rights enumerated under sections 1521(a)(4) and 1521(a)(5) of the Bankruptcy Code, and accordingly, the Petitioner:

      a. has the right and power to examine witnesses, take evidence or deliver information concerning the Debtor's assets, affairs, rights, obligations, or liabilities; and

      b. is entrusted with the administration and realization of all of the Debtor's assets within the territorial jurisdiction of the United States.

9. The Petitioner is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

10. This Court shall retain jurisdiction with respect to: (i) the enforcement, amendment or modification of this Order; (ii) any requests for additional relief; (iii) any adversary proceeding in and through this Chapter 15 case; and (iv) any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

### End of Order ###

Submitted by:

*/s/ Thomas C. Scannell*
Marcus A. Helt (TX 24052187)
Thomas C. Scannell (TX 24070559)
**FOLEY GARDERE**
**FOLEY & LARDNER LLP**
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
Email: mhelt@foley.com
Email: tscannell@foley.com

- and -

David J. Molton (admitted pro hac vice)
Howard S. Steel (pro hac vice pending)
Gerard T. Cicero (admitted pro hac vice)
Brown Rudnick LLP

Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
Email: dmolton@brownrudnick.com
Email: hsteel@brownrudnick.com
Email: gcicero@brownrudnick.com