IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **Dr. Donald Raggio, Dr. Chris Raggio** )<br> )<br>**Plaintiffs,** )<br> )<br>v. )<br> )<br>**Code Collective, LLC, a New York** )<br>**limited liability company, Jed** )<br>**McCaleb,** )<br> )<br>**Defendants.** )<br> )<br> ) | Case No. 3:19-cv-22-HTW-LRA |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO REMAND AND AWARD COSTS AND FEES

In support of their Motion to Remand filed this day, Plaintiffs Dr. Donald Raggio and Dr. Chris Raggio (the Raggios) would show this honorable Court as follows:

Motions for remand are governed by 28 U.S.C. § 1447(c), which sets a 30-day time limit except where lack of subject-matter jurisdiction is the basis for remand. *See also* Fed. R. Civ. P. 6(a)(1)(C) (statutory deadlines that fall on weekends extended to next business day); *Hurt v. District of Columbia*, 869 F. Supp. 2d 84, 86 (D.D.C. 2012) (applying Rule 6 to extend time for moving to remand).

The burden of proof for establishing removal jurisdiction falls on the party seeking removal, *De Aquilar v. Boeing Co.*, 47 F.3d 1404, 1408, and "the removal statutes are to be construed strictly against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996) (citations omitted); *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S.

100 (1941). "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Grand View PV Solar Two, LLC v. Helix Elec., Inc.*, 847 F.3d 255, 258 (5th Cir. 2017) (citation omitted). "Moreover, removal jurisdiction raises significant federalism concerns, and we must therefore strictly construe removal jurisdiction." *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988) (internal citations omitted).

This memorandum will show that (I) Defendants failed to timely remove, (II) Defendants violated the rule of unanimity, and (III) Defendants removed a case that does not relate to the bankruptcy in question, so that this Court lacks subject-matter jurisdiction.

## I. Defendants failed to timely remove

### A. *Defendants should have sought removal in 2014 upon entry of the Order of Recognition*

Defendants seek to remove under Federal Rule of Bankruptcy Procedure 9027. However, a plain reading of that rule shows they removed four years too late. Under Rule 9027(a)(2), litigants may remove an already-pending non-bankruptcy case to a subsequently commenced bankruptcy proceeding "within . . . 90 days after the order for relief [is entered] in the [to-be-removed-to] case under the Code."[1] A Chapter 15 proceeding is "commenced by the filing of a petition for recognition of a foreign proceeding under section 1515." 11 U.S.C. § 1504.[2] The "order for relief" in the Chapter 15 context is the recognition order, which "has been held to be an order for relief, as it triggers the rights, remedies, and other

---

[1] While Defendants cite to the portion of Rule 9027(a)(2) stating that removal may occur "30 days after a trustee qualifies," they omit the rest of the provision that states the 30-day period applies only "in a chapter 11 reorganization case." Because Defendants seek to remove to a Chapter 15 proceeding, the 30-day period does not apply.

[2] *See also* 11 U.S.C. § 1509(a) ("A foreign representative may commence a case under section 1504 by filing directly with the court a petition for recognition of a foreign proceeding under section 1515.").

2

relief available to foreign representatives under the Code." *In re Fairfield Sentry Ltd.*, 452 B.R. 64, 87–88 (Bankr. S.D.N.Y. 2011) (citing *In re Condor Ins. Ltd.*, No. 07-51045 (Bankr. S.D. Miss. Oct. 10, 2007)), *rev'd on other grounds*, *In re Fairfield Sentry Ltd. Litigation*, 458 B.R. 665 (S.D.N.Y. 2011).

Here, the Raggios filed their original complaint on March 4, 2014, prior to the start of any bankruptcy proceeding. (Motion ex. 1). The debtor MtGox Co., Ltd. (a non-party to this suit) filed its first petition for recognition in the United States Bankruptcy Court for the Northern District of Texas on March 9, 2014, which, after an amendment on May 23, 2014, the court granted, entering an Order of Recognition on June 19, 2014. (Motion ex. 2). That June 19, 2014 Order qualifies as the "order for relief" under Rule 9027, and Defendants should have removed within 90 days of that order. *See In re Fairfield Sentry Ltd.*, 452 B.R. at 87; Fed. R. Bankr. P. 9027(a)(2). Instead, they waited over four years until the bankruptcy court entered its December 11, 2018 Order Modifying Recognition based on an October 25, 2018 Motion for Modification of Recognition (Motion ex. 3).

Defendants rely solely on this modification order for claiming timely removal (as they must, due to the passage of four years from the start of this suit). But, in addition to the face of the motion and order regarding modification, the relief and statutory authority relied upon in those documents shows they merely alter an already-existing order for recognition; they thereby fail to qualify as the "order for relief" under Rule 9027(a)(2). *See In re Fairfield Sentry Ltd.*, 452 B.R. at 87.

Orders for recognition are governed by 11 U.S.C. § 1515, which does not contemplate modification. Rather, that Bankruptcy Code section addresses only applications for recognition in the first instance, consistent with § 1504, which looks to

§ 1515 for "commenc[ing]" an action. 11 U.S.C. §§ 1504, 1515. Already-filed and recognized Chapter 15 proceedings are modified via 11 U.S.C. § 1517(d), which provides that "[t]he provisions of this subchapter do not prevent modification . . . ."[3] The October 25, 2018 Motion for Modification of Recognition relies primarily for relief on 11 U.S.C. § 1517(d)—a clear indication that it seeks modification and not commencement (if that were not already apparent on the face of the motion and also from the fact that the Defendants filed the motion in an already-existing and recognized bankruptcy matter). The Order Granting Modification itself acknowledges that it merely "modifie[s]" the prior order for relief and that "[n]othing in this Order shall be deemed to affect the validity or enforceability of this Court's prior Orders in this Chapter 15 case, except as set forth in this Order." (Motion ex. 3).

In other words, the Order does exactly what it says, modifies an already-existing order for relief. Defendants therefore cannot rely on the December 11, 2018 order as a basis for removal, and their attempts to remove now are more than four years too late. Remand is necessary.

### B. *Because the Hinds County action was removable from day one, Section 1446 does not apply*

While the notice of removal also looks to 28 U.S.C. § 1446(b)(3) for the proposition that removal on diversity grounds is proper if filed "within thirty days of filing of an 'order' or 'other paper' showing the case to be removable" (Motion ex. 4 at ¶ 20), Defendants

---

[3] "Chapter 15 of the Bankruptcy Code allows the recognition determination to be modified or terminated in the future." *In re Ernst & Young, Inc.*, 383 B.R. 773, 781 (Bankr. D. Colo. 2008); *see also In re Loy*, Nos. 07-51040, 09-51379, 2011 WL 2619253, at *3 (Bankr. E.D. Va. July 1, 2011) ("Section 1517(d) makes clear that the statute permits 'modification or termination' of the Recognition Order. . . .").

overlook the plain language of the statute, and "the great weight of authority" holds to the contrary. *In re Fairfield Sentry Ltd.*, 452 B.R. at 87–88. First, Section 1446(b)(3) reads in full (emphasis added):

> Except as provided in subsection (c), *if the case stated by the initial pleading is not removable*, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Even if the Hinds County action's Amended Complaint were somehow newly removable due to diversity jurisdiction when filed on September 7, 2018, so too was the Original Complaint filed March 5, 2014. Motion exs. 1, 8. This case plainly falls outside the statute because the initial pleading (whichever one Defendants look to) was removable.

Second, and no less important, 28 U.S.C. § 1446 does not apply to bankruptcy removal. "[T]he great weight of authority . . . hold[s] that the 90-day deadline of Bankruptcy Rule 9027, rather than the 30-day deadline of 28 U.S.C. section 1446," applies in this context. *In re Fairfield Sentry Ltd.*, 452 B.R. at 87–88.[4] Unlike general removal of civil matters to the federal courts, which is governed "substantively by 28 U.S.C. § 1441 and procedurally by 28 U.S.C. § 1446, the removal of claims or causes of action related to bankruptcy cases is

---

[4] "No circuit court appears to have determined whether the removal period in Rule 9027 or section 1446(b) governs in the event of a conflict." *Nase v. TECO Energy, Inc.*, No. 2010 WL 924290, at *2, n. 3 (E.D. La. Mar. 9, 2010) ("Furthermore, the Court observes that a number of district and bankruptcy courts have concluded that the timeliness of a § 1452 removal is determined by Federal Rule of Bankruptcy Procedure 9027 and not 28 U.S.C. § 1446(b)"); *see also Everett v. Friedman's Inc.,* 329 B.R. 40, 42 (S.D. Miss. 2005); *Thomson v. Able Supply Co.,* 179 F. Supp. 2d 693, 696 n. 6 (W.D. Tex. 2002).

now governed substantively by 28 U.S.C. § 1452(a) and procedurally by Bankruptcy Rule 9027." *Id.* (quoting *In re Boyer,* 108 B.R. 19, 24 (Bankr. N.D.N.Y. 1988)).[5]

Accordingly, Defendants' reliance on 28 U.S.C. § 1446 is misplaced, and their removal was untimely, requiring remand.

### C. *Defendants have procedurally and substantively failed to comply with Rule 9006*

To the extent that Defendants look to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure to enlarge their time to remove, they again ignore the plain language. While Rule 9006(b)(1) "allows the bankruptcy court to enlarge the time for removal before the time for removal expires *sua sponte*[,] . . . after that time period expires, enlargement of the time for removal may be granted '*on motion made*' if 'the failure to act was the result of excusable neglect.' " *In re Fairfield Sentry Ltd. Litigation*, 458 B.R. 665, 691–92 (S.D.N.Y. 2011) (citing Fed. R. Bankr. P. 9006(b)(1)) (emphasis added).[6] No such motion exists, and Defendants cannot benefit from Rule 9006. Even if they somehow could, Defendants would have to show "excusable neglect." *Id.*

---

[5] *See also Gilbert v. AGCO Corp.,* No. 1:09–CV–962, 2009 WL 3672071, at *1 (N.D.N.Y. Oct. 30, 2009) ("This Court agrees with the majority rule . . . that . . . removals pursuant to § 1452 continue to be covered by the times set forth in Bankruptcy Rule 9027."); *Shared Network Users Group, Inc. v. WorldCom Techs., Inc.,* 309 B.R. 446, 449 (Bankr. E.D. Pa. 2004) ("To superimpose the bright line 30 day removal deadline of § 1446(b) would undermine the specific statutory scheme of § 1452. Bankruptcy Rule 9027(a) is carefully crafted to fit with the purpose of § 1452."); *In re Donington,* 194 B.R. 750, 756 (D.N.J. 1996) ("The majority of courts have upheld the applicability of Bankruptcy Rule 9027 to Section 1452 and enforced a ninety day time limitation.").

[6] "[A] late B.Rule 9027 should be accompanied or preceded by a separate motion under B.Rule 9006(b)." *In re Glen Eagle Square, Inc.*, No. 91-10796S, 1991 WL 111490, at * 2 (Bankr. E.D. Pa. June 20, 1991).

"A court determining whether a party's conduct resulted from excusable neglect must take into account all relevant circumstances surrounding the failure, including the danger of prejudice to the debtor, the length of delay and its potential impact on judicial proceedings, the reason for the delay, and whether the debtor acted in good faith." *In re Pollak*, 223 F. App'x 309, 310 (5th Cir. 2007) (citing *In re Christopher,* 35 F.3d 232, 236 (5th Cir. 1994); *see Pioneer Inv. Servs. Co. v. Brunswick Assocs.,* 507 U.S. 380, 395 (1993).

Here, Defendants delayed over four years; learned of the supposed basis for removal (the proof of claim) on November 1, 2018; and then sought removal only after waiting to first see how the dice landed on their pending motions. Motion ex. 12 (Nov. 1, 2018 affidavit). Moreover, the Hinds County Circuit Court already has deep familiarity with this action, and the litigants have exchanged significant discovery. Motion ex. 9 (docket). A scheduling order had set trial for June 2019 (Motion ex. 6), and Defendants' expert designations were due (by agreed extension) on February 1. Motion ex. 7. The bad faith is palpable. *See also Slaughter v. So. Talc Co.*, 919 F.2d 304, 307 (5th Cir. 1990) (holding "tactical decision" cannot meet excusable-neglect standard).

Uprooting this action now would unfairly prejudice the Raggios and cause needless expenditure of this Court's judicial resources. No excusable neglect exists; Hinds County Circuit Court is the appropriate forum for this action; and the Court should remand this action.

## II. Defendants seek to remove the entire Hinds County action but failed to obtain consent from all served defendants—a fatal flaw

Courts have held that when a litigant seeks to remove an entire action—as opposed to specific claims—under 28 U.S.C. § 1452, the unanimity rule of 28 U.S.C. § 1446(b)(2)(A) applies. *See Berry v. Pharmacia Corp.*, 316 B.R. 883, 887 (S.D. Miss. 2004); *Orion Refining*

*Corp. v. Fluor Enterprises, Inc.*, 319 B.R. 480, 485 (E.D. La. 2004) ("[M]any district and bankruptcy courts, including those in this circuit, have found that the rule of unanimity applies to removal based on bankruptcy jurisdiction under Section 1452.").[7] In *Berry*, "[w]hile Pharmacia had the option of removing only plaintiffs' claims against it, that does not appear to be what Pharmacia intended." *Id.* "A review of the removal notice reveals that Pharmacia, while specifically addressing only the relationship between Solutia's bankruptcy and plaintiffs' claims against Pharmacia, repeatedly and consistently references removal of 'this action' and of 'this civil action.' " *Id.* As such, "the court approache[d remand as if] the entire case ha[d] been removed." *Id.*

Here, Defendants sought to remove the entire action, as seen in the first sentence of their notice of removal: "hereby remove to this Court the state court action described below (Cause No. 14-71 in the Circuit Court of Hinds County, Mississippi)." Motion at ex. 4. Thus, they were bound to comply with the unanimity rule and seek MtGox, Inc.'s consent in removing the claims against them. See Motion ex. 10 (proof of service). The notice of removal lacks any consent or indication that Defendants even sought MtGox, Inc.'s consent, rendering their removal procedurally and fatally improper. This is yet another reason why this Court should remand this action.

---

[7] *See also The Retirement Sys. of Ala. v. Merrill Lynch & Co., J.P.,* 209 F. Supp. 2d 1257, 1262–64 (M.D. Ala. 2002); *Ross v. Thousand Adventures of Iowa, Inc.,* 178 F. Supp. 2d 996, 1002 (S.D. Iowa 2001); *Whitney Nat'l Bank v. Bunch,* No. Civ. A. 00–2859, 2001 WL 87443, at *2 n. 9 (E.D. La. 2001); *Hills v. Hernandez,* No. Civ. A. 98–1108, 1998 WL 241518, at *2 (E.D. La. 1998); *In re Red Ash Coal & Coke Corp.,* 83 B.R. 399, 401 (W.D. Va. 1988); *In re Princess Louise Corp.,* 77 B.R. 766, 768 (Bankr. C.D. Cal. 1987).

### III. Because this action involved exclusively non-debtor third parties, the Court lacks 'related to' jurisdiction

The Court need not go further. Defendants' failures to timely remove and to seek consent from MtGox, Inc. prior to removal provide independent and dispositive grounds for remand. However, even on the merits, Defendants' removal would fail because this Court lacks subject-matter jurisdiction.

Litigants may remove state court proceedings "*arising under* title 11, or *arising in* or *related to* cases under title 11." 28 U.S.C. § 1334(b) (emphasis added); *see also* 28 U.S.C. § 1452(a) ("A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction . . . under section 1334 of this title."). These three phrases mean as follows:

- "Proceedings arising under title 11 . . . involve a cause of action created or determined by a statutory provision of title 11." *In Matter of Galaz*, 665 F. App'x 372, 375 (5th Cir. 2016) (quoting *In re Wood*, 825 F.2d 90, 96 (5th Cir. 1987)) (internal quotations omitted).

- " '[A]rising in' proceedings . . . [refers] to those 'administrative' matters that arise *only* in bankruptcy cases. In other words, 'arising in' proceedings are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." *Id.* (quoting *In re Wood*, 825 F.2d at 97) (emphasis in original).

- "Related to" jurisdiction exists when "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Id.* (quoting *In re Wood*, 825 F.2d at 93 (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984))) (emphasis omitted).

Here, "[t]he issues raised . . . are state law claims between non-debtors and, as such, do not fall within the jurisdictional grant respecting matters 'arising in,' or 'arising under' . . . ." *In re Fort Worth Osteopathic Hosp., Inc.*, 406 B.R. 741, 744–45 (Bankr. N.D. Tex. 2009). And Defendants largely acknowledge this by not arguing that "arising under" jurisdiction exists at all, and by failing even to try to support their conclusory statement that "arising in" jurisdiction exists (which it does not, as the entirety of the Raggios' claims exist irrespective of any bankruptcy proceeding). Rather, Defendants must hope for "related to" jurisdiction.

"An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and . . . in any way impacts upon the administration of the bankruptcy estate." *Matter of Zale Corp.,* 62 F.3d 746, 752 (5th Cir. 1995). Nonetheless, "a bankruptcy court's 'related to' jurisdiction cannot be limitless." *Id.* at 754–55 (quoting *Celotex Corp. v. Edwards,* 514 U.S. 300 (1995)). Further, "as a dispute becomes progressively more remote from the concerns of the body of federal law claimed to confer federal jurisdiction over it, the federal interest in furnishing the rule of decision for the dispute becomes progressively weaker." *Zerand–Bernal Group, Inc.,* 23 F.3d at 162. "For the bankruptcy court to have subject matter jurisdiction, therefore, some nexus must exist between the related civil proceeding and the Title 11 case." *Matter of Zale Corp.*, 62 F.3d at 753 (citing *In re Lemco Gypsum, Inc.,* 910 F.2d at 787).

Especially relevant here is the fact that "a large majority of cases reject the notion that bankruptcy courts have 'related to' jurisdiction over third-party actions." *Matter of Zale Corp.*, 62 F.3d at 753. "Those cases in which courts have upheld 'related to' jurisdiction over third-party actions do so because the subject of the third-party dispute is property of the estate, or because the dispute over the asset would have an effect on the estate." *Id.*

(footnotes omitted). "Conversely, courts have held that a third-party action does not create 'related to' jurisdiction when the asset in question is not property of the estate and the dispute has no effect on the estate." *Id.* (footnotes omitted). "Shared facts between the third-party action and a debtor-creditor conflict do not in and of themselves suffice to make the third-party action 'related to' the bankruptcy." *Id* (footnote omitted).[8]

More particularly, "[a] third party action which does not directly involve a debtor in bankruptcy is not related to the bankruptcy, but is, at best, a precursor to a claim against the debtor." *Coward v. AC and S., Inc.*, 91 F. App'x 919, 923 (5th Cir. 2004) (affirming award of attorney fees after remand of unreasonable removal which asserted "related to" jurisdiction). "This is because any judgment between two non-debtor third parties will not have any preclusive effect by either *res judicata* or collateral estoppel against the debtor, who would be free to relitigate any claim brought against it." *Id.* at 923–24 (quoting *Arnold v. Garlock, Inc.*, 278 F.3d 426, 434 (5th Cir. 2002)). "The judgment against a non-debtor defendant would not automatically create liability for the debtor because the non-debtor would be required to actually bring an action against the debtor to recover." *Id.* at 924. (citing *Pacor, Inc. v. Higgins*, 743 F.2d 984, 995 (3d Cir. 1984)); *see Arnold*, 278 F.3d at 434

---

[8] *See In re Boone,* 52 F.3d 958, 961 (11th Cir. 1995) (holding that debtor's tort suit against creditor was not related to bankruptcy because "although the claim . . . will share the common factual issue [with a bankruptcy proceeding]," the common issue did not invoke jurisdiction); *United States v. Dos Cabezas Corp.,* 995 F.2d 1486, 1492 (9th Cir. 1993) (declining to extend stay to funds that were not property of estate because "[t]he mere fact that the [third party's] claim against the [nondebtor] shares a similar legal and factual nexus with the [third-party's] claim against the [debtor] is not sufficient ground for extending the automatic stay"); *In re Lemco Gypsum, Inc.,* 910 F.2d at 789 ("Overlap between the bankrupt's affairs and another dispute is insufficient unless its resolution also affects the bankrupt's estate or the allocation of assets among creditors." (citations omitted)); *Home Ins. Co. v. Cooper & Cooper, Ltd.,* 889 F.2d 746, 748–49 (7th Cir. 1989) (same)).

(5th Circuit derives related-to jurisprudence from *Pacor*) Thus, " 'related to' jurisdiction would not come into play until a litigant brought a direct claim under bankruptcy jurisdiction based on the result of the prior judgment." *Id.* (quoting *Arnold*, 278 F.3d at 434).

The notice of removal nowhere explains how this matter "relates to" the Chapter 15 proceeding in the Bankruptcy Court of the Northern District of Texas and thereby the MtGox Co., Ltd. proceeding in Japan. The debtor, MtGox Co., Ltd., is not a party in this action, and Defendants have not shown any connection whatsoever between MtGox, Inc. and MtGox Co., Ltd., merely asserting in passing that MtGox, Inc., is purportedly a "related corporate entit[y]." Motion ex. 4 at ¶ 1.

Here, no judgment against MtGox, Inc. will "have any preclusive effect by either *res judicata* or collateral estoppel against the debtor." No property of the debtor is involved in this matter, and the facts underlying the Raggios' claims are tangential at best to the Japanese bankruptcy. Indeed, it is Jed McCaleb's and Code Collective's actions and misrepresentations—wholly exclusive from MtGox Co., Ltd.—that form the basis of this suit.

Under clear Fifth Circuit case law, no "related to" jurisdiction exists, and the Court should remand for lack of subject-matter jurisdiction.

IV. **Defendants lacked an objectively reasonable basis to remove and the Court should award the Raggios their fees and costs in pursuing remand.**

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Hines v. Plane Paint, Inc.*, 430 F. Supp. 2d 598, 600–01 (S.D. Miss. 2005) (citing 28 U.S.C. § 1447(c)). Courts may award fees in removal under 28 U.S.C. § 1452. *Pluskat v. Cupit*, 158 F. App'x 626, 626–67 (5th Cir. 2005) ("Cupit's argument that 28 U.S.C. § 1447 is inapplicable to bankruptcy

claims is foreclosed by the reasoning of *Things Remembered, Inc. v. Petrarca,* 516 U.S. 124, (1995) (rejecting contention that prohibition on appellate review of remand orders contained in § 1447(d) did not apply to removals based on bankruptcy jurisdiction).").[9]

In determining whether to award costs and fees for improper removal, courts "consider objectively the merits of the defendant's case at the time of removal." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000) (citing *Miranti v. Lee,* 3 F.3d 925, 928 (5th Cir.1993)). "In other words, the question we consider in applying § 1447(c) is whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Id.* at 293. "This requires a review of 'the removing party's actions based on an objective view of the legal and factual elements in [this] particular case.'" *Hines*, 430 F. Supp. 2d at 601) (quoting *Valdes*, 199 F.3d at 293). To justify the award of fees, the party opposing removal need not show bad faith or frivolous or negligent conduct; it suffices if the removal was objectively improper. *Kent v. Ford Motor Co.*, 200 F. Supp. 2d 670, 672 (S.D. Miss. 2002) (Barbour, J.) (citing *Miranti v. Lee*, 3 F.3d 925, 929 (5th Cir. 1993)), *accord*, *Gannett River States Pub. Corp. v. Miss. State Univ.*, 945 F. Supp. 128, 131–32 (S.D. Miss. 1996) (Wingate, J.) (noting award also proper where removal is in bad faith or "devoid of basis or obviously intended to harass the plaintiff').

---

[9] *See also Coward v. AC and S., Inc.*, 91 F. App'x 919, 923 (5th Cir. 2004) ("Following the Supreme Court's *in pari materia* statutory analysis in *Things Remembered,* the general remand requirement of § 1447(c) comfortably supplements § 1452 to provide when a case removed under § 1452 must be remanded if at any point during the bankruptcy case subject matter jurisdiction is lost, and thus when an award of attorney fees and costs can be made. In the case here, Garlock removed pursuant to § 1452. However, once the plaintiffs dismissed with prejudice the debtors, neither the district court nor the bankruptcy court maintained any 'related to' subject matter jurisdiction which may have existed and were therefore required under § 1447(c) to remand the cases to the state courts. Thus, § 1447(c) became the appropriate provision under which to apply for attorney fees and costs.").

In *Coward*, the removing party claimed "that at the time of the removal it had valid contribution claims against the debtors which established 'related to' subject matter jurisdiction." *Coward*, 91 F. App'x at 923. The court noted that"[w]hile . . . a valid contribution claim can serve to establish related to jurisdiction, [the removing party] did not have such a valid claim at the time of removal[, because] [a]t the time of the removal, [no] judgment . . . that would serve to form the basis of a contribution claim against any of the debtors" yet existed. *Id.* (internal quotations and citations omitted). "Therefore, because [the removing party] did not have a valid contribution claim at the time of removal it did not have an objectively reasonable belief that related to jurisdiction existed." *Id.*

Here, no judgment against MtGox, Inc. exists. Therefore, at present, no ability for the liabilities of MtGox, Inc. to be levied upon MtGox Co., Ltd. exists (even if their purported affiliation allowed for such). That was the case at the time of removal.

Additionally, at the time of removal, Defendants knew they had been litigating for over four years in Hinds County Circuit Court, knew the modification order did not commence an action, and knew that they had failed to gain the consent of all served defendants for removal. Each and every defect regarding the Notice of Removal was plain and existing at the time of removal, and Defendants lacked an objectively reasonable basis for removal. In fact, the removal was obviously carried out in bad faith. The alleged basis for removal was known to Defendants no later than November 1, but they remained in Hinds County Circuit Court in hopes of winning favorable rulings. Only when those hopes were disappointed (and, we note, a judicial election changed the judge on the bench) did Defendants suddenly seek federal jurisdiction, thus among other things relieving themselves

from the trial set for June 2019. They did not even request a copy of the proof of claim until a week after losing their motions. Motion ex. 11.

Because removal was objectively unsupportable, and because removal was for the purpose of delay and harassment, the Court should grant the Raggios their attorney fees and costs in opposing Defendants' removal. The Raggios ask that this Court retain jurisdiction solely over the collateral matter of the award of attorney fees and costs, and direct that an itemized bill of costs be submitted within a reasonable time after remand for this Court to consider, as was the procedure in *Gannett River States Publishing Corp.*, 945 F. Supp. at 132.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs ask that this Court GRANT the Motion to Remand, REMAND this civil action to the Circuit Court of Hinds County, Mississippi, and AWARD reasonable attorney fees and costs incurred in pursuing the Motion to Remand, retaining jurisdiction over the case solely as regards that collateral matter.

Respectfully submitted, this the 11th day of February, 2019.

*s/ Andy Lowry*
Armin J. Moeller, Jr., MSB No. 3399
Walter H. Boone, MSB No. 8651
Christine Crockett White, MSB No. 10107
Jonathan P. Dyal, MSB No. 99146
Andy Lowry, MSB No. 100782
Patrick Everman, MSB No. 104870
Perry P. Taylor, MSB No. 104944

ATTORNEYS FOR PLAINTIFFS

OF COUNSEL:

BALCH & BINGHAM LLP
188 East Capitol Street, Suite 1400
Jackson, MS 39201-2608
Telephone: (601) 961-9900
Fax: (601) 961-4466
wboone@balch.com
cwhite@balch.com
alowry@balch.com

BALCH & BINGHAM LLP
1310 Twenty Fifth Avenue
Gulfport, MS 39501
Telephone: (228) 864-9900
Fax: (228) 864-8221
jdyal@balch.com

## CERTIFICATE OF SERVICE

The undersigned counsel for Plaintiffs hereby certifies that on this day, he has electronically filed the foregoing with the Clerk of the Court via this Court's ECF system, providing electronic service on all counsel registered therefor, and serving via United States mail (postage prepaid) as set forth below:

>Edwin S. Gault, Jr., Esq.
>Amanda B. Robinson, Esq.
>T. Peyton Smith, Esq.
>FORMAN WATKINS & KRUTZ LLP
>Post Office Box 22608
>Jackson, Mississippi 39201
>Win.Gault@formanwatkins.com
>Peyton.Smith@formanwatkins.com
>Mandie.Robinson@formanwatkins.com

>Ethan Jacobs, Esq.            *(via U.S. mail)*
>HOLLAND LAW, LLP
>220 Montgomery Street, Suite 800
>San Francisco, California 94104

So certified, this the 11th day of February, 2019.

>*s/Andy Lowry*
>Andy Lowry