FILED
MAR 05 2014
BARBARA DUNN, CIRCUIT CLERK
BY_____ D.C.

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
## HINDS COUNTY, MISSISSIPPI

DR. DONALD RAGGIO                                             PLAINTIFFS
DR. CHRIS RAGGIO

VS.                              CIVIL ACTION NO. 14-71

MTGOX a sole proprietorship;
MTGOX, Inc., a Delaware corporation;
MT.GOX KK, a Japanese corporation;
TIBANE KK, a Japanese corporation;
MUTUM SIGILLUM, LLC a Delaware limited Liability Company;
CODE COLLECTIVE, LLC a New York limited liability company;
JED McCALEB, an individual;
MARK KARPELES, an individual;
JOHN DOES 1-5, and CORPORATE JOHN DOES 1-5                    DEFENDANTS

### COMPLAINT

### TRIAL BY STRUCK JURY DEMANDED

COME NOW the Plaintiffs, Dr. Donald Raggio and Dr. Chris Raggio, and file this their claim for specific performance and damages regarding the purchase of bitcoin, and for cause would show the following, to-wit:

### PARTIES

1.) Dr. Donald Raggio and Dr. Chris Raggio are adult resident citizens of Hinds County Mississippi residing in the 1st Judicial District of Hinds County, Mississippi. They are

EXHIBIT A

hereinafter referred to collectively as the "Plaintiffs" and/or "the Raggios". The Raggios wired funds and purchased bitcoins from defendants beginning in 2010.

2.) Defendant MTGOX, on information and belief, was a sole proprietorship originally created, owned and operated by Defendant Jed McCaleb. MTGOX conducted business throughout Mississippi and the United States.

3.) Defendant Jed McCaleb is an adult resident citizen of New York and on information and belief, he may be served with process of this court at 286 Union #1A, Brooklyn, NY 11211. Jed McCaleb, at the relevant times herein was doing business in the State of Mississippi and the United States.

4.) Defendant Code Collective, LLC is a New York limited liability company who may be served with process of this court through its registered agent, New York Department of State and at its New York office located at 286 Union #1A, Brooklyn, NY 11211. Defendant Code Collective, LLC conducted business throughout Mississippi and the United States.

5.) Defendant MTGOX, Inc. is a Delaware corporation. It is believed that this corporation was formed in 2013 and may be served with process of this court through its agent for service of process, National Corporate Research, LTD located at 615 S Dupont Hwy, Dover, DE 19901. MTGOX, Inc.'s principal place of business is located at Level 15-F, Cerulean Tower, 26-1 Sakuragaoka-cho, Shibuya-ku, Tokyo, Japan 150-8512.

6.) Defendant Mutum Sigillum, LLC is a Delaware limited liability company with its principal place of business located at Level 15-F, Cerulean Tower, 26-1 Sakuragaoka-cho, Shibuya-ku, Tokyo, Japan 150-8512. Mutum Sigillum, LLC, is a subsidiary of MTGOX KK and or Tibanne KK and may be served with process of this court through its designated agent for

**EXHIBIT A**

service of process, Corpmax, Inc. located at 2915 Ogletown Road, Newark, DE 19713. Mutum Sigillum, LLC conducts business throughout Mississippi and the United States.

7.) Defendant MT.GOX KK is believed to be a Japanese corporation owned and operated by Mark Karpales and Jed McCaleb, with its current principal place of business located at Level 15-F, Cerulean Tower, 26-1 Sakuragaoka-cho, Shibuya-ku, Tokyo, Japan 150-8512. MT.GOX KK conducts business throughout Mississippi and the United States. On information and belief, MT.GOX KK is the parent of MTGOX, Inc. and conducts business in the United States and Mississippi directly and by and through MTGOX, Inc. and Mutum Sigillum, LLC.

8.) Defendant Tibanne KK is a Japanes corporation with its principal place of business located at Level 15-F, Cerulean Tower, 26-1 Sakuragaoka-cho, Shibuya-ku, Tokyo, Japan 150-8512. Tibanne KK conducts business throughout Mississippi and the United States. On information and belief, Tibanne KK is a parent of MTGOX KK and conducts its business in the United States directly and through MTGOX, Inc. and through Mutum Sigillum, LLC.

9.) Defendant Mark Karpeles serves as the Chief Exective Officer of Mutum Sigillum, LLC; MtGox, Inc.; Mt. Gox KK and Tibanne KK. On information and belief, Defendant Karpeles is the majority and/or sole shareholder of these companies.

## JURISDICTION AND VENUE

10.) This Court has personal jurisdiction and venue over Defendants because they conducted business in this District and the unlawful conduct alleged in the Complaint occurred in, was directed to and/or emanated from this district. Venue is proper in this district because a substantial part of the events or omissions giving rise to the unlawful conduct alleged in the complaint occurred in, was directed to and/or emanated from this district.

**EXHIBIT A**

## Factual Allegations

11.) In 2010, the Raggios began doing business with Defendant Jed McCaleb directly and through said defendant's companies, MTGOX and Code Collective, LLC. At all relevant times, all transactions were either initiated in Hinds County, Mississippi or terminated in Hinds County, Mississippi.

12.) The nature of the business relationship between the Raggios and Defendant McCaleb was the sale of goods from Defendant McCaleb and his companies to the Raggios. The goods being purchased by the Raggios were an electronic currency known as Bitcoins.

13.) To purchase the Bitcoins from Defendant McCaleb and his companies, the Raggios would wire transfer funds directly to the personal account of Defendant McCaleb. Defendant McCaleb would credit the Raggio's account on the exchange that Defendant McCaleb had created; MTGOX. When bitcoins were purchased with the funds, Defendant McCaleb, through MTGOX would credit the Raggios MTGOX to reflect the bitcoins and the cash.

14.) Upon purchase of bitcoins, the Raggios would routinely transfer all bitcoins to their own personal wallets and have them removed from the MTGOX exchange utilizing the system set up by Defendant McCaleb. When purchasing a large number of bitcoins, Defendant McCaleb would not allow transfers of the bitcoin to all go at once and forced the Raggios to leave some bitcoin on Defendant McCaleb's MTGOX exchange. When transferring cash to the Raggios, Defendant McCaleb would wire transfer U.S. dollars through his New York company, Code Collective, LLC.

15.) Many transactions went through without a problem. However, in January 2011, the Raggio's placed an order for approximately 9,400 bitcoins. Defendants McCaleb and

**EXHIBIT A**

MTGOX secured the goods and the Raggios paid McCaleb and MTGOX the full cost of the bitcoins and a fee for their service. Prior to delivering said bitcoins, defendant McCaleb and MTGOX had the bitcoins stolen through a hacker(s) while they resided on said defendants servers for safekeeping.

16.) Defendants Jed McCaleb and MTGOX were notified of the missing bitcoins on the same date that the Raggio's learned of it which was on or about January 9, 2011. Defendants McCaleb and MTGOX immediately started working to discover the location of the stolen goods. Defendant McCaleb was able to determine the MTGOX account of the hacker which contained stolen bitcoin and U.S. dollars. Defendant McCaleb blocked the account and represented to the Raggios that he would replace the 9,400 stolen bitcoin from the hacker's account. The hacker became known on the electronic message boards as "Baron", his moniker for these forums.

17.) Prior to returning the Raggio's 9,400 bitcoins, Defendant McCaleb entered into an agreement to sell the majority of MTGOX to Mark Karpeles. Mark Karpeles purchased MTGOX on or about March 6, 2011. As part of the sale, Mark Karpeles was informed of the blocked Baron account and agreed to make sure that the Raggio's bitcoins were restored to them. On information and belief, Jed McCaleb retained 12.5% of MTGOX in the transaction, but represented to all outside sources that MTGOX was sold in its entirety to Mark Kapeles and Defendant Karpele's companies.

18.) Mark Karpeles continued to run the MTGOX exchange. On information and belief, Mark Karpeles operated the purchased exchange as MTGOX, MT.GOX KK, MTGOX, Inc., Mutum Sugillum, LLC all under the umbrella of Tibanne KK. Corporate John Does 1-3 are other companies through which Mark Karpeles operated the MTGOX exchange. All the

**EXHIBIT A**

Karpeles companies and Karpeles as an individual are hereafter referred to as the "Defendants Karpeles & Companies".

19.)   Defendants Karpeles and Companies moved the MTGOX exchange headquarters to Japan, but the servers remained in the United States. On information and belief, those servers are located in Massachusetts.

20.)   Defendants Karpeles and Companies acknowledged responsibility to restore the Raggio's 9,400 bitcoin repeatedly and represented to the Raggios that he was going to restore their 9,400 bitcoin. Defendants Karpeles and Companies lied to the Raggios concerning his efforts and intentions to restore the 9,400 bitcoins, including representing that he had filed a legal action in Japan that would authorize him to restore the 9,400 bitcoins.

21.)   After Defendants Karpeles and Companies took over, Chris Raggio continually monitored the address of the 9,400 bitcoins that had been stolen and alerted Defendants Karpeles and Companies when those coins were actually moved back to the MTGOX exchange. Defendants Karpeles and Companies continued to assure the Raggios that he was working on restoring their 9,400 bitcoins.

22.)   After repeated delays in receiving the return of their bitcoins, the Raggios retained a Japanese law firm to make formal demand for the return of their 9,400 bitcoins which were still locked up in the frozen Baron account. By letter dated on or about March 13, 2012, the Japanese lawyers made demand by letter to Defendants Karpeles and Companies to return the Raggio's 9,400 bitcoins. Shortly thereafter the Raggios were stunned by Defendants Karpeles and Companies response which stated that he had only purchased the assets of the MTGOX exchange from Jed McCaleb and not the liabilities.

**EXHIBIT A**

23.) Defendants Corporate John Does 4 & 5 are the companies used by Mark Karpeles and Jed McCaleb to defraud the Raggios of their 9,400 bitcoins which have yet to be delivered pursuant to their original agreement. Defendants John Does 1-5 are the individuals that assisted all the defendants and or directly caused the loss of the Raggio's 9,400 bitcoins. All defendants individually and in solido were aware of the Baron hacker's account, took steps to freeze the 9,400 bitcoin (and other assets of the hacker's) yet failed to return the Raggios their bitcoins. On information and belief, those bitcoins are still under the care and control of the defendants yet they still fail to release the Plaintiffs' bitcoins to them.

## Cause of Action I.

## Breach of the Mississippi Uniform Commercial Code

24. Defendants, and all of them individually and in concert, have breach the Mississippi Uniform Commercial Code by not delivering the 9,400 bitcoins that were ordered and paid for in full by the Raggios. Defendants have, through the commission of wrongful acts and omission of properly conducted transactions have breach the Mississippi Uniform Commercial Code and cause the Raggio the loss of their 9,400 bitcoins.

## Cause of Action II.

## Breach of Contract

25. Defendants, and all of them individually and in concert have created multiple written and implied contracts in dealing with the Raggios. The Raggios acted in good faith by paying defendants U.S. Dollars for 9,400 bitcoin, but defendants have breach their contracts with Raggios to deliver said bitcoins.

**EXHIBIT A**

26. Plaintiffs entered into one or more agreements with Defendantss whereby Defendants, and all of them individually and in concert agreed, among other things, to do each of the following with respect to any monies deposited by Plaintiffs with MTGOX:

a. to accept monies from Plaintiffs, in the form of bitcoins or United States Dollars, which Plaintiffs may deposit from time to time;

b. to keep said monies in a safe ad secure manner, consistent with fiduciary obligations commonly imposed upon financial services providers;

c. to comply with instructions that Plaintiffs may provide from time to time concerning the transfer, investment and disposition of said monies; and

d. to permit Plaintiffs to withdraw their monies and bitcoin at any time.

Plaintiffs allege that the legal effect of these agreements was to create legally binding obligations on the part of Defendants, and all of them individually and in concert.

27. Plaintiffs have performed all conditions, covenants and promises required of them by said agreements, and in accordance with the terms and conditions thereof.

28. Defendants, and all of them individually and in concert breached the agreements by, among other things: refusing to comply with Plaintiffs' instructions for withdrawing the entirety of their bitcoins; permitting the withdrawal of their bitcoins by Baron and by failing to disburse the frozen bitcoins of Baron to replace those stolen.

### Cause of Action III.

### Conspiracy

**EXHIBIT A**

29.     Plaintiffs are informed and believe, and theron allege, that each of the Defendants knowingly and willfully conspired and agreed upon themselves to hinder, delay and deprive the Raggios of their rights with respect to their 9,400 bitcoins.

30.     Plaintiffs are further informed and believe, and thereon allege, that said Defendants, and all of them individually and in concert, did the acts and things alleged herein pursuant to, and in furtherance of, the conspiracy and their own agreements with one another , and/or furthered the conspiracy cooperating with, lending aid to, encouraging, ratifying or adopting those acts.

31.     Plaintiffs are informed and believe, and thereon allege, that there is not yet any last overt act in furtherance of said conspiracy, in that Defendants, and all of them individually and in concert are continuing to hinder delay and deprive the Raggios of their rights with respect to said bitcoins.

32.     Plaintiffs are informed and believe, and thereon allege, that Defendants acted willfully and with the intent to cause injury to Plaintiffs, and that Defendants are therefore guilty of malice, oppression and/or fraud in conscious disregard of the Plaintiffs' rights, thereby warranting an assessment of punitive damages in an amount appropriate to punish said Defendants and deter others from engaging in similar misconduct.

### Cause of Action IV.

### Account Stated

33.     Plaintiffs reallege and adopted all proceding paragraphs 1-32 and incorporate them herein.

**EXHIBIT A**

34.     Within the past three years, accounts were stated in writing between the Plaintiffs on the one hand, and Defendants, and all of them individually and in concert on the other hand. Although defendants have acknowledged and veriefied the total amount of bitcoins it has not delivered the 9,400 bitcoins purchased and paid for by Plaintiffs. The remaining unreturned portions of said accounts, according to the reords of Defenants and Plaintiffs, total approximately 9,400 bitcoins as of the date of this complaint, which is now due and owing and which defendants should pay.

35.     Defendants, and all of them individually and in concert have failed and refused and continue to fail and refuse to return the remainder of the bitcoins, despite Plaintiffs' demands that they do so. Thus, they owe the remaining due, owing and unpaid the above 9,400 bitcoins and prejudgment and post judgment interest thereon at the maximum legal rate.

36.     Defendants, and all of them individually and in concert have acted in an unreasonable manner causing much distress to the Plaintiffs and forcing Plaintiffs to hire attorneys in Japan and the United States to recover their 9,400 bitcoins. The misconduct of the Defendants, and all of them individually and in concert warrants a reimbursement of the funds lost due to this litigation including all expenses, costs of collection and attorney fees.

## Cause of Action V.

### Negligence

37.     Plaintiffs incorporate by reference paragraphs 1-36 above of this complaint.

38.     At all releveant times, Defendants, and all of them individually and in concert had bitcoins belonging to Plaintiffs in their possession, custody and/or control, and therefore owed Plaintiffs a duty of care with respect to safeguarding said bitcoins. Plaintiffs are informed and

EXHIBIT A

believed, and thereon allege, that Defendants, and all of them individually and in concert served as fiduciaries with respect to said bitcoins, and that said role imposed certain fiduciary obligations upon defendants.

39.   Plaintiffs are informed and believe, and thereon allege, that Defendants, and all of them individually and in concert breached their duties to Plaintiffs by negligently performing their obligations, including but not limited to failing to utilize all reasonable and practical safeguards to protect the bitcoins of Plaintiffs and other customers by using an unsalted MD5 protocol for security.

40.   Plaintiffs suffered certain general, special, incidental and consequential damages as a direct and proximate result of said negligence, including, among other thins:  the loss of bitcoins; the loss of use of said value of the bitcoins while the present action is pending; changes in the value of said bitcoins due to the fluctuating exchange rate; etc. all in amounts to be proven at trial.

## Cause of Action VI.

## Conversion

41.   Plaintiffs incorporate by reference paragraphs 1-40 of this complaint.

42.   At all relevant times, Plaintiffs were, and are, the lawful owners of certain bitcoins deposited with Defendants and all of them individually and in concert as alleged herein. As between Plaintiffs and Defendants, plaintiffs are entitled to possession of the bitcoins once they provide instructions to Defendants to deliver them, which Plaintiffs have done.

43.   Plaintiffs are informed and believe and theron allege that:  upon receiving Plaintiffs' instructions to deliver the bitcoins, Defendants, and all of them individually and in

**EXHIBIT A**

concert converted and took unlawful possession of, said bitcoins for their own use and benefit by refusing to return all of the bitcoin paid for and belonging to Plaintiffs. Plaintiffs are further informed and believe , and there on allege, that Defendants, and all of them individually and in concert intentionally, willfully and in flagrant disregard for Plaintiffs' right refused to deliver the bitcoins purchased by plaintiffs.

44.     Plaintiffs have suffered certain general, special, incidental and consequential damages as a direct and proximate result of said negligence, including, among other things: the loss of the bitcoins themselves; the loss of use of said bitcoins while the present action is pending; changes in the value of said bitcions due to fluctuating exchange rates; etc., all in amounts to be proven at trial;

45.     Plaintiffs are informed and believe, and thereon allege: that the aforementioned actions and omissions by Defendants, and all of them individually and in concert were intentional or so grossly wanton and willful that they show a conscious disregard for the rights of Plaintiffs. Defendants, and all of them individually and in concert and their conduct is despicable, and subjected Plaintiffs to a cruel and unusual hardship in conscious disregard of their rights, all so as to justify an award for exemplary and punitive damages, and the right to recover attorney fees, costs and expenses.

### Cause of Actin VII.

### General and Notice Pleading of All Causes at Law & Equity and

### Claim for a Constructive Trust on Preserved Account

46.     Plaintiffs reallege all prior paragraphs 1-45 herein.

EXHIBIT A

47. Plaintiffs pray that this court will hear their cause as the facts herein have been plead with specificity and allow plaintiffs recovery of their bitcoin and all damages generally and specifically under all applicable theories of recovery whether at law or equity.

48. On information and belief, the 9,400 bitcoins are lodged with the MTGOX accounts and noted on recently discovered "Crisis Strategy Draft" as the "-80,208 BTC From banned or suspicious accounts". Plaintiffs request that this court freeze said account so that these bitcoins cannot be distributed until such time as plaintiffs have had an opportunity to be heard and to lay proper claim to their bitcoin. Plaintiffs hereby assert a constructive trust over and with regard to the bitcoins contained in the banned or suspicious accounts.

## Cause of Action VIII.
## Specific Performance

49. Plaintiffs reallege all prior paragraphs 1-48 herein.

50. Plaintiffs paid for 9,400 bitcoins with U.S. Dollars. Defendants, and all of them individually and in concert have represented that they will deliver said 9,400 bitcoins. Plaintiffs request a judgment of and from Defendants, and all of them individually and in concert for all 9,400 of their bitcoin.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this court will allow their claim to proceed upon a struck jury and that said jury shall award them their 9,400 bitcoins against Defendants, and all of them individually and jointly along with punitive damages, special damages, attorney fees and all costs herein related to the pursuit of this cause.

**EXHIBIT A**

Respectfully submitted,

Dr. Donald Raggio &
Dr. Chris Raggio, Plaintiffs

By: _____
MITCHELL H. TYNER, SR. – MSB #8169

OF COUNSEL:

MITCHELL H. TYNER, SR. – MSB #8169
**TYNER LAW FIRM, P.A.**
5750 I-55 North
Jackson, Mississippi  39211
(601) 957-1113
(601) 957-1113 – *facsimile*

**EXHIBIT A**