IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **Dr. Donald Raggio, Dr. Chris Raggio** ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> **v.** ) <br> ) <br> ) Case No. 3:19-cv-22-HTW-LRA <br> **Code Collective, LLC, a New York** ) <br> **limited liability company, Jed** ) <br> **McCaleb, MtGox, Inc.,** ) <br> ) <br> **Defendants.** ) <br> ) <br> ) | |

**REPLY MEMORANDUM IN SUPPORT OF
MOTION TO REMAND AND AWARD COSTS AND FEES**

The response by Code Collective, LLC and Jed McCaleb fails to address, and thereby admits by silence, the following arguments made in Plaintiffs' Motion to Remand:

- No "arising under" or "arising in" jurisdiction exists;

- This action in no way involves the debtor in the Japanese Bankruptcy;

- The October 25, 2018 Motion for Modification of Recognition was not "a petition for recognition" under 11 U.S.C. § 1504, a necessary precursor to an "order for relief"; and

- The underlying Original and Amended Complaints were removable, and, therefore, 28 U.S.C. § 1446 does not apply on its face.

Regarding Plaintiffs' arguments that Defendants chose to address, they fail to meet their burden, seeking rather to reframe the issues away from what the statutes, rules, and case law

require. *De Aquilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (defendants bear burden of removal). Ultimately, no argument from Defendants changes the fact that they failed to (1) timely remove, (2) gain consent from all parties, and (3) establish that this Court has subject-matter jurisdiction. Defendants have certainly not met their burden to show there is nothing at all doubtful about their removal. *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007). The Court should remand this matter and award Plaintiffs their costs and fees for seeking remand due to Defendants' having removed this case, not on any objectively reasonable basis, but rather due to dissatisfaction with their first choice of forum.

**ARGUMENT**

**1.     Defendants failed to timely remove**

   **A.     *The Modification Order is exactly what it says—a modification***

Defendants seek to recast the issue of timeliness as whether the change in the Japanese Bankruptcy to a rehabilitation is a new proceeding or a conversion. (Doc. 13 at 16, 20). Tellingly, Defendants provide no law to support this shift in focus, for the simple reason that no such law exists. The real issue under the Federal Rules of Bankruptcy Procedure is which order of the Bankruptcy Court for the Northern District of Texas qualifies as an "order for relief," triggering the applicable 90-day period in which to remove. *See* Fed. R. Bankr. P. 9027(a)(2)(A). Nothing in the applicable statutes, rules, or case law (of which Defendants cite none) references the nature of the underlying *international* proceeding when determining the timeliness of a removal. Rather, it is the order for relief by the United States court that governs. *See id.* So, it is wholly immaterial whether the Japanese Bankruptcy is a conversion, modification, or new proceeding.

What's actually material is the face of the Modification Order, which—in addition to the statutes upon which the order relies for authority, *see e.g.* 11 U.S.C. § 1517(d)—expressly

*modifies* an already-entered order in a preexisting case, initiated more than four years ago (at which time removal should have occurred). (Doc. 8 at ex. 3). And Defendants make no attempt to provide an alternative statutory interpretation of Chapter 15 of the Bankruptcy Code; nor do they present case law to support their position.

Further, Defendants fail to rebut Plaintiffs' argument that the October 25, 2018 Motion for Modification of Recognition was not "a petition for recognition" under 11 U.S.C. § 1504 in the first instance. In other words, Defendants do not address the fact that the motion resulting in the Modification Order was not itself a "petition for recognition"—a necessary precursor to an "order for relief." *See id.*; *In re Fairfield Sentry Ltd.*, 452 B.R. 64, 87–88 (Bankr. S.D.N.Y. 2011) (citing *In re Condor Ins. Ltd.*, No. 07-51045 (Bankr. S.D. Miss. Oct. 10, 2007)), *rev'd on other grounds*, *In re Fairfield Sentry Ltd. Litigation*, 458 B.R. 665 (S.D.N.Y. 2011) (order for relief in Chapter 15 is recognition order). Rather, they seek to minimize the entry of an order for relief by labeling it "merely 'an "adjudication" under the Bankruptcy Act' that makes a '[conclusive] determination of the debtor's status in bankruptcy.' " (Doc. 13 at 17 (quoting *In re HealthTrio, Inc.*, 653 F.3d 1154, 1157 (10th Cir. 2011)).

However, the full context of *HealthTrio*'s analysis of what constitutes an "order for relief" shows that 11 U.S.C. § 1517(d)—and therefore the Modification Order—does not affect rights in the way that "orders for relief" (a term not used in that provision) do:

> Used extensively in the bankruptcy code, the phrase is defined by statute as follows: " '**order for relief' means entry of an order for relief**." 11 U.S.C. § 102(6). As fleshed out in case law, an order for relief is "the equivalent of an 'adjudication' under the Bankruptcy Act of 1898," and therefore is "a judgment *in rem,* a conclusive determination of the debtor's status in bankruptcy." *Mason v. Integrity Ins. Co. (In re Mason),* 709 F.2d 1313, 1315 (9th Cir.1983). It "**effectively divests the debtor of his assets**, creating an estate controlled by the bankruptcy court." *Id.* at 1317. In a voluntary case, the

> **commencement of the case itself** "constitutes an order for relief." 11 U.S.C. § 301. In an involuntary case, such as this one, the debtor may answer. *Id.* at § 303(d).

*In re HealthTrio, Inc.*, 654 F.3d at 1157 (boldfacing added).

First, *HealthTrio* notes that the phrase "order for relief" is "[u]sed extensively in the bankruptcy code"; yet, the term is conspicuously absent in 11 U.S.C. § 1517(d), the modification provision. *Id.* Second, an "order for relief" "*divests the debtor of his assets*, creating an estate controlled by the bankruptcy court." *Id.* (emphasis added). Yet, the Modification Order does no such thing. Rather, it recognizes the changed nature of the Japanese Bankruptcy, modifying the already-entered recognition order rather than "commencing the case itself."

In this light, and properly focusing on the Modification Order, this Court can see that Defendants' argument for Chapter 11 and 15 *in pari materia* makes little sense and is irrelevant. To the extent the Bankruptcy Code treats the conversion of a Chapter 11 proceeding to Chapter 7—or vice versa—as an "order for relief," that treatment reflects the changing statutory regime. In other words, such conversion *substantially* alters the applicable statutory scheme and alters the ultimate result of the bankruptcy proceeding.

Here again, *HealthTrio* is instructive because "[o]nce an order for relief is entered in a Chapter 7 case (either voluntary or involuntary), an interim trustee is 'promptly' " appointed, "and eventually, a permanent trustee . . . is installed for the duration of the bankruptcy." *Id.* In other words, when a case moves from Chapter 11 to Chapter 7, a "trustee is promptly appointed," thus reflecting the changed nature of the proceeding and the significant impact of an "order for relief." *Id.* Modification under 11 U.S.C. § 1517(d),

however, *does not* require appointing a trustee, *does nothing* to alter the applicable chapter of the Bankruptcy Code, and *fails to alter* the nature or result of the Chapter 15 proceeding.

In short, the Modification Order cannot be construed as an order for relief, so that Defendants failed to timely remove under Rule 9027(a)(2).

> **B.      28 U.S.C. § 1446 does not apply on its face because the Hinds County action was removable on day one**

Defendants fail to rebut the argument that the plain language of 28 U.S.C. § 1446(b)(3) does not apply here because the Hinds County matter was removable in the first instance. Indeed, 28 U.S.C. § 1446(b)(3) applies only—in *any* case—"*if the case stated by the initial pleading is not removable*" (emphasis added). However, the Hinds County matter had complete diversity and exceeded $75,000 in controversy at its outset (and still does). (Doc. 8 at ex. 1). Thus (and regardless of whether Defendants seek to remove based on diversity here), § 1446(b)(3) does not apply on its face. Defendants' failure to counter this argument concedes as much. Indeed, having failed to timely remove when they could have, Defendants then waived any right to remove by taking such affirmative actions as seeking summary judgment. *See Jacko v. Thorn Americas, Inc.*, 121 F. Supp. 2d 574, 576 (E.D. Tex. 2000) (citing cases).

But Defendants focus instead on Plaintiffs' *additional* reason for the Court not to address 28 U.S.C. § 1446: it does not apply to bankruptcy. Yet contrary to Defendants' assertion, the case law goes beyond scenarios where § 1446 conflicts with Rule 9027. Rather, "a number of district and bankruptcy courts have concluded [categorically] that the timeliness of a § 1452 removal is determined by Federal Rule of Bankruptcy Procedure 9027 and not 28 U.S.C. § 1446(b)." *Nase v. TECO Energy, Inc.*, 2010 WL 924290 at *2 (E.D. La. Mar. 9, 2010) (collecting cases); *GSL of ILL, LLC v. Pitt Penn Oil Co., LLC*, 2009 WL

1691815, at *2 (W.D. Pa. June 17, 2009) ("the majority of the courts . . . have established that the time limits stated in Bankruptcy Rule 9027 should control with regard to Section 1452").

Accordingly, Defendants' reliance on 28 U.S.C. § 1446 is misplaced, and their removal was untimely. Remand is required.

### C. Under the Local Rules, Federal Rules of Bankruptcy Procedure, and relevant case law, Defendants' failure to file a separate motion for filing out of time is fatal

Defendants argue they can overcome their failure to follow the plain text of Rule 9006(b), which requires a separate motion for an extension of time to file, because "the[ir] Notice of Removal clearly moves the court for enlargement of time pursuant to Rule 9006." (Doc. 13 at 22). Not so. "A 'notice' of removal is not a motion seeking relief but rather a 'notice' advising the court and plaintiffs that the case is being removed." *Malsch v. Vertex Aerospace, LLC*, 361 F. Supp. 2d 583, 586 & n.2 (S.D. Miss. 2005).[1] Moreover, Defendants' response itself cannot qualify as a "motion" because the local rules expressly forbid it: "A response to a motion may not include a counter-motion in the same document. Any motion must be an item docketed separately from a response." L. U. Civ. R. 7(b)(3)(D). Rule 9006(b)(1) permits the extension of deadlines after their expiration only "on motion made."[2] Defendants' failure to file a motion bars any relief under Rule 9006.

Even had a procedurally proper motion been filed, Defendants fail to address the standard for excusable neglect: "A court determining whether a party's conduct resulted from excusable neglect must take into account all relevant circumstances surrounding the

---

[1] *Soupart v. Houei Kogyo Co., Ltd.*, 770 F. Supp. 282, n.1 (W.D. Pa. 1991) ("Obviously a notice of removal is not a motion . . . .").

[2] "[A] late B. Rule 9027 should be accompanied or preceded by a separate motion under B. Rule 9006(b)." *In re Glen Eagle Square, Inc.*, 1991 WL 111490, at * 2 (Bankr. E.D. Pa. June 20, 1991).

failure, including the danger of prejudice to the debtor, the length of delay and its potential impact on judicial proceedings, the reason for the delay, and whether the debtor acted in good faith." *In re Pollak*, 223 F. App'x 309, 310 (5th Cir. 2007) (citing *In re Christopher,* 35 F.3d 232, 236 (5th Cir. 1994)); *see Pioneer Inv. Servs. Co. v. Brunswick Assocs.,* 507 U.S. 380, 395 (1993). *See also Slaughter v. So. Talc Co.*, 919 F.2d 304, 307 (5th Cir. 1990) (holding "tactical decision" cannot meet excusable-neglect standard). Here, Defendants have failed to carry their burden to show such circumstances support them, and the Court should not permit their out-of-time removal given their failure to do so.

2. **Defendants had no obligation to seek removal of the entire Hinds County action, and their failure to obtain consent from all served defendants is a fatal flaw**

Defendants fail to recognize that they have created a self-inflicted issue. Section 1452 does "allow[ ] removal by any 'party', rather than by 'the defendants.' " (Doc. 13 at 23). However, "it is a misreading of the plain language of § 1452 to interpret 'claim or cause of action in a civil action' as authorizing 'a party' to remove an entire case, a 'civil action,' from state court." *Retirement Sys. of Ala. v. Merrill Lynch & Co.*, 209 F. Supp. 2d 1257, 1264 (M.D. Ala. 2002). "If authorizing the removal of an entire case by any party asserting or defending against a claim related to a bankruptcy was the intent of Congress, why would it use language that markedly differs from that of § 1441(a) ('any civil action . . . may be removed')?" *Id.* Defendants fail to explain how this material difference in wording does not negate their argument.

Defendants were under no obligation to remove the entire Hinds County action. To the contrary, as even they admit, they could have removed only those claims that relate to them, in which case the rule of unanimity might not apply (though some courts have held

the rule applies just as in removal under 28 U.S.C. § 1446).[3] But in fact, Defendants sought to remove claims against an additional defendant who did not join or consent in their removal, triggering the rule of unanimity and making their removal procedurally defective. And the fact that Defendants claim MtGox, Inc. no longer exists and could not consent only further highlights Defendants' self-inflicted wound of attempting to remove claims against an entity from whom they knew they could not obtain consent.

3. **Defendants fail to explain how an action involving exclusively non-debtor third parties creates "related to" jurisdiction, instead focusing entirely on Plaintiffs' proof of claim.**

Preliminarily, Defendants make no attempt to argue that "arising under" or "arising in" jurisdiction exists, and their failure to support their own conclusory statement to that effect admits that their statement wholly lacks merit.

Regarding "related to" jurisdiction (what Defendants call "bankruptcy-related"), Defendants have relied exclusively on the filing of Plaintiffs' proof of claim in the Japanese Bankruptcy: "[t]he filing of the Proof of Claim in the Japanese Rehabilitation Proceeding (and its subsequent recognition in the U.S. bankruptcy courts) created bankruptcy-related jurisdiction in this case for the first time." (Doc. 13 at 14). In other words, absent the proof of claim, according to Defendants, the Court has no subject-matter jurisdiction. Yet, the proof of claim does not nearly solve Defendants' problems.

In *CIT Communications Finance Corp. v. Level 3 Communications, LLC*, 483 F. Supp. 2d 380 (D. Del. 2007), the court found the plaintiff's state-court action against non-debtors

---

[3] *See e.g. Whitney Nat. Bank v. Bunch*, 2001 WL 87443, at * (E.D. La. Jan. 30, 2001) ("Although WNB did not raise the point, the Court also notes that the non-removing defendants have not consented on the record to the removal. 28 U.S.C. § 1446(b) requires that all defendants either join in the notice of removal or file some type of written document indicating consent.").

were "unrelated" to the bankruptcy case, despite the facts that the plaintiff had filed a proof of claim and that a common occurrence underlay both the state-court action and the proof of claim. *CIT Comm'ns*, 483 F. Supp. 2d at 388. The court correctly reasoned that the state-court action remained unrelated because the plaintiff (i) looked to different causes of action and (ii) pointed to different acts and omissions of the state-court defendants for its relief than did the debtor. *Id.* Hence, the court remanded the state-court action. *Id.*; *see also In re Holiday RV Superstores, Inc.*, 362 B.R. 126, 131 (D. Del. 2007) (affirming remand where party had filed proof of claim).

      Here, the result is no different. It is Jed McCaleb's and Code Collective's actions and misrepresentations—*wholly exclusive from MtGox Co., Ltd.*—that form the basis of this suit. The proof of claim, on the other hand, is an inchoate placeholder against the Japanese Bankruptcy estate that could have meaning only if and when a judgment is entered in this matter: precisely the kind of "precursor to a claim against the debtor" that the Fifth Circuit has held *does not create* "related to" jurisdiction. *Coward v. AC and S., Inc.*, 91 F. App'x 919, 923 (5th Cir. 2004) (affirming award of attorney fees after remand of unreasonable removal which asserted "related to" jurisdiction). *See also AUSA Life Ins. Co. v. Citigroup, Inc.*, 293 B.R. 471, 475–76 (N.D. Iowa 2003) (no "related to" jurisdiction in third-party suit between non-debtors, despite filing of proof of claim, where "current action [was] only a precursor to a potential contribution claim"); *In re Ha-Lo Indus., Inc.*, 330 B.R. 663, 671–72 (N.D. Ill. 2005) (no "related to" jurisdiction where third-party defendants filed "highly speculative" proof of claim regarding indemnification). Plaintiffs' claims are not subject to being removed from state jurisdiction and hauled into federal courts of limited jurisdiction on a purely speculative basis as to what might or might not happen after final judgment in this

civil action: "Speculative, theoretical claims are not sufficient to show 'related to' bankruptcy jurisdiction." *AUSA Life*, 293 B.R. at 476. And "a highly contingent possibility of a future indirect impact on the estate does not give rise to the level of 'related to' jurisdiction." *Ha-Lo Indus.*, 330 B.R. at 672.

Moreover, the facts do not support how Defendants characterize the case. First, Defendants do not dispute that the actual debtor, MtGox Co., Ltd., is *not a party in this action*, which immediately places this action into the "large majority of cases [that] reject the notion that bankruptcy courts have 'related to' jurisdiction over third-party actions." *Matter of Zale Corp.*, 62 F.3d 746, 753 (5th Cir. 1995). "[W]hatever test is used, . . . bankruptcy courts have no jurisdiction over proceedings that have no effect on the debtor." *Id.* at 752–53 (quoting *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.6 (1995)).

Second, "related to" jurisdiction is found where third parties have a dispute over property belonging to the estate, or because the dispute over an asset would have some effect on the estate. *Id.* at 753. But the 9,406.33 bitcoins at issue in this matter are not property of the Japanese debtor or of the bankruptcy estate. They are property of Plaintiffs. That is the whole issue in this matter. Plaintiffs' property has been stolen due to the failures of Defendants. As such, no judgment against MtGox, Inc. will "have any preclusive effect by either *res judicata* or collateral estoppel against the debtor." *Coward*, 91 F. App'x at 923–24. No property of the debtor is involved in this matter, and the facts underlying the Raggios' claims are tangential at best to the Japanese Bankruptcy.

Under controlling Fifth Circuit case law, no "related to" jurisdiction exists, and therefore this Court should remand for lack of subject-matter jurisdiction.

**4.      Sanctions are merited against Defendants for their baseless removal**

Defendants missed their chance to remove on their bankruptcy theory by four years; they had no basis to tardily remove under the general removal statute, and anyway violated the rule of unanimity; and the state-court action against McCaleb and his company has nothing to do with allegations against the debtor in the Japanese Bankruptcy. This case was never properly removable on bankruptcy grounds. And when it *was* removable on diversity grounds, after the suit was first filed, Defendants opted *not* to remove, preferring to remain in state court and move for summary judgment on statute-of-limitations grounds, an argument they even sought to present to the Mississippi Supreme Court on interlocutory appeal. Years later, after an amended complaint was filed, they moved to dismiss under Rule 12 and for partial summary judgment under Rule 56. The briefing of those motions disclosed the filing of Plaintiffs' proof of claim, but Defendants preferred to see how the dice landed on their motions rather than seek to remove when they learned of that filing.

Defendants argue that cases "arguably support" removal and that sanctions are improper because no Fifth Circuit authority clearly opposed removal. Doc. 13 at 24. Both of these assertions rest on citations to non-precedential Fifth Circuit decisions. The Supreme Court has said that, given Congress' intent in enacting 28 U.S.C. § 1447(c), "[t]he appropriate test for awarding fees under § 1447(c) should recognize the desire *to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party*, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 140 (2005) (emphasis added). Here, as shown above and in our initial memorandum of law, Defendants had no affirmative basis to support removal, not a single

case on point, and yet removed contrary to the plain language of the relevant bankruptcy-court rule.

Significantly, Defendants' argument on sanctions nowhere even tries to justify their gamesmanship in learning of the proof of claim no later than November 1, 2018, but delaying removal until *after* the December 14 oral argument of their pending Rule 12 and Rule 56 motions in the trial court and the issuance of orders on December 27 denying those motions. (The contention that Plaintiffs "withheld" producing the proof of claim is belied by the fact that Defendants did not even bring that omission to Plaintiffs' attention until after losing their motions in December 2018.) Even if this case is remanded, Plaintiffs have lost their June 2019 trial setting, due to Defendants' baseless removal, a removal meant precisely to prolong litigation and impose costs.

Attorney fees have been awarded where a defendant "sought to remand—but only at a highly suspect moment, after several unfavorable rulings." *Gardner v. Allstate Indem. Co.*, 147 F. Supp. 2d 1257, 1267 (M.D. Ala. 2001) (finding strong "inference of forum shopping"). See also *Okonkowski v. Okonkowski*, 2012 WL 5989709, at *4 (W.D. Mich. Oct. 10, 2012), *report and recommendation adopted sub nom. Estate of Okonkowski v. Okonkowski*, 2012 WL 5989691 (W.D. Mich. Nov. 30, 2012) (noting that "only after defendant received unfavorable rulings in the state court" did it explore facts supporting removal). And even in the absence of bad faith, this Court has imposed attorney fees because "plaintiff simply should not have to bear the expenses of defendants' improvident removal." *Gannett River States Pub. Corp. v. Miss. State Univ.*, 945 F. Supp. 128, 131 (S.D. Miss. 1996).

Defendants removed this case on the alleged basis of a proof of claim filed in a bankruptcy proceeding against a debtor who isn't even a party to this case, four years after

that proceeding was opened under Chapter 15, and without any grounds under the general removal statute. Nothing in this case is "related to" the Japanese Bankruptcy, and that requirement of 28 U.S.C. § 1334(b) was clear when Defendants removed. It is all too evident that Defendants didn't remove because removal was objectively proper (especially seeing as they failed to do so on diversity grounds after suit was first filed); they removed because they didn't like the December 27, 2018 orders denying their Rule 12 and 56 motions in Hinds County Circuit Court and desperately decided to shop for another forum.

Defendants' lack of any factual and legal objective support, combined with their obvious bad faith in the circumstances of the removal, provides this Court ample discretion to hold that Defendants, not Plaintiffs, should bear the expense of this untimely and baseless removal. Even had Defendants mustered some objectively reasonable basis to remove, their blatant gamesmanship in first seeking dispositive relief in state court, and then removing only when that relief was not forthcoming, would support the statutory purpose behind § 1447(c)'s provision for awarding fees. *See Martin*, 546 U.S. at 141 (court's discretion properly guided by purpose of fee-shifting statute).

WHEREFORE, PREMISES CONSIDERED, Plaintiffs ask this Court to REMAND this case to the Circuit Court of Hinds County, Mississippi, and to AWARD Plaintiffs their reasonable attorney fees and expenses incurred in obtaining this remand, in an amount to be shown upon the remand of this case.

[Signatures appear on following page.]

Respectfully submitted, this the 11th day of March, 2019.

*s/ Andy Lowry*
Armin J. Moeller, Jr., MSB No. 3399
Walter H. Boone, MSB No. 8651
Christine Crockett White, MSB No. 10107
Jonathan P. Dyal, MSB No. 99146
Andy Lowry, MSB No. 100782
Patrick Everman, MSB No. 104870
Perry P. Taylor, MSB No. 104944

ATTORNEYS FOR PLAINTIFFS

OF COUNSEL:

BALCH & BINGHAM LLP
188 East Capitol Street, Suite 1400
Jackson, Mississippi 39201-2608
Telephone: (601) 961-9900
Fax: (601) 961-4466
wboone@balch.com
cwhite@balch.com
alowry@balch.com

BALCH & BINGHAM LLP
1310 Twenty Fifth Avenue
Gulfport, Mississippi 39501
Telephone: (228) 864-9900
Fax: (228) 864-8221
jdyal@balch.com

<u>CERTIFICATE OF SERVICE</u>

The undersigned counsel for Plaintiffs hereby certifies that on this day, he has electronically filed the foregoing with the Clerk of the Court via this Court's ECF system, providing electronic service on all counsel registered therefor, and serving via United States mail (postage prepaid) as set forth below:

>Ethan Jacobs, Esq.          *(via U.S. mail)*
>HOLLAND LAW, LLP
>220 Montgomery Street, Suite 800
>San Francisco, California 94104

So certified, this the 11th day of March, 2019.

>*s/ Andy Lowry*
>Andy Lowry