## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NOTHERN DISTRICT OF TEXAS

IN RE: MTGOX CO., LTD.                                **DEBTOR**

                                                **CAUSE NO. 14-31229**

---

## MOTION FOR STATUS CONFERENCE

---

Pursuant to the broad discretion vested with this Court under Chapter 15 to protect the interests of United States creditors and to guarantee fairness in the prosecution of foreign insolvencies, Jed McCaleb requests a conference with this Court to discuss several issues (detailed below) related to the administration of the MTGOX insolvency proceeding. McCaleb's position in the MTGOX insolvency proceeding is unique among the thousands of creditors who have filed claims in the Second Japanese Rehabilitation Proceeding, and this Court's assistance is needed to guarantee his interests are adequately protected.

## I.   FACTUAL BACKGROUND

Jed McCaleb is a California-based software developer and entrepreneur. In 2010, McCaleb created the MTGOX bitcoin exchange. Though he sold MTGOX three years prior to its collapse, several MTGOX creditors are now seeking to hold McCaleb liable for their losses on the MTGOX exchange.

1

### A. *The alleged theft of the Raggios' bitcoins and the subsequent investigation*

Drs. Donald and Chris Raggio ("the Raggios") created an account on the MTGOX exchange in late 2010 and deposited $5,000. *See*, Affidavit of Chris Raggio, attached as Exhibit A, at ¶ 2; Amended Complaint, attached as Exhibit B, at ¶ 6. The Raggios bought and sold thousands of bitcoins with other MTGOX users and the bitcoins they purchased were placed in their MTGOX account.

The Raggios allege that, from January 7 to January 9, 2011, someone stole 9,406.33 bitcoins from their MTGOX account. *See* Exhibit B, at ¶ 11. At the time, the value of those bitcoins was approximately $3,100 ($0.33 per bitcoin). The Raggios discovered the theft on January 9, 2011 and immediately informed McCaleb. There is no evidence the site's security measures were circumvented. Rather, the theft was perpetrated by someone using the Raggios' own password to access their account.

At McCaleb's suggestion, the Raggios enlisted the help of Michael Marquardt—known as "Theymos" on bitcoin message boards—to trace the bitcoin theft and electronic movement of the bitcoins. McCaleb believed he might have identified the MTGOX account of the person responsible for the unauthorized withdrawals and froze that user's account pending further investigation. *See* Exhibit B, at ¶ 16. That user was known as "Baron". *Id.* , at ¶ 17.   We believe those coins

2

remained in Baron's frozen account on the day of MTGOX's collapse.

McCaleb sold the MTGOX exchange on February 11, 2011 to Tibanne KK, a Japanese company owned by Mark Karpeles. *See* McCaleb Affidavit, attached as Exhibit C, at ¶ 8. The Raggios began corresponding with Karpeles regarding the recovery of their allegedly stolen bitcoins. The Raggios told Theymos that Karpeles had taken over the investigation and "[i]t's up to Mark [Karpeles] to see if we are able to recover the stolen BTC."

On May 30, 2011, the Raggios told McCaleb:

> I am glad you did what you could to take action against this scammer. Hopefully this will work and I will get the coins back. And if for some reason that doesn't work out maybe bitcoin will hit 1000 and what [sic] we will have more than enough regardless.

Again, on December 21, 2011, the Raggios e-mailed McCaleb, updating him on the investigation, expressing their appreciation for his efforts, and acknowledging that he was not responsible for "mak[ing] things right":

> I'm not asking you to intervene on my or my father's behalf. Mark is the owner of Mt Gox now. It's his call whether he wants to make things right with us as he did with Bitomat.

The Raggios corresponded with McCaleb well into 2012 (including an in-person meeting in August 2011), discussing wide-ranging topics including philosophical issues related to technology, the future of bitcoin, ideas for future development, and

the status of the bitcoin theft. Throughout this time, the Raggios never suggested that McCaleb had breached any obligation to them or was responsible for recovering their bitcoins. Meanwhile, the Raggios continued to correspond with Karpeles. According to the Raggios, Karpeles told them in March 2012 that he was not responsible for recovering their bitcoins. The Raggios' effort to recover their bitcoins stopped at that time.

### B. The Raggio litigation

The Raggios filed suit in Mississippi state court on March 5, 2014—three years and 54 days after the theft, but mere days after MTGOX's collapse—to recover the value of their allegedly stolen bitcoins. The Raggios named MTGOX a sole proprietorship, MTGOX, Inc., MT.GOX KK, Tibanne KK, Mutum Sigillum, LLC, Code Collective, LLC, Jed McCaleb, Mark Karpeles, and several John Doe defendants. *See* Original Complaint, attached as Exhibit D. The Raggios never served MT.GOX KK, Tibanne KK, Mutum Sigillum, LLC, or Mark Karpeles. By March 5, 2014, the bitcoins' price had reached approximately $660, from $0.33, a roughly 2,000-fold increase. Today, the bitcoins' price is nearly $11,000 per bitcoin. As a result, the Raggios contend they are now entitled to more than $100 million from McCaleb.

This litigation has continued in fits and starts over the course of the past five years, most of which centered on litigating statute of limitations issues with the Raggios' claims. On September 7, 2018, the Raggios amended their Complaint, naming only Jed McCaleb, Code Collective, LLC, and MTGOX, Inc. *See* Exhibit B. The Raggios now include claims for breach of the Uniform Commercial Code, breach of contract, specific performance for return of the lost bitcoins (frozen in Baron's account and held by the MTGOX estate), breach of fiduciary duty, bailment, fraud, constructive trust, conversion, account stated, conspiracy, and negligence. *See* Exhibit B.

The Raggios filed a Proof of Claim in the Second Japanese Rehabilitation Proceeding on October 16, 2018. On January 9, 2019, McCaleb first received a copy of the Raggios' Proof of Claim in the MTGOX bankruptcy. In that Proof of Claim, the Raggios seek recovery of 9,406.33 bitcoins—the exact sum claimed against McCaleb in the Mississippi lawsuit. *See* Raggios' Proof of Claim, attached as Exhibit E, at 3, 5. One day after receiving the Raggios' Proof of Claim, McCaleb removed the *Raggio* case to federal court based on bankruptcy-related jurisdiction. *See* Docket for *Raggio v. MTGOX, Inc.*, United States District Court for the Southern District of Mississippi, Cause No. 3:19-cv-00022.

### *C. McCaleb is Owed Indemnity for All MTGOX-related Claims*

As previously described above, McCaleb created MTGOX in 2010. On February 3, 2011, he sold MTGOX to Mark Karpeles and K.K. Tibanne ("Tibanne"). Pursuant to that agreement, Karpeles and Tibanne were to "[f]orm New Gox within six months" and "New Gox will acquire all of MTGOX." *See* Sale Contract for MTGOX, attached as Exhibit F. The agreement also provided that McCaleb "retains no control of MTGOX or New Gox," and that McCaleb would be indemnified "against any legal action that is taken against [him] with regards to" the MTGOX exchange. *Id.*

### D. MTGOX Corporate History and Subsequent Insolvencies

"New Gox" became MtGox Co., Ltd. a/k/a MtGox KK (the debtor here, referred to as "MTGOX"). Tibanne is the parent company of MTGOX and all of its affiliated entities (*e.g..,* MtGox Inc. and MtGox North America). MTGOX continued in operation for more than three years after McCaleb sold it. On February 7, 2014, MTGOX halted withdrawals on the exchange. By February 28, 2014, MTGOX suspended all trading on the exchange and filed a petition for civil rehabilitation in Japan (hereinafter "the First Japanese Rehabilitation Proceeding"). On March 9, 2014, it filed a voluntary petition in this Court commencing this Chapter 15 bankruptcy proceeding as an ancillary proceeding to the operative Japanese bankruptcy proceeding.

On April 16, 2014, the Japanese court concluded that MTGOX did not have sufficient assets to satisfy its obligations leading it to dismiss the First Japanese Rehabilitation Proceeding and replace it with a liquidation proceeding ("the Japanese Liquidation Proceeding"). Because of its heavy reliance on MTGOX for revenue, the Japanese Liquidation Proceeding ultimately forced Tibanne into bankruptcy. An ancillary Chapter 15 proceeding was commenced in the U.S. Bankruptcy Court for the Southern District of New York by Tibanne on February 3, 2015. *See In re Tibanne Co., Ltd.*, United States Bankruptcy Court for the Southern District of New York, No. 15-10255. There has been very little activity in the Tibanne Chapter 15 proceeding, but it appears there is ongoing litigation between the Tibanne trustee and the MTGOX trustee.

Between June 2014 and June 2018, the value of bitcoins increased approximately 1,200% with a peak increase reaching over 2,800%. This change in value in MTGOX's bitcoin holdings led to a change in circumstances for the Japanese Liquidation Proceeding, leading the court to stay the Japanese Liquidation Proceeding because creditors might be made whole. As a result, on June 22, 2018 the Japanese court initiated a new civil rehabilitation proceeding (hereinafter "Second Japanese Rehabilitation Proceeding"), and it stayed the Japanese Liquidation Proceeding pursuant to Article 39 of the Japanese Civil Rehabilitation

Act. On October 25, 2018, the trustee in the Second Japanese Rehabilitation Proceeding asked this Court to modify its recognition order to identify the Second Japanese Rehabilitation Proceeding as the operative main proceeding here. On December 11, 2018, this Court granted that request.

### E. Administration of the Claims in MTGOX Bankruptcy

The original deadline for filing claims in the Japanese Liquidation Proceeding was July 29, 2015. The Raggios did not file a proof of claim in the Japanese Liquidation Proceeding. Once the Second Japanese Civil Rehabilitation was commenced in June 2018, the proof of claim filing process started over. The new deadline for filing claims was October 22, 2018. That deadline was later extended to December 26, 2018. The proof of claim form, however, limited recovery to those who had bitcoins in an account on the MTGOX exchange at the time it collapsed (February 2014). *See* Exhibit E, at 15.

As mentioned above, the Raggios filed their Proof of Claim in the Second Japanese Rehabilitation Proceeding on October 16, 2018. That Proof of Claim was not provided to McCaleb until January 9, 2019, after the close of the claims period for the Second Japanese Rehabilitation Proceeding. On February 6, 2019, McCaleb submitted a Proof of Claim in the Second Japanese Civil Rehabilitation Proceeding, seeking indemnity and/or to prevent the Raggios from obtaining a double recovery

in the Mississippi lawsuit and the insolvency proceeding. *See* McCaleb Proof of Claim and Letter, attached as Exhibit G.

As evidenced by the Proof of Claim form, the claim process is ill-suited for the indemnity-type interest asserted by McCaleb here. *See* Exhibit E. The same is true of the Raggios, who are asserting a claim for bitcoins that were not present in their account at the time MTGOX collapsed. The *fact* that those bitcoins were not in their account forms the very basis of their claim; yet it appears it will also be the basis for denying their claim.

On the other hand, it was reported in April 2019 that the trustee was approving reimbursement for creditors **who did not file proofs of claims at all** so long as those creditors had verified account balances on the MTGOX exchange at the time it collapsed. Under such an approach reimbursement is automatically granted to individuals like Baron (the owner of the account frozen in 2011 during the investigation of the Raggios' theft) irrespective of whether he claims ownership of those bitcoins via a Proof of Claim. *Id.* Baron's frozen bitcoins are the subject of the *Raggio* litigation and there is compelling evidence that those bitcoins are stolen property; to approve reimbursement of those bitcoins to Baron without any procedure for resolving the issues of disputed ownership would be a gross injustice. But, there is no mechanism in the Second Japanese Rehabilitation Proceeding for

McCaleb (or the Raggios) to learn the status of the Baron account or its frozen bitcoins. McCaleb is also left at the mercy of Raggios' counsel to remain informed as to the status of their pending claim.

After filing his Proof of Claim, McCaleb received no communication from MTGOX or the MTGOX trustee. In late April, after an inquiry by McCaleb, the MTGOX Technical Support Center emailed counsel for McCaleb to inform him the claim was not accepted. *See* Compilation of E-mails, attached as Exhibit H, at 17. No information was given for how to challenge this determination. *Id.* In early May the MTGOX Technical Support Center further explained that the claim was neither approved nor disapproved but was essentially disregarded. *Id.* at 22. This was the explanation given for why McCaleb received no communication from the trustee himself.

McCaleb has repeatedly requested information about how to protect his interests in the ongoing Second Japanese Civil Rehabilitation Proceeding including how to seek reassessment of the decision to disregard his claim. *See generally* Exhibit H. McCaleb laid out in a letter originally transmitted with his proof of claim and also in subsequent emails that he believes his claim is co-extensive with the timely-filed claims of others (*i.e.,* the Raggios). *See generally* Exhibits G and H. McCaleb was not seeking any *new* recovery from the estate, therefore there is no

prejudice in evaluating McCaleb's claim in the first instance. One week ago, McCaleb finally received communication from the trustee, who explained that McCaleb must submit a document **in Japanese** explaining his position in order to have his claim evaluated. *See* Exhibit H, at 25. Yet, all indications are that McCaleb's best-case scenario is having his claim evaluated pursuant to the extremely narrow review process described above.

### F. McCaleb Faces Copy-Cat Lawsuits

The *Raggio* lawsuit is not the only matter pending against McCaleb wherein creditors of MTGOX seek to hold him liable for damages from MTGOX's collapse. Other MTGOX creditors, frustrated by the lack of progress in the MTGOX bankruptcy, recently made similar claims against McCaleb. A lawsuit filed on May 17, 2019 (and not yet served on McCaleb) alleges that McCaleb made representations in 2010 and 2011 that caused the plaintiffs to lose the bitcoins they had on the MTGOX exchange when it collapsed in 2014. The status of these individuals' proofs of claim (assuming they filed one) also remains unknown, but they claim they are entitled to more than 45,000 BTC. This lawsuit was filed after the deadline for which McCaleb could have filed a Proof of Claim, as will any future claims that may be brought.

11

It is suspected that the claims currently pending against McCaleb involve some of the largest individual claims in the MTGOX insolvency proceeding. Yet, the Second Japanese Civil Rehabilitation Proceeding appears to have no mechanism for McCaleb to protect himself against the growing wave of litigation involving MTGOX creditors now seeking to hold him liable for MTGOX's liabilities.

## II.   **REQUEST FOR STATUS CONFERENCE**

Chapter 15 was created to promote "cooperation between United States courts, trustees, examiners, debtors and debtors in possession and the courts and other competent authorities of foreign countries [for] fair and efficient administration of cross-border insolvencies that protects the interests of all creditors and other interested entities." *In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*, 374 B.R. 122, 126 (Bankr. S.D.N.Y. 2007); *accord* 11 U.S.C. § 1501(a). "Chapter 15 accords the court substantial discretion and flexibility" to advance those interests. *Id.*

In particular, Code § 1507(b)(2) embodies the requirement that **"a U.S. court consider the prejudice and inconvenience to U.S. creditors** in prosecuting their claims in the foreign proceeding" where it states clearly that "protection of claim holders in the United States" is a central purpose behind Chapter 15. *See* 8 Norton

12

Bankr. L. & Prac. 3d § 154:22. Foreign courts must provide assurance that "claims arising under U.S. law will be protected." *Id.*

McCaleb, the founder of MTGOX who sold it three years before its collapse, has been placed in an impossible situation. U.S. creditors of MTGOX who are frustrated with the Second Japanese Civil Rehabilitation Proceeding are now turning to McCaleb to assert claims that he is somehow responsible for covering MTGOX's obligations. The MTGOX claims process is not *designed* to handle claims based on contractual indemnity or theft. The trustee/foreign representative has been tasked with caring for the interests of thousands of individual (and oftentimes anonymous) creditors around the world in an extraordinarily complex, volatile, and unwieldy insolvency proceeding. While McCaleb understands the difficulty of the trustee/foreign representative's job, McCaleb has not been able to obtain information about how to protect his interests in the Second Japanese Civil Rehabilitation.

Pursuant to the broad discretion afforded this Court, McCaleb requests a status conference to obtain the following information from the Court, the foreign representative, or the foreign representative's U.S. counsel:

1) **What evaluation criteria and procedures exist for the claims of McCaleb, the Raggios, and other similarly situated parties?**

The Second Japanese Rehabilitation Proceeding (and its Proof of Claim procedure) is structured around providing recovery for individuals with bitcoins in an account on MTGOX at the time of its

13

collapse. More information is needed with respect to claims based on theft of bitcoins from one's MTGOX account prior to the collapse.

2) **What procedures exist to resolve the disputed ownership of bitcoins frozen in Baron's account?**

All involved parties believed a MTGOX account holder named Baron may have stolen the Raggios' bitcoins. His account was frozen and, to our knowledge, remained frozen at the time MTGOX collapsed. A failure to account for this disputed ownership will result in prejudice to McCaleb, the Raggios, and potentially all other MTGOX creditors.

3) **Will McCaleb, the Raggios, and others be given a clear explanation for any determination on their claims that will provide sufficient time and information to allow for that determination to be challenged?**

The communication from MTGOX has been erratic and untimely. Assurances are needed to guarantee McCaleb, the Raggios, and others have sufficient opportunity to prosecute their claims.

4) **Will MTGOX's Civil Rehabilitation honor contractual indemnity obligations owed to McCaleb?**

McCaleb continues to be presented with new claims covered by the indemnity provisions of the MTGOX sale contract. There is no information available regarding the allocation of assets and liabilities between MTGOX and Tibanne. Furthermore, McCaleb seeks information regarding whether a substantive consolidation (or similar procedure) of MTGOX, Tibanne, and other MTGOX-related entities has been considered to protect the interests of all U.S. creditors.

14

Given the lack of formal procedures in place to address the above issues in the Second Japanese Rehabilitation Proceeding, there is a significant risk of prejudice to McCaleb, the Raggios, and other similarly situated individuals and entities.

This Court has the authority to grant the relief requested above. "Code § 1525(b) authorizes the court to communicate directly with, or to request information or assistance directly from, a foreign court or a foreign representative." *See* 8 Norton Bankr. L. & Prac. 3d §154:27. The legislative history reveals that "the rights of courts to communicate with other courts in worldwide insolvency cases is of central importance [and t]his section authorizes courts to do so." *Id.* In fact, clear protocols are established under Bankruptcy Rule 5012 for how a U.S. bankruptcy court is to engage a foreign court or foreign representative, demonstrating this Court has such authority. *Id.*

Chapter 15 also contemplates this Court's power to conduct discovery of a foreign proceeding. *See* 8 Norton Bankr. L. & Prac. 3d § 154:14. And U.S. courts have reserved the right to "review any proposed distribution to creditors to determine that the interests of the creditors in the United States are sufficiently protected" under their Chapter 15 powers. *Id.* (discussing *In re RHTC Liquidating Co.*, 424 B.R. 714, 717-18 (Bankr. W.D. Pa. 2010)). This Court has broad discretion to provide the relief

15

requested so that McCaleb can fully protect his interests without undue prejudice or inconvenience.

WHEREFORE, for the reasons stated above, McCaleb requests that this court grant the relief requested above.

Respectfully submitted, this the 2nd day of July, 2019.

**JED McCALEB**

By:   */s/ Edwin S. Gault Jr.*
EDWIN S. GAULT, JR. (TX #24049863)
FORMAN WATKINS & KRUTZ LLP
210 East Capitol Street, Suite 2200 (39201)
P.O. Box 22608
Jackson, MS 39225-2608
Phone: (601) 960-8600
Facsimile: (601) 960-8613
win.gault@formanwatkins.com

***Counsel for Jed McCaleb***

## CERTIFICATE OF SERVICE

I do hereby certify that I have served the foregoing using the Court's ECF

System, which sent notifications to all known counsel of record.

THIS, the 2nd day of July, 2019.

/s/ *Edwin S. Gault, Jr.*
**EDWIN S. GAULT JR.**

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
## HINDS COUNTY, MISSISSIPPI

**DR. DONALD RAGGIO**                                                    **PLAINTIFFS**
**DR. CHRIS RAGGIO**

**VS.**                                                              **CIVIL ACTION NO. 14-71**

**MTGOX a sole proprietorship;**
**MTGOX, Inc., a Delaware corporation;**
**MT.GOX KK, a Japanese corporation;**
**TIBANE KK, a Japanese corporation;**
**MUTUM SIGILLUM, LLC a Delaware limited Liability Company;**
**CODE COLLECTIVE, LLC a New York limited liability company;**
**JED McCALEB, an individual;**
**MARK KARPELES, an individual;**
**JOHN DOES 1-5, and CORPORATE JOHN DOES 1-5**              **DEFENDANTS**

### AFFIDAVIT OF CHRIS RAGGIO

**STATE OF MISSISSIPPI**
**COUNTY OF HINDS**

I, Chris Raggio, being duly sworn, deposed and says:

1.      I am one of the Plaintiffs in the matter of Donald Raggio and Chris Raggio vs. MTGOX, et. al, In the Circuit Court of Hinds County, First Judicial District, Cause No. 14-71, and I have personal knowledge of the facts set forth in this affidavit.

2.      In December 2010, I opened an account (hereinafter the "Raggio Account") on the MTGOX bitcoin exchange with my father, Don Raggio.  The account was funded with a wire transfer from my father's bank account to Defendant McCaleb.

3.      After the account was funded, I began to purchase bitcoins which were placed into the MTGOX account.

4.      My father and I were limited in the amount of bitcoins that could be withdrawn on a daily basis.

5.      On January 9, 2011, I noticed that someone had conducted unauthorized withdrawals on the account and notified Defendant McCaleb.

**EXHIBIT A**

Case 3:19-cv-00022-HTW-LRA   Document 17-1   Filed 07/03/19   Page 19 of 151

Case 14-31229-sgj15 Doc 195-1 Filed 07/02/19   Entered 07/02/19 13:36:51   Page 2 of 4
Case: 25CI1:14-cv-00071-TTG   Document #: 77-1   Filed: 04/07/2017   Page 2 of 4

6.      The following day, on January 10, I discovered the electronic address/account at which the stolen bitcoins had been moved and I informed Defendant McCaleb as to same.

7.      It was subsequently discovered that another MTGOX account holder named "Baron" had purportedly stolen the bitcoins from the Raggio account.

8.      Defendant McCaleb took control and froze both the Baron account, which contained $45,000 and stolen bitcoins, and the Raggio Account.

9.      In late February 2011, I discovered from online news sources that Defendant McCaleb had sold MTGOX to Defendant Tibanne K.K., which was owned by Defendant Mark Karpeles.

10.     Defendant McCaleb never informed me that he was selling MTGOX, whether he retained any ownership interest in MTGOX nor did he inform me of what role, if any, he would retain in MTGOX.  Defendant McCaleb also failed to inform me that Defendant Karpeles was a convicted fugitive.

11.     On February 26, 2011, Defendant McCaleb sent me an email stating he wanted to wait to get my coins back until he had time to gather evidence that Baron was related to other fraud that had taken place on the MTGOX exchange.  I responded the same day letting the Defendant know that while I wanted the coins back, I understood the coins had value for the Defendant's investigation.

12.     On March 6, 2011, I emailed Defendant McCaleb to ask if I needed to direct my communications to the new owner of MTGOX.   The following day Defendant McCaleb responded in the affirmative.

13.     At all times, Defendant McCaleb made written and oral representations that I would receive my bitcoins back once an investigation was completed.

14.     I began to correspond thereafter with Defendant Karpeles, who also promised I would receive my bitcoins back once an investigation was completed and/or a judgment was obtained in Japan.

15.     On December 21, 2011, I emailed Defendant McCaleb informing him as to my recent communications with Mark Karpeles concerning the bitcoins.   On December 27, 2011,

Case 3:19-cv-00022-HTW-LRA   Document 17-1   Filed 07/03/19   Page 20 of 151

Case 14-31229-sgj15 Doc 195-1 Filed 07/02/19   Entered 07/02/19 13:36:51   Page 3 of 4
Case: 25Cl1:14-cv-00071-TTG   Document #: 77-1   Filed: 04/07/2017   Page 3 of 4

Defendant McCaleb responded that he would talk to Karpeles and that "I'm sure he will eventually give it to you. I know he is trying to do everything by the book so I think he had to wait for legal reasons."

16.    After I retained Japanese counsel to investigate this matter in January of 2012, Defendant Tibanne K.K. made a representation in March of 2012 that they only inherited the assets related to the bitcoin exchange and never inherited the debt that Defendant McCaleb had incurred. Furthermore, Defendant Tibanne K.K. disavowed any responsibility. No Japanese judgment was ever obtained.

17. I delayed filing a suit in this matter because I relied on the representations that were made to me by the Defendants in this cause.

STATE OF _CALIFORNIA_
COUNTY OF _MARIN_

    PERSONALLY CAME AND APPEARED BEFORE ME, the undersigned authority in and for the aforesaid jurisdiction, Chris Raggio, who, having been by me first duly sworn stated on his/her oath that the matters and things contained in the foregoing Affidavit are true and correct as therein stated.

_____
CHRIS RAGGIO

SWORN TO AND SUBSCRIBED BEFORE ME, this the ___ day of _____, 2017.

_____
NOTARY PUBLIC

My Commission Expires:                    SEE ATTACHED
                                          California
                                   All-Purpose Acknowledgement/
                                          Jurat

# California Jurat Certificate

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

**State of California**

**County of** _____ MARIN _____          s.s.

Subscribed and sworn to (or affirmed) before me on this _04th_ day of _April_ ,

20 _17_ , by _Christopher Raggio_ _____ -and-

_____, proved to me on the basis of

Name of Signer (2)

satisfactory evidence to be the person(s) who appeared before me.

_____
Signature of Notary Public

NEERAJA CHANDUPATLA
NOTARY PUBLIC - CALIFORNIA
COMMISSION # 2164709
MARIN COUNTY
My Comm. Exp. October 12, 2020

For other required information (Notary Name, Commission No. etc.)          Seal

—— OPTIONAL INFORMATION ——

Although the information in this section is not required by law, it could prevent fraudulent removal and reattachment of this jurat to an unauthorized document and may prove useful to persons relying on the attached document.

Description of Attached Document

The certificate is attached to a document titled/for the purpose of

_Affidavit of Chris Raggio ._

containing _3_ pages, and dated _4/04/2017_

**Additional Information**

Method of Affiant Identification

Proved to me on the basis of satisfactory evidence:
○ form(s) of identification   ○ credible witness(es)

Notarial event is detailed in notary journal on:

Page # _____   Entry # _____

Notary contact: _____

Other

☐ Affiant(s) Thumbprint(s)   ☐ Describe: _____

© 2009-2015 Notary Learning Center   All Rights Reserved          You can purchase copies of this form from our web site at  www.TheNotaryStore.com

Case 3:19-cv-00022-HTW-LRA   Document 17-1   Filed 07/03/19   Page 22 of 151

Case 14-31229-sgj15 Doc 195-2 Filed 07/02/19   Entered 07/02/19 13:36:51   Page 1 of 29
Case: 25CI1:14-cv-00071-JAS   Document #: 230   Filed: 09/18/2018   Page 1 of 29

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
## HINDS COUNTY, MISSISSIPPI

**DR. DONALD RAGGIO**                                          **PLAINTIFFS**
**DR. CHRIS RAGGIO**

**V.**                                                          **CIVIL ACTION NO. 14-71**

**MTGOX, Inc., a Delaware corporation;**
**CODE COLLECTIVE, LLC a New York Limited Liability Company;**
**JED McCALEB, an individual**                                 **DEFENDANTS**

### AMENDED COMPLAINT
### TRIAL BY JURY DEMANDED

COME NOW the Plaintiffs, Dr. Donald Raggio and Dr. Chris Raggio, and file this their claim for specific performance and damages regarding the purchase of bitcoins, and for cause would show the following, to-wit:

### PARTIES

1.     Dr. Donald Raggio and Dr. Chris Raggio are adult resident citizens of Hinds County, Mississippi, residing in the  First Judicial District of Hinds County, Mississippi. The Raggios wired funds and purchased bitcoins from Defendants beginning in 2010.

2.     Defendant Jed McCaleb is an adult resident citizen of New York and on information and belief, he may be served with process of this court at 286 Union #1A, Brooklyn, NY 11211.  Jed McCaleb, at the relevant times herein was doing business in the State of Mississippi and the United States.

3.     Defendant Code Collective, LLC is a New York limited liability company who may be served with process of this court through its registered agent, New York Department of State and at its New York office located at 286 Union #1A, Brooklyn, NY

**EXHIBIT B**

Case 3:19-cv-00022-HTW-LRA   Document 17-1   Filed 07/03/19   Page 23 of 151

Case 14-31229-sgj15 Doc 195-2 Filed 07/02/19   Entered 07/02/19 13:36:51   Page 2 of 29
Case: 25CI1:14-cv-00071-JAS   Document #: 230   Filed: 09/18/2018   Page 2 of 29

11211. Defendant Code Collective, LLC conducted business throughout Mississippi and the United States.

4.      Defendant MTGOX, Inc. is a Delaware corporation. It is believed that this corporation was formed in 2013 and may be served with process of this court through its agent for service of process, National Corporate Research, LTD located at 615 S. Dupont Hwy, Dover, Delaware 19901. MTGOX, Inc.'s principal place of business is located at Level 15-F, Cerulean Tower, 26-1Sakuragaoka-cho, Shibuya-ku, Tokyo, Japan 150-8512.

<u>**JURISDICTION AND VENUE**</u>

5.      This Court has personal jurisdiction and venue over Defendants in that they conducted business in this district and the State of Mississippi and the unlawful conduct alleged in the Complaint occurred in, was directed to and/or emanated from this district. Venue is proper in this district because a substantial part of the events or omissions giving rise to the unlawful conduct alleged in this complaint occurred in, was directed to and/or emanated from this district.

<u>**FACTUAL ALLEGATIONS**</u>

*<u>The Raggios Purchase Bitcoins from MTGOX</u>*

6.      In late 2010, Chris and Don Raggio (the "Raggios") signed up for an account on the MTGOX exchange. The purpose of MTGOX was the exchange and deposit of Bitcoin, a digital cryptocurrency. ("Bitcoin" with capitalization is commonly used to describe the concept of Bitcoin or the entire network itself while "bitcoins" are commonly used to describe the unit of account.) MTGOX was owned and operated by Defendants Jed McCaleb and Code Collective, LLC at the time the Raggios created their MTGOX account. Before creating a MTGOX account, Chris Raggio researched Defendant McCaleb,

Case 3:19-cv-00022-HTW-LRA   Document 17-1   Filed 07/03/19   Page 24 of 151

Case 14-31229-sgj15 Doc 195-2 Filed 07/02/19   Entered 07/02/19 13:36:51   Page 3 of 29
Case: 25CI1:14-cv-00071-JAS    Document #: 230    Filed: 09/18/2018    Page 3 of 29

including several phone conversations with McCaleb, and relied on McCaleb's representations in forming the belief that MTGOX was a competent and reliable bitcoin exchange. On information and belief, the MTGOX website made similar representations as to the exchange's being a secure, trustworthy place to buy and sell bitcoins. The Raggios justifiably reposed their trust in Defendants to act as their fiduciary in holding their bitcoins safely and providing a secure exchange environment. The details of internet security were so technical that clients such as the Raggios had to rely on Defendants' representations.

7.     Around the time the Raggios signed up for a MTGOX account, there was no other avenue to make large purchases of bitcoins. This was part of the reason the Raggios chose MTGOX, along with Defendants' representations that it was a safe and reputable place to purchase bitcoins.

8.     In order to deposit money into the exchange, the Raggios would wire transfer United States dollars ("USD") from their bank in Jackson, Mississippi directly to Jed McCaleb's personal account. Once McCaleb received the wire transfer, he would personally credit the Raggios' MTGOX account with a USD balance in the same amount that the Raggios wired. The Raggios would use that USD to purchase bitcoins on the exchange. Each transaction on MTGOX included a transaction fee that inured to the benefit of MTGOX, McCaleb, and other Defendants.

9.     After the Raggios purchased bitcoins, their MTGOX account would reflect both their balance of bitcoins and their remaining USD balance. The Raggios relied on Defendants' express and implied representation that a MTGOX account was a reasonably secure medium for holding bitcoins. By providing such MTGOX accounts to buyers, MTGOX itself benefited, as these accounts were part of their protocol for profiting from

Case 3:19-cv-00022-HTW-LRA   Document 17-1   Filed 07/03/19   Page 25 of 151

Case 14-31229-sgj15 Doc 195-2 Filed 07/02/19   Entered 07/02/19 13:36:51   Page 4 of 29
   Case: 25Cl1:14-cv-00071-JAS   Document #: 230   Filed: 09/18/2018   Page 4 of 29

transaction fees; further, while the bitcoins remained in MTGOX accounts, they were in the possession and control of MTGOX and McCaleb, ostensibly for the benefit of buyers like the Raggios. By providing such accounts to buyers, MTGOX represented that the bitcoins would be safe and assumed a duty to take reasonable measures to keep them safe.

10.     The Raggios would routinely remove their bitcoins from MTGOX. After purchasing the bitcoins, they would transfer them from MTGOX to their own personal bitcoin addresses or "wallets.". These addresses were completely independent of MTGOX. Due to MTGOX policy, they were prohibited from withdrawing more than $1,000 worth of USD or bitcoins per day (i.e. they could not transfer more than $1,000 worth of bitcoins out of MTGOX in a given 24-hour period). While the purchased bitcoins remained with MTGOX, they remained in the possession and control of MTGOX.

### The Theft of the Raggios' Bitcoins

11.     On January 9, 2011, Chris Raggio noticed unauthorized bitcoin withdrawals from their MTGOX account. On January 7, 3,134.8 bitcoins had been transferred out of their account. On January 8, another 3,174.6 bitcoins had been transferred out of their account. On January 9, another 3,096.93 bitcoins had been transferred out of their account. These three withdrawals totaled 9,406.33 bitcoins. The amounts of the withdrawals were such as to withdraw the maximum $1,000 worth of bitcoins allowed by MTGOX on each day.

12.     Contrary to explicit and implicit representations to the public and to the Raggios, MTGOX was operating with grossly unsophisticated security measures that fell far below the contemporary state of the art for an exchange holding valuable commodities such as bitcoins; these defective measures included, but were not limited to, using an unsalted

MD5 protocol for security. This allowed a hack to compromise the Raggios' MTGOX account through no fault of the Raggios, in adddition to other inadequate security measures. Defendants knew that their security measures were inadequate but did not take steps to improve them or to warn clients such as the Raggios of the dangers.

13.    Immediately upon noticing the unauthorized bitcoin withdrawals, Chris Raggio notified McCaleb, and McCaleb initially advised him to seek out an individual in the Bitcoin community called Theymos in order to potentially track the stolen bitcoins. Chris Raggio also requested that McCaleb monitor the Bitcoin address where his bitcoins had been transferred (the "Unauthorized Address"). McCaleb's actions fell far below what a reasonable exchange operator should have done in response to an apparent hack. Futhermore, McCaleb did not provide the Raggios a list of the Internet Protocol ("IP") addresses that had accessed their MTGOX account, which McCaleb provided to other victims of hacks on MTGOX.

14.    The only immediate action McCaleb took was to freeze the Raggios' MTGOX account. McCaleb said he was going to log any IP addresses that attempted to login to the Raggios' MTGOX account in the hope that the person responsible for the unauthorized withdrawals would attempt to login to the Raggios' account again. On information and belief, the individual never attempted to login to the Raggios' account after the third unauthorized withdrawal.

15.    The stolen bitcoins were not the only bitcoins in the Raggios' MTGOX account. On January 17, 2011, McCaleb sent Chris Raggio the full amount of remaining bitcoins in the Raggios' MTGOX account to the Raggios' personal address.

Case 3:19-cv-00022-HTW-LRA   Document 17-1   Filed 07/03/19   Page 27 of 151

Case 14-31229-sgj15 Doc 195-2 Filed 07/02/19   Entered 07/02/19 13:36:51   Page 6 of 29
Case: 25CI1:14-cv-00071-JAS   Document #: 230   Filed: 09/18/2018   Page 6 of 29

### *MTGOX Identifies the Thief, but Does Nothing on the Raggios' Behalf*

16.    On February 10, 2011, one month after the unauthorized withdrawals, McCaleb emailed Chris Raggio stating that he thought he had found the person responsible for the unauthorized withdrawals, that the user had enough bitcoins in his MTGOX account to repay Chris Raggio, and that he had frozen the user's MTGOX account. McCaleb also stated he wanted "to make sure I'm right before I do anything."

17.    On information and belief, McCaleb identified the other MTGOX user (the alleged thief) by linking transactions from the previously mentioned Unauthorized Address to the user's MTGOX account. The alleged thief went by the username "Baron" on MTGOX and on the online Bitcoin message board forums. However, McCaleb did not initially identify the alleged thief as Baron to Chris Raggio. Chris Raggio found out about Baron on the online Bitcoin message board forums.

18.    On or around February 11, 2011, McCaleb sold 88% of MTGOX to Mark Karpeles, and McCaleb retained 12% of MTGOX for himself. Despite representing to outside sources that McCaleb sold the entirety of MTGOX to Karpeles, McCaleb continued to play an integral role in MTGOX operations long after the sale date.

19.    On February 23, 2011, despite admitting no fault, Baron expressed to McCaleb a willingness to return $3,000 USD simply to make the situation go away.

20.    On February 26, 2011, McCaleb stated to Raggio in an email that "at the very least, this guy is going to give your coins back." McCaleb did not convey Baron's offer to pay $3,000. Further, McCaleb advised Raggio against recovering the bitcoins at this time, citing McCaleb's purported need to investigate further. Raggio relied on McCaleb's representation that his bitcoins would be returned. This representation was false. McCaleb

Case 3:19-cv-00022-HTW-LRA   Document 17-1   Filed 07/03/19   Page 28 of 151

Case 14-31229-sgj15 Doc 195-2 Filed 07/02/19   Entered 07/02/19 13:36:51   Page 7 of 29
Case: 25CI1:14-cv-00071-JAS     Document #: 230     Filed: 09/18/2018   Page 7 of 29

had no intent to obtain cash or bitcoins from Baron and return them to the Raggios. Due to other hacks of MTGOX, the exchange was operating on a fractional reserve and would have been unable to pay out all its accounts had there been a run on the exchange. Making false representations to clients like the Raggios, and omitting highly material facts such as those set forth above, was part of Defendants' scheme to continue profiting from MTGOX without rectifying its defects, restoring the deficient bitcoin balance, or compensating hacked clients such as the Raggios.

21.     On March 5, 2011, Chris Raggio became aware of McCaleb's sale of MTGOX interest to Karpeles and asked if he should talk to McCaleb or Karpeles moving forward with the recovery of the stolen bitcoins. On March 6, 2011, McCaleb told Chris Raggio that Karpeles would be handling it.

22.     Chris Raggio and Mark Karpeles continued to communicate regarding the recovery of the stolen bitcoins, with Karpeles leading Raggio to believe that the stolen bitcoins would at some point be returned to the Raggios. This representation, upon which the Raggios reasonably relied, was false, as neither Karpeles nor McCaleb had any intent to return the bitcoins or otherwise make good on the Raggios' behalf.

### McCaleb and Karpeles Converted the Bitcoins to Their Own Use

23.     In January 2012, Chris Raggio retained counsel in Japan to investigate the matter and assist in recovery of the bitcoins. His Japanese counsel made a demand to Karpeles for the stolen bitcoin.

24.     In March 2012, Chris Raggio received a letter from Karpeles stating that he would not be returning the stolen bitcoins and that McCaleb was the responsible party. Karpeles claimed that he only purchased the assets of MTGOX and not the liabilities. This

Case 3:19-cv-00022-HTW-LRA   Document 17-1   Filed 07/03/19   Page 29 of 151

Case 14-31229-sgj15 Doc 195-2 Filed 07/02/19   Entered 07/02/19 13:36:51   Page 8 of 29
Case: 25CI1:14-cv-00071-JAS     Document #: 230     Filed: 09/18/2018    Page 8 of 29

is the first time that either McCaleb or Karpeles ever gave any indication to the Raggios that their bitcoins would not be returned.

25.     On information and belief, the bitcoins in the Unauthorized Address were ultimately transferred to other Bitcoin addresses controlled by MTGOX. Therefore, the stolen bitcoins were eventually back in the control of either McCaleb or Karpeles.

26.     At all times leading up to the March 2012 letter from Karpeles, both McCaleb and Karpeles reassured Raggio that he would get his stolen bitcoins back. There was never a reason for Raggio to believe the stolen bitcoins would not be returned.

27.     On information and belief, at all relevant times, MTGOX was not fully solvent. Through mismanagement and hacks, the exchange had lost significant amounts of bitcoins and USD and was operating without a full reserve of bitcoins and USD. Furthermore, on information and belief, both McCaleb and Karpeles were aware of the insolvency at all relevant times. At no point did McCaleb or Karpeles ever notify the MTGOX users of this insolvency. Therefore, while representing to Raggio that they were working to return his bitcoins, McCaleb and Karpeles were, on information and belief, keeping the recovered bitcoins from the Unauthorized Address in the possession of MTGOX for their own use and benefit. At all relevant times, Defendants held out MTGOX to the public as a legitimate business, but in fact operated MTGOX without any regard for corporate formalities, frustrating the contractual expectations of Plaintiffs and other buyers, for the purposes of their fraudulent and wrongful misconduct, and thus abused the corporate form.

28.     Around the time he first conveyed an interest in MTGOX to Karpeles, McCaleb withdrew a large number of bitcoins into his personal account, some of which he

Case 3:19-cv-00022-HTW-LRA   Document 17-1   Filed 07/03/19   Page 30 of 151

Case 14-31229-sgj15 Doc 195-2 Filed 07/02/19   Entered 07/02/19 13:36:51   Page 9 of 29
Case: 25CI1:14-cv-00071-JAS   Document #: 230   Filed: 09/18/2018   Page 9 of 29

dribbled back into MTGOX so that it could meet immediate obligations to clients. He retained a large number for himself, including bitcoins that were the rightful property of the Raggios, to whom McCaleb owed a duty to make whole from their loss of the hacked bitcoins. After McCaleb later sold the rest of his interest in MTGOX, McCaleb went on to found cryptocurrencies Ripple (XRP) and Stellar Lumens (XLM). He stated publicly that he had also sold all of his personal bitcoins to found these other cryptocurrencies. On information and belief, some of the bitcoins that were returned to MTGOX addresses, including some or all of those stolen from the Raggios, were commingled with McCaleb's personal bitcoins and used to fund Ripple and Stellar Lumens.

29.    After a falling out with the other founders of Ripple, McCaleb currently has a settlement agreement which entitles him to estimated nine billion (9,000,000,000) XRP (the cryptocurrency for Ripple). As of the time of this filing, XRP is valued at $0.292. Therefore, the estimated nine billion (9,000,000,000) XRP would have a current total value of approximately $2,628,000,000.

30.    Since the time the Raggios' bitcoins were stolen, Bitcoin has experienced several of what are called "hard forks." After a "hard fork," there exists two separate and distinct blockchains. These blockchains retain the exact same transaction history up to the moment of the hard fork, but each blockchain moving forward is completely independent of the other. As a result, much like a stock split, each address that existed prior to the hard fork now exists on the two separate blockchains, and it retains the exact same amount of cryptocurrency on each blockchain.

31.    One prominent hard fork was the Bitcoin Cash ("BCH") hard fork which occurred on August 1, 2017. For example, if an address contained 5 bitcoins on the Bitcoin

Case 3:19-cv-00022-HTW-LRA Document 17-1 Filed 07/03/19 Page 31 of 151

Case 14-31229-sgj15 Doc 195-2 Filed 07/02/19 Entered 07/02/19 13:36:51 Page 10 of 29
Case: 25CI1:14-cv-00071-JAS Document #: 230 Filed: 09/18/2018 Page 10 of 29

blockchain prior to August 1, 2017, that address now contains 5 bitcoins on the Bitcoin blockchain and 5 BCH on the Bitcoin Cash blockchain. As of the time of this filing, Bitcoin Cash is valued at $505.03. Therefore, the 9406.33 BCH would have a current total value of approximately $4,750,478.

32. The Bitcoin Cash hard fork is not the only hard fork to occur. Because the Raggios' bitcoins were stolen prior to any of the prominent hard forks, they were deprived of the benefits due to them simply by owning bitcoins at the time of these hard forks.

**COUNT ONE:**
**BREACH OF MISSISSIPPI UNIFORM COMMERCIAL CODE § 75-2-301**

33. Plaintiffs incorporate and adopt by reference each of the preceding paragraphs as fully set forth here.

34. The Raggios paid Defendants in full for 9,406.33 bitcoins pursuant to a contract between the parties.

35. In accordance with the Mississippi Uniform Commercial Code, Defendants were required "to transfer and deliver" the 9,406.33 bitcoins to the Raggios "in accordance with the contract." Miss. Code Ann. § 75-2-301.

36. Defendants failed "to transfer and deliver" the 9,406.33 bitcoins to the Raggios. Despite repeated requests by the Raggios for delivery of the bitcoins and repeated assurances by Defendants that the bitcoins would be provided, Defendants never delivered the 9,406.33 bitcoins to the Raggios. Accordingly, Defendants have breached their obligations under Miss. Code Ann. § 75-2-301.

Case 3:19-cv-00022-HTW-LRA   Document 17-1   Filed 07/03/19   Page 32 of 151

Case 14-31229-sgj15 Doc 195-2 Filed 07/02/19   Entered 07/02/19 13:36:51   Page 11 of 29
Case: 25CI1:14-cv-00071-JAS   Document #: 230   Filed: 09/18/2018   Page 11 of 29

## COUNT TWO:
## BREACH OF WARRANTY UNDER MISSISSIPPI
## UNIFORM COMMERCIAL CODE §§ 75-2-313, 314, AND/OR 315

37.     Plaintiffs incorporate and adopt by reference each of the preceding paragraphs as fully set forth here.

38.     Defendants represented that bitcoins purchased by the Raggios would be made available in a manner that allowed the Raggios to transfer the bitcoins to their personal address.   This representation was made affirmatively, through communications and contract documents; indirectly, through a description of Defendants' business, which involved selling bitcoins to persons who would then transfer the bitcoins out of the MTGOX exchange; and through prior transactions, whereby the Raggios purchased bitcoins and transferred them to their personal addresses, which served as a model for the bitcoin transaction at issue.   Based on this and other conduct and representations of Defendants, the contract between the Raggios and Defendants included an express warranty that the 9,406.33 bitcoins purchased by the Raggios would be made available in a manner that allowed the Raggios to transfer the bitcoins to the Raggios' personal address.   *See* Miss. Code Ann. § 75-2-313.

39.     Defendants were aware that the Raggios were relying on Defendants to make the 9,406.33 bitcoins purchased by the Raggios available in a manner that allowed the Raggios to transfer the bitcoins to the Raggios' personal address, as this was the parties' standard practice and the very purpose of Defendants' business.   Accordingly, the contract between Defendants and the Raggios included an implied warranty that the 9,406.33 bitcoins would be fit for this purpose—i.e., that Defendants would make the bitcoins

available in a manner that allowed the Raggios to transfer the bitcoins to the Raggios'
personal address. *See* Miss. Code Ann. § 75-2-315.

40.    As with all contracts for the sale of goods by a merchant, the contract between
the Raggios and Defendants included an implied warranty of merchantability.   This
required, at minimum and without limitation, that the bitcoins be "fit for the ordinary
purposes for which such goods are used" and "adequately contained [or] packaged."  *See*
Miss. Code Ann. § 75-2-314(2)(c), (e).

41.    Defendants failed to provide and/or secure the 9,406.33 bitcoins in a manner
that permitted the Raggios to transfer the bitcoins to their personal address.  Accordingly,
Defendants breached the express and implied warranties set forth at Miss. Code Ann. §§ 75-
2-313, -314, and/or -315.

## COUNT THREE:
## BREACH OF MISSISSIPPI UNIFORM COMMERCIAL CODE § 75-2-503

42.    Plaintiffs incorporate and adopt by reference each of the preceding paragraphs
as fully set forth here.

43.    Defendants were required to make the 9,406.33 bitcoins purchased by the
Raggios "available for the period reasonably necessary to enable the [Raggios] to take
possession." *See* Miss. Code Ann. § 75-2-503(1)(a).

44.    Defendants failed to safeguard and make available the 9,406.33 bitcoins for a
reasonable period of time to enable the Raggios to take possession and transfer the bitcoins
to their personal address.  Accordingly, Defendants breached their obligations under Miss.
Code Ann. § 75-2-503.

Case 3:19-cv-00022-HTW-LRA   Document 17-1   Filed 07/03/19   Page 34 of 151
Case 14-31229-sgj15 Doc 195-2 Filed 07/02/19   Entered 07/02/19 13:36:51   Page 13 of 29
Case: 25CI1:14-cv-00071-JAS   Document #: 230   Filed: 09/18/2018   Page 13 of 29

## COUNT FOUR:
## DEFENDANTS ARE LIABLE FOR LOSS OF BITCOINS
## UNDER MISSISSIPPI UNIFORM COMMERCIAL CODE § 75-2-509

45.     Plaintiffs incorporate and adopt by reference each of the preceding paragraphs as fully set forth here.

46.     Defendants bore all risk of loss of the 9,406.33 bitcoins until the Raggios received possession of the bitcoins. *See* Miss. Code Ann. § 75-2-509(3).

47.     Defendants never delivered possession of the 9,406.33 bitcoins to the Raggios because the Defendants prohibited the Raggios from transferring the bitcoins to their personal address.  Accordingly, Defendants bore all risk that the bitcoins would be stolen.

## COUNT FIVE:
## BREACH OF DUTY AS SECURITIES INTERMEDIARY UNDER
## MISSISSIPPI UNIFORM COMMERCIAL CODE § 75-8-507

48.     Plaintiffs incorporate and adopt by reference each of the preceding paragraphs as fully set forth here.

49.     Defendants operated as a "securities intermediary" because they maintained a "securities account" on the MTGOX exchange for the benefit of the Raggios. *See* Miss. Code Ann. §§ 75-8-105, -501.

50.     The Raggios had a "securities entitlement" to all bitcoins credited to their account on the MTGOX exchange, and were authorized to issue "entitlement orders" regarding the transfer of said bitcoins. *See id.*

51.     Only the Raggios and their authorized representatives were permitted to issue entitlement orders to Defendants. *See* Miss. Code Ann. §§ 75-8-107.

Case 3:19-cv-00022-HTW-LRA   Document 17-1   Filed 07/03/19   Page 35 of 151

Case 14-31229-sgj15 Doc 195-2 Filed 07/02/19   Entered 07/02/19 13:36:51   Page 14 of 29
   Case: 25CI1:14-cv-00071-JAS   Document #: 230   Filed: 09/18/2018   Page 14 of 29

52.    Defendants were required to comply with proper entitlement orders directing a transfer of the bitcoins.  *See* Miss. Code Ann. §§ 75-8-507(a).  Defendants were not permitted to transfer the bitcoins at the direction any other person.

53.    Where a securities intermediary such as Defendants "transfers a financial asset [i.e., bitcoins] pursuant to an ineffective entitlement order, the securities intermediary shall reestablish a security entitlement in favor of the person entitled to it, and pay or credit any payments or distributions that the person did not receive as a result of the wrongful transfer.  If the securities intermediary does not reestablish a security entitlement, the securities intermediary is liable to the entitlement holder for damages."  Miss. Code Ann. §§ 75-8-507(b).

54.    Defendants transferred or permitted a transfer of 9,406.33 bitcoins out of the Raggios' MTGOX account pursuant to an ineffective entitlement order.  Accordingly, Defendants are legally obligated to replace the 9,406.33 bitcoins or pay to the Raggios an amount not less than the current value of such bitcoins.

## COUNT SIX:
## BREACH OF CONTRACT

55.    Plaintiffs incorporate and adopt by reference each of the preceding paragraphs as fully set forth here.

56.    Defendants, individually and in concert, have created multiple written and implied contracts in dealing with the Raggios.  The Raggios acted in good faith by paying USD for 9,406.33 bitcoins, but Defendants have breached their contracts with Raggios to deliver said bitcoins.

57.    Plaintiffs entered into one or more agreements with Defendants whereby Defendants agreed, among other things, to do each of the following with respect to any

Case 3:19-cv-00022-HTW-LRA   Document 17-1   Filed 07/03/19   Page 36 of 151

Case 14-31229-sgj15 Doc 195-2 Filed 07/02/19   Entered 07/02/19 13:36:51   Page 15 of 29
Case: 25CI1:14-cv-00071-JAS      Document #: 230      Filed: 09/18/2018    Page 15 of 29

monies deposited by Plaintiffs with Defendant Jed McCaleb and MTGOX, in consideration

for Plaintiffs' initial acquisition of the bitcoins from or via Defendants, and for the goodwill

associated with same and with the services offered:

    a.     to accept monies from Plaintiffs, in the form of bitcoins or USD, which
Plaintiffs may deposit from time to time;

    b.     to keep said monies in a safe and secure manner, consistent with fiduciary
obligations commonly imposed upon financial services providers;

    c.     to comply with instructions that Plaintiffs may provide from time to time
concerning the transfer, investment and disposition of said monies; and

    d.     to permit Plaintiffs to withdraw their USD and bitcoins at any time.

Plaintiffs allege that the legal effect of these agreements was to create legally binding

obligations on the part of Defendants, individually and in concert.

58.    Plaintiffs have performed all conditions, covenants, and promises required of

them by said agreements, and in accordance with the terms and conditions thereof.

59.    Defendants, individually and in concert, breached the agreements by, among

other things: refusing to comply with Plaintiffs' intention of withdrawing the entirety of

their bitcoins; permitting the unauthorized withdrawal of their bitcoins; and by failing to

disburse the frozen bitcoins of Baron to replace those stolen. Thus Defendants caused

Plaintiffs to suffer damages, including but not limited to the loss of their bitcoins.

60.    Defendants' breach was deliberate and in bad faith, such as to amount to a

tortious breach of contract in its own right, said tort being intentional, wanton, and willful,

and thus further making Defendants liable for punitive damages, in an amount sufficient to

Case 3:19-cv-00022-HTW-LRA    Document 17-1    Filed 07/03/19    Page 37 of 151

Case 14-31229-sgj15 Doc 195-2 Filed 07/02/19    Entered 07/02/19 13:36:51    Page 16 of 29
Case: 25CI1:14-cv-00071-JAS       Document #: 230       Filed: 09/18/2018    Page 16 of 29

punish Defendants and to deter others from defrauding the public in such a manner, and for all reasonable attorney fees, expenses, and costs incurred by Plaintiffs in this civil action

## COUNT SEVEN:
## CONSPIRACY

61.    Plaintiffs incorporate and adopt by reference each of the preceding paragraphs as fully set forth here.

62.    Plaintiffs are informed and believe, and thereon allege, that each of the Defendants knowingly and willfully conspired and agreed upon themselves to hinder, delay and deprive the Raggios of their rights with respect to their 9,406.33 bitcoins.

63.    Plaintiffs are further informed and believe, and thereon allege, that said Defendants, individually and in concert, did the acts and things alleged herein pursuant to, and in furtherance of, the conspiracy and their own agreements with one another, and/or furthered the conspiracy cooperating with, lending aid to, encouraging, ratifying or adopting those acts.

64.    Plaintiffs are informed and believe, and thereon allege, that there is not yet any last overt act in furtherance of said conspiracy, in that Defendants, and all of them individually and in concert are continuing to hinder delay and deprive the Raggios of their rights with respect to said bitcoins.

## COUNT EIGHT:
## ACCOUNT STATED

65.    Plaintiffs incorporate and adopt by reference each of the preceding paragraphs as fully set forth here.

66.    Between 2011 and 2012, accounts were stated in writing between the Plaintiffs on the one hand, and Defendants, on the other hand.  Although Defendants have

acknowledged and verified the total number of bitcoins, they have not delivered the 9,406.33 bitcoins purchased and paid for by Plaintiffs. The remaining unreturned portions of said accounts, according to the records of Defendants and Plaintiffs, total approximately 9,406.33 bitcoins as of the date of this complaint, which is now due and owing and which Defendants should pay.

67.   Defendants, individually and in concert have failed and refused and continue to fail and refuse to return the remainder of the bitcoins, despite Plaintiffs' demands that they do so. Thus, they owe the remaining 9,406.33 bitcoins and prejudgment and post judgment interest thereon at the maximum legal rate.

## COUNT NINE:
## NEGLIGENCE AND GROSS NEGLIGENCE

68.   Plaintiffs incorporate and adopt by reference each of the preceding paragraphs as fully set forth here.

69.   At all relevant times, Defendants, individually and in concert, had bitcoins belonging to Plaintiffs in their possession, custody and/or control, and therefore owed Plaintiffs a duty of care with respect to safeguarding said bitcoins. Plaintiffs are informed and believed, and thereon allege, that Defendants, individually and in concert, served as fiduciaries with respect to said bitcoins, and that said role imposed certain fiduciary obligations upon Defendants.

70.   Plaintiffs are informed and believe, and thereon allege, that Defendants, individually and in concert, breached their duties to Plaintiffs by negligently performing their obligations, including but not limited to failing to utilize all reasonable and practical safeguards to protect the bitcoins of Plaintiffs and other customers. This allowed a hackto compromise the Raggios' MTGOX account.

Case 3:19-cv-00022-HTW-LRA   Document 17-1   Filed 07/03/19   Page 39 of 151

Case 14-31229-sgj15 Doc 195-2 Filed 07/02/19   Entered 07/02/19 13:36:51   Page 18 of 29
Case: 25Cl1:14-cv-00071-JAS   Document #: 230   Filed: 09/18/2018   Page 18 of 29

71.    Plaintiffs suffered certain general, special, incidental and consequential damages as a direct and proximate result of said negligence, including, among other things: the loss of bitcoins; the loss of use of said value of the bitcoins while the present action is pending; changes in the value of said bitcoins due to the fluctuating exchange rate; the necessity of retaining legal counsel to vindicate their rights; etc., all in amounts to be proven at trial.

72.    Further, Defendants' negligence was so willful and wanton as to amount to gross negligence, thus entitling Plaintiffs to punitive damages in an amount sufficient to punish Defendants and to deter others from defrauding the public in such a manner, and to all reasonable attorney fees, expenses, and costs incurred by Plaintiffs in this civil action

### COUNT TEN:
### CONVERSION

73.    Plaintiffs incorporate and adopt by reference each of the preceding paragraphs as fully set forth here.

74.    At all relevant times, Plaintiffs were, and are, the lawful owners of certain bitcoins deposited with Defendants, individually and in concert, as alleged herein. Plaintiffs were entitled to possession of the bitcoins once purchased.

75.    Plaintiffs are informed and believe and thereon allege that: upon receiving Plaintiffs' instructions to deliver the bitcoins, Defendants, individually and in concert, converted and took unlawful possession of said bitcoins for their own use and benefit by refusing to return all of the bitcoins paid for and belonging to Plaintiffs. Plaintiffs are further informed and believe and allege that Defendants intentionally and willfully refused to deliver the bitcoins purchased by Plaintiffs.

Case 3:19-cv-00022-HTW-LRA   Document 17-1   Filed 07/03/19   Page 40 of 151

Case 14-31229-sgj15 Doc 195-2 Filed 07/02/19   Entered 07/02/19 13:36:51   Page 19 of 29
Case: 25CI1:14-cv-00071-JAS   Document #: 230   Filed: 09/18/2018   Page 19 of 29

76.     Plaintiffs have suffered certain general, special, incidental and consequential damages as a direct and proximate result of said negligence, including, among other things: the loss of the bitcoins themselves; the loss of use of said bitcoins while the present action is pending; changes in the value of said bitcoins due to fluctuating exchange rates; etc., all in amounts to be proven at trial. Due to the fluctuating nature of bitcoins, Plaintiffs cannot be made whole by being repaid the value of the bitcoins at the time of their conversion. Plaintiffs seek either return of comparable bitcoins or the present cash value of their bitcoins, including all value bestowed by hard forks subsequent to the conversion.

77.     Plaintiffs are informed and believe, and thereon allege: that the aforementioned actions and omissions by Defendants, individually and in concert, were intentional or so grossly wanton and willful that they show a conscious disregard for the rights of Plaintiffs.  Defendants subjected Plaintiffs to a cruel and unusual hardship in conscious disregard of their rights, all so as to justify an award for exemplary and punitive damages, in an amount sufficient to punish Defendants and to deter others from defrauding the public in such a manner, and for all reasonable attorney fees, expenses, and costs incurred by Plaintiffs in this civil action.

## COUNT ELEVEN:
## GENERAL AND NOTICE PLEADING OF ALL CAUSES AT LAW & EQUITY AND CLAIM FOR A CONSTRUCTIVE TRUST ON CORPORATE ACCOUNTS

78.     Plaintiffs incorporate and adopt by reference each of the preceding paragraphs as fully set forth here.

79.     Plaintiffs pray that this court will hear their cause as the facts herein have been plead with specificity and allow Plaintiffs recovery of their bitcoins and all damages generally and specifically under all applicable theories of recovery whether at law or equity.

Case 3:19-cv-00022-HTW-LRA Document 17-1 Filed 07/03/19 Page 41 of 151

Case 14-31229-sgj15 Doc 195-2 Filed 07/02/19 Entered 07/02/19 13:36:51 Page 20 of 29
Case: 25CI1:14-cv-00071-JAS Document #: 230 Filed: 09/18/2018 Page 20 of 29

80.    On information and belief, Defendant McCaleb commingled the Raggios' and MTGOX account holders' fiat currency and bitcoins with his own personal bank account and Bitcoin wallet, making it impossible to determine which amounts were personal and which amount belonged to MTGOX account holders. Defendant McCaleb used the Raggios' and account holders' funds for operating expenses at MTGOX and for his own personal benefit. Upon the sale of a majority interest to Mark Karpeles, Defendant McCaleb used the embezzled cash and bitcoins to fund his new ventures, such as Open Coin, Ripple, Stellar and Light Year. Plaintiffs request that this court freeze said corporate accounts so that funds may not be distributed until such time as the Raggios have had an opportunity to be heard and to lay proper claim to their bitcoins or materially similar bitcoins, which, as set forth above, Defendants obtained or hold by abuse of confidence, commission of wrong, and unconscionable conduct, artifice, concealment, and questionable means, and generally against equity and good conscience, such that they hold said bitcoins in a constructive trust for Plaintiffs.

81.    Further, on information and belief, Defendants used some or all of Plaintiffs' bitcoins, or of comparable bitcoins which in right and equity should have been given to Plaintiffs in restoration or compensation for the bitcoins Defendants allowed or caused to be unlawfully taken, to invest in and facilitate the creation or propagation of new or alternative cryptocurrencies, from which Defendants have reaped large profits, contrary to the rule of equity that no one should profit from his own wrongdoing. Those profits are held in a constructive trust for Plaintiffs. Defendants should be required to disgorge the appropriate share of those unjustly and inequitably-acquired profits and pay them over to Plaintiffs,

Case 3:19-cv-00022-HTW-LRA   Document 17-1   Filed 07/03/19   Page 42 of 151

Case 14-31229-sgj15 Doc 195-2 Filed 07/02/19   Entered 07/02/19 13:36:51   Page 21 of 29
Case: 25CI1:14-cv-00071-JAS      Document #: 230      Filed: 09/18/2018      Page 21 of 29

whose bitcoins were used against their consent and in violation of law and against equity and good conscience to further the schemes of Defendants.

## COUNT TWELVE:
## SPECIFIC PERFORMANCE

82.    Plaintiffs incorporate and adopt by reference each of the preceding paragraphs as fully set forth here.

83.    Plaintiffs paid for 9,406.33 bitcoins with U.S. dollars. Defendants have represented that they will deliver said 9,406.33 bitcoins. Plaintiffs request a judgment of and from Defendants, individually and in concert, for 9,406.33 bitcoins with UTXOs that predate the Bitcoin Cash (August 1, 2017) and Bitcoin Gold (October 24, 2017) hard forks. No other remedy will make Plaintiffs whole.

## COUNT THIRTEEN:
## UNJUST ENRICHMENT

84.    Plaintiffs incorporate and adopt by reference each of the preceding paragraphs as fully set forth here.

85.    At all relevant times, Plaintiffs were, and are, the lawful owners of certain bitcoins deposited with Defendants. As between Plaintiffs and Defendants, Plaintiffs were entitled to possession of the bitcoins once they provide instructions to Defendants to deliver them, which Plaintiffs have done.

86.    Plaintiffs are informed and believe and thereon allege that: upon receiving Plaintiffs' instructions to deliver the bitcoins, Defendants, individually and in concert, converted and took unlawful possession of, said bitcoins for their own use and benefit by refusing to return all of the bitcoins paid for and belonging to Plaintiffs. Plaintiffs are further informed and believe, and thereon allege, that Defendants, individually and in concert,

Case 3:19-cv-00022-HTW-LRA   Document 17-1   Filed 07/03/19   Page 43 of 151

Case 14-31229-sgj15 Doc 195-2 Filed 07/02/19   Entered 07/02/19 13:36:51   Page 22 of 29
Case: 25CI1:14-cv-00071-JAS    Document #: 230    Filed: 09/18/2018   Page 22 of 29

intentionally, willfully and in flagrant disregard for Plaintiffs' right refused to deliver the bitcoins purchased by Plaintiffs.

87.    The circumstances render the Defendants' retention of the Plaintiffs' property inequitable and the Defendants have been unjustly enriched by the retention of the Plaintiffs' property.

88.    The Plaintiffs are entitled to damages as a result of the Defendants' unjust enrichment, including the disgorgement of all bitcoins retained by the Defendants, the proceeds for any sale of the bitcoins, all profits received from the invested monies of which profits were received through the conversion of the Plaintiffs' bitcoins, any and all hard forked cryptocurrencies which would be or was received, and any other equitable remedy so available to the Plaintiffs.

**COUNT FOURTEEN:**
**BAILMENT**

89.    Plaintiffs incorporate and adopt by reference each of the preceding paragraphs as fully set forth here.

90.    Both at common law and under statute, Defendants acted as bailees for the bitcoins purchased by Plaintiffs, and voluntarily agreed for Plaintiffs to give those bitcoins to them for safekeeping, taking possession but not ownership thereof, for the mutual benefit of bailors and bailees. Defendants failed to exercise the required level of care, such that Plaintiffs' bitcoins were stolen while in Defendants' custody, and Defendants are thus liable to Plaintiffs for return of the bitcoins or materially similar ones, there being no other remedy that will make Plaintiffs whole. In the alternative, Defendants should be required to pay over the present cash value of materially similar bitcoins, including the value of the intervening hard forks.

Case 3:19-cv-00022-HTW-LRA   Document 17-1   Filed 07/03/19   Page 44 of 151

Case 14-31229-sgj15 Doc 195-2 Filed 07/02/19   Entered 07/02/19 13:36:51   Page 23 of 29
Case: 25CI1:14-cv-00071-JAS   Document #: 230   Filed: 09/18/2018   Page 23 of 29

91.    Defendants were grossly negligent in mishandling the bitcoins and failing to exercise the minimal reasonable standard of care for a cryptocurrency exchange, and are thus liable for punitive damages for their wanton and deliberate misconduct, in an amount sufficient to punish Defendants and to deter others from defrauding the public in such a manner, and for all reasonable attorney fees, expenses, and costs incurred by Plaintiffs in this civil action.

## COUNT FIFTEEN:
## FRAUD

92.    Plaintiffs incorporate and adopt by reference each of the preceding paragraphs as fully set forth herein.

93.    At all times, including in the specific time, place, and manner alleged in the foregoing, Defendants made intentionally false representations to Plaintiffs, including but not limited to that they would keep Plaintiffs' bitcoins safe; that they were providing a safe means for the holding of bitcoins purchased from MTGOX; and that they were diligently investigating the theft of the Raggios' bitcoins with the intent of restoring them to the Raggios or otherwise making good on the theft. Despite their duty to Plaintiffs to keep their bitcoins reasonably safe and to take reasonable measures to recover the stolen bitcoins, Defendants omitted the material facts that MTGOX was not a secure exchange, that Plaintiffs' bitcoins were not reasonably safe in MTGOX accounts, and that Defendants were not in fact diligently investigating the theft of the bitcoins, but rather were seeking to convert them to their own use and benefit. All of these misrepresentations and omissions were material, on the facts set forth above. The Raggios reasonably relied on these

Case 3:19-cv-00022-HTW-LRA   Document 17-1   Filed 07/03/19   Page 45 of 151

Case 14-31229-sgj15 Doc 195-2 Filed 07/02/19   Entered 07/02/19 13:36:51   Page 24 of 29
Case: 25CI1:14-cv-00071-JAS   Document #: 230   Filed: 09/18/2018   Page 24 of 29

representations and suffered harm thereby as a direct and proximate result, including but not limited to the loss of their bitcoins.

94.     Defendants are therefore liable to Plaintiffs for their economic damages incurred, in such an amount as to put Plaintiffs in the same position as if their bitcoins had not been stolen, as well as for punitive damages in an amount sufficient to punish Defendants and to deter others from defrauding the public in such a manner, and for all reasonable attorney fees, expenses, and costs incurred by Plaintiffs in this civil action.

## COUNT SIXTEEN:
## NEGLIGENT MISREPRESENTATION

95.     Plaintiffs incorporate and adopt by reference each of the preceding paragraphs as fully set forth herein.

96.     As set forth above, Defendants made numerous material misrepresentations to Plaintiffs as well as omitting material facts of high importance, including but not limited to MTGOX's being a secure cryptocurrency exchange when in fact it was not, and to their diligently investigating the theft of the Raggios' bitcoins in an effort to restore them to the Raggios, when in fact they were not. In making these misrepresentations or omissions, Defendants failed to act with the degree of diligence which the public is entitled to expect of the operators of a cryptocurrency exchange. Plaintiffs reasonably relied on those misrepresentations and reasonably relied on Defendants not to omit material facts, and suffered damages as a direct and proximate result, including but not limited to the loss of their bitcoins.

97.     Defendants are therefore liable to Plaintiffs for their economic damages incurred, in such an amount as to put Plaintiffs in the same position as if their bitcoins had

Case 3:19-cv-00022-HTW-LRA   Document 17-1   Filed 07/03/19   Page 46 of 151

Case 14-31229-sgj15 Doc 195-2 Filed 07/02/19   Entered 07/02/19 13:36:51   Page 25 of 29
Case: 25CI1:14-cv-00071-JAS   Document #: 230   Filed: 09/18/2018   Page 25 of 29

not been stolen. Further, Defendants' negligence was so wanton and willful as to amount to gross negligence, thus entitling Plaintiffs to punitive damages in an amount sufficient to punish Defendants and to deter others from defrauding the public in such a manner, and for all reasonable attorney fees, expenses, and costs incurred by Plaintiffs in this civil action.

## COUNT SEVENTEEN:
## PUNITIVE DAMAGES

98.     Plaintiffs incorporate and adopt by reference each of the preceding paragraphs as fully set forth herein.

99.     The actions of Defendants, individually and/or collectively, were done without a legitimate or arguable reason, and knowingly, willfully, maliciously, and intentionally and/or with reckless disregard for the rights of the Raggios evidencing bad faith on the part of each Defendants, and entitling the Raggios to punitive damages, in an amount to be determined at the trial of this matter, to punish Defendants and to deter others from engaging in the same or similar activities.

## COUNT EIGHTEEN:
## CORPORATE OFFICER LIABILITY

100.    Plaintiffs incorporate and adopt by reference each of the preceding paragraphs as fully set forth herein.

101.    By participating directly in the misconduct and wrongdoing set forth above, Defendant McCaleb incurred personal liability for all wrongdoing committed by or on behalf of MTGOX, and is liable to Plaintiffs for all damages pleaded herein.

## COUNT NINETEEN:
## PIERCING THE CORPORATE VEIL

102.    Plaintiffs incorporate and adopt by reference each of the preceding paragraphs as fully set forth herein.

Case 3:19-cv-00022-HTW-LRA   Document 17-1   Filed 07/03/19   Page 47 of 151

Case 14-31229-sgj15 Doc 195-2 Filed 07/02/19   Entered 07/02/19 13:36:51   Page 26 of 29
Case: 25CI1:14-cv-00071-JAS     Document #: 230     Filed: 09/18/2018     Page 26 of 29

103.    As alleged above, Defendants abused the corporate form of MTGOX, flagrantly disregarding corporate formalities, in the pursuit of fraudulent and wrongful misconduct, and thus frustrating the legitimate expectations of Plaintiffs and other buyers who regarded MTGOX as a legitimate cryptocurrency exchange rather than as a scam operated for the exclusive benefit of Defendants. Defendants are thus personally liable to Plaintiffs for all damages pleaded herein.

## COUNT TWENTY:
## BREACH OF FIDUCIARY DUTY

104.    Plaintiffs incorporate and adopt by reference each of the preceding paragraphs as fully set forth herein.

105.    Defendants held themselves out to the Raggios and to the public as operating a safe, secure bitcoin exchange. After the Raggios' account was hacked, McCaleb held himself out to the Raggios as using his peculiar knowledge as the MTGOX operator to investigate the theft and to make good their loss. Under those circumstances, the Raggios reasonably and justifiably reposed their trust in Defendants and depended upon them to make good on their representations.

106.    Thus, Defendants owed the Raggios a fiduciary duty to keep their bitcoins secure and to make good on any loss due to Defendants' own wrongful deeds and omissions. Defendants breached that duty, causing the Raggios to incur damages as set forth above. Defendants are therefore liable to the Raggios for all damages arising from this breach.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this court will allow their claim to proceed before a jury and that said jury shall award them their 9,406.33 bitcoins (with UTXOs predating the August 1, 2017, Bitcoin Cash hard fork) against

Case 3:19-cv-00022-HTW-LRA   Document 17-1   Filed 07/03/19   Page 48 of 151

Case 14-31229-sgj15 Doc 195-2 Filed 07/02/19   Entered 07/02/19 13:36:51   Page 27 of 29
Case: 25CI1:14-cv-00071-JAS     Document #: 230     Filed: 09/18/2018     Page 27 of 29

Defendants, or else money damages sufficient to compensate them for their lost bitcoins and their lost profits and business opportunities following foreseeably, consequentially, and proximately from Defendants' misconduct, thus placing them in the position they would have been in had Defendants' misconduct not occurred and all of them individually and jointly; along with punitive damages, special damages as set forth above, reasonable attorney fees and expenses, all costs herein related to the pursuit of this cause, and any other remedy as to which the Plaintiffs may be entitled.

Respectfully submitted, this 18th day of September, 2018.

                              **DR. DONALD RAGGIO**
                              **DR. CHRIS RAGGIO**

                    By:      *s/ Armin J. Moeller, Jr.*
                              Armin J. Moeller, Jr.,  MSB No. 3399
                              Walter H. Boone, MSB No. 8651
                              Christine Crockett White, MSB No. 10107
                              Jonathan P. Dyal, MSB No. 99146
                              Andy Lowry, MSB No. 100782
                              Patrick Everman, MSB No. 104870
                              Perry P. Taylor, MSB No. 104944

                              ATTORNEYS FOR PLAINTIFFS
                              DR. DONALD RAGGIO AND
                              DR. CHRIS RAGGIO

OF COUNSEL:

BALCH & BINGHAM LLP
188 East Capitol Street, Suite 1400
Jackson, MS 39201-2608
Telephone: (601) 961-9900
Fax: (601) 961-4466
wboone@balch.com
cwhite@balch.com
alowry@balch.com

Case 3:19-cv-00022-HTW-LRA   Document 17-1   Filed 07/03/19   Page 49 of 151

Case 14-31229-sgj15 Doc 195-2 Filed 07/02/19   Entered 07/02/19 13:36:51   Page 28 of 29
Case: 25CI1:14-cv-00071-JAS      Document #: 230      Filed: 09/18/2018      Page 28 of 29

BALCH & BINGHAM LLP
1310 Twenty Fifth Avenue
Gulfport, MS 39501
Telephone: (228) 864-9900
Fax: (228) 864-8221
jdyal@balch.com

<u>CERTIFICATE OF SERVICE</u>

I, the undersigned counsel, do hereby certify that on this day, I have electronically filed the foregoing with the Clerk of the Court using the MEC  system which sent notification of such filing to the following (except as otherwise shown, in which case service was made via United States mail, postage prepaid):

> Edwin S. Gault, Jr., Esq.
> Amanda B. Robinson, Esq.
> T. Peyton Smith, Esq.
> Forman Watkins & Krutz LLP
> P.O. Box 22608
> Jackson, Mississippi 39201
> Win.Gault@formanwatkins.com
> Peyton.Smith@formanwatkins.com
> Mandi.Robinson@formanwatkins.com

> Ethan Jacobs, Esq.                    *(via U.S. mail)*
> Holland Law, LLP
> 220 Montgomery Street, Suite 800
> San Francisco, California 94104

So certified, this the 18th day of September, 2018.

> _s/ Armin J. Moeller, Jr._
> ARMIN J. MOELLER, JR.

Case 3:19-cv-00022-HTW-LRA   Document 17-1   Filed 07/03/19   Page 51 of 151

Case 14-31229-sgj15 Doc 195-3 Filed 07/02/19   Entered 07/02/19 13:36:51   Page 1 of 6
Case: 25Cl1:14-cv-00071-TTG   Document #: 29-1   Filed: 06/30/2016   Page 1 of 6

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
## HINDS COUNTY, MISSISSIPPI

DR. DONALD RAGGIO
DR. CHRIS RAGGIO                          **PLAINTIFFS**

**VS.**                           **CAUSE NO. 14-CV-00071-TTG**

MTGOX, *et al*                           **DEFENDANTS**

### AFFIDAVIT OF JED MCCALEB

**STATE OF CALIFORNIA**

**COUNTY OF SAN FRANCISCO**

Jed McCaleb, being first duly sworn says:

1.      My name is Jed McCaleb. I am over 18 years old. I understand the nature of an oath and I am otherwise competent to testify to the matters stated in this affidavit. I have personal knowledge of the facts set forth in this affidavit and, if called to testify, I could and would competently testify to the facts set forth herein.

2.      I am the creator and former owner of the business MTGOX. MTGOX was created as an exchange which allowed users to purchase bitcoins from each other and redeem the contents of their accounts when desired. I was also the managing member of Code Collective, LLC, through which wire transfers were made.

3.      In 2010, the Raggios opened an account on the MTGOX exchange, and began purchasing bitcoins from other users on the exchange.

1

**EXHIBIT C**

Case 3:19-cv-00022-HTW-LRA   Document 17-1   Filed 07/03/19   Page 52 of 151

Case 14-31229-sgj15 Doc 195-3 Filed 07/02/19   Entered 07/02/19 13:36:51   Page 2 of 6
Case: 25Cl1:14-cv-00071-TTG   Document #: 29-1   Filed: 06/30/2016   Page 2 of 6

4.    The Raggios wire transferred funds to an account held by Code Collective, some of which was then used to purchase bitcoins for their MTGOX account from other MTGOX users.

5.    The Raggios did not sign any contracts or agree to any terms of service in any way with me, individually or doing business as MTGOX, or with Code Collective, LLC.

6.    The Raggios purchased approximately 9,400 bitcoins from other MTGOX users in January of 2011.  The 9,400 bitcoins were placed into Plaintiffs' account on the MTGOX exchange.  The value of 9,400 bitcoins was approximately $3,100.00 at the time.

7.    On January 9, 2011, Chris Raggio informed me that he believed someone had hacked the Raggios' MTGOX account and stolen 9,400 bitcoins.

8.    On February 11, 2011, I sold the MTGOX business to Tibanne K.K.

9.    The Raggios were aware I had sold the MTGOX business and had no authority or control over the business.  A copy of an email from Chris Raggio to me dated December 21, 2011, evidencing this is attached as Exhibit 1 to this Affidavit.

10.    The Raggios were aware that I had no knowledge of what was occurring with regard to the alleged theft of their bitcoins after the sale of the business, except for the information that was passed from the Raggios to me.  A copy of an email from Don Raggio to me dated May 30, 2011, explaining "about the situation with Baron [the suspected thief]" and promising to "keep [me] posted on the outcome" of the theft is attached as Exhibit 2 to this Affidavit.

2

Case 3:19-cv-00022-HTW-LRA   Document 17-1   Filed 07/03/19   Page 53 of 151

Case 14-31229-sgj15 Doc 195-3 Filed 07/02/19   Entered 07/02/19 13:36:51   Page 3 of 6
Case: 25CI1:14-cv-00071-TTG   Document #: 29-1   Filed: 06/30/2016   Page 3 of 6

11.   The market value of 9,400 bitcoins is now approximately $6 million dollars.

FURTHER AFFIANT SAYETH NOT.



Jed McCaleb

SWORN TO AND SUBSCRIBED BEFORE ME, this ⟨29⟩ day of June, 2016.

NOTARY PUBLIC

(seal)

SURINDER KUMAR
COMM. # 2080623
NOTARY PUBLIC • CALIFORNIA
SAN FRANCISCO COUNTY
Comm. Exp. OCT. 2, 2018

A notary public or other officer completing this certificate verifies only the
identity of the individual who signed the document to which this certificate is
attached, and not the truthfulness, accuracy, or validity of that document.

State of California, County of ⟨SAN FRANCISCO⟩
Subscribed and sworn to (or affirmed) before me on this ⟨29th⟩ day
of ⟨JUNE⟩  ⟨2016⟩  by ⟨JED MCCALEB⟩
proved to me on the basis of satisfactory evidence to be the
person(s) who appeared before me.

Signature ⟨Sonder Kumar⟩ (seal)

Case 3:19-cv-00022-HTW-LRA   Document 17-1   Filed 07/03/19   Page 54 of 151

Case 14-31229-sgj15 Doc 195-3 Filed 07/02/19   Entered 07/02/19 13:36:51   Page 4 of 6
Case: 25CI1:14-cv-00071-TTG   Document #: 29-1   Filed: 06/30/2016   Page 4 of 6

X-Mozilla-Status: 0001
X-Mozilla-Status2: 00000000
Delivered-To: jed@mtgox.com
Received: by 10.180.109.232 with SMTP id hv8cs77869wib;
      Wed, 21 Dec 2011 18:18:57 -0800 (PST)
Received: by 10.14.48.66 with SMTP id u42mr3472718eeb.59.1324520335858;
      Wed, 21 Dec 2011 18:18:55 -0800 (PST)
Return-Path: <chris.raggio@gmail.com>
Received: from mail-ee0-f53.google.com (mail-ee0-f53.google.com [74.125.83.53])
      by mx.google.com with ESMTPS id q2si4762464eef.172.2011.12.21.18.18.55
      (version=TLSv1/SSLv3 cipher=OTHER);
      Wed, 21 Dec 2011 18:18:55 -0800 (PST)
Received-SPF: pass (google.com: domain of chris.raggio@gmail.com designates
74.125.83.53 as permitted sender) client-ip=74.125.83.53;
Authentication-Results: mx.google.com; spf=pass (google.com: domain of
chris.raggio@gmail.com designates 74.125.83.53 as permitted sender)
smtp.mail=chris.raggio@gmail.com; dkim=pass (test mode) header.i=@gmail.com
Received: by eekd41 with SMTP id d41so7930555eek.12
      for <jed@mtgox.com>; Wed, 21 Dec 2011 18:18:55 -0800 (PST)
DKIM-Signature: v=1; a=rsa-sha256; c=relaxed/relaxed;
      d=gmail.com; s=gamma;
      h=mime-version:date:message-id:subject:from:to:content-type;
      bh=Vp7CQCr8euClRPIbaflqDFIHEi9Nzafei73lCDIWq8c=;
      b=AoQPsA+ikmODkPmTshdfBZOS6SgaqCvOIYVjHOVXWnP4ZePAaKnfeh0pl1by7
miSQI
         sgSnmATu3iLFl5GycXH1MOVqKnX5tFLZ0s+JCVrqYsclSSRcrb5zhWfVSxIV5li1A
N38
         C0LNjdidMMK9Gp8LyEXRUCrzEmFLQWxbXHfXM=
MIME-Version: 1.0
Received: by 10.204.157.154 with SMTP id b26mr2658774bkx.101.1324520335577;
Wed, 21 Dec 2011 18:18:55 -0800 (PST)
Received: by 10.204.188.133 with HTTP; Wed, 21 Dec 2011 18:18:55 -0800 (PST)
Date: Wed, 21 Dec 2011 20:18:55 -0600
Message-ID:
<CALG=A06VKw-DrrqqnrWmCBLWv5Y04SY9wqoAPotPyh5J1U4seA@mail.gmail.com
>
Subject: hey
From: Chris Raggio <chris.raggio@gmail.com>
To: Jed McCaleb <jed@mtgox.com>
Content-Type: multipart/alternative; boundary=0015175dd9e219916504b4a4ecbe


--0015175dd9e219916504b4a4ecbe
Content-Type: text/plain; charset=ISO-8859-1


Hey Jed,

How's everything going? I'm feeling good.  I think 2012 is going to be a

Case 3:19-cv-00022-HTW-LRA   Document 17-1   Filed 07/03/19   Page 55 of 151

Case 14-31229-sgj15 Doc 195-3 Filed 07/02/19   Entered 07/02/19 13:36:51   Page 5 of 6
Case: 25CI1:14-cv-00071-TTG   Document #: 29-1   Filed: 06/30/2016   Page 5 of 6

breakout year for bitcoin in terms of technology maturation, wider adoption, and increased exchange value which everyone is so focused on. I haven't been doing much with the technology. That is best left to guys like you who can code circles around me. I've been studying economics to try to understand how a currency as different from anything that has come before might change things. It's not easy. Economics is a social science and most of it makes no sense at all. Logical thinking is disadvantageous to anyone trying to learn what is accepted as truth in this field.

Just to let you know I e-mailed Mark asking him what he intends to do with the stolen coins. I haven't heard back from him yet. Originally he said he wanted to give "Baron a year to speak for himself." I don't know why we would bother with somebody who hides behind an alias and an altered passport but whatever. We are approaching the 1 year anniversary of the theft.

I'm not asking you to intervene on my or my father's behalf. Mark is the owner of Mt Gox now. It's his call whether he wants to make things right with us as he did with Bitomat. My father and I appreciate everything you did to investigate and pursue the thief. You didn't have to go to the lengths you went to for us. We thank you.

Have a nice holiday,

Chris

Case 3:19-cv-00022-HTW-LRA   Document 17-1   Filed 07/03/19   Page 56 of 151
Case 14-31229-sgj15 Doc 195-3 Filed 07/02/19   Entered 07/02/19 13:36:51   Page 6 of 6
Case: 25CI1:14-cv-00071-TTG   Document #: 29-1   Filed: 06/30/2016   Page 6 of 6

Date: Mon, 30 May 2011 10:52:46 -0500
Message-ID: <BANLkTiko0o0TKjz=KURqn4Q-UbJpk6Sbiw@mail.gmail.com>
Subject: Re:
From: Don Raggio <donald.raggio@gmail.com>
To: Jed McCaleb <jed@mtgox.com>
Content-Type: multipart/alternative; boundary=000e0cdf1bea4ff03304a48047be

--000e0cdf1bea4ff03304a48047be
Content-Type: text/plain; charset=ISO-8859-1

Jed,

Thanks for taking the time to talk to me.   If I think of anything cool to
do with bitcoin I'll let you know.   Near the end of the call you asked
about the situation with Baron. Here is what I know.   Last I heard from
Mark was that Baron was not willing to give the coins back voluntarily.
Baron said that he wanted access to his funds.   Mark said that he didn't
feel comfortable just unilaterally handing the coins over to me. These funds
I assume he is speaking of are the ones that you froze.     Mark said that
to resolve the issue he was seeking a "judgement" in a court, but that due
to the disaster in Japan "legal processing" would be held up until later
this year.   That's honestly what he told me.    I am glad you did what you
could to take action against this scammer.  Hopefully this will work and I
will get the coins back.    And if for some reason that doesn't work out
maybe bitcoin will hit 1000 and what we will have more than enough
regardless.     By the way somebody did move the funds that were stolen from
the address in a transaction dated 4-28.  I asked Theymos to look at the
block explorer and he reported the following.

"The scammer sent 2000 BTC to an address, and that address sent 200,000 BTC
to MtGox: I'm pretty sure 1MqsE... is a MtGox address. You should inform
Mark about this new development. The person who made that 200,000 BTC MtGox
deposit is either the scammer or someone who delt with him directly."

Mark claims that the address in question is not a MtGox address and
that MtGox received no deposit as large as 200,000 BTC.  Mark said that he
didn't see any action that he could take at this time.   I'll try to keep in
touch with Mark (hopefully without pestering him).   I'll keep you posted on
the outcome.

Case 3:19-cv-00022-HTW-LRA   Document 17-1   Filed 07/03/19   Page 57 of 151

Case 14-31229-sgj15 Doc 195-4 Filed 07/02/19   Entered 07/02/19 13:36:51   Page 1 of 14
Case: 25CI1:14-cv-00071-TTG   Document #: 1   Filed: 03/05/2014   Page 1 of 14

FILED

MAR 05 2014

BARBARA DUNN, CIRCUIT CLERK

_____ D.C.

# IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
## HINDS COUNTY, MISSISSIPPI

**DR. DONALD RAGGIO**                                                      **PLAINTIFFS**
**DR. CHRIS RAGGIO**


**VS.**                                    **CIVIL ACTION NO.** _14-71_


**MTGOX a sole proprietorship;**
**MTGOX, Inc., a Delaware corporation;**
**MT.GOX KK, a Japanese corporation;**
**TIBANE KK, a Japanese corporation;**
**MUTUM SIGILLUM, LLC a Delaware limited Liability Company;**
**CODE COLLECTIVE, LLC a New York limited liability company;**
**JED McCALEB, an individual;**
**MARK KARPELES, an individual;**
**JOHN DOES 1-5, and CORPORATE JOHN DOES 1-5**        **DEFENDANTS**


## COMPLAINT

### TRIAL BY STRUCK JURY DEMANDED

COME NOW the Plaintiffs, Dr. Donald Raggio and Dr. Chris Raggio, and file this their

claim for specific performance and damages regarding the purchase of bitcoin, and for cause

would show the following, to-wit:


### PARTIES

1.)     Dr. Donald Raggio and Dr. Chris Raggio are adult resident citizens of Hinds

County Mississippi residing in the 1st Judicial District of Hinds County, Mississippi.  They are

**EXHIBIT D**

Case 3:19-cv-00022-HTW-LRA   Document 17-1   Filed 07/03/19   Page 58 of 151

Case 14-31229-sgj15 Doc 195-4 Filed 07/02/19   Entered 07/02/19 13:36:51   Page 2 of 14
Case: 25CI1:14-cv-00071-TTG   Document #: 1   Filed: 03/05/2014   Page 2 of 14

hereinafter referred to collectively as the "Plaintiffs" and/or "the Raggios". The Raggios wired funds and purchased bitcoins from defendants beginning in 2010.

2.) Defendant MTGOX, on information and belief, was a sole proprietorship originally created, owned and operated by Defendant Jed McCaleb. MTGOX conducted business throughout Mississippi and the United States.

3.) Defendant Jed McCaleb is an adult resident citizen of New York and on information and belief, he may be served with process of this court at 286 Union #1A, Brooklyn, NY 11211. Jed McCaleb, at the relevant times herein was doing business in the State of Mississippi and the United States.

4.) Defendant Code Collective, LLC is a New York limited liability company who may be served with process of this court through its registered agent, New York Department of State and at its New York office located at 286 Union #1A, Brooklyn, NY 11211. Defendant Code Collective, LLC conducted business throughout Mississippi and the United States.

5.) Defendant MTGOX, Inc. is a Delaware corporation. It is believed that this corporation was formed in 2013 and may be served with process of this court through its agent for service of process, National Corporate Research, LTD located at 615 S Dupont Hwy, Dover, DE 19901. MTGOX, Inc.'s principal place of business is located at Level 15-F, Cerulean Tower, 26-1 Sakuragaoka-cho, Shibuya-ku, Tokyo, Japan 150-8512.

6.) Defendant Mutum Sigillum, LLC is a Delaware limited liability company with its principal place of business located at Level 15-F, Cerulean Tower, 26-1 Sakuragaoka-cho, Shibuya-ku, Tokyo, Japan 150-8512. Mutum Sigillum, LLC, is a subsidiary of MTGOX KK and or Tibanne KK and may be served with process of this court through its designated agent for

Case 3:19-cv-00022-HTW-LRA    Document 17-1    Filed 07/03/19    Page 59 of 151

Case 14-31229-sgj15 Doc 195-4 Filed 07/02/19    Entered 07/02/19 13:36:51    Page 3 of 14
Case: 25Cl1:14-cv-00071-TTG    Document #: 1    Filed: 03/05/2014    Page 3 of 14

service of process, Corpmax, Inc. located at 2915 Ogletown Road, Newark , DE 19713.  Mutum

Sigillum, LLC conducts business throughout Mississippi and the United States.

      7.)     Defendant MT.GOX KK is believed to be a Japanese corporation owned and

operated by Mark Karpales and Jed McCaleb, with its current principal place of business located

at Level 15-F, Cerulean Tower, 26-1 Sakuragaoka-cho, Shibuya-ku, Tokyo, Japan 150-8512.

MT.GOX KK conducts business throughout Mississippi and the United States.  On information

and belief, MT.GOX KK is the parent of MTGOX, Inc. and conducts business in the United

States and Mississippi directly and by and through MTGOX, Inc. and Mutum Sigillum, LLC.

      8.)     Defendant Tibanne KK is a Japanes corporation with its principal place of

business located at Level 15-F, Cerulean Tower, 26-1 Sakuragaoka-cho, Shibuya-ku, Tokyo,

Japan 150-8512.  Tibanne KK conducts business throughout Mississippi and the United States.

On information and belief, Tibanne KK is a parent of MTGOX KK and conducts its business in

the United States directly and through MTGOX, Inc. and through Mutum Sigillum, LLC.

      9.)     Defendant Mark Karpeles serves as the Chief Exective Officer of Mutum

Sigillum, LLC; MtGox, Inc.; Mt. Gox KK and Tibanne KK.  On information and belief,

Defendant Karpeles is the majority and/or sole shareholder of these companies.

## JURISDICTION AND VENUE

      10.)    This Court has personal jurisdiction and venue over Defendants because they

conducted business in this District and the unlawful conduct alleged in the Complaint occurred

in, was directed to and/or emanated from this district.   Venue is proper in this district because a

substantial part of the events or omissions giving rise to the unlawful conduct alleged in the

complaint occurred in, was directed to and/or emanated from this district.

Case 3:19-cv-00022-HTW-LRA   Document 17-1   Filed 07/03/19   Page 60 of 151

Case 14-31229-sgj15 Doc 195-4 Filed 07/02/19   Entered 07/02/19 13:36:51   Page 4 of 14
Case: 25CI1:14-cv-00071-TTG   Document #: 1   Filed: 03/05/2014   Page 4 of 14

## Factual Allegations

11.)   In 2010, the Raggios began doing business with Defendant Jed McCaleb directly and through said defendant's companies, MTGOX and Code Collective, LLC.   At all relevant times, all transactions were either initiated in Hinds County, Mississippi or terminated in Hinds County, Mississippi.

12.)   The nature of the business relationship between the Raggios and Defendant McCaleb was the sale of goods from Defendant McCaleb and his companies to the Raggios.  The goods being purchased by the Raggios were an electronic currency known as Bitcoins.

13.)   To purchase the Bitcoins from Defendant McCaleb and his companies, the Raggios would wire transfer funds directly to the personal account of Defendant McCaleb. Defendant McCaleb would credit the Raggio's account on the exchange that Defendant McCaleb had created; MTGOX.  When bitcoins were purchased with the funds, Defendant McCaleb, through MTGOX would credit the Raggios MTGOX to reflect the bitcoins and the cash.

14.)   Upon purchase of bitcoins, the Raggios would routinely transfer all bitcoins to their own personal wallets and have them removed from the MTGOX exchange utilizing the system set up by Defendant McCaleb.  When purchasing a large number of bitcoins, Defendant McCaleb would not allow transfers of the bitcoin to all go at once and forced the Raggios to leave some bitcoin on Defendant McCaleb's MTGOX exchange.  When transferring cash to the Raggios, Defendant McCaleb would wire transfer U.S. dollars through his New York company, Code Collective, LLC.

15.)   Many transactions went through without a problem.  However, in January 2011, the Raggio's placed an order for approximately 9,400 bitcoins.  Defendants McCaleb and

Case 3:19-cv-00022-HTW-LRA   Document 17-1   Filed 07/03/19   Page 61 of 151

Case 14-31229-sgj15 Doc 195-4 Filed 07/02/19   Entered 07/02/19 13:36:51   Page 5 of 14
Case: 25CI1:14-cv-00071-TTG   Document #: 1   Filed: 03/05/2014   Page 5 of 14

MTGOX secured the goods and the Raggios paid McCaleb and MTGOX the full cost of the bitcoins and a fee for their service. Prior to delivering said bitcoins, defendant McCaleb and MTGOX had the bitcoins stolen through a hacker(s) while they resided on said defendants servers for safekeeping.

16.) Defendants Jed McCaleb and MTGOX were notified of the missing bitcoins on the same date that the Raggio's learned of it which was on or about January 9, 2011. Defendants McCaleb and MTGOX immediately started working to discover the location of the stolen goods. Defendant McCaleb was able to determine the MTGOX account of the hacker which contained stolen bitcoin and U.S. dollars. Defendant McCaleb blocked the account and represented to the Raggios that he would replace the 9,400 stolen bitcoin from the hacker's account. The hacker became known on the electronic message boards as "Baron", his moniker for these forums.

17.)   Prior to returning the Raggio's 9,400 bitcoins, Defendant McCaleb entered into an agreement to sell the majority of MTGOX to Mark Karpeles. Mark Karpeles purchased MTGOX on or about March 6, 2011. As part of the sale, Mark Karpeles was informed of the blocked Baron account and agreed to make sure that the Raggio's bitcoins were restored to them. On information and belief, Jed McCaleb retained 12.5% of MTGOX in the transaction, but represented to all outside sources that MTGOX was sold in its entirety to Mark Kapeles and Defendant Karpele's companies.

18.)   Mark Karpeles continued to run the MTGOX exchange. On information and belief, Mark Karpeles operated the purchased exchange as MTGOX, MT.GOX KK, MTGOX, Inc., Mutum Sugillum, LLC all under the umbrella of Tibanne KK. Corporate John Does 1-3 are other companies through which Mark Karpeles operated the MTGOX exchange. All the

Case 3:19-cv-00022-HTW-LRA   Document 17-1   Filed 07/03/19   Page 62 of 151

Case 14-31229-sgj15 Doc 195-4 Filed 07/02/19   Entered 07/02/19 13:36:51   Page 6 of 14
Case: 25CI1:14-cv-00071-TTG   Document #: 1   Filed: 03/05/2014   Page 6 of 14

Karpeles companies and Karpeles as an individual are hereafter referred to as the "Defendants Karpeles & Companies".

19.)   Defendants Karpeles and Companies moved the MTGOX exchange headquarters to Japan, but the servers remained in the United States. On information and belief, those servers are located in Massachusetts.

20.)   Defendants Karpeles and Companies acknowledged responsibility to restore the Raggio's 9,400 bitcoin repeatedly and represented to the Raggios that he was going to restore their 9,400 bitcoin. Defendants Karpeles and Companies lied to the Raggios concerning his efforts and intentions to restore the 9,400 bitcoins, including representing that he had filed a legal action in Japan that would authorize him to restore the 9,400 bitcoins.

21.)   After Defendants Karpeles and Companies took over, Chris Raggio continually monitored the address of the 9,400 bitcoins that had been stolen and alerted Defendants Karpeles and Companies when those coins were actually moved back to the MTGOX exchange. Defendants Karpeles and Companies continued to assure the Raggios that he was working on restoring their 9,400 bitcoins.

22.)   After repeated delays in receiving the return of their bitcoins, the Raggios retained a Japanese law firm to make formal demand for the return of their 9,400 bitcoins which were still locked up in the frozen Baron account. By letter dated on or about March 13, 2012, the Japanese lawyers made demand by letter to Defendants Karpeles and Companies to return the Raggio's 9,400 bitcoins. Shortly thereafter the Raggios were stunned by Defendants Karpeles and Companies response which stated that he had only purchased the assets of the MTGOX exchange from Jed McCaleb and not the liabilities.

Case 3:19-cv-00022-HTW-LRA   Document 17-1   Filed 07/03/19   Page 63 of 151

Case 14-31229-sgj15 Doc 195-4 Filed 07/02/19   Entered 07/02/19 13:36:51   Page 7 of 14
Case: 25CI1:14-cv-00071-TTG   Document #: 1   Filed: 03/05/2014   Page 7 of 14

23.)     Defendants Corporate John Does 4 & 5 are the companies used by Mark Karpeles

and Jed McCaleb to defraud the Raggios of their 9,400 bitcoins which have yet to be delivered

pursuant to their original agreement.  Defendants John Does 1-5 are the individuals that assisted

all the defendants and or directly caused the loss of the  Raggio's 9,400 bitcoins.  All defendants

individually and in solido were aware of the Baron hacker's account, took steps to freeze the

9,400 bitcoin (and other assets of the hacker's) yet failed to return the Raggios their bitcoins.  On

information and belief, those bitcoins are still under the care and control of the defendants yet

they still fail to release the Plaintiffs' bitcoins to them.


### Cause of Action I.

### Breach of the Mississippi Uniform Commercial Code

24.     Defendants, and all of them individually and in concert, have breach the

Mississippi Uniform Commercial Code by not delivering the 9,400 bitcoins that were ordered

and paid for in full by the Raggios. Defendants have, through the commission of wrongful acts

and omission of properly conducted transactions have breach the Mississippi Uniform

Commercial Code and cause the Raggio the loss of their 9,400 bitcoins.

### Cause of Action II.

### Breach of Contract

25.     Defendants, and all of them individually and in concert have created multiple

written and implied contracts in dealing with the Raggios.  The Raggios acted in good faith by

paying defendants U.S. Dollars for 9,400 bitcoin, but defendants have breach their contracts with

Raggios to deliver said bitcoins.

Case 3:19-cv-00022-HTW-LRA   Document 17-1   Filed 07/03/19   Page 64 of 151

Case 14-31229-sgj15 Doc 195-4 Filed 07/02/19   Entered 07/02/19 13:36:51   Page 8 of 14
Case: 25CI1:14-cv-00071-TTG   Document #: 1   Filed: 03/05/2014   Page 8 of 14

26.     Plaintiffs entered into one or more agreements with Defendantss whereby Defendants, and all of them individually and in concert agreed, among other things, to do each of the following with respect to any monies deposited by Plaintiffs with MTGOX:

   a.     to accept monies from Plaintiffs, in the form of bitcoins or United States Dollars, which Plaintiffs may deposit from time to time;

   b.     to keep said monies in a safe ad secure manner, consistent with fiduciary obligations commonly imposed upon financial services providers;

   c.     to comply with instructions that Plaintiffs may provide from time to time concerning the transfer, investment and disposition of said monies; and

   d.     to permit Plaintiffs to withdraw their monies and bitcoin at any time.

Plaintiffs allege that the legal effect of these agreements was to create legally binding obligations on the part of Defendants, and all of them individually and in concert.

27.     Plaintiffs have performed all conditions, covenants and promises required of them by said agreements, and in accordance with the terms and conditions thereof.

28.     Defendants, and all of them individually and in concert breached the agreements by, among other things: refusing to comply with Plaintiffs' instructions for withdrawing the entirety of their bitcoins; permitting the withdrawal of their bitcoins by Baron and by failing to disburse the frozen bitcoins of Baron to replace those stolen.

## **Cause of Action III.**

## **Conspiracy**

Case 3:19-cv-00022-HTW-LRA   Document 17-1   Filed 07/03/19   Page 65 of 151

Case 14-31229-sgj15 Doc 195-4 Filed 07/02/19   Entered 07/02/19 13:36:51   Page 9 of 14
Case: 25CI1:14-cv-00071-TTG      Document #: 1      Filed: 03/05/2014      Page 9 of 14

29.     Plaintiffs are informed and believe, and theron allege, that each of the Defendants knowingly and willfully conspired and agreed upon themselves to hinder, delay and deprive the Raggios of their rights with respect to their 9,400 bitcoins.

30.     Plaintiffs are further informed and believe, and thereon allege, that said Defendants, and all of them individually and in concert, did the acts and things alleged herein pursuant to, and in furtherance of, the conspiracy and their own agreements with one another , and/or furthered the conspiracy cooperating with, lending aid to, encouraging, ratifying or adopting those acts.

31.     Plaintiffs are informed and believe, and thereon allege, that there is not yet any last overt act in furtherance of said conspiracy, in that Defendants, and all of them individually and in concert are continuing to hinder delay and deprive the Raggios of their rights with respect to said bitcoins.

32.     Plaintiffs are informed and believe, and thereon allege, that Defendants acted willfully and with the intent to cause injury to Plaintiffs, and that Defendants are therefore guilty of malice, oppression and/or fraud in conscious disregard of the Plaintiffs' rights, thereby warranting an assessment of punitive damages in an amount appropriate to punish said Defendants and deter others from engaging in similar misconduct.

## Cause of Action IV.

### Account Stated

33.     Plaintiffs reallege and adopted all proceeding paragraphs 1-32 and incorporate them herein.

Case 3:19-cv-00022-HTW-LRA   Document 17-1   Filed 07/03/19   Page 66 of 151

Case 14-31229-sgj15 Doc 195-4 Filed 07/02/19   Entered 07/02/19 13:36:51   Page 10 of 14
Case: 25CI1:14-cv-00071-TTG    Document #: 1    Filed: 03/05/2014   Page 10 of 14

34.    Within the past three years, accounts were stated in writing between the Plaintiffs on the one hand, and Defendants, and all of them individually and in concert on the other hand. Although defendants have acknowledged and veriefied the total amount of bitcoins it has not delivered the 9,400 bitcoins purchased and paid for by Plaintiffs. The remaining unreturned portions of said accounts, according to the reords of Defenants and Plaintiffs, total approximately 9,400 bitcoins as of the date of this complaint, which is now due and owing and which defendants should pay.

35.    Defendants, and all of them individually and in concert have failed and refused and continue to fail and refuse to return the remainder of the bitcoins, despite Plaintiffs' demands that they do so. Thus, they owe the remaining due, owing and unpaid the above 9,400 bitcoins and prejudgment and post judgment interest thereon at the maximum legal rate.

36.    Defendants, and all of them individually and in concert have acted in an unreasonable manner causing much distress to the Plaintiffs and forcing Plaintiffs to hire attorneys in Japan and the United States to recover their 9,400 bitcoins. The misconduct of the Defendants, and all of them individually and in concert warrants a reimbursement of the funds lost due to this litigation including all expenses, costs of collection and attorney fees.

## Cause of Action V.

### Negligence

37.    Plaintiffs incorporate by reference paragraphs 1-36 above of this complaint.

38.    At all releveant times, Defendants, and all of them individually and in concert had bitcoins belonging to Plaintiffs in their possession, custody and/or control, and therefore owed Plaintiffs a duty of care with respect to safeguarding said bitcoins. Plaintiffs are informed and

Case 3:19-cv-00022-HTW-LRA   Document 17-1   Filed 07/03/19   Page 67 of 151

Case 14-31229-sgj15 Doc 195-4 Filed 07/02/19   Entered 07/02/19 13:36:51   Page 11 of 14
Case: 25CI1:14-cv-00071-TTG   Document #: 1   Filed: 03/05/2014   Page 11 of 14

believed, and thereon allege, that Defendants, and all of them individually and in concert served as fiduciaries with respect to said bitcoins, and that said role imposed certain fiduciary obligations upon defendants.

39.     Plaintiffs are informed and believe, and thereon allege, that Defendants, and all of them individually and in concert breached their duties to Plaintiffs by negligently performing their obligations, including but not limited to failing to utilize all reasonable and practical safeguards to protect the bitcoins of Plaintiffs and other customers by using an unsalted MD5 protocol for security.

40.     Plaintiffs suffered certain general, special, incidental and consequential damages as a direct and proximate result of said negligence, including, among other thins:  the loss of bitcoins; the loss of use of said value of the bitcoins while the present action is pending; changes in the value of said bitcoins due to the fluctuating exchange rate; etc. all in amounts to be proven at trial.

### Cause of Action VI.

### Conversion

41.     Plaintiffs incorporate by reference paragraphs 1-40 of this complaint.

42.     At all relevant times, Plaintiffs were, and are, the lawful owners of certain bitcoins deposited with Defendants and all of them individually and in concert as alleged herein. As between Plaintiffs and Defendants, plaintiffs are entitled to possession of the bitcoins once they provide instructions to Defendants to deliver them, which Plaintiffs have done.

43.     Plaintiffs are informed and believe and theron allege that:  upon receiving Plaintiffs' instructions to deliver the bitcoins, Defendants, and all of them individually and in

Case 3:19-cv-00022-HTW-LRA    Document 17-1    Filed 07/03/19    Page 68 of 151

Case 14-31229-sgj15 Doc 195-4 Filed 07/02/19    Entered 07/02/19 13:36:51    Page 12 of 14
Case: 25Cl1:14-cv-00071-TTG    Document #: 1    Filed: 03/05/2014    Page 12 of 14

concert converted and took unlawful possession of, said bitcoins for their own use and benefit by refusing to return all of the bitcoin paid for and belonging to Plaintiffs. Plaintiffs are further informed and believe , and there on allege, that Defendants, and all of them individually and in concert intentionally, willfully and in flagrant disregard for Plaintiffs' right refused to deliver the bitcoins purchased by plaintiffs.

44.    Plaintiffs have suffered certain general, special, incidental and consequential damages as a direct and proximate result of said negligence, including, among other things: the loss of the bitcoins themselves; the loss of use of said bitcoins while the present action is pending; changes in the value of said bitcions due to fluctuating exchange rates; etc., all in amounts to be proven at trial;

45.    Plaintiffs are informed and believe, and thereon allege: that the aforementioned actions and omissions by Defendants, and all of them individually and in concert were intentional or so grossly wanton and willful that they show a conscious disregard for the rights of Plaintiffs. Defendants, and all of them individually and in concert and their conduct is despicable, and subjected Plaintiffs to a cruel and unusual hardship in conscious disregard of their rights, all so as to justify an award for exemplary and punitive damages, and the right to recover attorney fees, costs and expenses.

## Cause of Actin VII.

### General and Notice Pleading of All Causes at Law & Equity and

### Claim for a Constructive Trust on Preserved Account

46.    Plaintiffs reallege all prior paragraphs 1-45 herein.

Case 3:19-cv-00022-HTW-LRA   Document 17-1   Filed 07/03/19   Page 69 of 151

Case 14-31229-sgj15 Doc 195-4 Filed 07/02/19   Entered 07/02/19 13:36:51   Page 13 of 14
Case: 25CI1:14-cv-00071-TTG   Document #: 1   Filed: 03/05/2014   Page 13 of 14

47.     Plaintiffs pray that this court will hear their cause as the facts herein have been plead with specificity and allow plaintiffs recovery of their bitcoin and all damages generally and specifically under all applicable theories of recovery whether at law or equity.

48.     On information and belief, the 9,400 bitcoins are lodged with the MTGOX accounts and noted on recently discovered "Crisis Strategy Draft" as the "-80,208 BTC From banned or suspicious accounts". Plaintiffs request that this court freeze said account so that these bitcoins cannot be distributed until such time as plaintiffs have had an opportunity to be heard and to lay proper claim to their bitcoin. Plaintiffs hereby assert a constructive trust over and with regard to the bitcoins contained in the banned or suspicious accounts.

## Cause of Action VIII.

## Specific Performance

49.     Plaintiffs reallege all prior paragraphs 1-48 herein.

50.     Plaintiffs paid for 9,400 bitcoins with U.S. Dollars. Defendants, and all of them individually and in concert have represented that they will deliver said 9,400 bitcoins. Plaintiffs request a judgment of and from Defendants, and all of them individually and in concert for all 9,400 of their bitcoin.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this court will allow their claim to proceed upon a struck jury and that said jury shall award them their 9,400 bitcoins against Defendants, and all of them individually and jointly along with punitive damages, special damages, attorney fees and all costs herein related to the pursuit of this cause.

Case 3:19-cv-00022-HTW-LRA    Document 17-1    Filed 07/03/19    Page 70 of 151

Case 14-31229-sgj15 Doc 195-4 Filed 07/02/19    Entered 07/02/19 13:36:51    Page 14 of 14
Case: 25CI1:14-cv-00071-TTG    Document #: 1    Filed: 03/05/2014    Page 14 of 14

Respectfully submitted,

Dr. Donald Raggio &
Dr. Chris Raggio, Plaintiffs


By: _____
MITCHELL H. TYNER, SR. – MSB #8169


OF COUNSEL:

MITCHELL H. TYNER, SR. – MSB #8169
TYNER LAW FIRM, P.A.
5750 I-55 North
Jackson, Mississippi  39211
(601) 957-1113
(601) 957-1113 – *facsimile*

| | |
|---|---|
| 事 件 番 号　平成２９年（再）第３５号<br>Case No.: 2017 (sai) No. 35 | 裁判所・再生管財人 使用欄<br>For Court/ Rehabilitation Trustee Use Only |
| 再生債務者　株式会社 MTGOX<br>Rehabilitation Debtor: MTGOX Co., Ltd | |
| 再生管財人　弁護士　小林 信明<br>Rehabilitation Trustee: Nobuaki Kobayashi, Attorney-at-Law | No. |
| 届 出 期 間　日本時間２０１８年１０月２２日まで<br>Filing Period: Until October 22, 2018 (Japan time) | |

# 再 生 債 権 届 出 書
# Proof of Rehabilitation Claim

平成２９年（再）第３５号
書類受領等担当
2017 (sai) No. 35
For Person who Receives This Proof

作成日 2018 年　10 月　9 日
Date prepared:

年　　月　　日受付
Date received:

【重要】届出書式の入力欄ごとに、入力できる文字を記載していますので、当該記載に従ってください。仮に、日本で使われている文字（常用漢字、ひらがな、カタカナ）、アラビア数字（0〜9）及び又はアルファベットのみで入力するよう記載している入力欄にそれら以外の文字を入力した場合には、記載がないものとみなされます。例えば、アキュート・アクセント、セディーユ、ウムラウトのような発音に関する記号等を使わないでください。
Important: The types of characters that can be entered for each field are indicated in the relevant sections of this form. Please ensure that you comply with those indications. If any character other than those that are permitted are entered in fields where it is indicated that only Japanese characters (kanji in common use, hiragana, katakana), Arabic numerals (0-9), and/or letters of the Roman alphabet can be used, that portion of the form will be considered to contain no information. Please do not use any diacritical marks such as acute accents, cedillas and umlauts.

印を使う場合、印は実印に限りませんが、再生計画に基づく弁済時まで使用できるものにしてください。
If you use a seal, and for a signature, the seal used need not be your registered seal, but please use a seal that you will be able to use until the time of payments pursuant to the rehabilitation plan.

届出書のコピーを手元に保管しておくと、問い合わせ等の際に便利です。
It will be convenient to keep a copy of the filed proof in the event that you wish to make any inquiries, etc.

東京地方裁判所民事第２０部合議係
Tokyo District Court, Collegiate Section of the 20th Civil Chamber

再生債権者の表示
※本届出書に記載された氏名、住所、届出金額等は、法令の定めに従い利害関係人による裁判所での閲覧等写等の対象になるほか、MTGOXのユーザーによるオンラインでの併せ届用のために再生管財人が構築したシステム上で、他の再生債権者による閲覧の対象になる場合があります（但し、いずれの場合も、電話番号、FAX番号、メールアドレスは結められる予定です）。
Information on Rehabilitation Creditor: *The name, address, amount of claim, etc. that are filled in this proof of claim will be made available for such purposes as inspection and copying at the court by any interested party in accordance with the laws and regulations, and may also be made available for inspection by other rehabilitation creditors, through the System built by the Rehabilitation Trustee for the online filing of proofs of rehabilitation claims by MTGOX users; however, in either case, it is being planned that your telephone number, fax number and e-mail address will be redacted.

【国及び住所】〒39211　　　4210 Quail Run Road Jackson, Mississippi
Country, zip/postcode and address:
※日本で使われている文字（常用漢字、ひらがな、カタカナ）、アラビア数字（0〜9）及び又はアルファベットのみで入力してください。例えば、アキュート・アクセント、セディーユ、ウムラウトのような発音に関する記号等を使わないでください。
* Please enter using only Japanese characters (kanji in common use, hiragana, katakana), Arabic numerals (0-9), and/or letters of the Roman alphabet. Please do not use any diacritical marks such as acute accents, cedillas and umlauts.

【氏名又は法人名及び代表者名】
Name of individual or company name and name of authorized representative:
Chris Raggio

押印又は署名　Seal or signature

※日本で使われている文字（常用漢字、ひらがな、カタカナ）、アラビア数字（0〜9）及び又はアルファベットのみで入力してください。例えば、アキュート・アクセント、セディーユ、ウムラウトのような発音に関する記号等を使わないでください。
* Please enter using only Japanese characters (kanji in common use, hiragana, katakana), Arabic numerals (0-9), and /or letters of the Roman alphabet. Please do not use any diacritical marks such as acute accents, cedillas and umlauts.

※代理人名義で届け出る場合は、下欄も記入してください。（委任状原本添付必要）
* If your agent is filing your proof of rehabilitation claim as your proxy, please fill in the following information (the original of the power of attorney must be attached).
※代理人に関する入力も、日本で使われている文字（常用漢字、ひらがな、カタカナ）、アラビア数字（0〜9）及び又はアルファベットのみで入力してください。例えば、アキュート・アクセント、セディーユ、ウムラウトのような発音に関する記号等を使わないでください。
* Entries concerning the agent must be made using only Japanese characters (kanji in common use, hiragana, katakana), Arabic numerals (0-9), and/or letters of the Roman alphabet. Please do not use any diacritical marks such as acute accents, cedillas and umlauts.

代理人の住所　〒100-8124
Agent's address and zip/postcode:
Nishimura & Asahi Otemon Tower, 1-1-2 Otemachi, Chiyoda-ku, Tokyo, Japan

代理人の氏名 Agent's name
Yuri Sugano, Kazuki Takada

押印又は署名　Seal or signature

1

**EXHIBIT E**

RAGGIO00344

1. 届出再生債権の表示 Your Rehabilitation Claim

届出再生債権の内容としては、MTGOX に預けていた①金銭及び②ビットコイン等（ビットコイン及びビットコインから分岐した他の仮想通貨を総称していいます。以下同じ。）のそれぞれの返還に関する債権です。金銭については金額を、ビットコイン等については数量を、それぞれ次の頁に入力してください。
The rehabilitation claims are comprised of the rights to claim for return of (i) cash and (ii) Bitcoin, Etc. (meaning Bitcoin and other cryptocurrencies split from Bitcoin collectively; the same applies hereafter) deposited with MTGOX.  Please enter the following in the next page: (i) for cash, its amount; and (ii) for Bitcoin Etc., its quantity.

①金銭の返還に関する債権については、以下のとおり想定しています。
The following treatment is expected to apply to the right to claim for cash:
  ⅰ）日本円以外の金銭の返還に関する債権は、破産手続においては破産法の規定に従い一定の評価額で円換算していましたが、本民事再生手続（東京地方裁判所平成 29 年（再）第 35 号をいいます。以下同じ。）においては円換算せずに当該外国通貨の返還に関する債権として届け出ること
  (i) The right to claim for return of cash denominated in currencies other than Japanese yen is filed as a monetary claim in such currencies, not converted into Japanese yen, under the Civil Rehabilitation Proceedings (referring to Tokyo District Court 2017 (sai) Case No. 35; the same applies hereinafter) whereas such right was converted into Japanese yen at a specific exchange rate in accordance with the provisions of the Bankruptcy Act of Japan under the bankruptcy proceedings.
  ⅱ）MTGOX のビットコイン取引所において金銭取引が停止した日（日本時間 2014 年 2 月 26 日）から本民事再生手続開始前日（日本時間 2018 年 6 月 21 日）まで、年 6%の遅延損害金が生じており、それも届出の対象となること
  (ii) Delay damages at the rate of 6% per annum had accrued for the period from the date on which the MTGOX Bitcoin exchange stopped operating its cash transaction (i.e., February 26, 2014 Japan time) till the day before the commencement of the Civil Rehabilitation Proceedings (June 21, 2018, Japan time); this delay damages are also included in a proof of rehabilitation claim that you file.
  ⅲ）本民事再生手続開始後の遅延損害金（額未定）も届出の対象となること（但し、民事再生手続の実務では、再生計画において免除される例が多くなっております。）。
  (iii) Delay damages which have accrued subsequent to the commencement of the Civil Rehabilitation Proceedings (which amount is unliquidated) are also included in a proof of rehabilitation claim that you file; please note, however, that it is the common practice in the recent civil rehabilitation proceedings that delay damages subsequent to the commencement of civil rehabilitation proceedings are fully released and discharged under rehabilitation plans.

②ビットコイン等の返還に関する債権については、以下のとおり想定しています。
The following treatment is expected to apply to the right to claim for return of Bitcoin, Etc..
  ⅰ）破産手続においては破産法の規定に従い一定の評価額で金銭債権とみなしていましたが、本民事再生手続では非金銭債権として届け出ること
  (i) The right to claim for return of Bitcoin, Etc. is filed as a non-monetary claim under the Civil Rehabilitation Proceedings whereas such right was deemed as a monetary claim that was evaluated at a certain amount in accordance with the provisions of the Bankruptcy Act of Japan under the Bankruptcy Proceedings.
  ⅱ）MTGOX に預けていたビットコインから分岐した他の仮想通貨（通常の方法により換価が可能であり、かつ財産的価値のあるものに限ります。ビットコインキャッシュはこれに含まれます。）に関しても届け出ること。但し、ビットコイン以外の仮想通貨の返還に関する債権は、届け出たビットコインの数に応じて、届け出たものとみなされるため、独自に記載する必要はありません（なお、ビットコインキャッシュは下記の議決権額の算定のために表示しています。）。
  (ii) A proof of rehabilitation claim will also be filed for other cryptocurrencies split from Bitcoin that were deposited with MTGOX (limited to those that can be sold in an ordinary manner and that have property value; Bitcoin Cash is included therein). The filing of a proof of rehabilitation claim for cryptocurrencies other than Bitcoin is deemed to have been made in accordance with the number of the filed Bitcoin for which the proof of rehabilitation claim has been filed, and thus does not need to be filed separately; however, Bitcoin Cash is shown below for the purpose of computing the amount of voting rights.
  ⅲ）非金銭債権であるため遅延損害金は発生しないこと
  (iii) No delay damages will accrue because such right is regarded as a non-monetary claim.

2

RAGGIO00345

| 債権の種類<br>Type of claim | 債権額<br>Amount of claim | 遅延損害金<br>Delay Damages | 合計額<br>Total | 債権の内容及び原因<br>Details and cause of claim |
|---|---|---|---|---|
| | 円 yen | 0　円 yen | 0　円 yen | 再生債務者に対する金銭の返還に関する債権<br>The right to claim for return of cash against the Rehabilitation Debtor. |
| （1）金銭の返還に関する債権<br>The Right to Claim for Return of Cash<br>※金額をアラビア数字で入力してください。<br>*Please enter the amount by using Arabic numerals<br>※日本円以外の金銭の返還に関する債権は、円換算せずに入力してください。<br>* If you have the right to claim for return of cash in a currency other than Japanese yen please enter it in such currency without converting into Japanese yen. | USD | 0.00 USD | 0.00 USD | 遅延損害金は、MTGOXのビットコイン取引所において金銭取引が停止した日（日本時間2014年2月26日）から本民事再生手続開始前日（日本時間2018年6月21日）まで年6%の割合で計算している。<br>Delay damages are computed at the rate of 6% per annum for the period from the date on which the MTGOX Bitcoin exchange stopped operating its cash transaction (i.e. February 26, 2014 Japan time) until the day before the commencement of the Civil Rehabilitation Proceedings (June 21, 2018 Japan time). |
| | EUR | 0.00 EUR | 0.00 EUR | |
| | GBP | 0.00 GBP | 0.00 GBP | |
| | AUD | 0.00 AUD | 0.00 AUD | |
| | CAD | 0.00 CAD | 0.00 CAD | |
| | CHF | 0.00 CHF | 0.00 CHF | |
| | PLN | 0.00 PLN | 0.00 PLN | |
| | NZD | 0.00 NZD | 0.00 NZD | |
| | HKD | 0.00 HKD | 0.00 HKD | |
| | RUB | 0.00 RUB | 0.00 RUB | |
| | NOK | 0.00 NOK | 0.00 NOK | |
| | SEK | 0.00 SEK | 0.00 SEK | |
| | DKK | 0.00 DKK | 0.00 DKK | |
| | SGD | 0.00 SGD | 0.00 SGD | |
| | CZK | 0.00 CZK | 0.00 CZK | |
| | INR | 0.00 INR | 0.00 INR | |
| | CNY | 0.00 CNY | 0.00 CNY | |
| | THB | 0.00 THB | 0.00 THB | |
| | KRW | 0 KRW | 0 KRW | |
| （2）ビットコイン等の返還に関する債権 The Right to Claim for Return of Bitcoin, Etc.<br>※ビットコイン等の返還に関する債権は、金額ではなく数量をアラビア数字で入力してください。<br>* For the right to claim for return of Bitcoin, Etc., please enter the quantity, not the amount. | | | 9,406.33000000 BTC<br>（ビットコインの数量）<br>(Quantity of Bitcoin) | 再生債務者に対するビットコイン等の返還に関する債権<br>The right to claim for return of Bitcoin, Etc, against the Rehabilitation Debtor.<br><br>ビットコインの返還に関する債権は、非金銭債権であるため、遅延損害金が発生しない。<br>No delay damages will accrue for the right to claim for return of Bitcoin, Etc. because such right is regarded as a non-monetary claim. |
| | | | 9,406.33000000 BCH<br>（ビットコインキャッシュの数量）<br>(Quantity of Bitcoin Cash) | |

私/当社は、ビットコインから分岐した他の仮想通貨（通常の方法により売却が可能であり、かつ財産的価値のあるものに限り、ビットコインキャッシュはこれに含まれる。）についても、届け出たビットコインの数量に応じて届け出る。
I/We hereby file other cryptocurrencies split from Bitcoin (limited to those that can be sold in an ordinary manner and that have property value; Bitcoin Cash is included herein) in proportion to the quantity of the filed Bitcoin for which the proof of rehabilitation claim has been filed.

私/当社は、金銭に関する債権については、本民事再生手続開始後の遅延損害金（額未定）も再生債権として届け出る。
I/We hereby also file, as a rehabilitation claim, delay damages which have accrued subsequent to the commencement of the Civil Rehabilitation Proceedings (which amount is unliquidated) in respect of the right to claim for return of cash.

3

RAGGIO00346

## 2. 届出再生債権すべてに係る議決権の合計額の表示
### Total Amount of Voting Rights on All Filed Rehabilitation Claims

日本の民事再生法上、再生債権とは別に議決権（再生計画案の決議の際に行使されることになります。）の額を届け出なければならないことになっています。この議決権の額については、民事再生法上、日本円以外の金銭債権及びビットコイン等の非金銭債権は、民事再生手続開始時における評価額（円での換算レート）で算定することになっています。

Under the Civil Rehabilitation Act of Japan, apart from the amount of claims, the amount of voting rights (which will be exercised at the time of voting on a proposed rehabilitation plan) is also required to be filed.   Such amount of voting rights in respect of monetary claims denominated in currencies other than Japanese yen and non-monetary claims such as Bitcoin Etc. are required under the Civil Rehabilitation Act to be computed based on the appraisal value (i.e., a specific conversion rate to Japanese yen) as of the time of commencement of civil rehabilitation proceedings.

換算レートについては、①日本円以外の金銭の返還に関する債権については本民事再生手続開始前日（日本時間2018年6月21日）の東京外国為替市場・電信為替売相場、②ビットコイン及びビットコインキャッシュの返還に関する債権については日本時間2018年6月21日23時59分のCoinDeskが発表するビットコイン及びビットコインキャッシュの米国ドル建で相場を①の相場により日本円に換算した金額によって、それぞれ日本円に換算されます（下記の換算レート一覧表をご確認ください。）。ビットコインキャッシュ以外のビットコインから分岐した他の仮想通貨については額未定として取り扱い、議決権の額には含めません。

The conversion rate into Japanese yen is as follows: (i) for the right to claim for return of cash in a currency other than Japanese yen, the exchange rate publicly announced as the Tokyo Foreign Currency Market / Telegraphic Transfer Selling Rate on the day before the commencement of the Civil Rehabilitation Proceedings (June 21, 2018, Japan time); and (ii) for the right to claim for return of Bitcoin and Bitcoin Cash, the amount obtained by converting the prices of Bitcoin and Bitcoin Cash denominated in USD published by CoinDesk at 23:59 on June 21, 2018 (Japan time) into Japanese yen using the exchange rate referred to in the above (i).   The amount of other cryptocurrencies split from Bitcoin other than Bitcoin Cash will be treated as unliquidated and will not be included in the amount of voting rights.

| 届出再生債権すべてに係る議決権の合計額（但し、民事再生法87条2項、3項に該当する部分を除く。）<br>The total of voting rights on all the filed rehabilitation claims (excluding the portion subject to Article 87, Paragraphs 2 and 3 of the Civil Rehabilitation Act) | 7,965,280,431 円 yen |
| --- | --- |

私/当社は、上記の要領に従って届出再生債権すべてに係る議決権の額を届け出ます。
I/We hereby file the amount of voting rights in respect of all the filed rehabilitation claims as set out above.

【換算レート一覧表】[Table of Conversion Rates]

| 通貨の種類<br>Currency | 換算レート<br>Conversion Rate | | 通貨の種類<br>Currency | 換算レート<br>Conversion Rate |
| --- | --- | --- | --- | --- |
| USD | 111.43 | | SEK | 12.82 |
| EUR | 129.34 | | DKK | 17.45 |
| GBP | 149.46 | | SGD | 82.12 |
| AUD | 83.39 | | CZK | 5.07 |
| CAD | 84.60 | | INR | 1.79 |
| CHF | 111.75 | | CNY | 17.35 |
| PLN | 30.80 | | THB | 3.45 |
| NZD | 77.69 | | KRW | 0.1 |
| HKD | 14.51 | | BTC | 749318.83 |
| RUB | 1.98 | | BCH | 97481.19 |
| NOK | 13.80 | | | |

4

RAGGIO00347

### 3. 訴訟の有無 （訴訟等が係属している再生債権者のみ記入）
**Existence of lawsuits, etc. (please complete only if such lawsuits, etc. are currently pending)**

※日本で使われている文字（常用漢字、ひらがな、カタカナ）、アラビア数字（0～9）及び又はアルファベットのみで入力してください。例えば、アキュート・アクセント、セディーユ、ウムラウトのような発音に関する記号などを使わないでください。
\* Please enter using only Japanese characters (kanji in common use, hiragana, katakana), Arabic numerals (0–9), and/or letters of the Roman alphabet. Please do not use any diacritical marks such as acute accents, cedillas and umlauts.

| 再生債権につき係属する訴訟又は行政庁に係属する事件<br>Pending lawsuit or administrative proceedings related to the rehabilitation claim | 国 Country: | United States of America |
| | 裁判所又は行政庁名<br>Name of Court or Government organization: | Circuit Court of Hinds County, Mississippi |
| | 当事者名<br>Parties: | Dr. Donald Raggio, Dr. Chris Raggio, Jed McCaleb, Code Collective, LLC, Mt. Gox, Inc. |
| | 事件番号<br>Case no.: | CI:14-cv-00071 | 事件名<br>Case name: | Raggio v. MTGOX, et al. |

### 4. 執行力ある債務名義又は終局判決 （届出再生債権について執行力ある債務名義を有する再生債権者のみ記入）
**Existence of enforceable title of obligation or final judgment (please complete only if you are rehabilitation creditor with enforceable title of obligation in respect of the rehabilitation claim filed under the proof of claim)**

執行力ある債務名義有り
I/We have enforceable title of obligation;

合計　　　通（コピーを提出してください。）
Total number:　（please submit copies）

---

**同意事項 Terms**

私/当社は、頭書事件について、再生債権の届出をするにあたり、以下の事項について同意及び表明いたします。
I/We hereby agree to the following terms and represent as set forth in the following terms, in relation to the filing of my/our rehabilitation claim for the cause indicated above.

1. 私/当社は、届出名義人本人であり、私/当社が届け出た情報は真実、正確かつ完全であること。その違反に起因又は関連して生じるあらゆる損害、損失、債務、コスト又は費用（以下「損害等」という。）について、株式会社MTGOX（以下「MTGOX」という。）及びMTGOXの民事再生手続（東京地方裁判所平成29年（再）第35号。以下「本民事再生手続」という。）における管財人（その代理及び補佐を含み、以下「再生管財人」という。）は、一切の責任を負わず、私/当社はMTGOX及び再生管財人に対して当該損害等に関して損害賠償請求、補償請求その他一切の請求をしないこと。

   I am/We are the person/entity that has filed this proof of rehabilitation claim, and I/we represent that the information that I/we have provided therein is true, accurate, and complete.   MtGox Co., Ltd. ("MTGOX") and the trustee (including deputy trustees and assistant trustees; the "Rehabilitation Trustee") of the MTGOX civil rehabilitation proceedings (Tokyo District Court; 2017 (sai) Case No. 35; the "Civil Rehabilitation Proceedings") are not liable in any respect for any damage, loss, liability, cost or expense ("Damages") arising out of or in connection with any breach of such representation, and I/we will not make any claim for damages or compensation, or make any other claim with respect to such Damages against MTGOX or the Rehabilitation Trustee.

2. 再生管財人の故意によらず、ビットコイン及びビットコインから分岐した他の仮想通貨（以下「フォークコイン」といい、ビットコインと総称して「ビットコイン等」という。）の技術上の問題・障害等に起因又は関連して生じるあらゆる損害等（ビットコイン等又は金銭による弁済を受領できないことによる損害を含むが、これに限られない。）について、MTGOX及び再生管財人は一切の責任を負わず、私/当社はMTGOX及び再生管財人に対して当該損害等に関して損害賠償請求、補償請求その他一切の請求をしないこと。

   MTGOX and the Rehabilitation Trustee are not liable in any respect for any Damages arising out of or in connection with any technical issue, impediment, or other ground, in the absence of without willful misconduct by the Rehabilitation Trustee, regarding Bitcoin or any other cryptocurrency split from Bitcoin (a "Fork Coin"; collectively with Bitcoin, "Bitcoin, Etc.") (including, but not limited to, any damage related to payments in Bitcoin, Etc. or cash not being received), and I/we will not make any claim for damages or compensation, or make any other claim with respect to such Damages against MTGOX or the Rehabilitation Trustee.

5

RAGGIO00348

3. 私/当社は、本書式のダウンロードその他のために必要なコンピュータ等の機器、ソフトウェアその他のアプリケーション、通信回線その他の通信環境等の準備（必要なアプリケーションのインストールを含む。）及び維持、並びに自らの利用環境に応じたコンピュータ・ウイルスの感染の防止、不正アクセス及び情報漏洩の防止等のセキュリティ対策を、自らの費用上と責任において行うこと。本項に定める事項の違反に起因又は関連して生じるあらゆる損害等について、MTGOX 及び再生管財人は一切の責任を負わず、私/当社は MTGOX 及び再生管財人に対して当該損害等に関して損害賠償請求、補償請求その他一切の請求をしないこと。私/当社は、MTGOX 及び再生管財人が利用環境を推奨した場合であっても動作保証は行わないことを認識し、これに同意していること。
I/We will, at my/our expense and responsibility, setup and maintain computers and other equipment, software and other applications, telecommunication lines and other telecommunication environments, among others, necessary to download this form (including installing necessary applications) and, in accordance with my/our use environment, take security measures, such as preventing infection by computer viruses, unauthorized access and information divulgence.   MTGOX and the Rehabilitation Trustee are not liable in any respect for any Damages arising out of or in connection with any breach of any matter stipulated in this paragraph, and I/we will not make any claim for damages or compensation, or make any other claim with respect to such Damages against MTGOX or the Rehabilitation Trustee.   I/we acknowledge and agree that notwithstanding that MTGOX and the Rehabilitation Trustee have recommended a use environment its operation is not guaranteed in any respect.

4. 私/当社は、自らの責任において、MTGOX のビットコイン取引所に登録していたユーザーネーム、メールアドレス及びパスワード、MTGOX の破産手続（東京地方裁判所平成 26 年（フ）第 3830 号。以下「本破産手続」という。）において債権者情報として登録した連絡先メールアドレス等私/当社であることの確認のために必要な情報及びこれに関連するもの（以下、総称して「パスワード等」という。）を管理、保管するものとし、パスワード等を第三者に利用させたり、貸与、譲渡、名義変更、売買その他処分をしたりしないこと。再生管財人は、私/当社のパスワード等により行われた一切の行為を、私/当社の行為とみなすことができ、パスワード等の管理不十分、使用上の過誤、漏洩、第三者の使用、盗用等に起因又は関連して生じるあらゆる損害等について、MTGOX 及び再生管財人は一切の責任を負わず、私/当社は MTGOX 及び再生管財人に対して当該損害等に関して損害賠償請求、補償請求その他一切の請求をしないこと。
I/We will, at my/our responsibility, manage and store user names, email address and passwords registered on the MTGOX Bitcoin exchange; the contact address registered as creditor information in the bankruptcy proceedings (Tokyo District Court; 2014 (fu) Case No. 3830; the "Bankruptcy Proceedings"); or any other information necessary for identity confirmation and anything related thereto (collectively, the "Passwords") and will neither permit any third party to use the Passwords nor lend, assign, transfer ownership, trade, or handle the Passwords in any other manner. The Rehabilitation Trustee may deem all acts conducted with my/our Passwords as mine/our act; and MTGOX and the Rehabilitation Trustee are not liable in any respect for any Damages arising out of or in connection with insufficient management, erroneous use, divulgence, third party use, illegal use, or otherwise of the Passwords, and I/we will not make any claim for damages or compensation, or make any other claim with respect to such Damages against MTGOX or the Rehabilitation Trustee.

5. 私/当社は、再生管財人が定めている又は今後定める、再生管財人が用意した方式・方法による届出・通知及びこれに関連する事項を行う際のルール（今後の変更を含む。）を理解した上でこれに従うものとし、当該ルールに違反し、又は違反しようとしたことに起因又は関連して生じるあらゆる損害等について、MTGOX 及び再生管財人は一切の責任を負わず、私/当社は MTGOX 及び再生管財人に対して当該損害等に関して損害賠償請求、補償請求その他一切の請求をしないこと。
I/We will familiarize myself/ourselves with and follow current rules   or future rules (as amended from time to time) for any filing/notifying with the form/method the Rehabilitation Trustee provided and anything related thereto   stipulated, by the Rehabilitation Trustee; and MTGOX and the Rehabilitation Trustee are not liable in any respect for any Damages arising out of or in connection with any breach of or any attempted breach of the rules, and I/we will not make any claim for damages or compensation, or make any other claim with respect to such Damages against MTGOX or the Rehabilitation Trustee.

6. 他のウェブサイトから MTGOX のウェブサイトへのリンクが提供されている場合においても、MTGOX のウェブサイト以外のウェブサイト及びそこから得られる情報並びにそれに起因又は関連して生じる損害等について、MTGOX 及び再生管財人

6

RAGGIO00349

は一切の責任を負わず、私/当社は MTGOX 及び再生管財人に対して当該損害等に関して損害賠償請求、補償請求その他一切の請求をしないこと。

MTGOX and the Rehabilitation Trustee are not liable in any respect for any website other than MTGOX's website, any information obtained therefrom, and any Damages arising out of or in connection with the same, notwithstanding that MTGOX's website may be linked on another website, and I/we will not make any claim for damages or compensation, or make any other claim with respect to such Damages against MTGOX or the Rehabilitation Trustee.

7. 私/当社と他の再生債権者その他の者との間において生じた取引、連絡、紛争等については、私/当社の責任において処理及び解決するものとし、かかる事項及びそれに起因又は関連して生じるあらゆる損害等について、MTGOX 及び再生管財人は一切の責任を負わず、私/当社は MTGOX 及び再生管財人に対して当該損害等に関して損害賠償請求、補償請求その他一切の請求をしないこと。

I/we will, at my/our responsibility, handle and resolve any and all transactions, communication, disputes, among others, arising between me/us, another rehabilitation creditor, or any other person; and MTGOX and the Rehabilitation Trustee are not liable in any respect for any relevant matter and any Damages arising out thereof or in connection therewith, and I/we will not make any claim for damages or compensation, or make any other claim with respect to such Damages against MTGOX or the Rehabilitation Trustee.

8. 法律、政令、法令、命令、通達、条例、ガイドラインその他の規制（以下「法令等」という。）又は消費税を含む税制の将来の制定又は変更に起因又は関連して生じるあらゆる損害等について、MTGOX 及び再生管財人は一切の責任を負わず、私/当社は、MTGOX 及び再生管財人に対して当該損害等に関して損害賠償請求、補償請求その他一切の請求をしないこと。また、法令等又は消費税を含む税制の将来の制定又は変更が過去に遡及した場合に、これに起因又は関連して生じるあらゆる損害等について、MTGOX 及び再生管財人は一切の責任を負わず、私/当社は MTGOX 及び再生管財人に対して当該損害等に関して損害賠償請求、補償請求その他一切の請求をしないこと。

MTGOX and the Rehabilitation Trustee are not liable in any respect for any Damages arising out of or in connection with a future enactment or amendment to a law, cabinet order, ordinance, order, directive, bylaw, guideline, or any other regulation ("Laws") or the tax system, including consumption tax; and I/we will not make any claim for damages or compensation, or make any other claim with respect to such Damages against MTGOX or the Rehabilitation Trustee.   Further, MTGOX and the Rehabilitation Trustee are not liable in any respect for any Damages arising out of or in connection with any future enactment or amendment with a retroactive effect on Laws or the tax system including consumption tax, and I/we will not make any claim for damages or compensation, or make any other claim with respect to such Damages against MTGOX or the Rehabilitation Trustee.

9. 裁判所又は再生管財人が、私/当社が申請書類に入力した連絡先メールアドレス宛に電子メールにより通知を送信することによって、私/当社に対する適法な通知があったものとみなすこと。当該メールアドレスの不備等（メールアドレスの記載漏れを含む。）に起因又は関連して、当該メールアドレスに宛てた電子メールを送信することができず又は電子メールが到達しない場合（到達が確認できない場合を含む。）であっても同様とすること。

An appropriate notification is deemed to have been made to me/us if the court or the Rehabilitation Trustee sends a notification via email to the email address I/we entered in the Statement.   The same applies notwithstanding that, due to, or in connection with, an inadequacy, inaccurateness or incompleteness, or any other issue (including omission of the email address), in or with that email address, an email addressed to that email address cannot be sent or the email is not delivered including where receipt is unconfirmed.

10. 私/当社が本届出書を利用して行った再生債権の届出の内容について、再生管財人が裁判所その他必要な第三者に提出すること。

The Rehabilitation Trustee may submit the proof of rehabilitation claim filed by me/us using this form to the court and other third parties as necessary.

11. 私/当社は、本民事再生手続においてパスワード等を用いて入手することができる一切の情報（他の再生債権者に関する情報を含むが、これに限られない。）を、本民事再生手続における権利行使の目的のみに使用することとし、第三者に提供、閲

7

示又は漏洩しないこと。

I/We will use information (including, but not limited to, information related to any other rehabilitation creditors) acquired by using the Passwords in the Civil Rehabilitation Proceedings only for the purpose of exercising rights in the Civil Rehabilitation Proceedings and will not provide, disclose, or divulge such information to any third party.

12. 私/当社の本民事再生手続における議決権の額は、再生管財人が提示する次の為替レートによって、円換算されて評価されること。

The amount of my/our voting rights in the Civil Rehabilitation Proceedings is computed through conversion to Japanese Yen (JPY) using the following exchange rates provided by the Rehabilitation Trustee:

(a) 外国通貨　平成 30 年 6 月 21 日（日本時間）の東京外国為替市場・電信為替売相場として三菱 UFJ リサーチ＆コンサルティング株式会社が公表した相場

Foreign currency:

the exchange rates publicly announced by Mitsubishi UFJ Research and Consulting Co., Ltd. as the Tokyo Foreign Exchange Market / Telegraphic Transfer Selling Rate on June 21, 2018 (Japan Time)

(b) ビットコイン　平成 30 年 6 月 21 日 23 時 59 分（日本時間）時点の CoinDesk が発表する米国ドル建てのビットコイン相場を(a)の相場により日本円に換算した金額（1 BTC＝6,724.57 米国ドル＝749,318.83 円。1 米国ドル＝111.43 円）

Bitcoin:

the amount obtained by converting the Bitcoin price denominated in USD announced by CoinDesk at 23:59 on June 21, 2018 (Japan Time) to JPY using the exchange rate referred to in the above (a). (1 BTC＝6,724.57 USD＝749,318.83 JPY; 1 USD＝111.43 JPY)

(c) ビットコインキャッシュ　平成 30 年 6 月 21 日 23 時 59 分（日本時間）時点の CoinDesk が発表する米国ドル建てのビットコインキャッシュ相場を(a)の相場により日本円に換算した金額（1 BCH＝874.82 米国ドル＝97,481.19 円。1 米国ドル＝111.43 円）

Bitcoin Cash:

the amount obtained by converting the Bitcoin Cash Price denominated in USD announced by CoinDesk at 23:59 on June 21, 2018 (Japan time) to JPY using the exchange rate referred to in the above (a). (1 BCH＝874.82 USD＝97,481.19 JPY; 1 USD＝111.43 JPY)

(d) その他の仮想通貨　金額は未定

Amounts for other cryptocurrencies: not determined

13. 本民事再生手続においては、ビットコイン等の返還請求権は非金銭債権として取り扱われ、当該返還請求権に係る遅延損害金は生じないこととすること。

In the Civil Rehabilitation Proceedings, the right to claim for return of Bitcoin Etc. is treated as a non-monetary claim, and no delay damages pertaining to such right to claim for return will accrue.

14. 再生管財人の私/当社への弁済（金銭及びビットコイン等の弁済を含む。）及びこれに関連する行為が、日本国の外国為替及び外国貿易法、米国財務省の金融制裁（OFAC 規則）その他私/当社に関して適用のあるいかなる法令等にも抵触しないこと。再生管財人は、再生管財人の実施する私/当社への弁済及びこれに関連する行為が、日本国外の法令等に抵触しないことをいかなる意味においても保証しないこと。これらの法令等への抵触に起因又は関連して生じるあらゆる損害等について、MTGOX 及び再生管財人は一切の責任を負わず、私/当社は MTGOX 及び再生管財人に対して当該損害等に関して損害賠償請求、補償請求その他一切の請求をしないこと。再生管財人の私/当社への弁済に起因又は関連して私/当社に課される一切の公租公課（当該弁済の額によって公租公課の額が増加する場合を含む。）は、私/当社が負担し、当該欠損公課又はその増減に起因又は関連して生じるあらゆる損害等について、MTGOX 及び再生管財人は一切の責任を負わず、私/当社は MTGOX 及び再生管財人に対して当該損害等に関して損害賠償請求、補償請求その他一切の請求をしないこと。

Any payment (including payment of cash and Bitcoin Etc.) to me/us by the Rehabilitation Trustee and any act related thereto do not

RAGGIO00351

conflict with the Foreign Exchange and Foreign Trade Act of Japan, the United States Department of the Treasury's financial sanctions (OFAC regulations) and any other applicable Laws. The Rehabilitation Trustee does not guarantee, in any respect, that payment to me/us by the Rehabilitation Trustee and any act related thereto do not conflict with Laws outside of Japan. MTGOX and the Rehabilitation Trustee are not liable in any respect for any Damages arising out of or in connection with any conflict with any applicable Laws, and I/we will not make any claim for damages or compensation, or make any other claim with respect to such Damages against MTGOX or the Rehabilitation Trustee. I/We will bear all taxes and other public charges (including any increases or decreases in the amount of taxes and other public charges due to the manner of the payment) levied on me/us arising out of or in connection with any payment to me/us by the Rehabilitation Trustee; and MTGOX and the Rehabilitation Trustee are not liable in any respect for any Damages arising out of or in connection with such taxes and other public charges and increase or decrease thereof, and I/we will not make any claim for damages or compensation, or make any other claim with respect to such Damages against MTGOX or the Rehabilitation Trustee.

15. 再生管財人が、仮想通貨取引所（日本国内の仮想通貨交換業者を含むが、これに限られない。以下同じ。）又は金融機関（資金移動業者を含む。以下同じ。）に開設された再生債権者の口座に対して弁済金を振り込む場合、私/当社は、再生管財人の指定する方法により届け出た氏名・名称と同一名義の仮想通貨取引所又は金融機関の口座で受け取ること。
If the Rehabilitation Trustee transfers the money for distribution to an account of a rehabilitation creditor opened at a cryptocurrency exchange (including, but not limited to, cryptocurrency exchangers in Japan; the same applies below) or a financial institution (including fund transfer operators; the same applies below), I/we will receive the same in the account at the cryptocurrency exchange or the financial institution under the same name as that name I/we notified in the manner designated by the Rehabilitation Trustee.

16. 私/当社が再生管財人の指定する仮想通貨取引所に開設した口座でビットコイン等及び/又は金銭で弁済を受ける場合には、次の各事項。
If I/we receive payment in Bitcoin Etc. and/or in cash in an account opened at the cryptocurrency exchange designated by the Rehabilitation Trustee, the following applies:

(a) 私/当社は、送付先等の必要情報を正確に提供しなければならず、その誤りから結果的にビットコイン等及び/又は金銭を受領できなかったとしても、それに起因又は関連して生じるあらゆる損害等について、MTGOX 及び再生管財人は一切の責任を負わず、私/当社は MTGOX 及び再生管財人に対して当該損害等に関して損害賠償請求、補償請求その他一切の請求をしないこと。
I/we must accurately provide necessary information about my/our accounts, among others, and, notwithstanding that an error therein results in my/our not receiving Bitcoin, Etc. or cash, MTGOX and the Rehabilitation Trustee are not liable in any respect for any Damages arising out of or in connection with such non-receipt, and I/we will not make any claim for damages or compensation, or make any other claim with respect to such Damages against MTGOX or the Rehabilitation Trustee.

(b) 再生管財人がビットコイン等及び/又は金銭を当該仮想通貨取引所に交付した時点で弁済が完了し、MTGOX 及び再生管財人の弁済義務は消滅するものとし、再生管財人による当該仮想通貨取引所へのビットコイン等及び/又は金銭の交付後、私/当社が何らかの理由（仮想通貨のブロックチェーンの不具合、仮想通貨取引所のシステムの不具合を含むが、これに限られない。）により仮想通貨取引所からのビットコイン等及び/又は金銭の適切な弁済を受けることができなかったとしても、それに起因又は関連して生じるあらゆる損害等について、MTGOX 及び再生管財人は一切の責任を負わず、私/当社は MTGOX 及び再生管財人に対して当該損害等に関して損害賠償請求、補償請求その他一切の請求をしないこと。
The instant the Rehabilitation Trustee sends Bitcoin, Etc. or cash to the cryptocurrency exchange, the payment by MTGOX and the Rehabilitation Trustee is deemed complete, and the payment obligation of MTGOX and the Rehabilitation Trustee is deemed to be discharged; and, after Bitcoin Etc. or cash has been sent to the cryptocurrency exchange by the Rehabilitation Trustee, notwithstanding that I/we fail to receive appropriate payment of Bitcoin Etc. or cash from the cryptocurrency exchange for any reason (including, but not limited to, a malfunction in the blockchain of the cryptocurrency or a system malfunction at the cryptocurrency exchange), MTGOX and the Rehabilitation Trustee are not liable in any respect for any Damages arising out of or in

9

RAGGIO00352

connection with such failure, and I/we will not make any claim for damages or compensation, or make any other claim with respect to such Damages against MTGOX or the Rehabilitation Trustee.

17. 私/当社が金融機関の口座において金銭で弁済を受ける場合には、次の各事項。

   If I/we receive cash in an account at a financial institution, the following applies:

(a) 私/当社は、送付先等の必要情報を正確に提供しなければならず、その限りから結果的に金銭を受領できなかったとしても、それに起因又は関連して生じるあらゆる損害等について、MTGOX 及び再生管財人は一切の責任を負わず、私/当社は MTGOX 及び再生管財人に対して当該損害等に関して損害賠償請求、補償請求その他一切の請求をしないこと。

   I/We must accurately provide necessary information about my/our accounts, among others, and, notwithstanding that an error therein results in my/our not receiving cash, MTGOX and the Rehabilitation Trustee are not liable in any respect for any Damages arising out of or in connection with that, and I/we will not make any claim for damages or compensation, or make any other claim with respect to such Damages against MTGOX or the Rehabilitation Trustee.

(b) 取扱通貨の種別や送金元銀行との取引の有無、日本国内外の法令等及び各金融機関の内部基準への抵触並びに諸手数料の発生その他要因に基づき弁済金を受領できなかったとしても、それに起因又は関連して生じるあらゆる損害等について、MTGOX 及び再生管財人は一切の責任を負わず、私/当社は MTGOX 及び再生管財人に対して当該損害等に関して損害賠償請求、補償請求その他一切の請求をしないこと。

   Notwithstanding that I/we fail to receive cash for distribution due to unavailability of the designated currencies or transactions with the designated financial institutions, any conflict with Laws in or outside Japan or an internal standard of any relevant financial institution, various processing charges and fees, or any other causes, MTGOX and the Rehabilitation Trustee are not liable in any respect for any Damages arising out of or in connection with that, and I/we will not make any claim for damages or compensation, or make any other claim with respect to such Damages against MTGOX or the Rehabilitation Trustee.

(c) 諸手数料等を差し引いた金額の弁済金を受け取る場合であっても、当該諸手数料等に起因又は関連して生じるあらゆる損害等について、MTGOX 及び再生管財人は一切の責任を負わず、私/当社は MTGOX 及び再生管財人に対して当該損害等に関して損害賠償請求、補償請求その他一切の請求をしないこと。

   Notwithstanding that I/we have received payment from which various processing charges and fees have been deducted, MTGOX and the Rehabilitation Trustee are not liable in any respect for any Damages arising out of or in connection with such processing charges and fees, and I/we will not make any claim for damages or compensation, or make any other claim with respect to such Damages against MTGOX or the Rehabilitation Trustee.

18. フォークコインに係る再生債権の届出については、ビットコインに関する再生債権の届出をもって、届け出たビットコインの数に応じて、フォークコインに係る再生債権についても届け出たものとみなし、再生債権者は独自にフォークコインに係る再生債権を届け出ないこと。再生債権の届出があるとみなされるフォークコインは、通常の方法により売却可能であり、かつ、財産的価値のあるものに限られ、それ以外のフォークコインについては、再生債権の届出があるとは認められないこと。なお、ビットコインキャッシュは再生債権の届出があるとみなされるフォークコインに含まれること。

   The filing of a proof of rehabilitation claim for a Fork Coin is deemed to have been made in proportion to the number of the filed Bitcoin for which the proof of rehabilitation claim has been filed, and the rehabilitation creditor cannot file its own proof of rehabilitation claim for a Fork Coin.   Fork Coins that are deemed to have been filed are limited to those that can be sold in an ordinary manner and that have property value, and no other Fork Coin will be recognized as being deemed to have been filed.   Bitcoin Cash is included in Fork Coins that are deemed to have been filed.

19. 私/当社が届け出た債権を契約により第三者に譲渡する場合には、当該譲渡契約の準拠法は日本法によるものとし、MTGOX 及び再生管財人に当該譲渡を対抗するためには、日本法に基づく債権譲渡の対抗要件その他再生管財人が指定する要件を備えることが必要であること。再生管財人は、各国の法令等の定め及び債権譲渡契約で定められた準拠法の定めにかかわらず、

10

RAGGIO00353

日本法のみに基づき債権譲渡契約の有効性及び対抗要件具備の有無を判断すること。再生管財人が日本法に基づき債権譲渡契約の有効性及び対抗要件具備の有無を判断することに起因又は関連して生じるあらゆる損害等について、MTGOX及び再生管財人は一切の責任を負わず、私/当社は MTGOX 及び再生管財人に対して当該損害等に関して損害賠償請求、補償請求その他一切の請求をしないこと。

If I/we intend to transfer or assign any rehabilitation claim that I/we have filed to any third party pursuant to an agreement, the governing law for such agreement shall be Japanese law, and the perfection requirements in accordance with the relevant Japanese law and any other requirements specified by the Rehabilitation Trustee shall be fully satisfied to perfect such claim transfer or assignment against MTGOX and the Rehabilitation Trustee.  The Rehabilitation Trustee will determine the validity of such claim transfer or assignment and perfection thereof pursuant only to Japanese law, irrespective of any statute in each country's Laws and any governing law provided for in such agreement.  MTGOX and the Rehabilitation Trustee are not liable in any respect for any Damages arising out of or in connection with the Rehabilitation Trustee determining the validity of such claim transfer or assignment and perfection thereof pursuant to Japanese law, and I/we will not make any claim for damages or compensation, or make any other claim with respect to such Damages against MTGOX or the Rehabilitation Trustee.

20. 再生管財人による債権譲渡の承認が、債権譲渡の承認に必要な手続（譲渡人及び譲受人の本人確認、譲渡を証明する文書の検証を含むが、これらに限られない。）その他の理由により遅滞した場合であっても、これに起因又は関連して生じるあらゆる損害等について、MTGOX及び再生管財人は一切の責任を負わず、私/当社は MTGOX 及び再生管財人に対して当該損害等に関して損害賠償請求、補償請求その他一切の請求をしないこと。

Notwithstanding that approval by the Rehabilitation Trustee of a claim transfer or assignment is delayed by the procedures necessary for approval of a claim transfer or assignment (including, but not limited to, identity check of the transferor/assignor and transferee/assignee and verification of documents proving transfer or assignment) or any other reason, MTGOX and the Rehabilitation Trustee are not liable in any respect for any Damages arising out of or in connection with such delay, and I/we will not make any claim for damages or compensation, or make any other claim with respect to such Damages against MTGOX or the Rehabilitation Trustee.

21. ある再生債権を譲渡する場合、当該再生債権の全部を譲渡することとし、その一部のみを譲渡しないこと。

If a rehabilitation claim is transferred or assigned, all of such rehabilitation claim, not part thereof, shall be transferred or assigned.

22. ビットコインに係る再生債権を譲渡する場合には、対象となるビットコイン及び当該ビットコインから分岐したフォークコインを併せて譲渡するものとし、ビットコイン又はフォークコインに係る再生債権を個別に譲渡しないこと。

If a rehabilitation claim pertaining to Bitcoin, Etc. is transferred or assigned, the Bitcoin subject to such transfer or assignment and the Fork Coin split from such Bitcoin shall be transferred or assigned collectively, and a rehabilitation claim pertaining to Bitcoin or Fork Coin shall not be transferred or assigned individually.

23. 情報の取扱いに関する同意事項

Matters of consent related to information management

(a) 再生管財人が、以下の情報（個人情報の保護に関する法律（平成 15 年法律第 57 号）第 2 条第 1 項により定義される個人情報その他識別された又は識別可能な自然人に関する一切の情報を含むが、これに限られない。以下同じ。）を収集すること。

The Rehabilitation Trustee may collect the information below (including, but not limited to, personal information defined under Article 2(1) of the Act on the Protection of Personal Information (Act No. 57 of 2003) and any other information relating to an identified or identifiable natural person; the same applies below)

i. 私/当社が再生債権の届出を行うときに再生管財人に提供する情報
information that I/we provided to the Rehabilitation Trustee when I/we file a proof of rehabilitation claim;

ii. 私/当社以外の情報源（身元証明サービス機関を含むが、これに限られない。）から収集する私/当社の情報
information concerning me/us provided by an information source (including, but not limited to, organizations providing ID

11

RAGGIO00354

verification services) other than myself/ourselves;

 iii. 本破産手続において、私/当社が本破産手続の破産管財人に提供した一切の情報
all information that I/we provided to the bankruptcy trustee of the Bankruptcy Proceedings;

 iv. 私/当社が、MTGOX に提供した一切の情報
all information that I/we provided to MTGOX; and

 v. その他再生管財人が適正な方法により取得し、又は今後取得する情報
any other information acquired, or to be acquired going forward, by the Rehabilitation Trustee using an appropriate method

(b) 再生管財人が、収集した上記(a)の情報を、以下の目的で日本国内外で管理及び利用すること。
The Rehabilitation Trustee may manage and use collected information stated in (a) above for the purposes below in and outside of Japan.

 i. 再生債権の届出、調査、再生計画の立案、再生計画に基づく弁済その他の本民事再生手続の適切な遂行
filing proofs of rehabilitation claim, investigations of rehabilitation claims, drafting a rehabilitation plan, distribution in accordance with a rehabilitation plan, or any other appropriate execution of the Civil Rehabilitation Proceedings;

 ii. 公益的な目的のためにする、日本国内外の行政官庁・捜査機関・司法機関への上記(a)の情報の開示又は提供
disclosing or providing information stated in (a) above to any government office, any investigation agency, or any judicial agency in or outside of Japan for the purpose of serving public interests; and

 iii. その他上記目的に付随する目的
any other purposes incidental to the above purposes.

(c) 再生管財人が、上記(b)の目的のため、上記(a)の情報を、第三者(以下の者を含むが、これらに限られない。)に開示又は提供する場合があること。これらの第三者には、①米国、②カナダ、③イギリス、④私/当社が所在する国及び⑤私/当社が再生債権の弁済の受領のために利用する金融機関又は仮想通貨取引所が所在する国に、それぞれ所在する第三者が含まれること。
The Rehabilitation Trustee may disclose or provide information stated in (a) above for the purpose of (b) above to any third party (including, but not limited to, the persons below).   The third parties hereunder include third parties located in (i) the United States of America, (ii) Canada, (iii) the United Kingdom, (iv) the country in which I am/we are located, and (v) the country in which the financial institution or cryptocurrency exchange that I/we use to receive payment for the rehabilitation claim is located.

東京地方裁判所その他裁判所(日本国外の裁判所を含む。)、本民事再生手続及び本破産手続(併せて以下「本民事再生手続等」という。)における調査委員(その代理及び補佐を含む。)その他の機関、日本国内外の行政官庁・捜査機関、管財人が本民事再生手続等の遂行のために依頼する法律事務所及びデロイトトーマツコンサルティング合同会社等の専門家、金融機関、仮想通貨取引所、他の再生債権者、Eメール・サービスプロバイダー、及び詐欺行為検証サービスプロバイダー
Tokyo District Court and other courts (including courts outside of Japan); the Examiner (chosa iin) (including deputy examiners and assistant examiners) and other officers or bodies in the Civil Rehabilitation Proceedings or the Bankruptcy Proceedings (collectively, the "Civil Rehabilitation Proceedings, Etc."); government offices and investigation agencies in or outside of Japan; counsel and experts including the law firms and Deloitte Tohmatsu Consulting LLC. which the trustee has retained to proceed with the Civil Rehabilitation Proceedings, Etc.; financial institutions; cryptocurrency exchangers; other rehabilitation creditors; email service providers; and fraudulent act verification service providers

(d) 管財人は、本民事再生手続等に必要な限りで私/当社のブラウザ設定により影響されない特定の永続クッキーを使用する可能性があること。
The trustee might, to the extent necessary for the Civil Rehabilitation Proceedings, Etc., use a specific permanent cookies setting that will be unaffected by my/our browser setting.

RAGGIO00355

24. 私/当社が「再生債権者の表示」及び「届出再生債権の表示」に記載した再生債権届出の内容が、オンライン上で他の再生債権者による閲覧の対象となり、また、東京地方裁判所において本民事再生手続の利害関係人の閲覧及び謄写の対象となる場合があること。

The information regarding my/our filed rehabilitation claim completed by me/us in the columns "Information on Rehabilitation Creditor" and "Your Rehabilitation Claim" may be available online to other rehabilitation creditors, and may be subject to the inspection and copying thereof at the Tokyo District Court by an interested party in the Civil Rehabilitation Proceedings.

25. 私が死亡した場合、本民事再生手続との関係では、再生管財人が、日本の法令等及び実務に従って、相続に関する各種関係資料の提出を求め、また、誰を再生債権者として取り扱うかについて判断すること、及び、当該判断に起因又は関連して生じるあらゆる損害等について、MTGOX及び再生管財人は一切の責任を負わず、私及び私の相続人はMTGOX及び再生管財人に対して当該損害等に関して損害賠償請求、補償請求その他一切の請求をしないこと。

For the purpose of the Civil Rehabilitation Proceedings, in the event that I died, the Rehabilitation Trustee may, in accordance with the Laws and practices of Japan, request for relevant evidence and explanation on the inheritance and determine who to be treated as the rehabilitation creditor; and MTGOX and the Rehabilitation Trustee are not liable in any respect for any Damages arising out of or in connection with such determination, and I and my heir(s)/successor(s) will not make any claim for damages or compensation, or make any other claim with respect to such Damages against MTGOX or the Rehabilitation Trustee.

26. 本同意事項は日本語を正文とすること。本同意事項につき作成される英語の翻訳文は参考にすぎず、日本語と英語との間で相互に内容の相違、矛盾がある場合であっても、日本語のみが効力を有すること。

The governing language of these terms of consent shall be the Japanese language.   The English-language translation thereof is merely for reference purposes only; and notwithstanding any discrepancy or contradiction in details between the Japanese-language original and the English-language translation the Japanese-language original shall prevail.

27. 本民事再生手続等及びこれに関連して生じる一切の請求又は紛争は日本法に準拠し、東京地方裁判所を専属的合意管轄裁判所とすること。

The Civil Rehabilitation Proceedings, Etc. and all claims and disputes arising out of, in connection with, or incidental to, the Civil Rehabilitation Proceedings, Etc. are governed by Japanese law, and the Tokyo District Court shall have exclusive jurisdiction.

28. 再生管財人が、本同意事項を必要に応じ変更すること。但し、再生管財人が変更について www.mtgox.com において告知したものに限る。

The Rehabilitation Trustee will, as necessary, amend these terms of consent. However, amendments are limited to those that the Rehabilitation Trustee has notified on the website www.mtgox.com.

RAGGIO00356

事件番号 平成２９年（再）第３５号
Case No.: 2017 (sai) No.35
再生債務者 株式会社 MTGOX
Rehabilitation Debtor: MTGOX Co., Ltd.

申 述 書 Statement

2018 年 10月 9 日
Date:  Year/Month/Day

再生債務者株式会社 MTGOX
Rehabilitation Debtor: MTGOX Co., Ltd.

再生管財人 弁護士 小林 信明 殿
To Rehabilitation Trustee: Nobuaki Kobayashi, Attorney-at-Law

| ※以下の表内については、日本で使われている文字（常用漢字、ひらがな、カタカナ）、アラビア数字（0～9）及び/又はアルファベットのみで入力してください。例えば、アキュート・アクセント、セディーユ、ウムラウトのような発音に関する記号等を使わないでください。<br>* Please enter the following using only Japanese characters (kanji in common use, hiragana, katakana), Arabic numerals (0-9), and/or letters of the Roman alphabet. Please do not use any diacritical marks such as acute accents, cedillas and umlauts. | |
| --- | --- |
| 【国及び住所】〒39211<br>Country, zip/postcode and address:<br>4210 Quail Run Road Jackson, Mississippi | 【代理人の住所】〒 100-8124<br>Agent's address and zip/postcode:<br>Nishimura & Asahi Otemon Tower, 1-1-2 Otemachi, Chiyoda-ku, Tokyo, Japan |
| 【氏名又は法人名及び代表者名】<br>Name of individual or corporation name and name of CEO/managing director:<br><br>Chris Raggio<br><br><br>（押印又は署名）Seal or signature | 【代理人の氏名】<br>Agent's name<br><br>Yuri Sugano,Kazuki Takada<br><br><br>（押印又は署名）Seal or signature |
| 【電話】Telephone number: | 【代理人の電話】Agent's telephone number:<br>+81-3-6250-6200 |
| 【FAX】Facsimile number: | 【代理人のFAX】Agent's facsimile number:<br>+81-3-6250-7200 |
| 【連絡先メールアドレス】Contact e-mail address:<br>※今後通知メールを受領することのできるメールアドレスを記載してください。<br>*Please enter e-mail address at which you can receive e-mail notifications hereafter.<br><br>donald.raggio@gmail.com | 【代理人のメールアドレス】Agent's e-mail address:<br><br><br>18-00-08797@case.jurists.co.jp |
| 【（法人が届け出る場合のみ）事務担当者名】(To be completed by corporations only) Name of contact person: | |
| 【（法人が届け出る場合のみ）事務担当者の住所】(To be completed by corporations only) Address of contact person: | |
| 【（法人が届け出る場合のみ）事務担当者の電話番号】(To be completed by corporations only) Telephone number of contact person: | |
| 【（法人が届け出る場合のみ）事務担当者のFAX番号】(To be completed by corporations only) Facsimile number of contact person: | |

1

RAGGIO00357

（１）希望する弁済方法のアンケート
Questionnaire Regarding Preferred Method of Payment.

※ビットコインの返還に関する債権を届け出た再生債権者のみ、ビットコインと金銭のいずれによる弁済を希望するか、ご回答を
お願いいたします（金銭の返還に関する債権については、ビットコインによる弁済を行うことは予定しておりません。）。
* Only the creditors who have filed a proof of rehabilitation claim that contains the right to claim for return of Bitcoin are asked to reply
whether they want to receive payment in Bitcoin or in cash. We do not plan to make any payment in Bitcoin for the right to claim for return
of cash.

※このアンケートは、あくまでビットコインの返還に関する債権を届け出る再生債権者の希望を参考情報として調査することを
目的としており、選択した弁済方法による弁済を行うことを保証するものではなく、またそれに再生管財人が拘束されるもの
ではありません。弁済方法について、再生管財人の方針が決まった場合には、その概略でお知らせします。
* The purpose of this questionnaire is merely to obtain reference information regarding the preferences of rehabilitation creditors filing proofs
of rehabilitation claim that contain the right to claim for return of Bitcoin.   There is no guarantee that you will be paid with the method that
you selected, and the Rehabilitation Trustee will not be bound by your answers in any respect.   You will be notified when the
Rehabilitation Trustee's policy for distribution is determined.

※なお、ビットコインによる弁済を行う場合には、次のことが想定されます。
* Please note that if payment in Bitcoin is made it is anticipated that:
①再生管財人の指定する仮想通貨交換業者の取引所を通じた弁済以外は行わず、再生債権者がビットコインでの弁済を受ける
ためには、再生管財人の指定する仮想通貨交換業者の取引所にユーザーとして登録することが必要となること。
(i) Payment will be made only through the exchanger designated by the Rehabilitation Trustee and in order for a rehabilitation creditor to
receive payment in Bitcoin it will be necessary to register as a user at such designated exchanger.
②再生計画に基づくビットコインの弁済が実施されるまでには長期間を要する可能性があり、その間にビットコインの価格が
変動する場合があること。
(ii) It may take a longer period of time to make distribution in Bitcoin pursuant to the rehabilitation plan and the price of Bitcoin may
fluctuate during such period of time.

下記を選択してください。
Please select from the following:

- [■] 届出を行うビットコインの返還に関する債権について、ビットコインでの弁済を希望します。
  I want to receive Bitcoin for the right to claim for return of Bitcoin.
- [ ] 届出を行うビットコインの返還に関する債権について、再生管財人が適宜のタイミングでビットコインを売却し、そ
  の売却代金での弁済を希望します。
  I want to receive cash from the proceeds from the sales of Bitcoin that will be made by the Rehabilitation Trustee at appropriate
  timings for the right to claim for return of Bitcoin.
- [ ] どちらか分からない。
  I do not have any preference at this moment.

（２）MTGOX のビットコイン取引所において登録していたユーザー情報
User Information Registered with the MTGOX Bitcoin Exchange

※MTGOX のビットコイン取引所に登録していた言語で入力してください。
* Please enter the following using the language used in registering with the MTGOX Bitcoin exchange.
※貴殿/貴社が MTGOX のビットコイン取引所に登録されているユーザーであることを確認するために必要な情報ですので、可能
な限り入力してください。入力された情報が不十分であり、貴殿/貴社がユーザーであることを確認できなかった場合には、貴
殿/貴社の届出債権が認められない場合があります。
* This information is necessary to confirm that you are a User registered with the MTGOX Bitcoin exchange. Please enter the information to
the extent possible. If the information entered is insufficient and it is not possible to confirm that you are a User, your claim might be
rejected.

| ①氏名・名称<br>Name of individual or corporation name | |
|---|---|
| 名   First name | Donald |
| ミドルネーム   Middle name | |
| 姓   Last name | Raggio |
| 会社名   Corporation name | |
| ②生年月日（個人の場合）<br>Date of birth (in the case of an individual) | Month(mm)        /Day(dd)        /Year(yyyy) |

2

RAGGIO00358

| | |
|---|---|
| ⑫国、郵便番号及び住所<br>Country, zip/postcode and address | |
| 住所1  Address Line 1 | |
| 住所2  Address Line 2 | |
| 市区町村  City/Town | |
| 都道府県  State/Province | |
| 国    Country | |
| 郵便番号  Zip/Postcode | |
| ⑬メールアドレス<br>E-mail address | donald.raggio@gmail.com |
| ⑭銀行口座情報<br>Account information | |
| 金融機関名・支店名<br>Name of financial institution and branch | |
| 預金種目 Account type | |
| 口座番号 Account number | |
| 口座名義人 Account holder | |
| ⑮ユーザーネーム User name | DonRaggio |
| ⑯パスワード Password | |
| ⑰電話番号 Telephone number | |
| ⑱FAX 番号 Facsimile number | |
| ⑲ユビキー又はOTPカードのシリアルナンバー<br>YubiKey or OTP card serial number | |
| ⑳アカウントナンバー<br>Account number | |

（3）破産手続における債権者番号
　　　Creditor Number in Bankruptcy Proceedings

参考情報として、MTGOX の破産手続において破産債権を届け出ていた場合には、破産管財人から付与された債権者番号（A 又は
B から始まる番号）を下記に記載してください。
As reference information, please enter below your creditor number assigned by the bankruptcy trustee (which number begins with "A" or "B"),
provided that you filed the proof of bankruptcy claim in the MTGOX bankruptcy proceedings.

| |
|---|
| |

3

RAGGIO00359

検索結果　詳細 - 日本郵便

**JP POST 郵便局**　そばにいるから、できることがある。

企業情報・お知らせ・プレスリリース・よくあるご質問・お問い合わせ・サイトマップ・English

キーワードを入力してください　　検索

## 検索結果 詳細
### [郵便物等]

### 配達状況詳細

| お問い合わせ番号 | 商品種別 |
|---|---|
| 5271-4483-2620 | レターパックプラス |

### 履歴情報

| 状態発生日 | 配送履歴 | 詳細 | 取扱局 / 郵便番号 | 県名等 |
|---|---|---|---|---|
| 2010/10/16 17:30 | 引受 | | 銀座郵便局 / 100-8799 | 東京都 |
| 2010/10/17 04:32 | 到着 | | 麹町郵便局 / 102-8799 | 東京都 |
| 2010/10/17 11:53 | お届け先にお届け済み *'Already delivered'* | | 麹町郵便局 / 102-8799 | 東京都 |

### お問い合わせ窓口局

| 取扱区分 | 取扱局 | 電話番号 |
|---|---|---|
| 引受 | 銀座郵便局 | 03-3524-2170 |
| 配達 | 麹町郵便局 | 03-3263-1885 |

※取扱局をクリックするとお問い合わせ先詳細情報が表示されます。

**取扱局を調べる　▶**

日本郵便株式会社　企業情報 | サイトのご利用について | プライバシーポリシー | 結ぶ言葉 | 採用情報 | ソーシャルメディア

**JP 日本郵政グループ**　Copyright (C) JAPAN POST Co.,Ltd. All Rights Reserved.

RAGGIO00360

AGREEMENT AND PLAN OF ACQUISITION

This AGREEMENT AND PLAN OF ACQUISITION (this "Agreement"), dated as of February 3, 2011, is entered into by and among Jed McCaleb, address of 509 E Branch Rd Patterson NY, USA ("Seller"), and K.K. Tibanne a Japanese Company with offices at 24-30, Kugayama 5-Chome, Suginami-ku, Tokyo 168-0082, Japan ("Buyer").

DEFINITIONS

Defined Terms. As used herein, the terms below shall have the following meanings. Any of such terms, unless the context otherwise requires, may be used in the singular or plural, depending upon the reference.

"**Bitcoin**" means a virtual digital store of value as defined by bitcoin.org

"**Revenue**" means any income minus any expense accrued from purchasing bitcoins for the purpose of immediate resale.

"**MTGOX** " means the mtgox.com business. This includes the mtgox.com domain name, the source code and database for the website, all the assets and liabilities of the website, the sum of the deposits in currency and bitcoins held for users of the website, and anything else that would reasonably be considered part of the mtgox.com business.
This term also applies to any website or business that uses any part of the existing mtgox.com business. For example if the domain name is changed and the code re-written but the user accounts remain this new site will still be considered "MTGOX" for the purposes of this agreement.

"**New Gox**" means a corporation or entity formed by the Buyer under conditions defined by this agreement, that is capable of issuing shares.

"**Current Net Funds**" means the sum of currency and bitcoin deposits held by MTGOX for users minus US $50,000 (fifty thousand United States dollars). These sums are calculated at the time the buyer starts to run the live mtgox.com database.

TERMS

Seller agrees to transfer MTGOX to the Buyer according to the transfer terms below.

The Seller represents being the sole owner of MTGOX and having the sole authority to sell MTGOX within the terms defined by this contract.

Buyer agrees to:

**EXHIBIT F**

- To the best of its ability ensure that MTGOX is operated in compliance with any and all applicable laws of any country or territory it does business in.

- Form New Gox within six months or before  MTGOX reaches US $140,000 (one hundred fourty thousand United States dollars) in revenue.

- New Gox will acquire all of MTGOX, and will not charge the Seller any transaction fees. The Seller shall own 12% of New Gox at its formation.

- Not charge Seller transaction fees on MTGOX or New Gox.

- Pay Seller an "**earn out**" for an "**earn out period**".
  The earn out is defined as 50% of the revenue generated by MTGOX or New Gox. The earn out is paid on a monthly basis due 7 (seven) days after the end of each month.
  The earn out period lasts for  a minimum of the first 6 months after this agreement. If after 6 months the earn out is less than US $60,000 (sixty thousand United States dollars) the earn out will continue until it has reached US $60,000 (sixty thousand United States dollars) in total.

- Allow Seller read only access to the Database used by MTGOX for auditing purposes until the earn out period is over.

- Pay any fees associated with the execution of this agreement such as domain transfer.


TRANSFER

All the elements of MTGOX will be transferred to the Buyer within 15 (fifteen) days after this agreement has been signed, with the exception of the Current Net Funds held by MTGOX. These will be transferred according to the following schedule:

33% of Current Net Funds within 15 (fifteen) days.
50% of Current Net Funds within 45 (fourty five) days.
75% of Current Net Funds within 75 (seventy five) days.
100% of Current Net Funds within 105 (one hundred and five) days.

If for some reason the net funds available at a given time on MTGOX are not enough to answer the needs of the service users, the buyer may require the seller to release more funds earlier for the only purpose of avoiding any service interruption.

Seller retains no control of MTGOX or New Gox after mtgox.com is transferred to the Buyer.


NO REPRESENTATION

Seller makes no representation about the regulatory status of mtgox.com or bitcoins in the US or anywhere else in the world. The Seller is uncertain if mtgox.com is compliant or not with any applicable US code or statute, or law of any country.

INDEMNIFICATION

Buyer agrees to indemnify Seller against any legal action that is taken against Buyer or Seller with regards to mtgox.com or anything acquired under this agreement.

**IN WITNESS WHEREOF**, the parties hereto have executed this Agreement or caused this Agreement to be duly executed on their respective behalf, by their respective officers thereunto duly authorized, all as of the day and year first above written.

SELLER:

By: _____

Name: _____Jed McCaleb_____

Date: 2/3/2011

BUYER:

K.K. Tibanne

By: _____

Name: _____ Mark Karpeles _____

Title: ____ C E O _____

Date: Feb 3rd 2011 _____

# ForﾑanWatkins
## Forman Watkins & Krutz LLP

T. Peyton Smith
Peyton.Smith@formanwatkins.com
Direct Dial: 601-969-4283

February 6, 2019

**VIA EMAIL AND FEDEX**
Nobuaki Kobayashi
MTGOX Co., Ltd. Office of Rehabilitation Trustee
Suite 202, Kojimachi 3-chome Building
3-4-1 Kojimachi Chiyoda-ku
Tokyo, Japan 102-0083

Re:  *Raggio v. MTGOX, et al.*, United States District Court for the Southern District of Mississippi, No. 3:19-cv-00022 and *In re MTGOX Co., Ltd.*, United States Bankruptcy Court for the Northern District of Texas, No. 3:14-bk-31229/Tokyo District Court, Case 2017 (sai) No. 35

Dear Mr. Kobayashi:

By this letter, my client Jed McCaleb is providing formal notice of his claim in the above-referenced bankruptcy for indemnity associated with a lawsuit pending against him in federal court in Mississippi as *Raggio v. MTGOX, et al.*, 3:19-cv-00022. This claim is contingent and unliquidated because the underlying Mississippi litigation is ongoing.

Plaintiffs in the *Raggio* case, Donald and Chris Raggio, have sued Mr. McCaleb, the founder of the MTGOX exchange, for bitcoins they allege were stolen from their MTGOX account. Plaintiffs also sued Mark Karpeles and several MTGOX entities but failed to perfect service on all except MTGOX, Inc. Mr. McCaleb sold the MTGOX exchange on February 3, 2011 and the Agreement and Plan of Acquisition provides indemnity for him "against any legal action that is taken" related to the MTGOX exchange. MTGOX therefore will owe Mr. McCaleb indemnity if Plaintiffs obtain a judgment against him.

The plaintiffs in the *Raggio* case timely filed a Proof of Rehabilitation Claim in the Japanese bankruptcy. *See* Plaintiffs' Proof of Claim, attached as Exhibit A. In that Proof of Rehabilitation Claim, the Raggios seek the return of 9,406.33 BTC. *See* Exhibit A at 3. This is the same obligation they seek to enforce against Mr. McCaleb in the *Raggio* case. Mr. McCaleb's indemnity claim therefore is covered by Plaintiffs' previously-filed Proof of

210 East Capitol Street, Suite 2200, Jackson, Mississippi 39201-2375   ›   T: 601.960.8600   ›   F: 601.960.8613
─────────────────────────────────────────────────── formanwatkins.com

Detroit    Houston    Jackson    New Jersey    New Orleans

**EXHIBIT G**

MTGOX Co., Ltd.
February 6, 2019
Page 2

Rehabilitation Claim. That Proof of Rehabilitation Claim and this indemnity demand both relate to the same 9,406.33 BTC and contend this debt should be satisfied by the estate and not Mr. McCaleb (pursuant to the Sale Agreement).

In the abundance of caution, I am including an additional Proof of Rehabilitation Claim on behalf of Mr. McCaleb. *See* McCaleb Proof of Rehabilitation Claim, attached as Exhibit B. While this Proof of Rehabilitation Claim is out of time, we believe it should be considered because the proof of claim process, which is designed to address claims related to bitcoins held in a claimant's own MTGOX account, is not well-suited to an indemnity claim. As you will see in the attached Proof of Rehabilitation Claim, several sections of the form do not apply to Mr. McCaleb's indemnity claim. And, as stated above, because this claim is co-extensive with the Raggios' previously-filed Proof of Rehabilitation Claim, there is no prejudice to the estate in allowing this claim to proceed.

Please confirm at your earliest convenience receipt of this claim. If there are any questions do not hesitate to let us know. In the meantime, please send me any documents related to the bankruptcy necessary to protect my client's interests in the proceeding.

Sincerely,

FORMAN WATKINS & KRUTZ LLP

T. Peyton Smith

CC:     David J. Molton, *Brown Rudnick LLP*
        Gerald T. Cicero, *Brown Rudnick LLP*

TPS/mm
Enclosures

EXHIBIT
**A**

| 事件番号　平成２９年（再）第３５号<br>Case No.: 2017 (sel) No. 35<br>再生債務者　株式会社 MTGOX<br>Rehabilitation Debtor: MTGOX Co., Ltd<br>再生管財人　弁護士　小林　信明<br>Rehabilitation Trustee: Nobuaki Kobayashi, Attorney-at-Law<br>届出期間　日本時間２０１８年１０月２２日まで<br>Filing Period: Until October 22, 2018 (Japan time) | 裁判所・再生管財人使用欄<br>For Court/ Rehabilitation Trustee Use Only<br><br>No. |
|---|---|

再　生　債　権　届　出　書
**Proof of Rehabilitation Claim**

作成日 2018年　10月　9日
Date prepared:

平成２９年（再）第３５号
再該受債権審判当
2017 (sel) No. 35
For Person who Receives This Proof
年　　月　　日受付
Date received:

【注意】届出書式の入力欄ごとに、入力できる文字を記載していますので、当該記載に従ってください。仮に、日本で使われている文字（常用漢字、ひらがな、カタカナ）、アラビア数字（0～9）及び/又はアルファベットのみで入力するよう記載している入力欄にそれら以外の文字を入力した場合には、記載がないものとみなされます。例えば、アキュート・アクセント、セディーユ、ウムラウトのような発音に関する記号等を使わないでください。
Important: The types of characters that can be entered for each field are indicated in the relevant sections of this form. Please ensure that you comply with these instructions. If any character other than those that are permitted are entered in fields where it is indicated that only Japanese characters (kanji in common use, hiragana, katakana), Arabic numerals (0-9), and/or letters of the Roman alphabet can be used, that portion of the form will be considered to contain no information. Please do not use any diacritical marks such as acute accents, cedillas and umlauts.

印を押う場合、印は実印に限りませんが、再生計画に基づく弁済時まで使用できるものにしてください。
If you use a seal, the seal used need not be your registered seal, but please use a seal that you will be able to use until the time of payments pursuant to the rehabilitation plan.

届出書のコピーを手元に置いておくと、問い合わせ等の際に便利です。
It will be convenient to keep a copy of the filed proof in the event that you wish to make any inquiries, etc.

東京地方裁判所民事第２０部合議係
Tokyo District Court, Collegiate Section of the 20th Civil Chamber

再生債権者の表示
※本届出書に記載された氏名、住所、届出金額等は、法令の定めに従い利害関係人による裁判所での閲覧等の対象になるほか、MTGOXのユーザーによるオンラインでの債権届出のために再生管財人が構築したシステム上で、他の再生債権者による閲覧の対象になる場合があります（但し、いずれの場合も、電話番号、FAX番号、メールアドレスは隠される予定です。）。
Information on Rehabilitation Creditor: *The name, address, amount of claim, etc. that are filled in this proof of claim will be made available for such purposes as inspection and copying in the court by any interested party in accordance with the laws and regulations, and may also be made available for inspection by other rehabilitation creditors, through the System built by the Rehabilitation Trustee for the online filing of proofs of rehabilitation claims by MTGOX users; however, in either case, it is being planned that your telephone number, fax number and e-mail address will be redacted.

【国及び住所】〒39211　　　　　4210 Quail Run Road Jackson, Mississippi
Country, zip/postcode and address:
※日本で使われている文字（常用漢字、ひらがな、カタカナ）、アラビア数字（0～9）及び/又はアルファベットのみで入力してください。例えば、アキュート・アクセント、セディーユ、ウムラウトのような発音に関する記号等を使わないでください。
♦ Please enter using only Japanese characters (kanji in common use, hiragana, katakana), Arabic numerals (0-9), and/or letters of the Roman alphabet. Please do not use any diacritical marks such as acute accents, cedillas and umlauts.

【氏名又は法人名及び代表者名】　　　　　　　　　　（押印又は署名）Seal or signature
Name of individual or company name and name of authorized representative:
Chris Reggio
※日本で使われている文字（常用漢字、ひらがな、カタカナ）、アラビア数字（0～9）及び/又はアルファベットのみで入力してください。例えば、アキュート・アクセント、セディーユ、ウムラウトのような発音に関する記号等を使わないでください。
♦ Please enter using only Japanese characters (kanji in common use, hiragana, katakana), Arabic numerals (0-9), and/or letters of the Roman alphabet. Please do not use any diacritical marks such as acute accents, cedillas and umlauts.

※代理人が届出をする場合は、下欄も記入してください。（委任状原本添付必要）
♦ If your agent is filing your proof of rehabilitation claim as your proxy, please fill in the following information (the original of the power of attorney must be attached).
※代理人に関する入力も、日本で使われている文字（常用漢字、ひらがな、カタカナ）、アラビア数字（0～9）及び/又はアルファベットのみで入力してください。例えば、アキュート・アクセント、セディーユ、ウムラウトのような発音に関する記号等を使わないでください。
♦ Entries concerning the agent must be made using only Japanese characters (kanji in common use, hiragana, katakana), Arabic numerals (0-9), and/or letters of the Roman alphabet. Please do not use any diacritical marks such as acute accents, cedillas and umlauts.

【代理人の住所】〒100-8124　　　　　Nishimura & Asahi Otemon Tower, 1-1-2 Otemachi, Chiyoda-ku, Tokyo, Japan
Agent's address and zip/postcode:

【代理人の氏名 Agent's name】　　　　　　　　　　（押印又は署名）Seal or signature
Yuri Sugano, Kazuki Takada

1

RAGGIO00344
**EXHIBIT H**

<u>1. 届出再生債権の表示 Your Rehabilitation Claim</u>

届出再生債権の内容としては、MTGOXに頂けていた①金銭及び②ビットコイン等（ビットコイン及びビットコインから分岐した他の仮想通貨を想定しています。以下同じ。）のそれぞれの返還に関する債権です。金銭については金額を、ビットコイン等については数量を、それぞれ次の頁に入力してください。
The rehabilitation claims are comprised of the rights to claim for return of (i) cash and (ii) Bitcoin, Etc. (meaning Bitcoin and other cryptocurrencies split from Bitcoin collectively; the same applies hereinafter) deposited with MTGOX.  Please enter the following in the next page: (i) for cash, its amount; and (ii) for Bitcoin Etc., its quantity.

①金銭の返還に関する債権については、以下のとおり想定しています。
The following treatment is expected to apply to the right to claim for cash:
1 ) 日本円以外の金銭の返還に関する債権は、破産手続においては一定の評価額で円換算していましたが、本民事再生手続（東京地方裁判所平成29年(再)第35号をいいます。以下同じ。）においては円換算せずに当該外国通貨の返還に関する債権として届け出ること
(i)  The right to claim for return of cash denominated in currencies other than Japanese yen is filed as a monetary claim in such currencies, not converted into Japanese yen, under the Civil Rehabilitation Proceedings (referring to Tokyo District Court 2017 (sai) Case No. 35; the same applies hereinafter) whereas such right was converted into Japanese yen at an specific exchange rate in accordance with the provisions of the Bankruptcy Act of Japan under the bankruptcy proceedings.
ⅱ) MTGOXのビットコイン取引所において金銭取引が停止した日（日本時間2014年2月26日）から本民事再生手続開始前日（日本時間2018年6月21日）まで、年6%の遅延損害金が生じており、それも届出の対象となること
(ii)  Delay damages at the rate of 6% per annum had accrued for the period from the date on which the MTGOX Bitcoin exchange stopped opening its cash transaction (i.e., February 26, 2014 Japan time) till the day before the commencement of the Civil Rehabilitation Proceedings (June 21, 2018, Japan time); this delay damages are also included in a proof of rehabilitation claim that you file,
ⅲ) 本民事再生手続開始後の遅延損害金（額未定）も届出の対象となること（但し、民事再生手続開始後の遅延損害金については、民事再生の実務では、再生計画において免除される例が多くなっております。
(iii)  Delay damages which have accrued subsequent to the commencement of the Civil Rehabilitation Proceedings (which amount is unliquidated) are also included in a proof of rehabilitation claim that you file; please note, however, that it is the common practice in the recent civil rehabilitation proceedings that delay damages subsequent to the commencement of civil rehabilitation proceedings are fully released and discharged under rehabilitation plans.

②ビットコイン等の返還に関する債権については、以下のとおり想定しています。
The following treatment is expected to apply to the right to claim for return of Bitcoin, Etc.
1 ) 破産手続においては破産法の規定に従い一定の評価額で金銭債権とみなしていましたが、本民事再生手続では非金銭債権として届け出ること
(i)  The right to claim for return of Bitcoin, Etc. is filed as a non-monetary claim under the Civil Rehabilitation Proceedings whereas such right was deemed as a monetary claim that was evaluated at a certain amount in accordance with the provisions of the Bankruptcy Act of Japan under the Bankruptcy Proceedings.
ⅱ) MTGOXに頂けていたビットコインから分岐した他の仮想通貨（通常の方法により換価が可能であり、かつ財産的価値のあるものに限ります。ビットコインキャッシュはこれに含まれます。）に関しても届け出ること。但し、ビットコイン以外の仮想通貨の返還に関する債権は、届け出たビットコインの数に応じて、届け出たものとみなされるため、独自に届出する必要はありません（なお、ビットコインキャッシュは下記の議決権相当の算定のために表示されます。
(ii)  A proof of rehabilitation claim will also be filed for other cryptocurrencies split from Bitcoin that were deposited with MTGOX (limited to those that can be sold in an ordinary manner and that have property value; Bitcoin Cash is included therein). The filing of a proof of rehabilitation claim for cryptocurrencies other than Bitcoin is deemed to have been made in proportion to the number of the filed Bitcoin for which the proof of rehabilitation claim has been filed, and thus does not need to be filed separately; however, Bitcoin Cash is shown below for the purpose of computing the amount of voting rights.
ⅲ) 非金銭債権であるため遅延損害金は発生しないこと
(iii)  No delay damages will accrue because such right is regarded as a non-monetary claim.

2

RAGGIO00345
EXHIBIT H

| 債権の種類<br>Type of claim | 債権額<br>Amount of claim | 遅延損害金<br>Delay Damages | 合計額<br>Total | 債権の内容及び原因<br>Details and cause of claim |
|---|---|---|---|---|
| (1) 金銭の返還に関する債権<br>The Right to Claim for Return of Cash<br>※金額をアラビア数字で入力してください。<br>*Please enter the amount by using Arabic numerals<br>※日本円以外の金銭の返還に関する債権は、円換算せずに入力してください。<br>* If you have the right to claim for return of cash in a currency other than Japanese yen please enter it in such currency without converting into Japanese yen. | 円 yen | 0   円 yen | 0   円 yen | 再生債務者に対する金銭の返還に関する債権<br>The right to claim for return of cash against the Rehabilitation Debtor.<br><br>遅延損害金は、MTGOXのビットコイン取引所において金銭取引が停止した日（日本時間2014年2月26日）から本民事再生手続開始前日（日本時間2018年6月21日）まで年6%の割合で計算している。<br>Delay damages are computed at the rate of 6% per annum for the period from the date on which the MTGOX Bitcoin exchange stopped operating its cash transaction (i.e. February 26, 2014 Japan time) until the day before the commencement of the Civil Rehabilitation Proceedings (June 21, 2018 Japan time). |
| | USD | 0.00 USD | 0.00 USD | |
| | EUR | 0.00 EUR | 0.00 EUR | |
| | GBP | 0.00 GBP | 0.00 GBP | |
| | AUD | 0.00 AUD | 0.00 AUD | |
| | CAD | 0.00 CAD | 0.00 CAD | |
| | CHF | 0.00 CHF | 0.00 CHF | |
| | PLN | 0.00 PLN | 0.00 PLN | |
| | NZD | 0.00 NZD | 0.00 NZD | |
| | HKD | 0.00 HKD | 0.00 HKD | |
| | RUB | 0.00 RUB | 0.00 RUB | |
| | NOK | 0.00 NOK | 0.00 NOK | |
| | SEK | 0.00 SEK | 0.00 SEK | |
| | DKK | 0.00 DKK | 0.00 DKK | |
| | SGD | 0.00 SGD | 0.00 SGD | |
| | CZK | 0.00 CZK | 0.00 CZK | |
| | INR | 0.00 INR | 0.00 INR | |
| | CNY | 0.00 CNY | 0.00 CNY | |
| | THB | 0.00 THB | 0.00 THB | |
| | KRW | 0   KRW | 0   KRW | |
| (2) ビットコイン等の返還に関する債権 The Right to Claim for Return of Bitcoin, Etc.<br>※ビットコイン等の返還に関する債権は、金額ではなく数量をアラビア数字で入力してください。<br>* For the right to claim for return of Bitcoin, Etc., please enter the quantity, not the amount. | | | 9,406.33000000 BTC<br>（ビットコインの数量）<br>(Quantity of Bitcoin)<br><br>9,406.33000000 BCH<br>（ビットコインキャッシュの数量）<br>(Quantity of Bitcoin Cash) | 再生債務者に対するビットコイン等の返還に関する債権<br>The Right to claim for return of Bitcoin, Etc. against the Rehabilitation Debtor.<br><br>ビットコイン等の返還に関する債権は、非金銭債権であるため、遅延損害金が発生しない。<br>No delay damages will accrue for the right to claim for return of Bitcoin, Etc. because such right is regarded as a non-monetary claim. |

私/当社は、ビットコインから分岐した他の仮想通貨（通常の方法により換却が可能であり、かつ財産的価値のあるものに限り、ビットコインキャッシュはこれに含まれる。）についても、届け出たビットコインの数量に応じて届け出る。
I/We hereby file other cryptocurrencies split from Bitcoin (limited to those that can be sold in an ordinary manner and that have property value; Bitcoin Cash is included therein) in proportion to the quantity of the filed Bitcoin for which the proof of rehabilitation claim has been filed.

私/当社は、金銭に関する債権については、本民事再生手続開始後の遅延損害金（概未定）も再生債権として届け出る。
I/We hereby also file, as a rehabilitation claim, delay damages which have accrued subsequent to the commencement of the Civil Rehabilitation Proceedings (which amount is unliquidated) in respect of the right to claim for return of cash.

3

RAGGIO00346
EXHIBIT H

**2. 届出再生債権すべてに係る議決権の合計額の表示**
**Total Amount of Voting Rights on All Filed Rehabilitation Claims**

日本の民事再生法上、再生債権とは別に議決権（再生計画案の決議の際に行使されることになります。）の額を届け出なければなら
ないことになっています。この議決権の額については、民事再生法上、日本円以外の金銭債権及びビットコイン等の非金銭債権は、
民事再生手続開始時における評価額（円での換算レート）で算定することになっています。
Under the Civil Rehabilitation Act of Japan, apart from the amount of claims, the amount of voting rights (which will be exercised at the time of
voting on a proposed rehabilitation plan) is also required to be filed.   Such amount of voting rights in respect of monetary claims denominated in
currencies other than Japanese yen and non-monetary claims such as Bitcoin Etc. are required under the Civil Rehabilitation Act to be computed
based on the appraisal value (i.e., a specific conversion rate to Japanese yen) as of the time of commencement of civil rehabilitation proceedings.

換算レートについては、①日本円以外の金銭の返還に関する債権については本民事再生手続開始前日（日本時間 2018 年 6 月 21 日）
の東京外国為替市場・電信為替売相場、②ビットコイン及びビットコインキャッシュの返還に関する債権については日本時間 2018
年 6 月 21 日 23 時 59 分の CoinDesk が算表するビットコイン及びビットコインキャッシュの米国ドル建て相場を①の相場により日本
円に換算した金額によって、それぞれ日本円に換算されます（下記の換算レート一覧表にご参照ください。）。ビットコインキャッシ
ュ以外のビットコインから分岐した他の仮想通貨については額未定として取り扱い、議決権の額には含めません。
The conversion rate into Japanese yen is as follows: (i) for the right to claim for return of cash in a currency other than Japanese yen, the
exchange rate publicly announced as the Tokyo Foreign Currency Market / Telegraphic Transfer Selling Rate on the day before the
commencement of the Civil Rehabilitation Proceedings (June 21, 2018, Japan time); and (ii) for the right to claim for return of Bitcoin and
Bitcoin Cash, the amount obtained by converting the prices of Bitcoin and Bitcoin Cash denominated in USD published by CoinDesk at 23:59 on
June 21, 2018 (Japan time) into Japanese yen using the exchange rate referred to in the above (i).   The amount of other cryptocurrencies split
from Bitcoin other than Bitcoin Cash will be treated as undliquidated and will not be included in the amount of voting rights.

| | |
|---|---|
| 届出再生債権すべてに係る議決権の合計額（但し、民事再生法 87 条 2 項、3 項に該当する部分を除く。）<br>The total of voting rights on all the filed rehabilitation claims (excluding the portion subject to Article 87, Paragraphs 2 and 3 of the Civil Rehabilitation Act) | 7,965,280,431 円 yen |

私当社は、上記の契例に従って届出再生債権すべてに係る議決権額を届け出ます。
I/We hereby file the amount of voting rights in respect of all the filed rehabilitation claims as set out above.

**【換算レート一覧表】【Table of Conversion Rates】**

| 通貨の種類<br>Currency | 換算レート<br>Conversion Rate | | 通貨の種類<br>Currency | 換算レート<br>Conversion Rate |
|---|---|---|---|---|
| USD | 111.43 | | SEK | 12.82 |
| EUR | 129.34 | | DKK | 17.45 |
| GBP | 149.46 | | SGD | 82.12 |
| AUD | 83.39 | | CZK | 5.07 |
| CAD | 84.60 | | INR | 1.79 |
| CHF | 111.75 | | CNY | 17.35 |
| PLN | 30.80 | | THB | 3.45 |
| NZD | 77.69 | | KRW | 0.1 |
| HKD | 14.51 | | BTC | 749318.83 |
| RUB | 1.98 | | BCH | 97481.19 |
| NOK | 13.80 | | | |

4

RAGGI000347
**EXHIBIT H**

### 3. 訴訟の有無（訴訟等が係属している再生債権者のみ記入）

**Existence of lawsuits, etc. (please complete only if such lawsuits, etc. are currently pending)**

※日本で使われている文字（常用漢字、ひらがな、カタカナ）、アラビア数字（0〜9）及び又はアルファベットのみで入力してください。例えば、アキュート・アクセント、セディーユ、ウムラウトのような独音記号する記号等を使わないでください。
• Please enter using only Japanese characters (kanji in common use, hiragana, katakana), Arabic numerals (0-9), and/or letters of the Roman alphabet. Please do not use any diacritical marks such as acute accents, cedillas and umlauts.

| 再生債権につき係属する訴訟又は行政庁に係属する事件 Pending lawsuit or administrative proceedings related to the rehabilitation claim | 国 Country: | United States of America |
|---|---|---|
| | 裁判所又は行政庁名 Name of Court or Government organization: | Circuit Court of Hinds County, Mississippi |
| | 当事者名 Parties: | Dr. Donald Raggio, Dr. Chris Raggio, Jed McCaleb, Code Collective, LLC, Mt. Gox, Inc. |
| | 事件番号 Case no.: | CI11:14-cv-00071 | 事件名 Case name: | Raggio v. MTGOX, et al. |

### 4. 執行力ある債務名義又は終局判決（届出再生債権について執行力ある債務名義を有する再生債権者のみ記入）

**Existence of enforceable title of obligation or final judgment (please complete only if you are rehabilitation creditor with enforceable title of obligation in respect of the rehabilitation claim filed under the proof of claim)**

執行力ある債務名義有り I/We have enforceable title of obligation:　　　合計　通 （コピーを提出してください。）　Total number:　(please submit copies)

---

**同意事項 Terms**

私/当社は、頭書事件について、再生債権の届出をするにあたり、以下の事項について同意し表明いたします。
I/We hereby agree to the following terms and represent as set forth in the following terms, in relation to the filing of my/our rehabilitation claim for the case indicated above.

1. 私/当社は、届出名義人本人であり、私/当社が届け出した情報は真実、正確かつ完全であること。その違反に起因又は関連して生じるあらゆる損害、損失、債務、コスト又は費用（以下「損害等」という。）について、株式会社MTGOX（以下「MTGOX」という。）及びMTGOXの民事再生手続（東京地方裁判所平成29年（再）第35号。以下「本民事再生手続」）における管財人（その代理及び補佐を含み、以下「再生管財人」という。）は一切の責任を負わず、私/当社はMTGOX及び再生管財人に対して当該損害等に関して損害賠償請求、補償請求その他一切の請求をしないこと。

I am/We are the person/entity that has filed this proof of rehabilitation claim, and I/we represent that the information that I/we have provided therein is true, accurate, and complete.  MtGox Co., Ltd. ("MTGOX") and the trustee (including deputy trustees and assistant trustees; the "Rehabilitation Trustee") of the MTGOX civil rehabilitation proceedings (Tokyo District Court; 2017 (sai) Case No. 35; the "Civil Rehabilitation Proceedings") are not liable in any respect for any damage, loss, liability, cost or expense ("Damages") arising out of or in connection with any breach of such representation, and I/we will not make any claim for damages or compensation, or make any other claim with respect to such Damages against MTGOX or the Rehabilitation Trustee.

2. 再生管財人の故意によらず、ビットコイン及びビットコインから分岐した他の仮想通貨（以下「フォークコイン」といい、ビットコインと総称して「ビットコイン等」という。）の技術上の問題・障害等に起因又は関連して生じるあらゆる損害等（ビットコイン等又は金銭による弁済を受領できないことによる損害を含むが、これに限られない。）について、MTGOX及び再生管財人は一切の責任を負わず、私/当社はMTGOX及び再生管財人に対して当該損害等に関して損害賠償請求、補償請求その他一切の請求をしないこと。

MTGOX and the Rehabilitation Trustee are not liable in any respect for any Damages arising out of or in connection with any technical issue, impediment, or other ground, in the absence of without willful misconduct by the Rehabilitation Trustee, regarding Bitcoin or any other cryptocurrency split from Bitcoin (a "Fork Coin", collectively with Bitcoin, "Bitcoin, Etc.") (including, but not limited to, any damage related to payments in Bitcoin, Etc. or cash not being received), and I/we will not make any claim for damages or compensation, or make any other claim with respect to such Damages against MTGOX or the Rehabilitation Trustee.

5

RAGGIO00348
EXHIBIT H

3. 私/当社は、本様式のダウンロードその他のために必要なコンピュータ等の撮影、ソフトウェアその他のアプリケーション、通信回線その他の通信環境の準備（必要なアプリケーションのインストールを含む。）及び準備、並びに自らの利用環境に応じたコンピュータ・ウイルスの感染の防止、不正アクセス及び情報漏洩の防止等のセキュリティ対策を、自らの費用と責任において行うこと。本項に定める事項の違反に起因なる行為等によって生じるあらゆる損害等について、MTGOX及び再生管財人は一切の責任を負わず、私/当社はMTGOX及び再生管財人に対して当該損害等に関して損害賠償請求、補償請求その他一切の請求をしないこと。私/当社は、MTGOX及び再生管財人が利用環境を推奨した場合であっても動作保証は行わないことを隠承し、これに同意していること。

I/We will, at my/our expense and responsibility, setup and maintain computers and other equipment, software and other applications, telecommunication lines and other telecommunication environments, among others, necessary to download this form (including installing necessary applications) and, in accordance with my/our use environment, take security measures, such as preventing infection by computer viruses, unauthorized access and information divulgence.  MTGOX and the Rehabilitation Trustee are not liable in any respect for any Damages arising out of or in connection with any breach of any matter stipulated in this paragraph, and I/we will not make any claim for damages or compensation, or make any other claim with respect to such Damages against MTGOX or the Rehabilitation Trustee.  I/We acknowledge and agree that notwithstanding that MTGOX and the Rehabilitation Trustee have recommended a use environment its operation is not guaranteed in any manner.

4. 私/当社は、自らの責任において、MTGOXのビットコイン取引所に登録していたユーザーネーム、メールアドレス及びパスワード、MTGOXの破産手続（東京地方裁判所平成26年（フ）第3880号。以下「本破産手続」という。）において債権者情報として登録した連絡先メールアドレスや私/当社であることの確認のために必要な情報並びにこれに関連するもの（以下、総称して「パスワード等」という。）を管理、保管するものとし、パスワード等を第三者に利用させたり、貸与、譲渡、名義変更、売買その他の処分をしたりしないこと。再生管財人は、私/当社のパスワード等により行われた一切の行為を、私/当社の行為とみなすことができ、パスワード等の管理不十分、誤用上の過解、誤認、錯誤、第三者の使用、違用等に起因又は繰返し生じるあらゆる損害等について、MTGOX及び再生管財人は一切の責任を負わず、私/当社はMTGOX及び再生管財人に対して当該損害等に関して損害賠償請求、補償請求その他一切の請求をしないこと。

I/We will, at my/our responsibility, manage and store user names, email address and passwords registered on the MTGOX Bitcoin exchange; the contact address registered as creditor information in the bankruptcy proceedings (Tokyo District Court; 2014 (fu) Case No. 3880; the "Bankruptcy Proceedings"); or any other information necessary for identity confirmation and anything related thereto (collectively, the "Passwords") and will neither permit any third party to use the Passwords nor lend, assign, transfer ownership, trade, or handle the Passwords in any other manner. The Rehabilitation Trustee may deem all acts conducted with my/our Passwords as mine/our act; and MTGOX and the Rehabilitation Trustee are not liable in any respect for any Damages arising out of or in connection with insufficient management, erroneous use, divulgence, third party use, illegal use, or otherwise of the Passwords, and I/we will not make any claim for damages or compensation, or make any other claim with respect to such Damages against MTGOX or the Rehabilitation Trustee.

5. 私/当社は、再生管財人が定めている又は今後定める、再生管財人が用意した方式・方法による届出・通知及びこれに関連する事項を行う際のルール（今後の変更を含む。）を理解した上でこれに従うものとし、当該ルールに違反し、又は違反しようとしたことに起因又は関連して生じるあらゆる損害等について、MTGOX及び再生管財人は一切の責任を負わず、私/当社はMTGOX及び再生管財人に対して当該損害等に関して損害賠償請求、補償請求その他一切の請求をしないこと。

I/We will familiarize myself/ourselves with and follow current rules  or future rules (as amended from time to time) for any filing/notifying with the form/method the Rehabilitation Trustee provided and anything related thereto  stipulated, by the Rehabilitation Trustee; and MTGOX and the Rehabilitation Trustee are not liable in any respect for any Damages arising out of or in connection with any breach of or any attempted breach of the rules, and I/we will not make any claim for damages or compensation, or make any other claim with respect to such Damages against MTGOX or the Rehabilitation Trustee.

6. 他のウェブサイトからMTGOXのウェブサイトへのリンクが提供されている場合においても、MTGOXのウェブサイト以外のウェブサイト及びそこから得られる情報並びにそれに起因又は関連して生じる損害等について、MTGOX及び再生管財人

6

RACCION0340
EXHIBIT H

は一切の責任を負わず、私/当社は MTGOX 及び再生管財人に対して当該損害等に関して損害賠償請求、補償請求その他一切の請求をしないこと。

MTGOX and the Rehabilitation Trustee are not liable in any respect for any website other than MTGOX's website, any information obtained therefrom, and any Damages arising out of or in connection with the same, notwithstanding that MTGOX's website may be linked on another website, and I/we will not make any claim for damages or compensation, or make any other claim with respect to such Damages against MTGOX or the Rehabilitation Trustee.

7. 私/当社と他の再生債権者その他の者との間において生じた取引、連絡、紛争等については、私/当社の責任において処理及び解決するものとし、かかる事項及びそれに起因又は関連して生じるあらゆる損害等について、MTGOX 及び再生管財人は一切の責任を負わず、私/当社は MTGOX 及び再生管財人に対して当該損害等に関して損害賠償請求、補償請求その他一切の請求をしないこと。

I/we will, at my/our responsibility, handle and resolve any and all transactions, communication, disputes, among others, arising between me/us, another rehabilitation creditor, or any other person; and MTGOX and the Rehabilitation Trustee are not liable in any respect for any relevant matter and any Damages arising out thereof or in connection therewith, and I/we will not make any claim for damages or compensation, or make any other claim with respect to such Damages against MTGOX or the Rehabilitation Trustee.

8. 法律、政令、法令、命令、通達、条例、ガイドラインその他の規制（以下「法令等」という。）又は消費税を含む規制の将来の制定又は変更に起因又は関連して生じるあらゆる損害等について、MTGOX 及び再生管財人は一切の責任を負わず、私/当社は、MTGOX 及び再生管財人に対して当該損害等に関して損害賠償請求、補償請求その他一切の請求をしないこと。また、法令等又は消費税を含む規制の将来の制定又は変更が遡及に適及した場合に、これに起因又は関連して生じるあらゆる損害等について、MTGOX 及び再生管財人は一切の責任を負わず、私/当社は MTGOX 及び再生管財人に対して当該損害等に関して損害賠償請求、補償請求その他一切の請求をしないこと。

MTGOX and the Rehabilitation Trustee are not liable in any respect for any Damages arising out of or in connection with a future enactment or amendment to a law, cabinet order, ordinance, order, directive, bylaw, guideline, or any other regulation ("Laws") or the tax system, including consumption tax; and I/we will not make any claim for damages or compensation, or make any other claim with respect to such Damages against MTGOX or the Rehabilitation Trustee.   Further, MTGOX and the Rehabilitation Trustee are not liable in any respect for any Damages arising out of or in connection with any future enactment or amendment with a retroactive effect on Laws or the tax system including consumption tax, and I/we will not make any claim for damages or compensation, or make any other claim with respect to such Damages against MTGOX or the Rehabilitation Trustee.

9. 裁判所又は再生管財人が、私/当社が申述書欄に入力した連絡先メールアドレス宛に電子メールにより通知を送信することによって、私/当社に対する適法な通知があったものとみなすこと。当該メールアドレスの不備等（メールアドレスの記載漏れを含む。）に起因又は関連して、当該メールアドレス宛てに電子メールを送信することができず又は電子メールが到達しない場合（到達が確認できない場合を含む。）であっても同様とすること。

An appropriate notification is deemed to have been made to me/us if the court or the Rehabilitation Trustee sends a notification via email to the email address I/we entered in the Statement.  The same applies notwithstanding that, due to, or in connection with, an inadequacy, inaccurateness or incompleteness, or any other issue (including omission of the email address), in or with that email address, an email addressed to that email address cannot be sent or the email is not delivered including where receipt is unconfirmed.

10. 私/当社が本届出書を利用して行った再生債権の届出の内容について、再生管財人が裁判所その他必要な第三者に提出すること。

The Rehabilitation Trustee may submit the proof of rehabilitation claim filed by me/us using this form to the court and other third parties as necessary.

11. 私/当社は、本民事再生手続においてパスワード等を用いて入手することができる一切の情報（他の再生債権者に関する情報を含むが、これに限られない。）を、本民事再生手続における権利行使の目的にのみ使用することとし、第三者に提供、開

7

RAGGIO00350
EXHIBIT H

示又は漏洩しないこと。

I/we will use information (including, but not limited to, information related to any other rehabilitation creditors) acquired by using the Passwords in the Civil Rehabilitation Proceedings only for the purpose of exercising rights in the Civil Rehabilitation Proceedings and will not provide, disclose, or divulge such information to any third party.

12. 私/当社の本民事再生手続における徴収後の額は、再生管財人が提示する次の為替レートによって、円換算されて評価されること。

The amount of my/our voting rights in the Civil Rehabilitation Proceedings is computed through conversion to Japanese Yen (JPY) using the following exchange rates provided by the Rehabilitation Trustee:

(a) 外国通貨　平成30年6月21日（日本時間）の東京外国為替市場・低価為替売相場として三菱UFJリサーチ＆コンサルティング株式会社が公表した相場

Foreign currency:

the exchange rates publicly announced by Mitsubishi UFJ Research and Consulting Co., Ltd. as the Tokyo Foreign Exchange Market / Telegraphic Transfer Selling Rate on June 21, 2018 (Japan Time)

(b) ビットコイン　平成30年6月21日23時59分（日本時間）時点のCoinDeskが発表する米国ドル建てでのビットコイン相場を(a)の相場により日本円に換算した金額（1 BTC=6,724.57米国ドル=749,318.83円。1米国ドル=111.43円）

Bitcoin:

the amount obtained by converting the Bitcoin price denominated in USD announced by CoinDesk at 23:59 on June 21, 2018 (Japan Time) to JPY using the exchange rate referred to in the above (a). (1 BTC=6,724.57 USD = 749,318.83 JPY; 1 USD = 111.43 JPY)

(c) ビットコインキャッシュ　平成30年6月21日23時59分（日本時間）時点のCoinDeskが発表する米国ドル建てでのビットコインキャッシュ相場を(a)の相場により日本円に換算した金額（1 BCH=874.82米国ドル=97,481.19円。1米国ドル=111.43円）

Bitcoin Cash:

the amount obtained by converting the Bitcoin Cash Price denominated in USD announced by CoinDesk at 23:59 on June 21, 2018 (Japan Time) to JPY using the exchange rate referred to in the above (a). (1 BCH = 874.82 USD = 97,481.19 JPY; 1 USD = 111.43 JPY)

(d) その他の仮想通貨　金額は未定

Amounts for other cryptocurrencies: not determined

13. 本民事再生手続においては、ビットコイン等の返還請求権は非金銭債権として取り扱われ、当該返還請求権に係る遅延損害金は生じないこととすること。

In the Civil Rehabilitation Proceedings, the right to claim for return of Bitcoin Etc. is treated as a non-monetary claim, and no delay damages pertaining to such right to claim for return will accrue.

14. 再生管財人の私/当社への弁済（金銭及びビットコイン等の弁済を含む。）及びこれに関連する行為が、日本国の外国為替及び外国貿易法、米国財務省の金融制裁（OFAC規制）その他当社に関して適用のあるいかなる法令等にも抵触しないこと。再生管財人は、再生管財人の実施する私/当社への弁済及びこれに関連する行為が、日本国外の法令等に抵触しないことといかなる意味においても保証しないこと。これらの法令等への抵触に起因して生じるあらゆる損害等について、MTGOX及び再生管財人は一切の責任を負わず、私/当社はMTGOX及び再生管財人に対して当該損害賠償に関して損害賠償請求、補償請求その他一切の請求をしないこと。再生管財人の私/当社への弁済に起因して私/当社に課される一切の公租公課（当該弁済の価値によって公租公課の額が増加する場合を含む。）は、私/当社が負担し、当該公租公課又はその増加に起因又は関連して生じるあらゆる損害等について、MTGOX及び再生管財人は一切の責任を負わず、私/当社はMTGOX及び再生管財人に対して当該損害等に関して損害賠償請求、補償請求その他一切の請求をしないこと。

Any payment (including payment of cash and Bitcoin Etc.) to me/us by the Rehabilitation Trustee and any act related thereto do not

8

conflict with the Foreign Exchange and Foreign Trade Act of Japan, the United States Department of the Treasury's financial sanctions (OFAC regulations) and any other applicable Laws.   The Rehabilitation Trustee does not guarantee, in any respect, that payment to me/us by the Rehabilitation Trustee and any act related thereto do not conflict with Laws outside of Japan.   MTGOX and the Rehabilitation Trustee are not liable in any respect for any Damages arising out of or in connection with any conflict with any applicable Laws, and I/we will not make any claim for damages or compensation, or make any other claim with respect to such Damages against MTGOX or the Rehabilitation Trustee.   I/We will bear all taxes and other public charges (including any increases or decreases in the amount of taxes and other public charges due to the manner of the payment) levied on me/us arising out of or in connection with any payment to me/us by the Rehabilitation Trustee; and MTGOX and the Rehabilitation Trustee are not liable in any respect for any Damages arising out of or in connection with such taxes and other public charges and increase or decrease thereof, and I/we will not make any claim for damages or compensation, or make any other claim with respect to such Damages against MTGOX or the Rehabilitation Trustee.

15. 再生管財人が、仮想通貨取引所（日本国内の仮想通貨交換業者を含むが、これに限られない。以下同じ。）又は金融機関（資金移動業者を含む。以下同じ。）に開設された再生債権者の口座に対して弁済金を振り込む場合、私/当社は、再生管財人の指定する方法により届け出た氏名・名称と同一名義の仮想通貨取引所又は金融機関の口座で受け取ること。
   If the Rehabilitation Trustee transfers the money for distribution to an account of a rehabilitation creditor opened at a cryptocurrency exchange (including, but not limited to, cryptocurrency exchanges in Japan; the same applies below) or a financial institution (including fund transfer operators; the same applies below), I/we will receive the same in the account at the cryptocurrency exchange or the financial institution under the same name as that name I/we notified in the manner designated by the Rehabilitation Trustee.

16. 私/当社が再生管財人の指定する仮想通貨取引所に開設した口座でビットコイン等及び/又は金銭で弁済を受ける場合には、次の各本項。
   If I/we receive payment in Bitcoin Etc. and/or in cash in an account opened at the cryptocurrency exchange designated by the Rehabilitation Trustee, the following applies:

   (a) 私/当社は、送付先等の必要情報を正確に提供しなければならず、その誤りから結果的にビットコイン等及び/又は金銭を受領できなかったとしても、それに起因又は関連して生じるあらゆる損害等について、MTGOX 及び再生管財人は一切の責任を負わず、私/当社は MTGOX 及び再生管財人に対して当該損害等に関して損害賠償請求、補償請求その他一切の請求をしないこと。
   I/we must accurately provide necessary information about my/our accounts, among others, and, notwithstanding that an error therein results in my/our not receiving Bitcoin, Etc. or cash, MTGOX and the Rehabilitation Trustee are not liable in any respect for any Damages arising out of or in connection with such non-receipt, and I/we will not make any claim for damages or compensation, or make any other claim with respect to such Damages against MTGOX or the Rehabilitation Trustee.

   (b) 再生管財人がビットコイン等及び/又は金銭を当該仮想通貨取引所に交付した時点で弁済が完了し、MTGOX 及び再生管財人の弁済義務は消滅するものとし、再生管財人による当該仮想通貨取引所へのビットコイン等及び/又は金銭の交付後、私/当社が何らかの理由（仮想通貨のブロックチェーンの不具合、仮想通貨取引所のシステムの不具合含むが、これらに限られない。）により仮想通貨取引所からのビットコイン等及び/又は金銭の適切な弁済を受けることができなかったとしても、それに起因又は関連して生じるあらゆる損害等について、MTGOX 及び再生管財人は一切の責任を負わず、私/当社は MTGOX 及び再生管財人に対して当該損害等に関して損害賠償請求、補償請求その他一切の請求をしないこと。
   The instant the Rehabilitation Trustee sends Bitcoin, Etc. or cash to the cryptocurrency exchange, the payment by MTGOX and the Rehabilitation Trustee is deemed complete, and the payment obligation of MTGOX and the Rehabilitation Trustee is deemed to be discharged; and, after Bitcoin Etc. or cash has been sent to the cryptocurrency exchange by the Rehabilitation Trustee, notwithstanding that I/we fail to receive appropriate payment of Bitcoin Etc. or cash from the cryptocurrency exchange for any reason (including, but not limited to, a malfunction in the blockchain of the cryptocurrency or a system malfunction at the cryptocurrency exchange), MTGOX and the Rehabilitation Trustee are not liable in any respect for any Damages arising out of or in

RAGGIO00352
EXHIBIT H

connection with such failure, and I/we will not make any claim for damages or compensation, or make any other claim with respect to such Damages against MTGOX or the Rehabilitation Trustee.

17. 私/当社が金融機関の口座において金銭で弁済を受ける場合には、次の各事項。
If I/we receive cash in an account at a financial institution, the following applies:

(a) 私/当社は、送付先等の必要情報を正確に提供しなければならず、その誤りから結果的に金銭を受領できなかったとしても、それに起因又は関連して生じるあらゆる損害等について、MTGOX 及び再生管財人は一切の責任を負わず、私/当社は MTGOX 及び再生管財人に対して当該損害等に関して損害賠償請求、補償請求その他一切の請求をしないこと。
I/we must accurately provide necessary information about my/our accounts, among others, and, notwithstanding that an error therein results in my/our not receiving cash, MTGOX and the Rehabilitation Trustee are not liable in any respect for any Damages arising out of or in connection with that, and I/we will not make any claim for damages or compensation, or make any other claim with respect to such Damages against MTGOX or the Rehabilitation Trustee.

(b) 取扱通貨の個別や送金元銀行との取引の有無、日本国内外の法令等及び各金融機関の内部基準への抵触並びに諸手数料の発生その他原因に基づき弁済金を受領できなかったとしても、それに起因又は関連して生じるあらゆる損害等について、MTGOX 及び再生管財人は一切の責任を負わず、私/当社は MTGOX 及び再生管財人に対して当該損害等に関して損害賠償請求、補償請求その他一切の請求をしないこと。
Notwithstanding that I/we fail to receive cash for distribution due to unavailability of the designated currencies or transactions with the designated financial institutions, any conflict with Laws in or outside Japan or an internal standard of any relevant financial institution, various processing charges and fees, or any other causes, MTGOX and the Rehabilitation Trustee are not liable in any respect for any Damages arising out of or in connection with that, and I/we will not make any claim for damages or compensation, or make any other claim with respect to such Damages against MTGOX or the Rehabilitation Trustee.

(c) 諸手数料等を差し引いた金額の弁済金を受け取る場合であっても、当該諸手数料等に起因又は関連して生じるあらゆる損害等について、MTGOX 及び再生管財人は一切の責任を負わず、私/当社は MTGOX 及び再生管財人に対して当該損害等に関して損害賠償請求、補償請求その他一切の請求をしないこと。
Notwithstanding that I/we have received payment from which various processing charges and fees have been deducted, MTGOX and the Rehabilitation Trustee are not liable in any respect for any Damages arising out of or in connection with such processing charges and fees, and I/we will not make any claim for damages or compensation, or make any other claim with respect to such Damages against MTGOX or the Rehabilitation Trustee.

18. フォークコインに係る再生債権の届出については、ビットコインに関する再生債権の届出をもって、届け出たビットコインの数に応じて、フォークコインに係る再生債権についても届け出たものとみなし、再生債権者は独自にフォークコインに係る再生債権を届け出ないこと。再生債権の届出があるとみなされるフォークコインは、通常の方法により売却可能であり、かつ、組織的価値のあるものに限られ、それ以外のフォークコインについては、再生債権の届出があるとは認められないこと。なお、ビットコインキャッシュは再生債権の届出があるとみなされるフォークコインに含まれること。
The filing of a proof of rehabilitation claim for a Fork Coin is deemed to have been made in proportion to the number of the filed Bitcoin for which the proof of rehabilitation claim has been filed, and the rehabilitation creditor cannot file its own proof of rehabilitation claim for a Fork Coin.  Fork Coins that are deemed to have been filed are limited to those that can be sold in an ordinary manner and that have property value, and no other Fork Coin will be recognized as being deemed to have been filed.  Bitcoin Cash is included in Fork Coins that are deemed to have been filed.

19. 私/当社が届け出た債権を契約により第三者に譲渡する場合には、当該譲渡契約の準拠法は日本法にするものとし、MTGOX 及び再生管財人に当該譲渡を対抗するためには、日本法に基づく債権譲渡の対抗要件その他再生管財人が指定する要件を備えることが必要であること。再生管財人は、各国の法令等の定め及び債権譲渡契約で定められた準拠法の定めにかかわらず、

10

RA00G000353
EXHIBIT H

日本法のみに基づき債権譲渡契約の有効性及び対抗要件其礎の有無を判断すること。再生管財人が日本法に基づき債権譲渡契約の有効性及び対抗要件其他の有無を判断することに起因又は関連して生じるあらゆる損害等について、MTGOX及び再生管財人は一切の責任を負わず、私/当社は MTGOX 及び再生管財人に対して当該損害等に関して損害賠償請求、補償請求その他一切の請求をしないこと。

If I/we intend to transfer or assign any rehabilitation claim that I/we have filed to any third party pursuant to an agreement, the governing law for such agreement shall be Japanese law, and the perfection requirements in accordance with the relevant Japanese law and any other requirements specified by the Rehabilitation Trustee shall be fully satisfied to perfect such claim transfer or assignment against MTGOX and the Rehabilitation Trustee.   The Rehabilitation Trustee will determine the validity of such claim transfer or assignment and perfection thereof pursuant only to Japanese law, irrespective of any statute in each country's Laws and any governing law provided for in such agreement.   MTGOX and the Rehabilitation Trustee are not liable in any respect for any Damages arising out of or in connection with the Rehabilitation Trustee determining the validity of such claim transfer or assignment and perfection thereof pursuant to Japanese law, and I/we will not make any claim for damages or compensation, or make any other claim with respect to such Damages against MTGOX or the Rehabilitation Trustee.

20. 再生管財人による債権譲渡の承認が、債権譲渡の承認に必要な手続（譲渡人及び譲受人の本人確認、譲渡を証明する文書の検証を含むが、これらに限られない。）その他の事由により遅滞した場合であっても、これに起因又は関連して生じるあらゆる損害等について、MTGOX及び再生管財人は一切の責任を負わず、私/当社は MTGOX 及び再生管財人に対して当該損害等に関して損害賠償請求、補償請求その他一切の請求をしないこと。

Notwithstanding that approval by the Rehabilitation Trustee of a claim transfer or assignment is delayed by the procedures necessary for approval of a claim transfer or assignment (including, but not limited to, identity check of the transferor/assignor and transferee/assignee and verification of documents proving transfer or assignment) or any other reason, MTGOX and the Rehabilitation Trustee are not liable in any respect for any Damages arising out of or in connection with such delay, and I/we will not make any claim for damages or compensation, or make any other claim with respect to such Damages against MTGOX or the Rehabilitation Trustee.

21. ある再生債権を譲渡する場合、当該再生債権の全部を譲渡することとし、その一部のみを譲渡しないこと。

If a rehabilitation claim is transferred or assigned, all of such rehabilitation claim, not part thereof, shall be transferred or assigned.

22. ビットコイン等に係る再生債権を譲渡する場合には、対象となるビットコイン及び当該ビットコインから分岐したフォークコインを併せて譲渡するものとし、ビットコイン又はフォークコインに係る再生債権を個別に譲渡しないこと。

If a rehabilitation claim pertaining to Bitcoin, Etc. is transferred or assigned, the Bitcoin subject to such transfer or assignment and the Fork Coin split from such Bitcoin shall be transferred or assigned collectively, and a rehabilitation claim pertaining to Bitcoin or Fork Coin shall not be transferred or assigned individually.

23. 情報の取扱いに関する同意事項

Matters of consent related to information management

(a) 再生管財人が、以下の情報（個人情報の保護に関する法律（平成 15 年法律第 57 号）第 2 条第 1 項により定義される個人情報その他識別された又は識別可能な自然人に関する一切の情報を含むが、これに限られない。以下同じ。）を収集すること。

The Rehabilitation Trustee may collect the information below (including, but not limited to, personal information defined under Article 2(1) of the Act on the Protection of Personal Information (Act No. 57 of 2003) and any other information relating to an identified or identifiable natural person; the same applies below)

i. 私/当社が再生債権の届出を行うときに再生管財人に提供する情報
Information that I/we provided to the Rehabilitation Trustee when I/we file a proof of rehabilitation claim;

ii. 私/当社以外の情報源（身元証明サービス機関を含むが、これに限られない。）から収集する私/当社の情報
Information concerning me/us provided by an information source (including, but not limited to, organizations providing ID

11

RAGGI000354

EXHIBIT H

verification services other than myself/ourselves;

iii.   本破産手続において、私/当社が米破産手続の破産管財人に提供した一切の情報
       all information that I/we provided to the bankruptcy trustee of the Bankruptcy Proceedings;

iv.    私/当社が、MTGOX に提供した一切の情報
       all information that I/we provided to MTGOX; and

v.     その他再生管財人が適正な方法により取得し、又は今後取得する情報
       any other information acquired, or to be acquired going forward, by the Rehabilitation Trustee using an appropriate method

(b)  再生管財人が、収集した上記(a)の情報を、以下の目的で日本国内外で管理及び利用すること。
     The Rehabilitation Trustee may manage and use collected information stated in (a) above for the purposes below in and outside of Japan.

     i.    再生債権の届出、調査、再生計画の立案、再生計画に基づく弁済その他の本民事再生手続の適切な遂行
           filing proofs of rehabilitation claim, investigations of rehabilitation claims, drafting a rehabilitation plan, distribution in
           accordance with a rehabilitation plan, or any other appropriate execution of the Civil Rehabilitation Proceedings;

     ii.   公益的な目的のためにする、日本国内外の行政官庁・捜査機関・司法機関への上記(a)の情報の開示又は提供
           disclosing or providing information stated in (a) above to any government office, any investigation agency, or any judicial
           agency in or outside of Japan for the purpose of serving public interests; and

     iii.  その他上記目的に付随する目的
           any other purposes incidental to the above purposes.

(c)  再生管財人が、上記(b)の目的のため、上記(a)の情報を、第三者（以下の者を含むが、これらに限られない。）に開示又は
     提供する場合があること。これらの第三者には、①米国、②カナダ、③イギリス、④私/当社が所在する国及び⑤私/当社
     が再生債権の弁済の受領のために利用する金融機関又は仮想通貨取引所が所在する国に、それぞれ所在する第三者が含
     まれること。
     The Rehabilitation Trustee may disclose or provide information stated in (a) above for the purpose of (b) above to any third party
     (including, but not limited to, the persons below).   The third parties hereunder include third parties located in (i) the United States
     of America, (ii) Canada, (iii) the United Kingdom, (iv) the country in which I am/we are located, and (v) the country in which the
     financial institution or cryptocurrency exchange that I/we use to receive payment for the rehabilitation claim is located.

     東京地方裁判所その他裁判所（日本国外の裁判所を含む。）、本民事再生手続及び本破産手続（併せて以下「本民事再生
     手続等」という。）における調査委員（その代理及び補佐を含む。）その他の機関、日本国内外の行政官庁・捜査機関、
     管財人が本民事再生手続の遂行のために依頼する法律事務所及びデロイトトーマツコンサルティング合同会社等の
     専門家、金融機関、仮想通貨取引所、他の再生債権者、Eメールサービスプロバイダー、及び詐欺行為検知サービスプ
     ロバイダー
     Tokyo District Court and other courts (including courts outside of Japan); the Examiner (chosa iin) (including deputy examiners
     and assistant examiners) and other officers or bodies in the Civil Rehabilitation Proceedings or the Bankruptcy Proceedings
     (collectively, the "Civil Rehabilitation Proceedings, Etc."); government offices and investigation agencies in or outside of Japan;
     counsel and experts including the law firms and Deloitte Tohmatsu Consulting LLC, which the trustee has retained to proceed with
     the Civil Rehabilitation Proceedings, Etc.; financial institutions; cryptocurrency exchangers; other rehabilitation creditors; email
     service providers; and fraudulent act verification service providers

(d)  管財人は、本民事再生手続等に必要な限りで私/当社のブラウザ設定により影響されない特定の永続クッキーを使用する
     可能性があること。
     The trustee might, to the extent necessary for the Civil Rehabilitation Proceedings, Etc., use a specific permanent cookies setting
     that will be unaffected by my/our browser setting.

12

24. 私/当社が「再生債権者の表示」及び「届出再生債権の表示」に記載した再生債権届出の内容が、オンライン上で他の再生債権者による閲覧の対象となり、また、東京地方裁判所において本民事再生手続の利害関係人の閲覧及び謄写の対象となる場合があること。
The information regarding my/our filed rehabilitation claim completed by me/us in the columns "Information on Rehabilitation Creditor" and "Your Rehabilitation Claim" may be available online to other rehabilitation creditors, and may be subject to the inspection and copying thereof at the Tokyo District Court by an interested party in the Civil Rehabilitation Proceedings.

25. 私が死亡した場合、本民事再生手続との関係では、再生管財人が、日本の法令等及び実務に従って、相続に関する各種関係資料の提出を求め、また、誰を再生債権者として取り扱うかについて判断すること、及び、当該判断に起因して生じるあらゆる損害等について、MTGOX及び再生管財人は一切の責任を負わず、私及び私の相続人はMTGOX及び再生管財人に対して当該損害等に関して損害賠償請求、補償請求その他一切の請求をしないこと。
For the purpose of the Civil Rehabilitation Proceedings, in the event that I died, the Rehabilitation Trustee may, in accordance with the Laws and practices of Japan, request for relevant evidence and explanation on the inheritance and determine who to be treated as the rehabilitation creditor; and MTGOX and the Rehabilitation Trustee are not liable in any respect for any Damages arising out of or in connection with such determination, and I and my heir(s)/successor(s) will not make any claim for damages or compensation, or make any other claim with respect to such Damages against MTGOX or the Rehabilitation Trustee.

26. 本同意事項は日本語を正文とすること。本同意事項につき作成される英語の翻訳文は参考にすぎず、日本語と英語との間で相互に内容の相違、矛盾がある場合であっても、日本語のみが効力を有すること。
The governing language of these terms of consent shall be the Japanese language.   The English-language translation thereof is merely for reference purposes only; and notwithstanding any discrepancy or contradiction in details between the Japanese-language original and the English-language translation the Japanese-language original shall prevail.

27. 本民事再生手続等及びこれに関連又は付随して生じる一切の請求又は紛争は日本法に準拠し、東京地方裁判所を専属的合意管轄裁判所とすること。
The Civil Rehabilitation Proceedings, Etc. and all claims and disputes arising out of, in connection with, or incidental to, the Civil Rehabilitation Proceedings, Etc. are governed by Japanese law, and the Tokyo District Court shall have exclusive jurisdiction.

28. 再生管財人が、本同意事項を必要に応じ変更すること。但し、再生管財人が変更について www.mtgox.com において告知したものに限る。
The Rehabilitation Trustee will, as necessary, amend these terms of consent, However, amendments are limited to those that the Rehabilitation Trustee has notified on the website www.mtgox.com.

13

RAGGIO00356
EXHIBIT H

事件番号　平成２０年（再）第９５号
Case No.: 2017 (sai) No.35
再生債務者　株式会社 MTGOX
Rehabilitation Debtor: MTGOX Co., Ltd.

申　述　書 Statement

2018 年　10 月　9 日
Date:   Year/Mouth/Day

再生債務者株式会社 MTGOX
Rehabilitation Debtor: MTGOX Co., Ltd.

再生管財人　弁護士　小林　信明　殿
To Rehabilitation Trustee: Nobuaki Kobayashi, Attorney-at-Law

※以下の表内については、日本で使われている文字（常用漢字、ひらがな、カタカナ）、アラビア数字（0〜9）及び/又はアルファベットのみで入力してください。例えば、アキュート・アクセント、セディーユ、ウムラウトのような発音に関する記号等を使わないでください。
* Please enter the following using only Japanese characters (kanji in common use, hiragana, katakana), Arabic numerals (0-9), and/or letters of the Roman alphabet. Please do not use any diacritical marks such as acute accents, cedillas and umlauts.

| 【国及び住所】 〒39211<br>Country, zip/postcode and address:<br>4210 Quail Run Road Jackson, Mississippi | 【代理人の住所】 〒 100-8124<br>Agent's address and zip/postcode:<br>Nishimura & Asahi Otemon Tower, 1-1-2 Otemachi, Chiyoda-ku, Tokyo, Japan |
|---|---|
| 【氏名又は法人名及び代表者名】<br>Name of individual or corporation name and name of CEO/managing director:<br>Chris Reggle | 【代理人の氏名】<br>Agent's name<br>Yui Sugano,Kazuki Takada |
| （押印又は署名）Seal or signature | （押印又は署名）Seal or signature |
| 【電話】Telephone number: | 【代理人の電話】Agent's telephone number:<br>+81-3-6250-6200 |
| 【FAX】Facsimile number: | 【代理人の FAX】Agent's facsimile number:<br>+81-3-6250-7200 |
| 【連絡先メールアドレス】Contact e-mail address:<br>※今後通知メールを受領することのできるメールアドレスを記載してください。<br>*Please enter e-mail address at which you can receive e-mail notifications hereafter.<br><br>donald.reggle@gmail.com | 【代理人のメールアドレス】Agent's e-mail address:<br><br><br>18-00-08797@case.jurists.co.jp |
| 【（法人が届け出る場合のみ）事務担当者名】(To be completed by corporations only) Name of contact person: | |
| 【（法人が届け出る場合のみ）事務担当者の住所】(To be completed by corporations only) Address of contact person: | |
| 【（法人が届け出る場合のみ）事務担当者の電話番号】(To be completed by corporations only) Telephone number of contact person: | |
| 【（法人が届け出る場合のみ）事務担当者の FAX 番号】(To be completed by corporations only) Facsimile number of contact person: | |

1

RA0010002857
EXHIBIT H

（１）希望する弁済方法のアンケート
Questionnaire Regarding Preferred Method of Payment.

※ビットコインの返還に関する債権を届け出た再生債権者のみ、ビットコインと金銭のいずれによる弁済を希望するか、ご回答を
お願いいたします（金銭の返還に関する債権については、ビットコインによる弁済を行うことは予定しておりません）。
* Only the creditors who have filed a proof of rehabilitation claim that contains the right to claim for return of Bitcoin are asked to reply
whether they want to receive payment in Bitcoin or in cash. We do not plan to make any payment in Bitcoin for the right to claim for return
of cash.
※このアンケートは、あくまでビットコインの返還に関する債権を届け出る再生債権者の希望を参考情報として把握することを
目的としており、選択した弁済方法による弁済を行うことを保証するものではなく、また、それに再生管財人が拘束されるものではありません。弁済方法について、再生管財人の方針が決まった場合には、その旨改めてお知らせします。
* The purpose of this questionnaire is merely to obtain reference information regarding the preferences of rehabilitation creditors filing proofs
of rehabilitation claim that contain the right to claim for return of Bitcoin.   There is no guarantee that you will be paid with the method that
you selected, and the Rehabilitation Trustee will not be bound by your answers in any respect.   You will be notified when the
Rehabilitation Trustee's policy for distribution is determined.
※なお、ビットコインによる弁済を行う場合には、次のことが想定されます。
* Please note that if payment in Bitcoin is made it is anticipated that:
　①再生管財人の指定する仮想通貨交換業者の取引所を通じた弁済以外は行わず、再生債権者がビットコインでの弁済を受ける
　ためには、再生管財人の指定する仮想通貨交換業者の取引所にユーザーとして登録することが必要となること。
　(i) Payment will be made only through the exchanger designated by the Rehabilitation Trustee and in order for a rehabilitation creditor to
　receive payment in Bitcoin it will be necessary to register as a user at such designated exchanger.
　②再生計画に従ってビットコインの弁済が実施されるまでには長期間を要する可能性があり、その間にビットコインの価格が
　変動する場合があること。
　(ii) It may take a longer period of time to make distribution in Bitcoin pursuant to the rehabilitation plan and the price of Bitcoin may
　fluctuate during such period of time.

下記を選択してください。
Please select from the following:

☑ 届出を行うビットコインの返還に関する債権について、ビットコインでの弁済を希望します。
　 I want to receive Bitcoin for the right to claim for return of Bitcoin.

☐ 届出を行うビットコインの返還に関する債権について、再生管財人が換金のタイミングでビットコインを現金化し、そ
　 の現対価金での弁済を希望します。
　 I want to receive cash from the proceeds from the sales of Bitcoin that will be made by the Rehabilitation Trustee at appropriate
　 timings for the right to claim for return of Bitcoin.

☐ どちらか分からない。
　 I do not have any preference at this moment.

（２）MTGOX のビットコイン取引所において登録していたユーザー情報
User Information Registered with the MTGOX Bitcoin Exchange

※MTGOX のビットコイン取引所に登録していた情報を入力してください。
* Please enter the following using the language used in registering with the MTGOX Bitcoin exchange.
※貴殿/貴社が MTGOX のビットコイン取引所に登録されているユーザーであることを確認するために必要な情報ですので、可能
な限り入力してください。入力された情報が不十分であり、貴殿/貴社がユーザーであることを確認できなかった場合には、貴
殿/貴社の届出債権が認められない場合があります。
* This information is necessary to confirm that you are a User registered with the MTGOX Bitcoin exchange. Please enter the information to
the extent possible. If the information entered is insufficient and it is not possible to confirm that you are a User, your claim might be
rejected.

| ①氏名・名称<br>Name of individual or corporation name | | |
|---|---|---|
| 名　First name | Donald | |
| ミドルネーム　Middle name | | |
| 姓　Last name | Raggio | |
| 会社名　Corporation name | | |
| ②生年月日（個人の場合）<br>Date of birth (in the case of an individual) | Month(mm)　　/Day(dd)　　/Year(yyyy) | |

2

RAGGIO00358
EXHIBIT H

| | |
|---|---|
| ⑤国、郵便番号及び住所<br>Country, zip/postcode and address | |
| 住所 1  Address Line 1 | |
| 住所 2  Address Line 2 | |
| 市区町村  City/Town | |
| 都道府県  State/Province | |
| 国  Country | |
| 郵便番号  Zip/Postcode | |
| ④メールアドレス<br>E-mail address | donald.raggio@gmail.com |
| ⑥銀行口座情報<br>Account Information | |
| 金融機関名・支店名<br>Name of financial institution and branch | |
| 預金種目 Account type | |
| 口座番号 Account number | |
| 口座名義人 Account holder | |
| ⑥ユーザーネーム User name | DonRaggio |
| ⑦パスワード Password | |
| ⑧電話番号 Telephone number | |
| ⑨FAX 番号 Facsimile number | |
| ⑩ユビキー又は OTP カードのシリアルナンバー<br>YubiKey or OTP card serial number | |
| ⑪アカウントナンバー<br>Account number | |

（B）破産手続における債権者番号
　　Creditor Number in Bankruptcy Proceedings

参考情報として、MTGOX の破産手続において破産債権を届け出ていた場合には、破産管財人から付与された債権者番号（A 又は
B から始まる番号）を下記に記載してください。
As reference information, please enter below your creditor number assigned by the bankruptcy trustee (which number begins with "A" or "B"),
provided that you filed the proof of bankruptcy claim in the MTGOX bankruptcy proceedings.

| |
|---|
| |

3

RAGGIO00359
EXHIBIT H

検索結果 詳細-日本郵便

**JP POST 郵便局**　そばにいるから、できることがある。

|企業情報|おしらせ・プレスリリース|よくあるご質問・お問い合わせ|サイトマップ|English|

キーワードを入力してください　[検索]

## 検索結果 詳細
### 【郵便物等】

### 配送状況詳細

| お問い合わせ番号 | 商品種別 |
|---|---|
| 6271-4403-2020 | レターパックプラス |

### 履歴情報

| 状態発生日 | 配送状況 | 詳細 | 取扱局 | 郵便番号 | 県名等 |
|---|---|---|---|---|---|
| 2018/10/16 17:30 | 引受 | | 銀座郵便局 | 100-8799 | 東京都 |
| 2018/10/17 04:32 | 到着 | | 麹町郵便局 | 102-8799 | 東京都 |
| 2018/10/17 11:53 | お届け先にお届け済み "Already delivered" | | 麹町郵便局 | 102-8799 | 東京都 |

### お問い合わせ窓口局

| 取扱区分 | 取扱局 | 電話番号 |
|---|---|---|
| 引受 | 銀座郵便局 | 03-3524-2170 |
| 配達 | 麹町郵便局 | 03-3263-1086 |

※取扱局をクリックするとお問い合わせ先詳細情報が表示されます。

取扱局を調べる　▶

日本郵便株式会社　|企業情報　|サイトのご利用について　|プライバシーポリシー　|利用規約　|採用情報　|ソーシャルメディア

Copyright (C) JAPAN POST Co.,Ltd. All Rights Reserved.

**JP 日本郵政グループ**

RAGGIO00360

EXHIBIT H

EXHIBIT
B
tabbies

| 事件番号　平成２９年（再）第３５号<br>Case No.: 2017 (sai) No. 35 | 裁判所・再生管財人使用欄<br>For Court/ Rehabilitation Trustee Use Only |
|---|---|
| 再生債務者　株式会社 MTGOX<br>Rehabilitation Debtor: MTGOX Co., Ltd<br>再生管財人　弁護士　小林　信明<br>Rehabilitation Trustee: Nobuaki Kobayashi, Attorney-at-Law | No. |
| 届出期間　日本時間２０１８年１０月２２日まで<br>Filing Period: Until October 22, 2018 (Japan time) | |

<table>
<tr><td rowspan="2"><strong>再　生　債　権　届　出　書</strong><br><strong>Proof of Rehabilitation Claim</strong></td><td>平成２９年（再）第３５号<br>2017 (sai) No. 35　書類受領事務担当<br>For Person who Receives This Proof</td></tr>
<tr><td>年　　月　　日受付<br>Date received:</td></tr>
<tr><td>作成日　2018年　2月　6日<br>Date prepared:</td><td></td></tr>
</table>

【重要】届出書式の入力欄ごとに、入力できる文字を記載していますので、当該記載に従ってください。仮に、日本で使われている文字（常用漢字、ひらがな、カタカナ）、アラビア数字（0～9）及び/又はアルファベットのみで入力するよう記載している入力欄にそれら以外の文字を入力した場合には、記載がないものとみなされます。例えば、アキュート・アクセント、セディーユ、ウムラウトのような発音に関する記号等を使わないでください。
Important: The types of characters that can be entered for each field are indicated in the relevant sections of this form. Please ensure that you comply with these indications. If any character other than those that are permitted are entered in fields where it is indicated that only Japanese characters (*kanji* in common use, *hiragana*, *katakana*), Arabic numerals (0-9), and/or letters of the Roman alphabet can be used, that portion of the form will be considered to contain no information. Please do not use any diacritical marks such as acute accents, cedillas and umlauts.

印を使う場合、印は実印に限りませんが、再生計画に基づく弁済時まで使用できるものにしてください。
If you use a seal, and not a signature, the seal used need not be your registered seal, but please use a seal that you will be able to use until the time of payments pursuant to the rehabilitation plan.

届出書のコピーを手元に置いておくと、問い合わせ等の際に便利です。
It will be convenient to keep a copy of the filed proof in the event that you wish to make any inquiries, etc.

東京地方裁判所民事第２０部合議係
Tokyo District Court, Collegiate Section of the 20th Civil Chamber

**再生債権者の表示**
※本届出書に記載された氏名、住所、届出金額等は、法令の定めに従い利害関係人による裁判所での閲覧謄写等の対象になるほか、MTGOX のユーザーによるオンラインでの債権届出のために再生管財人が構築したシステム上で、他の再生債権者による閲覧の対象になる場合があります（但し、いずれの場合も、電話番号、FAX 番号、メールアドレスは除かれる予定です。）。
Information on Rehabilitation Creditor: *The name, address, amount of claim, etc. that are filled in this proof of claim will be made available for such purposes as inspection and copying at the court by any interested party in accordance with the laws and regulations, and may also be made available for inspection by other rehabilitation creditors, through the System built by the Rehabilitation Trustee for the online filing of proofs of rehabilitation claims by MTGOX users; however, in either case, it is being planned that your telephone number, fax number and e-mail address will be redacted.

**【国及び住所】〒**
210 East Capitol Street, Suite 2200, Jackson, Mississippi (United States) 39201-2375
Country, zip/postcode and address:
※日本で使われている文字（常用漢字、ひらがな、カタカナ）、アラビア数字（0～9）及び/又はアルファベットのみで入力してください。例えば、アキュート・アクセント、セディーユ、ウムラウトのような発音に関する記号等を使わないでください。
* Please enter using only Japanese characters (*kanji* in common use, *hiragana*, *katakana*), Arabic numerals (0-9), and/or letters of the Roman alphabet. Please do not use any diacritical marks such as acute accents, cedillas and umlauts.

**【氏名又は法人名及び代表者名】**　　　　（押印又は署名）Seal or signature
Name of individual or company name and name of authorized representative:
Ethan Jacobs, Win Gault, and Peyton Smith
o/b/o Jed McCaleb
※日本で使われている文字（常用漢字、ひらがな、カタカナ）、アラビア数字（0～9）及び/又はアルファベットのみで入力してください。例えば、アキュート・アクセント、セディーユ、ウムラウトのような発音に関する記号等を使わないでください。
* Please enter using only Japanese characters (*kanji* in common use, *hiragana*, *katakana*), Arabic numerals (0-9), and/or letters of the Roman alphabet. Please do not use any diacritical marks such as acute accents, cedillas and umlauts.

※代理人名義で届け出る場合には、下欄も記入してください。（委任状原本添付必要）
* If your agent is filing your proof of rehabilitation claim as your proxy, please fill in the following information (the original of the power of attorney must be attached).
※代理人に関する入力も、日本で使われている文字（常用漢字、ひらがな、カタカナ）、アラビア数字（0～9）及び/又はアルファベットのみで入力してください。例えば、アキュート・アクセント、セディーユ、ウムラウトのような発音に関する記号等を使わないでください。
* Entries concerning the agent must be made using only Japanese characters (*kanji* in common use, *hiragana*, *katakana*), Arabic numerals (0-9), and/or letters of the Roman alphabet. Please do not use any diacritical marks such as acute accents, cedillas and umlauts.

**代理人の住所　〒**
210 East Capitol Street, Suite 2200, Jackson, Mississippi (United States) 39201-2375
Agent's address and zip/postcode:

**代理人の氏名 Agent's name**　　　　　　　　（押印又は署名）Seal or signature
Ethan Jacobs, Win Gault, and Peyton Smith

1

## 1. 届出再生債権の表示 Your Rehabilitation Claim

届出再生債権の内容としては、MTGOXに預けていた①金銭及び②ビットコイン等（ビットコイン及びビットコインから分岐した他の仮想通貨を総称していいます。以下同じ。）のそれぞれの返還に関する債権です。金銭については金額を、ビットコイン等については数量を、それぞれ次の頁に入力してください。

The rehabilitation claims are comprised of the rights to claim for return of (i) cash and (ii) Bitcoin, Etc. (meaning Bitcoin and other cryptocurrencies split from Bitcoin collectively; the same applies hereafter) deposited with MTGOX.  Please enter the following in the next page: (i) for cash, its amount; and (ii) for Bitcoin Etc., its quantity.

①金銭の返還に関する債権については、以下のとおり想定しています。
  The following treatment is expected to apply to the right to claim for cash:
  ⅰ）日本円以外の金銭の返還に関する債権は、破産手続においては破産法の規定に従い一定の評価額で円換算していましたが、本民事再生手続（東京地方裁判所平成29年（再）第35号をいいます。以下同じ。）においては円換算せずに当該外国通貨の返還に関する債権として届け出ること
  (i)  The right to claim for return of cash denominated in currencies other than Japanese yen is filed as a monetary claim in such currencies, not converted into Japanese yen, under the Civil Rehabilitation Proceedings (referring to Tokyo District Court 2017 (sai) Case No. 35; the same applies hereinafter) whereas such right was converted into Japanese yen at a specific exchange rate in accordance with the provisions of the Bankruptcy Act of Japan under the bankruptcy proceedings.
  ⅱ）MTGOXのビットコイン取引所において金銭取引が停止した日（日本時間2014年2月26日）から本民事再生手続開始前日（日本時間2018年6月21日）まで、年6%の遅延損害金が生じており、それも届出の対象となること
  (ii)  Delay damages at the rate of 6% per annum had accrued for the period from the date on which the MTGOX Bitcoin exchange stopped operating its cash transaction (i.e., February 26, 2014 Japan time) till the day before the commencement of the Civil Rehabilitation Proceedings (June 21, 2018, Japan time); this delay damages are also included in a proof of rehabilitation claim that you file.
  ⅲ）本民事再生手続開始後の遅延損害金（額未定）も届出の対象となること（但し、民事再生手続開始後の遅延損害金については、民事再生の実務では、再生計画において免除される例が多くなっております。）。
  (iii)  Delay damages which have accrued subsequent to the commencement of the Civil Rehabilitation Proceedings (which amount is uniliquidated) are also included in a proof of rehabilitation claim that you file; please note, however, that it is the common practice in the recent civil rehabilitation proceedings that delay damages subsequent to the commencement of civil rehabilitation proceedings are fully released and discharged under rehabilitation plans.

②ビットコイン等の返還に関する債権については、以下のとおり想定しています。
  The following treatment is expected to apply to the right to claim for return of Bitcoin, Etc..
  ⅰ）破産手続においては破産法の規定に従い一定の評価額で金銭債権とみなしていましたが、本民事再生手続では非金銭債権として届け出ること
  (i)  The right to claim for return of Bitcoin, Etc. is filed as a non-monetary claim under the Civil Rehabilitation Proceedings whereas such right was deemed as a monetary claim that was evaluated at a certain amount in accordance with the provisions of the Bankruptcy Act of Japan under the Bankruptcy Proceedings.
  ⅱ）MTGOXに預けていたビットコインから分岐した他の仮想通貨（通常の方法により売却が可能であり、かつ財産的価値のあるものに限ります。ビットコインキャッシュはこれに含まれます。）に関しても届け出ること。但し、ビットコイン以外の仮想通貨の返還に関する債権は、届け出たビットコインの数に応じて、届け出たものとみなされるため、独自に記載する必要はありません（なお、ビットコインキャッシュは下記の議決権額の算定のために表示されています。）。
  (ii)  A proof of rehabilitation claim will also be filed for other cryptocurrencies split from Bitcoin that were deposited with MTGOX (limited to those that can be sold in an ordinary manner and that have property value; Bitcoin Cash is included therein). The filing of a proof of rehabilitation claim for cryptocurrencies other than Bitcoin is deemed to have been made in proportion to the number of the filed Bitcoin for which the proof of rehabilitation claim has been filed, and thus does not need to be filed separately; however, Bitcoin Cash is shown below for the purpose of computing the amount of voting rights.
  ⅲ）非金銭債権であるため遅延損害金は発生しないこと
  (iii)  No delay damages will accrue because such right is regarded as a non-monetary claim.

| 債権の種類<br>Type of claim | 債権額<br>Amount of claim | | 遅延損害金<br>Delay Damages | | 合計額<br>Total | | 債権の内容及び原因<br>Details and cause of claim |
|---|---|---|---|---|---|---|---|
| （1）金銭の返還に関する債権<br>The Right to Claim for Return of Cash<br>※金額をアラビア数字で入力してください。<br>*Please enter the amount by using Arabic numerals<br>※日本円以外の金銭の返還に関する債権は、円換算せずに入力してください。<br>* If you have the right to claim for return of cash in a currency other than Japanese yen please enter it in such currency without converting into Japanese yen. | | 円 yen | 0 | 円 yen | 0 | 円 yen | 再生債務者に対する金銭の返還に関する債権<br>The right to claim for return of cash against the Rehabilitation Debtor. |
| | | USD | 0.00 | USD | 0.00 | USD | |
| | | EUR | 0.00 | EUR | 0.00 | EUR | |
| | | GBP | 0.00 | GBP | 0.00 | GBP | |
| | | AUD | 0.00 | AUD | 0.00 | AUD | 遅延損害金は、MTGOXのビットコイン取引所において金銭取引が停止した日（日本時間2014年2月26日）から本民事再生手続開始前日（日本時間2018年6月21日）まで年6%の割合で計算している。<br>Delay damages are computed at the rate of 6% per annum for the period from the date on which the MTGOX Bitcoin exchange stopped operating its cash transaction (*i.e.* February 26, 2014 Japan time) until the day before the commencement of the Civil Rehabilitation Proceedings (June 21, 2018 Japan time). |
| | | CAD | 0.00 | CAD | 0.00 | CAD | |
| | | CHF | 0.00 | CHF | 0.00 | CHF | |
| | | PLN | 0.00 | PLN | 0.00 | PLN | |
| | | NZD | 0.00 | NZD | 0.00 | NZD | |
| | | HKD | 0.00 | HKD | 0.00 | HKD | |
| | | RUB | 0.00 | RUB | 0.00 | RUB | |
| | | NOK | 0.00 | NOK | 0.00 | NOK | |
| | | SEK | 0.00 | SEK | 0.00 | SEK | |
| | | DKK | 0.00 | DKK | 0.00 | DKK | |
| | | SGD | 0.00 | SGD | 0.00 | SGD | |
| | | CZK | 0.00 | CZK | 0.00 | CZK | |
| | | INR | 0.00 | INR | 0.00 | INR | |
| | | CNY | 0.00 | CNY | 0.00 | CNY | |
| | | THB | 0.00 | THB | 0.00 | THB | |
| | | KRW | 0 | KRW | 0 | KRW | |
| （2）ビットコイン等の返還に関する債権 The Right to Claim for Return of Bitcoin, Etc.<br>※ビットコイン等の返還に関する債権は、金額ではなく数量をアラビア数字で入力してください。<br>* For the right to claim for return of Bitcoin, Etc., please enter the quantity, not the amount. | | | | | 9,406.33000000 BTC<br>（ビットコインの数量）<br>(Quantity of Bitcoin) | | 再生債務者に対するビットコイン等の返還に関する債権<br>The right to claim for return of Bitcoin, Etc. against the Rehabilitation Debtor. |
| | | | | | 9,406.33000000 BCH<br>（ビットコインキャッシュの数量）<br>(Quantity of Bitcoin Cash) | | ビットコイン等の返還に関する債権は、非金銭債権であるため、遅延損害金が発生しない。<br>No delay damages will accrue for the right to claim for return of Bitcoin, Etc. because such right is regarded as a non-monetary claim. |

私/当社は、ビットコインから分岐した他の仮想通貨（通常の方法により売却が可能であり、かつ財産的価値のあるものに限り、ビットコインキャッシュはこれに含まれる。）についても、届け出たビットコインの数量に応じて届け出る。
I/We hereby file other cryptocurrencies split from Bitcoin (limited to those that can be sold in an ordinary manner and that have property value; Bitcoin Cash is included therein) in proportion to the quantity of the filed Bitcoin for which the proof of rehabilitation claim has been filed.

私/当社は、金銭に関する債権については、本民事再生手続開始後の遅延損害金（額未定）も再生債権として届け出る。
I/We hereby also file, as a rehabilitation claim, delay damages which have accrued subsequent to the commencement of the Civil Rehabilitation Proceedings (which amount is unliquidated) in respect of the right to claim for return of cash.

## 2. 届出再生債権すべてに係る議決権の合計額の表示
### Total Amount of Voting Rights on All Filed Rehabilitation Claims

日本の民事再生法上、再生債権とは別に議決権（再生計画案の決議の際に行使されることになります。）の額を届け出なければならないことになっています。この議決権の額については、民事再生法上、日本円以外の金銭債権及びビットコイン等の非金銭債権は、民事再生手続開始時における評価額（円での換算レート）で算定することになっています。
Under the Civil Rehabilitation Act of Japan, apart from the amount of claims, the amount of voting rights (which will be exercised at the time of voting on a proposed rehabilitation plan) is also required to be filed.   Such amount of voting rights in respect of monetary claims denominated in currencies other than Japanese yen and non-monetary claims such as Bitcoin Etc. are required under the Civil Rehabilitation Act to be computed based on the appraisal value (*i.e.*, a specific conversion rate to Japanese yen) as of the time of commencement of civil rehabilitation proceedings.

換算レートについては、①日本円以外の金銭の返還に関する債権については本民事再生手続開始前日（日本時間 2018 年 6 月 21 日）の東京外国為替市場・電信為替相場、②ビットコイン及びビットコインキャッシュの返還に関する債権については日本時間 2018 年 6 月 21 日 23 時 59 分の CoinDesk が発表するビットコイン及びビットコインキャッシュの米国ドル建て相場を①の相場により日本円に換算した金額によって、それぞれ日本円に換算されます（下記の換算レート一覧表をご確認ください。）。ビットコインキャッシュ以外のビットコインから分岐した他の仮想通貨については額未定として取り扱い、議決権の額には含めません。
The conversion rate into Japanese yen is as follows: (i) for the right to claim for return of cash in a currency other than Japanese yen, the exchange rate publicly announced as the Tokyo Foreign Currency Market / Telegraphic Transfer Selling Rate on the day before the commencement of the Civil Rehabilitation Proceedings (June 21, 2018, Japan time); and (ii) for the right to claim for return of Bitcoin and Bitcoin Cash, the amount obtained by converting the prices of Bitcoin and Bitcoin Cash denominated in USD published by CoinDesk at 23:59 on June 21, 2018 (Japan time) into Japanese yen using the exchange rate referred to in the above (i).   The amount of other cryptocurrencies split from Bitcoin other than Bitcoin Cash will be treated as unliquidated and will not be included in the amount of voting rights.

| | |
|---|---|
| 届出再生債権すべてに係る議決権の合計額（但し、民事再生法 87 条 2 項、3 項に該当する部分を除く。）<br>The total of voting rights on all the filed rehabilitation claims (excluding the portion subject to Article 87, Paragraphs 2 and 3 of the Civil Rehabilitation Act) | 7,965,280,128 円 yen |

私/当社は、上記の要領に従って届出再生債権すべてに係る議決権を届け出ます。
I/We hereby file the amount of voting rights in respect of all the filed rehabilitation claims as set out above.

【換算レート一覧表】【Table of Conversion Rates】

| 通貨の種類<br>Currency | 換算レート<br>Conversion Rate |
|---|---|
| USD | 111.43 |
| EUR | 129.34 |
| GBP | 149.46 |
| AUD | 83.39 |
| CAD | 84.60 |
| CHF | 111.75 |
| PLN | 30.80 |
| NZD | 77.69 |
| HKD | 14.51 |
| RUB | 1.98 |
| NOK | 13.80 |

| 通貨の種類<br>Currency | 換算レート<br>Conversion Rate |
|---|---|
| SEK | 12.82 |
| DKK | 17.45 |
| SGD | 82.12 |
| CZK | 5.07 |
| INR | 1.79 |
| CNY | 17.35 |
| THB | 3.45 |
| KRW | 0.1 |
| BTC | 749318.83 |
| BCH | 97481.19 |

3. 訴訟の有無 （訴訟等が係属している再生債権者のみ記入）
**Existence of lawsuits, etc. (please complete only if such lawsuits, etc. are currently pending)**

※日本で使われている文字（常用漢字、ひらがな、カタカナ）、アラビア数字（0〜9）及び/又はアルファベットのみで入力してください。例えば、アキュート・アクセント、セディーユ、ウムラウトのような発音に関する記号等を使わないでください。
\* Please enter using only Japanese characters (*kanji* in common use, *hiragana*, *katakana*), Arabic numerals (0-9), and/or letters of the Roman alphabet. Please do not use any diacritical marks such as acute accents, cedillas and umlauts.

| 再生債権につき係属する訴訟又は行政庁に係属する事件<br>Pending lawsuit or administrative proceedings related to the rehabilitation claim | 国 Country:<br>裁判所又は行政庁名<br>Name of Court or Government organization:<br>当事者名<br>Parties:<br>事件番号<br>Case no.: | United States<br><br>United States District Court for Southern District of Mississippi<br><br>Dr. Donald Raggio, Dr. Chris Raggio, Jed McCaleb, Code Collective, LLC, Mt. Gox Inc.<br><br>3:19-cv-00022-HTW-LRA | 事件名<br>Case name: Raggio v. MTGOX, et al |

4. 執行力ある債務名義又は終局判決 （届出再生債権について執行力ある債務名義を有する再生債権者のみ記入）
**Existence of enforceable title of obligation or final judgment (please complete only if you are rehabilitation creditor with enforceable title of obligation in respect of the rehabilitation claim filed under the proof of claim)**

執行力ある債務名義有り　　　　　　合計　　通（コピーを提出してください。）
I/We have enforceable title of obligation;　　Total number:　（please submit copies）

---

同意事項 **Terms**

私/当社は、頭書事件について、再生債権の届出をするにあたり、以下の事項について同意及び表明いたします。
I/We hereby agree to the following terms and represent as set forth in the following terms, in relation to the filing of my/our rehabilitation claim for the case indicated above.

1. 私/当社は、届出名義人本人であり、私/当社が届け出た情報は真実、正確かつ完全であること。その違反に起因又は関連して生じるあらゆる損害、損失、債務、コスト又は費用（以下「損害等」という。）及びMTGOXの民事再生手続（東京地方裁判所平成29年（再）第35号。以下「本民事再生手続」という。）における管財人（その代理及び補佐を含み、以下「再生管財人」という。）は一切の責任を負わず、私/当社はMTGOX及び再生管財人に対して当該損害等に関して損害賠償請求、補償請求その他一切の請求をしないこと。
I am/We are the person/entity that has filed this proof of rehabilitation claim, and I/we represent that the information that I/we have provided therein is true, accurate, and complete.  MtGox Co., Ltd. ("MTGOX") and the trustee (including deputy trustees and assistant trustees; the "Rehabilitation Trustee") of the MTGOX civil rehabilitation proceedings (Tokyo District Court; 2017 (sai) Case No. 35; the "Civil Rehabilitation Proceedings") are not liable in any respect for any damage, loss, liability, cost or expense ("Damages") arising out of or in connection with any breach of such representation, and I/we will not make any claim for damages or compensation, or make any other claim with respect to such Damages against MTGOX or the Rehabilitation Trustee.

2. 再生管財人の故意によらず、ビットコイン及びビットコインから分裂した他の仮想通貨（以下「フォークコイン」といい、ビットコインと総称して「ビットコイン等」という。）の技術上の問題・障害等に起因又は関連して生じるあらゆる損害等（ビットコイン等は金銭による弁済を受領できないことによる損害を含むが、これに限られない。）について、MTGOX及び再生管財人は一切の責任を負わず、私/当社は MTGOX 及び再生管財人に対して当該損害等に関して損害賠償請求、補償請求その他一切の請求をしないこと。
MTGOX and the Rehabilitation Trustee are not liable in any respect for any Damages arising out of or in connection with any technical issue, impediment, or other ground, in the absence of without willful misconduct by the Rehabilitation Trustee, regarding Bitcoin or any other cryptocurrency split from Bitcoin (a "Fork Coin"; collectively with Bitcoin, "Bitcoin, Etc.") (including, but not limited to, any damage related to payments in Bitcoin, Etc. or cash not being received), and I/we will not make any claim for damages or compensation, or make any other claim with respect to such Damages against MTGOX or the Rehabilitation Trustee.

3. 私/当社は、本書式のダウンロードその他のために必要なコンピュータ等の機器、ソフトウェアその他のアプリケーション、通信回線その他の通信環境等の準備（必要なアプリケーションのインストールを含む。）及び維持、並びに自らの利用環境に応じたコンピュータ・ウイルスの感染の防止、不正アクセス及び情報漏洩の防止等のセキュリティ対策を、自らの費用と責任において行うこと。本項に定める事項の違反に起因又は関連して生じるあらゆる損害等について、MTGOX 及び再生管財人は一切の責任を負わず、私/当社は MTGOX 及び再生管財人に対して当該損害等に関して損害賠償請求、補償請求その他一切の請求をしないこと。私/当社は、MTGOX 及び再生管財人が利用環境を推奨した場合であっても動作保証は行わないことを認識し、これに同意していること。

I/We will, at my/our expense and responsibility, setup and maintain computers and other equipment, software and other applications, telecommunication lines and other telecommunication environments, among others, necessary to download this form (including installing necessary applications) and, in accordance with my/our use environment, take security measures, such as preventing infection by computer viruses, unauthorized access and information divulgence. MTGOX and the Rehabilitation Trustee are not liable in any respect for any Damages arising out of or in connection with any breach of any matter stipulated in this paragraph, and I/we will not make any claim for damages or compensation, or make any other claim with respect to such Damages against MTGOX or the Rehabilitation Trustee. I/We acknowledge and agree that notwithstanding that MTGOX and the Rehabilitation Trustee have recommended a use environment its operation is not guaranteed in any respect.

4. 私/当社は、自らの責任において、MTGOX のビットコイン取引所に登録していたユーザーネーム、メールアドレス及びパスワード、MTGOX の破産手続（東京地方裁判所平成 26 年（フ）第 3830 号。以下「本破産手続」という。）において債権者情報として登録した連絡先メールアドレス等私は債権者であることの確認のために必要な情報及びこれに関連するもの（以下、総称して「パスワード等」という。）を管理、保管するものとし、パスワード等を第三者に利用させたり、貸与、譲渡、名義変更、売買その他処分をしたりしないこと。再生管財人は、私/当社のパスワード等により行われた一切の行為を、私/当社の行為とみなすことができ、パスワード等の管理不十分、使用上の過誤、漏洩、第三者の使用、盗用等に起因又は関連して生じるあらゆる損害等について、MTGOX 及び再生管財人は一切の責任を負わず、私/当社は MTGOX 及び再生管財人に対して当該損害等に関して損害賠償請求、補償請求その他一切の請求をしないこと。

I/We will, at my/our responsibility, manage and store user names, email address and passwords registered on the MTGOX Bitcoin exchange; the contact address registered as creditor information in the bankruptcy proceedings (Tokyo District Court; 2014 (fu) Case No. 3830; the "Bankruptcy Proceedings"); or any other information necessary for identity confirmation and anything related thereto (collectively, the "Passwords") and will neither permit any third party to use the Passwords nor lend, assign, transfer ownership, trade, or handle the Passwords in any other manner. The Rehabilitation Trustee may deem all acts conducted with my/our Passwords as mine/our act; and MTGOX and the Rehabilitation Trustee are not liable in any respect for any Damages arising out of or in connection with insufficient management, erroneous use, divulgence, third party use, illegal use, or otherwise of the Passwords, and I/we will not make any claim for damages or compensation, or make any other claim with respect to such Damages against MTGOX or the Rehabilitation Trustee.

5. 私/当社は、再生管財人が定めている又は今後定める、再生管財人が用意した方式・方法による届出、通知及びこれに関連する事項を行う際のルール（今後の変更を含む。）を理解した上でこれに従うものとし、当該ルールに違反し、又は違反しようとしたことに起因又は関連して生じるあらゆる損害等について、MTGOX 及び再生管財人は一切の責任を負わず、私/当社は MTGOX 及び再生管財人に対して当該損害等に関して損害賠償請求、補償請求その他一切の請求をしないこと。

I/We will familiarize myself/ourselves with and follow current rules  or future rules (as amended from time to time) for any filing/notifying with the form/method the Rehabilitation Trustee provided and anything related thereto  stipulated, by the Rehabilitation Trustee; and MTGOX and the Rehabilitation Trustee are not liable in any respect for any Damages arising out of or in connection with any breach of or any attempted breach of the rules, and I/we will not make any claim for damages or compensation, or make any other claim with respect to such Damages against MTGOX or the Rehabilitation Trustee.

6. 他のウェブサイトから MTGOX のウェブサイトへのリンクが提供されている場合においても、MTGOX のウェブサイト以外のウェブサイト及びそこから得られる情報並びにそれに起因又は関連して生じる損害等について、MTGOX 及び再生管財人

は一切の責任を負わず、私/当社は MTGOX 及び再生管財人に対して当該損害等に関して損害賠償請求、補償請求その他一切の請求をしないこと。

MTGOX and the Rehabilitation Trustee are not liable in any respect for any website other than MTGOX's website, any information obtained therefrom, and any Damages arising out of or in connection with the same, notwithstanding that MTGOX's website may be linked on another website, and I/we will not make any claim for damages or compensation, or make any other claim with respect to such Damages against MTGOX or the Rehabilitation Trustee.

7. 私/当社と他の再生債権者その他の者との間において生じた取引、連絡、紛争等については、私/当社の責任において処理及び解決するものとし、かかる事項及びそれに起因又は関連して生じるあらゆる損害等について、MTGOX 及び再生管財人は一切の責任を負わず、私/当社は MTGOX 及び再生管財人に対して当該損害等に関して損害賠償請求、補償請求その他一切の請求をしないこと。

I/we will, at my/our responsibility, handle and resolve any and all transactions, communication, disputes, among others, arising between me/us, another rehabilitation creditor, or any other person; and MTGOX and the Rehabilitation Trustee are not liable in any respect for any relevant matter and any Damages arising out thereof or in connection therewith, and I/we will not make any claim for damages or compensation, or make any other claim with respect to such Damages against MTGOX or the Rehabilitation Trustee.

8. 法律、政令、法令、命令、通達、条例、ガイドラインその他の規制（以下「法令等」という。）又は消費税を含む税制の将来の制定又は変更に起因又は関連して生じるあらゆる損害等について、MTGOX 及び再生管財人は一切の責任を負わず、私/当社は、MTGOX 及び再生管財人に対して当該損害等に関して損害賠償請求、補償請求その他一切の請求をしないこと。また、法令等又は消費税を含む税制の将来の制定又は変更が過去に遡及した場合に、これに起因又は関連して生じるあらゆる損害について、MTGOX 及び再生管財人は一切の責任を負わず、私/当社は MTGOX 及び再生管財人に対して当該損害等に関して損害賠償請求、補償請求その他一切の請求をしないこと。

MTGOX and the Rehabilitation Trustee are not liable in any respect for any Damages arising out of or in connection with a future enactment or amendment to a law, cabinet order, ordinance, order, directive, bylaw, guideline, or any other regulation ("Laws") or the tax system, including consumption tax; and I/we will not make any claim for damages or compensation, or make any other claim with respect to such Damages against MTGOX or the Rehabilitation Trustee.   Further, MTGOX and the Rehabilitation Trustee are not liable in any respect for any Damages arising out of or in connection with any future enactment or amendment with a retroactive effect on Laws or the tax system including consumption tax, and I/we will not make any claim for damages or compensation, or make any other claim with respect to such Damages against MTGOX or the Rehabilitation Trustee.

9. 裁判所又は再生管財人が、私/当社が申述書欄に入力した連絡先メールアドレス宛に電子メールにより通知を送信することによって、私/当社に対する適法な通知があったものとみなすこと。当該メールアドレスの不備等（メールアドレスの記載漏れを含む。）に起因又は関連して、当該メールアドレスに宛てた電子メールを送信することができず又は電子メールが到達しない場合（到達が確認できない場合を含む。）であっても同様とすること。

An appropriate notification is deemed to have been made to me/us if the court or the Rehabilitation Trustee sends a notification via email to the email address I/we entered in the Statement.  The same applies notwithstanding that, due to, or in connection with, an inadequacy, inaccurateness or incompleteness, or any other issue (including omission of the email address), in or with that email address, an email addressed to that email address cannot be sent or the email is not delivered including where receipt is unconfirmed.

10. 私/当社が本届出書を利用して行った再生債権の届出の内容について、再生管財人が裁判所その他必要な第三者に提出すること。

The Rehabilitation Trustee may submit the proof of rehabilitation claim filed by me/us using this form to the court and other third parties as necessary.

11. 私/当社は、本民事再生手続においてパスワード等を用いて入手することができる一切の情報（他の再生債権者に関する情報を含むが、これに限られない。）を、本民事再生手続における権利行使の目的にのみ使用することとし、第三者に提供、開

示又は漏洩しないこと。

I/We will use information (including, but not limited to, information related to any other rehabilitation creditors) acquired by using the Passwords in the Civil Rehabilitation Proceedings only for the purpose of exercising rights in the Civil Rehabilitation Proceedings and will not provide, disclose, or divulge such information to any third party.

12. 私/当社の本民事再生手続における議決権の額は、再生管財人が提示する次の為替レートによって、円換算されて評価されること。

The amount of my/our voting rights in the Civil Rehabilitation Proceedings is computed through conversion to Japanese Yen (JPY) using the following exchange rates provided by the Rehabilitation Trustee:

(a) 外国通貨　平成 30 年 6 月 21 日（日本時間）の東京外国為替市場・電信為替売相場として三菱 UFJ リサーチ＆コンサルティング株式会社が公表した相場

Foreign currency:

the exchange rates publicly announced by Mitsubishi UFJ Research and Consulting Co., Ltd. as the Tokyo Foreign Exchange Market / Telegraphic Transfer Selling Rate on June 21, 2018 (Japan Time)

(b) ビットコイン　平成 30 年 6 月 21 日 23 時 59 分（日本時間）時点の CoinDesk が発表する米国ドル建てのビットコイン相場を(a)の相場により日本円に換算した金額（1 BTC＝6,724.57 米国ドル＝749,318.83 円。1 米国ドル＝111.43 円）

Bitcoin:

the amount obtained by converting the Bitcoin price denominated in USD announced by CoinDesk at 23:59 on June 21, 2018 (Japan Time) to JPY using the exchange rate referred to in the above (a). (1 BTC＝6,724.57 USD＝749,318.83 JPY; 1 USD＝111.43 JPY)

(c) ビットコインキャッシュ　平成 30 年 6 月 21 日 23 時 59 分（日本時間）時点の CoinDesk が発表する米国ドル建てのビットコインキャッシュ相場を(a)の相場により日本円に換算した金額（1 BCH＝874.82 米国ドル＝97,481.19 円。1 米国ドル＝111.43 円）

Bitcoin Cash:

the amount obtained by converting the Bitcoin Cash Price denominated in USD announced by CoinDesk at 23:59 on June 21, 2018 (Japan time) to JPY using the exchange rate referred to in the above (a). (1 BCH＝874.82 USD＝97,481.19 JPY; 1 USD＝111.43 JPY)

(d) その他の仮想通貨　金額は未定

Amounts for other cryptocurrencies: not determined

13. 本民事再生手続においては、ビットコイン等の返還請求権は非金銭債権として取り扱われ、当該返還請求権に係る遅延損害金は生じないこととすること。

In the Civil Rehabilitation Proceedings, the right to claim for return of Bitcoin Etc. is treated as a non-monetary claim, and no delay damages pertaining to such right to claim for return will accrue.

14. 再生管財人の私/当社への弁済（金銭及びビットコイン等の弁済を含む。）及びこれに関連する行為が、日本国の外国為替及び外国貿易法、米国財務省の金融制裁（OFAC 規制）その他私/当社に関して適用のあるいかなる法令等にも抵触しないこと。再生管財人は、再生管財人の実施する私/当社への弁済及びこれに関連する行為が、日本国外の法令等に抵触しないことをいかなる意味においても保証しないこと。これらの法令等への抵触に起因又は関連して生じるあらゆる損害等について、MTGOX 及び再生管財人は一切の責任を負わず、私/当社は MTGOX 及び再生管財人に対して当該損害等に関して損害賠償請求、補償請求その他一切の請求をしないこと。再生管財人の私/当社への弁済に起因又は関連して私/当社に課される一切の公租公課（当該弁済の態様によって公租公課の額が増減する場合を含む。）は、私/当社が負担し、当該公租公課又はその増減に起因又は関連して生じるあらゆる損害等について、MTGOX 及び再生管財人は一切の責任を負わず、私/当社は MTGOX 及び再生管財人に対して当該損害等に関して損害賠償請求、補償請求その他一切の請求をしないこと。

Any payment (including payment of cash and Bitcoin Etc.) to me/us by the Rehabilitation Trustee and any act related thereto do not

conflict with the Foreign Exchange and Foreign Trade Act of Japan, the United States Department of the Treasury's financial sanctions (OFAC regulations) and any other applicable Laws.   The Rehabilitation Trustee does not guarantee, in any respect, that payment to me/us by the Rehabilitation Trustee and any act related thereto do not conflict with Laws outside of Japan.   MTGOX and the Rehabilitation Trustee are not liable in any respect for any Damages arising out of or in connection with any conflict with any applicable Laws, and I/we will not make any claim for damages or compensation, or make any other claim with respect to such Damages against MTGOX or the Rehabilitation Trustee.   I/We will bear all taxes and other public charges (including any increases or decreases in the amount of taxes and other public charges due to the manner of the payment) levied on me/us arising out of or in connection with any payment to me/us by the Rehabilitation Trustee; and MTGOX and the Rehabilitation Trustee are not liable in any respect for any Damages arising out of or in connection with such taxes and other public charges and increase or decrease thereof, and I/we will not make any claim for damages or compensation, or make any other claim with respect to such Damages against MTGOX or the Rehabilitation Trustee.

15. 再生管財人が、仮想通貨取引所（日本国内の仮想通貨交換業者を含むが、これに限られない。以下同じ。）又は金融機関（資金移動業者を含む。以下同じ。）に開設された再生債権者の口座に対して弁済金を振り込む場合、私/当社は、再生管財人の指定する方法により届け出た氏名・名称と同一名義の仮想通貨取引所又は金融機関の口座で受け取ること。

If the Rehabilitation Trustee transfers the money for distribution to an account of a rehabilitation creditor opened at a cryptocurrency exchange (including, but not limited to, cryptocurrency exchangers in Japan; the same applies below) or a financial institution (including fund transfer operators; the same applies below), I/we will receive the same in the account at the cryptocurrency exchange or the financial institution under the same name as that name I/we notified in the manner designated by the Rehabilitation Trustee.

16. 私/当社が再生管財人の指定する仮想通貨取引所に開設した口座でビットコイン等及び/又は金銭で弁済を受ける場合には、次の各事項。

If I/we receive payment in Bitcoin Etc. and/or in cash in an account opened at the cryptocurrency exchange designated by the Rehabilitation Trustee, the following applies:

(a) 私/当社は、送付先等の必要情報を正確に提供しなければならず、その誤りから結果的にビットコイン等及び/又は金銭を受領できなかったとしても、それに起因又は関連して生じるあらゆる損害等について、MTGOX 及び再生管財人は一切の責任を負わず、私/当社は MTGOX 及び再生管財人に対して当該損害等に関して損害賠償請求、補償請求その他一切の請求をしないこと。

I/we must accurately provide necessary information about my/our accounts, among others, and, notwithstanding that an error therein results in my/our not receiving Bitcoin, Etc. or cash, MTGOX and the Rehabilitation Trustee are not liable in any respect for any Damages arising out of or in connection with such non-receipt, and I/we will not make any claim for damages or compensation, or make any other claim with respect to such Damages against MTGOX or the Rehabilitation Trustee.

(b) 再生管財人がビットコイン等及び/又は金銭を当該仮想通貨取引所に交付した時点で弁済が完了し、MTGOX 及び再生管財人の弁済義務は消滅するものとし、再生管財人による当該仮想通貨取引所へのビットコイン等及び/又は金銭の交付後、私/当社が何らかの理由（仮想通貨のブロックチェーンの不具合、仮想通貨取引所のシステムの不具合を含むが、これらに限られない。）により仮想通貨取引所からのビットコイン等及び/又は金銭の適切な弁済を受けることができなかったとしても、それに起因又は関連して生じるあらゆる損害等について、MTGOX 及び再生管財人は一切の責任を負わず、私/当社は MTGOX 及び再生管財人に対して当該損害等に関して損害賠償請求、補償請求その他一切の請求をしないこと。

The instant the Rehabilitation Trustee sends Bitcoin, Etc. or cash to the cryptocurrency exchange, the payment by MTGOX and the Rehabilitation Trustee is deemed complete, and the payment obligation of MTGOX and the Rehabilitation Trustee is deemed to be discharged; and, after Bitcoin Etc. or cash has been sent to the cryptocurrency exchange by the Rehabilitation Trustee, notwithstanding that I/we fail to receive appropriate payment of Bitcoin Etc. or cash from the cryptocurrency exchange for any reason (including, but not limited to, a malfunction in the blockchain of the cryptocurrency or a system malfunction at the cryptocurrency exchange), MTGOX and the Rehabilitation Trustee are not liable in any respect for any Damages arising out of or in

9

connection with such failure, and I/we will not make any claim for damages or compensation, or make any other claim with respect to such Damages against MTGOX or the Rehabilitation Trustee.

17. 私/当社が金融機関の口座において金銭で弁済を受ける場合には、次の各事項。

If I/we receive cash in an account at a financial institution, the following applies:

(a) 私/当社は、送付先等の必要情報を正確に提供しなければならず、その誤りから結果的に金銭を受領できなかったとしても、それに起因又は関連して生じるあらゆる損害等について、MTGOX 及び再生管財人は一切の責任を負わず、私/当社は MTGOX 及び再生管財人に対して当該損害等に関して損害賠償請求、補償請求その他一切の請求をしないこと。

I/We must accurately provide necessary information about my/our accounts, among others, and, notwithstanding that an error therein results in my/our not receiving cash, MTGOX and the Rehabilitation Trustee are not liable in any respect for any Damages arising out of or in connection with that, and I/we will not make any claim for damages or compensation, or make any other claim with respect to such Damages against MTGOX or the Rehabilitation Trustee.

(b) 取扱通貨の種別や送金元銀行との取引の有無、日本国内外の法令等及び各金融機関の内部基準への低触並びに諸手数料の発生その他要因に基づき弁済金を受領できなかったとしても、それに起因又は関連して生じるあらゆる損害等について、MTGOX 及び再生管財人は一切の責任を負わず、私/当社は MTGOX 及び再生管財人に対して当該損害等に関して損害賠償請求、補償請求その他一切の請求をしないこと。

Notwithstanding that I/we fail to receive cash for distribution due to unavailability of the designated currencies or transactions with the designated financial institutions, any conflict with Laws in or outside Japan or an internal standard of any relevant financial institution, various processing charges and fees, or any other causes, MTGOX and the Rehabilitation Trustee are not liable in any respect for any Damages arising out of or in connection with that, and I/we will not make any claim for damages or compensation, or make any other claim with respect to such Damages against MTGOX or the Rehabilitation Trustee.

(c) 諸手数料等を差し引いた金額の弁済金を受け取る場合であっても、当該諸手数料等に起因又は関連して生じるあらゆる損害等について、MTGOX 及び再生管財人は一切の責任を負わず、私/当社は MTGOX 及び再生管財人に対して当該損害等に関して損害賠償請求、補償請求その他一切の請求をしないこと。

Notwithstanding that I/we have received payment from which various processing charges and fees have been deducted, MTGOX and the Rehabilitation Trustee are not liable in any respect for any Damages arising out of or in connection with such processing charges and fees, and I/we will not make any claim for damages or compensation, or make any other claim with respect to such Damages against MTGOX or the Rehabilitation Trustee.

18. フォークコインに係る再生債権の届出については、ビットコインに関する再生債権の届出をもって、届け出たビットコインの数に応じて、フォークコインに係る再生債権についても届け出たものとみなし、再生債権者は独自にフォークコインに係る再生債権を届け出ないこと。再生債権の届出があるとみなされるフォークコインは、通常の方法により売却可能であり、かつ、財産的価値のあるものに限られ、これ以外のフォークコインについては、再生債権の届出があるとは認められないこと。なお、ビットコインキャッシュは再生債権の届出があるとみなされるフォークコインに含まれること。

The filing of a proof of rehabilitation claim for a Fork Coin is deemed to have been made in proportion to the number of the filed Bitcoin for which the proof of rehabilitation claim has been filed, and the rehabilitation creditor cannot file its own proof of rehabilitation claim for a Fork Coin.   Fork Coins that are deemed to have been filed are limited to those that can be sold in an ordinary manner and that have property value, and no other Fork Coin will be recognized as being deemed to have been filed.   Bitcoin Cash is included in Fork Coins that are deemed to have been filed.

19. 私/当社が届け出た債権を契約により第三者に譲渡する場合には、当該譲渡契約の準拠法は日本法にするものとし、MTGOX 及び再生管財人に当該譲渡を対抗するためには、当該譲渡に基づく債権譲渡の対抗要件その他再生管財人が指定する要件を備えることが必要であること。再生管財人は、各国の法令等の定め及び債権譲渡契約で定められた準拠法の定めにかかわらず、

10

日本法のみに基づき債権譲渡契約の有効性及び対抗要件具備の有無を判断すること。再生管財人が日本法に基づき債権譲渡契約の有効性及び対抗要件具備の有無を判断することに起因又は関連して生じるあらゆる損害等について、MTGOX 及び再生管財人は一切の責任を負わず、私/当社は MTGOX 及び再生管財人に対して当該損害等に関して損害賠償請求、補償請求その他一切の請求をしないこと。

If I/we intend to transfer or assign any rehabilitation claim that I/we have filed to any third party pursuant to an agreement, the governing law for such agreement shall be Japanese law, and the perfection requirements in accordance with the relevant Japanese law and any other requirements specified by the Rehabilitation Trustee shall be fully satisfied to perfect such claim transfer or assignment against MTGOX and the Rehabilitation Trustee.   The Rehabilitation Trustee will determine the validity of such claim transfer or assignment and perfection thereof pursuant only to Japanese law, irrespective of any statute in each country's Laws and any governing law provided for in such agreement.   MTGOX and the Rehabilitation Trustee are not liable in any respect for any Damages arising out of or in connection with the Rehabilitation Trustee determining the validity of such claim transfer or assignment and perfection thereof pursuant to Japanese law, and I/we will not make any claim for damages or compensation, or make any other claim with respect to such Damages against MTGOX or the Rehabilitation Trustee.

20. 再生管財人による債権譲渡の承認が、債権譲渡の承認に必要な手続（譲渡人及び譲受人の本人確認、譲渡を証明する文書の検証を含むが、これらに限られない。）その他の理由により遅滞した場合であっても、これに起因又は関連して生じるあらゆる損害等について、MTGOX 及び再生管財人は一切の責任を負わず、私/当社は MTGOX 及び再生管財人に対して当該損害等に関して損害賠償請求、補償請求その他一切の請求をしないこと。

Notwithstanding that approval by the Rehabilitation Trustee of a claim transfer or assignment is delayed by the procedures necessary for approval of a claim transfer or assignment (including, but not limited to, identity check of the transferor/assignor and transferee/assignee and verification of documents proving transfer or assignment) or any other reason, MTGOX and the Rehabilitation Trustee are not liable in any respect for any Damages arising out of or in connection with such delay, and I/we will not make any claim for damages or compensation, or make any other claim with respect to such Damages against MTGOX or the Rehabilitation Trustee.

21. ある再生債権を譲渡する場合、当該再生債権の全部を譲渡することとし、その一部のみを譲渡しないこと。

If a rehabilitation claim is transferred or assigned, all of such rehabilitation claim, not part thereof, shall be transferred or assigned.

22. ビットコイン等に係る再生債権を譲渡する場合には、対象となるビットコイン及び当該ビットコインから分岐したフォークコインを併せて譲渡するものとし、ビットコイン又はフォークコインに係る再生債権を個別に譲渡しないこと。

If a rehabilitation claim pertaining to Bitcoin, Etc. is transferred or assigned, the Bitcoin subject to such transfer or assignment and the Fork Coin split from such Bitcoin shall be transferred or assigned collectively, and a rehabilitation claim pertaining to Bitcoin or Fork Coin shall not be transferred or assigned individually.

23. 情報の取扱いに関する同意事項

Matters of consent related to information management

(a) 再生管財人が、以下の情報（個人情報の保護に関する法律（平成 15 年法律第 57 号）第 2 条第 1 項により定義される個人情報その他識別された又は識別可能な自然人に関する一切の情報を含むが、これに限られない。以下同じ。）を収集すること。

The Rehabilitation Trustee may collect the information below (including, but not limited to, personal information defined under Article 2(1) of the Act on the Protection of Personal Information (Act No. 57 of 2003) and any other information relating to an identified or identifiable natural person; the same applies below)

i. 私/当社が再生債権の届出を行うときに再生管財人に提供する情報
information that I/we provided to the Rehabilitation Trustee when I/we file a proof of rehabilitation claim;

ii. 私/当社以外の情報源（身元証明サービス機関を含むが、これに限られない。）から収集する私/当社の情報
information concerning me/us provided by an information source (including, but not limited to, organizations providing ID

verification services) other than myself/ourselves;

   iii.   本破産手続において、私/当社が本破産手続の破産管財人に提供した一切の情報
all information that I/we provided to the bankruptcy trustee of the Bankruptcy Proceedings;

   iv.   私/当社が、MTGOX に提供した一切の情報
all information that I/we provided to MTGOX; and

   v.   その他再生管財人が適正な方法により取得し、又は今後取得する情報
any other information acquired, or to be acquired going forward, by the Rehabilitation Trustee using an appropriate method

(b)  再生管財人が、収集した上記(a)の情報を、以下の目的で日本国内外で管理及び利用すること。
The Rehabilitation Trustee may manage and use collected information stated in (a) above for the purposes below in and outside of Japan.

   i.   再生債権の届出、調査、再生計画の立案、再生計画に基づく弁済その他の本民事再生手続の適切な遂行
filing proofs of rehabilitation claim, investigations of rehabilitation claims, drafting a rehabilitation plan, distribution in accordance with a rehabilitation plan, or any other appropriate execution of the Civil Rehabilitation Proceedings;

   ii.   公益的な目的のためにする、日本国内外の行政官庁・捜査機関・司法機関への上記(a)の情報の開示又は提供
disclosing or providing information stated in (a) above to any government office, any investigation agency, or any judicial agency in or outside of Japan for the purpose of serving public interests; and

   iii.   その他上記目的に付随する目的
any other purposes incidental to the above purposes.

(c)  再生管財人が、上記(b)の目的のため、上記(a)の情報を、第三者（以下の者を含むが、これらに限られない。）に開示又は提供する場合があること。これらの第三者には、①米国、②カナダ、③イギリス、④私/当社が所在する国及び⑤私/当社が再生債権の弁済の受領のために利用する金融機関又は仮想通貨取引所が所在する国に、それぞれ所在する第三者が含まれること。
The Rehabilitation Trustee may disclose or provide information stated in (a) above for the purpose of (b) above to any third party (including, but not limited to, the persons below).   The third parties hereunder include third parties located in (i) the United States of America, (ii) Canada, (iii) the United Kingdom, (iv) the country in which I am/we are located, and (v) the country in which the financial institution or cryptocurrency exchange that I/we use to receive payment for the rehabilitation claim is located.

東京地方裁判所その他裁判所（日本国外の裁判所を含む。）、本民事再生手続及び本破産手続（併せて以下「本民事再生手続等」という。）における調査委員（その代理及び補佐を含む。）、その他の機関、日本国内外の行政官庁・捜査機関、管財人が本民事再生手続等の遂行のために依頼する法律事務所及びデロイトトーマツコンサルティング合同会社等の専門家、金融機関、仮想通貨取引所、他の再生債権者、E メールサービスプロバイダー、及び詐欺行為検証サービスプロバイダー
Tokyo District Court and other courts (including courts outside of Japan); the Examiner (chosa iin) (including deputy examiners and assistant examiners) and other officers or bodies in the Civil Rehabilitation Proceedings or the Bankruptcy Proceedings (collectively, the "Civil Rehabilitation Proceedings, Etc."); government offices and investigation agencies in or outside of Japan; counsel and experts including the law firms and Deloitte Tohmatsu Consulting LLC. which the trustee has retained to proceed with the Civil Rehabilitation Proceedings, Etc.; financial institutions; cryptocurrency exchangers; other rehabilitation creditors; email service providers; and fraudulent act verification service providers

(d)  管財人は、本民事再生手続等に必要な限りで私/当社のブラウザ設定により影響されない特定の永続クッキーを使用する可能性があること。
The trustee might, to the extent necessary for the Civil Rehabilitation Proceedings, Etc., use a specific permanent cookies setting that will be unaffected by my/our browser setting.

24. 私/当社が「再生債権者の表示」及び「届出再生債権の表示」に記載した再生債権届出の内容が、オンライン上での他の再生債権者による閲覧の対象となり、また、東京地方裁判所において本民事再生手続の利害関係人の閲覧及び謄写の対象となる場合があること。

The information regarding my/our filed rehabilitation claim completed by me/us in the columns "Information on Rehabilitation Creditor" and "Your Rehabilitation Claim" may be available online to other rehabilitation creditors, and may be subject to the inspection and copying thereof at the Tokyo District Court by an interested party in the Civil Rehabilitation Proceedings.

25. 私が死亡した場合、本民事再生手続との関係では、再生管財人が、日本の法令等及び実務に従って、相続に関する各種関係資料の提出を求め、また、誰を再生債権者として取り扱うかについて判断すること、及び、当該判断に起因又は関連して生じるあらゆる損害等について、MTGOX及び再生管財人は一切の責任を負わず、私及び私の相続人はMTGOX及び再生管財人に対して当該損害等に関して損害賠償請求、補償請求その他一切の請求をしないこと。

For the purpose of the Civil Rehabilitation Proceedings, in the event that I died, the Rehabilitation Trustee may, in accordance with the Laws and practices of Japan, request for relevant evidence and explanation on the inheritance and determine who to be treated as the rehabilitation creditor; and MTGOX and the Rehabilitation Trustee are not liable in any respect for any Damages arising out of or in connection with such determination, and I and my heir(s)/successor(s) will not make any claim for damages or compensation, or make any other claim with respect to such Damages against MTGOX or the Rehabilitation Trustee.

26. 本同意事項は日本語を正文とすること。本同意事項につき作成される英語の翻訳文は参考にすぎず、日本語と英語との間で相互に内容の相違、矛盾がある場合であっても、日本語のみが効力を有すること。

The governing language of these terms of consent shall be the Japanese language.   The English-language translation thereof is merely for reference purposes only; and notwithstanding any discrepancy or contradiction in details between the Japanese-language original and the English-language translation the Japanese-language original shall prevail.

27. 本民事再生手続等及びこれに関連又は付随して生じる一切の請求又は紛争は日本法に準拠し、東京地方裁判所を専属的合意管轄裁判所とすること。

The Civil Rehabilitation Proceedings, Etc. and all claims and disputes arising out of, in connection with, or incidental to, the Civil Rehabilitation Proceedings, Etc. are governed by Japanese law, and the Tokyo District Court shall have exclusive jurisdiction.

28. 再生管財人が、本同意事項を必要に応じ変更すること。但し、再生管財人が変更について www.mtgox.com において告知したものに限る。

The Rehabilitation Trustee will, as necessary, amend these terms of consent. However, amendments are limited to those that the Rehabilitation Trustee has notified on the website www.mtgox.com.

事件番号　平成２９年（再）第３５号
Case No.: 2017 (sai) No.35
再生債務者　株式会社 MTGOX
Rehabilitation Debtor: MTGOX Co., Ltd.

申　述　書 Statement

2018 年　2 月　6 日
Date:　Year/Month/Day

再生債務者株式会社 MTGOX
Rehabilitation Debtor: MTGOX Co., Ltd.

再生管財人　弁護士　小林　信明　殿
To Rehabilitation Trustee: Nobuaki Kobayashi, Attorney-at-Law

| ※以下の表内については、日本で使われている文字（常用漢字、ひらがな、カタカナ）、アラビア数字（0～9）及び/又はアルファベットのみで入力してください。例えば、アキュート・アクセント、セディーユ、ウムラウトのような発音に関する記号等を使わないでください。<br>* Please enter the following using only Japanese characters (*kanji* in common use, *hiragana, katakana*), Arabic numerals (0-9), and/or letters of the Roman alphabet. Please do not use any diacritical marks such as acute accents, cedillas and umlauts. | |
|---|---|
| 【国及び住所】〒<br>Country, zip/postcode and address:<br>210 East Capitol Street, Suite 2200, Jackson, Mississippi (United States) 39201-2375 | 【代理人の住所】〒<br>Agent's address and zip/postcode:<br>210 East Capitol Street, Suite 2200, Jackson, Mississippi (United States) 39201-2375 |
| 【氏名又は法人名及び代表者名】<br>Name of individual or corporation name and name of CEO/managing director:<br>Ethan Jacobs, Win Gault, and Peyton Smith<br>o/b/o Jed McCaleb | 【代理人の氏名】<br>Agent's name<br><br>Ethan Jacobs, Win Gault, and Peyton Smith |
| （押印又は署名）　Seal or signature | （押印又は署名）　Seal or signature |
| 【電話】Telephone number: | 【代理人の電話】Agent's telephone number:<br>601-969-4283 |
| 【FAX】Facsimile number: | 【代理人の FAX】Agent's facsimile number:<br>601-960-8613 |
| 【連絡先メールアドレス】Contact e-mail address:<br>※今後通知メールを受領することのできるメールアドレスを記載してください。<br>*Please enter e-mail address at which you can receive e-mail notifications hereafter.<br><br>jed2000@gmail.com | 【代理人のメールアドレス】Agent's e-mail address:<br><br><br>peyton.smith@formanwatkins.com |
| 【（法人が届け出る場合のみ）事務担当者名】(To be completed by corporations only) Name of contact person: | |
| 【（法人が届け出る場合のみ）事務担当者の住所】(To be completed by corporations only) Address of contact person: | |
| 【（法人が届け出る場合のみ）事務担当者の電話番号】(To be completed by corporations only) Telephone number of contact person: | |
| 【（法人が届け出る場合のみ）事務担当者の FAX 番号】(To be completed by corporations only) Facsimile number of contact person: | |

1

（１）　希望する弁済方法のアンケート
Questionnaire Regarding Preferred Method of Payment.

※ビットコインの返還に関する債権を届け出た再生債権者のみ、ビットコインと金銭のいずれによる弁済を希望するか、ご回答を
お願いいたします（金銭の返還に関する債権については、ビットコインによる弁済を行うことは予定しておりません。）。
* Only the creditors who have filed a proof of rehabilitation claim that contains the right to claim for return of Bitcoin are asked to reply
whether they want to receive payment in Bitcoin or in cash. We do not plan to make any payment in Bitcoin for the right to claim for return
of cash.
※このアンケートは、あくまでビットコインの返還に関する債権を届け出る再生債権者の希望を参考情報として調査することを
目的としており、選択した弁済方法による弁済を行うことを保証するものではなく、またそれに再生管財人が拘束されるもの
ではありません。弁済方法について、再生管財人の方針が決まった場合には、その段階でお知らせします。
* The purpose of this questionnaire is merely to obtain reference information regarding the preferences of rehabilitation creditors filing proofs
of rehabilitation claim that contain the right to claim for return of Bitcoin.   There is no guarantee that you will be paid with the method that
you selected, and the Rehabilitation Trustee will not be bound by your answers in any respect.   You will be notified when the
Rehabilitation Trustee's policy for distribution is determined.
※なお、ビットコインによる弁済を行う場合には、次のことが想定されます。
* Please note that if payment in Bitcoin is made it is anticipated that:
　①再生管財人の指定する仮想通貨交換業者の取引所を通じた弁済以外は行わず、再生債権者がビットコインでの弁済を受ける
　ためには、再生管財人の指定する仮想通貨交換業者の取引所にユーザーとして登録することが必要となること。
　(i) Payment will be made only through the exchanger designated by the Rehabilitation Trustee and in order for a rehabilitation creditor to
　receive payment in Bitcoin it will be necessary to register as a user at such designated exchanger.
　②再生計画に基づくビットコインの弁済が実施されるまでには長期間を要する可能性があり、その間にビットコインの価格が
　変動する場合があること。
　(ii) It may take a longer period of time to make distribution in Bitcoin pursuant to the rehabilitation plan and the price of Bitcoin may
　fluctuate during such period of time.

下記を選択してください。
Please select from the following:

- [ ] 届出を行うビットコインの返還に関する債権について、ビットコインでの弁済を希望します。
  I want to receive Bitcoin for the right to claim for return of Bitcoin.
- [ ] 届出を行うビットコインの返還に関する債権について、再生管財人が適宜のタイミングでビットコインを売却し、その
  売却代金での弁済を希望します。
  I want to receive cash from the proceeds from the sales of Bitcoin that will be made by the Rehabilitation Trustee at appropriate
  timings for the right to claim for return of Bitcoin.
- [x] どちらか分からない。
  I do not have any preference at this moment.

（２）　MTGOX のビットコイン取引所において登録していたユーザー情報
User Information Registered with the MTGOX Bitcoin Exchange

※MTGOX のビットコイン取引所に登録していた言語で入力してください。
* Please enter the following using the language used in registering with the MTGOX Bitcoin exchange.
※貴殿/貴社が MTGOX のビットコイン取引所に登録されているユーザーであることを確認するために必要な情報ですので、可能
な限り入力してください。入力された情報が不十分であり、貴殿/貴社がユーザーであることを確認できなかった場合には、貴
殿/貴社の届出債権が認められない場合があります。
* This information is necessary to confirm that you are a User registered with the MTGOX Bitcoin exchange. Please enter the information to
the extent possible. If the information entered is insufficient and it is not possible to confirm that you are a User, your claim might be
rejected.

| ①氏名・名称　Name of individual or corporation name | |
|---|---|
| 名　First name | THIS IS A CLAIM FOR INDEMNITY FOR CLAIMS OF CHRIS & DON RAGGIO |
| ミドルネーム　Middle name | THIS IS A CLAIM FOR INDEMNITY FOR CLAIMS OF CHRIS & DON RAGGIO |
| 姓　Last name | THIS IS A CLAIM FOR INDEMNITY FOR CLAIMS OF CHRIS & DON RAGGIO |
| 会社名　Corporation name | THIS IS A CLAIM FOR INDEMNITY FOR CLAIMS OF CHRIS & DON RAGGIO |
| ②生年月日　（個人の場合）Date of birth (in the case of an individual) | Month(mm)　　/Day(dd)　　/Year(yyyy) |

| ③国、郵便番号及び住所<br>Country, zip/postcode and address | |
|---|---|
| 住所1  Address Line 1 | THIS IS A CLAIM FOR INDEMNITY FOR CLAIMS OF CHRIS & DON RAGGIO |
| 住所2  Address Line 2 | THIS IS A CLAIM FOR INDEMNITY FOR CLAIMS OF CHRIS & DON RAGGIO |
| 市区町村  City/Town | THIS IS A CLAIM FOR INDEMNITY FOR CLAIMS OF CHRIS & DON RAGGIO |
| 都道府県  State/Province | THIS IS A CLAIM FOR INDEMNITY FOR CLAIMS OF CHRIS & DON RAGGIO |
| 国  Country | THIS IS A CLAIM FOR INDEMNITY FOR CLAIMS OF CHRIS & DON RAGGIO |
| 郵便番号  Zip/Postcode | THIS IS A CLAIM FOR INDEMNITY FOR CLAIMS OF CHRIS & DON RAGGIO |
| ④メールアドレス<br>E-mail address | THIS IS A CLAIM FOR INDEMNITY FOR CLAIMS OF CHRIS & DON RAGGI |
| ⑤銀行口座情報<br>Account information | |
| 金融機関名・支店名<br>Name of financial institution and branch | THIS IS A CLAIM FOR INDEMNITY FOR CLAIMS OF CHRIS & DON RAGGIO |
| 預金種目 Account type | THIS IS A CLAIM FOR INDEMNITY FOR CLAIMS OF CHRIS & DON RAGGIO |
| 口座番号 Account number | THIS IS A CLAIM FOR INDEMNITY FOR CLAIMS OF CHRIS & DON RAGGIO |
| 口座名義人 Account holder | THIS IS A CLAIM FOR INDEMNITY FOR CLAIMS OF CHRIS & DON RAGGIO |
| ⑥ユーザーネーム User name | THIS IS A CLAIM FOR INDEMNITY FOR CLAIMS OF CHRIS & DON RAGGIO |
| ⑦パスワード Password | THIS IS A CLAIM FOR INDEMNITY FOR CLAIMS OF CHRIS & DON RAGGIO |
| ⑧電話番号 Telephone number | THIS IS A CLAIM FOR INDEMNITY FOR CLAIMS OF CHRIS & DON RAGGIO |
| ⑨FAX番号 Facsimile number | THIS IS A CLAIM FOR INDEMNITY FOR CLAIMS OF CHRIS & DON RAGGIO |
| ⑩ユビキー又はOTPカードのシリアルナンバー<br>YubiKey or OTP card serial number | THIS IS A CLAIM FOR INDEMNITY FOR CLAIMS OF CHRIS & DON RAGGIO |
| ⑪アカウントナンバー<br>Account number | THIS IS A CLAIM FOR INDEMNITY FOR CLAIMS OF CHRIS & DON RAGGIO |

（３）破産手続における債権者番号
　　　Creditor Number in Bankruptcy Proceedings

参考情報として、MTGOX の破産手続において破産債権を届け出ていた場合には、破産管財人から付与された債権者番号（A 又は B から始まる番号）を下記に記載してください。

As reference information, please enter below your creditor number assigned by the bankruptcy trustee (which number begins with "A" or "B"), provided that you filed the proof of bankruptcy claim in the MTGOX bankruptcy proceedings.

| (indemnity -- see Claim by Chris Raggio) |
|---|

| From: | Peyton Smith |
|---|---|
| To: | Win Gault; gcicero@brownrudnick.com |
| Cc: | Mandie Robinson |
| Subject: | RE: Mississippi case |
| Date: | Thursday, January 17, 2019 2:13:00 PM |
| Attachments: | image001.png |
| | Proof of Claim.pdf |

Gerard,

I am working with Win on this case. I am also attaching the plaintiffs' proof of claim recently filed in the Japanese Rehabilitation Proceeding. In essence Plaintiffs are seeking return of more than 9,400 BTC they claim are held by MTGOX. These coins are part of 80,208 BTC that were frozen in banned/suspicious accounts at the time MTGOX filed for bankruptcy. Plaintiffs have made claims for conspiracy, specific performance, conversion, piercing of the corporate veil, and constructive trust (among other claims) and they contend the MTGOX corporate entities are a sham. MTGOX, Inc.—a subsidiary of MTGOX KK—has been served. Furthermore, Plaintiffs have stated to the court that they will shortly be attempting to depose Mark Karpeles and conduct other discovery that may force the MTGOX entities to expend resources that are part of the bankruptcy estate in order to respond.


**Peyton Smith**
Forman Watkins & Krutz LLP

**From:** Win Gault
**Sent:** Thursday, January 17, 2019 1:42 PM
**To:** gcicero@brownrudnick.com
**Cc:** Mandie Robinson <Mandie.Robinson@formanwatkins.com>; Peyton Smith <Peyton.Smith@formanwatkins.com>
**Subject:** Mississippi case

Gerard:

Here is the complaint, amended complaint and notice of removal.  I look forward to hearing back from you.


**Edwin S. Gault, Jr.**
Forman Watkins & Krutz LLP
210 East Capitol Street, Suite 2200
Jackson, Mississippi 39201-2375
D: 601.969.7834 | F: 601.960.8613
win.gault@formanwatkins.com



**EXHIBIT H**

| From: | Peyton Smith |
|---|---|
| To: | "gcicero@brownrudnick.com"; "dmolton@brownrudnick.com" |
| Cc: | Win Gault |
| Subject: | In re MTGOX claim |
| Date: | Wednesday, February 6, 2019 3:52:00 PM |
| Attachments: | 2-6-19 Claim Letter - In Re MTGOX.pdf |
| | image001.png |

David and Gerard,

Please find attached correspondence regarding the *In re MTGOX* matter. This has been sent to you and your client via FedEx priority mail and should arrive soon, but I wanted to also send an electronic version so that you could have it as quickly as possible. Please pass this correspondence on to your client. Thank you.

**Peyton Smith**
Forman Watkins & Krutz LLP
210 East Capitol Street, Suite 2200
Jackson, Mississippi 39201-2375
D: 601.969.4283 | F: 601.960.8613
peyton.smith@formanwatkins.com



| | |
|---|---|
| **From:** | Cicero, Gerard T. |
| **To:** | Peyton Smith |
| **Subject:** | Automatic reply: In re MTGOX claim |
| **Date:** | Wednesday, February 6, 2019 4:00:58 PM |

Thank you for your email.

I will be in court today. Please excuse any delays in my responding during this time.I am available by cell at: 732.757.1440.

Thank you,
Gerard


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The information contained in this electronic message may be legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above. If the recipient of this message is not the above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received this communication in error, please notify Brown Rudnick LLP, (617) 856-8200 (if dialing from outside the US, 001-(617)-856-8200) and purge the communication immediately without making any copy or distribution.

To the extent Brown Rudnick is a "data controller" of the "personal data" (as each term is defined in the European General Data Protection Regulation) you have provided to us in this and other communications between us, please see our privacy statement and summary here which sets out details of the data controller, the personal data we have collected, the purposes for which we use it (including any legitimate interests on which we rely), the persons to whom we may transfer the data and how we intend to transfer it outside the European Economic Area.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| **From:** | Cicero, Gerard T. |
| **To:** | Peyton Smith |
| **Cc:** | Molton, David J.; kuroda yutaka /YTK; tanaka yuto /YTT; ejacobs@hollandlawllp.com |
| **Subject:** | Correspondence In Connection With Letter Received On Feb. 6, 2019 |
| **Date:** | Wednesday, February 20, 2019 5:52:42 PM |
| **Attachments:** | image001.jpg |
| | 1304_001.pdf |

Counsel,

Please see attached.

Best regards,
Gerard

**Gerard T. Cicero**

Brown Rudnick LLP
Seven Times Square
New York, NY 10036
T: 212.209.4939
F: 212.938.2883
gcicero@brownrudnick.com
www.brownrudnick.com
Please consider the environment before printing this e-mail

*******************************************************************

The information contained in this electronic message may be legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above. If the recipient of this message is not the above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received this communication in error, please notify Brown Rudnick LLP, (617) 856-8200 (if dialing from outside the US, 001-(617)-856-8200) and purge the communication immediately without making any copy or distribution.

To the extent Brown Rudnick is a "data controller" of the "personal data" (as each term is defined in the European General Data Protection Regulation) you have provided to us in this and other communications between us, please see our privacy statement and summary here which sets out details of the data controller, the personal data we have collected, the purposes for which we use it (including any legitimate interests on which we rely), the persons to whom we may transfer the data and how we intend to transfer it outside the European Economic Area.

*******************************************************************

# **brown**rudnick

DAVID J. MOLTON
direct dial: 212.209.4822
dmolton@brownrudnick.com

February 20, 2019

**VIA EMAIL AND OVERNIGHT DELIVERY**
Forman Watkins & Krutz LLP
Attn: T. Peyton Smith
210 East Capitol Street, Suite 2200
Jackson, Mississippi 39201-2375

RE:    Receipt of Letter Dated February 6, 2019

Dear Mr. Smith:

    We represent Nobuaki Kobayashi as foreign representative (the "Foreign Representative") of the debtor MtGox., Ltd., a/k/a MtGox KK (the "Debtor") in its Chapter 15 case proceeding under the caption *In re MtGox Co., Ltd. (a/k/a MtGox KK)*, Case No. 14-31229-sgj-15 (the "Chapter 15 Case"). We have received your letter dated February 6, 2019 and have forwarded it to primary counsel for the Debtor in Japan (the "February 6, 2019 Letter").

    As you are likely aware, proofs of claim are not filed in the Chapter 15 Case; rather, they are filed in the plenary proceedings of the Debtor proceeding before the Twentieth Civil Division of Tokyo District Court, Japan (the "Plenary Proceeding"). Claims filed in the Plenary Proceeding are handled and resolved by the Debtor and the Trustee (who is also the Foreign Representative) in due course in that proceeding. Brown Rudnick is not involved with the claims reconciliation taking place in the Plenary Proceeding.

    Nothing in this responsive letter waives any rights, claims, defenses and/or positions that the Debtor and Trustee have to dispute: (1) the validity and allowance of any claims asserted in your February 6, 2019 Letter; (2) the priority of any such claims to distribution in the Plenary Proceeding, if allowed; and (3) the timeliness and/or propriety of any proof of claim filed in the Plenary Proceeding. The Debtor and Foreign Representative, in that capacity and in his capacity as Trustee in and with respect to the Plenary Proceeding, reserve all rights, claims, defenses that each has in respect of the claims asserted in the February 6, 2019 Letter under both Japanese and U.S. law.

    Should you wish to contact counsel to the Debtor in the Plenary Proceeding, please direct communications to:

- Yutaka Kuroda (yutaka_kuroda@noandt.com); and
- Yuto Tanaka (yuto_tanaka@noandt.com).

Formal communications may be sent to:

MtGox Co., Ltd., c/o Office of Rehabilitation Trustee
Suite 202, Kojimachi 3-chome Building
3-4-1 Kojimachi Chiyoda-Ku
Tokyo, Japan 102-0083



Mr. Peyton Smith, Esq.
Page 2

Sincerely,

BROWN RUDNICK LLP

David J. Molton

cc via e-mail:    Ethan Jacobs, Esq.
                  Yutaka Kuroda
                  Yuto Tanaka

| From: | Cicero, Gerard T. |
|---|---|
| To: | Win Gault |
| Cc: | Peyton Smith; Molton, David J. |
| Subject: | RE: Correspondence In Connection With Letter Received On Feb. 6, 2019 |
| Date: | Thursday, March 14, 2019 2:37:05 PM |
| Attachments: | image001.jpg |

Win:

There is nothing material that I can give you in response to your questions that would not be otherwise publicly available to Mr. McCaleb's Japanese Counsel (and you should consult Japanese counsel in that regard).

Additionally, the Trustee cannot disclose information about certain purported creditors to other purported creditors.

Kind regards,
Gerard



**Gerard T. Cicero**

Brown Rudnick LLP
Seven Times Square
New York, NY 10036
T: 212.209.4939
F: 212.938.2883
gcicero@brownrudnick.com
www.brownrudnick.com

**From:** Win Gault [mailto:Win.Gault@formanwatkins.com]
**Sent:** Thursday, March 14, 2019 12:06 PM
**To:** Cicero, Gerard T.
**Cc:** Peyton Smith
**Subject:** RE: Correspondence In Connection With Letter Received On Feb. 6, 2019

**External E-mail. Use caution accessing links or attachments.**

Did you ever hear anything back from the trustee on our questions?

**Win Gault**

Forman Watkins & Krutz LLP
Direct Dial: 601-969-7834

**From:** Win Gault
**Sent:** Wednesday, February 27, 2019 9:32 AM
**To:** 'gcicero@brownrudnick.com' <gcicero@brownrudnick.com>
**Cc:** Peyton Smith <Peyton.Smith@formanwatkins.com>

**Subject:** FW: Correspondence In Connection With Letter Received On Feb. 6, 2019

Gerard:

I just tried to call you.  I have a quick question.  Could you let me know when you have five minutes?

**Win Gault**
Forman Watkins & Krutz LLP
Direct Dial: 601-969-7834

**From:** Ethan Jacobs <ejacobs@hollandlawllp.com>
**Sent:** Wednesday, February 20, 2019 6:19 PM
**To:** Peyton Smith <Peyton.Smith@formanwatkins.com>
**Cc:** Win Gault <Win.Gault@formanwatkins.com>; Mandie Robinson <Mandie.Robinson@formanwatkins.com>; Ethan Jacobs <ejacobs@hollandlawllp.com>
**Subject:** RE: Correspondence In Connection With Letter Received On Feb. 6, 2019



Holland_sig_logo-01.png

**Ethan Jacobs, Partner**
T: 415.200.4984
EJacobs@HollandLawLLP.com

220 Montgomery Street, Suite 800
San Francisco, California 94104

HollandLawLLP.com

**From:** Cicero, Gerard T. <GCicero@brownrudnick.com>
**Sent:** Wednesday, February 20, 2019 3:53 PM
**To:** peyton.smith@formanwatkins.com
**Cc:** Molton, David J. <DMolton@brownrudnick.com>; kuroda yutaka /YTK <yutaka_kuroda@noandt.com>; tanaka yuto /YTT <yuto_tanaka@noandt.com>; Ethan Jacobs <ejacobs@hollandlawllp.com>
**Subject:** Correspondence In Connection With Letter Received On Feb. 6, 2019

Counsel,

Please see attached.

Best regards,
Gerard



**Gerard T. Cicero**

Brown Rudnick LLP
Seven Times Square
New York, NY 10036
T: 212.209.4939
F: 212.938.2883
gcicero@brownrudnick.com
www.brownrudnick.com
Please consider the environment before printing this e-mail

The information contained in this electronic message may be legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above. If the recipient of this message is not the above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received this communication in error, please notify Brown Rudnick LLP, (617) 856-8200 (if dialing from outside the US, 001-(617)-856-8200) and purge the communication immediately without making any copy or distribution.

To the extent Brown Rudnick is a "data controller" of the "personal data" (as each term is defined in the European General Data Protection Regulation) you have provided to us in this and other communications between us, please see our privacy statement and summary here which sets out details of the data controller, the personal data we have collected, the purposes for which we use it (including any legitimate interests on which we rely), the persons to whom we may transfer the data and how we intend to transfer it outside the European Economic Area.

Important Confidentiality And Limited Liability Notice--
This email and any attachments may be confidential and protected by law. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the email or any attachment is prohibited. If you have received this email in error, please notify us immediately by replying to the sender and deleting this copy and the reply from your system. Please note that any views or opinions expressed in this email are solely those of the author and do not necessarily represent those of Forman Watkins & Krutz LLP. (FWK). The recipient should check this email and any attachments for the presence of viruses. FWK accepts no liability for any damage caused by any virus transmitted by this email. Thank you for your cooperation.

IRS Circular 230 Required Notice--IRS regulations require that we inform you as follows: Any U.S. federal tax advice contained in this communication (including any attachments) is not intended to be used and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or

recommending to another party any transaction or tax-related matter[s].

*************************************************************************

The information contained in this electronic message may be legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above. If the recipient of this message is not the above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received this communication in error, please notify Brown Rudnick LLP, (617) 856-8200 (if dialing from outside the US, 001-(617)-856-8200) and purge the communication immediately without making any copy or distribution.

To the extent Brown Rudnick is a "data controller" of the "personal data" (as each term is defined in the European General Data Protection Regulation) you have provided to us in this and other communications between us, please see our privacy statement and summary here which sets out details of the data controller, the personal data we have collected, the purposes for which we use it (including any legitimate interests on which we rely), the persons to whom we may transfer the data and how we intend to transfer it outside the European Economic Area.

*************************************************************************

| From: | Peyton Smith |
|---|---|
| To: | mtgox_trustee@noandt.com; mtgox_assessment@noandt.com; nobuaki_kobayashi@noandt.com |
| Cc: | Win Gault; Mandie Robinson; gcicero@brownrudnick.com; dmolton@brownrudnick.com |
| Subject: | MTGOX bankruptcy -- Notice Issue |
| Date: | Thursday, April 25, 2019 10:26:00 AM |
| Attachments: | image001.png |

To Whom It May Concern,

It has recently come to our attention that correspondence regarding the MTGOX bankruptcy has been sent to all creditors. Our client, Jed McCaleb, filed a claim with the bankruptcy and listed myself at this email address at the point of contact. We have since learned that our firm's servers "blacklist" all email coming from Japan. We are concerned that correspondence from the Trustee has been blocked. We have added the domain @noandt.com to our "whitelist" and emails should be able to get through now. Please re-send any correspondence you have sent to me in the last four months since the time our client's claim was filed. If possible, could U.S. counsel also provide some sort of confirmation once these are sent so that we can evaluate whether the correspondence is still getting blocked or not. Thank you!

**Peyton Smith**

Forman Watkins & Krutz LLP

210 East Capitol Street, Suite 2200

Jackson, Mississippi 39201-2375

D: 601.969.4283 | F: 601.960.8613

peyton.smith@formanwatkins.com



| From: | Peyton Smith |
|---|---|
| To: | support@mtgox.com |
| Subject: | FW: MTGOX bankruptcy -- Notice Issue |
| Date: | Thursday, April 25, 2019 10:41:00 AM |
| Attachments: | image001.png |

Please see inquiry below.

**Peyton Smith**

Forman Watkins & Krutz LLP

**From:** Peyton Smith
**Sent:** Thursday, April 25, 2019 10:27 AM
**To:** mtgox_trustee@noandt.com; mtgox_assessment@noandt.com;
nobuaki_kobayashi@noandt.com
**Cc:** Win Gault <Win.Gault@formanwatkins.com>; Mandie Robinson
<Mandie.Robinson@formanwatkins.com>; gcicero@brownrudnick.com;
dmolton@brownrudnick.com
**Subject:** MTGOX bankruptcy -- Notice Issue

To Whom It May Concern,

It has recently come to our attention that correspondence regarding the MTGOX bankruptcy has been sent to all creditors. One of my clients filed a claim with the bankruptcy and listed myself at this email address at the point of contact. We have since learned that our firm's servers "blacklist" all email coming from Japan. We are concerned that correspondence from the Trustee has been blocked. We have added the domain @noandt.com to our "whitelist" and emails should be able to get through now. Please re-send any correspondence you have sent to me in the last four months since the time our client's claim was filed. If possible, could U.S. counsel also provide some sort of confirmation once these are sent so that we can evaluate whether the correspondence is still getting blocked or not. Thank you!

**Peyton Smith**

Forman Watkins & Krutz LLP
210 East Capitol Street, Suite 2200
Jackson, Mississippi 39201-2375
D: 601.969.4283 | F: 601.960.8613
peyton.smith@formanwatkins.com



| | |
|---|---|
| **From:** | Support MtGox |
| **To:** | Peyton Smith |
| **Subject:** | Re: FW: MTGOX bankruptcy -- Notice Issue |
| **Date:** | Thursday, April 25, 2019 11:27:31 AM |
| **Attachments:** | image001.png |

Dear Sir or Madam,

Please send us an email setting out the information below with a copy of your photo ID attached to the email.

> Your name
> Username registered with the MTGOX Bitcoin exchange
> Email address registered with the MTGOX Bitcoin exchange

Best regards,
Technical Support Center

2019年4月26日(金) 0:41 Peyton Smith <Peyton.Smith@formanwatkins.com>:

Please see inquiry below.


**Peyton Smith**
Forman Watkins & Krutz LLP



**From:** Peyton Smith
**Sent:** Thursday, April 25, 2019 10:27 AM
**To:** mtgox_trustee@noandt.com; mtgox_assessment@noandt.com; nobuaki_kobayashi@noandt.com
**Cc:** Win Gault <Win.Gault@formanwatkins.com>; Mandie Robinson <Mandie.Robinson@formanwatkins.com>; gcicero@brownrudnick.com; dmolton@brownrudnick.com
**Subject:** MTGOX bankruptcy -- Notice Issue


To Whom It May Concern,


It has recently come to our attention that correspondence regarding the MTGOX bankruptcy has been sent to all creditors. One of my clients filed a claim with the bankruptcy and listed myself at this email address at the point of contact. We have since learned that our firm's servers "blacklist" all email coming from Japan. We are concerned that correspondence from the Trustee has been blocked. We have added the domain @noandt.com to our "whitelist" and emails should be able to get through now. Please re-send any correspondence you have sent to me in the last four months since the time our client's claim

was filed. If possible, could U.S. counsel also provide some sort of confirmation once these are sent so that we can evaluate whether the correspondence is still getting blocked or not. Thank you!


**Peyton Smith**
Forman Watkins & Krutz LLP
210 East Capitol Street, Suite 2200
Jackson, Mississippi 39201-2375
D: 601.969.4283 | F: 601.960.8613
peyton.smith@formanwatkins.com




<u>Important Confidentiality And Limited Liability Notice</u>--
This email and any attachments may be confidential and protected by law. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the email or any attachment is prohibited. If you have received this email in error, please notify us immediately by replying to the sender and deleting this copy and the reply from your system. Please note that any views or opinions expressed in this email are solely those of the author and do not necessarily represent those of Forman Watkins & Krutz LLP. (FWK). The recipient should check this email and any attachments for the presence of viruses. FWK accepts no liability for any damage caused by any virus transmitted by this email. Thank you for your cooperation.

IRS Circular 230 Required Notice--IRS regulations require that we inform you as follows: Any U.S. federal tax advice contained in this communication (including any attachments) is not intended to be used and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or tax-related matter[s].

| From: | Cicero, Gerard T. |
|---|---|
| To: | Peyton Smith |
| Cc: | Win Gault; Mandie Robinson; Molton, David J. |
| Subject: | RE: MTGOX bankruptcy -- Notice Issue |
| Date: | Thursday, April 25, 2019 5:45:42 PM |
| Attachments: | image002.jpg |
| | image003.png |

Mr. Smith,

This is to confirm that we have forwarded your message on to the Trustee.



**Gerard T. Cicero**

Brown Rudnick LLP
Seven Times Square
New York, NY 10036
T: 212.209.4939
F: 212.938.2883
gcicero@brownrudnick.com
www.brownrudnick.com

**From:** Peyton Smith [mailto:Peyton.Smith@formanwatkins.com]
**Sent:** Thursday, April 25, 2019 11:27 AM
**To:** mtgox_trustee@noandt.com; mtgox_assessment@noandt.com;
nobuaki_kobayashi@noandt.com
**Cc:** Win Gault; Mandie Robinson; Cicero, Gerard T.; Molton, David J.
**Subject:** MTGOX bankruptcy -- Notice Issue

External E-mail. Use caution accessing links or attachments.

To Whom It May Concern,

It has recently come to our attention that correspondence regarding the MTGOX bankruptcy has been sent to all creditors. Our client, Jed McCaleb, filed a claim with the bankruptcy and listed myself at this email address at the point of contact. We have since learned that our firm's servers "blacklist" all email coming from Japan. We are concerned that correspondence from the Trustee has been blocked. We have added the domain @noandt.com to our "whitelist" and emails should be able to get through now. Please re-send any correspondence you have sent to me in the last four months since the time our client's claim was filed. If possible, could U.S. counsel also provide some sort of confirmation once these are sent so that we can evaluate whether the correspondence is still getting blocked or not. Thank you!

**Peyton Smith**
Forman Watkins & Krutz LLP
210 East Capitol Street, Suite 2200

Jackson, Mississippi 39201-2375
D: 601.969.4283 | F: 601.960.8613
peyton.smith@formanwatkins.com

Important Confidentiality And Limited Liability Notice--
This email and any attachments may be confidential and protected by law. If you are
not the intended recipient, be aware that any disclosure, copying, distribution or use of
the email or any attachment is prohibited. If you have received this email in error,
please notify us immediately by replying to the sender and deleting this copy and the
reply from your system. Please note that any views or opinions expressed in this email
are solely those of the author and do not necessarily represent those of Forman
Watkins & Krutz LLP. (FWK). The recipient should check this email and any
attachments for the presence of viruses. FWK accepts no liability for any damage
caused by any virus transmitted by this email. Thank you for your cooperation.

IRS Circular 230 Required Notice--IRS regulations require that we inform you as
follows: Any U.S. federal tax advice contained in this communication (including any
attachments) is not intended to be used and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or
recommending to another party any transaction or tax-related matter[s].

••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

The information contained in this electronic message may be legally privileged and confidential under applicable law, and is
intended only for the use of the individual or entity named above. If the recipient of this message is not the above-named
intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly
prohibited. If you have received this communication in error, please notify Brown Rudnick LLP, (617) 856-8200 (if dialing
from outside the US, 001-(617)-856-8200) and purge the communication immediately without making any copy or
distribution.

To the extent Brown Rudnick is a "data controller" of the "personal data" (as each term is defined in the European General
Data Protection Regulation) you have provided to us in this and other communications between us, please see our privacy
statement and summary here which sets out details of the data controller, the personal data we have collected, the purposes
for which we use it (including any legitimate interests on which we rely), the persons to whom we may transfer the data and
how we intend to transfer it outside the European Economic Area.

••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

| From: | Support MtGox |
|-------|---------------|
| To: | Peyton Smith |
| Subject: | Re: FW: MTGOX bankruptcy -- Notice Issue |
| Date: | Friday, April 26, 2019 2:42:55 AM |
| Attachments: | image001.png |

Dear Sir or Madam,

The period during which creditors may file rehabilitation claims ended at 11:59 pm on October 22, 2018 (Japan Time).
As you filed your proof of rehabilitation claim after the period, your claim will not be accepted in principle.
However, in case where you were unable to file your proof of rehabilitation claim within the period due to grounds not attributable thereto, you may file a proof of rehabilitation claim only within one month after the relevant grounds cease to exist.

Best regards,
Technical Support Center

2019年4月26日(金) 1:27 Support MtGox <support@mtgox.com>:
Dear Sir or Madam,

Please send us an email setting out the information below with a copy of your photo ID attached to the email.

  Your name
  Username registered with the MTGOX Bitcoin exchange
  Email address registered with the MTGOX Bitcoin exchange

Best regards,
Technical Support Center

2019年4月26日(金) 0:41 Peyton Smith <Peyton.Smith@formanwatkins.com>:

Please see inquiry below.

**Peyton Smith**
Forman Watkins & Krutz LLP

**From:** Peyton Smith
**Sent:** Thursday, April 25, 2019 10:27 AM
**To:** mtgox_trustee@noandt.com; mtgox_assessment@noandt.com; nobuaki_kobayashi@noandt.com
**Cc:** Win Gault <Win.Gault@formanwatkins.com>; Mandie Robinson <Mandie.Robinson@formanwatkins.com>; gcicero@brownrudnick.com; dmolton@brownrudnick.com

**Subject:** MTGOX bankruptcy -- Notice Issue

To Whom It May Concern,

It has recently come to our attention that correspondence regarding the MTGOX bankruptcy has been sent to all creditors. One of my clients filed a claim with the bankruptcy and listed myself at this email address at the point of contact. We have since learned that our firm's servers "blacklist" all email coming from Japan. We are concerned that correspondence from the Trustee has been blocked. We have added the domain @noandt.com to our "whitelist" and emails should be able to get through now. Please re-send any correspondence you have sent to me in the last four months since the time our client's claim was filed. If possible, could U.S. counsel also provide some sort of confirmation once these are sent so that we can evaluate whether the correspondence is still getting blocked or not. Thank you!

**Peyton Smith**
Forman Watkins & Krutz LLP
210 East Capitol Street, Suite 2200
Jackson, Mississippi 39201-2375
D: 601.969.4283 | F: 601.960.8613
peyton.smith@formanwatkins.com


<u>Important Confidentiality And Limited Liability Notice</u>--
This email and any attachments may be confidential and protected by law. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the email or any attachment is prohibited. If you have received this email in error, please notify us immediately by replying to the sender and deleting this copy and the reply from your system. Please note that any views or opinions expressed in this email are solely those of the author and do not necessarily represent those of Forman Watkins & Krutz LLP. (FWK). The recipient should check this email and any attachments for the presence of viruses. FWK accepts no liability for any damage caused by any virus transmitted by this email. Thank you for your cooperation.

IRS Circular 230 Required Notice--IRS regulations require that we inform you as follows: Any U.S. federal tax advice contained in this communication (including any attachments) is not intended to be used and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or tax-related matter[s].

| | |
|---|---|
| From: | Peyton Smith |
| To: | Support MtGox |
| Cc: | Win Gault |
| Subject: | Re: MTGOX bankruptcy -- Notice Issue |
| Date: | Monday, May 6, 2019 5:43:00 PM |
| Attachments: | image001.png |

Hello,

The claim we filed is co-expensive with a timely-filed claim on the part of Don and Chris Raggio, as explained in our filing. Please transmit any information we need to seek additional review of the claim as soon as possible.

Peyton Smith
Forman Watkins & Krutz LLP

Sent from my iPhone

On Apr 26, 2019, at 2:42 AM, Support MtGox <support@mtgox.com> wrote:

Dear Sir or Madam,

The period during which creditors may file rehabilitation claims ended at 11:59 pm on October 22, 2018 (Japan Time).
As you filed your proof of rehabilitation claim after the period, your claim will not be accepted in principle.
However, in case where you were unable to file your proof of rehabilitation claim within the period due to grounds not attributable thereto, you may file a proof of rehabilitation claim only within one month after the relevant grounds cease to exist.

Best regards,
Technical Support Center

2019年4月26日(金) 1:27 Support MtGox <support@mtgox.com>:
Dear Sir or Madam,

Please send us an email setting out the information below with a copy of your photo ID attached to the email.

Your name
Username registered with the MTGOX Bitcoin exchange
Email address registered with the MTGOX Bitcoin exchange

Best regards,
Technical Support Center

2019年4月26日(金) 0:41 Peyton Smith <Peyton.Smith@formanwatkins.com>:

Please see inquiry below.

**Peyton Smith**
Forman Watkins & Krutz LLP

**From:** Peyton Smith
**Sent:** Thursday, April 25, 2019 10:27 AM
**To:** mtgox_trustee@noandt.com; mtgox_assessment@noandt.com; nobuaki_kobayashi@noandt.com
**Cc:** Win Gault <Win.Gault@formanwatkins.com>; Mandie Robinson <Mandie.Robinson@formanwatkins.com>; gcicero@brownrudnick.com; dmolton@brownrudnick.com
**Subject:** MTGOX bankruptcy -- Notice Issue

To Whom It May Concern,

It has recently come to our attention that correspondence regarding the MTGOX bankruptcy has been sent to all creditors. One of my clients filed a claim with the bankruptcy and listed myself at this email address at the point of contact. We have since learned that our firm's servers "blacklist" all email coming from Japan. We are concerned that correspondence from the Trustee has been blocked. We have added the domain @noandt.com to our "whitelist" and emails should be able to get through now. Please re-send any correspondence you have sent to me in the last four months since the time our client's claim was filed. If possible, could U.S. counsel also provide some sort of confirmation once these are sent so that we can evaluate whether the correspondence is still getting blocked or not. Thank you!

**Peyton Smith**
Forman Watkins & Krutz LLP
210 East Capitol Street, Suite 2200
Jackson, Mississippi 39201-2375
D: 601.969.4283 | F: 601.960.8613
peyton.smith@formanwatkins.com
<image001.png>

Important Confidentiality And Limited Liability Notice--
This email and any attachments may be confidential and protected by law. If

you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the email or any attachment is prohibited. If you have received this email in error, please notify us immediately by replying to the sender and deleting this copy and the reply from your system. Please note that any views or opinions expressed in this email are solely those of the author and do not necessarily represent those of Forman Watkins & Krutz LLP. (FWK). The recipient should check this email and any attachments for the presence of viruses. FWK accepts no liability for any damage caused by any virus transmitted by this email. Thank you for your cooperation.

IRS Circular 230 Required Notice--IRS regulations require that we inform you as follows: Any U.S. federal tax advice contained in this communication (including any attachments) is not intended to be used and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or tax-related matter[s].

| | |
|---|---|
| **From:** | Support MtGox |
| **To:** | Peyton Smith |
| **Subject:** | Re: MTGOX bankruptcy -- Notice Issue |
| **Date:** | Monday, May 6, 2019 9:10:51 PM |

Dear Mr. Smith,

We understand that you are on behalf of Mr. Jed McCaleb.  The filing regarding his claim was not filed timely, so will not be accepted in principle.
Because his claim was not object of approval or disapproval, the Rehabilitation Trustee has not sent any email to you or him.

Best regards,
Technical Support Center

2019年5月7日(火) 7:43 Peyton Smith <Peyton.Smith@formanwatkins.com>:
> Hello,
>
> The claim we filed is co-expensive with a timely-filed claim on the part of Don and Chris
> Raggio, as explained in our filing. Please transmit any information we need to seek
> additional review of the claim as soon as possible.
>
> Peyton Smith
> Forman Watkins & Krutz LLP
>
> Sent from my iPhone
>
> On Apr 26, 2019, at 2:42 AM, Support MtGox <support@mtgox.com> wrote:
>
>> Dear Sir or Madam,
>>
>> The period during which creditors may file rehabilitation claims ended at 11:59
>> pm on October 22, 2018 (Japan Time).
>> As you filed your proof of rehabilitation claim after the period, your claim will
>> not be accepted in principle.
>> However, in case where you were unable to file your proof of rehabilitation
>> claim within the period due to grounds not attributable thereto, you may file a
>> proof of rehabilitation claim only within one month after the relevant grounds
>> cease to exist.
>>
>> Best regards,
>> Technical Support Center
>>
>> 2019年4月26日(金) 1:27 Support MtGox <support@mtgox.com>:
>>> Dear Sir or Madam,
>>>
>>> Please send us an email setting out the information below with a copy of your
>>> photo ID attached to the email.
>>>
>>>   Your name

Username registered with the MTGOX Bitcoin exchange
Email address registered with the MTGOX Bitcoin exchange

Best regards,
Technical Support Center

2019年4月26日(金) 0:41 Peyton Smith
<Peyton.Smith@formanwatkins.com>:

Please see inquiry below.


**Peyton Smith**
Forman Watkins & Krutz LLP



**From:** Peyton Smith
**Sent:** Thursday, April 25, 2019 10:27 AM
**To:** mtgox_trustee@noandt.com; mtgox_assessment@noandt.com;
nobuaki_kobayashi@noandt.com
**Cc:** Win Gault <Win.Gault@formanwatkins.com>; Mandie Robinson
<Mandie.Robinson@formanwatkins.com>; gcicero@brownrudnick.com;
dmolton@brownrudnick.com
**Subject:** MTGOX bankruptcy -- Notice Issue


To Whom It May Concern,


It has recently come to our attention that correspondence regarding the
MTGOX bankruptcy has been sent to all creditors. One of my clients filed a
claim with the bankruptcy and listed myself at this email address at the
point of contact. We have since learned that our firm's servers "blacklist"
all email coming from Japan. We are concerned that correspondence from
the Trustee has been blocked. We have added the domain @noandt.com to
our "whitelist" and emails should be able to get through now. Please re-
send any correspondence you have sent to me in the last four months since
the time our client's claim was filed. If possible, could U.S. counsel also
provide some sort of confirmation once these are sent so that we can
evaluate whether the correspondence is still getting blocked or not. Thank
you!


**Peyton Smith**
Forman Watkins & Krutz LLP

210 East Capitol Street, Suite 2200
Jackson, Mississippi 39201-2375
D: 601.969.4283 | F: 601.960.8613
peyton.smith@formanwatkins.com
<image001.png>

Important Confidentiality And Limited Liability Notice--
This email and any attachments may be confidential and protected by law.
If you are not the intended recipient, be aware that any disclosure, copying,
distribution or use of the email or any attachment is prohibited. If you have
received this email in error, please notify us immediately by replying to the
sender and deleting this copy and the reply from your system. Please note
that any views or opinions expressed in this email are solely those of the
author and do not necessarily represent those of Forman Watkins & Krutz
LLP. (FWK). The recipient should check this email and any attachments for
the presence of viruses. FWK accepts no liability for any damage caused by
any virus transmitted by this email. Thank you for your cooperation.

IRS Circular 230 Required Notice--IRS regulations require that we inform
you as follows: Any U.S. federal tax advice contained in this
communication (including any attachments) is not intended to be used and
cannot be used, for the purpose of (i) avoiding penalties under the Internal
Revenue Code or (ii) promoting, marketing or recommending to another
party any transaction or tax-related matter[s].

| From: | mtgox_correction@noandt.com |
|---|---|
| To: | Peyton Smith |
| Subject: | [MTGOX] McCaleb"s Filing of Proof of Rehabilitation Claim |
| Date: | Monday, June 24, 2019 2:39:32 AM |

(English follows Japanese)

Peyton Smith様

株式会社MTGOX(以下「MTGOX」といいます。)の民事再生手続(東京地方裁判所平成29年(再)第35号。以下、「本再生手続」といいます。)における、Jed McCaleb氏の再生債権届出に関してご連絡申し上げます。

McCaleb氏のMTGOXに対する損害賠償請求権の債権届出書を、2019年2月8日に受領しております。しかし、本再生手続の債権届出期間は2018年10月22日をもって終了しており、McCaleb氏の債権届出は債権届出期間経過後の債権届出となります。

日本の民事再生法上、再生債権者がその責めに帰することができない事由によって債権届出期間内に届出をすることができなかった場合には、その事由が消滅した後一月以内に限り、その届出の追完をすることができます(民事再生法95条1項)。債権届出期間経過後の債権届出が認められるか否かは、東京地方裁判所によって判断されることになります。

そこで、Jed氏が債権届出期間内に届出をすることができなかった事由に関する主張を記載した書面を日本語で作成し、かかる主張を立証する疎明資料とともに下記住所まで郵送してください。また、債権届出書にはJed氏からの委任状が添付されておりませんでしたので、委任状の原本もあわせて郵送してください。

株式会社 MTGOX 再生管財人室
〒102-0083 東京都千代田区麹町三丁目4番地1麹町3 丁目ビル 202号室

再生債務者株式会社MTGOX 再生管財人弁護士小林信明


Dear Mr. Peyton Smith, Esq.,

We are contacting you in relation to Mr. Jed McCaleb's filing of a proof of rehabilitation claims in the civil rehabilitation proceedings (Tokyo District Court Heisei 29 (2017) (*sai*) No. 35; the "**Civil Rehabilitation Proceedings**") for MtGox Co., Ltd. ("**MTGOX**").

On February 8, 2019, we received Mr. McCaleb's proof of rehabilitation claim of indemnity against MTGOX. However, the period for filing proofs of claims for the Civil Rehabilitation Proceedings ended on October 22, 2018. Therefore, Mr. McCaleb filed his proof of rehabilitation claims after the period for such filing had expired.

Under the Civil Rehabilitation Act of Japan, if rehabilitation creditors are unable to file their proofs of rehabilitation claims within the period for such filing for reasons not attributable to them, they may subsequently file such proofs of rehabilitation claims only within one month after the reasons cease to exist. And whether rehabilitation creditors will be permitted to file their proofs of rehabilitation claims after the period for such filing is determined by the Tokyo District Court.

Therefore, please prepare a document **in Japanese** setting out the reason(s) Mr. McCaleb was unable to file his proof of rehabilitation claims within the period for such filing, and mail it by post to the address below together with any evidence in support of such reasons. Further, his power of attorney was not attached to the proof of rehabilitation claims, so please also mail the original power of attorney by post together with the document mentioned above.

MTGOX Co., Ltd. Office of Rehabilitation Trustee
Suite 202, Kojimachi 3-chome Building 3-4-1 Kojimachi
Chiyoda-ku Tokyo, Japan 102-0083

Civil Rehabilitation Debtor: MtGox Co., Ltd.
Trustee: Nobuaki Kobayashi, Attorney-at-law