**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **Dr. Donald Raggio, Dr. Chris Raggio** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. 3:19-cv-22-HTW-LRA** |
| **Code Collective, LLC, a New York** | ) | |
| **limited liability company, Jed** | ) | |
| **McCaleb, MtGox, Inc.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

**NOTICE OF FILING IN "RELATED" CASE IN UNITED STATES BANKRUPTCY**
**COURT FOR THE NORTHERN DISTRICT OF TEXAS, NO. 14-31229**

PLEASE TAKE NOTICE that the following order (exhibit A) was filed July 12, 2019,

in what Defendant Jed McCaleb has alleged to be the bankruptcy case to which the present

civil action is "related" for jurisdictional purposes. Inasmuch as McCaleb thought that his

filed motion for status conference merited notice in this Court [17], the bankruptcy court's

order declining to consider his motion, questioning what relief McCaleb was even requesting,

disavowing any authority to issue him advisory opinions, etc., provides additional support for

the Raggios' motion to remand this case to Hinds Circuit Court.

The Raggios also take this opportunity to bring to the Court's attention new and

supplemental authorities that were not available at the time of the hearing on July 9, 2019,

pertaining to Defendants' waiver of the right to remove to this Court by their Rule 12 and

1627275.1                                                  - 1 -

Rule 56 motions filed in state court. See Plfs. Reply Memo. [14] at 5. To the cases cited therein

and at the hearing, Plaintiffs now add the following persuasive authorities:

(1)     *Rhodan v. Job Options, Inc.*, No. 19-CV-1141-CAB-BGS, 2019 WL 3887351, at

*3 (S.D. Cal. Aug. 19, 2019) (emphasis added & footnote omitted):

> Defendants argue that their filing of a demurrer in state court did not constitute a waiver of their right to remove because the case did not become removable until Plaintiff filed the proposed SAC on May 21, 2019. Accepting Defendants' premise that the case did not become removable until May 21, 2019, the filing of a demurrer before that date did not constitute a waiver. **The inquiry does not end there, however. Defendants did not merely file a demurrer, they saw it through to final adjudication by the state court even when, by their own admission, they knew the case to be removable.** Defendants could have removed this case any time between May 21, 2019 and June 6, 2019, **before the state court ruled on their motion**. Instead, they continued to prosecute their demurrer, filing their reply on May 31, 2019, which reiterated their request that the FAC be dismissed with prejudice [Doc. No. 1-6 at 210**], and then waiting until the state court ruled on the demurrer before filing their notice of removal. In other words, Defendants hoped to obtain an adjudication on the merits in state court, and only when that effort was unsuccessful did they file their notice of removal.** By choosing to file a reply to their demurrer and await the state court's decision instead of filing a notice of removal, Defendants made a clear and unequivocal waiver of their right to remove.

(2)     *Marshall v. RMH Franchise Holdings, Inc.*, No. 5:19-CV-039-JMH, 2019 WL

3877568, at *4 (E.D. Ky. Aug. 16, 2019) (emphasis added):

> Taken together, Defendants' actions clearly indicate that they were willing to submit to the jurisdiction of the state court and litigate the claims on the merits in a state forum. Federal diversity jurisdiction exists so that out-of-state defendants do not have to defend claims in state court against a resident plaintiff. **The federal removal statute does not allow defendants, however, to initially try their case in state court and then remove the case to federal court when the federal court is a more convenient forum.**

In our case, Defendants knew of the proof of claim's being filed by November 1, 2018; the

modified recognition order on which they (mistakenly) rely was entered December 11, 2018;

yet Defendants waited just over a month to remove, on January 10, 2019, *after* arguing their

pending Rule 12 and 56 motions on December 14, 2018, and *after* those motions were denied by orders entered December 27, 2018. As the new authorities reiterate, this was waiver.

Respectfully submitted, this the 21st day of October, 2019.

*s/ Andy Lowry*

Armin J. Moeller, Jr., MSB No. 3399
Walter H. Boone, MSB No. 8651
Christine Crockett White, MSB No. 10107
Jonathan P. Dyal, MSB No. 99146
Andy Lowry, MSB No. 100782
Patrick Everman, MSB No. 104870
Perry P. Taylor, MSB No. 104944

ATTORNEYS FOR PLAINTIFFS

OF COUNSEL:

BALCH & BINGHAM LLP
188 East Capitol Street, Suite 1400
Jackson, Mississippi 39201-2608
Telephone: (601) 961-9900
Fax: (601) 961-4466
wboone@balch.com
cwhite@balch.com
alowry@balch.com

BALCH & BINGHAM LLP
1310 Twenty Fifth Avenue
Gulfport, Mississippi 39501
Telephone: (228) 864-9900
Fax: (228) 864-8221
jdyal@balch.com

CERTIFICATE OF SERVICE

The undersigned counsel for Plaintiffs hereby certifies that on this day, he has electronically filed the foregoing with the Clerk of the Court via this Court's ECF system, providing electronic service on all counsel registered therefor.

So certified, this the 21st day of October, 2019.

*s/ Andy Lowry*

Andy Lowry

1627275.1

- 3 -